Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

Hank Bates (State Bar No. 167688)
hbates@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th St.
Little Rock, AR 72201
Telephone:  501.312.8500
Facsimile:  501.312.8505

*Attorneys for Plaintiff, individually and*
*on behalf of all others similarly situated*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| NAPOLEON PATACSIL, individually, and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No. 18-5062<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1606238.4

I.       **INTRODUCTION**

1.       The present action involves the surreptitious location tracking of millions of mobile phone users by Defendant Google, Inc. ("Google").  Google is a mobile operating system and mobile applications ("apps") developer.  Google expressly represented to users of its operating system and apps that the activation of certain settings will prevent the tracking of users' geolocations.  This representation was false.  Despite users' attempts to protect their location privacy, Google collects and stores users' location data, thereby invading users' reasonable expectations of privacy, counter to Google's own representations about how users can configure Google's products to prevent such egregious privacy violations.

2.       The efforts of privacy-conscious individuals to avoid the improper collection and storage of personal information – particularly sensitive personal information – must be protected. As the Supreme Court recently recognized in *Carpenter v. United States*, 138 S. Ct. 2206 (2018), location data is highly sensitive, not just because of what the data point alone says about an individual (*i.e.*, where they were at a particular time), but also because of the massive amount of personal information that can be extracted from location data (such as medical treatment, personal relationships, and private interests).  As Chief Justice John Roberts stated, "a cell phone—almost a 'feature of human anatomy[]'—tracks nearly exactly the movements of its owner.… A cell phone faithfully follows its owner beyond public thoroughfares and into private residences, doctor's offices, political headquarters, and other potentially revealing locales," and when a third-party has access to the information stored on one's cell phone, that entity "achieves near perfect surveillance, as if it had attached an ankle monitor to the phone's user."  *Id.* at 2218 (internal citations omitted).

3.       Despite the recognized sensitivity of location data, Google collects this data against the express wishes and expectations of its users.  As reported recently by the Associated Press, "Google wants to know where you go so badly that it records your movements even when you explicitly tell it not to."[1]  The report—corroborated by respected cyber security researchers—

---

[1] Ryan Nakashima, "AP Exclusive: Google tracks your movements, like it or not," The Associated Press, August 13, 2018 (available at

found that Google technology, embedded on millions upon millions of smartphones, stores

individuals' location information even if users activate a privacy setting purporting to prevent

Google from doing so.

4.      Google itself assured individuals that they could prevent Google from tracking

them by disabling a feature called "Location History" on their devices.  Google represented that a

user "can turn off Location History at any time.  With Location History off, the places you go are

no longer stored."[2]  This simply was not true.  As revealed in the recent AP investigation—and

confirmed by a team of researchers at Princeton University—Google continues to access and

store the precise geolocation information of those individuals who have affirmatively turned off

the Location History setting.  Google modified–and continues to modify as of the date of this

complaint—this and other representations after the publication of the AP Report and the resulting

public outcry, as discussed in Section C, *infra*.

5.      This conduct violates the California Invasion of Privacy Act, Cal. Pen. Code §§

630, *et seq.* ("CIPA") and California's Constitutional Right to Privacy, and constitutes an

unlawful intrusion upon seclusion.

**II.      THE PARTIES**

6.      Plaintiff Napoleon Patacsil resides in San Diego, California.  Between 2016 and

the present, Plaintiff owned and used an Apple iPhone that had various Google apps and

functionalities downloaded onto the phone.   While using these apps, Plaintiff Patacsil expressly

attempted to limit Google's tracking of his location by managing his Location History settings –

turning the apps' Location History storage option to "off."  Nevertheless, Google continued to

track his location information.

