KEKER, VAN NEST & PETERS LLP
BENEDICT Y. HUR - # 224018
bhur@keker.com
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
KATHRYN BOWEN - # 312649
kbowen@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAPOLEON PATACSIL, individually, and on behalf of other persons similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE, INC.,<br><br>        Defendant. | Case No. 5:18-cv-05062-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF GOOGLE LLC'S MOTION TO DISMISS**<br><br>Date:      January 31, 2019<br>Time:     9:00 a.m.<br>Dept:     Courtroom 4, 5th Floor<br>Judge:   Hon. Edward J. Davila<br><br>Date Filed: August 17, 2018<br><br>Trial Date:  None set |

1306896.v6

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence ("Rule") 201, Defendant Google LLC hereby respectfully requests that the Court take judicial notice of the following materials in support of its Motion to Dismiss, filed concurrently herewith.

1. Google's current Privacy Policy, last modified May 25, 2018, attached as **Exhibit 1A** to the Declaration of Kathryn Bowen ("Bowen Declaration") in support of Google's Motion to Dismiss;

2. Prior to May 25, 2018, Google's Privacy Policy was last modified on December 18, 2017. A copy of that December 2017 Privacy Policy is attached as **Exhibit 1B** to the Bowen Declaration;

3. Google's Terms of Service, last modified October 25, 2017, attached as **Exhibit 2** to the Bowen Declaration;

4. Google's "See & control your search activity" support web page, accessed on October 19, 2018, attached as **Exhibit 3** to the Bowen Declaration;

5. Senate Committee on Public Safety Analysis, Privacy: Electronic Tracking Device, Senate Bill No. 1667, as amended March 24, 1998 (1997–98 Reg. Sess.), attached as **Exhibit 4** to the Bowen Declaration;

6. Office of Senate Floor Analyses, Statement on Senate Bill No. 1667—Electronic Tracking Devices, attached as **Exhibit 5** to the Bowen Declaration;

7. Office of Senate Floor Analyses, Third Reading and Special Consent Calendar regarding Senate Bill No. 1667, attached as **Exhibit 6** to the Bowen Declaration;

8. Letter from Senator John Burton to Governor Pete Wilson regarding Senate Bill No. 1667, dated August 20, 1998, attached as **Exhibit 7** to the Bowen Declaration;

9. Office of Senate Floor Analyses, Unfinished Business Analysis of Senate Bill No. 1667, attached as **Exhibit 8** to the Bowen Declaration;

10. Office of Senate Floor Analyses, 1998 Digest of Legislation regarding Senate Bill No. 1667, attached as **Exhibit 9** to the Bowen Declaration;

11. Senate Bill No. 21 (2017–18 Reg. Sess.), as amended August 21, 2017, attached as

**Exhibit 10** to the Bowen Declaration.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The documents listed above are properly subject to judicial notice, and the Court should consider them when ruling on Google's Motion to Dismiss.

## I.   LEGAL STANDARD

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b).  Facts are not subject to reasonable dispute that (1) are "generally known within the trial court's territorial jurisdiction;" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.*; *see Khoja*, 899 F.3d at 999, 1001; *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Courts in this district recognize that "as a general matter, websites and their contents may be proper subjects for judicial notice" if the party requesting notice provides the court with a copy of the specific web page.  *Caldwell v. Caldwell*, No. 05-cv- 4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *Kinderstart.com, LLC v. Google, Inc.*, No. 06-cv-2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of a web page printout); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of web pages).  It is similarly well-recognized that public documents, including legislative history and agency reports, are suitable for judicial notice.  *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Ritchie*, 342 F.3d at 909 ("Courts may take judicial notice of some public records, including the records and reports of administrative bodies.") (quotations omitted).

