# Exhibit 6

```
SENATE RULES COMMITTEE                            SB 1667
Office of Senate Floor Analyses
1020 N Street, Suite 524
(916) 445-6614         Fax: (916) 327-4478
```

                                                         .

                              THIRD READING

                                                         .

Bill No:  SB 1667
Author:   Burton (D)
Amended:  3/31/98
Vote:     21


   .

  SENATE PUBLIC SAFETY COMMITTEE  :  7-0, 3/24/98
AYES:  Vasconcellos, Rainey, Burton, Kopp, Polanco, Schiff,
  Watson
NOT VOTING:  McPherson

  SENATE APPROPRIATIONS COMMITTEE  :  Senate Rule 28.8

                                                         .

SUBJECT  :    Privacy:  electronic tracking device

  SOURCE  :    Author

                                                         .

DIGEST  :   This bill prohibits the placing of  an electronic
tracking device on an automobile by a person who is not the
registered owner.

  ANALYSIS  :    Existing law does not regulate the placing of
electronic tracking devices on automobiles.

This bill would make it a misdemeanor to place an
electronic tracking device on an automobile without the
permission of the owner.

The bill would also provide that a violation of these
provisions by a person or entity licensed as a private
investigator would constitute grounds for the revocation of
the private investing license issued to that person or
entity.



**LIS - 6a**

(Sidebar, right margin: LEGISLATIVE INTENT SERVICE    (800) 666-1917)

This bill does not prohibit the placing of an electronic tracking device on an automobile by a peace officer.

  Prior legislation :

SB 443 (Burton) passed the Senate Floor 33-4, 9/12/97 and was vetoed by the Governor.  (Noes:  Brulte, Karnette, Rainey and Schiff)

SB 443, with limited exceptions, required peace officers to get a warrant  in order to place an electronic tracking device on a vehicle.  The Governor vetoed the bill in part because he did not believe the placing of an electronic tracking device constituted a seizure.  However, the Governor did express concern about private individuals using these devices to track other individuals without their knowledge and encouraged the author to draft a bill to "craft a remedy which would address potential abuses without necessitating the exclusion of valuable probative evidence."

   FISCAL EFFECT  :    Appropriation:  No    Fiscal Com.:  Yes   Local:  Yes

   SUPPORT  :   (Verified  4/20/98)

ACLU

ARGUMENTS IN SUPPORT  :   According to the author's office, this bill protects private individuals from having their movements tracked by other private individuals.  It does not restrict the use of electronic tracking devices by law enforcement agencies, nor does it prohibit the use of electronic tracking devices by persons who choose to use them on their own vehicle.

RJG:jk  4/20/98   Senate Floor Analyses
             SUPPORT/OPPOSITION:  SEE ABOVE
                     ****  END  ****



LEGISLATIVE INTENT SERVICE      (800) 666-1917

**SENATE RULES COMMITTEE**  SB 1667
Office of Senate Floor Analyses
1020 N Street, Suite 524
(916) 445-6614    Fax: (916) 327-4478

## SPECIAL CONSENT CALENDAR

Bill No:    SB 1667
Author:     Burton (D)
Amended:    4/23/98
Vote:       21

<u>SENATE PUBLIC SAFETY COMMITTEE</u>:  7-0, 3/24/98
AYES:  Vasconcellos, Rainey, Burton, Kopp, Polanco, Schiff, Watson
NOT VOTING:  McPherson

<u>SENATE APPROPRIATIONS COMMITTEE</u>:  Senate Rule 28.8

**SUBJECT:**    Privacy: electronic tracking device

**SOURCE:**    Author

**DIGEST:**  This bill prohibits the placing of an electronic tracking device on an automobile by a person who is not the registered owner, lessor or lessee of that vehicle.

<u>Senate Floor Amendments</u> of 4/23/98 added clarifying language that allows a lessor or lessee to place a tracking device in a vehicle.

**ANALYSIS:**  Existing law does not regulate the placing of electronic tracking devices on automobiles.

This bill would make it a misdemeanor to place an electronic tracking device on an automobile without the knowledge of the owner, lessor or lessee of that vehicle.



Case 5:18-cv-05062-EJD Document 33-8 Filed 10/22/18 Page 5 of 5

The bill would also provide that a violation of these provisions by a person or entity licensed as a private investigator would constitute grounds for the revocation of the private investing license issued to that person or entity.

This bill does not prohibit the placing of an electronic tracking device on an automobile by a peace officer.

Prior legislation:

SB 443 (Burton) passed the Senate Floor 33-4, 9/12/97 and was vetoed by the Governor. (Noes: Brulte, Karnette, Rainey and Schiff)

SB 443, with limited exceptions, required peace officers to get a warrant in order to place an electronic tracking device on a vehicle. The Governor vetoed the bill in part because he did not believe the placing of an electronic tracking device constituted a seizure. However, the Governor did express concern about private individuals using these devices to track other individuals without their knowledge and encouraged the author to draft a bill to "craft a remedy which would address potential abuses without necessitating the exclusion of valuable probative evidence."

**FISCAL EFFECT**: Appropriation: No   Fiscal Com.: Yes   Local: Yes

**SUPPORT**:  (Verified 4/23/98)

ACLU

**ARGUMENTS IN SUPPORT:**  According to the author's office, this bill protects private individuals from having their movements tracked by other private individuals. It does not restrict the use of electronic tracking devices by law enforcement agencies, nor does it prohibit the use of electronic tracking devices by persons who choose to use them on their own vehicle.

RJG:jk  4/23/98  Senate Floor Analyses
          SUPPORT/OPPOSITION:   SEE ABOVE
                    **** END ****