# Exhibit 10

AMENDED IN ASSEMBLY AUGUST 21, 2017

AMENDED IN ASSEMBLY JULY 13, 2017

AMENDED IN ASSEMBLY JULY 3, 2017

AMENDED IN SENATE MAY 26, 2017

AMENDED IN SENATE MAY 3, 2017

AMENDED IN SENATE APRIL 17, 2017

AMENDED IN SENATE MARCH 23, 2017

AMENDED IN SENATE MARCH 14, 2017

AMENDED IN SENATE MARCH 7, 2017

# SENATE BILL   No. 21

**Introduced by Senator Hill**
**(Coauthor: Senator Bradford)**

December 5, 2016

An act to add Chapter 15 (commencing with Section 54999.8) to Part 1 of Division 2 of Title 5 of the Government Code, relating to law enforcement agencies.

LEGISLATIVE COUNSEL'S DIGEST

SB 21, as amended, Hill. Law enforcement agencies: surveillance: policies.

Under existing law, a city or county is empowered to perform duties including providing for public safety and law enforcement. A city or county is authorized, either directly or indirectly, to prescribe policies and regulations for law enforcement agencies under its jurisdiction.

**SB 21** — 2 —

 This bill would, beginning July 1, 2018, require each law enforcement agency, as defined, to submit to its governing body at a regularly scheduled hearing, open to the public, a proposed Surveillance Use Policy for the use of each type of surveillance technology and the information collected, as specified. The bill would require the law enforcement agency to cease using the surveillance technology within 30 days if the proposed plan is not adopted. The bill would require the law enforcement agency to submit an amendment to the surveillance plan, pursuant to the same open meeting requirements, for each new type of surveillance technology sought to be used. The bill would require the policy and any amendments to be posted on the agency's Internet Web site. The bill would also require the agency to make specified reports, at approved intervals, concerning the use of surveillance technology, and to make those reports available on the agency's Internet Web site. The bill would prohibit a law enforcement agency from selling, sharing, or transferring information gathered by surveillance technology, except to another law enforcement agency, as permitted by law and the terms of the Surveillance Use Policy. The bill would provide that any person could bring an action for injunctive relief to prevent a violation of these provisions and, if successful, could recover reasonable attorney's fees and costs. The bill would require an agency to discipline an employee who knowingly or intentionally uses surveillance technology in violation of these provisions, as specified. The bill would authorize an agency to temporarily use surveillance technology during exigent circumstances, as specified, without meeting the requirements of these provisions, provided that, among other things, the agency submits a specified report to its governing body within 45 days of the end of the exigent ~~circumstances.~~ *circumstances, except as specified.*

 The bill would establish separate procedures for a sheriff's ~~department,~~ *department or* a district ~~attorney, the Department of the California Highway Patrol, and the Department of Justice~~ *attorney* to establish their own Surveillance Use Policies, instead of submitting them through their governing body. The procedures would include holding a noticed public hearing on the proposed policy, posting the policy on the department's Internet Web site, amending the policy to include new types of surveillance technology, and publishing a biennial report regarding the department's use of surveillance technology, as specified.

 *The bill would also establish procedures for the Department of the California Highway Patrol and the Department of Justice to establish*

*their own Surveillance Use Policies. The bill would, among other things, require that these agencies ensure that the collection, use, maintenance, sharing, and dissemination of information or data collected with surveillance technology is consistent with respect for individual privacy and civil liberties, and that the policy be publicly available on the agency's Internet Web site. The bill would also require that if these agencies intend to acquire surveillance technology, they provide 90 days advance notice on the agency's Internet Web site, as specified.*

The bill would make legislative findings in support of these provisions.

Because this bill would impose additional requirements on local public agencies, it would impose a state-mandated local program.

The California Constitution requires local agencies, for the purpose of ensuring public access to the meetings of public bodies and the writings of public officials and agencies, to comply with a statutory enactment that amends or enacts laws relating to public records or open meetings and contains findings demonstrating that the enactment furthers the constitutional requirements relating to this purpose.

