Patrice L. Bishop (182256)
pbishop@ssbla.com
**STULL, STULL & BRODY**
9430 W. Olympic Blvd., Suite 400
Beverly Hills, CA  90212
Tel:   310-209-2468
Fax:   310-209-2087

*Counsel for Plaintiff Ronnie Kaufman*

(Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re Google Location History Litigation | Case No. 5:18-cv-05062-EJD<br><br>**PLAINTIFF RONNIE KAUFMAN'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF MELISSA R. EMERT AS INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:       March 28, 2019<br>TIME:        9:00 a.m.<br>JUDGE:    Hon. Edward J. Davila<br>CRTRM:   4, 5th Floor |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on March 28, 2019 at 9:00 a.m., before the Honorable Edward J. Davila, United States District Judge, at Courtroom 4 - 5th Floor, of the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, or at such other time or place as this Court may Order, Plaintiff Ronnie Kaufman, by and through her undersigned counsel, will and does hereby move this Court to appoint her counsel, Melissa R. Emert, as an interim counsel for the putative class.

Plaintiff Kaufman respectfully requests this Court to appoint interim counsel for the putative class and include her attorney in that court appointed structure.

### STATEMENT OF ISSUES TO BE DECIDED

1. What is the appropriate structure for interim counsel for the putative class?

2. Whether Ms. Emert, who represents Ronnie Kaufman, should be appointed as an interim counsel for the putative class?

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

This is a consolidated putative class action brought against one of the largest high tech companies in the United States. *See* Dkt. 51.[1] It concerns Defendants' (collectively, "Google") false representations to the public and its users that it would not access users' location history if users took certain steps in managing their privacy settings. *See, e.g.*, *Kaufman v. Google LLC*, Case No. 5:18-cv-06685-EJD (N.D. Cal. Nov. 2, 2018), Dkt. 1 (the "Kaufman Complaint"). Specifically, Google represented that if users disable the "Location History" feature on their accounts or devices Google would be prevented from tracking and storing location data from them. During times relevant herein, Google's support page stated: "You can turn off Location History at any time. With Location History off, the places you go are no longer stored." *Id.* at ¶ 3. However, as revealed in a recent Associated Press investigation, and confirmed by computer-

---

[1] Prior to consolidation, six separate actions were filed in this Court alleging similar claims for classes that overlap and that have unique or shared subclasses. On December 11, 2011, the Court issued an order consolidating those cases. Dkt. 51.

science researchers at Princeton University,[2] Google accesses and stores the precise geolocation information even for individuals who affirmatively disabled the location history setting. *Id.* at ¶ 4.

A class action against Google regarding false representations that users could turn off location history will involve complex litigation and those in the putative class deserve to have their interests represented by lawyers with the resources and skills necessary to aggressively move this action forward. Ms. Emert has an obligation to continue representing her client, plaintiff Kaufman, in this litigation, and has the qualifications to be appointed as an interim counsel for the putative class. *See* Declaration of Melissa R. Emert in support of Plaintiff Ronnie Kaufman's Motion for Appointment of Interim Class Counsel ("Emert Declaration") at Exhibit ("Ex.") 1. Plaintiff Kaufman supports the appointment of a lead or co-lead structure of no more than two firms, but will support any structure and appointment that the Court believes is appropriate, including as a member of an interim steering and/or executive committee. *See id.* at ¶ 3; Declaration of Ronnie Kaufman in support of her Motion for Appointment of Interim Class Counsel ("Kaufman Declaration") at ¶ 4.

## II.  PROPOSED INTERIM CLASS COUNSEL

Special consideration is given to attorneys who demonstrate willingness during the process "to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and the court." Manual for Complex Litigation (4th ed. 2004) § 10.21 (the "Manual") ("The added demands and burdens of complex litigation place a premium on attorney professionalism."). As set forth below, Stull, Stull & Brody has more than 50 years of experience in class actions and other complex litigation and has had leadership positions in cases that have a total recovery of billions of dollars. Ms. Emert herself has been practicing in the area of complex litigation with the firm for well over 20 years and has had major involvement in many cases with a significant recovery. A firm biography emphasizing the experience of Melissa R. Emert is attached to the Emert Declaration as Ex. 1.

---

[2] *See* Ryan Nakashima, *AP Exclusive: Google tracks your movements, like it or not*, AP News (Aug. 13, 2018), https://www.apnews.com/828aefab64d4411bac257a07c1af0ecb.

PLAINTIFF RONNIE KAUFMAN'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF MELISSA R. EMERT AS INTERIM CLASS COUNSEL; MPA          CASE NO. 5:18-cv-05062-EJD

- 2 -

## III. ARGUMENT

### A. Legal Standard

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3) "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litig. § 21.11 (4th ed. 2004).

