1  Patrice L. Bishop (182256)
   pbishop@ssbla.com
2  **STULL, STULL & BRODY**
   9430 W. Olympic Blvd., Suite 400
3  Beverly Hills, CA  90212
   Tel:    310-209-2468
4  Fax:    310-209-2087

5  *Counsel for Plaintiff Ronnie Kaufman*

6

7

8              UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                SAN JOSE DIVISION

11

12

13  In re Google Location History          Case No. 5:18-cv-05062-EJD
    Litigation
14                                          **DECLARATION OF MELISSA R.
                                            EMERT IN SUPPORT OF PLAINTIFF
15                                          RONNIE KAUFMAN'S MOTION FOR
                                            APPOINTMENT OF INTERIM CLASS
16                                          COUNSEL**

17
                                            DATE:        March 28, 2019
18                                          TIME:        9:00 a.m.
                                            JUDGE:       Hon. Edward J. Davila
19                                          CRTRM:       4, 5th Floor

20

21

22

23

24

25

26

27

28

1    I, Melissa R. Emert, declare and say that:

2        1.      I am a senior attorney with the law firm of Stull, Stull & Brody, a member of the

3    State Bar of New York, and admitted to practice *pro hac vice* in the above-entitled matter.  *See*

4    *Kaufman v. Google LLC*, Case No. 5:18-cv-06685-EJD (N.D. Cal. Dec. 11, 2018), Dkt. 14 (the

5    "Kaufman Action").   Stull, Stull & Brody is counsel for Ronnie Kaufman, plaintiff in the

6    Kaufman Action which was consolidated into the above-entitled matter.  *See In re Google*

7    *Location History Litig.*, Case No. 5:18-cv-05062-EJD (N.D. Cal. Dec. 11, 2018), Dkt. 51.   I

8    submit this Declaration in support of Plaintiff Ronnie Kaufman's Motion for Appointment of

9    Melissa R. Emert as Interim Class Counsel.  I have personal knowledge of the matters stated

10   herein and if called as a witness could and would competently testify thereto.

11       2.      On behalf of Ms. Kaufman and the putative class, I identified and investigated the

12   claims against Google, engaging in a considerable amount of work investigating the relevant facts

13   and preparing the Complaint filed in the Kaufman Action.   *See* Kaufman Action at Dkt. 1.

14   Furthermore, once the litigation commenced, I worked with several groups of plaintiffs' counsel in

15   the litigation to organize and coordinate it, including advocating for the consolidation of the

16   related cases.

17       3.      On behalf of my client, I respectfully request that I be appointed an interim counsel

18   for the putative class.  My client supports the appointment of a lead or co-lead structure of no

19   more than two firms, but will support any structure and appointment that the Court believes is

20   appropriate, including the Court appointing me as a member of an interim steering and/or

21   executive committee.

22       4.      Attached hereto as Exhibit "1" is a true and correct copy of Stull, Stull & Brody's

23   firm résumé.

24       5.      I have extensive class action experience, including in tech and data breach cases.  I

25   have been appointed to the following leadership positions: co-lead counsel in *In re: Daily Fantasy*

26   *Sports Litig.*, No. 1:16-md-02677-GAO (D. Mass 2016) (alleging violations of state consumer

27   protection statutes and common law claims on behalf of consumers participating in defendants'

28   online fantasy sports websites); plaintiffs' steering committee member in *In re: German Auto.*

DECLARATION OF MELISSA R. EMERT IN SUPPORT OF PLAINTIFF BONNIE KAUFMAN'S MOTION FOR
APPOINTMENT OF INTERIM CLASS COUNSEL                                CASE NO. 5:18-cv-05062-EJD

*Mfr. Antitrust Litig.*, No. 3:17-md-02796 (N.D. Cal. 2017) (alleging anticompetitive conduct in the market for German-made automobiles); plaintiffs' steering committee member in *In re: Intel Corp. CPU Mktg. and Prod. Liab. Litig.*, 3:18-md-02828 (D. Or. 2018) (claims on behalf of Intel processor users that have been affected by Intel's defective processors); plaintiffs' executive committee member in *In re: Apple Inc. Device Performance Litig.*, 5:18-md-02827 (N.D. Cal. 2018) (claims on behalf of iPhone and iPad users that have been affected by Apple's intentional slowdown of the processors); and plaintiffs' steering committee member in *In Re: Sonic Corp. Customer Data Sec. Breach Litig.*, 1:17-md-02807 (N.D. Ohio 2017) (claims on behalf of persons affected by Sonic's data breach).

6.     I was also one of three lead co-counsel *in Hughley v. Univ. of Cent. Fla. Bd. of Tr.*, Case No.: 2016-CA-001654-O (9th Judicial Circuit, Fla.) (February 2016 data breach; settled in November 2017 and UCF will spend an additional $1,000,000 annually to protect students' and employees' personal information.).

