THE LAW OFFICES OF ANDREW J. BROWN
ANDREW J. BROWN, #160562
501 W. Broadway, Ste. 1490
San Diego, CA 92101
Telephone: (619) 501-6550
andrewb@thebrownlawfirm.com

THE BRANDI LAW FIRM
THOMAS J. BRANDI, #53208
TERENCE D. EDWARDS, #168095
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1801

Attorneys for Plaintiff Domenic Lombardo
AND Proposed Interim Lead and Liaison Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**LOMBARDO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 28, 2019<br>Time: 9:00 A.M.<br>District Judge Edward J. Davila<br><br>First Comp. filed: August 17, 2018<br>Trial Date:   None Set<br><br>**JURY TRIAL DEMANDED** |

LOMBARDO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD COUNSEL

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................2

    I.     INTRODUCTION ......................................................................................................2

    II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND .........................3

    III.   ARGUMENT ..............................................................................................................4

          A.    Proposed Interim Co-Lead Counsel Have Done as Much or More than Every Competing Movant to Investigate and Identify the Claims in the Action ...................................................................................................6

          B.    Proposed Interim Co-Lead Counsel Are Experienced and Knowledgeable Class Counsel .................................................................................................6

          C.    Proposed Interim Co-Lead Counsel Have Extensive Knowledge of the Applicable Law in This Case .....................................................................8

          D.    Proposed Interim Co-Lead Counsel Have Dedicated – and Will Continue to Dedicate – the Resources Necessary to Efficiently and Effectively Prosecute This Litigation ..............................................................................9

    IV.   CONCLUSION .........................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

Aberin v. Am. Honda Motor Co.
   2017 U.S. Dist. LEXIS 136378 (N. D. Cal. Aug. 24, 2017)..........................................4, 5

In re Air Cargo Shipping Servs. Antitrust Litig.
   240 F.R.D. 56 (E.D.N.Y. 2006) .................................................................................................5

In re Apple & AT&TM Antitrust Litig.
   2008 U.S. Dist. LEXIS 120061 (N.D. Cal. Apr. 15, 2008) .............................................6

In re Apple iPhone/iPod Warranty Litig.
   2014 U.S. Dist. LEXIS 64573 (N.D. Cal. May 8, 2014) ...............................................10

Krottner v. Starbucks Corp.
   628 F.3d 1139 (9th Cir. 2010) ...................................................................................3

Paraggua v. Linkedin Corp.
   2012 U.S. Dist. LEXIS 123226 (N.D. Cal. Aug. 29, 2012)............................................5

Parkinson v. Hyundai Motor Am.
   2006 U.S. Dist. LEXIS 59055 (C.D. Cal. Aug. 7, 2006)................................................5

Pecover v. Elec. Arts Inc.
   2010 U.S. Dist. LEXIS 140632 (N.D. Cal. Dec. 21, 2010) ...........................................9

Walker v. Discover Fin. Servs.
   2011 U.S. Dist. LEXIS 58803 (N.D. Ill. May 26, 2011) .................................................5

Waudby v. Verizon Wireless Servs., LLC
   248 F.R.D. 173 (D.N.J. 2008)........................................................................................5

**STATUTES**

California Penal Code
   § 637 *et. seq.* ......................................................................................................................9
   § 637.7................................................................................................................................9

Federal Rules of Civil Procedure
   23..........................................................................................................................................9
   23(g) ............................................................................................................................1, 10
   23(g)(1)(A).........................................................................................................................5
   23(g)(1)(B).........................................................................................................................5
   23(g)(3) ..........................................................................................................................4, 5

1   **OTHER AUTHORITIES**

Manual for Complex Litigation (4th ed. 2004)
    § 21.11......................................................................................................................5

Third Circuit Task Force Report; Chief Judge Edward R. Becker (2001)
    74 Temp. L. Rev. 689 ................................................................................................6

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on March 28, 2019 at 9:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled court, located at 280 South 1st Street, San Jose, California 95113, Plaintiff Domenic Lombardo will and hereby does move for an order appointing Andrew J. Brown and Thomas J. Brandi as interim Co-Lead Counsel for the proposed class in the above captioned action.

