THE LAW OFFICES OF ANDREW J. BROWN
ANDREW J. BROWN, #160562
501 W. Broadway, Ste. 1490
San Diego, CA  92101
Telephone:  (619) 501-6550
andrewb@thebrownlawfirm.com

THE BRANDI LAW FIRM
THOMAS J. BRANDI, #53208
TERENCE D. EDWARDS, #168095
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1801

*Attorneys for Plaintiff Domenic Lombardo and Proposed Interim Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-CV-05062-EJD <br><br> **CLASS ACTION** <br><br> **DECLARATION OF ANDREW J. BROWN IN SUPPORT OF LOMBARDO PLAINTIFF'S MOTION TO APPOINT INTERIM CO-LEAD COUNSEL** <br><br> Date: March 28, 2019 <br> Time: 9:00 A.M. <br> District Judge Edward J. Davila <br><br> First Comp. filed:  August 17, 2018 <br> Trial Date:    None Set <br><br> **JURY TRIAL DEMANDED** |

1
DECLARATION OF ANDREW J. BROWN IN SUPPORT OF LOMBARDO PLAINTIFF'S MOTION TO APPOINT INTERIM CO-LEAD COUNSEL

I, ANDREW J. BROWN, hereby declare under penalty of perjury under the laws of the State of California:

1. I am an attorney at law licensed to practice in the courts of the State of California and am the principal of THE LAW OFFICES OF ANDREW J. BROWN, counsel of record for Plaintiff in the *Lombardo* action, Case No. 5:18-cv-05288 and this consolidated action. I make this declaration of my own personal knowledge and, if called as a witness, I could testify competently thereto.

2. I submit this Declaration in support of Lombardo Plaintiff's Motion for Appointment of Interim Co-Lead Counsel ("Motion").

**A. Andrew J. Brown is Experienced in Complex Class Action Litigation Such as This Consolidated Class Action**

3. The Law Offices of Andrew J. Brown is a firm dedicated to representing investors and consumers in cases against corporations and their executives in class action litigation. I personally have extensive experience in this area, having spent 17 years at the largest plaintiffs' firm in the country, representing institutions and individuals in actions all over the country. As a senior partner at my former firm – Robbins, Geller, Rudman & Dowd – my litigation teams recovered billions of dollars and achieved groundbreaking corporate governance reforms on behalf of his clients and class members. At the beginning of 2018, I started my own firm. Attached as Exhibit A is a copy of my firm resume.[1]

4. For more than 18 years, my practice has been dedicated exclusively to successfully litigating complex class actions on behalf of investors and consumers. These cases include nationwide class actions and, on occasion, cases designated as MDLs.

5. For example, from 2010 to 2015, I represented several pension funds in a nationwide class action lawsuit against Regions Financial Corp. for securities fraud stemming from the financial crisis of 2008. See *Local 703 I B of T. Grocery & Food Empls. Welfare Fund v. Regions Fin. Corp*. 2011 U.S. Dist. LEXIS 60761 (ND Ala). Class certification was an especially thorny

---

[1] See also, www.thebrownlawfirm.com.

1  issue in that case, and after the Court granted plaintiffs' motion for class certification the defendants
2  appealed the ruling to the Eleventh Circuit Court of Appeal. I prevailed there as well and
3  established important precedent for plaintiffs in a class action. See *Local 703 v. Regions Fin. Corp*,
4  762 F.3d 1248 (11th Cir. 2014). As the parties began preparing for trial, Regions settled the lawsuit
5  for $90 million, and settled a parallel action with the SEC and banking regulators for an additional
6  $50 million.

