Michael W. Sobol (Bar No. 194857)
msobol@lchb.com
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

Hank Bates (Bar No. 167688)
hbates@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th St.
Little Rock, AR 72201
Telephone:  501.312.8500
Facsimile:  501.312.8505

*Attorneys for Plaintiffs Napoleon Patacsil,*
*Mark Carson, Najat Oshana, Nurudaaym*
*Mahon, and Richard Dixon*

Tina Wolfson (Bar No. 174806)
twolfson@ahdootwolfson.com
Alex R. Straus (Bar No. 321366)
astraus@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310-474-9111
Facsimile: 310-474-8585

*Attorneys for Plaintiff Aichi Ali*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND ENTRY OF CASE MANAGEMENT ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ............................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 3

I.     INTRODUCTION ....................................................................................................... 3

II.    BACKGROUND ......................................................................................................... 4

III.   APPOINTMENT OF INTERIM CLASS COUNSEL IS APPROPRIATE ...................... 5

     A.    The selection of interim class counsel will ensure that the litigation is prosecuted efficiently. ........................................................................................ 5

     B.    The Undersigned Counsel should be appointed as Interim Co-Lead Class Counsel. ................................................................................................................. 6

          1.    Counsel have investigated and advanced the class claims and are committed to continuing to do so. ................................................................ 6

          2.    Proposed Interim Co-Lead Counsel have significant experience handling class actions and complex litigation—including other data privacy cases—and have substantial knowledge of the applicable law. ........................................................................................................... 8

               a.    Michael Sobol of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") and Hank Bates of Carney Bates & Pulliam, PLLC ("CBP"); *Patacsil* Counsel. ................................................................. 8

               b.    Tina Wolfson of Ahdoot & Wolfson, PC ("AW"); *Ali* Counsel. ..... 12

          3.    Proposed Interim Co-Lead Counsel have committed and will continue to commit the resources necessary to fully protect the interests of the class. ......................................................................... 14

          4.    Interim Co-Lead Counsels' responsibilities. .......................................... 15

IV.   THE OTHER PROVISIONS OF PROPOSED PTO NO. 1 ARE WARRANTED. ......... 16

V.    CONCLUSION ......................................................................................................... 16

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

*Dependable Component Supply*,
    No. 18-00198, 2018 WL 3388548 (N.D. Cal. Apr. 27, 2018) .................................................. 6, 8

*Paraggua v. LinkedIn Corp.*,
    No. 12-03088, 2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) .................................................. 5

**Rules**

Fed. R. Civ. P 23(g)(1)(A) .................................................................................................... 6

Fed. R. Civ. P. 23(g) ........................................................................................................... 3, 5

Fed. R. Civ. P. 23(g)(1)(A)(i) ............................................................................................. 6, 8

Fed. R. Civ. P. 23(g)(1)(A)(iii) ........................................................................................... 8

Fed. R. Civ. P. 23(g)(1)(A)(iv) ........................................................................................... 14

**Treatises**

*Manual for Complex Litigation (Fourth)* § 21.271 (2004) ............................................... 5

*Manual for Complex Litigation, Fourth*, §§ 10.221 ........................................................ 15

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **NOTICE OF MOTION**

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3     **PLEASE TAKE NOTICE** that on March 28, 2019, at 9:00 a.m., in the Courtroom of the

4 Honorable Edward J. Davila, United States District Judge for the Northern District of California,

5 280 South 1st Street, Courtroom 4, 5th Floor, San Jose, California 95113, Plaintiffs in the related

6 actions *Patacsil et al. v. Google LLC*, No. 5:18-CV-05062 (N.D. Cal.) ("*Patacsil* Action") and *Ali*

7 *v. Google Inc.*, No. 5:18-CV-06262 (N.D. Cal.) ("*Ali* Action") (hereinafter, collectively,

8 "Plaintiffs") will and hereby do move the Court pursuant to Federal Rule of Civil Procedure 23

9 for an Order: (i) appointing Michael Sobol of Lieff Cabraser Heimann & Bernstein, LLP, and

10 Hank Bates of Carney Bates & Pulliam, PLLC (counsel in the *Patacsil* Action), and Tina

11 Wolfson of Ahdoot & Wolfson, PC (counsel in the *Ali* Action) as Interim Co-Lead Class Counsel,

12 pursuant to Fed. R. Civ. P. Rule 23(g), and counsel in the related actions as Interim Class Counsel;

13 and (ii) entering proposed Case Management Order ("PTO") No. 1 to provide for other necessary

14 early case management matters in this litigation.

15     Plaintiffs' motion is based on this Notice of Motion and Motion, the Memorandum of

16 Points and Authorities below, the record in this case, and any additional argument and evidence

17 the Court may consider.

