UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**[PROPOSED] PRETRIAL ORDER NO. 1** |

On December 13, 2018 Plaintiffs in the actions *Patacsil v. Google LLC*, No. 5:18-cv-05062-EJD (N.D. Cal., filed August 17, 2018) and *Ali v. Google, Inc.*, No. 3:18-cv-06262-JST (N.D. Cal., filed October 12, 2018) jointly filed a motion to appoint Michael Sobol of Lieff Cabraser Heimann & Bernstein, LLP, Hank Bates of Carney Bates & Pulliam, PLLC, and Tina Wolfson of Ahdoot & Wolfson, PC as Interim Co-Lead Counsel, and counsel in the related actions as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. Rule 23(g). This motion was noticed for a hearing on March 28, 2019 at 9:00 am.

Having considered Plaintiffs' Motion, the Court **ORDERS** as follows:

1. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court designates as Interim Co-Lead Class Counsel Michael W. Sobol of Lieff Cabraser Heimann & Bernstein, LLP and Hank Bates of Carney Bates & Pulliam, PLLC (counsel in the *Patacsil* action), and Tina Wolfson of Ahdoot & Wolfson, PC (counsel in the *Ali* Action) and designates the following counsel as Interim Class Counsel:

a. Andrew J. Brown of The Law Offices of Andrew J. Brown, counsel in *Lombardo v. Google LLC*, Case No. 5:18-cv-05288-EJD (filed August 28, 2018);

b. Ivy T. Ngo of Franklin D. Azar & Associates, P.C., counsel in *Lee et al. v. Google LLC et al.*, Case No. 5:18-cv-06416-EJD (filed October 19, 2018);

c. Rosemary M. Rivas of Levi & Korsinsky, LLP, counsel in *Jack v. Google LLC*, Case No. 5:18-cv-06652-EJD (filed November 1, 2018); and

d. Melissa R. Emert of Stull, Stull & Brody, counsel in *Kaufman v. Google LLC et al.*, Case No. 5:18-cv-06685-EJD (filed November 2, 2018).

2. Interim Co-Lead Class Counsel shall be responsible for the administration and prosecution of the consolidated action and subsequently coordinated or related actions.

3. Interim Co-Lead Class Counsel shall have authority over the following matters on behalf of all Plaintiffs and the Proposed Class in the Consolidated Action. Interim Co-Lead Counsel will be generally responsible for the overall conduct of the litigation on behalf of the putative class and will have the following specific responsibilities:

i. To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

ii. To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

iii. To conduct settlement negotiations on behalf of Plaintiffs and putative class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

iv. To delegate specific tasks between themselves and to Interim Class Counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

v. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

vi. To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

      vii.     To maintain adequate time and disbursement records covering services;

      viii.    To monitor the activities of any other law firms that might seek to represent putative class members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided, including by collecting time and expense reports from all Plaintiffs' counsel for review on a periodic basis and designating which Plaintiffs' attorneys shall appear at hearings and conferences with the Court;

      ix.      To retain experts on behalf of all Plaintiffs;

      x.       To file and serve on behalf of Plaintiffs those filings related to the consolidated master docket of the litigation;

      xi.      To lead any post-trial proceedings on behalf of Plaintiffs, including prosecuting or defending any appeal;

      xii.     To perform duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court; and

      xiii.    To manage all other matters concerning the prosecution of the consolidated action and subsequently coordinated or related actions.

4. No motion or other pleading shall be filed on behalf of any Plaintiff in the Consolidated Action except through Interim Co-Lead Class Counsel.

5. Defendants' counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all Plaintiffs in this consolidated action.

## **APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED OR TRANSFERRED CASES**

6. Interim Co-Lead Class Counsel shall call to the attention of the Court the filing or transfer of any related action arising out of similar facts and circumstances as are alleged in this action and that therefore might properly be consolidated or coordinated with this action.

7. Interim Co-Lead Class Counsel shall promptly mail a copy of this Order to counsel for the plaintiff(s) in each such subsequently filed or transferred related action and to counsel for the defendant(s) in each such action, to the extent the defendant(s) is not already a party to this action. Promptly thereafter, upon notice to counsel for the parties in each such action, Interim Co-Lead Class Counsel and Defendants' counsel shall submit to the Court a proposed order

1  consolidating any such action.  Any party objecting to the application of this Pretrial Order to
2  such a subsequently filed or transferred action, or objecting to consolidation with the Actions,
3  shall file a motion seeking relief from this Pretrial Order within ten (10) days after the date upon
4  which such a copy of this Pretrial Order is mailed by counsel in the Actions to counsel for such
5  party.

## PRESERVATION OF EVIDENCE

7  8. All Parties and counsel are reminded of their duty to preserve evidence that might
8  be relevant to this action, including electronically stored information.  Until the Parties reach an
9  agreement on a preservation plan for all cases or the Court orders otherwise, each Party shall take
10  reasonable steps to preserve all evidence that may be relevant to this litigation.  Counsel, as
11  officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties
12  and non-parties, including employees of foreign corporate or institutional parties, of their
13  preservation obligations.

## BILLING RECORDS

15  9. Subsequent to the date of this Order, no counsel shall bill for any work on behalf
16  of the putative class, except at the direction of Interim Co-Lead Class Counsel.

17  10. Interim Co-Lead Class Counsel shall adopt time-keeping protocols requiring the
18  recording of daily time spent and expenses incurred in connection with this litigation, and Interim
19  Class Counsel shall report on a monthly basis such time and expenses to Interim Co-Lead Class
20  Counsel.  Interim Co-Lead Class Counsel will make such records and reports available to the
21  Court, upon request. In order for time and expenses to be compensable, any counsel other than
22  Interim Co-Lead Class Counsel must secure the express authorization of Interim Co-Lead Class
23  Counsel for any projects or work undertaken in this litigation.

24  11. On a quarterly basis (on the last business day of each October, January, April, and
25  July), Interim Co-Lead Class Counsel shall submit to the Court *in camera* reports reflecting hours
26  billed in this matter by all Plaintiffs' counsel. Failure to maintain and submit records with
27  sufficient descriptions of the time spent and expenses incurred may be grounds for denying

1659376.5

- 4 -

1 | attorneys' fees and/or expenses, for the period that relates to the missing or inadequate
2 | submissions.
3 | **IT IS SO ORDERED.**
4
5 | Dated: _____                    _____
6 |                                              Hon. Edward J. Davila