Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
Rosanne L. Mah (State Bar No. 242628)
Email: rmah@zlk.com
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

Courtney Maccarone (to be admitted *pro hac vice*)
Email: cmaccarone@zlk.com
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

*Counsel for Plaintiff GEORGE JACK*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION<br><br>This relates to All Actions. | Case No. 5:18-cv-05062-EJD<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF ROSEMARY M. RIVAS OF LEVI & KORSINSKY, LLP AS INTERIM COUNSEL; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   March 28, 2019<br>Time:   9:00 a.m.<br>Judge:  Hon. Edward J. Davila<br>Crtrm.: 4 – 5th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 28, 2019, at 9:00 a.m. or as soon as counsel may be heard, Rosemary M. Rivas, a partner with the law firm Levi & Korsinsky, LLP, counsel of record for Plaintiff George Jack, will move before the Honorable Edward J. Davila of the United States District Court for the Northern District of California, 280 South 1st Street, Courtroom 4 on the 5th Floor, San Jose, California 95113, for an order appointing her as Interim Counsel pursuant to Rule 23(g)(3) (the "Motion").

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Rosemary M. Rivas and supporting exhibits, the proposed order, the pleadings and files herein, and such other written or oral argument as may be presented to the Court.

Respectfully submitted,

Dated: December 13, 2018        **LEVI & KORSINSKY, LLP**

By: /s/ *Rosemary M. Rivas*
Rosemary M. Rivas
Rosanne L. Mah
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

Courtney Maccarone (to be admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

*Counsel for Plaintiff GEORGE JACK*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 23(g)(3), I, Rosemary M. Rivas, a partner with the law firm of Levi & Korsinsky, LLP (the "Firm" or "L&K"),[1] hereby apply for appointment as Interim Counsel. The appointment of Interim Counsel is necessary to protect the interests of the proposed Class members and to move the case toward class certification and trial. Additionally, the appointment of Interim Counsel will create one unified voice for the named plaintiffs and the proposed Class, will promote efficiency, and will conserve judicial resources.

I am very passionate about consumer rights, and have litigated consumer class action cases for over 17 years. I find it rewarding to prosecute and resolve cases where consumers need representation and justice so requires, even though the cases may not be very large. For example, I recently prosecuted and resolved a class action on behalf of approximately 2,500 Papyrus employees whose W2s were compromised in a phishing scam in the case titled *Sung et al. v. Schurman Fine Papers*, Case No. 17-cv-02760-LB (N.D. Cal.). The information contained on the W2s, including Social Security Numbers, was used to file fraudulent tax returns. As a result of my work in the *Sung* case, class members received payments of up to approximately $4,000 and identity theft protection services until 2022. Moreover, I negotiated the company's adoption of data security practices to address the handling of employee personal identifying information. Many class action firms would not have filed the *Sung* case on behalf of Papyrus employees considering its small size; however, my firm did.

I am highly qualified to serve as Interim Counsel given my experience working almost exclusively on consumer class action cases for the last 17 years. The cases I have worked on have resulted in recoveries of billions of dollars for consumers and important injunctive relief. Moreover, my experience is underscored by recent judicial appointments in high-profile cases. Recently, in a highly competitive applicant pool, I was appointed Interim Co-Lead Plaintiffs' Counsel in *In re Intel Corp. CPU Marketing, Sales Practices, and Products Liability Litigation,* Case No. 3:18-md-02828-SI

---

[1] The L&K firm resume and my current resume are attached to the Declaration of Rosemary M. Rivas in Support of Motion for Appointment as Interim Counsel ("Rivas Decl.") as Exhibits A and B, respectively.

(D. Or.), an MDL involving hundreds of millions of computers and other products purchased by consumers and business organizations that are now subject to security vulnerabilities as a result of Intel's allegedly flawed CPUs.

Additionally, out of approximately 150 applicants, I was selected to the Plaintiffs' Steering Committee in *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, Case No. 15-md-2672-CRB (N.D. Cal.), which settled for approximately $15 billion on behalf of consumers and involved approximately half a million vehicles on the road that polluted the environment. As a result of my work in the *Volkswagen* case, I was honored by the *Daily Journal* with a California Lawyer Attorney of the Year Award in April 2018.

