1  IVY T. NGO (249860)
   **FRANKLIN D. AZAR & ASSOCIATES, P.C.**
2  14426 East Evans Avenue
3  Aurora, CO 80014
   Telephone:  (303) 757-3300
4  Facsimile:  (720) 213-5131
   ngoi@fdazar.com
5

6                    **UNITED STATES DISTRICT COURT**

7                    **NORTHERN DISTRICT OF CALIFORNIA**

8                              **SAN JOSE DIVISION**

9

| In re Google Location History Litigation | ) Case No. 5:18-cv-05062-EJD |
|---|---|
| | ) **CLASS ACTION** |
| | ) **NOTICE OF MOTION AND MOTION OF LESLIE LEE, STACY SMEDLEY AND FREDRICK DAVIS AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF INTERIM LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | ) Date:       March 28, 2019 |
| | ) Time:       9:00 A.M. |
| | ) Judge:      Hon. Edward J. Davila |
| | ) Courtroom:  4, 5th Floor |

                    **NOTICE OF MOTION AND MOTION**

          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

     PLEASE TAKE NOTICE THAT on March 28, 2019 at 9:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled court, located at 280 South 1st Street, San Jose, California 95113, Plaintiffs Leslie Lee, Stacy Smedley, and Fredrick Davis will and hereby do move for an order appointing Ivy T. Ngo, as interim lead counsel for the proposed class in the above captioned action.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Ivy T. Ngo and supporting exhibit, Declaration of Leslie Lee, Declaration of Stacy Smedley, the proposed order, the pleadings and files herein, and such other written or oral argument as may be present to the Court.

**STATEMENT OF ISSUE TO BE DECIDED**

For the reasons set forth in the Memorandum of Points and Authorities, the Court should appoint, Ivy T. Ngo of Franklin D. Azar & Associates, P.C. as Lead Plaintiffs' Counsel in this case pursuant to Federal Rule of Civil Procedure 23(g).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Ivy T. Ngo, the head of the class action group at Franklin D. Azar & Associates, P.C. ("FDAzar") and an attorney with significant experience in prosecuting and managing complex litigation, should be appointed Lead Plaintiffs' Counsel in this putative class action. Appointment of Ms. Ngo of FDAzar as Lead Plaintiffs' Counsel will provide the proposed Class with efficient and streamlined decision-making under the direction of one law firm and avoid the complications often created by the appointment of a pre-packaged, multiple law firm co-lead counsel/committee structure. *See In re Cathode Ray Tube* (CRT) *Antitrust Litig*, No. 07-cv-594, 2008 WL 2024957, at *1 (N.D. Cal. May 9, 2008) ("The Court is convinced[] that a single firm will usually provide more effective and efficient representation that a group of two or more firms.") Ms. Ngo's appointment by the Court will assure that the proposed Class's interest will be well protected, and that the case will advance in a practical and efficient manner.

If appointed as Lead Plaintiffs' Counsel, Ms. Ngo, along with her FDAzar colleagues, can effectively litigate this case and also can marshal, as appropriate, the talents of other qualified counsel who have filed related cases before the Court. Should the Court select additional or other counsel to serve as lead, co-lead or as part of an executive or other committee, Ms. Ngo and her firm colleagues will work cooperatively with such other counsel, as they have consistently done in the past.

1    FDAzar has already invested time and resources in this litigation and has a desire and
2 passion to be involved in this litigation so that we have the ability to not only fairly and
3 adequately represent the interest of our clients, but the interests of the class.

4    **II.    FACTUAL BACKGROUND**

5    This case involves a deliberate practice by Google to collect personal information from
6 which it can generate millions of dollars in revenue by covertly recording contemporaneous
7 location data about Android and iPhone mobile phone users who are using Google Maps or
8 other Google applications and functionalities ("Users"), but who have specifically opted out of
9 such tracking. According to Google's own support page, Users "can turn off Location History at
10 any time. With Location History off, the places you go are no longer stored. When you turn off
11 Location History for your Google Account, it's off for all devices associated with that Google
12 Account."

13    Despite this representation to Users, an Associated Press investigation ("AP
14 Investigation") announced on August 13, 2018, that – as confirmed by a Princeton computer-
15 science researcher – Google surreptitiously tracked Users' locations even when they explicitly
16 opted-out of such tracking. Specifically, if Users only disabled "Location History" in the
17 settings of their Google account and nothing else, Google continued to automatically store time-
18 stamped location and data without obtaining consent from those Users. Pausing or disabling the
19 "Location History" setting only prevented Google from aggregating Users' location data and
20 visualizing that data in a timeline – but did not prevent Google from tracking and storing Users'
21 valuable location data.

