KEKER, VAN NEST & PETERS LLP
BENEDICT Y. HUR - # 224018
bhur@keker.com
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
KATHRYN BOWEN - # 312649
kbowen@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendants GOOGLE LLC,
XXVI HOLDINGS INC. and ALPHABET INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 18-cv-05062 - EJD<br><br>**DEFENDANTS' OMNIBUS RESPONSE TO PLAINTIFFS' MOTIONS TO APPOINT INTERIM CLASS COUNSEL**<br><br>Date:     March 28, 2019<br>Time:    9:00 a.m.<br>Dept:    Courtroom 4 - 5th Floor<br>Judge:   Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

## I. INTRODUCTION

On December 13, 2018, Plaintiffs filed five separate motions requesting appointment of lead plaintiff and interim class counsel. *See* Dkt. Nos. 52–56. In each motion, Plaintiffs' counsel contends that they should be appointed interim lead or co-lead class counsel under Federal Rule of Civil Procedure ("Rule") 23(g)(1). Though Google does not oppose the appointment of interim class counsel and does not take a position on which law firm should be appointed interim lead counsel, Google requests that the Court appoint no more than one, or at most two, law firms to act as interim lead counsel. Doing so will maximize efficiency and effectiveness in managing this litigation, thereby serving the rationale underlying appointment of interim class counsel in the first instance.

## II. ARGUMENT

Courts may "designate interim counsel during the pre-certification period if **necessary** to protect the interests of the putative class." *Kristin Haley v. Macy's, Inc.*, No. 15-CV-06033-HSG, 2016 WL 4676617, at *3 (N.D. Cal. Sept. 7, 2016).[1] Though Rule 23(g) nominally pertains only to the appointment of class counsel, courts apply the Rule's factors in considering the appointment of "interim" class counsel leads. *See, e.g.*, *Lowery v. Spotify USA Inc.*, No. CV1509929BRORAOX, 2016 WL 6818756, at *3 (C.D. Cal. May 23, 2016). Those factors are "**(i)** the work counsel has done in identifying or investigating potential claims in the action; **(ii)** counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; **(iii)** counsel's knowledge of the applicable law; and **(iv)** the resources that counsel will commit to representing the class." *Id.* A court may consider other "pertinent" matters as well. *Id.*

Under this need-based, multi-factor framework, courts in this district routinely deny motions for appointment of interim counsel where that appointment is not **required** for efficiency or to serve the interests of the putative class. For instance, in *Kristin Haley*, the district court denied plaintiffs' request to appoint three law firms as interim counsel because doing so would

---

[1] Unless otherwise stated, emphases were added to quotations and internal punctuation, alternations, and citations were omitted from them.

not increase efficiency.  2016 WL 4676617, at *3.  So too in *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *2–3 (N.D. Cal. June 21, 2016) (collecting cases and finding appointment of interim class counsel unnecessary).

Here, Google does not oppose the appointment of interim class counsel.  However, Google requests that the Court appoint a single law firm to serve as interim class counsel.  Doing so will avoid inefficiency, duplication of work, and mismanagement risk in these six, now-consolidated putative-class actions.  For example, Plaintiffs do not need more than a single law firm to organize a consolidated complaint, or to draft an opposition to a motion to dismiss.  Spreading that work among many firms will introduce inefficiencies and increase the cost of litigation unnecessarily.  Similarly, requiring Google to negotiate with multiple plaintiffs' firms over routine litigation activities—such as preparing case management statements and addressing discovery tasks—will multiply the expense and burden of those tasks and result in significant duplication of efforts.  Considering the similarity among Plaintiffs' complaints, there is no reason a single law firm (or at most two law firms) could not adequately represent the interests of the putative class.  In contrast, appointing more than one or two law firms will undermine any efficiency to be gained by selecting interim representation, and will merely recreate the status quo—a "gaggle of law firms jockeying to be appointed class counsel."  *Parrish v. Nat'l Football League Players Inc.*, No. C 07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007).

### III.   CONCLUSION

For these reasons, Google requests that the Court limit its appointment of interim class counsel to no more than one or, at most, two law firms.

//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | Dated: December 27, 2018 | KEKER, VAN NEST & PETERS LLP |
| 2 | | |
| 3 | | By: */s/ Benjamin Berkowitz* <br> BENEDICT Y. HUR |
| 4 | | BENJAMIN BERKOWITZ <br> THOMAS E. GORMAN |
| 5 | | KATHRYN BOWEN <br> CHRISTINA LEE |
| 6 | | |
| 7 | | Attorneys for Defendants GOOGLE LLC, XXVI HOLDINGS INC. and ALPHABET INC. |