Michael W. Sobol (Bar No. 194857)
msobol@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

Hank Bates (Bar No. 167688)
hbates@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th St.
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Attorneys for Plaintiffs Napoleon Patacsil, Mark Carson, Najat Oshana, Nurudaaym Mahon, and Richard Dixon*

Tina Wolfson (Bar No. 174806)
twolfson@ahdootwolfson.com
Alex R. Straus (Bar No. 321366)
astraus@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310-474-9111
Facsimile: 310-474-8585

*Attorneys for Plaintiff Aichi Ali*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND ENTRY OF CASE MANAGEMENT ORDER** |

1    *Patacsil* and *Ali* Counsel[1] should be appointed Interim Co-Lead Counsel for the Class.
2    Their collective experience litigating complex privacy and data security class actions, including
3    against the very same Defendants[2] here, uniquely qualifies them to best serve the interests of the
4    proposed Class. *Patacsil* and *Ali* Counsel have the relevant technical experience necessary,
5    including analyzing digital personal and location data, reviewing social media source code, and
6    developing privacy-based damages models. (Dkt. 54, hereafter "Application" or "App."). 
7    Counsel have already exercised their unique expertise by devoting significant resources to
8    conduct a thorough extensive pre-filing investigation, including forensic research into
9    Defendants' location tracking practices.

10       Defendants do not, and could not, challenge Counsel's expertise and experience or that
11   they have the resources and commitment to prosecute this case with vigor and efficiency.
12   Instead, Defendants purport to know what structure of Plaintiffs' counsel will be best for the
13   proposed Class, asserting that the depth of experience and resources of Plaintiffs' counsel should
14   be sacrificed for the sake of economy or supposed "efficiency." (*See* Defendants' Response to
15   Plaintiffs' Motion to Appoint Interim Class Counsel (Dkt. 58), hereafter, "Response" or "Resp.").
16   Defendants' self-interested view should carry no weight.

17       Specifically, Defendants' request that the Court reject any three-firm Plaintiffs' team is
18   nothing less than a transparent attempt to escape having the prosecution of these claims led by the
19   counsel with the most relevant experience and whose legal and factual investigation and analysis
20   have set the template in this litigation, that is, *Patacsil* and *Ali* Counsel. Defendants' interjection
21   seeking to influence the selection Class Counsel in this manner should be rejected outright as
22   antithetical to the adversarial process.

23       Moreover, *Patacsil* and *Ali* Counsel, comprised of three firms from just two of the related
24   cases, will litigate this case more efficiently than any other of the Plaintiffs' counsel seeking
25   appointment, largely *because* of *Patacsil* and *Ali* Counsel's superior experience in this area.

---

[1] Michael Sobol of Lieff Cabraser Heimann & Bernstein, LLP, Hank Bates of Carney Bates & Pulliam, PLLC, and Tina Wolfson of Ahdoot & Wolfson, PC.

[2] "Defendants" are Google LLC, XXVI Holdings Inc., and Alphabet Inc.

- 1 -    PLTFS' REPLY ISO MTN FOR APPOINTMENT OF
         INTERIM CLASS COUNSEL AND CMO
         CASE NO. 5:18-CV-05062-EJD

1  Defendants do not challenge the evidence in Counsel's application showing that Counsel have
2  worked—and presently work—collaboratively and successfully together as Co-Lead Counsel in
3  numerous digital privacy cases.  (App. at 8-14.)  Defendants also cannot identify any concrete,
4  credible ways in which the appointment of *Patacsil* and *Ali* Counsel would "introduce
5  inefficiencies and increase the cost of litigation unnecessarily" (*id*.), particularly in light of
6  Counsel's evidence to the contrary.  (*See* App. at 8-14; notably, *Patacsil* counsel have already
7  efficiently and economically coordinated on filing a single complaint.)  Adopting Defendants'
8  meritless position would simply result in the Class losing resources and the benefit of the counsel
9  most qualified to lead this litigation and secure the best result for members of the Class.

10  Defendants' cited authority does not support its proposition that three-firm leadership
11  structures are disfavored.  Each of the authorities Defendants cite found that appointment of *any*
12  interim class counsel was not appropriate under the circumstances of those specific cases.  In *In
13  re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *3 (N.D. Cal. June
14  21, 2016), the court found that interim counsel was not necessary where the case did not "involve
15  competing lawsuits pending in district court that may be consolidated in the near future" and
16  where all of the law firms seeking leadership roles "intended to cooperate with one another from
17  the start of the case, rendering appointment of interim class counsel unnecessary."  That is not the
18  case here, where consolidation has been sought and granted (Dkt. 50, 51) and there are five
19  competing applications for interim class counsel pending before the Court (Dkt. 52, 53, 54, 55,
20  56).  Likewise, appointment of interim counsel was unnecessary in *Kristin Haley v. Macy's, Inc.*,
21  No. 15-CV-06033-HSG, 2016 WL 4676617, at *3 (N.D. Cal. Sept. 7, 2016), where plaintiffs
22  sought appointment of three of the four firms involved in the litigation, and all of the firms agreed
23  to "work collaboratively and cooperatively to advance the litigation," rendering appointment of
24  interim counsel unnecessary.  Here, by contrast, multiple firms have filed competing applications.
25  Lastly, *Parrish v. Nat'l Football League Players Inc.*, No. C 07-00943 WHA, 2007 WL 1624601,
26  at *9 (N.D. Cal. June 4, 2007), is also inapplicable, as the court held that appointment of interim
27  counsel was unnecessary where—unlike here—a single action was filed by a single law firm and
28  "[n]o consolidation with other actions [was] on the horizon."

