KEKER, VAN NEST & PETERS LLP
BENEDICT Y. HUR - # 224018
bhur@keker.com
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
KATHRYN BOWEN - # 312649
kbowen@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendants GOOGLE LLC,
XXVI HOLDINGS INC. and ALPHABET INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062 - EJD<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Dept:      Courtroom 4 - 5th Floor<br>Judge:     Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

Pursuant to Civil Local Rule 6-3, defendants Google LLC, XXVI Holdings Inc., and Alphabet Inc. (collectively, "Google") respectfully move the Court for an order **(1)** vacating the Consolidated Case Management Conference ("CMC") currently set for March 28, 2019; and **(2)** continuing the Consolidated CMC to the first available date after the Court rules on Google's anticipated motion to dismiss. *See* Dkt. No. 51. At present, there is no operative complaint on file; the 12 plaintiffs from the previously filed (non-operative) complaints are represented by 8 different law firms operating in 6 separate groups; and plaintiffs are not expected to file a Consolidated Complaint until several weeks after the currently scheduled CMC. A CMC held at this point would not advance any important objective and would only result in wasted time and effort.

For background, on December 11, 2018, the Court approved the parties' stipulated proposal to consolidate six previously filed actions under Federal Rule of Civil Procedure 42(a). Dkt. No. 51. In this stipulated order, the parties agreed that plaintiffs could move for appointment of Interim Class Counsel. *See id.* at 2. The various plaintiffs' firms have filed five dueling motions seeking that appointment. Dkt. Nos. 52, 53, 54, 55, 56. Those motions have been fully briefed, and are set for a hearing on March 28, 2019 at 9:00 a.m. The Court also agreed that plaintiffs should file a single Consolidated Complaint 28 days after the Court's ruling on appointment of Interim Class Counsel. *Id.* at 2. Finally, the Court approved a consolidated schedule for Google's motion to dismiss. *Id.* Google's motion to dismiss is due 28 days after the Consolidated Complaint is filed; the deadline to oppose the motion is 35 days after the motion to dismiss is filed; and the deadline for reply is 21 days after the opposition is filed. *Id.* Finally, the Court also scheduled a Consolidated CMC for March 28, 2019 at 10:00 a.m. *Id.*

After the Court rules on the motions to appoint Interim Class Counsel, and after Interim Class Counsel files a Consolidated Complaint, Google plans to file a motion to dismiss that Google believes should dispose of the entire case. That motion may eliminate the need for any further proceedings or for discovery. Consequently, continuing the Consolidated CMC and related deadlines will save the time and resources of the Court and the parties. The burden of proceeding with a CMC is heavy here—there are twelve named Plaintiffs in this litigation. These

named Plaintiffs request relief on behalf of different putative classes, and are represented by eight different law firms.  As Google explained in their Omnibus Response to Plaintiffs' Motions to Appoint Interim Class Counsel, requiring Google to negotiate with so many different firms—as they will need to do if current deadlines remain in place—will cause expense and burden.  *See* Dkt. No. 58.   Because the various law firms and plaintiff groups asserted different claims and theories in their previous—no longer operative—complaints, and because plaintiffs do not speak with a unified voice, any effort spent on such negotiations is unlikely to advance the just, speedy, and inexpensive determination of this action.

In light of the above, the requested continuance will serve to avoid wasting the parties' and the Court's time and does not prejudice any party. Plaintiffs will not be prejudiced by the requested continuance: a CMC is not needed to resolve the pending motions for interim class counsel, which are separately set for hearing, or for plaintiffs to draft and file their Consolidated Complaint.  Google asked Plaintiffs to stipulate to Defendants' continuance request, but plaintiffs did not agree.

Accordingly, Google respectfully requests that the Court issue an order **(1)** vacating the Consolidated CMC currently set for March 28, 2019; and **(2)** continuing the Consolidated CMC to the first available date after any denial of Defendants' anticipated motion to dismiss.

Dated:  February 15, 2019                                             KEKER, VAN NEST & PETERS LLP

By:   */s/ Benedict Y. Hur*
      BENEDICT Y. HUR
      BENJAMIN BERKOWITZ
      THOMAS E. GORMAN
      KATHRYN BOWEN
      CHRISTINA LEE

      Attorneys for Defendants GOOGLE LLC, XXVI HOLDINGS INC. and ALPHABET INC.