Tina Wolfson, SBN 174806
*twolfson@ahdootwolfson.com*
Alex R. Straus, SBN 321366
*astraus@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Counsel for Plaintiffs*
*Additional Counsel for Plaintiffs on signature page*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re: Google Location History Litigation | Case No.: 5:18-cv-05062-EJD <br><br> **PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE** <br><br> Dept: Courtroom 4 – 5th Floor <br> Judge: Hon. Edward J. Davila |

I.  **INTRODUCTION**

The Court should deny Google's attempt to delay the prosecution of this case and keep the March 28, 2019 Consolidated Case Management Conference ("CMC") on calendar.[1] Much can be accomplished during the case management conference to move the case forward efficiently, including setting a post-leadership appointment schedule and resolving discovery-related issues. Nothing has happened to necessitate the continuance since the Court, aware of all the circumstance, set the CMC. Google's arguments in support of a continuance belie the facts and highlight the need for the CMC.

In arguing that the CMC will lead to inefficiencies prior to the appointment of lead counsel because Google will be forced to deal with several plaintiffs' counsel, Google fails to inform the Court that the opposite in fact happened. Plaintiffs' counsel informed Google that they will be sending a proposed Case Management Statement agreed to by all plaintiffs' counsel and would be speaking in a unified voice during the meet and confer process. In its eagerness to delay the case, Google is avoiding the facts in favor of fictional inefficiencies.

Secondly, Google argues that the CMC should be delayed so that discovery can be delayed because Google believes it will prevail on its motion to dismiss ("MTD"). But that is exactly the type of issue that Courts discuss with counsel during the CMC, and Google's unilateral request for a discovery stay highlights the need for a CMC, where the parties and the Court can have a robust discussion about the most efficient way to move the case forward in light of the circumstances. Rather than waste the parties' and the Court's resources with the administrative motion to continue, Google should have met and conferred with plaintiff's counsel about its position (including the grounds for its MTD) and, unless the parties could reach agreement, Google should have presented its position to the Court at the CMC.

II.  **PROCEDURAL BACKGROUND**

Plaintiffs allege that Google conducted highly intrusive, deceitful, and unlawful business practices impacting hundreds of millions of consumers. They accuse Google, one of the world's most profitable companies, of abusing the personal information of its most privacy-conscious customers –

---

[1] Defendants Google LLC, XXVI Holdings Inc., and Alphabet Inc. are referred to collectively herein, as "Google".

1 including children – through a scheme of misrepresentations and omissions perpetrated over the course
2 of years. Plaintiffs filed suit immediately upon learning of Google's surreptitious actions.

3 On December 11, 2019, this Court issued its Order to Consolidate Cases, setting the CMC for
4 March 28, 2019 with a Joint Case Management Statement deadline of March 18, 2019. *See* Dkt. No. 51.
5 The facts, issues, and circumstances of this litigation have not changed in the interim. Google does not
6 claim any change in circumstances and its Administrative Motion to Continue Case Management
7 Conference presents no legitimate basis for delay.

8 On February 15, 2019, in an effort to maximize efficiencies, Plaintiffs informed Google of their
9 intention to move forward with the March 28, 2019 CMC. (Declaration of Rosemary Rivas ("Rivas
10 Decl.") at ¶¶ 2-3). Plaintiffs further informed Google that Plaintiffs had conferred and were preparing to
11 send Defendants a Joint Case Management Statement draft containing the unified position of all
12 Plaintiffs. (Rivas Dec. at ¶ 4).

13 Shortly after being informed Plaintiffs had coordinated efforts and would speak with one voice
14 in regard to all Joint Case Management Statement discussions, Google moved to continue the CMC. *See*
15 Dkt. No. 63. It did so before making any effort to review or discuss Plaintiffs' coordinated proposals.

16 In the interest of efficiency – based upon Plaintiffs' successful efforts to coordinate a unified
17 position regarding all relevant issues – the March 28, 2019 CMC should not be continued. Google's
18 contentions supporting a continuance were rendered moot before its motion was filed. Its only objective
19 now is to delay justice and unnecessarily postpone what will be a valuable tool to expedite pretrial
20 procedures and avoid wasteful pretrial activities.

21 **III.    ARGUMENT**

22 The Federal Rules of Civil Procedure identify five purposes for holding a pretrial conference:

23 (1) expediting disposition of the action;
24 (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
25 (3) discouraging wasteful pretrial activities;
(4) improving the quality of the trial through more thorough preparation; and
26 (5) facilitating settlement.

