Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
Rosanne L. Mah (State Bar No. 242628)
Email: rmah@zlk.com
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

Courtney Maccarone (to be admitted *pro hac vice*)
Email: cmaccarone@zlk.com
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re: Google Location History Litigation | Case No. 5:18-cv-05062-EJD<br><br>**DECLARATION OF ROSEMARY M. RIVAS IN SUPPORT OF PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Dept: Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

I, Rosemary M. Rivas, declare as follows:

1. I am a member in good standing of the State Bar of California, and a partner in the law firm of Levi & Korsinsky, LLP, counsel of record for Plaintiff George Jack in the action titled, *Jack v. Google Inc.*, Case No. 5:18-cv-6652-NC. I make this declaration in support of Plaintiffs' Response and Opposition to Defendants' Administrative Motion to Continue Case Management Conference. I provide the following information based on my own personal knowledge, and, if called as a witness, could and would testify competently thereto.

2. On February 15, 2019 at approximately 12:17 p.m. on behalf of Plaintiffs' counsel, I emailed Defendants' counsel, Mr. Ben Berkowitz, informing him that Plaintiffs' counsel discussed Defendants' request to continue the initial case management conference and that all Plaintiffs' counsel collectively agreed to move forward with the March 28, 2019 conference in an effective and efficient manner. I proposed holding the Rule 26(f) conference on February 25, 2019 or another day that week. Attached hereto as **Exhibit A** is a true and correct of my February 15, 2019 email to Mr. Berkowitz.

3. Shortly after my email, Mr. Berkowitz and I spoke by telephone. Mr. Berkowitz explained that the reason Defendants wanted to continue the initial case management conference is because they believe the case has no merit and will be dismissed on the pleadings. I told Mr. Berkowitz that Plaintiffs disagree with Defendants' assessment of the case and that Plaintiffs' counsel collectively believe that the case could be advanced effectively and efficiently.

4. I also told Mr. Berkowitz that if his clients' concern in holding the Rule 26(f) conference and the initial case management conference was that Plaintiffs would serve discovery, that Plaintiffs' counsel would agree not to serve discovery and instead wait to have a discussion with the Court at the initial case management conference about the appropriate time to begin discovery. Despite my statement to Mr. Berkowitz, he continued claiming that it would be a logistical nightmare to move forward with the initial case management conference. I explained to Mr. Berkowitz that Plaintiffs believed that the initial case management conference could be conducted effectively and efficiently while advancing the case forward. For example, I informed Mr. Berkowitz that Plaintiffs were prepared to send Defendants a draft joint case management statement containing the unified position of all Plaintiffs.

5. Mr. Berkowitz stated he would speak to his clients and shortly after our telephone conversation, Defendants filed the administrative motion to continue the initial case management conference.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true to the best of my knowledge.  Executed on February 19, 2019, in San Francisco, California.

*/s/ Rosemary M. Rivas*
Rosemary M. Rivas