UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No.  5:18-cv-05062-EJD |
| | **ORDER APPOINTING INTERIM CLASS COUNSEL** |
| | Re: Dkt. Nos. 52 – 56 |

On December 7, 2018, the plaintiffs of the separately filed actions and Google stipulated to consolidate those actions and for the Court to appoint interim lead class counsel for the plaintiffs in the event interim lead class counsel was not selected by the consensus of the plaintiffs.  Dkt. No. 50 at 1.  The Court approved the stipulation, and the plaintiffs filed five separate motions for the appointment of different attorneys as interim lead class counsel.  Dkt. Nos. 51, 52 – 56. Google submits that it has no preference as to who the Court appoints as interim lead class counsel but requests that the Court appoint no more than two separate law firms.  Dkt. No. Dkt. 58. Having reviewed the submissions and heard from the plaintiffs' attorneys, the Court now grants in part and denies in part the Motion for Appointment of Interim Class Counsel filed by Plaintiffs Mark Carson, Richard Dixon, Mahon Nurudaaym, Najat Oshana, and Napoleon Patacsil by appointing Tina Wolfson of Ahdoot & Wolfson, PC and Michael W. Sobol of Lieff Cabraser Heimann & Bernstein, LLP as Interim Co-Lead Class Counsel.  Dkt. No. 54.  The Court denies the other motions.  Dkt. Nos. 52, 53, 55, 56.

The Court has considered the chief criteria that Interim Co-Lead Class Counsel should possess: (1) performance of work in identifying and investigating potential claims in this action;

1    (2) knowledge and experience in handling complex class actions and the types of claims at issue

2    here; (3) knowledge of the applicable law; and (4) access to sufficient resources to prosecute the

3    litigation in a timely manner.  Fed. R. Civ. P. 23(g)(1)(A), (3).  The Court has also considered

4    counsel's willingness and ability to commit to a time-efficient process and to work cooperatively

5    with others.  *See* Fed. R. Civ. P. 23(g)(1)(B).  The Court finds that Ms. Wolfson and Mr. Sobol

6    and their firms have extensive knowledge of and experience in prosecuting complex litigation and

7    class actions, are both willing and able to commit to a time-efficient process of litigating this case

8    and have access to sufficient resources to prosecute this litigation in a timely manner.

9         Accordingly, the Court ORDERS as follows:

10        1.        Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court designates as

11   Interim Co-Lead Class Counsel Ms. Wolfson of Ahdoot & Wolfson, PC (counsel in *Ali v. Google,*

12   *Inc.*, No. 3:18-cv-06262-JST (N.D. Cal., filed October 12, 2018)) and Mr. Sobol of Lieff Cabraser

13   Heimann & Bernstein, LLP (co-counsel in *Patacsil v. Google LLC*, No. 5:18-cv-05062-EJD (N.D.

14   Cal., filed August 17, 2018)) designates the following counsel as Interim Class Counsel:

15             a.        Hank Bates of Carney Bates & Pulliam, PLLC, co-counsel in the *Patacsil*

16   case;

17             b.        Andrew J. Brown of The Law Offices of Andrew J. Brown, counsel in

18   *Lombardo v. Google LLC*, Case No. 5:18-cv-05288-EJD (filed August 28, 2018);

19             c.        Ivy T. Ngo of Franklin D. Azar & Associates, P.C., counsel in *Lee et al. v.*

20   *Google LLC et al.*, Case No. 5:18-cv-06416-EJD (filed October 19, 2018);

21             d.         Rosemary M. Rivas of Levi & Korsinsky, LLP, counsel in *Jack v. Google*

22   *LLC*, Case No. 5:18-cv-06652-EJD (filed November 1, 2018); and

23             e.        Melissa R. Emert of Stull, Stull & Brody, counsel in *Kaufman v. Google*

24   *LLC et al.*, Case No. 5:18-cv-06685-EJD (filed November 2, 2018).

25        2.        Interim Co-Lead Class Counsel shall be responsible for the administration and

26   prosecution of the consolidated action and subsequently coordinated or related actions.

