KEKER, VAN NEST & PETERS LLP
BENEDICT Y. HUR - # 224018
bhur@keker.com
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
KATHRYN BOWEN - # 312649
kbowen@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendants GOOGLE LLC,
XXVI HOLDINGS INC. and ALPHABET INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Dept:     Courtroom 4 - 5th Floor<br>Judge:    Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

Defendants Google LLC, XXVI Holdings Inc., and Alphabet Inc. (collectively, "Defendants") respectfully submit this administrative motion pursuant to Civil Local Rules 6-3 and 7-11 for entry of an order continuing the Initial Case Management conference currently set for May 13, 2019, to a date after the Court has resolved Defendants' anticipated motion to dismiss the not-yet-filed Consolidated Complaint. *See* Dkt. Nos. 51, 56. Continuing the Initial Case Management Conference to a date after the motion to dismiss is adjudicated will conserve party and judicial resources. It also will enable the parties to conduct a meaningful Rule 26(f) conference and propose an appropriate case plan and schedule with the benefit of the Court's ruling on the motion to dismiss. To this end, the Court has inherent power to control its docket and calendar by granting Defendants' request, thereby serving the twin purposes of efficiency and fairness. *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1340 (9th Cir. 1985); *Penk v. Oregon State Bd. of Higher Educ.*, 816 F.2d 458, 466 (9th Cir. 1987) (holding that the district court "has broad discretion in fashioning appropriate scheduling orders").

No operative complaint has yet been filed in this action. Under the Court's order setting a consolidated schedule, Dkt. No. 51 ("Scheduling Order"), Plaintiffs must file a single, Consolidated Complaint no later than 28 days after this Court's ruling on Plaintiffs' Motions to Appoint Interim Class Counsel. *Id.* The Court ruled on these motions on April 1, 2019; thus, Plaintiffs' Consolidated Complaint is due by April 29, 2019. *See* Dkt. No. 72. Defendants' motion to dismiss will then be due 28 days later, on May 28, 2019.[1] Plaintiffs' opposition will then be due 35 days later on July 2, 2019; and Defendants' reply will be due 21 days later on July 23, 2019. Thus, Defendants' motion to dismiss will not be heard until August. However, the Initial Case Management Conference is currently set for May 13, 2019—several months before Defendants' motion will be resolved. Dkt. No. 66. Absent relief from the Court, the parties will be required to hold a Rule 26(f) conference by April 22, 2019, at which point discovery will

---

[1] Though Defendants' motion would normally be due on Monday, May 27, 2019, that day is a federal court holiday (Memorial Day). Thus, under Federal Rule of Civil Procedure 6(a)(1)(C), Defendants' motion is due the following day, May 28, 2019. The May 28 deadline assumes that Plaintiffs file their Consolidated Complaint on April 29, 2019 (the last permissible date), and the deadlines provided for Plaintiffs' opposition and Defendants' reply also assume that each party files on the last permissible day.

1  commence, and the parties' Initial Case Management Conference Statement will be due May 3,
2  2019. *Id.*
3        The Court and parties would be better served by continuing the Initial Case Management
4  Conference to a date after Defendants' motion to dismiss is resolved for several reasons. *First*,
5  holding the Initial Case Management Conference months before the hearing on Defendants'
6  motion to dismiss will waste the Court's and the parties' time and resources. Defendants believe
7  their motion to dismiss should dispose of this action in its entirety. This was likewise true of
8  Defendants' previous dispositive motions in this action, which were filed in both *Patacsil* and
9  *Lombardo* before the cases were consolidated. *See Patacsil et al. v. Google LLC*, Case No. 5:18-
10 CV-05288-EJD, Dkt. No. 32 (filed October 22, 2018); *Lombardo v. Google LLC*, Case No. 5:18-
11 CV-05288-EJD, Dkt. No. 19 (filed October 22, 2018). The Court did not have the opportunity to
12 rule on Defendants' previous motions to dismiss because Plaintiffs did not oppose the motions,
13 instead voluntarily amending their complaints. It would be a waste of judicial and party resources
14 to hold an Initial Case Management Conference, including setting a broader case schedule, where
15 Defendants' motion will either end this case or lead Plaintiffs to amend their complaint yet again.
16 Similarly, to the extent the Court grants Defendants' motion to dismiss, the time and resources
17 spent preparing for and conducting the Rule 26(f) conference, propounding and responding to
18 discovery, engaging in discovery motion practice, and preparing for and attending the currently
19 scheduled Initial Case Management Conference would be wasted. It would better serve the
20 interests of judicial efficiency and conservation of party resources for the Court to continue the
21 Initial Case Management Conference until after it has an opportunity to rule on Defendants'
22 arguments for dismissal on the pleadings.
23       *Second*, even if the Court were not to grant Defendants' motion to dismiss in its entirety,
24 the scope of this case may still be substantially impacted upon resolution of Defendants' motion.
25 The thrust of Defendants' anticipated motion, which will target all of Plaintiffs' claims, is that
26 Plaintiffs have failed to allege any privacy violation or fraud by Defendants. It would not be an
27 efficient use of time or resources of the parties to hold a Rule 26(f) conference without the benefit
28 of a resolution on the motion to dismiss or for the Court to conduct an Initial Case Management