7.      Prior to acquiring the iPhone in approximately 2016, Plaintiff owned and operated

an Android mobile phone.  Android is a mobile operating system developed by Google.  In an

express effort to protect his location history – and thus his privacy – from efforts by Google, and

---

https://www.apnews.com/828aefab64d4411bac257a07c1af0ecb/AP-Exclusive:-Google-tracks-your-movements,-like-it-or-not) (hereafter, "AP Report") (accessed August 15, 2018).
[2] Google Account Help, "Manage of Delete Your Location History" (available at https://support.google.com/accounts/answer/3118687?hl=en) (accessed August 15, 2018).

1    any other third-parties, to track and record his location over time, Mr. Patacsil turned the Location

2    History setting to "off" on this device.  Nevertheless, Google continued to track his location

3    information.

4         8.      Defendant Google, Inc. ("Google," "Defendant," or "the Company") is a United

5    States corporation headquartered in Mountain View, California, and incorporated under the laws

6    of Delaware.

7    **III.    JURISDICTION AND VENUE**

8         9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

9    §§ 1332 and 1367 because this is a class action in which the matter or controversy exceeds the

10   sum of $5,000,000, exclusive of interest and costs, and in which some members of the proposed

11   Class are citizens of a state different from defendant.

12        10.     This Court has personal jurisdiction over Defendant because Defendant owns and

13   operates a business that is headquartered in the Northern District of California and conducts

14   substantial business throughout California.

15        11.     Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1), as Google

16   is headquartered in this district.

17   **IV.    STATEMENT OF FACTS**

18        12.     The overwhelming majority of mobile phones run on one of two operating

19   systems:[3] Android or iOS, which are developed by Google and Apple, respectively.  On each of

20   these operating systems, users can customize their devices to their preferences by "managing"

21   various functionalities of their phones.  They can, for example, change their time zone, preferred

22   language, or screen brightness.  Included among these functionalities is the option to turn on or

23   off the retention of "Location History"—that is, the individual's precise location information[4] as

24   

_____

25   [3] An operating system ("OS"), in its most general sense, is software that allows a user to run other
     applications on a computing device, such as a mobile phone. *Techopedia*, definition of "operating
26   system" (available at https://www.techopedia.com/definition/3515/operating-system-os)
     (accessed August 15, 2018).

27   [4] As used herein, "location information" or "location history" refers to any and all data obtained
     through an individual's mobile device, which allows for the identification of that individual's
28   location either in the present or through historic record.

determined through the phone's GPS coordinates.  Google represented that turning Location History off would prevent the company from remembering where an individual had been, should the individual so desire.

13.     In addition to developing the Android operating system, Google also develops apps that can be downloaded on Android and iOS devices.  Users can make customized settings and privacy decisions at the app level.  A user can share location history with some apps—such as the weather map or a ride-sharing app—but decide *not* to share that information with other apps. A user can also share location information with a certain app at some times, but not at others.

14.     Google represented to users of both its apps and its devices that it would not access – and would prevent other third-parties from accessing – an individual's location history if users took certain steps in managing their privacy settings.  Google's support page on the subject stated: "You can turn off Location History at any time. **With Location History off, the places you go are no longer stored**."[5]

15.     Google represented that Android mobile phone owners may do this on their devices, by going to the phone's "Settings" tab, as follows:

1. On your Android phone or tablet, open your device's Settings app ⚙ > **Google** > **Google Account**.
2. At the top, tap **Data & personalization**.
3. Under "Activity controls," tap **Location History**.
4. Turn **Location History** on or off for your account or devices:
   - For your whole account and all devices associated with it, turn **Use Location History** on or off.
   - For a certain device only, turn that device's history on or off.

16.     For iPhone users, Google explained that one must log into one's online account with Google to turn off Location History (as it does not control the Apple device's operating system):[6]

---

[5] Google Account Help, "Manage of Delete Your Location History" (available at https://support.google.com/accounts/answer/3118687?hl=en) (emphasis added) (accessed August 15, 2018).
[6] Google Account Help, "Location history for iPhone and iPad" (available at https://support.google.com/accounts/answer/4388034) (accessed August 15, 2018).

**Turn Location History on or off**

Location History stores your location data from all devices that are signed in to your Google Account.