1306896.v6

## II.     THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS

### A.     Exhibits 1 through 3 to the Bowen Declaration are Publicly-Available Documents not Subject to Reasonable Dispute, and are Relied Upon by Patacsil's Complaint

Exhibits 1 through 3 to the Bowen Declaration comprise Google's current Privacy Policy, its previous Privacy Policy as of December 2017, Google's Terms of Service ("TOS"), and a "[s]ee & control your search activity" web page linked to a Google support page.[1]  The Court can take judicial notice of these documents because they are publicly-available, and not subject to reasonable dispute.  *See, e.g.*, *Caldwell*, 2006 WL 618511, at *4.  Indeed, numerous courts in this district have recognized Google's TOS and Privacy Policy as judicially noticeable.  *See In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (taking judicial notice of Google's "terms of service" and "privacy policies"); *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 WL 6738343, at *3–4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of Google's "past and present Terms of Service and Privacy Policies" as matters of public record); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking notice of Google's TOS and privacy policy); *Trudeau v. Google LLC*, No. 18-CV-00947-BLF, 2018 WL 4846796, at *4 (N.D. Cal. Oct. 3, 2018) (same).

In addition, these documents are properly before the Court under the related doctrine of incorporation-by-reference.  Patacsil's complaint expressly discusses the "[s]ee & control your search activity" web page, Compl. ¶ 24 & n.11, and his claims "necessarily depend[]" on Google's Privacy Policy and TOS.  *See* Compl. at 3 n.2, 5 nn. 5–6, 6 n.7, 8 nn. 10–14 (citing several Google support pages, each of which contains a link to Google's Privacy Policy and TOS).  The Ninth Circuit has recognized that the incorporation-by-reference doctrine applies in analogous circumstances: that is, where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the

---

[1] These documents, respectively, can be accessed at: http://www.google.com/policies/privacy/; https://policies.google.com/privacy/archive/20171218; http://www.google.com/policies/terms/; and https://support.google.com/websearch/answer/54068.

contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Khoja*, 899 F.3d at 1002 (holding that the district court properly incorporated web articles, market reports, and blog posts that formed the basis of the plaintiff's claims). This doctrine applies with "equal force to internet pages," and exists in part to prevent "artful pleading by plaintiffs" who "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Knievel*, 393 F.3d at 1076 (reasoning that the doctrine applies to online materials, because "just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages"); *Khoja*, 899 F.3d at 1002.

Given the undisputed nature of the above referenced documents, and Patacsil's reliance on them for the claims alleged, the Court can properly consider Google's Privacy Policy, TOS, and "search activity" web page under either Rule 201(b) or the incorporation-by-reference doctrine.

**B.     Exhibits 4 through 10 to the Bowen Declaration are Legislative History Materials that are Properly Subject to Judicial Notice**

Exhibits 4 through 10 to the Bowen Declaration are legislative materials concerning: (1) California Senate Bill Number 1667 (1997–98 Regular Session), codified as the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 637.7; and (2) California Senate Bill Number 21 (2017–18 Regular Session). Specifically, these materials include publicly-available committee reports, letters, and analyses, all of which are well-recognized subjects of judicial notice. *See Anderson*, 673 F.3d at 1094 n.1; *Ritchie*, 342 F.3d at 909; *see also In re Google Inc.*, 2013 WL 5423918, at *7 (taking judicial notice of "a legislative history report" regarding the Electronic Communications Privacy Act, "the statute at the heart of Plaintiffs' principal claim"). The Court should therefore take judicial notice of these legislative materials.

## III.     CONCLUSION

For the foregoing reasons, Google LLC respectfully requests that the Court take judicial notice of Exhibits 1 through 10 attached to the Bowen Declaration.

1   Dated:  October 22, 2018            KEKER, VAN NEST & PETERS LLP

2

3                         By:    /s/ *Kathryn Bowen*

4                              BENEDICT Y. HUR
                               BENJAMIN BERKOWITZ
                             THOMAS E. GORMAN

5                              KATHRYN BOWEN

6                            Attorneys for Defendant GOOGLE LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE
Case No. 5:18-cv-05062-EJD

1306896.v6