This bill would make legislative findings to that effect.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that, with regard to certain mandates, no reimbursement is required by this act for a specified reason.

With regard to any other mandates, this bill would provide that, if the Commission on State Mandates determines that the bill contains costs so mandated by the state, reimbursement for those costs shall be made pursuant to the statutory provisions noted above.

Vote: majority.   Appropriation: no.   Fiscal committee: yes.   State-mandated local program: yes.

*The people of the State of California do enact as follows:*

```
1      SECTION 1.  The Legislature finds and declares all of the
2   following:
3      (a) While law enforcement agencies increasingly rely on
4   surveillance technologies because those technologies may enhance
5   community safety and aid in the investigation of crimes, those
6   technologies are often used without any written rules or civilian
7   oversight, and the ability of surveillance technology to enhance
```

1 public safety should be balanced with reasonable safeguards for
2 residents' civil liberties and privacy.
3   (b) Promoting a safer community through the use of surveillance
4 technology while preserving the protection of civil liberties and
5 privacy are not mutually exclusive goals, and policymakers should
6 be empowered to make informed decisions about what kind of
7 surveillance technologies should be used in their community.
8   (c) Decisions about whether to use surveillance technology for
9 data collection and how to use and store the information collected
10 should not be made by the agencies that would operate the
11 technology, but by the elected bodies that are directly accountable
12 to the residents in their communities who should also have
13 opportunities to review the decision of whether or not to use
14 surveillance technologies.
15   SEC. 2.  Chapter 15 (commencing with Section 54999.8) is
16 added to Part 1 of Division 2 of Title 5 of the Government Code,
17 to read:
18
19   Chapter 15.  Surveillance Policies for Law Enforcement
20
21   54999.8.  The following definitions apply for purposes of this
22 chapter:
23   (a) "Exigent circumstances" means a law enforcement agency's
24 good faith belief that an emergency involving danger of death or
25 serious physical injury to any person requires use of a surveillance
26 technology or the information it provides.
27   (b) "Governing body" means the elected body that oversees the
28 law enforcement agency or an appointed overseeing body if there
29 is no elected body that provides direct oversight of the law
30 enforcement agency.
31   (c) "Law enforcement agency" means any police department,
32 sheriff's department, district attorney, county probation department,
33 transit agency police department, school district police department,
34 the police department of any campus of the University of
35 California, the California State University, or community college,
36 the Department of the California Highway Patrol, and the
37 Department of Justice.
38   (d) (1) "Surveillance technology" means any electronic device
39 or system with the capacity to monitor and collect audio, visual,
40 locational, thermal, or similar information on any individual or

1   group. This includes, but is not limited to, drones with cameras or
2   monitoring capabilities, automated license plate recognition ~~system,~~
3   *systems,* closed-circuit cameras/televisions, International Mobile
4   Subscriber Identity (IMSI) trackers, global positioning system
5   (GPS) technology, *software designed to monitor social media*
6   *services or forecast criminal activity or criminality,* radio frequency
7   identification (RFID) technology, *body-worn cameras,* biometric
8   identification ~~technology,~~ *hardware or software,* and facial
9   recognition ~~technology.~~ *hardware or software.*
10    (2) "Surveillance technology" does not include standard public
11   agency ~~computers and software,~~ *hardware and software in*
12   *widespread public use and not used by the law enforcement agency*
13   *for any surveillance or surveillance-related functions, such as*
14   *televisions, computers, printers, parking ticket devices, case*
15   *management databases, medical equipment used to diagnose, treat,*
16   *or prevent disease or injury,* fingerprint scanners, ignition interlock
17   devices, cellular *or standard* telephones, *and* two-way radios, or
18   other similar electronic devices.
19    54999.85. (a) (1) Except as provided in paragraph (4), on or
20   before July 1, 2018, a law enforcement agency that uses, or
21   accesses information from, surveillance technology shall submit
22   to its governing body a Surveillance Use Policy to ensure that the
23   collection, use, maintenance, sharing, and dissemination of
24   information or data collected with surveillance technology is
25   consistent with respect for individuals' privacy and civil liberties.
26   The policy shall be in writing and made publicly available on the
27   agency's Internet Web site prior to the public hearing and after
28   adoption.
29    (2) Except as provided in paragraph (4), the governing body, at
30   a regularly scheduled hearing pursuant to the Ralph M. Brown Act
31   (Chapter 9 (commencing with Section 54950) of Part 1 of Division
32   2 of Title 5 of the Government Code), shall consider the policy
33   for adoption by resolution or ordinance on the regular, nonconsent
34   calendar and shall provide an opportunity for public comment
35   before adopting the resolution or ordinance.
36    (3) Except as provided in paragraph (4), if a submitted
37   Surveillance Use Policy is not adopted by resolution or ordinance
38   by the governing body, the law enforcement agency shall cease
39   use of surveillance technologies within 30 days of the hearing and
40   until the time that a Surveillance Use Policy is adopted.