Rule 23(g)(3) does not provide a standard for courts to use in appointing interim class counsel, although courts in this district typically consider the factors set forth in 23(g)(1). *Gallagher v. Bayer AG*, No. 14-cv-04601-WHO, 2015 U.S. Dist. LEXIS 109807 at *25; 2015 WL 4932292 (N.D. Cal. Aug. 18, 2015) citing, *Paraggua v. Linkedin Corp.*, No. 5:12-CV-03088 EJD, 2012 U.S. Dist. LEXIS 123226, 2012 WL 3763889 at *1 (N.D. Cal. Aug. 29, 2012). Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure identifies four factors to be considered by courts when selecting class counsel:

(i) The work counsel has done in identifying or investigating potential claims in the action;

(ii) Counsel's experience in handling class action, other complex litigation, and the types of claims asserted in the action;

(iii) Counsel's knowledge of the applicable law; and

(iv) The resources that counsel will commit to representing the class. Rule 23(g)(1)(B) further provides that courts may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Bayol v. Health-Ade, LLC*, No. 18-cv-01462-MMC; Case No. 18-cv-01836-MMC 2018 U.S. Dist. LEXIS 144674 (N.D. Cal. Aug. 23, 2018).

PLAINTIFF RONNIE KAUFMAN'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF MELISSA R. EMERT AS INTERIM CLASS COUNSEL; MPA                CASE NO. 5:18-cv-05062-EJD

- 3 -

### B. Plaintiff Kaufman's Counsel Has Identified and Investigated the Putative Class' Potential Claims

Ms. Emert has identified and investigated the claims against Google, engaging in a considerable amount of work investigating the relevant facts and preparing the Kaufman Complaint. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). Once the litigation commenced, Ms. Emert worked with several groups of plaintiffs' counsel in the litigation to organize and coordinate it, including advocating for the consolidation of the related cases. *See* Emert Declaration at ¶ 2.

### C. Plaintiff Kaufman's Counsel Has Substantial Experience in Handling Class Actions and Other Complex Litigations, Including Cases Alleging the Types of Claims Asserted Herein

Ms. Emert and Stull, Stull & Brody easily have the experience contemplated by Rule 23(g)(1)(A)(ii). Ms. Emert personally has extensive class action experience, including in tech and data breach cases. She has received several leadership appointments, including, but not limited to, as: co-lead counsel in *In re: Daily Fantasy Sports Litig.*, No. 1:16-md-02677-GAO (D. Mass) (alleging violations of state consumer protection statutes and common law claims on behalf of consumers participating in defendants' online fantasy sports websites); a member of plaintiffs' steering committee in *In re: German Auto. Mfr. Antitrust Litig.*, No. 3:17-md-02796 (N.D. Cal.) (alleging anticompetitive conduct in the market for German-made automobiles); a court appointed member of plaintiffs' steering committee in *In re: Intel Corp. CPU Mktg. and Prod. Liab. Litig.*, 3:18-md-02828 (D. Or. 2018) (claims on behalf of Intel processor users that have been affected by Intel's defective processors); a court appointed member of plaintiffs' executive committee in *In re: Apple Inc. Device Performance Litig.*, 5:18-md-02827 (N.D. Cal. 2018) (claims on behalf of iPhone and iPad users that have been affected by Apple's intentional slowdown of the processors); a court appointed member of plaintiffs' steering committee in *In Re: Sonic Corp. Customer Data Sec. Breach Litig.*, 1:17-md-02807 (N.D. Ohio 2017) (claims on behalf of persons affected by Sonic's data breach). *Id.* at ¶ 5. She was also one of three lead co-counsel *in Hughley v. Univ. of Cent. Fla. Bd. of Tr.*, Case No.: 2016-CA-001654-O (9th Judicial Circuit, Fla.) (February 2016 data breach; settled in November 2017 and UCF will spend an additional $1,000,000 annually to protect students' and employees' personal information.). *Id.* at ¶ 6.

PLAINTIFF RONNIE KAUFMAN'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF MELISSA R. EMERT AS INTERIM CLASS COUNSEL; MPA           CASE NO. 5:18-cv-05062-EJD

- 4 -

1    In addition, Ms. Emert has had major roles in many class actions which resulted in very large recoveries for a class. For example, she had significant roles in, among other cases, *Overby v. Tyco Int'l, Ltd.*, (N.D. N.H.) (class recovery of $70,525,000); *In re Westinghouse Sec. Litig.*, (W.D. Penn.) (cash recovery of $67.25 million); *In re Sunglass Hut Intl., Inc. Sec. Litig.*, (S.D. Fla.) (class recovery of $4.5 million in cash); and *Szymczak v. Nissan N. A. Inc.*, (S.D.N.Y.) (recovery valued at over $14 million obtained on behalf of a multi-state nationwide class). *Id.* at ¶ 7. Furthermore, Stull, Stull & Brody, in a lead or co-lead role, has obtained billions of dollars in recoveries for the classes it has represented. For example, as co-lead counsel in *In re Merck & Co., Inc., Sec., Derivative & "ERISA" Litig.*, MDL No. 1658 (SRC), Case Nos. 2:05-CV-01151-SRC-MF, 2:05-CV-02367-SRC-MF (D.N.J.), Stull, Stull & Brody helped obtain a recovery of $1.062 billion for defrauded investors. *Id.* at ¶ 8.