7.     In addition, I have had major roles in class actions which resulted in large recoveries for numerous classes. For example, I had significant roles in, among other cases, *Overby v. Tyco Int'l, Ltd.*, (N.D. N.H.) (class recovery of $70,525,000); *In re Westinghouse Sec. Litig.*, (W.D. Penn.) (cash recovery of $67.25 million); *In re Sunglass Hut Intl., Inc. Sec. Litig.*, (S.D. Fla.) (class recovery of $4.5 million in cash); and *Szymczak v. Nissan N. A. Inc.*, (S.D.N.Y.) (recovery valued at over $14 million obtained on behalf of a multi-state nationwide class).

8.     Furthermore, Stull, Stull & Brody, in a lead or co-lead role, has obtained billions of dollars in recoveries for the classes it has represented. For example, as co-lead counsel in *In re Merck & Co., Inc., Sec., Derivative & "ERISA" Litig.*, MDL No. 1658 (SRC), Case Nos. 2:05-CV-01151-SRC-MF, 2:05-CV-02367-SRC-MF (D.N.J.), a matter on which I worked, Stull, Stull & Brody helped obtain a recovery of $1.062 billion for defrauded investors.

9.     I anticipate that one of the responsibilities interim class counsel will have is coordinating a class certification motion. From my experience, this involves a variety of tasks including preparing a motion for class certification; seeking to obtain discovery to establish that Rule 23 is satisfied; responding to discovery requests from Google in its likely attempt to try to

DECLARATION OF MELISSA R. EMERT IN SUPPORT OF PLAINTIFF BONNIE KAUFMAN'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL                    CASE NO. 5:18-cv-05062-EJD

1  show that a class should not be certified; representing plaintiffs at anticipated depositions during

2  which Google will likely attempt to elicit testimony to demonstrate that the action is not amenable

3  to class treatment or that the plaintiffs are not adequate class representatives; preparing a reply

4  memorandum to address the inevitable assertions by Google that the case should not be certified

5  as a class action and that the plaintiffs are not adequate class representatives; and, if a class is

6  certified, preparing an appropriate notice to class members and developing an appropriate program

7  for notifying the potentially many millions of class members.  These are all issues that I have dealt

8  with over the years in connection with my activity and Stull, Stull & Brody's activity in class

9  actions, as attested to in Exhibit 1 attached hereto.

10         10.     On behalf of my client, I acknowledge that several other law firms filed cases that

11  are part of this consolidated action, and I anticipate that those firms are also committed to working

12  on this action. I have worked with each of these firms on previous matters and believe Stull, Stull

13  & Brody and I can successfully work with any of them on this case.

14         11.     On behalf of my client, I also acknowledge that I am aware of the need to control

15  costs and expenses. Accordingly, I propose that once the Court appoints interim class counsel that

16  counsel submit, within 10 business days, a timekeeping and cost reporting protocol for approval

17  by the Court that would require all plaintiffs' counsel to maintain a daily record of their time and

18  expenses incurred in connection with this litigation.

19         I declare under penalty of perjury under the laws of the State of California and the United

20  States of America that the above is true and correct.

21         Executed this 13th day of December, 2018, at Parkland, Florida.

22

23                                          */s/ Melissa R. Emert*
                                           Melissa R. Emert
24                                          Declarant

25

26

27

28

DECLARATION OF MELISSA R. EMERT IN SUPPORT OF PLAINTIFF BONNIE KAUFMAN'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL                    CASE NO. 5:18-cv-05062-EJD

- 3 -

# EXHIBIT 1



**NEW YORK OFFICE:**
6 East 45th Street
Fifth Floor
New York, New York 10017
(212) 687-7230
Telecopier: (212) 490-2022

**BEVERLY HILLS OFFICE:**
9430 W. Olympic Boulevard
Suite 400
Beverly Hills, California 90212
(310) 209-2468
Telecopier: (310) 209-2087
info@ssbny.com

For more than forty years, Stull, Stull & Brody has developed a national reputation for zealously representing plaintiffs in class action litigations.  The firm has litigated hundreds of class actions, obtaining over two billion dollars in settlements for aggrieved class members.

Stull, Stull & Brody's excellent litigating and results have been recognized for more than forty years.  Stull, Stull & Brody has offices in New York City and Beverly Hills, enabling the firm to efficiently handle class actions on a nationwide basis.  Stull, Stull & Brody consistently delivers favorable results on behalf of the classes that it represents. Because of its successes over the past 40-plus years, Stull, Stull & Brody has developed a national reputation representing plaintiffs in complex litigations, including class actions and derivative cases.  Our lawyers possess outstanding credentials and our firm has repeatedly been acknowledged for its outstanding achievements.