Plaintiff Lombardo's motion asks the Court to appoint his counsel as interim class counsel in this consolidated action. This Motion is based on this Notice, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Andrew J. Brown, Declaration of Thomas J. Brandi, [Proposed] Order, all documents on file in the consolidated actions, as well as any other papers and argument submitted to the Court before or at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Domenic Lombardo ("Plaintiff"), individually and on behalf of the Class of similarly situated persons, respectfully submits this memorandum of law in support of his Motion for Appointment of Interim Co-Lead Counsel. The appointment of the Law Offices of Andrew J. Brown and The Brandi Law Firm as interim Co-Lead Counsel is in the best interest of the class. *See* Fed. R. Civ. P. 23(g). Accordingly, Plaintiff, by and through his attorneys, respectfully requests that the Court enter the accompanying [proposed] order appointing these attorneys as co-interim lead counsel.

## I.   INTRODUCTION

This is a putative nationwide class action brought by plaintiffs on behalf of themselves and putative class(es) of current and former owners and users of the Google "Android" operating system and various Google smartphone applications ("apps"). Plaintiffs allege that Defendant Google, LLC ("Google") surreptitiously tracked, recorded, and monetized the geolocations of consumers, and deceived consumers about how they could control and/or disable Google's geolocation tracking.

The first action was filed on August 17, 2017 in this Court ("*Patacsil*"). A second action was filed on August 28, 2017, and related to *Patacsil* ("*Lombardo*"). Then in October and November, at least four additional actions were filed, and they all are now consolidated in this single action. Dkt.[1] 51. Counsel in all actions met and conferred, and agreed to consolidation before this Court to provide greater efficiency and maximize the likelihood of a positive result for the putative class.

Plaintiffs' counsel also met and conferred concerning appointment of interim lead counsel. No agreement was reached among the various plaintiffs. As a result, and as demonstrated below, Lombardo requests that the Law Offices of Andrew J. Brown and The Brandi Law Firm be appointed interim Co-Lead Counsel to protect the interests of the putative classes and to promote an

---

[1] All "Dkt." references to the consolidated case docket, *In re: Google Location History Litigation*, Case No. 5:18-cv-05062-EJD unless otherwise noted.

2
LOMBARDO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD COUNSEL

efficient adjudication of this and any related case(s) later filed in, transferred to, or removed to this Court.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On August 13 and 17, 2018, the Associated Press published a pair of articles laying bare Google's practice of tracking its users, even when they attempted to disable location tracking by turning off "Location History," as instructed by Google. On August 17, 2018, Plaintiff Patacsil hurriedly filed the first complaint in this action, relying on and quoting extensively from those AP reports. *See* Dkt. 1. *Patacsil's* complaint asserted claims based on a theory of a violation of the individual consumer's right to privacy, and purportedly brought claims on behalf of iPhone and Android smartphone owners. However, Mr. Patacsil was not a current owner of an Android phone, and therefore did not have standing to bring claims (or seek injunctive relief) on behalf of Android owners. Dkt. 1 ¶7. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010).

Eleven days later, on August 28, 2018, Plaintiff Lombardo filed his complaint. Mr. Lombardo's complaint relied on those same AP articles, but included additional allegations that established Google's knowing misrepresentations to consumers, including the violation of an FTC Consent Order. *Lombardo v. Google, LLC*, Case No. 3:18-cv-05288-EJD, Dkt. 1 ¶¶6, 27-29. Mr. Lombardo's complaint also established a factual basis for applying California law to a nationwide class. *Id*. ¶40. Most importantly, Mr. Lombardo was and is the owner of an Android phone, and therefore filled the "standing" void left by *Patacsil*, on behalf of all class members who own an Android phone.[2] *Id*. ¶¶8-9.

Like *Patacsil*, *Lombardo* asserted claims for violation of the right privacy, but **unlike** *Patacsil*, he also asserted causes of action based on a theory of fraud and deceit – Google's knowing misrepresentations concerning how users can control and disable location tracking on their smartphones. *Id*. ¶¶66-78. Lombardo quickly related his case to the *Patacsil* case. Dkt. 22.

---

[2] The class of Android phone owners will likely be much larger than iPhone owners. Because the iPhone does not use the Android Operating System, iPhone owners likely will have a claim only insofar as they used Google apps on their smartphone. *See* Dkt. 1 ¶6. Moreover, according to research by Consumer Intelligence Research Partners, Android phones account for approximately twice as many smartphone activations as Apple's iOS operating system in the United States. *See, e.g*., https://www.cirpllc.com/blog/2018/1/14/android-ios-divide-us-market.