7  6.  In another matter, before I left the Robbins Geller firm, I served as co-lead counsel
8  on behalf of large institutional investors against all the major U. S. stock exchanges, including the
9  NASDAQ and the NYSE, for a fraudulent scheme in which High Frequency Trading firms using
10 computer algorithms paid the exchanges to get an unfair advantage in rapid-fire stock trading,
11 taking advantage of individual and institutional investors. See, *In re Barclays Liquidity Cross &*
12 *High Frequency Trading Litig*. 126 F. Supp. 3d 342 (SDNY 2015). The case was originally
13 dismissed, but on appeal the Second Circuit reinstated plaintiffs' claims. *City of Providence v. Bats*
14 *Global Mkts., Inc*., 878 F.3d 36 (2nd Cir. 2017), cert. denied 2018 U.S. LEXIS 5976 (U.S., Oct. 9,
15 2018). The case established important precedent permitting a private right of action against the
16 Exchanges for a fraudulent scheme.

17 7.  I also have notable experience in consumer class actions. In fact, I am currently
18 serving as counsel or co-counsel in two other consumer class action cases. *Kamal v. Eden*
19 *Creamery*, Case No. 3:18-cv-01298-BAS-AGS (S.D. Cal) is a putative nationwide consumer class
20 action alleging false and misleading labels and advertising by a national ice cream producer; and
21 *Rosalia v. Apple, Inc*., Case No. CJC-18-004976 (San Francisco Superior) is a putative statewide
22 consumer class action alleging a defective product and misrepresentation/unlawful business
23 practices for surreptitious "throttling" of consumers' iPhones. I am sole lead counsel in the *Kamal*
24 *v. Eden Creamery, LLC* case, and The Brandi Law Firm and my firm are co-counsel on the *Rosalia*
25 *v. Apple, Inc*. matter.[2]

---

[2] The *Rosalia* case is coordinated with three other actions and titled "Apple OS Cases" (JCCP No. 4976), but no lead counsel have been appointed.

3
DECLARATION OF ANDREW J. BROWN IN SUPPORT OF LOMBARDO PLAINTIFF'S MOTION TO APPOINT INTERIM CO-LEAD COUNSEL

**B.     The Law Offices of Andrew J. Brown Will Continue To Lead this Litigation Effectively and Efficiently on Behalf of the Class**

8.     Since the beginning of this litigation I have effectively and efficiently led this litigation on behalf of Mr. Lombardo.  The *Lombardo* complaint was the second-filed complaint in this consolidated action.  It added several important matters to the first-filed complaint, including a plaintiff with standing to assert claims on behalf of Android phone owners, the ability to seek injunctive relief on their behalf, and factual allegations to support a cause of action for fraud.

9.     As additional cases were filed, I have coordinated with defense counsel and other plaintiffs' counsel in scheduling, amending the complaint, and consolidating these cases.  I have personally investigated, researched, and drafted a First Amended Complaint in this action that provides significant factual detail and refined allegations that will substantially benefit the class.  The *Lombardo* First Amended Complaint asserts claims for invasion of privacy and for fraud and deceit.

**C.     My Firm Has Committed and Will Continue To Commit The Necessary Resources To This Case**

10.     From my experience I am aware that complex class actions such as this case require significant resources – both manpower and financial commitment – to litigate through trial and, if necessary, appeal.  As demonstrated above, I have already investigated, drafted, and filed an Amended Complaint that equals or exceeds the efforts of every other competing movant.  My firm (and the Brandi Law Firm) is committed and prepared to take this case through trial and beyond if necessary.

11.     Moreover, I have been in communication with representative counsel in all of these consolidated actions.  It is my understanding that, if we are appointed interim co-lead counsel and to the extent it is beneficial to the class and consistent with our duties, we will have the assistance and support of other Plaintiffs' counsel in these consolidated cases, who are ready and willing to share in the work needed to effectively represent the class in this case.

1    I declare under penalty of perjury of the laws of the State of California that the foregoing is
2  true and correct. Executed this 13th day of December, 2018 at San Diego, California.