18 Dated:  December 13, 2018          Respectfully Submitted,

19                                    */s/  Michael W. Sobol*

20                                    Michael W. Sobol (State Bar No. 194857)
                                      msobol@lchb.com
21                                    Melissa A. Gardner (State Bar No. 289096)
                                      mgardner@lchb.com
22                                    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                      275 Battery Street, 29th Floor
23                                    San Francisco, CA  94111-3339
                                      Telephone:  415.956.1000
24                                    Facsimile:  415.956.1008

25

26

27

28

1

2     Hank Bates (State Bar No. 167688)
      Allen Carney (*pro hac vice*)
3     David Slade (*pro hac vice*)
      CARNEY BATES & PULLIAM, PLLC
      519 W. 7th St.
4     Little Rock, AR 72201
      Telephone:  501.312.8500
5     Facsimile:  501.312.8505

6     *Attorneys for Plaintiffs Napoleon Patacsil, Mark Carson,*
      *Najat Oshana, Nurudaaym Mahon, and Richard Dixon*
7

8     Dated:  December 13, 2018          Respectfully Submitted,

9                                        */s/  Tina Wolfson*

10                                       Tina Wolfson (State Bar No. 174806)
                                         twolfson@ahdootwolfson.com
11                                       Alex R. Straus (State Bar No. 321366)
                                         astraus@ahdootwolfson.com
12                                       AHDOOT & WOLFSON, PC
                                         10728 Lindbrook Drive
13                                       Los Angeles, CA 90024
                                         Telephone: 310-474-9111
14                                       Facsimile: 310-474-8585

15                                       *Attorneys for Plaintiff Aichi Ali*

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs respectfully submit this motion seeking an order: (i) appointing Michael Sobol of Lieff Cabraser Heimann & Bernstein, LLP and Hank Bates of Carney Bates & Pulliam, PLLC (counsel in the *Patacsil* Action), and Tina Wolfson of Ahdoot & Wolfson, PC (counsel in the *Ali* Action) as Interim Co-Lead Class Counsel, and counsel in the related actions as Interim Class Counsel, pursuant to Fed. R. Civ. P. Rule 23(g); and (ii) entering proposed Pre-Trial Order ("PTO") No. 1 to provide for other necessary early case management matters in this litigation.

## I. **INTRODUCTION**

Plaintiffs respectfully ask this Court to appoint interim lead and class counsel, and enter a case management order to govern the six consolidated putative class actions filed in this District to date, as well as any subsequently-filed actions involving substantially the same parties, transactions, and events. *See* Fed. R. Civ. P. 23(g). Appointment of leadership and entry of a PTO to govern this litigation are in the best interest of the parties, the proposed class, and the Court because they will ensure that the litigation is conducted efficiently and effectively.

With those aims in mind, the undersigned counsel representing Plaintiffs in the first-filed action ("*Patacsil* Counsel") and counsel representing Plaintiffs in the *Ali* Action ("*Ali* Counsel") respectfully request that the Court appoint Michael Sobol of Lieff Cabraser Heimann & Bernstein, LLP, Hank Bates of Carney Bates & Pulliam, PLLC, and Tina Wolfson of Ahdoot & Wolfson, PC as Interim Co-Lead Counsel for the Class. These attorneys have vast experience litigating complex class actions on behalf of consumers in general, and cases involving consumer privacy violations in particular. The privacy-related experience that these attorneys will bring to the table makes them the most qualified to lead litigation that may involve issues of first impression in the quickly evolving area of privacy law in a world of even quicker evolving technology, as well as technical expertise. Further, these lawyers have the resources and are committed to vigorously and efficiently prosecuting the action, and seeing it through to resolution. Proposed Interim Co-Lead Class Counsel also respectfully request that the Court appoint the counsel for plaintiffs in

the remaining actions[1] as Interim Class Counsel, with responsibility for performing work on this case at the discretion and direction of Co-Lead Counsel.

## II.     **BACKGROUND**

On August 17, 2018, Plaintiff Napoleon Patacsil filed the initial complaint in this litigation alleging the surreptitious and egregious tracking of millions of mobile device users' geolocation by Defendant Google LLC ("Google").  Patacsil's complaint was amended on November 19, 2018 (Dkt. 47).  As alleged, Google has falsely represented to its users that activating certain settings will prevent Google from tracking users' movements and storing a record of their geolocations.  Plaintiffs and members of the proposed Classes activated those settings.  Nevertheless, despite users expressly declining to give Google permission to track and store a digital record of their movements, Google does just that, creating a precise chronology of users' movements and storing it in a vast exploitable database. (Dkt. 1 ¶¶ 1,4; Dkt. 47 ¶ 1). Patacsil alleges that Google's actions—spanning years and affecting millions of mobile devices— invaded the reasonable expectations of privacy of mobile device users and violated California state laws concerning privacy and geolocation tracking.  (*Id.* ¶¶ 1, 5; *see also* Dkt. 47, Amended Compl. filed Nov. 19, 2018,  ¶ ¶ 1, 7).