Furthermore, this Court appointed me to the Plaintiffs' Executive Committee and as Co-Chair of the Discovery/Marketing Committee in the case titled, *In Re: Apple Inc. Device Performance Litigation*, Case No. 18-md-02827-EJD, an MDL arising from allegations that Apple included code in updates to its mobile operating system (iOS) that significantly reduced the performance of older-model iPhones.

As explained in more detail below, I more than meet the criteria for appointment as Interim Counsel in this litigation. Accordingly, I respectfully request that the Court grant my application.

## II. BACKGROUND

Six class actions were filed in this District involving allegations that Google illegally stores the minute-by-minute travel and location of consumers who utilize Google's applications and operating system, in contravention of users' privacy settings and Google's own representations.[2] For example, by opening up Google's Maps app, Google stores a snapshot of the user's location. Further, a search on Google will result in the user's location being saved to his or her Google account.

Plaintiffs allege that Google represented to the public and its users that it would not access users' location history if Google users took certain steps in managing their privacy settings, such as turning off the Location History feature. Plaintiffs allege that these representations were false, and as

---

[2] The cases include: *Patacsil et al. v. Google LLC*, No. 5:18-cv-05062; *Lombardo v. Google LLC*, No. 18-cv-05288; *Ali v. Google LLC*, No. 18-cv-06262; *Lee et al. v. Google LLC et al.*, No. 18-cv-06416; *Jack v. Google LLC*, No. 18-cv-06652; and *Kaufman v. Google LLC et al.*, No. 5:18-cv-06685.

revealed in a recent Associated Press investigation and confirmed by computer-science researchers at Princeton University, Google accessed and stored the precise geolocation information even from individuals who affirmatively disabled the Location History setting.

Each of the filed cases were related to the first-filed action and assigned to this Court. *See* Dkt. Nos. 26, 38, 46, and 49. On December 10, 2018, the parties filed a stipulation requesting that the cases be consolidated into a single action for all purposes under Federal Rule of Civil Procedure 42(a). *See* Dkt. No. 50. On December 11, 2018, this Court entered the order consolidating the cases. *See* Dkt. No. 51. Pursuant to the Court's order on consolidation, I hereby apply for appointment as Interim Counsel.

## III. ARGUMENT

When appointing Interim Counsel, a court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). I meet all of these criteria, and have the full backing of my firm.

### A. The Firm's Work in Identifying and Investigating the Claims in the Case

The Firm has performed a considerable amount of work in identifying and investigating the factual and legal claims in the case. Among other things, before filing suit, we conducted a thorough investigation that included analyzing Google's applicable terms of service; researching, analyzing and understanding Google's location tracking practices; reviewing the Associated Press investigative report and other relevant news articles; speaking with consumers affected by Google's practices; and researching and identifying the strongest claims to allege on behalf of Plaintiff Jack and the proposed Class, among other things. We also analyzed the motion to dismiss that Defendant filed in the *Patascil* case.

I also reached out to other Plaintiffs' counsel and proposed to them and Defendant that the parties work together to efficiently and effectively organize the Related Actions, including that we

stipulate to consolidation and agree to a streamlined briefing process on the appointment of Interim Counsel if Plaintiffs' Counsel could not reach an agreement. These discussions proved successful, as the parties were able to reach an agreement on a joint stipulation to consolidate the cases, including a streamlined briefing schedule on the appointment of Interim Counsel.

### B. The Firm Has Significant Experience Litigating Class Actions and Superior Knowledge of the Applicable Law

I manage the Firm's San Francisco office and its Consumer Litigation Group. The Firm and I have served and currently serve in several leadership positions in a number of high-stake class action cases pending in state and federal courts, as reflected in the Firm's resume. *See* Rivas Decl., Ex. A.

I have dedicated my legal career representing consumers and have a significant amount of experience and knowledge in litigating complex, class action cases against some of the largest corporations in the world, including, but not limited to, Intel, Apple, Sony, Gateway, Allergan, Volkswagen, Naked Juice, ConAgra, Health Net, and Blue Shield of California, to name a few. My professional experience and skills in class action litigation is underscored by my appointments and work in high-profile cases, as reflected in my biography. *See* Rivas Decl., Ex. B.