22    Users who wished to prevent Google from saving their location data had to disable a
23 setting in their account titled "Web and App Activity" – even though Google did not mention
24 location data with regard to this setting and did not disclose to Users that this setting also
25 allowed their location to be tracked. Google thus misrepresented how, and to what extent, Users
26 controlled their location data and, by collecting their location data without their consent,
27 invaded their privacy for its own profit.

28

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF INTERIM LEAD COUNSEL
CASE NO. 5:18-cv-05062-EJD                 3

Google improperly baited Users into using its applications and functionalities without worrying about their privacy by representing to them that they could control Google's access to their location data and allowing them to opt out of giving Google their location data, then Google switched Users into allowing it to collect their location data.

Google changed its disclosures in response to the revelations from the AP Investigation after it had already obtained valuable location data from Users without their consent. Google's attempt to paper over its misrepresentations and omissions after its deceptive practice of secretly amassing a considerable amount of profitable data based on deliberate misrepresentations and omissions does not absolve it of liability.

### III. ONE COUNSEL, FDAZAR, SHOULD BE APPOINTED AS INTERIM LEAD PLAINTIFFS' COUNSEL

The scope of this action lends itself to the appointment of one lead counsel who can utilize and include of other counsel who have filed related cases as necessary to support the plaintiffs' case. This structure will ensure the streamlined, efficient coordination of work and the significant pooling of resources that this case will require.

Ms. Ngo is the head of FDAzar's class action group. The Declaration of Ivy T. Ngo ("Declaration"), setting forth her extensive knowledge and experience in prosecuting complex class action cases, her willingness to work collaboratively and cooperatively with all plaintiffs' counsel, her willingness and ability to commit her and FDAzar's time and extensive resources to this action, and her commitment to prioritizing the interests of the proposed class, is attached hereto as Exhibit 1.

Ms. Ngo is currently leading the litigation in *In re Edward D. Jones & Co., L.P. Securities Litigation, Kipling v. Flex Ltd.*, and *Armando Herrera et al. v. Wells Fargo Bank, N.A.* Prior to joining FDAzar, Ms. Ngo had a key role in the successful prosecution of securities fraud cases resulting in hundreds of millions of dollars in recoveries for injured investors. Among others, those cases include In re *Cardinal Health, Inc. Sec. Litig.* ($600 million recovery); *Jones v. Pfizer Inc.* ($400 million recovery); *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, et al. ($388 million recovery); *In re HealthSouth Corp. Sec.*

*Litig.* ($250.5 million recovery); *Silverman v. Motorola, Inc.* ($200 million recovery); *In re MGM Mirage Securities Litigation* ($75 million recovery); *Massachusetts Bricklayers and Masons Trust Funds et al v. Deutsche Alt-A Securities Inc et al.,* ($32.5 million recovery); *City of Ann Arbor Employees' Retirement System et al. v. Citigroup Mortgage Loan Trust Inc. et al.* ($25 million recovery), *In re Genworth Financial, Inc. Sec. Litig.* ($20 million recovery); and *Shankar v. Imperva, Inc.* ($19 million recovery).

Ms. Ngo has been recognized for her legal work, including being named a Super Lawyer. She is admitted to the State Bar of California and is licensed to practice in all California state and U.S. District Courts as well as the U.S. District Courts for the Districts of Colorado and Maryland. She is also registered to practice before the U.S. Patent and Trademark Office. Ms. Ngo graduated with a Bachelor of Arts degree in English with departmental honors and a Minor in Neuroscience from the University of California, Los Angeles. She earned her Juris Doctor degree from the Rutgers University School of Law-Camden.

If appointed Interim Lead Counsel, Ms. Ngo will oversee and manage the litigation and coordinate the resources and efforts of other plaintiffs' counsel.

## IV. FDAZAR MEETS THE STANDARD FOR APPOINTING INTERIM CLASS COUNSEL UNDER THE FEDERAL RULES

Prior to class certification, courts may appoint interim class counsel under Federal Rule of Civil Procedure 23 ("Rule 23"). Interim class counsel is generally appropriate "[i]n cases . . . where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings. . . ." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

Under Rule 23, the standard for the appointment of an interim class counsel is that appointed attorneys "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). To make this determination, courts consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to

1  representing the class. Fed. R. Civ. P. 23(g)(1)(A). Additionally, courts may "consider any other
2  matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."
3  Fed. R. Civ. P. 23(g)(1)(B).

### A. FDAzar has Done Significant Work to Identify and Investigate Potential Claims in This Action

Prior to filing this case, FDAzar investigated and researched the manner and methods by which Google tracked its users to determine whether it misused and violated consumers' privacy rights. These efforts and other by the lawyers in FDAzar's class action group have led to the creation of a body of extensive research and information which will give FDAzar a head start when active litigation begins. FDAzar also researched and investigated potential damages to the class caused by Google's wrongful conduct.