In short, Defendants' authority provides little guidance in a case such as this one. Indeed, where there *are* overlapping, competing, and duplicative lawsuits, courts routinely appoint three-firm co-leadership structures, which prove entirely capable of efficient and effective case management and prosecution. *See, e.g.*, *In re 5-Hour Energy Mktg. v. Innovation Ventures, LLC*, No. 13-4001, 2013 WL 12134144, at *3 (C.D. Cal. Nov. 8, 2013) (rejecting argument that, at most, two firms should be appointed as Interim Class Counsel, and finding "that the interests of the prospective class members will be best served by appointing three firms as Interim Co-Lead Class Counsel"); *Benkle v. Ford Motor Co.*, No. 16-1569, 2017 WL 8220707, at *3-5 (C.D. Cal. Apr. 28, 2017) (finding that three-firm Interim Class Counsel appointment was in best interests of class). Numerous other courts across the United States have found three-way leadership structures appropriate in complex class action cases. *See, e.g.*, *In Re Equifax, Inc. Customer Data Security Breach Litigation*, No. 17-md-2800 (N.D. Ga.); *In Re In Kind LLC "Healthy And All Natural" Litigation*; No. 15-md-2645 (S.D.N.Y.); *In Re The Home Depot Inc. Customer Data Security Breach Litigation*, No. 14-md-02583 (N.D. Ga.); *In Re Whole Foods Market, Inc., Greek Yogurt Marketing And Sales Practices Litigation*, No. 14-mc-2588 (W.D. Tex.); *Pappas v. Naked Juice Co. of Glendora, et al.*, No. 11-cv-08276 (C.D. Cal.).

Defendants' argument that the leadership structure proposed by *Patacsil* and *Ali* Counsel will force them "to negotiate with multiple plaintiffs' firms over routine litigation activities" (Resp. at 3) would prohibit co-leads of any number. Defendants' Response fails to inform this Court that they have extensive experience working efficiently opposite a co-lead structure, including cases in the Northern District of California with counsel for *Patacsil* as co-lead counsel.[3] Defendants' Response fails to identify any such inefficiencies in those cases, and its contention that co-lead structures are inherently inefficient runs counter to the trend in complex class action litigation nationwide.

As such, Defendants' Response makes all the more plain why *Patacsil* and *Ali* Counsel merit appointment as interim Class Counsel. While all of the attorneys seeking appointment as Lead or Co-Lead Counsel are experienced attorneys, here, the *most* experienced attorneys—those

---

[3] *See In Re High-Tech Employee Antitrust Litigation*, No. 11-cv-2509-LHK (N.D. Cal.).

who demonstrably can prosecute this case collaboratively and effectively—have coalesced into the team that Defendants seek to eliminate: *Patacsil* and *Ali* Counsel.  Defendants should not be permitted to dictate the litigation strategy or resources of their opponents by strategically opposing the most qualified counsel; such a process would allow Defendants to hamstring the putative Class before a consolidated complaint is even filed.  Defendants' tactical Response demonstrates that the putative Class's interests are best served by the appointment of *Patacsil* and *Ali* Counsel as Interim Co-Lead Counsel.

Dated: January 3, 2019                     Respectfully Submitted,

/s/ Michael Sobol

Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
Melissa A. Gardner (State Bar No. 289096)
mgardner@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Hank Bates (State Bar No. 167688)
Allen Carney (*pro hac vice*)
David Slade (*pro hac vice*)
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR 72201
Telephone:  501.312.8500
Facsimile:  501.312.8505

*Attorneys for Plaintiffs Napoleon Patacsil, Mark Carson, Najat Oshana, Nurudaaym Mahon, and Richard Dixon*

Dated:  January 3, 2019                     Respectfully Submitted,

*/s/ Tina Wolfson*

Tina Wolfson (State Bar No. 174806)
twolfson@ahdootwolfson.com
Alex R. Straus (State Bar No. 321366)
astraus@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

*Attorneys for Plaintiff Aichi Ali*

**ATTESTATION**

I, Michael W. Sobol, hereby attest, pursuant to Northern District of California, Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from each of the signatories hereto.

Dated: January 3, 2019          By: _____
                                    Michael W. Sobol