27 Fed. R. Civ. Proc. Rule 16(a).

28

Here, each of the specified purposes for the March 28, 2019 CMC remains relevant and viable. Google's attempt to delay this litigation is baseless and does not serve the interests of justice.

Google's contention that keeping the CMC on calendar will result in inefficiencies because it will require "Google to negotiate with so many different firms" is misplaced. As Google was aware prior to filing its motion, Plaintiffs have successfully coordinated their efforts to present one unified position regarding all issues relevant to the March 28, 2019 CMC. As a result, Google will not have to negotiate with multiple law firms representing Plaintiffs because Plaintiffs are already speaking with a unified voice. Defendants mislead the Court by failing to inform it of this fact.

Google's self-serving suggestion that it will win the MTD, thus avoiding the need for discovery or a pre-trial schedule altogether, is equally unconvincing, and only highlights the need to discuss the issues with the Court. If Google were truly interested in promoting efficiency, it would engage with plaintiffs' counsel regarding the basis for its MTD, and how to manage discovery in light of the anticipated MTD, to see if agreement could be reached, and if not, allow the parties to present their fully informed positions to the Court at the CMC.

In direct contrast to Google's arguments, this Court has routinely held case management conferences in the consolidated class action context prior to the appointment of lead counsel or the filing of a consolidated complaint. Recently, in *In Re: Apple Inc. Device Performance Litigation* this Court held its initial case management conference on April 25, 2018, several weeks before its hearing on appointment of class counsel and more than two months before the plaintiffs' consolidated complaint deadline. *See* Case No. 5:18-md-02827-EJD, Dkt. No. 21. Unlike the instant matter in which six related cases have been consolidated and all Plaintiffs have coordinated to present a single Case Management Statement, in *In Re: Apple Inc. Device Performance Litigation* only 29 of the 31 actions then-pending before this Court joined in the case management statement. Despite far greater challenges in that case, the parties were able to streamline their participation in the CMC and, with the Court's assistance, streamline the pre-trial activities. The Court was able to expedite disposition of the pending issues, establish early control of the case, and discourage wasteful pretrial activities by holding the initial case management conference at a stage in the proceedings similar to the scheduled March 28, 2019 CMC in the instant matter.

Here, the scheduled March 28, 2019 CMC will address several critical and time-sensitive pretrial issues, including evidence preservation, discovery, alternative dispute resolution, and future scheduling. Delaying any or all of these decisions for several months, as Google demands, would significantly and unnecessarily prejudice Plaintiffs.

## **CONCLUSION**

Plaintiffs respectfully request that Defendants' Administrative Motion to Continue Case Management Conference be DENIED in its entirety.

Dated: February 19, 2019

Respectfully submitted,

*/s/ Tina Wolfson*
Tina Wolfson, SBN 174806
*twolfson@ahdootwolfson.com*
Alex R. Straus, SBN 321366
*astraus@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111; Fax: (310) 474-8585


Michael W. Sobol
Melissa Ann Gardner
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
Email: msobol@lchb.com
Email: mgardner@lchb.com

Joseph Henry Bates, III
David F. Slade
Hank Bates
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, AR 72201
(501)312-8500
Email: hbates@cbplaw.com
Email: dslade@cbplaw.com
Email: hbates@cbplaw.com

Rosemary M. Rivas
**LEVI & KORSINSKY LLP**
44 Montgomery Street
Suite 650
San Francisco, CA 94104
(415)373-1671
Email: rrivas@zlk.com


Andrew J. Brown
501 W. Broadway
San Diego, CA 92101
(619)501-6550
Email: andrewb@thebrownlawfirm.com

Thomas J. Brandi
Terence D. Edwards
**THE BRANDI LAW FIRM**
354 Pine Street
San Francisco, CA 94104
(415)989-1800
Email: tjb@brandilaw.com
Email: tde@brandilaw.com

Patrice L. Bishop
**STULL, STULL & BRODY**
9430 West Olympic Boulevard
Beverly Hills, CA 90212
(310)209-2468
Email: service@ssbla.com

Melissa R. Emert
**STULL, STULL AND BRODY**
6 East 45th St. 4th Fl.
New York, NY 10017
(954) 341-5561
Email: memert@ssbny.com

Ivy T. Ngo
**FRANKLIN D. AZAR AND ASSOCIATE, P.C.**
14426 East Evans Avenue
Aurora, CO 80014
(303) 757-3300
Email: ngoi@fdazar.com

*Counsel for Plaintiffs*