27

28   Case No.: 5:18-cv-05062-EJD
     ORDER APPOINTING INTERIM CLASS COUNSEL

United States District Court
Northern District of California

3.      Interim Co-Lead Class Counsel shall have authority over the following matters on behalf of all Plaintiffs and the Proposed Class in the Consolidated Action.  Interim Co-Lead Counsel will be generally responsible for the overall conduct of the litigation on behalf of the putative class and will have the following specific responsibilities:

i.      To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

ii.      To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

iii.      To conduct settlement negotiations on behalf of Plaintiffs and putative class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

iv.      To delegate specific tasks between themselves and to Interim Class Counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

v.      To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

vi.      To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

vii.      To maintain adequate time and disbursement records covering services;

viii.      To monitor the activities of any other law firms that might seek to represent putative class members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided, including by collecting time and expense reports from all Plaintiffs' counsel for review on a periodic basis and designating which Plaintiffs' attorneys shall appear at hearings and conferences with the Court;

ix.      To retain experts on behalf of all Plaintiffs;

x.      To file and serve on behalf of Plaintiffs those filings related to the consolidated master docket of the litigation;

Case No.: 5:18-cv-05062-EJD
ORDER APPOINTING INTERIM CLASS COUNSEL
3

United States District Court
Northern District of California

xi.    To lead any post-trial proceedings on behalf of Plaintiffs, including prosecuting or defending any appeal;

xii.    To perform duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court; and

xiii.    To manage all other matters concerning the prosecution of the consolidated action and subsequently coordinated or related actions.

4.    No motion or other pleading shall be filed on behalf of any Plaintiff in the Consolidated Action except through Interim Co-Lead Class Counsel.

5.    Defendants' counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all Plaintiffs in this consolidated action.

## APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED OR TRANSFERRED CASES

6.    Interim Co-Lead Class Counsel shall call to the attention of the Court the filing or transfer of any related action arising out of similar facts and circumstances as are alleged in this action and that therefore might properly be consolidated or coordinated with this action.

7.    Interim Co-Lead Class Counsel shall promptly mail a copy of this Order to counsel for the plaintiff(s) in each such subsequently filed or transferred related action and to counsel for the defendant(s) in each such action, to the extent the defendant(s) is not already a party to this action.  Promptly thereafter, upon notice to counsel for the parties in each such action, Interim Co-Lead Class Counsel and Defendants' counsel shall submit to the Court a proposed order consolidating any such action.  Any party objecting to the application of this Order to such subsequently filed or transferred action, or objecting to consolidation with the Actions, shall file a motion seeking relief from this Order within ten (10) days after the date upon which such a copy of this Order is mailed by counsel in the Actions to counsel for such party.

## PRESERVATION OF EVIDENCE

8.    All Parties and counsel are reminded of their duty to preserve evidence that might be relevant to this action, including electronically stored information.  Until the Parties reach an

1  agreement on a preservation plan for all cases or the Court orders otherwise, each Party shall take

2  reasonable steps to preserve all evidence that may be relevant to this litigation.  Counsel, as

3  officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties

4  and non-parties, including employees of foreign corporate or institutional parties, of their

5  preservation obligations.

6                                              **BILLING RECORDS**

7        9.      Subsequent to the date of this Order, no counsel shall bill for any work on behalf of

8  the putative class, except at the direction of Interim Co-Lead Class Counsel.

9        10.     Interim Co-Lead Class Counsel shall adopt time-keeping protocols requiring the

10 recording of daily time spent and expenses incurred in connection with this litigation, and Interim

11 Class Counsel shall report on a monthly basis such time and expenses to Interim Co-Lead Class

12 Counsel.  Interim Co-Lead Class Counsel will make such records and reports available to the

13 Court, upon request. In order for time and expenses to be compensable, any counsel other than

14 Interim Co-Lead Class Counsel must secure the express authorization of Interim Co-Lead Class

15 Counsel for any projects or work undertaken in this litigation.

16       11.     On a quarterly basis (on the last business day of each October, January, April, and

17 July), Interim Co-Lead Class Counsel shall submit to the Court *in camera* reports reflecting hours

18 billed in this matter by all Plaintiffs' counsel. Failure to maintain and submit records with

19 sufficient descriptions of the time spent and expenses incurred may be grounds for denying

20 attorneys' fees and/or expenses, for the period that relates to the missing or inadequate

21 submissions.

22       12.     This Order may be modified, supplemented, or superseded by order of the Court, or

23 upon the Court's approval, by any party for good cause shown.

24       **IT IS SO ORDERED.**

25 Dated: April 1, 2019

26

27                                                 _____
                                                   EDWARD J. DAVILA
28 Case No.: 5:18-cv-05062-EJD                      United States District Judge
   ORDER APPOINTING INTERIM CLASS COUNSEL