Conference to, among other things, set a case schedule several months before Defendants' motion to dismiss will be heard.  Nor would it be efficient for the parties to engage in expensive discovery practices on subjects that may prove unnecessary depending on the Court's ruling on the motion to dismiss.  The Court's ruling on the motion to dismiss could focus or curtail (if not dismiss entirely) many of the issues in this litigation.  Accordingly, continuing the Initial Case Management Conference until after the motion to dismiss is adjudicated will enable the parties to hold a more efficient and productive Rule 26(f) conference, to more effectively design merits and class certification schedules, to tailor discovery to the surviving issues (if any), and to use efficiently the Court's time at the Initial Case Management Conference to address the process for adjudicating those issues (if any) that survive the motion to dismiss.  Continuing the Initial Case Management Conference will thus yield both time and resource savings for the Court and the parties and is well within the Court's discretion.  *See Coursen*, 764 F.2d at 1340 (holding that the trial court didn't abuse its discretion in rescheduling the plaintiff's trial date where doing so was expeditious and not prejudicial).

*Third*, and similarly, Defendants' requested continuance won't prejudice any party.  The Court's Scheduling Order already set briefing deadlines for Defendants' motion to dismiss, and no discovery is needed to resolve the motion.  Should this case advance beyond the pleading stage, the parties will propose an appropriate case plan and schedule with the benefit of the Court's ruling.  The requested time modification will not alter any dates or deadlines beyond those pertaining to the Case Management Conference and related discovery and alternative dispute resolution deadlines.  Under these circumstances, the Court should grant Defendants' request.  *See Situ v. Leavitt*, No. C06-2841 TEH, 2006 WL 1530129, at *1 (N.D. Cal. June 2, 2006) (vacating the plaintiffs' motion for class certification in an exercise of the Court's "inherent discretion," finding that it would be "prudent to defer consideration of Plaintiffs' motion for class certification until after Defendant's potentially dispositive motion [to dismiss] is resolved").

For these reasons, Defendants respectfully request that the Court continue the Initial Case Management Conference to a date following the resolution of Defendants' motion to dismiss, which will allow the parties to hold a Rule 26(f) conference with the benefit of the Court's ruling.

Defendants asked Plaintiffs on April 3, 2019 to stipulate to the relief sought by this administrative motion.  On April 8, 2019, Plaintiffs informed Defendants that they were not willing to stipulate to Defendants' request.  This administrative motion is supported by the accompanying Declaration of Kathryn Bowen and a Proposed Order, concurrently submitted with this motion.

Dated:  April 8, 2019                                           KEKER, VAN NEST & PETERS LLP

                                            By:    /s/ Benedict Y. Hur
                                                   BENEDICT Y. HUR
                                                   BENJAMIN BERKOWITZ
                                                   THOMAS E. GORMAN
                                                   KATHRYN BOWEN
                                                   CHRISTINA LEE

                                                   Attorneys for Defendants GOOGLE LLC,
                                                   XXVI HOLDINGS INC. and ALPHABET INC.