**Note:** When you pause Location History, it doesn't delete previous activity, it only stops saving new location information.

**Using your browser**

1. Go to the Location history ⧉ section of your Google Account.
2. Turn **Location History** on or off.
   - **Off:** Confirm by tapping **Pause.**
   - **On:** Confirm by tapping **Turn on.**

**Using the Google app**

1. Open the Google app.
2. At the top right, tap your account photo. You might need to sign in.
3. Tap **My Account** > **Personal info and privacy** > **Activity controls** > **Google Location History.**
4. Turn the setting on or off. If you turn it off, confirm by tapping **Stop storing location.**

17.   Google affirmatively—and misleadingly—represented to both Android and Apple device users that turning off "Location History" would result in Google ceasing to track, record, and use an individual's location information.

**A.   Google Tracks Location Regardless of Privacy Settings.**

18.   Google published a support page to instruct users on how to manage and delete the user's Location History which stated, "[w]ith Location History off, the places you go are no longer stored.  When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account."[7]

19.   Google's representation was false.  As recently publicly revealed, turning off "Location History" only stopped Google from creating a location timeline that the *user* could view.  Google, however, continues to track the phone owners and keep a record of their locations.

20.   Even when "Location History" is turned off, a user's location is stored every time she uses any of the myriad additional Google-controlled features on her mobile phone, including, *inter alia*, the Google Maps app, weather apps, and searches made with the phone's mobile browser.  Per the Associated Press:

> For example, Google stores a snapshot of where you are when you merely open its Maps app. Automatic daily weather updates on Android phones pinpoint roughly where you are. And some

---

[7] Google Account Help, "Manage or delete your Location History" (available at https://support.google.com/accounts/answer/3118687?hl=en) (accessed August 15, 2018).

searches that have nothing to do with location, like "chocolate chip cookies," or "kids science kits," pinpoint your precise latitude and longitude — accurate to the square foot — and save it to your Google account.[8]

21.     Google's conduct is contrary to users' reasonable expectations of privacy.  As Princeton computer scientist and former chief technologist for the Federal Communications Commission's enforcement bureau, Jonathan Mayer, stated: "If you're going to allow users to turn off something called 'Location History,' then all the places where you maintain location history should be turned off. That seems like a pretty straightforward position to have."[9]

**B.     Preventing Google's Collection and Storage of Location Information is Far More Complex than Google Represents.**

22.     Contrary to the plain language and simple process set forth in the Google support pages referenced above, in order to actually prevent location tracking, an individual must navigate to a deeply buried and non-obvious setting titled "Web & App Activity."

23.     Specifically, an individual must first sign in to her Google account on a browser (if an iPhone user) or through the Android settings menu (on an Android phone).  In the browser, one can access her account settings by finding "Google Account" in the dropdown menu in the upper right-hand corner, then select "Personal Info & Privacy," choose "Manage your Google Activity," then click "Go to Activity Controls."  Once there, a setting called "Web & App Activity" is revealed, which can then be toggled off.  A series of screenshots demonstrating these steps is attached hereto as Exhibit 2.

24.     This process is counter-intuitive:  Google obfuscates the fact that the "Web & App Activity" setting is related to location.  Indeed, the setting resides directly *above*—but separate

---

[8] AP Report.  *See also*, Exhibit 1 (attached hereto): To demonstrate how powerful these other markers can be, the Associated Press ("AP") created a visual map of the movements of Princeton postdoctoral researcher Gunes Acar, who carried an Android phone with Location History turned off, and shared a record of his Google account.  The map includes Acar's train commute on two trips to New York and visits to the High Line park, Chelsea Market, Hell's Kitchen, Central Park, and Harlem.  To protect his privacy, the AP didn't plot the most telling and frequent marker—his home address.