1   (4) *(A)* On or before July 1, 2018, a sheriff's ~~department, district~~
2   ~~attorney, the Department of Justice, and the Department of the~~
3   ~~California Highway Patrol~~ *department or a district attorney* that
4   uses or accesses information from a surveillance technology shall
5   hold a properly noticed public hearing and provide an opportunity
6   for public comment before adopting a Surveillance Use Policy,
7   which shall ensure that the collection, use, maintenance, sharing,
8   and dissemination of information or data collected with surveillance
9   technology is consistent with respect for ~~individuals'~~ *individual*
10  privacy and civil liberties. The policy shall be in writing and shall
11  be made publicly available on the agency's Internet Web site prior
12  to the public hearing and after adoption.
13  *(B) On or before July 1, 2018, if the Department of Justice or*
14  *the Department of the California Highway Patrol use or access*
15  *information from a surveillance technology, the agency shall adopt*
16  *a Surveillance Use Policy, which shall ensure that the collection,*
17  *use, maintenance, sharing, and dissemination of information or*
18  *data collected with surveillance technology is consistent with*
19  *respect for individual privacy and civil liberties. The policy shall*
20  *be in writing and shall be made publicly available on the agency's*
21  *Internet Web site. Nothing in this section shall be construed to*
22  *limit or repeal any obligation of the Department of Justice or the*
23  *Department of the California Highway Patrol to comply with any*
24  *requirement found in any other law.*
25  (b) The policy shall pertain to any surveillance technologies
26  already in use or relied upon for information by the law
27  enforcement agency and shall include, in separate sections specific
28  to each unique type of surveillance technology, a description of
29  each surveillance technology used or relied upon for information
30  by the law enforcement agency. Each section covering a separate
31  technology shall, at a minimum include the following:
32  (1) Authorized purposes for using the surveillance technology.
33  (2) Types of data that can be and is collected by the surveillance
34  technology.
35  (3) A description of the job title or other designation of
36  employees and independent contractors who are authorized to use
37  the surveillance technology or to access data collected by the
38  surveillance technology. The policy shall identify and require
39  training for those authorized employees and independent
40  contractors.

(4) Title of the official custodian, or owner, of the surveillance technology responsible for implementing this section.

(5) A description of how the surveillance technology will be monitored to ensure the security of the information and compliance with applicable privacy laws.

(6) The length of time information gathered by the surveillance technology will be retained, and a process to determine if and when to destroy retained information.

(7) Purposes of, process for, and restrictions on the sale, sharing, or transfer of information to other persons and whether, if so, how the collected information can be accessed by members of the public, including criminal defendants.

(8) A process to maintain a record of access of the surveillance technology or information collected by the surveillance technology. At a minimum, the record shall include all of the following:

(A) The date and time the technology is used or the information is accessed.

(B) The data elements the employee used to query the information.

(C) The username of the employee who uses the technology or accesses the information, and, as applicable, the organization or entity with whom the person is affiliated.

(D) The purpose for accessing the information or using the technology.