Because this motion seeks only appointment of interim class counsel, and the Court will appoint class counsel if plaintiffs are successful on their anticipated motion for class certification, among the responsibilities interim class counsel will have is coordinating the class certification motion. This involves a variety of tasks including preparing a motion for class certification; seeking to obtain discovery to establish that Rule 23 is satisfied; responding to discovery requests from Google in its likely attempt to try to show that a class should not be certified; representing plaintiffs at anticipated depositions during which Google will likely attempt to elicit testimony to demonstrate that the action is not amenable to class treatment or that the plaintiffs are not adequate class representatives; preparing a reply memorandum to address the inevitable assertions by Google that the case should not be certified as a class action and that the plaintiffs are not adequate class representatives; and, if a class is certified, preparing an appropriate notice to class members and developing an appropriate program for notifying the potentially many millions of class members. Fortunately, these are all issues that Ms. Emert has dealt with over the years in connection with her activity and her firm's activity in class actions, as attested to in the firm's résumé, which have resulted in many millions of dollars of recovery, and in one case over one billion dollars in recovery. *See* Emert Declaration at Ex. 1; *see also id.* at ¶¶ 6-9.

PLAINTIFF RONNIE KAUFMAN'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF MELISSA R. EMERT AS INTERIM CLASS COUNSEL; MPA                    CASE NO. 5:18-cv-05062-EJD

- 5 -

### D. Kaufman's Counsel Will Commit to Representing the Class and Will Fairly and Adequately Represent its Interests

Stull, Stull & Brody has the resources necessary to finance a case of this magnitude. *See* Fed. R. Civ. P. 23(g)(1)(B). Indeed, having been responsible for achieving some of the largest class action recoveries in some of the most complex, high-profile class actions, Ms. Emert and Stull, Stull & Brody understand what is required to undertake a litigation of this size and will commit the resources necessary to achieve a favorable result for the class and any subclasses that are certified. As demonstrated by its firm résumé, Stull, Stull & Brody's attorneys have successfully managed complex, resource-intensive cases in the past, with the firm routinely advancing the costs of litigation and dedicating substantial resources to vigorously prosecute the claims of proposed class members. *See id.* at Ex. 1.

Movant acknowledges that several other law firms filed cases that are part of this consolidated action, and anticipates that those firms are also committed to working on this action. Ms. Emert and Stull, Stull & Brody have worked with each of these firms on previous matters and believe they can successfully work with any of them on this case. *See id.* at ¶ 10.

Movant is also aware of the need to control costs and expenses. Movant proposes that once the Court appoints interim class counsel that counsel submit, within 10 business days, a timekeeping and cost reporting protocol for approval by the Court that would require all plaintiffs' counsel to maintain a daily record of their time and expenses incurred in connection with this litigation. *Id.* at ¶ 11; *see also* Kaufman Declaration at ¶ 7. To the extent that there are any issues as to fees and expenses should the litigation be successfully resolved, the Court will "have an independent obligation to ensure that" fees and expenses are "reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

### E. Ms. Emert and her Firm Have the Experience, Knowhow and Resources to Act as an Interim Counsel for the Putative Class

Given the complexity of this litigation, the number of putative class members, its scope, and the need to proceed in an expedited manner, it is clear that this litigation requires appointment of experienced counsel to coordinate the litigation at least until the time that a class is certified and

PLAINTIFF RONNIE KAUFMAN'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF MELISSA R. EMERT AS INTERIM CLASS COUNSEL; MPA                    CASE NO. 5:18-cv-05062-EJD

- 6 -

class counsel is selected. *See* Fed. R. Civ. P. 23(g)(1)(B) ("Any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class"). Ms. Emert, with the support of her firm, Stull, Stull & Brody, has the experience, knowhow and resources to act as interim class counsel. Until plaintiffs' anticipated motion for class certification, interim class counsel is needed to get the case moving forward and coordinate an effort to get a class certified as quickly as reasonably possible. Having Ms. Emert being among those leading the way, utilizing all the resources of Stull, Stull & Brody, will be an effective tool to accomplish that goal.

## IV. CONCLUSION

For the reasons indicated, the Court should appoint Melissa R. Emert as an interim counsel for the putative class.

Dated: December 13, 2018

By: *s/ Melissa R. Emert*
Melissa R. Emert (admitted *pro hac vice*)
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Tel:    (212) 687-7230
Fax:    (212) 490-2022
Email:   memert@ssbny.com

Patrice L. Bishop
**STULL, STULL & BRODY**
9430 West Olympic Blvd., Suite 400
Beverly Hills, CA 90212
Tel:    (310) 209-2468
Fax:    (310) 209-2087
Email: service@ssbla.com

***Counsel for Plaintiff Ronnie Kaufman***