**Melissa R. Emert**, Co-Chair of SS&B's Consumer Class Action Litigation Group, has been with SS&B since 1988. Melissa's practice focuses on consumer and securities class actions which she has litigated throughout the United States including multidistrict litigation actions. Melissa is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York. Melissa graduated from Brooklyn Law School with a Juris Doctor in 1988, and received a Bachelor of Arts from the State University of New York At Stony Brook in 1985.

Examples of Melissa's nationwide class action experience include:

• Court appointed Co-Lead Counsel in *In re: Daily Fantasy Sports Litigation,* 1:16-md-02677-GAO (D. Mass 2016) (alleging violations of state consumer protection statutes and common law claims on behalf of consumers participating in defendants' online fantasy sports websites)

• Court appointed member of Plaintiffs' Steering Committee in *In re: Intel Corp. CPU Marketing and Products Liability Litigation,* 3:18-md-02828 (D. Or. 2018) (claims on behalf of Intel processor users that have been affected by Intel's defective processors)

• Court appointed member of Plaintiffs' Executive Committee in *In re: Apple Inc. Device Performance Litigation,* 5:18-md-02827 (N.D. Cal. 2018) (claims on behalf of iPhone and iPad users that have been affected by Apple's intentional slowdown of the processors)

• Court appointed member of Plaintiffs' Steering Committee in *In re: German Automotive Manufacturers Antitrust Litigation*, 3:17-md-02796 (N.D. Cal. 2017) (alleging anticompetitive conduct in the market for German-made automobiles)

- Court appointed member of Plaintiffs' Steering Committee in *In Re: Sonic Corp. Customer Data Security Breach Litigation,* 1:17-md-02807 (N.D. Ohio 2017) (claims on behalf of persons affected by Sonic's data breach)

- One of 3 lead co-counsel in *Hughley, et at. v. University of Central Florida Board of Trustees*, Case No.: 2016-CA-001654-O (9th Judicial Circuit, Florida) (February 2016 data breach; settled November 2017 UCF will spend an additional $1,000,000 annually to protect students' and employees' personal information.)

- *Overby v. Tyco International, Ltd.*, District New Hampshire (recovery of $70,525,000)

- *In re Westinghouse Sec. Litig.*, Western District of Pennsylvania (recovery of $67.25 million in cash for alleged overstatement of financial position due to unrecognized losses in real estate portfolios)

- *In re Sunglass Hut Intl., Inc. Sec. Litig.*, Southern District of Florida (recovery of $4.5 million in cash)

- *Szymczak v. Nissan North America Inc.*, Southern District of New York (recovery valued at over $14 million obtained on behalf of a multi-state nationwide class).

    Melissa developed and oversees the following litigations, among others, for SS&B:

- *County of Osceola v. Purdue Pharma Inc.*, 6:18-cv-00164 (M.D. Fl.) (alleging opioid manufacturers and distributors, defrauded Osceola County, among others, to generate improper revenue at the county's expense)

- *County of Alachua v. Purdue Pharma Inc.*, 1:18-cv-00086-MW-GRJ (N.D. Fl.) (alleging opioid manufacturers and distributors, defrauded Alachua County, among others, to generate improper revenue at the county's expense)

- *County of Palm Beach v. Purdue Pharma Inc.***,** 50-2018-CA-004109 (Fl. Cir. Ct., Palm Beach Cty) (alleging opioid manufacturers and distributors, defrauded Palm Beach County, among others, to generate improper revenue at the county's expense)

- *In Re: Uber Technologies, Inc., Data Security Breach Litigation,* MDL No. 2826 (N.D. Cal.) (alleging a failure to secure and safeguard riders' and drivers' personally identifiable information ("PII") caused 57 million driver and rider accounts to be compromised)

- *In Re: Pacquiao-Mayweather Boxing Match Pay-Per-View Litig.*, MDL No. 2:15-ml-02639-RGK (PLAx) (C.D.Cal.) (Melissa is serving as co-chair of the Law Committee for a proposed class of persons who purchased the pay-per-view broadcast of the Pacquiao-Mayweather boxing match)

- *In Re: 21st Century Oncology Customer Data Security Breach Litigation*, 8:16-md-02737 (M.D. Fla.) (October 2015 data breach in which the personally identifiable information of more than two million 21 Century patients was compromise)

- *Suvino v. Time Warner Cable*, Inc., 1:16-cv-07046 (S.D.N.Y.) (alleging violations of the Americans with Disabilities Act by Time Warner)

- *Guariglia et al v. The Procter & Gamble Company*, 2:15-cv-04307 (E.D.N.Y.) (alleging violations of law in connection with P&G's design, manufacture, marketing, advertising, and selling of Tide Pods)