3
LOMBARDO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD COUNSEL

Counsel for *Patacsil* and *Lombardo* negotiated a briefing schedule with Google for its response to the two complaints. While Google was drafting its motions to dismiss the two related cases, other plaintiffs began filing similar complaints. But while those newly filed cases sat idle and/or were being related to the *Patacsil* case, counsel for *Patacsil* and *Lombardo* negotiated a schedule for *Patacsil* and *Lombardo* to file an amended complaint in response to Google's motions to dismiss. *Patacsil* and *Lombardo* filed their First Amended Complaints on November 19, 2018.

Both complaints were more thoroughly investigated and researched, offering substantially enhanced and detailed allegations in support of their claims. Notably, *Patacsil* also added three new plaintiffs to his complaint – plaintiffs who now had standing to bring claims on behalf of iPhone and Android owners. However, *Patacsil* still does ***not*** allege any claims based on a theory of fraud and deceit ("fraud"), and has chosen to proceed on a violation of privacy theory only. Dkt. 47. *Lombardo's* First Amended Complaint continues to pursue both theories of liability – violation of privacy and fraud. In fact, to date there are six different cases on file and ***the Patacsil complaint is the only complaint*** that does not assert liability based upon a fraud theory.

One other plaintiff filed an amended complaint. *See Ali v. Google, LLC*, Case No. 5:18-cv-06262-EJD, Dkt. 29. However, the *Ali* First Amended Complaint offers no facts, allegations, or legal theories that were not already present in the ***originally filed*** *Patacsil* and *Lombardo* complaints. *Id*. Moreover, like *Patacsil*, plaintiff Ali solely was an iPhone owner, yet in her amended complaint, she did not add any plaintiffs who owned an Android smartphone. No other plaintiff has amended their complaint or otherwise performed any substantive work on behalf of the class.

### III.   ARGUMENT

"A district court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Aberin v. Am. Honda Motor Co.*, 2017 U.S. Dist. LEXIS 136378, at *4-*5 (N. D. Cal. Aug. 24, 2017) (citing Fed. R. Civ. P. 23(g)(3)). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any

1  necessary discovery, moving for class certification, and negotiating settlement." *Id*. (Citing
2  Manual for Complex Litig., §21.11 (4th ed. 2004)).

3        Federal Rule of Civil Procedure 23(g)(1)(A) requires that courts "must" consider the
4  following factors in appointing class counsel: "(i) the work counsel has done in identifying or
5  investigating potential claims in the action; (ii) counsel's experience in handling class actions, other
6  complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the
7  applicable law; and (iv) the resources that counsel will commit to representing the class."
8  *Paraggua v. Linkedin Corp*., 2012 U.S. Dist. LEXIS 123226, at *6 (N.D. Cal. Aug. 29, 2012)
9  (citing Fed. R. Civ. P. 23(g)(3)).  In addition, Federal Rule of Civil Procedure 23(g)(1)(B) permits
10 the court to "consider any other matter pertinent to counsel's ability to fairly and adequately
11 represent the interests of the class."

12       Courts look to these same factors in designating interim class counsel.  *See Aberin v. Am.*
13 *Honda Motor Co*., 2017 U.S. Dist. LEXIS 136378, at *5-*6 (citing *Parkinson v. Hyundai Motor*
14 *Am*., 2006 U.S. Dist. LEXIS 59055, at *6 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to
15 consider when appointing class counsel, without distinguishing interim counsel.  Presumably, the
16 same factors apply . . . ."));  *In re Air Cargo Shipping Servs. Antitrust Litig*., 240 F.R.D. 56, 57
17 (E.D.N.Y. 2006) ("[I]t appears to be generally accepted that the considerations set out in Rule
18 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to
19 the designation of interim class counsel before certification.").