                                                    _____
                                                           ANDREW J. BROWN

# Exhibit A

Law Offices Of Andrew J. Brown
501 W. Broadway, Ste. 1490
San Diego, CA 92101
Telephone (619) 501-6550

WWW.THEBROWNLAWFIRM.COM

# FIRM RESUME

The Law Offices of Andrew J. Brown represents investors and consumers in cases against corporations and their executives. While the large plaintiff's firms focus on maximizing fees for the firm, The Law Offices of Andrew J. Brown is focused on results and client service.

Mr. Brown has extensive experience in class action litigation, having spent the last 18 years at the largest plaintiffs' firm in the country, representing institutional investors and individuals in actions all over the country. A trial lawyer since starting his career as a Deputy Public Defender in 1992, Mr. Brown and his litigation teams have recovered billions of dollars and achieved ground-breaking corporate governance reforms on behalf of his clients and class members.

Mr. Brown's cases have garnered national attention in various media. Several of his cases have been reported in national news publications such as the *Wall Street Journal*, and he has appeared on various television programs such as *Fox Business News*.

Mr. Brown is a graduate of the University of Chicago (B.A. 1988) and the University of California, Hastings College of Law (J.D. 1992). He is admitted to the California Bar and various federal courts throughout the country, including all four District Courts of California.

## Practice Areas

### Securities Class Actions

The Law Offices of Andrew J. Brown is a leader in holding corporate executives accountable for their malfeasance, and recovering substantial sums for defrauded shareholders. Through securities fraud class action litigation, Mr. Brown personally has recovered billions of dollars from publicly traded corporations and their executives on behalf of his clients and class members.

**Sample Cases**:

*Local 703, I.B. of T. Grocery and Food Employees Welfare Fund v. Regions Financial Corp., et al.*, Case No. CV-10-J-2847-S (N.D. Ala)

This lawsuit stemmed from an accounting fraud at Regions, carried out during the 2008-2009 financial crisis in order to keep the company from recognizing huge losses for bad real estate loans. After an extensive investigation, Mr. Brown and his team filed a securities fraud lawsuit

that caught the eye of the SEC enforcement division. While Mr. Brown's securities fraud class action was pursued over a period of years, the SEC and banking regulators began conducting their own investigations.

As the case proceeded to trial, Regions fought to keep it away from a jury, going so far as to appeal the class certification ruling to the Eleventh Circuit Court of Appeal. Mr. Brown's team won a complete victory on appeal. *Local 703 v. Regions Fin. Corp*, 762 F.3d 1248, 1252 (11th Cir.2014). As the parties began preparing for trial in 2015, Regions settled the class action for $90 million, and settled with the SEC and banking regulators for another $50 million.

*In re Constar Int'l Secs. Litigation*, Case No. 03-CV-05020 (E.D. Pa.)

On December 19, 2012, the court granted final approval of the $23.5 million settlement *in In re Constar Int'l Inc. Sec. Litig.*, pending since September 2003 in the United States District Court for the Eastern District of Pennsylvania. Plaintiffs asserted claims arising out of a November 2002 initial public offering of Constar company stock.

The case was notable for the lengths to which Defendants fought the allegations. The case settled on the eve of trial after 9 years, and included a trip to the Court of Appeal for the 3rd Circuit which resulted in a complete victory for Mr. Brown and his team.  See, *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774 (3d Cir. 2009).

*In re UnitedHealth Group PSLRA Litigation*, Case No. 06-CV-1691 (D. Minn.)

On July 1, 2008, California Public Employees' Retirement System ("CalPERS") and Alaska Plumbing and Pipefitting Industry Pension Trust ("Alaska") announced a settlement with UnitedHealth Group Inc. and certain individual defendants for a record-breaking $895 million. Just over two months later, a settlement was also reached with the two company executives – bringing the total recovery for the class to over $945 million.