In the months that followed the initiation of this case, five additional actions were filed— the *Lombardo*, *Ali*, *Lee*, *Jack*, and *Kaufman* Actions—each alleging substantially similar conduct by Google.  The Court entered orders relating *Lombardo* to this action on September 21, 2018 (Dkt. 26), *Ali* on October 29, 2018 (Dkt. 38), *Lee* and *Jack* on November 13, 2018 (Dkt. 46), and *Kaufman* on December 5, 2018 (Dkt. 49).

On October 22, 2018, Google filed separate motions to dismiss this action (Dkt. 32) and the *Lombardo* Action (*Lombardo* Dkt. 19).  On November 5, 2018, the Court entered a stipulated order in the *Patacsil*, *Lombardo*, and *Ali* Actions, pursuant to which plaintiffs in those actions

---

[1] Specifically, counsel for plaintiffs in *Lombardo v. Google, LLC*, No. 5:18-cv-05288 (N.D. Cal., filed August 28, 2018) ("*Lombardo* Action"), *Lee v. Google, LLC*, No. 3:18-cv-06416 (N.D. Cal., filed October 19, 2018) ("*Lee* Action"), *Jack v. Google LLC*, No. 5:18-cv-06652 (N.D. Cal., filed November 1, 2018) ("*Jack* Action"), and *Kaufman v. Google LLC et al.*, No. 5:18-cv-06685 (N.D. Cal., filed November 2, 2018) ("*Kaufman* Action").

1   amended their complaints on November 19, 2018, and the deadline for Google's responsive

2   pleadings was set for December 19, 2018. (Dkt. 42; Lombardo Dkt. 27; Ali Dkt. 28).

3         On December 11, 2018, following stipulation by the parties, the Court entered an order

4   consolidating the *Patacsil, Lombardo*, *Ali*, *Lee*, *Jack*, and *Kaufman* Actions pursuant to Federal

5   Rule of Civil Procedure 42(a), with all further filings to be made in Case No. 5:18-cv-05062-EJD,

6   bearing the caption: *In re Google Location History Litigation.* (Dkt. 51).  In addition, the Court's

7   order set forth the following deadlines: (1) a Consolidated Complaint must be filed within 28 days

8   of a ruling by the Court on the appointment of Interim Class Counsel; (2) any motion to dismiss

9   the Consolidated Complaint must be filed within 28 of the filing of the Consolidated Complaint;

10  (3) an opposition to any motion to dismiss must be filed within 35 days of the filing of the motion

11  to dismiss; and (4) any reply in support of a motion to dismiss must be filed within 21 days of the

12  filing of the opposition brief.  *Id.*

13  **III.    APPOINTMENT OF INTERIM CLASS COUNSEL IS APPROPRIATE**

14        **A.    The selection of interim class counsel will ensure that the litigation is
                  prosecuted efficiently.**

15

16        This consolidated litigation involves six separately-filed putative class actions filed by

17  multiple well-regarded law firms.  It would be inefficient, and could compromise the interests of

18  the Class, for this consolidated litigation to proceed without organized leadership for the putative

19  class.  A court "may designate interim counsel to act on behalf of the putative class before

20  determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g); *see*, *e.g.*,

21  *Paraggua v. LinkedIn Corp.*, No. 12-03088, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012)

22  (Davila, J.).  Indeed, when multiple related cases are pending, "the selection and activity of class

23  counsel are often critically important to the successful handling of the class action."  Fed. R. Civ.

24  P. 23(g) Advisory Committee Notes; *see also Manual for Complex Litigation (Fourth)* § 21.271

25  (2004).  The *Manual* explains that "[e]arly organization of the counsel who have filed the various

26  cases transferred or consolidated for pretrial purposes is a critical case-management task."  *Id.*

27  § 22.62.

28        In appointing class counsel, the court must consider:

i.  the work counsel has done in identifying or investigating potential claims in the action;

ii.  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

iii.  counsel's knowledge of the applicable law; and

iv.  the resources that counsel will commit to representing the class.

Fed. R. Civ. P 23(g)(1)(A); *see also Dependable Component Supply*, No. 18-00198, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (explaining that courts apply the above standard to appointment of interim class counsel).

**B.  The Undersigned Counsel should be appointed as Interim Co-Lead Class Counsel.**

Counsel in the *Patacsil* and *Ali* actions respectfully request that the Court appoint them Interim Co-Lead Class Counsel to lead this litigation, and appoint counsel for Plaintiffs Lombardo, Lee, Jack, and Kaufman as Interim Class Counsel to conduct necessary work in the interests of the Class, solely at the discretion and direction of Co-Lead Counsel.  As set forth in detail below, Proposed Interim Co-Lead Counsel have the experience and demonstrated commitment required to the informed prosecution of this action, and, moreover, bring an extensive history of cooperatively and successfully managing the litigation of such cases. Proposed Interim Co-Lead Counsel's experience and demonstrated track record make them well qualified to make appropriate determinations regarding case direction, strategy, and work assignments on behalf of the Class.