I am currently serving as Class Counsel in *In re: Amla Litigation*, Case No. 1:16-cv-06593-JSR (S.D.N.Y), where we succeeded in obtaining certification of a New York class of consumers who bought an allegedly defective hair relaxer. In the *Amla* matter, I personally was involved in all the briefing and handled all of the oral argument on class certification, summary judgment, and *Daubert* motions. I expect to do the same here if appointed as Interim Counsel.

Additionally, this Court appointed me to the Plaintiffs' Executive Committee in *In Re: Apple Inc. Device Performance Litigation*. I was also recently appointed as Interim Co-Lead Plaintiffs' Counsel in *In Re: Intel Corp. CPU Marketing, Sales Practices And Products Liability Litigation*, Case No. 3:18-md-2828-SI (D. Or.), an MDL arising from allegations that Intel's processors have security vulnerabilities that allow hackers to illegally access stored data, such as sensitive personal and financial information. Further, the Honorable Daniel D. Crabtree appointed me to the Plaintiffs' Steering Committee in the case titled, *In re: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*, Case No. 17-md-02785-DDC (D. Kan.), arising out of allegations

that Mylan and Pfizer violated antitrust laws and committed other violations relating to the sale of EpiPens.

My specific experience involving data privacy and security also supports my appointment in this case. I have directly worked with experts in data security, including with Dr. Larry Ponemon, the Chairman and Founder of the Ponemon Institute, "a research 'think tank' dedicated to advancing privacy, data protection and information security practices."[3] As a result of my work in data privacy cases, I have gained significant knowledge regarding the increased risks consumers face as the result of the loss of personal sensitive data and appropriate technology practices.

The most recent privacy case I prosecuted was the *Sung* matter on behalf of Papyrus employees. Final approval of the settlement was granted in July 2018. Under the settlement, Papyrus employees had the opportunity to recover money for time spent in dealing with the compromise of their W2 information, as well as for expenses incurred, for a total of up to $500.00. I negotiated provisions in the settlement to ensure that every single penny of the common fund was distributed to Class members and based on my conversations with some of them, some recoveries were as high as $4,000 as a result of the settlement's pro-rata distribution provisions. Moreover, Papyrus employees, their spouses and dependents were offered identity theft protection services through May 2022.

I was also one of the Plaintiff Steering Committee attorneys in another MDL concerning software that improperly intercepted and transmitted private communications, content, and data from cell phones, which resulted in a $9 million settlement and valuable injunctive relief. *See In re Carrier IQ, Inc., Consumer Privacy Litigation*, Case No. 3:12-md-02330-EMC (N.D. Cal.). In *Carrier IQ*, I was instrumental in formulating the Article III standing arguments that were made to defeat the motion to dismiss, among other things.

I also assisted in a global settlement for a class of approximately two million consumers against Health Net of California for failing to adequately protect private, personal, and medical information from unauthorized disclosure to third parties. *Shurtleff v. Health Net of California*, Case No. 34-2012-00121600 (Sacramento Sup. Ct. Cal.) (settled for credit monitoring, $2 million fund for

---

[3] Ponemon Institute, https://www.ponemon.org/management (last visited December 13, 2018).

identity theft costs, and improvements to company's security practices).

Based on my extensive experience and knowledge, I have been invited to speak at a number of conferences regarding class action litigation.[4]  In addition to receiving a CLAY award in 2018, in 2009, 2010, and 2011, I was selected as a *Rising Star* by Law & Politics Magazine, which recognizes the best lawyers 40 years old or under or in practice for 10 years or less.  In 2015, Bay Area Legal Aid presented me with the Guardian of Justice award for my work achievements in the law and role in helping direct *cy pres* funds to ensure equal access to the civil justice system.

Ms. Courtney Maccarone, a Senior Associate with the firm's New York office, will work with me on this case.  Ms. Maccarone graduated from Brooklyn Law School, *magna cum laude*, in 2011, and has similarly dedicated her legal career to representing consumers.  She has focused her practice on prosecuting consumer class actions since day one and has a significant amount of experience litigating class actions involving defective products and consumer fraud.  She has been honored as a New York Super Lawyers "Rising Star" for the last five consecutive years.