The work counsel has done to investigate and advance the litigation – weighs in favor of appointment of Ms. Ngo of FDAzar as interim class counsel. The operative complaint filed by Plaintiffs Leslie Lee, Stacy Smedley, and Frederick Davis ("Plaintiffs") is the fruit of considerable efforts of FDAzar to collect and analyze information regarding Google's practice of tracking its users. FDAzar is confident that each count asserted in the complaint sets forth a legally valid and factually supported ground for relief based upon Counsel's investigation into Google tracking. Since filing a complaint, FDAzar has continued to investigate and advance the proposed Class's claims against Google.

### B. FDAzar has Experience in Handling Class Actions and Claims of the Type Asserted in the Action and has Knowledge of the Applicable Law

FDAzar has the requisite experience and knowledge to be appointed interim class counsel in this case. Founded in 1987, FDAzar is one of the biggest plaintiffs' firms in Colorado with over fifty attorneys. FDAzar is well known in the class action community. For over 30 years, its attorneys have protected the rights of individuals who have been taken advantage of by big corporations, and during that time, have secured over $1.5 billion in compensation for those individuals – including over $750 million from Walmart Inc. in a wage and hour dispute that spanned approximately 26 states. In addition, FDAzar has been and is involved in class

actions against other large corporations like the Hewlett-Packard Company, Wells Fargo & Company, Facebook Inc., Edward D. Jones & Co., L.P., Flex Ltd., and 401k plan sponsors. FDAzar's class action group is staffed with experienced and knowledgeable attorneys who focus on litigating large, complex cases on behalf of consumers, employees, and investors who have suffered losses.

The FDAzar class action group is headquartered in Aurora, Colorado and is led by Ms. Ngo, an experienced class action attorney. FDAzar's class action attorneys have represented victims of a broad array of corporate misconduct – from failing to refund money owed to consumers to failing to protect the private information of consumers from data breaches – and have been appointed as lead or co-lead in consumer protection actions by courts throughout the nation.

Counsel's experience in handling class actions, complex litigation, and claims of the type asserted in the action, and counsel's knowledge of the applicable law further demonstrates that Ms. Ngo of FDAzar is extremely qualified to serve as Interim Lead Plaintiffs' Counsel in this litigation. *See* MOORE's FEDERAL PRACTICE 23.120(3)(b)-(c) ("Court will consider both counsel's experience in other cases {and} knowledge of the applicable law").

Ms. Ngo has dedicated her practice exclusively to representing plaintiffs in large class litigation which has resulted in the recovery of hundreds of millions of dollars on behalf of aggrieved investors. The timing and complexity of these matters often required Ms. Ngo to marshal efficient resources and effective collaboration with multiple members of plaintiffs' counsel and defense counsel. Ms. Ngo, like her FDAzar colleagues, strives to provide excellent results through smart litigation practices, quality control, and determined efforts. Ms. Ngo is poised to zealously represent the proposed Class in this litigation.

### C. FDAzar Would Be Able to Commit Financial and Human Resources Required to Adequately Represent the Class

In a case such as this, where the proposed class faces a well-financed adversary represented by capable and well-funded counsel, the proposed class should be afforded representation by counsel with similar resources. *See In re SSA Bonds Antitrust Litig.*, No. 16

1  Civ. 3711 (ER), 2016 U.S. Dist. LEXIS 178048, at *11-12 (S.D.N.Y. Dec. 22, 2016) (noting
2  that the appointed firms had "substantially more resources at their disposal than the other
3  applicant teams, including an in-house litigation support group and more than 850 attorneys
4  worldwide"). FDAzar has the financial wherewithal and possesses superior investigatory and
5  litigation resources to represent the proposed class effectively and efficiently. *In re Cavanaugh*,
6  306 F.3d 726, 735 (9th Cir. 2002). Proof of a firms' resources and capabilities lie in its multi-
7  decade track records of successfully prosecuting complex actions requiring tremendous
8  commitments of financial and litigation resources. FDAzar has consistently advanced litigation
9  costs in matters of comparable or even greater size and complexity. Outstanding results, such as
10 those FDAzar has achieved, are often only possible when counsel have the resources and
11 experience necessary to properly prepare a case like this for trial. FDAzar understand the
12 demands of this case and will deploy all resources necessary to investigate and prosecute this
13 case vigorously on behalf of the proposed class.

14 FDAzar is fully and immediately committed to devote the time necessary to effectively
15 and efficiently litigate this case to resolution, whether by settlement or trial. Given the
16 substantial leadership experience in prosecuting complex consumer class actions, FDAzar is
17 well aware of the commitment required in a case of this nature and understands the need to
18 commit themselves fully to this class action.