[9] *Id.*

- 7 -

1  and apart from—the Location History option, causing a reasonable user to conclude that the two

2  items are distinct.  Further, Google's vague description of "Web & App Activity"—that it

3  "[s]aves your activity on Google sites and apps to give you faster searches, better

4  recommendations, and more personalized experiences in Maps, Search, and other Google

5  services"[10]—provides no reasonable notice that it relates to GPS tracking accurate to less than a

6  meter.  To obtain any more detail beyond this meaningless description, an individual must click to

7  "[l]earn more," then scroll to what's saved as "Web & App Activity," and tap again on "[i]nfo

8  about your searches & more" before Google even *mentions* location tracking.[11]  This is plainly

9  insufficient notice of the collection and storage of location information.

10        25.       Google is aware that it hides the nature of its location tracking and intentionally

11  complicates the opt-out process.  Google itself offers at least *three* support pages on location

12  titled: "Manage or delete your Location History,"[12] "Turn location on or off for your Android

13  device,"[13] and "Manage location settings for Android apps."[14]  Strikingly, none of these makes

14  any mention of "Web & App Activity"—allegedly the only true way to prevent location tracking.

15        **C.     Google's Ineffective Response to the AP Report Confirms and Continues Its**
        **Deceptive Behavior.**

16

17        26.       In its initial response to the Associated Press exposé on April 13, 2018, Google

18  failed to refute engaging in the identified conduct, but rather appeared to attempt a defense by

19  stating: "We provide clear descriptions of these tools."[15]

20

21  _____

22  [10] Google Account Help, "Activity Controls" (available at
    https://myaccount.google.com/intro/activitycontrols) (accessed August 15, 2018).

23  [11] Google Search Help, "See & control your search activity" (available at
    https://support.google.com/websearch/answer/54068?co=GENIE.Platform%3DAndroid&oco=1)

24  (accessed August 15, 2018).
    [12]Google Account Help, "Manage or delete your Location History" (available at

25  https://support.google.com/accounts/answer/3118687) (accessed August 15, 2018).
    [13] Google Account Help, "Turn location on or off for your Android device" (available at

26  https://support.google.com/accounts/answer/3467281?hl=en) (accessed August 15, 2018).
    [14] Android Help, "Manage location settings for Android apps" (available at

27  https://support.google.com/android/answer/6179507) (accessed August 15, 2018).
    [15] AP Report.

28

27.    Google's representation that such "clear descriptions" exist is false.  First, Google publicly represented that preventing the storage of location data is as easy as turning "off" a settings switch, though in actuality that action is ineffective.  Google silently endorsed well-known technology periodicals that propagated Google's falsehood that toggling off Location History is an effective tool to prevent tracking.[16]  Second, while perpetuating the myth of an effective "Location History" switch, Google fails to make reasonably clear to users that they must take another complicated and poorly-labeled route altogether in order to turn off location tracking, *i.e.*, locating, identifying, and understanding a deeply-buried and non-obvious setting titled "Web & App Activity."[17]

28.    Three days after the AP Report was published, on August 16, 2018, Google reversed course and revised the description on its help page for the Location History setting—which previously stated simply "With Location History off, the places you go are no longer stored"—to read:

> This setting does not affect other location services on your device, like Google Location Services and Find My Device. Some location data may be saved as part of your activity on other services, like Search and Maps. When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account.[18]

29.    With this revision, Google disclosed for the first time that Google tracks users even after they have disabled the Location History setting.  However, the new language remains vague, ambiguous, and deceptive, particularly the use and meaning of "some" and "may."  It does not specify what, if anything, is accomplished by turning off Location History; and it does not specify when Google continues to store location history despite the setting being turned off.

---

[16] *See, e.g.*, Matt Burgess, "How to stop Google from tracking you and delete your personal data," *Wired* (Mar. 16, 2018) (available at https://www.wired.co.uk/article/google-history-search-tracking-data-how-to-delete) (accessed August 15, 2018); Greg Kumparak, "Google's Location History Browser is a Minute-by-Minute Map of Your Life," TechCrunch (Dec. 18, 2013) (available at https://techcrunch.com/2013/12/18/google-location-history/) (accessed August 15, 2018).