(9) The existence of a memorandum of understanding or other agreement with another local agency or any other party, whether or not formalized, for the shared use of the surveillance technology or the sharing of the information collected through its use, including the identity of the parties.

(c) (1) Except as provided in paragraph (4), after July 1, 2018, if a law enforcement agency intends to acquire a new type of surveillance technology after the adoption of the policy required by subdivision (a), the agency shall submit an amendment to the policy to include the new type of technology as a new section of the policy and submit the amendment to its governing body for approval consistent with subdivision (a).

(2) Except as provided in paragraph (4) and Section 54999.95, the amendment shall be submitted prior to requesting funds for acquiring, using, or accessing information from the technology and shall be submitted to the governing body at a properly noticed

1  public meeting on the regular, nonconsent calendar and the
2  governing body shall provide an opportunity for public comment
3  before adopting the amendment.
4     (3) Except as provided in paragraph (4), the amendment shall
5  be in writing and made publicly available on the agency's Internet
6  Web site prior to the public hearing and after adoption. The
7  governing body has 30 days to consider an amendment. If a
8  submitted amendment is not adopted by the governing body, the
9  law enforcement agency shall not request funds for, acquire, use,
10 or access information from the new surveillance technology.
11    (4) (A) *(i)* After July 1, 2018, if a sheriff's department, district
12 attorney, the Department of Justice, or the Department of the
13 California Highway Patrol intends to acquire a new type of
14 surveillance technology after the adoption of the policy required
15 by subdivision (a), that agency shall draft an amendment to the
16 policy to include the new type of technology as a new section of
17 the policy. That agency shall
18    *(ii) A sheriff's department or a district attorney shall* hold a
19 properly noticed public hearing and provide an opportunity for
20 public comment before adopting such an amendment. The
21 amendment shall be in writing and shall be made publicly available
22 on the agency's Internet Web site prior to the public hearing and
23 after adoption.
24    *(iii) The Department of Justice or the Department of the*
25 *California Highway Patrol shall post the amendment in writing*
26 *and make it publicly available on the agency's Internet Web site.*
27    (B) If a sheriff's department, *department or a* district attorney,
28 the Department of Justice, or the Department of the California
29 Highway Patrol *attorney* is not in possession of surveillance
30 technology on or before July 1, 2018, and intends to acquire
31 surveillance technology after that date, that agency shall hold a
32 properly noticed public hearing and provide an opportunity for
33 public comment before adopting a Surveillance Use Policy, which
34 shall ensure that the collection, use, maintenance, sharing, and
35 dissemination of information or data collected with surveillance
36 technology is consistent with respect for individuals' privacy and
37 civil liberties. The policy shall be in writing and shall be made
38 publicly available on the agency's Internet Web site prior to the
39 public hearing and after adoption.

1   *(C) (i) If either the Department of Justice or the Department*
2   *of the California Highway Patrol is not in possession of*
3   *surveillance technology on or before July 1, 2018, and intends to*
4   *acquire surveillance technology after that date, that agency shall*
5   *prominently post on the agency's Internet Website a public notice*
6   *of its intention to commence the process of acquiring surveillance*
7   *technology not less than 90 days before taking any such steps. The*
8   *notice shall include a description of information describing the*
9   *surveillance technology and how it works, including product*
10  *descriptions from manufacturers, information on the proposed*
11  *purpose for the surveillance technology, and type of data collected.*
12      *(ii) If either the Department of Justice or the Department of the*
13  *California Highway Patrol is not in possession of surveillance*
14  *technology on or before July 1, 2018, and acquires it after that*
15  *date, that agency shall adopt a Surveillance Use Policy, which*
16  *shall ensure that the collection, use, maintenance, sharing, and*
17  *dissemination of information or data collected with surveillance*
18  *technology is consistent with respect for individual privacy and*
19  *civil liberties. The policy shall be in writing and shall be made*
20  *publicly available on the agency's Internet Web site. Nothing in*
21  *this section shall be construed to limit or repeal any obligation of*
22  *the Department of Justice or the Department of the California*
23  *Highway Patrol to comply with any requirement found in any other*
24  *law.*
25      (d) If, before July 1, 2018, a law enforcement agency has
26  implemented the requirements for *an* automated license plate
27  recognition system, pursuant to Title 1.81.23 (commencing with
28  Section 1798.90.5) of Part 4 of Division 3 of the Civil Code or for
29  cellular communications interception technology pursuant to
30  Article 11 (commencing with Section 53166) of Chapter 1, the
31  law enforcement agency shall include the required information as
32  part of the Surveillance Use Policy required by subdivision (a).
33      (e) If a law enforcement agency is not in possession of
34  surveillance technology on or before July 1, 2018, and intends to
35  acquire surveillance technology after that date, the law enforcement
36  agency shall submit a Surveillance Use Policy to its governing
37  body pursuant to subdivision (a) for consideration. Nothing in this
38  section shall be construed to limit the authority of a governing
39  body to exercise its budgetary authority in any way if a law