- *Assel v. Preferred Care Partners, Inc.*, 2017 CA 020761 (Fl. Cir. Ct., Broward Cty) (breach of contract and other claims related to the vision policy benefits limitations)

Selective highlights demonstrating SS&B's skill and expertise include:

- A SS&B attorney served as a member of the court appointed Consumer Plaintiffs' Steering Committee in *In re: The Home Depot, Inc Data Security Breach Litigation*, which resulted in a recovery of $13 million to the settlement class and provision for 18 months of Identity monitoring services for settlement class members

- SS&B was appointed Co-Lead Counsel in *In re Sears Holdings Corp ERISA Litigation*, a case seeking to recover money for Sears employees who invested their retirement savings in Sears stock

- SS&B was appointed as co-lead counsel and class counsel in *In re Merck & Co, Inc, Sec, Derivative & "ERISA" Litigation*, in which there was a recovery of $1062 billion

- SS&B served as co-lead counsel in *Szymczak v Nissan North America Inc*, which resulted in a recover of over $14 million on behalf of multi-state nationwide class of car owners of certain Nissan vehicles for damage to vehicles' transmissions caused by leaking radiator fluid

- SS&B served on plaintiffs' executive committee in *In re Initial Public Offerings Securities Litigation*, an eight year long litigation of 309 coordinated actions, which resulted in a recovery of $586 million

- SS&B was appointed as co-lead counsel and class counsel in *In re Peregrine Systems, Inc Securities Litigation*, there were recoveries totaling $1175 million, including, at the time, the largest ever outside director securities lawsuit case settlement (first notice of settlement, second notice of settlement)

- SS&B served as co-lead counsel in *Spahn v Edward D Jones & Co, LP*, which recovered $725 million in credits for current Edward Jones customers and $55 million in cash for former Edward Jones customers

- SS&B served as co-lead counsel in *In re Ikon Office Solutions, Inc Securities Litigation*, which resulted in a recovery of $100 million in cash, an estimated $15 to $18 million for class notice and settlement administration costs, and the implementation of significant remedial measures

- SS&B served as co-lead counsel in *In re AOL Time Warner ERISA Litig*, which resulted in a recover of $100 million on behalf of AOL Time Warner's 401(k) plan participants

- SS&B served as co-lead counsel in *In re Computer Associates Securities Litigation*, which recovered recovery of 57 million shares valued at $1335 million

- SS&B served as co-lead counsel in *In re BankAmerica Corp Securities Litigation*, which recovered $490 million, which at that time was the highest ever securities settlement in a case without an institutional lead plaintiff

- SS&B was appointed as co-lead counsel and class counsel in *In re Salomon Brothers Treasury Litigation*, in which there was a recovery of $100 million

## SEMINAL CASES

Throughout history, SS&B has been involved with a number of seminal cases:.

♦ In *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010), in a case brought on behalf of investors in Merck securities alleging that they were defrauded due to misrepresentations made by Merck, the United States Supreme Court issued a ruling making it easier for defrauded investors to file actions claiming violation of the Securities Exchange Act of 1934 by holding that the statute of limitations does not begin to run until the investor should have known that a materially false statement was knowingly or recklessly made.

♦ In *Rand v. Monsanto Company*, 926 F.2d 596 (7th Cir. 1991), the firm appeared on behalf of the plaintiff in a landmark decision establishing the principle that a class representative plaintiff need not be willing to bear all of the class' costs in an action to satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23.

♦ In *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005), the firm was largely responsible for a frequently-cited district court decision that denied defendants' motion to stay the ERISA litigation until a related securities class action was resolved.  SS&B's briefing in opposition to the stay motion highlighted the significant differences between ERISA and securities class actions, even when those actions involve the same factual issues.  The court ruled that "resolution of the securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact."

♦ In *Small v. Fritz Companies Inc.*, 30 Cal. 4th 167 (2003), the firm successfully argued before the California Supreme Court that a non-trading shareholder has the right to sue a corporation for damages where the shareholder relies on false financial statements issued by the corporation.  The decision represented a significant change in legal doctrine and was widely heralded as a potent new weapon for investors.

♦ In *Howard v. Everex*, 228 F.3d 1057 (9th Cir. 2000), SS&B successfully advocated that a corporate officer can be liable in a private anti-fraud action for signing a document filed with the SEC that he knows (or is reckless in not knowing) contains misrepresentations, even if the officer was not involved in preparing the document. The Ninth Circuit decision was a precursor to Section 302(a) of the Sarbanes-Oxley

Act of 2002 which now requires corporate officers that sign documents filed with the SEC to certify the accuracy of information therein.

♦ In *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that neither the personality nor the motive of a proposed class representative was determinative of whether he would provide vigorous advocacy on behalf of the class, thereby preventing defendants from compelling representatives to respond to questions regarding motives and actions in past cases.