20       Moreover, if the magnitude or complexity of the case merits appointing more than one firm,
21 courts have "frequently appointed more than one firm to act as interim-lead and/or lead counsel."
22 *Walker v. Discover Fin. Servs*., 2011 U.S. Dist. LEXIS 58803, at *9-*10 (N.D. Ill. May 26, 2011)
23 (citing *Waudby v. Verizon Wireless Servs., LLC*, 248 F.R.D. 173, 177 (D.N.J. 2008) (appointing
24 four firms as interim class counsel.)  While this case is large and complex, the Brown and Brandi
25 law firms together are more than sufficient given the size and complexity of the case.
26 ///
27 ///
28 ///

### A. Proposed Interim Co-Lead Counsel Have Done as Much or More than Every Competing Movant to Investigate and Identify the Claims in the Action

Although this case is in its early stages, the *Lombardo* counsel has already done more than the competing movants, with the one exception of the *Patacsil* counsel. Consistent with their early recognition of these important claims, and as demonstrated by the First Amended Complaint, *Lombardo's* counsel has committed substantial time and resources to investigating, identifying, and alleging the strongest claims in this action. Only *Patacsil's* counsel can claim to have made a similar effort on behalf of the class. *See In re Apple & AT&TM Antitrust Litig.*, 2008 U.S. Dist. LEXIS 120061, at *9-*10 (N.D. Cal. Apr. 15, 2008) (appointing interim class counsel in part because counsel invested significant time and effort into the case by investigating factual issues and identifying and researching potential claims). According to the Third Circuit Task Force Report on the Selection of Class Counsel, the filing of a well-prepared complaint after significant investigation is work relevant to the appointment of class counsel. Chief Judge Edward R. Becker, 74 Temp. L. Rev. 689, 772 (2001).

If there is any distinction to be made between *Lombardo's* counsel's efforts to date, and *Patacsil's* counsel's, it is this: *Patacsil's* counsel has decided ***not*** to pursue a fraud theory on behalf of the class. But they are alone in this regard, as every other plaintiff to file a complaint in this consolidated action has alleged a fraud-based theory. This is no small difference. California law is likely to apply to these claims, and under California law, intentional fraud and deceit can be an important avenue to pursue punitive damages on behalf of the class. *Patacsil's* counsel has chosen to forego this important claim, and there is no prayer for punitive damages in that case.

### B. Proposed Interim Co-Lead Counsel Are Experienced and Knowledgeable Class Counsel

Attorneys Andrew Brown and Tom Brandi, and their respective firms, meet all the criteria necessary for appointment as interim co-lead counsel, and they will continue to vigilantly fight to protect the interests of Plaintiffs and the proposed classes.

Mr. Brown is well qualified to lead and manage this consolidated class action. *See* Declaration of Andrew Brown ("Brown Dec.") Exh. A. Mr. Brown has extensive experience and

1 unparalleled success in complex class actions generally, and has significant experience in the
2 investigation and prosecution of this type of consumer case in particular.  Mr. Brown is highly
3 regarded in his practice areas and he and his litigation teams have been responsible for significant
4 recoveries over many years and throughout the country.  In particular, Mr. Brown has significant
5 experience in serving as lead and co-lead counsel in complex matters such as this, including class
6 action litigations nationwide.

7       As a partner at the largest plaintiffs' class action firm in the country for more than 15 years,
8 Mr. Brown has recovered huge sums on behalf of his clients and nationwide classes.  *See e.g.*
9 Brown Dec. ¶¶4-5.  For example, Mr. Brown's team recovered $90 million on behalf of his clients
10 and a nationwide class in the Regions Financial litigation.  Brown Dec. ¶5.  And in the
11 UnitedHealth class action, Mr. Brown's team recovered $945 million for class members.

12       Additionally, in several of his cases Mr. Brown obtained significant legal precedents
13 beneficial for plaintiffs in future class action cases.  For example, in *Regions Financial*, the
14 Eleventh Circuit issued the first appellate court opinion interpreting the U.S. Supreme Court's
15 ruling in *Halliburton Co. v. Erica P. John Fund, Inc.* ("*Halliburton II*"), 573 U.S. 258, 134 S. Ct.
16 2398, 189 L. Ed. 2d 339 (2014).  In a very favorable opinion for plaintiffs, that case established the
17 defendant's burden to attempt to refute class certification.  Brown Dec. ¶5; *see Local 703 v. Regions*
18 *Fin. Corp.*, 762 F.3d 1248 (11th Cir. 2014)[3].  More recently, in a case against all the major U.S.
19 stock exchanges, Mr. Brown's team obtained an important ruling that established a private right of
20 action against stock exchanges for their role in a fraudulent scheme with High Frequency Trading
21 firms.  Brown Dec. ¶6; *see City of Providence v. Bats Global Mkts., Inc.*, 878 F.3d 36 (2nd Cir.
22 2017), *cert. denied* 2018 U.S. LEXIS 5976 (U.S. Oct. 9, 2018).