In addition to the monetary recovery, UnitedHealth was also required to make critical changes to a number of its corporate governance policies, including electing a shareholder-nominated member to the company's Board of Directors. Other key corporate governance changes included (i) enhanced standards for director independence; (ii) a mandatory holding period for options issued to executives; (iii) a shareholder approval requirement for any stock options re-pricing; and (iv) a peer group comparison requirement when establishing incentive compensation.

Law Offices Of Andrew J. Brown
501 W. Broadway, Ste. 1490
San Diego, CA 92101
Telephone (619) 501-6550

WWW.THEBROWNLAWFIRM.COM

Consumer Class Actions

Consumer fraud will often result in only small losses to any one individual, making it impossible or simply not worthwhile for any individual consumer to recover their loss or try to change the company's business practices. But when a consumer brings a case as a class action, every consumer's loss is combined in a single action, companies notice and real change happens.

The Law Offices of Andrew J. Brown represents consumers on a class basis, frequently recovering for the entire class and, importantly, bringing real change to how the company does business.

**Sample Cases:**

*Kamal, et al. v. Eden Creamery, LLC*, Case No. 3:18-cv-1298 BAS-AGS (SD Cal.)

This consumer class action is brought on behalf of purchasers of Halo Top ice cream for false labeling and false advertising.  The company dramatically underfilled its ice cream pints as a course of business, cheating consumers.  This lawsuit is ongoing, and seeks to stop Halo Top from falsely advertising and overcharging for its pints and recover damages to consumers who overpaid for Halo Top ice cream.


*Rosalia, et al. v. Apple, Inc*., Case No. CGC-17563342 ("Apple OS cases, JCCP No. 4976) (San Francisco Superior Court)

In December 2017, Apple publicly admitted that Apple intentionally slowed its iPhone processors without telling its customers. It did this via "updates," but Apple never told its consumers that by accepting the update it was allowing Apple to "throttle down" the processing speed of their phones. Apple surreptitiously "throttled" the phones at the same time it was issuing new versions of the iPhone – pushing consumers to buy a new upgraded phone rather than fix or replace the defective battery.


Shareholder Derivative Actions

Frequently misconduct by a Board of Directors can have serious consequences for the company, including regulatory and criminal prosecutions which hurts both the Company and its shareholders. The shareholder derivative action is one of the only means available to challenge these faithless fiduciaries who end up destroying the very companies they are supposed to be guiding.

LAW OFFICES OF ANDREW J. BROWN
501 W. BROADWAY, STE. 1490
SAN DIEGO, CA 92101
TELEPHONE (619) 501-6550

WWW.THEBROWNLAWFIRM.COM

The Law Offices of Andrew J. Brown has successfully represented numerous individual and institutional shareholders in derivative actions in cases all around the country, holding Directors accountable and bringing significant changes to the way companies operate.

**Sample Cases:**

*Central Laborers' Pension Fund v. Chellgren*, (Ashland, Inc.) No. 02-CI-02174 (Ky. Cir. Ct., Kenton Cty.)

The lawsuit alleged that the Ashland, Inc. Board of Directors (the "Board") failed to adequately oversee company operations and protect shareholder value by, among other things, permitting the company to become a recidivist polluter and incurring tens of millions of dollars in fines; allowing executives to engage in insider trading; and destroying the company's reputation in the business community. The settlement achieved by Mr. Brown's team provided for substantially improved governance procedures at Ashland and committed the company to changes that extend far beyond the corporate governance improvements required under the Sarbanes-Oxley Act of 2002.

*In re Cryolife, Inc. Deriv. Litig.*, Case No. 1:02-CV-1868-BBM (Fulton Cty. Superior Ct., GA)

Cryolife provided human tissue allografts for use in transplants.  A young man who received a transplant of a tendon in his knee died from contaminated tissue provided by the Company. The lawsuit alleged the Board of Directors failed to properly supervise the processes of the Company and ensure that it remained in compliance with FDA regulations and industry standard.  This important lawsuit forced the Company to add a director with expertise in regulatory compliance, and adopt much more rigorous internal controls.