**1.  Counsel have investigated and advanced the class claims and are committed to continuing to do so.**

The first Rule 23(g) factor is the work Proposed Interim Co-Lead Counsel have done "in identifying and investigating potential claims in [this] action."  Fed. R. Civ. P. 23(g)(1)(A)(i). Here, Proposed Interim Co-Lead Counsel have dedicated—and will continue to dedicate— substantial resources to investigating the facts underlying the actions and researching the applicable legal bases for liability.  Proposed Interim Co-Lead Counsel's investigation has been

informed by their substantial experience in this field (*see infra,* Section III.B.2.) and has included the following steps:

    i.    Pre-filing investigation following publication of an investigation by the Associated Press regarding Google's conduct, including numerous class member interviews, consulting with multiple technical experts, reviewing documentation relating to the litigation, and cross-referencing the results of counsel's independent forensic investigation with the findings of the Associated Press;

    ii.    Performing a technical review of the features of Google Android Phones and iPhones utilizing Google services, including the manner in which those devices record and transmit location history data;

    iii.    Ongoing research and review of Google's public-facing statements and technological responses to the litigation and related reporting; and

    iv.    Legal research to determine appropriate claims to assert on behalf of Plaintiffs and the putative class.

As a result of these efforts, Proposed Interim Co-Lead Counsel have a strong foundation of knowledge regarding the products and services at issue, as reflected in their robust initial Complaints and their First Amended Class Action Complaints, filed November 19, 2018. Proposed Interim Co-Lead Counsel's ongoing commitment to a comprehensive factual investigation is demonstrated by their well-supported allegations regarding how Google's products function, how users were deceived and harmed, and how Google's conduct violated established social norms, including insofar as Google's conduct affected minor children. Counsel's commitment is also reflected in the fact that, in comparison to the subsequently-filed related cases, only Proposed Interim Co-Lead Counsel have filed an amended complaint that describes and addresses changes Google has made to its public-facing statements since this litigation commenced.  Similarly, Proposed Interim Co-Lead Counsel have included specific detail, in the form of forensic data, reflecting certain code-based functionalities underlying Google's challenged conduct.

Although this litigation is still in the early stages, these efforts are representative of Proposed Interim Co-Lead Counsel's strong commitment to investigating and advancing the claims of the proposed Class.  Proposed Interim Co-Lead Counsel, collectively, remain committed to maintaining this same high level of representation throughout this litigation.

2.      **Proposed Interim Co-Lead Counsel have significant experience handling class actions and complex litigation—including other data privacy cases—and have substantial knowledge of the applicable law.**

In selecting interim class counsel, courts place great emphasis on Rule 23(g)(1)'s second and third factors, which concern proposed lead counsel's experience with and knowledge of the applicable law.  *See*, *e.g.*, *Dependable Component Supply*, 2018 WL 3388548, at \*2; Fed. R. Civ. P. 23(g)(1)(A)(ii & iii).  In this regard, Proposed Interim Co-Lead Counsel are best-suited for appointment to a leadership position: they have litigated claims very similar to those asserted here and have served in numerous leadership roles in other consolidated and/or multidistrict complex class actions involving consumer privacy.  Proposed Interim Co-Lead Counsel have spent decades in the trenches of consumer privacy litigation, as the data industry, and related legal landscape, have evolved.  Counsel's deep privacy experience will greatly benefit the Class. Specific to the needs and contours of the instant litigation, *Patacsil* Counsel have worked—and presently work—collaboratively and successfully together as Co-Lead Counsel in numerous digital privacy cases, as detailed in Section III.B.2.a, *infra*.  Similarly, *Ali* Counsel has comparable experience prosecuting complex privacy litigation with co-lead counsel in an efficient, collaborative manner, as detailed in Section III.B.2.b, *infra*.  In each instance, Proposed Interim Co-Lead Counsel prosecute their cases efficiently with a streamlined team of experienced, core, attorneys to obtain meaningful results for members of the classes that they represent.

a.      **Michael Sobol of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") and Hank Bates of Carney Bates & Pulliam, PLLC ("CBP"); *Patacsil* Counsel**

Mr. Sobol and Mr. Bates, who jointly filed the *Patacsil* action, have successfully prosecuted multiple data privacy class actions together and have an extensive history of working cooperatively and efficiently in this context. These attorneys have associated as co-counsel in multiple class actions involving data privacy matters, and together can offer not only a wealth of relevant experience and expertise, but also efficiencies developed over years of effective collaboration in highly analogous litigation.