Ms. Rosanne L. Mah, a Senior Associate with the firm's San Francisco office, will also be part of the team in this case.  Ms. Mah graduated from the University of San Francisco, School of Law in 2005, and has devoted her practice to representing consumers in complex class actions for the last several years.

Additionally, the Firm and its other attorneys have received a number of leadership appointments and accolades in other types of complex litigation, including securities class actions. Recently, ISS Securities Class Action Services ("SCAS") released its annual Securities Class Action Services Top 50 report for 2017 listing the top 50 plaintiffs' law firms ranked by the total dollar value of final securities class action settlements in which a law firm served as lead or co-lead counsel.  The Firm was again included in the SCAS 50.

---

[4] Speaking engagements include: *The Right Approach to Effective Claims*, 2018 (Beard Group - Class Action Money & Ethics); *Section 17200: The Fertility of Man's Invention*, 2016 (The Bar Association of San Francisco); *Data Privacy Law 101: U.S. Data Privacy and Security Laws*, 2015 (The Bar Association of San Francisco); *Food Labeling and False Advertising Class Actions*, 2015 (The Bar Association of San Francisco); and *Class Actions: New Developments & Approaches for Strategic Response*, 2013 (American Bar Association).

### C. The Firm Is Willing and Able to Commit to a Time-Consuming Process and Pledges to Commit All Resources Necessary to Advance and Successfully Litigate this Action

The Firm is willing and able to commit to a time-consuming process for however long it takes. We recognize that successfully prosecuting this litigation against a resourceful defendant such as Google on behalf of millions of mobile phone users who affirmatively opt-out of location tracking will require speedy and efficient advocacy, and sufficient personnel and financial resources.  We are prepared to commit the requisite personnel and financial resources of the Firm from beginning to end.

The Firm is a well-established, successful law firm that has the financial resources to pursue a case of this magnitude.  The Firm has over 30 attorneys based in San Francisco, New York City, Washington, D.C., and Stamford, Connecticut and thus we are able to provide the personnel and resources that are required of the case.  The Firm's highly experienced attorneys and support staff are skilled at dealing cooperatively with co-counsel to maximize efficiencies and avoid unnecessary costs and expenses.

Specifically, with a team of over 30 experienced litigators, the Firm is able to fund all of the obligations to litigate this case.  To date, the case has been staffed with myself, Ms. Courtney Maccarone, Ms. Rosanne Mah, and Ms. Emily Bigelow, an experienced paralegal.  The Firm is able to increase the size of the personnel on this case and utilize its resources on both the East and West Coasts as needed.

### D. Other Factors Support My Appointment to a Leadership Role

I am immensely satisfied from my work when, at the end of the day, my clients contact me expressing gratitude and appreciation for the results of the cases we have successfully litigated and favorably resolved.  My goal, if appointed as Interim Counsel in this case, is to achieve the best possible result for Class members, including the protection of their privacy.

The Firm also recognizes that civility and professionalism benefits all parties, their counsel, the judiciary, and the legal path toward justice.  As demonstrated by the Firm's and my successful records, we are committed to working cooperatively with all counsel and each believe that respect, cooperation, efficiency, and civility among other plaintiffs' lawyers and defense counsel is necessary

to achieve the best overall results for affected Class members. The nature of the cases I have handled in other national class litigation and MDL proceedings strongly evidences that ability and commitment. Given my history, the Court can be assured that I am both capable and willing to serve alongside any other counsel this Court may see fit to appoint to a leadership position.

While I believe that the successful prosecution of this case requires only one firm serving as Interim Counsel, Interim Counsel should have the flexibility to seek out assistance by other firms who filed related cases. In any event, if appointed Interim Counsel, I will ensure that the case is prosecuted effectively and efficiently.

## IV.   CONCLUSION

Based on the foregoing reasons, I respectfully request that the Court appoint me as Interim Counsel.

Respectfully submitted,

Dated: December 13, 2018    **LEVI & KORSINSKY, LLP**

By: /s/ *Rosemary M. Rivas*
Rosemary M. Rivas
Rosanne L. Mah
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

Courtney Maccarone (to be admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

*Counsel for Plaintiff George Jack*