19 FDAzar has already committed significant resources to investigating Plaintiffs' and the
20 proposed class's claims against Google, and will continue to commit the resources, time, and
21 expertise of its attorneys to fully protect the proposed class. As one of the largest plaintiffs' law
22 firms in Colorado, FDAzar has the necessary financial resources and legal experience to
23 equalize the playing field in pursuit of justice for its clients, and to prosecute this action to a
24 successful outcome. The 10 attorneys in FDAzar's class action group have the cumulative
25 knowledge, skill, and experience necessary to effectively and efficiently litigate this matter. The
26 formidable resources of the firm and its proven track record for working professionally and
27 collaboratively with others will allow it to effectively lead this litigation.

28

Complex litigation rarely resolves quickly. Often the success of a class action turns as much on the strength of the Class's claims as it does on the strength of the Class's counsel. In addition to having the knowledge and skills to prosecute this action, FDAzar has the demonstrated ability and desire to commit to the case no matter how time consuming it becomes. For example, in its wage and hour class action against the Hewlett-Packard Company, FDAzar prosecuted the case for seven years before settling at the eve of trial. With over fifty attorneys, FDAzar is well resourced to lead this action alone or in concert with other firms. FDAzar understands and appreciates the present and future nature of this time-consuming litigation and is completely prepared to commit future time and resources to this litigation. FDAzar has already committed substantial resources to researching, reviewing, and analyzing the pleadings filed in all related cases. These efforts by FDAzar's class action team in meticulously analyzing information relevant to this litigation are exemplary of its commitment to the case which would continue throughout the course of the litigation.

### D. FDAzar Will Fairly and Adequately Represent the Interests of the Proposed Class

FDAzar recognizes that its ability to protect and prioritize the interests of the proposed class is central to its ability to obtain the most efficient and favorable outcome for the class. Given the issues at stake in this litigation and the potential life-long effects victims of Google tracking will experience, FDAzar's unbridled commitment to the proposed class is of paramount importance.

### V. FDAZAR'S ATTORNEYS PRIDE THEMSELVES ON THEIR ABILITY TO WORK COOPERATIVELY AND COLLABORATIVELY WITH OTHER COUNSEL

FDAzar's class action attorneys are not only skilled class action litigators, they also have reputations as collegial and respectful lawyers, accustomed to working with civility, respect, and candor towards their co-counsel, as well as the Court and defense counsel. While this litigation will be hard fought and will undoubtedly include good faith disagreements, the Court can rest assured that with FDAzar at the helm, the litigation will proceed with an underlying spirit of mutual respect, and above all, professionalism.

1    FDAzar is fully equipped to address the various complexities that may arise in this litigation while keeping unnecessary costs to a minimum. However, FDAzar is mindful that other experienced firms seek appointments to leadership positions and recognize the wealth of knowledge and expertise they bring to the table. To that end, FDAzar is committed to an inclusive management style that would welcome and seek the participation of other firms that have filed related cases in this litigation. Drawing on their long history of directing litigation involving multiple firms and working cooperatively with multiple co-counsel, FDAzar is confident that it can harness available efficiencies and opportunities for coordination to benefit the proposed class and avoid unnecessarily burdening the Court.

## VI.  CONCLUSION

FDAzar presents a model of superior efficiency, cost-effectiveness, experience, knowledge, and resources. The firm has already devoted substantial time and work in investigating and pursuing the claims in this litigation. Here, given the facts of this action, Plaintiffs' proposed leadership structure avoids the inefficiency inherent in many co-lead appointments. By appointing Ms. Ngo as Interim Lead Plaintiffs' Counsel, this Court can ensure a judicious preservation of the time and resources of the parties, the proposed class, and this Court. As such, Plaintiffs respectfully request that this Court appoint Ivy T. Ngo of FDAzar as Interim Lead Plaintiffs' Counsel.

DATED: December 13, 2018

Respectfully submitted,

**Franklin D. Azar & Associates, P.C.**

*/s/ Ivy T. Ngo*
Ivy T. Ngo (249860)
14426 E. Evans Avenue
Aurora, CO  80014
Telephone: 303-757-3300
Facsimile:  720-213-5131
Email:       ngoi@fdazar.com

**CERTIFICATE OF SERVICE**

I, hereby certify that on December 13, 2018, I authorized the electronic filing of the foregoing, the Notice of Motion and Motion for Lead Plaintiff and Approval of Interim Lead Counsel, Declaration of Ivy T. Ngo in Support, and the Proposed Order using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List maintained by this Court.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 13, 2018, at Aurora, Colorado

By: *Ivy T. Ngo*
Ivy T. Ngo