[17] This function is set by default to share your information, including location.

[18] Ryan Nakashima, "APNewsBreak: Google clarifies location-tracking policy," The Associated Press (August 17, 2018) (available at https://apnews.com/ef95c6a91eeb4d8e9dda9cad887bf211) (accessed August 17, 2018).

1    Moreover, Google still makes no mention of the distinct setting deeply buried in "Web & App

2    Activity" where a user can actually stop Google from recording location history.

3        **D.    The FTC has Found that Tracking Individuals' Geolocations Without
            Permission (and In Contravention of Their Wishes) Is a Deceptive Trade
4            Practice.**

5        30.    The FTC has expressly weighed in on the behavior complained of herein and

6    found it to be a deceptive trade practice, in violation of Section 5 of the FTC Act.

7        31.    In June 2016, the FTC announced that it had entered into a settlement agreement

8    with a mobile advertising company, InMobi PTE, after the agency charged InMobi with

9    deceptively tracking the locations of hundreds of millions of individuals without their knowledge

10   or consent in order to serve them geo-targeted advertising (i.e. advertisements tailored to an

11   individual based on where they live or places they frequent).

12       32.    In a highly analogous case, the FTC alleged that InMobi misrepresented that its

13   advertising software would only track consumers' locations when they opted in to being tracked,

14   and in a manner consistent with their device's privacy settings.  According to the FTC

15   complaint,[19] InMobi was actually tracking consumers' locations whether or not the apps using

16   InMobi's software asked for consumers' permission to do so, and even when consumers had

17   denied permission to access their location information.

18       33.    As a result of the FTC enforcement action, InMobi agreed to pay $950,000 in civil

19   penalties and implement a comprehensive privacy program, including a prohibition from

20   collecting individuals' location information without their affirmative express consent and a

21   requirement that InMobi honor consumers' location privacy settings.  The company was required

22   to delete all of the location information of consumers it had collected without their consent and

23   was prohibited from further misrepresenting its privacy practices.  The settlement also required

24

25

26   ---

27   [19] "Mobile Advertising Network InMobi Settles FTC Charges It Tracked Hundreds of Millions of
     Consumers' Locations Without Permission," Federal Trade Commission (June 22, 2016)
     (available at https://www.ftc.gov/news-events/press-releases/2016/06/mobile-advertising-
28   network-inmobi-settles-ftc-charges-it-tracked) (accessed August 15, 2018).

1   InMobi to institute a comprehensive privacy program that will be independently audited every

2   two years for 20 years from the date of settlement.[20]

3       34.    The activities engaged in by Google, detailed in this complaint, mirror location

4   tracking activities condemned and sanctioned by the FTC.

5   **V.    CLASS ALLEGATIONS**

6       35.    Plaintiff brings this class action, pursuant to Rule 23 of the Federal Rules of Civil

7   Procedure, individually and on behalf of all members of the following classes, which are jointly

8   referred to throughout this Complaint as the "Class:"

9       **Android Class:** All natural persons residing in the United States
10      who own Android mobile phones, who turned off Location History,
        and whose location information was nonetheless recorded and used
11      by Google.

12      **iPhone Class:** All natural persons residing in the United States who
        own Apple mobile phones, who turned off Location History, and
13      whose location information was nonetheless recorded and used by
        Google.

14      36.    Excluded from each Class are the following individuals: officers and directors of

15  Google and its parents, subsidiaries, affiliates, and any entity in which Google has a controlling

16  interest; and all judges assigned to hear any aspect of this litigation, as well as their immediate

17  family members.

18      37.    Plaintiff reserves the right to modify or amend the definition of each of the

19  proposed Classes before the Court determines whether certification is appropriate.

20      38.    This action readily satisfies the requirements set forth under Federal Rule of Civil

21  Procedure 23:

22          a.    Each Class is so numerous that joinder of all members is impracticable.