Case 5:18-cv-05062-EJD   Document 33-12   Filed 10/22/18   Page 11 of 14

SB 21      — 10 —

1  enforcement agency makes a budget request to acquire surveillance
2  technology.
3    (f) (1) Except as provided in paragraph (2), at a time interval
4  agreed to by the law enforcement agency and the governing body,
5  but not less often than every two years, a law enforcement agency
6  that uses surveillance technologies and which has an approved
7  Surveillance Use Policy shall submit to its governing body a written
8  Surveillance Technology Use Report. The report shall be made
9  publicly available on the agency's Internet Web site, and shall, at
10 a minimum, include the following:
11   (A) The acquisition costs for each surveillance technology, as
12 well as the annual operating cost, including personnel costs.
13   (B) ~~A description of how many~~ *The total number of* times each
14 type of technology was used in the preceding year and ~~how many~~
15 *the total number of* times each type of technology helped apprehend
16 suspects or close a criminal case.
17   ~~(C) A description of the type of data collected by each~~
18 ~~surveillance technology, including whether each technology~~
19 ~~captured images, sound, or other data.~~
20   ~~(D) If~~
21   *(C) The total number of times* the surveillance technology was
22 borrowed from or lent to another agency, the identity of that
23 agency, ~~the number of times~~ and the purposes for which the
24 surveillance technology was shared, including any exigent
25 circumstances.
26   ~~(E)~~
27   *(D)* The *total* number ~~and classification~~ of the agency employees
28 trained and authorized to use each type of surveillance ~~technology,~~
29 ~~along with a description of the training provided to agency~~
30 ~~employees on each type of surveillance technology and how often~~
31 ~~the training was provided.~~ *technology.*
32   ~~(F) Disclosure of whether~~
33   *(E) The total number of times* any surveillance technology was
34 used in a manner out of compliance with the agency's Surveillance
35 Use Policy, whether data collected through the use of surveillance
36 technology was inappropriately disclosed, released, or in any other
37 way revealed for a nonapproved reason, and the steps the agency
38 took to correct the error.
39   (2) Not less than every two years, a sheriff's department, district
40 attorney, the Department of Justice, and the Department of the

California Highway Patrol shall each publish and post on their Internet Web sites, a written Surveillance Technology Use Report containing the information required by subparagraphs (A) through (F).

(g) Nothing in this section shall be construed to do either of the following:

(1) Limit the authority of a governing body to exercise its authority in any way if a law enforcement agency makes a request to acquire surveillance technology.

(2) Prohibit a governing body from holding any public meeting required by this section jointly with another law enforcement agency or governing body.

(h) A governing body may reevaluate any existing Surveillance Use Policy it has previously approved at a properly noticed public meeting on their regular nonconsent calendar.

(i) A law enforcement agency shall not sell, share, or transfer information gathered by surveillance technology, except to another law enforcement agency, and only as permitted by law and as allowed by an approved Surveillance Use Policy. For purposes of this subdivision, the provision of data hosting shall not be considered to be the sale, sharing, or transferring of surveillance technology information.