♦ In *In re Cabletron Systems, Inc. Sec. Litig.*, 311 F.3d 11 (1st Cir. 2002), the firm was instrumental in obtaining a reversal of a district court order dismissing a complaint under the pleading requirements of the Private Securities Litigation Reform Act. This case established in the First Circuit that plaintiffs are not required to name confidential sources in a complaint.

♦ In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988), the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on the NASDAQ.

♦ The firm was instrumental in establishing new law on fraud-on-the-market theory in *Finkel v. Docutel/Olivetti Corp.*, 817 F.2d 356 (5th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988), and *Mottoros v. Abrams*, 524 F. Supp. 254 (N.D. Ill. 1981).

As a lead or co-lead counsel unless otherwise stated, SS&B has obtained more than two billion dollars on behalf of class members. A sampling of such cases includes:

## Settled Consumer Class Action Cases

♦ *Szymczak v. Nissan North America Inc.*, 10-cv-07493-VB (S.D.N.Y.)(recovery including cash and direct monetary benefits of over $14 million on behalf of multi-state nationwide class of car owners of certain Nissan vehicles for damage to vehicles' transmissions caused by leaking radiator fluid)

♦ *Lubitz, et al. v. DaimlerChrysler Corp.*, BER-L-4883-04 (NJ Super., Bergen Cty) (recovery valued at $14.5 million to owners of Jeep Grand Cherokees, model years 1999 through 2004 for defective brake assemblies on behalf of a nationwide settlement class).

♦ *In re: The Home Depot, Inc. Data Security Breach Litig.*, Case No.: 1:14-md-02583-TWT (N.D. Ga) (SS&B served as a member of the court appointed Consumer Plaintiffs' Steering Committee, recovery of $13 million to the settlement class and provision for 18 months of Identity Guard® Essentials monitoring services for settlement class members who had information compromised, plus attorneys' fees, costs, and expenses and Home Depot the costs of notifying the class and administering the settlement)

♦ *Spillman v. Hiko Energy, LLC*, Docket No. 651798/2015 (N.Y. Sup Ct. May 21, 2015) (recovery of $2.1 million as part of *Chen v. Hiko Energy LLC,* Case No. 7:14-cv-01771 (SDNY)

## Settled Securities and Antitrust Class Action Cases

♦ *In re Merck & Co., Inc., Sec., Derivative & "ERISA" Litig.,* MDL No. 1658 (SRC), Case No. 2:05-CV-01151-SRC-MF (D.N.J.); Case No. 2:05-CV-02367-SRC-MF (D.N.J.) (recovery of $1.062 billion).

♦ *In re Initial Public Offerings Sec. Litig., 21 MC 92 (S.D.N.Y.)* (recovery of $586 million, SS&B served on Plaintiffs' Executive Committe*e*)

♦ *In re BankAmerica Corp. Sec. Litig.*, MDL No. 1264 (E.D. Mo.) (recovery of $490 million)

♦ *In re Geodyne Resources, Inc. Sec. Litig.* (S.D.N.Y and Harris County Tex.) (recovery of $125 million cash settlement plus contingent benefits of additional $75 million)

♦ *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y.) (recovery of 5.7 million shares valued at $133.551 million))

♦ *Spahn v. Edward D. Jones & Co., L.P.*, 04-CV-00086 (E.D. Mo.) (recovery of $72.5 million in credits for current Edward Jones customers and $55 million in cash for former Edward Jones customers.  In addition, defendants paid an estimated $15 to $18 million for class notice and settlement administration costs)

♦ *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca.) (recovery of $117,567,922)

♦ *In re American Express Financial Advisors Sec. Litig.*, 04-CV-1773 (S.D.N.Y.) (recovery of $100 million in cash and implementation of significant remedial measures.  In addition, defendants paid all class notice and settlement administration costs, which is estimated to be $15 to 18 million)

♦ *In re Ikon Office Solutions, Inc. Sec. Litig.*, MDL No. 1318 (E.D. Pa.) (recovery of $111 million)

♦ *In re Salomon Brothers Treasury Litig.*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

♦ *In re Priceline.com, Inc. Sec. Litig.*, Master File No. 3:00CV01884 (AVC) (D. Conn.) (recovery of $80 million)

♦ *In re Westinghouse Sec. Litig.,* Civil Action No. 91-354 (W.D. Pa.) (recovery of $67.25 million)

- *Bachman v. AG Edwards, Inc.*, Cause No. 22052-01266-02 (Mo. Cir. Ct.) (recovery of $60 million)

- *In re Thomas & Betts Sec. Litig.*, Case No. 00-2127 (W.D. Tenn.) - related case: *Pifko v. KPMG LLP*, Civ. Action No. 01-CV-2553 (W.D. Tenn.) (recovery of $51.15 million)