23       Now running his own firm, Mr. Brown currently serves as counsel or co-counsel in two
24 consumer class actions that are based on California common law and consumer protection statutes
25 similar to this case.  *See e.g. Kamal v. Eden Creamery, LLC*, Case No. 3:18-cv-01298 BAS AGS

---

[3] *See also In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774 (3rd Cir. 2009) (Mr. Brown's case establishing plaintiff-friendly standard at class certification in a case alleging violations of the Securities Act of 1933). Brown Dec. Exh. A.

(S.D. Cal.) (sole lead counsel for putative nationwide class alleging various state law violations including fraud/deceit, UCL and CLRA claims); *Rosalia v. Apple, Inc.*, "Apple OS Cases" – JCCP No. 4976, Case No. CJC-18-004976 (San Francisco Superior) (co-counsel with The Brandi Law Firm for statewide class alleging numerous California state law causes of action, including fraud/deceit).

Similarly, Tom Brandi and The Brandi Law Firm are well qualified to serve as co-lead counsel here. *See* the Firm Resume attached as Exhibit A to the Declaration of Thomas J. Brandi ("Brandi Dec."). Mr. Brandi has served in a lead counsel or co-lead counsel capacity in numerous class action and mass tort actions throughout California and the country. For example, in *In Re Dalkon Shield* Mr. Brandi argued on behalf of plaintiffs in the Northern District of California and before the 9th Circuit (*In re Northern District of California, Dalkon Shield IUD Products Liability Litigation* (1982) 693 F.2d 847. Brandi Dec. ¶4(a). Additionally he served on the Plaintiffs' Management Committee in the *In re Air Crash Off Point Mugu v. Alaska Airlines,* (JPML No. 1343); the Plaintiffs' Steering Committee in *JCCP 4578 – Avandia Drug Cases* and the Plaintiffs' executive Committee in *JCCP 4608 –Yaz, Yasmin and Ocella Contraceptive Cases*, among others *See generally* Brandi Dec. ¶4.

Mr. Brandi is also one of the few lawyers to try both mass tort and class actions to successful verdict. In the *In re Vioxx Coordinated Cases*, JCCP No. 4247 (L.A. Superior Ct), Mr. Brandi served on the Plaintiffs' Management Committee and as trial counsel. Brandi Dec. ¶4(e). And in *Miller v. Bank of America*, Mr. Brandi was lead trial counsel on behalf of a California state class of over 1.1 million customers challenging the bank's practice of seizing exempt funds from Social Security direct deposit accounts, which resulted in a verdict over $1 billion. San Francisco Superior Court No. CIV301917 before Honorable Anne Bouliane. Brandi Dec. ¶4(l).

### C. Proposed Interim Co-Lead Counsel Have Extensive Knowledge of the Applicable Law in This Case

While the underlying factual basis for the claims is somewhat novel (surreptitious location tracking via smartphone), the applicable law is not arcane and is well known by Mssrs. Brown and Brandi. Based on the complaints on file to date, it appears there is a general consensus among

8
LOMBARDO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD COUNSEL

1  plaintiffs that California common law claims for invasion of privacy and misrepresentation will be

2  pursued, along with a statutory violation of California Penal Code §637 *et. seq*.

3        As the proposed Interim Co-Lead Counsel has been California lawyers their entire

4  professional careers (decades), they are well versed in the applicable substantive law in this case.

5  And having practiced at a nationwide firm pursuing class action lawsuits in Federal Courts around

6  the country, Mr. Brown is extremely well versed in the procedural aspects of this case.[4]  Likewise,

7  Mr. Brandi has handled numerous class and mass tort actions in Federal Court.  *See generally*

8  Brandi Dec. ¶4.

9        In fact, Fed. R. Civ. Proc. 23 will be one of the more important procedural hurdles for

10 plaintiffs in this case.  Mr. Brown has been litigating class actions in Federal Court for more than 18

11 years, and his cases have established important precedents in the application of Fed. R. Civ. Proc.