**Michael W. Sobol:** Michael W. Sobol, head of the LCHB Consumer Protection and Data Privacy Practice Group has extensive relevant experience and expertise. He is a 1989 graduate of

Boston University School of Law.  As the chair of LCHB's Consumer Protection practice group for more than fifteen years and, more recently, the chair of the firm's Cybersecurity & Data Privacy group, Mr. Sobol has litigated novel and challenging consumer class actions, and has significant experience leading complex litigation in the fields of online privacy, data security, and consumer protection.   Mr. Sobol's work has recovered hundreds of millions of dollars for consumers.  The following are examples of his achievements specific to consumer privacy:

- *Campbell v. Facebook*, No. 13-5996, Hon. Phyllis J. Hamilton (N.D. Cal.).  Mr. Sobol was co-lead class council in this nationwide class action alleging that Facebook unlawfully intercepted data in users' personal and private messages on the social network and profited by sharing the information with third parties. Achieved settlement for injunctive relief to improve Facebook's consumer-facing disclosures, and cessation of the challenged practices.

- *Perkins v. LinkedIn Corporation*, No. 13-04303, Hon. Lucy H. Koh (N.D. Cal.). Co-Lead class counsel in a nationwide class action alleging that LinkedIn used its members' names and likenesses without their consent to advertise and endorse the social network.  Achieved $13 million settlement and injunctive relief targeting LinkedIn's disclosures and functionality.

- *In re Anthem Data Breach Litig.*, No. 15-2617, Hon. Lucy H. Koh (N.D. Cal.).  Mr. Sobol served on the steering committee of multidistrict litigation alleging that deficient cyber-security measures compromised sensitive personal identifying information of more than 80 million persons. Achieved $115 million settlement and injunctive relief targeting Anthem's cybersecurity practices.

- *Corona v. Sony Pictures Entertainment, Inc.*, No. 14-09600-RGK, Hon. R. Gary Klausner (C.D. Cal.).  Nationwide class action alleging that inadequate security measures by Sony enabled cyber theft of employee data.  As co-lead class counsel, Mr. Sobol secured an $8 million settlement, injunctive relief targeting Sony's security practices, and credit monitoring for affected employees.

- *Ebarle et al. v. LifeLock Inc.*, No. 15-258, Hon. Haywood Gilliam Jr. (N.D. Cal.). Co-lead class counsel in nationwide class action alleging that, contrary to representations, LifeLock failed to protect the personal information of its subscribers. Achieved $68 million settlement.

- *Matera v. Google LLC*, No. 15-4062, Hon. Lucy H. Koh (N.D. Cal).  Co-lead class counsel in nationwide class action alleging that Google improperly intercepted contents of email messages belonging to non-Gmail users. Achieved settlement for injunctive relief requiring cessation of the challenged practices.

- *Rushing, et al v. The Walt Disney Co., et al.*, 17-04419, Hon. James Donato (N.D. Cal.); *Rushing, et al, v. Viacom, et al*, 3:17-cv-04492-JD (N.D. Cal.); *McDonald, et al. v. Kiloo APS et al*, 3:17-cv-04344-JD (N.D. Cal). Mr. Sobol is the current co-lead class counsel in three active, related class actions challenging surreptitious

tracking, profiling and targeting for commercial exploitation of children across the United States who play popular, child-directed gaming apps.

- *Henson, et al. v. Turn*, 15-1497, Hon. Jeffrey S. White (N.D. Cal.). Co-lead class counsel in active class action challenging practice of surreptitiously tracking and profiling Verizon subscribers through use of third-party tracking cookies designed to defeat efforts to delete them or otherwise prevent user tracking.

- *In re Intuit Data Litigation*, No. 15-1778, Hon. Edward J. Davila (N.D. Cal.).  Mr. Sobol is the chair of the executive committee in active nationwide class action alleging that Intuit's policies and security measures enabled and encouraged use of services for fraud; pending final approval of a settlement involving practice changes and credit monitoring to victims of fraudulent tax filings.

In addition, outside this judicial district, Mr. Sobol and LCHB currently represent the State of New Mexico in *State of New Mexico v. Tiny Lab Productions, et al.*, Case No. 18-cv-00854-LF-KBM (D.N.M.), a high-profile action brought against child mobile app developers and advertising networks for violations of the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501, *et seq.* ("COPPA"), and against Google, LLC for trafficking in privacy-invasive apps in its online store.[2]

Mr. Sobol's numerous other accomplishments—and LCHB's experience in complex class actions—are set forth in LCHB's resume, attached as Exhibit 1 to the Declaration of Michael Sobol, filed concurrently herewith.

**Hank Bates:** Hank Bates, a CBP principal, heads the firm's data privacy practice and leads a team of colleagues with extensive experience in consumer protection class litigation, generally, and privacy litigation, specifically.  Mr. Bates has been at the forefront of data privacy and data security litigation in this judicial district and nationwide. In so doing, Mr. Bates and his firm have developed a depth and breadth of understanding of the relevant case law, legal theories, and technology at play in the privacy landscape that is matched by only a handful of other firms in the nation.