23  Upon information and belief, Class members number in the millions.

24          b.    There are questions of law or fact common to the Classes.  These questions

25  include, but are not limited to, the following:

26  ---
[20] "Stipulated Order for Permanent Injunction and Civil Penalty Judgment," *United States of*
27  *America v. InMobi Pte, Ltd.*, Case No. 3:16-cv-3474 (NDCA) (Dkt. No. 2-1) (available at
    https://www.ftc.gov/system/files/documents/cases/160622inmobistip.pdf) (accessed August 15,
28  2018).

i.      Whether Google's acts and practices complained of herein amount to the use of an electronic tracking device to determine the location or movement of a person, in violation of Cal. Pen. Code § 637.7;

ii.     Whether the technology utilized by Google—and embedded on the mobile devices of Plaintiff and Class members—are "electronic tracking devices" under Cal. Pen. Code § 637.7(d);

iii.    Whether Google's acts and practices complained of herein amount to egregious breaches of social norms;

iv.     Whether Google acted intentionally in violating Plaintiff's and Class members' privacy rights;

v.      Whether an injunction should issue; and

vi.     Whether declaratory relief should be granted.

c.      Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class members, took efforts to prevent his phone's location history from being recorded and used by Google, yet despite these efforts and contrary to Google's representations, nonetheless had said location history recorded and used by Google.  Plaintiff and the Class members did not consent to Google's collection and use of their location history, which acts form the basis for this suit.

d.      Moreover, like all Class members, Plaintiff suffers a substantial risk of repeated injury in the future.  Like all Class members, although Plaintiff wishes to control the circumstances under which his location information can be collected and used by Google, Google has shown deliberate indifference to those wishes and has indeed taken pains to deceive Plaintiff (and all Class members) and to thwart those wishes.  Nonetheless, like all Class members, Plaintiff must own and use a mobile phone—itself an effective prerequisite for modern life—but Google's deceptive and deliberate actions have thwarted and continue to threaten Plaintiff's (and Class members') ability to own such a phone without having his whereabouts constantly tracked, recorded, and used.  Plaintiff and the Class members are entitled to injunctive and declaratory relief as a result of the conduct complained of herein.  Because the conduct complained of herein

1    is systemic, Plaintiff and all Class Members face substantial risk of the same injury in the future.

2    Google's conduct is common to all Class members and represents a common thread of conduct

3    resulting in injury to all members of the Class.  Plaintiff has suffered the harm alleged and has no

4    interests antagonistic to any other Class member.

5              e.      Plaintiff will fairly and adequately protect the interests of the Class.

6    Plaintiff's interests do not conflict with the interests of the Class members.  Furthermore, Plaintiff

7    has retained competent counsel experienced in class action litigation, consumer protection

8    litigation, and electronic privacy litigation.  Plaintiff's counsel will fairly and adequately protect

9    and represent the interests of the Class.  FRCP 23(a)(4) and 23(g) are satisfied.

10             f.      In acting as above-alleged, and in failing and refusing to cease and desist

11   despite public outcry, Google has acted on grounds generally applicable to the entire Class,

12   thereby making final injunctive relief and corresponding declaratory relief each appropriate with

13   respect to the Class as a whole.  The prosecution of separate actions by individual Class members

14   would create the risk of inconsistent or varying adjudications with respect to individual Class

15   members that would establish incompatible standards of conduct for Google.

16             g.      Injunctive relief is necessary to prevent further unlawful and unfair conduct

17   by Google.  Money damages, alone, could not afford adequate and complete relief, and injunctive

18   relief is necessary to restrain Google from continuing to commit its illegal and unfair violations of

19   privacy.

20   **VI.    <u>CAUSES OF ACTION</u>**

21                          <u>**COUNT ONE**</u>

22             <u>**(Violations of CIPA, Cal. Pen. Code §§ 630, *et seq.*)**</u>

23   39.      Plaintiff incorporates the preceding paragraphs of this complaint as if repeated here.