54999.9. (a) In addition to any other sanctions, penalties, or remedies provided by law, any person may seek injunctive relief to prevent a violation under this chapter. The court may award reasonable attorney's fees and other litigation costs reasonably incurred by a prevailing plaintiff.

(b) A law enforcement agency shall take appropriate disciplinary action, consistent with the agency's existing disciplinary procedures, against an employee who knowingly or intentionally uses surveillance technology in a manner that is not consistent with this chapter or with the agency's approved Surveillance Use Policy.

54999.95. (a) A law enforcement agency may temporarily acquire or temporarily use a surveillance technology in a manner not expressly allowed by a Surveillance Use Policy in exigent circumstances without following the provisions of Section 54999.85 before that acquisition or use unless that acquisition or use in exigent circumstances conflicts with, or is preempted by, other state or federal law.

(b) If a law enforcement agency acquires or uses a surveillance technology in exigent circumstances pursuant to subdivision (a), the agency shall:

(1) Use the surveillance technology to solely respond to the exigent circumstances.

(2) Cease using the surveillance technology when the exigent circumstances end.

(3) Only keep and maintain data related to the exigent circumstances and dispose of any data that is not related to the exigent circumstances.

(4) ~~Report~~ *(A) For a law enforcement agency other than the Department of Justice, or the Department of the California Highway Patrol, report* that acquisition or use to the governing body within 45 days following the end of the exigent circumstances.

*(B) The Department of Justice or the Department of the California Highway Patrol shall publicly disclose that acquisition or use within 45 days following the end of the exigent circumstances in writing on the agency's Internet Web site.*

(c) Any technology temporarily acquired in exigent circumstances shall be returned within seven days following its acquisition, or when the exigent circumstances end, whichever is sooner, unless the technology is submitted to the governing body for approval pursuant to subdivisions (a) to (c), ~~inclusive~~ *inclusive,* of Section 54999.85, and is approved. If the agency is unable to comply with the seven-day timeline, the agency shall notify the governing body, who may grant an extension.

SEC. 3. The Legislature finds and declares that Section 2 of this act, which adds Chapter 15 (commencing with Section 54999.8) to Part 1 of Division 2 of Title 5 of the Government Code, furthers, within the meaning of paragraph (7) of subdivision (b) of Section 3 of Article I of the California Constitution, the purposes of that constitutional section as it relates to the right of public access to the meetings of local public bodies or the writings of local public officials and local agencies. Pursuant to paragraph (7) of subdivision (b) of Section 3 of Article I of the California Constitution, the Legislature makes the following findings:

By requiring law enforcement agencies to submit their proposed Surveillance Use Policy for consideration by their governing body at a public hearing, this act furthers the purposes of paragraph (7)

1  of subdivision (b) of Section 3 of Article I of the California
2  Constitution.
3  *The Legislature also finds and declares that Section 2 of this*
4  *act, which adds Chapter 15 (commencing with Section 54999.8)*
5  *to Part 1 of Division 2 of Title 5 of the Government Code, furthers,*
6  *within the meaning of Section 1 of Article I of the California*
7  *Constitution, the purposes of that constitutional section as it relates*
8  *to the inalienable and enforceable right of privacy held by all*
9  *Californians.*
10   SEC. 4.  No reimbursement is required by this act pursuant to
11  Section 6 of Article XIII B of the California Constitution for certain
12  costs that may be incurred by a local agency or school district
13  because, in that regard, this act creates a new crime or infraction,
14  eliminates a crime or infraction, or changes the penalty for a crime
15  or infraction, within the meaning of Section 17556 of the
16  Government Code, or changes the definition of a crime within the
17  meaning of Section 6 of Article XIII B of the California
18  Constitution.
19   However, if the Commission on State Mandates determines that
20  this act contains other costs mandated by the state, reimbursement
21  to local agencies and school districts for those costs shall be made
22  pursuant to Part 7 (commencing with Section 17500) of Division
23  4 of Title 2 of the Government Code.

O