- *In re Tenneco Inc. Sec. Litig.*, Civ. Action No. H-91-2010 (S.D. Tex.) (recovery of $50 million)

## Settled Derivative Cases

- *Esther Sadowsky Testamentary Trust v. Brendsel (Federal Home Loan Mortgage Corp.)*, 05-cv-2596 (S.D.N.Y.) (recovery of approximately $100 million for the company as well as significant corporate governance measures)

- *In re Bank of New York Corporate Derivative Litig,*, Index No. 604465/99 (Sup. Ct. NY) (recovery of $26.5 million for the company and the adoption of significant corporate governance measures)

- *In re FirstEnergy S'holder Derivative Litig.*, 03-CV-1826 (N.D. Oh.) (recovery of approximately $25 million for the company and the adoption of significant corporate governance measures)

- *In re Hewlett-Packard Company Derivative Litig.*, 1:06-cv-071186 (Cal. Super. Ct., Santa Clara County), 2426-VCN (Del. Ch.) (resulted in numerous widespread and substantial corporate governance changes directed toward HP's code of business ethics and guidelines were implemented as a result of a derivative action stemming from the board of directors' alleged leak of an investigation that ultimately led to the firing/resignation of various high level officers and directors of HP.)

- *In re Trump Hotels S'holder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y.) (recovery of assets for corporation valued at approximately $10 million)

- *In re Emerson S'holder Litig.,* 87-CV-4046 (JBW) (E.D.N.Y.) (recovery of $7.5 million for the company and the adoption of significant corporate governance measures)

- *Hirt v. United States Timberlands Serv. Co., LLC*, C.A. No. 19575 (Del. Ch.) (recovery for the company of $3.1 million in the form of an offer increase of about 9%, from $2.75 per partnership unit to $3.00 per partnership unit)

- *In re Titan Corp. Derivative Litig.*, GIC 832018 (Cal. Super. Ct., San Diego Cty) (recovery of increased merger consideration from $22.76 to $23.10 per share of Titan common stock, a reduction in the termination fee; and, additional disclosures relating to the merger)

SS&B is presently serving as plaintiffs' lead or co-lead counsel, or sole counsel, in a number of pending actions in various district courts, including:

## Pending Antitrust Cases

♦ *In Re: German Automotive Manufacturers Antitrust Litigation*, No. 3:17-md-02796 (N.D. Cal.) (alleging anticompetitive conduct in the market for German-made automobiles; centralized in N.D. California in October 2017; Melissa R. Emert court appointed member of Plaintiffs' Steering Committee on December 14, 2017)

## Sampling of Pending Consumer Cases

♦ *In re: Apple Inc. Device Performance Litigation*, 18-md-02827-EJD (N.D. Cal.) (Executive Committee member for proposed class of persons whose iPhone performance suffered as a result of Apple's actions)

♦ *County of Palm Beach v. Purdue Pharma Inc.*, 50-2018-CA-004109 (Fl. Cir. Ct., Palm Beach Cty) (alleging opioid manufacturers and distributors, through a sophisticated and highly deceptive and unfair marketing practices, defrauded Palm Beach County, among others, to generate improper revenue at the county's expense)

♦ *County of Osceola v. Purdue Pharma Inc.*, 6:18-cv-00164-PGB-TBS (M.D. Fl.) (alleging opioid manufacturers and distributors, through a sophisticated and highly deceptive and unfair marketing practices, defrauded Osceola County, among others, to generate improper revenue at the county's expense)

♦ *County of Alachua v. Purdue Pharma Inc.*, 1:18-cv-00086-MW-GRJ (N. D. Fl.) Alachua Cty) (alleging opioid manufacturers and distributors, through a sophisticated and highly deceptive and unfair marketing practices, defrauded Alachua County, among others, to generate improper revenue at the county's expense)

♦ *In re: Daily Fantasy Sports Litig.,* MDL No. 16-02677-GAO (D. Mass.) (co-lead counsel for proposed class of persons who have paid and/or deposited funds into FanDuel and DraftKings' websites to play in their daily and weekly fantasy sports contests)

♦ *In Re: Sonic Corp. Customer Data Security Breach Litigation,* No. 1:17-md-02807 (N.D. Ohio) (claims on behalf of persons affected by Sonic's data breach; Melissa R. Emert was appointed a member of Plaintiffs' Steering Committee by the Court on January 3, 2018)

♦ *In Re Anthem, Inc. Data Breach Litig.*, Case No. 15-MD-02617-LHK (N.D. Ca.) (SS&B developed unique claims on behalf of current and former federal employees in a massive data breach of health insurer Anthem, Inc. and its multiple state subsidiaries involving theft of Anthem insureds' PHI and PII, including social security numbers and medical records; a proposed settlement between the plaintiffs and Anthem would set up a $115 million settlement fund and require Anthem to enhance its cybersecurity)

♦ *Suvino v. Time Warner Cable*, Inc., Docket No. 1:16-cv-07046 (S.D.N.Y.) (alleging violations of the Americans with Disabilities Act by Time Warner)

## Attorneys

SS&B maintains offices in New York and Beverly Hills.  The following sections set forth select information for each of SS&B's attorneys.