12 23 in particular.  *See, e.g*., Brown Dec. Exh. A.  *Local 703 v. Regions Fin. Corp*., 762 F.3d 1248

13 (11th Cir. 2014); *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774 (3rd Cir. 2009).  Mr. Brown thus

14 has extensive knowledge in both the substantive and procedural law that will apply in this case.

15       And out of all of the competing movants, Mr. Brandi stands alone as a pre-eminent trial

16 lawyer with extensive experience preparing for and taking cases to verdict.  He is one of 500

17 lawyers elected to membership in the International Academy of Trial Lawyers and has personally

18 tried a consumer class action to successful verdict.  Brandi Dec. Exh. A.

**D.  Proposed Interim Co-Lead Counsel Have Dedicated – and Will Continue to Dedicate – the Resources Necessary to Efficiently and Effectively Prosecute This Litigation**

21       Proposed interim co-lead counsel have already committed significant time and effort to the

22 legal research, factual investigation, and prosecution of the case, and will continue to do so, keeping

23 in mind appropriate staffing levels for each project.  Brown Dec. ¶¶10-11.  And proposed interim

24 co-lead counsel is ready, willing, and able to commit the resources necessary to litigate this case

25 vigorously.  *See Pecover v. Elec. Arts Inc*., 2010 U.S. Dist. LEXIS 140632, at *69 (N.D. Cal. Dec.

---

[4]  In fact, for the criminal statute at issue in this case – Cal. Penal Code §637.7 – Mr. Brown may be singularly qualified.  He served as a Trial Deputy in the San Diego Public Defender's Office after graduation from law school.  Brown Dec., Exh. A.

9

21, 2010) (appointing class counsel after considering "counsel's work in identifying potential claims, counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action, counsel's knowledge of the applicable law as evidenced by their memoranda and declarations submitted in this action and the resources that counsel will commit to representing the class"); *In re Apple iPhone/iPod Warranty Litig.*, 2014 U.S. Dist. LEXIS 64573, at *22-*23 (N.D. Cal. May 8, 2014) (confirming appointment of class counsel in part because class counsel prosecuted, and would continue to prosecute, the case vigorously, effectively, and in the best interests of the class members).

In fact, to date no firm has done more to advance the interests of the Class. Because most of the consolidated cases were filed weeks and months after *Patacsil* and *Lombardo*, those two cases are further along procedurally, and their amended complaints are the only complaints that allege anything substantive beyond that which was already alleged in the two early-filed complaints.[5]

## IV. CONCLUSION

The team of Mssrs. Brown and Brandi as proposed interim co-lead counsel meets the criteria set forth in Rule 23(g), and will litigate this matter zealously, efficiently, and competently in the best interests of each member of the proposed class.

DATED: December 13, 2018

Respectfully submitted,

THE LAW OFFICES OF ANDREW J. BROWN
ANDREW J. BROWN

s/ Andrew J. Brown
ANDREW J. BROWN
501 W. Broadway, Ste. 1490
San Diego, Ca 92101
Telephone: (619) 501-6550
andrewb@thebrownlawfirm.com

---

[5] Plaintiff Ali also filed a First Amended Complaint, but merely added a cause of action for fraud and added virtually no new factual allegations. It is unclear why *Ali* amended her complaint at all, as it added nothing that was not already alleged in the original *Patacsil* and *Lombardo* complaints.

**CERTIFICATE OF SERVICE**

I, Andrew J. Brown, hereby certify that on December 13, 2018, I caused to be electronically filed a true and correct copy of the following documents with the Clerk of the Court using CM/ECF:

1. NOTICE OF MOTION AND MOTION TO APPOINT INTERIM LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;

2. DECLARATION OF ANDREW J. BROWN;

3. DECLARATION OF THOMAS J. BRANDI; and

4. [PROPOSED] ORDER

which will send notification that such filing is available for viewing and downloading to all known counsel of record, who are registered CM/ECF users with this Court.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of December 2018, at San Diego, California.

_____/s/ Andrew J. Brown_____
ANDREW J. BROWN

11
LOMBARDO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD COUNSEL