---

[2] *See* Jennifer Valentino De-Vries, *et al.*, "How Game Apps That Captivate Kids Have Been Collecting Their Data" New York Times (September 12, 2018) available at https://www.nytimes.com/interactive/2018/09/12/technology/kids-apps-data-privacy-google-twitter.html

Mr. Bates graduated from Harvard College in 1987 and from Vanderbilt University School of Law in 1992. Following law school he clerked for one year with the Honorable Danny J. Boggs, United States Circuit Judge of the United States Court of Appeals for the Sixth Circuit and then started his legal career in San Francisco, joining the California Bar twenty-five years ago in 1993. Despite moving home to Little Rock, Arkansas to be closer to family, Mr. Bates maintains a significant professional presence in the Bay Area, particularly in the data privacy context, as exemplified by the following cases:

- *Matera, et al. v. Google, Inc.*, 5:15-cv-04062-LHK (N.D. Cal., Judge Lucy S. Koh). As co-lead counsel in an action involving allegations of violation of anti-wiretapping laws, Mr. Bates secured a class action settlement requiring Google to cease using content derived from email transmissions for user profiling and targeted advertising.

- *Campbell, et al. v. Facebook, Inc.*, 4:13-cv-05996-PJH (N.D. Cal., Judge Phyllis J. Hamilton). Mr. Bates served as co-lead counsel in a class action involving allegations of email interception and violations of anti-wiretapping laws, winning certification of a 23(b)(2) injunctive-relief class and subsequently achieving a settlement requiring disclosures of and limitations on Facebook's interception and use of private message content.

- *Ebarle, et al. v. LifeLock, Inc.*, 3:15-cv-00258 (N.D. Cal., Judge Haywood S. Gilliam). Serving as co-lead counsel, Mr. Bates secured a $68 million class action settlement of claims that LifeLock made material misrepresentations concerning its identity protection services and the security of its data.

- *Rushing, et al v. The Walt Disney Co., et al*, 3-17-cv-04419-JD (N.D. Cal., Judge James Donato); *Rushing, et al, v. Viacom, et al*, 3:17-cv-04492-JD (N.D. Cal.); *McDonald, et al. v. Kiloo APS et al*, 3:17-cv-04344-JD (N.D. Cal). Mr. Bates currently serve as co-lead counsel in three related actions challenging twenty-five defendants' surreptitious tracking, profiling and targeting of tens of millions of children across the United States for commercial exploitation while they play popular, child-directed gaming apps.

- *Henson, et al. v. Turn*; 4:15-cv-1497-JSW (N.D. Cal., Judge Jeffrey S. White). Mr. Bates currently serve as co-lead counsel in an action challenging defendants' practice of surreptitiously tracking and profiling Verizon subscribers through the use of "zombie cookies" – third-party tracking cookies designed to defeat users' efforts to delete them or otherwise prevent their tracking.

In addition, outside this judicial district, Mr. Bates and CBP currently represent the State of New Mexico in *State of New Mexico v. Tiny Lab Productions, et al.*, Case No. 18-cv-00854-LF-KBM (D.N.M.), a high-profile action brought against child app developers and advertising

- 11 -

networks for violations of the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501, *et seq.* ("COPPA"), and against Google, LLC for trafficking in privacy-invasive apps in its online store.[3]

In the context of data security litigation, Mr. Bates has represented financial institutions in MDL litigations involving some of the largest breaches in recent history, including:

- *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, 1:14-md-02583-TWT (N.D. Ga.). Mr. Bates served on the Plaintiffs' Steering Committee. A settlement, with a common fund of $25 million and an additional fund of $2.25 million for distribution to financial institutions whose claims were purportedly released by third-party sponsors, was granted final approval on September 22, 2017.

- *In re: Target Corporation Customer Data Security Breach Litigation*, 1:14-cmd-02522-PAM-JJK (D. Minn.). Mr. Bates served as counsel for the lead plaintiff Umpqua Bank. A settlement, valued at $39.4 million, was finally approved by the Court in May 2016.

- *In re: Equifax Consumer Data Security Breach Litigation,* 1:17-md-02800-TWT (N.D. Ga). Mr. Bates was appointed to the Plaintiffs' Steering Committee representing financial institutions in February 2018 in this active, ongoing litigation.

Mr. Bates' numerous other accomplishments as lead counsel in class actions—and CBP's experience in complex class actions—are set forth in CBP's firm resume, attached as Exhibit 1 to the Declaration of Hank Bates, filed concurrently herewith.

### b. Tina Wolfson of Ahdoot & Wolfson, PC ("AW"); *Ali* Counsel

Ms. Wolfson is a founding partner of Ahdoot & Wolfson, PC, a preeminent national plaintiffs' firm renowned for the high quality of its work product, its zealous advocacy, and its staunch commitment to ethics and collegial cooperation with co-counsel and opposing counsel. After graduating Harvard Law School *cum laude* in 1994, Ms. Wolfson defended Fortune 500 companies in complex litigation at Morrison & Foerster. After gaining further invaluable litigation experience at a boutique plaintiffs' firm, Ms. Wolfson co-founded AW in 1998, where

---

[3] *See* Valentino De-Vries, *supra* note 2.