24   40.      Cal. Pen. Code § 630 provides that "[t]he Legislature hereby declares that

25   advances in science and technology have led to the development of new devices and techniques

26   for the purpose of eavesdropping upon private communication and that the invasion of privacy

27   resulting from the continual and increasing use of such devices and techniques has created a

28

1    serious threat to the free exercise of personal liberties and cannot be tolerated in a free and

2    civilized society."

3         41.    Google's acts and practices complained of herein, engaged in for purposes of

4    acquiring and using the geolocation of mobile phone users, without their consent—and indeed in

5    direct contravention of instructions clearly expressed through turning off the location history

6    function —violated and continues to violate Cal. Pen. Code § 637.7.

7         42.    Cal. Pen. Code § 637.7 prohibits the use of an electronic tracking device to

8    determine the location or movement of a person.

9         43.    In direct violation of this prohibition and without the consent of Plaintiff or Class

10   members—and indeed in direct contravention of those individuals' clearly-expressed wishes—

11   Google continued to record, store, and use the location information of Plaintiff and Class

12   members after they disabled the Location History feature on their phones.

13        44.    As described herein, Google utilized multiple devices that are "electronic tracking

14   devices" under Cal. Pen. Code § 637.7(d), in that Google employs and embeds a host of

15   technology—including but not limited to apps, firmware, device components, operating system

16   software, and other code—on each Class member's phone (a "movable thing" under the statute),

17   and this technology "reveals its location or movement by the transmission of electronic signals."

18        45.    As a result of Google's violations of Cal. Pen. Code § 637.7, and pursuant to Cal.

19   Pen. Code § 637.2, Plaintiff and Class members are entitled to the following relief:

20              a.    A declaration that Google's conduct violates CIPA;

21              b.    Statutory damages and/or trebled actual damages;

22              c.    Injunctive relief in the form of, *inter alia*, an order enjoining Google from

23   geolocating Class members in violation of CIPA;

24              d.    Injunctive relief in the form of, *inter alia*, an order requiring Google to

25   destroy all data created or otherwise obtained from its illegal geolocation of Class members; and

26              e.    An award of attorney's fees and costs of litigation as provided by CIPA,

27   the private attorney general doctrine existing at common law and also codified at California Civil

28   Code Section 1021.5, and all other applicable laws.

## COUNT TWO
### (Intrusion Upon Seclusion)

46.     Plaintiff repeats and realleges all preceding paragraphs contained herein.

47.     Plaintiff and Class members have reasonable expectations of privacy in their mobile devices and their online behavior, generally.  Plaintiff's and Class members' private affairs include their locations.

48.     The reasonableness of such expectations of privacy is supported by Google's unique position to monitor Plaintiff's and Class members' behavior through its access to Plaintiff's and Class members' private mobile devices.  It is further supported by the surreptitious and non-intuitive nature of Defendant's tracking.

49.     Defendant intentionally intruded on and into Plaintiff's and Class members' solitude, seclusion, or private affairs by intentionally geolocating them.

50.     These intrusions are highly offensive to a reasonable person.  This is evidenced by, *inter alia*, Supreme Court precedent (most recently and forcefully articulated in the *Carpenter* opinion), legislation enacted by Congress, rules promulgated and enforcement actions undertaken by the FTC, and countless studies, op-eds, and articles decrying location tracking.  Moreover, Google engaged in true tracking of location history deceptively and in direct contradiction of the express instructions of Plaintiff and the members of the Class.  Also supporting the highly offensive nature of Defendant's conduct is the fact that Defendant's principal goal was to surreptitiously monitor Plaintiff and Class members and to allow third-parties to do the same.

51.     Plaintiff and Class members were harmed by the intrusion into their private affairs as detailed throughout this Complaint.