## New York Office

**Jules Brody** was named by *Super Lawyers* magazine as a Super Lawyer in 2010, 2013, and 2014.  Mr. Brody is a graduate of Brooklyn College, magna cum laude, and received his LL.B. from the New York University School of Law in 1964.  Mr. Brody was named to the Dean's List and was an editor of the Law Review.  Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May 1964.  At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law and graduated in the top 10% of his class.  He was admitted to the New York State Bar in 1964.  Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967.  Mr. Brody is also admitted to practice before the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various U.S. District Courts throughout the United States.

**Mark Levine** is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981.  He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts. He has participated in the litigation of securities class actions throughout the United States. Notable cases for which Mr. Levine had substantial responsibility include: *In re American Express Financial Advisors Litig.* (S.D.N.Y. 2007) (settlement of $100 million for misrepresentations to mutual fund purchasers and misleading practices with respect to sale of American Express financial plans); *Lasker v. Kanas* (Sup. Ct. N. Y. Co. 2007) (settlement of $20 million plus interest on behalf of shareholders of North Fork Bancorporation in connection with its merger with CapitalOne); *Spahn v. Edward Jones Company* (E.D. Mo. 2007) (settlement valued at over $110 million in cash and credits for misrepresentations in connection with the sale of mutual funds); *In re Northeast Utilities Sec. Litig.* (D. Conn. 2001) (settlement of $25 million for misrepresentations to investors regarding safety of nuclear power plant); *In Re Steven Madden Ltd. Sec. Litig.* (E.D.N.Y. 2002) (settlement of $9.0 million for misrepresentation to investors by shoe retailer); *Greenfield v. CompuServe Corp.* (Court of Common Pleas, Franklin County, Ohio 2000) (settlement of $9.5 million for misrepresentations in registration statement of internet company); *In re Thomas & Betts Sec. Litig.* (W.D. Tenn. 2002) (settlement of over $50 million for investors for alleged misrepresentations by technology company and its auditors); *Lasky v. Brown* (M.D. La. 2002) (settlement of $20 million for investors for

misrepresentations by finance company); *In re Trump Hotels S'holder Litig.* (S.D.N.Y. 2001) (derivative settlement resulting in contribution to the company by its largest shareholder of an asset valued up to $10 million as well as the institution of corporate therapeutics); *In Re Cabletron Systems Sec. Litig.* (D.N.H. 2006) (settlement of $10.5 million for alleged misrepresentations to investors by high tech company).

**Howard T. Longman** was named by Super Lawyers magazine as a Super Lawyer 2014-2015. Mr Longman is co-chair of Stull, Stull and Brody's Consumer Class Action Litigation Group. Mr. Longman who grew up in Virginia, received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982.  Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Court for the Southern and Eastern Districts of New York and other courts around the country on a *pro hac vice* basis.  Some of the notable cases which Mr. Longman developed from inception and acted in a lead role through conclusion include: *In Re Peregrine Sec. Litig.*, Southern District of California (recovery of $117,567,922); *In Re Rambus Sec. Class Action Litig.*, Northern District of California ($18 million settlement); *In Re Biopure Sec. Litig.*, District of Massachusetts ($10 million settlement); *In re Geodyne Sec. Litig.*, Harris County Texas and Southern District of New York ($125 million cash settlement plus contingent benefits of additional $75 million); *In Re Dreyfus Aggressive Growth Mutual Fund Litig.*, Southern District of New York ($18.5 million settlement resulting in a recovery to class members of over 80% of class members' losses) and *Szymczak v. Nissan North America Inc.,* 10-cv-07493-VB (S.D.N.Y.) *(*co-lead counsel in case which resulted in cash recovery and direct monetary benefits valued at over $14 million obtained on behalf of a multi-state nationwide class of owners of certain Nissan vehicles with damage to transmissions as the result of radiator fluid leakage).