1  she has prosecuted complex cases and class actions for over twenty years. She has served on the

2  leadership teams of many consolidated cases, including Multidistrict Litigation.

3     Ms. Wolfson's extensive experience in consumer privacy class actions particularly

4  provides her with familiarity with both the legal landscape and the evolving technology necessary

5  to lead a case of this nature.  In the late 1990's, Ms. Wolfson was among the first group of

6  attorneys who successfully litigated the privacy rights of millions of consumers against major

7  financial institutions (Chase Manhattan Bank, American Express, MBNA America Bank,

8  Discover Bank, FleetBoston, and Washington Mutual Bank, among others) based on the

9  compilation and sale of detailed personal financial data to third party telemarketers without the

10  consumers' consent. While such practices later became the subject of Gramm-Leach-Bliley Act

11  regulation, at the time AW prosecuted these cases before the Hon. Richard R. Kramer (Ret.) in

12  the complex department of San Francisco Superior Court, such practices were hidden from public

13  scrutiny.

14     Ms. Wolfson continues to spearhead consumer privacy rights and examples of her recent

15  cases in this area include:

16  • *In re Experian Data Breach Litigation*, No. 8:15-cv-01592-AG-DFM (C.D. Cal.),
17  (Hon. Andrew J. Guilford). As co-lead counsel in this data breach that affected
   nearly 16 million class members, Ms. Wolfson achieved the preliminarily
18  approved settlement conservatively valued at over $47 Million.  Each class
   member is entitled to two years of additional premium credit monitoring and ID
   theft insurance (to begin whenever their current credit monitoring product, if any,
19  expires) plus monetary relief (in the form of either documented losses or a default
   payment for non-documented claims).  Experian is also providing robust injunctive
20  relief.

21  • *Rivera v. Google, Inc.*, No. 1:16-cv-02714 (N.D. Ill.) (Hon. Edmond E. Chang)
   and *Monroy v. Shutterfly, Inc.*, No. 1:16-cv-10984 (N.D. Ill.) (Hon. Robert W.
22  Gettleman). As class co-counsel, Ms. Wolfson is prosecuting consumers' right to
   control the collection and use of their biometric information under the Illinois
23  Biometric Information Privacy Act. AW successfully opposed the motions to
   dismiss based on lack of standing in both cases, and Motion for Summary
24  Adjudication based on no injury is pending in *Rivera*.

25  • *Remijas v. Neiman Marcus Group, LLC*, No. 14-cv-1735 (N.D. Ill.) (Hon. Sharon
   Johnson Coleman). As co-lead counsel, Ms. Wolfson and partner Theodore Maya
26  briefed and argued the appeal from the trial court's order granting a motion to
   dismiss based on lack of Article III standing. The Seventh Circuit's
27  groundbreaking opinion, now cited in virtually every standing case, was the first
   appellate decision to consider the issue of Article III standing in data breach cases
28  in light of the Supreme Court's decision in *Clapper v. Amnesty International USA*,

568 U.S. 398 (2013). The defense bar had aggressively advocated that *Clapper* set a more rigorous standard for Article III standing inquiries than previously existed and that, in light of that decision, data breach cases generally lack standing unless the plaintiffs could show that they suffered unreimbursed fraudulent charges. As a result of AW's work, the Seventh Circuit adopted the plaintiffs' reasoning, rejected this narrow view of *Clapper*, and established that data breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even before that theft or fraud materializes. *Remijas v. Neiman Marcus Group, LLC*, 794 N.E.3d 688 (7th Cir. 2015) (reversed and remanded).

- *In re Home Depot Customer Data Security Breach Litigation*, No. 14-md-2583-TWT (N.D. Ga.) (Hon. Thomas Thrash): Plaintiffs' Steering Committee, $29 million settlement;

- *In re: Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 15-md-02633-SI (D. Or.) (Hon. Michael H. Simon): Executive committee, active litigation. Class certification motion pending;

- *In re: U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, No. 1:15-mc-01394-ABJ (D.D.C.) (Hon. Amy Berman Jackson): Plaintiffs' Steering Committee, order of dismissal on appeal to the D.C. Circuit;

- *In re: YapStone Data Breach*, No. 4:15-cv-04429-JSW (N.D. Cal.) (Hon. Jeffrey S. White): Lead counsel, settlement provided for credit monitoring and identity theft services to claimants (valued at approximately $4.5 million annually in perpetuity), a *cy pres* fund to non-profit organizations, and injunctive relief in the form of YapStone implementing significant and costly data security measures.