52.     Google's actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff and Class members.

53.     As a result of Google's actions, Plaintiff and Class members seek damages and punitive damages in an amount to be determined at trial.  Plaintiff and Class members seek punitive damages because Google's actions—which were malicious, oppressive, and willful— were calculated to injure Plaintiff and Class members and made in conscious disregard of

Plaintiff's and Class members' rights.  Punitive damages are warranted to deter Google from engaging in future misconduct.

## COUNT THREE
### California Constitutional Right to Privacy

54.     Plaintiff repeats and realleges all preceding paragraphs contained herein.

55.     Plaintiff and Class members have reasonable expectations of privacy in their mobile devices and their online behavior, generally.  Plaintiff's and Class members' private affairs include their behavior on their mobile devices as well as any other behavior that may be monitored by the surreptitious tracking employed or otherwise enabled by location tracking.

56.     Google intentionally intruded on and into Plaintiff's and Class members' solitude, seclusion, right of privacy, or private affairs by intentionally tracking their location.

57.     These intrusions are highly offensive to a reasonable person, because they disclosed sensitive and confidential location information, constituting an egregious breach of social norms.  This is evidenced by, *inter alia*, Supreme Court precedent (most recently and forcefully articulated in the *Carpenter* opinion), legislation enacted by Congress, rules promulgated and enforcement actions undertaken by the FTC, and countless studies, op-eds, and articles decrying location tracking.  Further, the extent of the intrusion cannot be fully known, as the nature of privacy invasion involves sharing Plaintiff's and Class members' location information with potentially countless third-parties, known and unknown, for undisclosed and potentially unknowable purposes, in perpetuity.

58.     Plaintiff and Class members were harmed by the intrusion into their private affairs as detailed throughout this Complaint.

59.     Google's actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff and Class members.

60.     As a result of Google's actions, Plaintiff and Class members seek damages and punitive damages in an amount to be determined at trial.  Plaintiff and Class members seek punitive damages because Google's actions—which were malicious, oppressive, and willful— were calculated to injure Plaintiff and Class members and made in conscious disregard of

1    Plaintiff's and Class members' rights.  Punitive damages are warranted to deter Google from

2    engaging in future misconduct.

3                                    **PRAYER FOR RELIEF**

4          WHEREFORE, Plaintiff requests that judgment be entered against Google and that the

5    Court grant the following:

6          A.      An order determining that this action may be maintained as a class action under

7    Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff is a proper class representative, that

8    Plaintiff's attorneys shall be appointed as Class counsel pursuant to Rule 23(g) of the Federal

9    Rules of Civil Procedure, and that Class notice be promptly issued;

10         B.      Judgment against Google for Plaintiff's and Class Members' asserted causes of

11   action;

12         C.      Appropriate declaratory relief against Google;

13         D.      Injunctive relief in the form of, *inter alia*, an order enjoining Google from

14   continuing its practice of recording and using Plaintiff's and Class members' location information

15   against their wishes and in violation of CIPA;

16         E.      Injunctive relief related to CIPA in the form of, *inter alia*, an order requiring

17   Google to destroy all data acquired, created, or otherwise obtained from the unlawful recording

18   and use of the location information of Plaintiff and Class members;

19         F.      An award of damages pursuant to Cal. Pen. Code § 637.2;

20         G.      Reasonable attorney's fees and costs reasonably incurred; and

21         H.      Any and all other and further relief to which Plaintiff and the Class may be

22   entitled.

23                                 **DEMAND FOR JURY TRIAL**

24         Plaintiff hereby demands a trial by jury of all issues so triable.

25

26   Dated: August 17, 2018                  Respectfully Submitted,

27                                           */s/  Michael W. Sobol*

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Nicholas Diamand
ndiamand@lchb.com
Abbye R. Klamann (State Bar No. 311112)
aklamann@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York,  NY 10013
Telephone:  212.355.9500
Facsimile:  212.355.9592

Hank Bates (State Bar No. 167688)
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR 72201
Telephone:  501.312.8500
Facsimile:  501.312.8505

*Attorneys for Plaintiff, individually and
on behalf of all others similarly situated*