**Patrick Slyne** received his J.D. from the University of Wyoming in 1988.  He is a member of the Colorado, Connecticut and Wyoming state bars, and is admitted to practice before the United States District Courts for Wyoming, Connecticut, Eastern District of New York, and Southern District of New York, and the United States Court of Appeals for the First Circuit and Ninth Circuit.   Notable cases for which Mr. Slyne had substantial responsibility include: *In re Hewlett-Packard Co. Deriv. Litig.* (Del. 2008) (conferred substantial benefit on HP through corporate governance changes to improve the functioning, interaction and working relationships among senior HP officers and outside members of the HP board of directors); *Esther Sadowsky Testamentary Trust v. Brendsel (Federal Home Loan Mortgage Corporation)* (S.D.N.Y. 2006) (assisted Freddie Mac in securing $100 million cash from D&O carriers and $9 million cash from certain counter parties for alleged breaches of fiduciary duties in accounting for and reporting of complex multi-billion dollar derivatives transactions); *In re Computer Associates Sec. Litig.* (E.D.N.Y. 2003) (recovered 5.7 million CA shares worth $133.551 million for alleged improper revenue recognition on multi-year enterprise software license contracts); *In re IKON Office Solutions, Inc. Sec. Litig.* (E.D. Pa. 2000) (recovered $111 million cash for alleged misrepresentation of earnings and prospects in office equipment leasing and services business); *In re Westinghouse Sec. Litig.* (W.D. Pa. 1999) (recovered $67.25 million cash for alleged overstatement of financial position due to unrecognized losses in real estate portfolios); *In re Salomon Brothers Treasury Litig.* (S.D.N.Y. 1994) (recovered $100 million cash for alleged manipulation of public market prices of U.S. Treasury securities); *In re*

*Tenneco Inc., Sec. Litig. (*S.D. Tex. 1992) (recovered $50 million cash for alleged overstatement of financial results for failure to mark-to-market dealer inventories of heavy machinery and equipment).

**Aaron L. Brody** received his undergraduate degree, *summa cum laude*, in 1990, and his J.D. from New York University School of Law in 1995.  At NYU, Aaron Brody concentrated on securities law and was a staff editor on the Review of Law and Social Change.  Aaron Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York. Cases in which Aaron Brody had substantial responsibility include: *In re Initial Public Offerings Sec. Litig.* (recovery of $586 million); *In re BankAmerica Corp. Sec. Litig.*, MDL No. 1264 (recovery of $490 million); *Spahn v. Edward D. Jones & Co. L.P.*, 04-CV-00086 (recovery of $127.5 million); and *In re American Express Financial Advisors Sec. Litig.*, Civil Action No. 04-CV-1773 (S.D.N.Y.) (recovery of $118 million).

**Michael J. Klein** received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004.  While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review.  Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the Supreme Court of the United States,  the United States Courts of Appeals for the Second, Fifth, Sixth, Ninth and Eleventh Circuits and the United States District Courts for the Southern and Eastern Districts of New York, the Northern District of Illinois, the Eastern District of Wisconsin, the Eastern District of Michigan, the District of Connecticut, and the District of Colorado.  Settled cases in which Mr. Klein had substantial responsibility include: *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (settlement of $70.525 million in cash; Mr. Klein participated in over eighty days of deposition); *National City Corporation Sec., Derivative & ERISA Litig.*, 1:08-cv-07000-PAG (N.D. Ohio) (settlement of $43 million in cash); *Zilhaver v. UnitedHealth Group, Inc.*, Case No. 06-cv-2237 (JMR) (D. Minn.) (a settlement of $17 million cash approved in August of 2009); *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio) (recovery of $4.5 million in cash); *Jones v. NovaStar Financial, Inc.*, 4:08-cv-00490-NKL (W.D. Mo.) (recovery of $925,000 in cash for the company's 401(k) plan) and *In Re Affiliated Computer Services ERISA Litig.*, Master File No. 06-CV-1592 (CBA) (N.D. Tex. 2008) (recovery of $1.5 million in cash, plus plan enhancements).

## Beverly Hills Office

**Patrice L. Bishop** received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994.  Ms. Bishop is a member of the California State Bar and is admitted to practice before the Supreme Court of the United States, United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the District of Colorado, the Northern and Central Districts of Illinois, and the United States Court of Appeals for the Second, Eighth and Ninth Circuits. Ms. Bishop has been with the firm for over 17 years. During that time, among other cases, Ms. Bishop worked closely with Mr. Longman on *In Re Peregrine Sec. Litig.,* Southern District of California (recovery of $117,567,922).  She was also the lead attorney in *In re Metris*

*Companies, Inc. Sec. Litig., District of Minnesota* (recovery of $7.5 million), taking nearly every percipient and expert witness deposition for plaintiffs and making nearly every argument in court.  Her work *in Kimeldorf, et al. v. First Union Real Estate Equity and Mortg. Inv., et al.* resulted in a temporary restraining order and preliminary injunction restraining a proposed merger, and significantly enhanced terms for preferred shareholders.  She has also participated, including examining and cross-examining witnesses, in two separate trials, each over six weeks long, in cases brought under the federal securities laws.