- *Chimeno-Buzzi v. Hollister Co*, No. 1:14-cv-23120-MGC (S.D. Fla.) (Hon. Marcia G. Cooke): As co-lead counsel, Ms. Wolfson prosecuted consumers' rights to be left alone under the Telephone Consumer Protection Act of 1991 ("TCPA").  $10 Million non-reversionary fund settlement and significant injunctive relief.

Additional examples of Ms. Wolfson's other accomplishments as lead counsel in class actions are set forth in her firm's resume, attached as Exhibit 1 to the Declaration to Tina Wolfson, filed concurrently herewith.

### 3. Proposed Interim Co-Lead Counsel have committed and will continue to commit the resources necessary to fully protect the interests of the class.

The final 23(g)(1) factor, which concerns the resources that counsel will commit to the case, Fed. R. Civ. P. 23(g)(1)(A)(iv), also strongly supports appointment here.  The attorneys seeking appointment are from law firms that possess and consistently devote the resources and personnel necessary to vigorously pursue complex cases.

Based on their vast experience and as evidenced by their past successes, all proposed Interim Lead Counsel understand the magnitude of human and financial resources this case will

require and have committed them to this case.  In addition to the three individuals highlighted here, Interim Lead Counsel will draw upon more junior attorneys and support staff for appropriate tasks so as to prosecute the case as efficiently as possible for the benefit of the Class.  Similarly, when Class Counsel are called upon to assist in the litigation, Interim Lead Counsel will make sure that tasks are assigned to individuals based on their appropriate expertise and skill level, so as to minimize cost to the Class.

### 4.      Interim Co-Lead Counsels' responsibilities

If appointed, and consistent with the *Manual for Complex Litigation, Fourth*, §§ 10.221 and 40.22, Proposed Interim Co-Lead Counsel will be generally responsible for the overall conduct of the litigation on behalf of the putative class and will have the following specific responsibilities:

i.      To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

ii.      To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

iii.      To conduct settlement negotiations on behalf of Plaintiffs and putative class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

iv.      To delegate specific tasks to other Interim Class Counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

v.      To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

vi.      To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

vii.      To maintain adequate time and disbursement records covering services;

viii.      To monitor the activities of any other law firms that might seek to represent putative class members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

ix.     To file and serve on behalf of Plaintiffs those filings relative to the consolidated master docket of the litigation; and

x.      To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court.

## IV.     <u>THE OTHER PROVISIONS OF PROPOSED PTO NO. 1 ARE WARRANTED</u>

In order to further the efficient administration of these actions, the proposed PTO lays the administrative framework for consolidation of the actions, and any further actions against Google concerning the same transactions and events. The PTO:

i.      Applies the PTO to subsequent filings (*see* PTO ¶¶ 6-7);

ii.     Requires parties to take reasonable steps to preserve evidence (*see* PTO ¶ 8); and

iii.    Provides for specific criteria by which time and expenses of Plaintiffs' counsel are to be kept and reported (*see* PTO ¶¶ 9-11).

The PTO will assist the parties, the Court, and Court staff by streamlining routine litigation issues for the benefit of the parties and the Court, and will further reduce cost and delay.

## V.     <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs Ali, Patacsil, Carson, Oshana, Mahon, and Dixon respectfully request that the Court enter an order appointing counsel for all Plaintiffs in the related actions Interim Class Counsel, and appointing Michael Sobol of Lieff Cabraser Heimann & Bernstein, LLP, Hank Bates of Carney Bates & Pulliam, PLLC, and Tina Wolfson of Ahdoot & Wolfson, PC as Interim Co-Lead Counsel, pursuant to Rule 23(g).


Dated:  December 13, 2018              Respectfully Submitted,

                                       */s/  Michael W. Sobol*

                                       Michael W. Sobol (State Bar No. 194857)
                                       msobol@lchb.com
                                       Melissa A. Gardner (State Bar No. 289096)
                                       mgardner@lchb.com
                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                       275 Battery Street, 29th Floor
                                       San Francisco, CA  94111-3339
                                       Telephone:  415.956.1000
                                       Facsimile:  415.956.1008

Hank Bates (State Bar No. 167688)
Allen Carney (*pro hac vice*)
David Slade (*pro hac vice*)
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR 72201
Telephone:  501.312.8500
Facsimile:  501.312.8505

*Attorneys for Plaintiffs Napoleon Patacsil,*
*Najat Oshana, Nurudaaym Mahon, and Richard Dixon*

Dated:  December 13, 2018          Respectfully Submitted,

*/s/  Tina Wolfson*

Tina Wolfson (State Bar No. 174806)
twolfson@ahdootwolfson.com
Alex R. Straus (State Bar No. 321366)
astraus@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310-474-9111
Facsimile: 310-474-8585

*Attorneys for Plaintiff Aichi Ali*

**ATTESTATION**

I, Michael W. Sobol, hereby attest, pursuant to Northern District of California, Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from each of the signatories hereto.

Dated: December 13, 2018                    By:    */s/ Michael W. Sobol*
                                                                        Michael W. Sobol

- 17 -