Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Alex R. Straus, SBN 321366
astraus@ahdootwolfson.com
Brad King, SBN 274399
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

Michael W. Sobol, SBN 194857
msobol@lchb.com
Melissa Gardner, SBN 289096
mgardner@lchb.com
Michael Levin-Gesundheit, SBN 292930
mlevin@lchb.com
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Faxsimile: (415) 956-1008

*Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re Google Location History Litigation | Case No.: 5:18-cv-05062-EJD<br><br>**PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Dept: Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila<br><br>Date Filed: August 17, 2018<br><br>Trial Date: None Set |

OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE CMC, NO. 5:18-cv-05062-EJD

I. **INTRODUCTION**

Plaintiffs respectfully request that the Court proceed with the Initial Case Management Conference as previously scheduled by the Court for May 13, 2019. The Court had rejected Google's[1] previous request that the Initial CMC be postponed indefinitely. *See* Dkts. 63 and 65. The Court should similarly reject Google's second attempt to delay this litigation and allow the parties to proceed with planning for discovery as required by Fed. R. Civ. P. 16 and 26, exchanging Initial Disclosures, and meeting and conferring on a protective order and an ESI protocol.

Holding the CMC will allow the Court to move the case forward efficiently, including addressing scheduling and discovery-related issues. Because an Initial CMC is an important mechanism for the parties to share their respective views on the appropriate scope of pretrial discovery and to obtain needed input from the Court on formulating and simplifying the issues, it is common practice in the Northern District of California to hold the Initial CMC before the pleadings are resolved. Nothing has occurred to necessitate a change in the Court's February 26, 2019 Order rejecting Google's request to postpone the Initial CMC indefinitely. *See* Dkt. 65. Similarly, Google's latest Motion to Continue Case Management Conference is devoid of any new grounds for its proposed continuance.

Delaying the Initial CMC for several months or more will delay these proceedings and significantly prejudice Plaintiffs. Google's conduct has been the subject of intense public and governmental scrutiny because it involves the pervasive and highly intrusive privacy invasion of hundreds of millions of putative class members. Plaintiffs and the putative class are the targeted victims of Google's conduct, and should not be delayed in addressing Google's ongoing conduct. For instance, in response to Plaintiffs' demand that evidence be preserved, Google implied that it would take measures to preserve only the individual named Plaintiffs' account information but not evidence pertinent to the putative class members. Without the opportunity to confer over such issues in the Rule 26(f) conference (and following up, if needed), evidence relevant to class members may be permanently lost because Google has unilaterally deemed it irrelevant. Google's communications may be read to even suggest that it may *not* be preserving relevant evidence with respect to putative class members. *See* Declaration of

---

[1] Defendants Google LLC, XXVI Holdings Inc., and Alphabet Inc. are referred to collectively herein, as "Google."

Tina Wolfson, filed herewith, ¶¶ 6-8. In addition, Plaintiffs should have the benefit of Google's Initial Disclosures naming the individuals with relevant knowledge and documents that Google might use to support its claims or defenses, just as the Federal Rules envision. In short, these typical case-organizing activities that the Federal Rules of Civil Procedure call for should not be short-circuited by Google's attempt to hide the facts of its notorious conduct.

Accordingly, Plaintiffs respectfully request that the Court deny Google's request to continue the Initial CMC scheduled for May 13, 2019.

## II. PROCEDURAL BACKGROUND

Plaintiffs allege that Google conducted highly intrusive, deceitful, and unlawful business practices impacting hundreds of millions of consumers. They accuse Google, one of the world's most profitable companies, of abusing the personal information of its most privacy-conscious customers—including children—through a scheme of misrepresentations and omissions perpetrated over the course of years.

Plaintiffs filed the first of these consolidated lawsuits nearly nine months ago in August 2018. On December 11, 2019, the Court issued its Order to Consolidate Cases, setting the CMC for March 28, 2019 with a Joint Case Management Statement deadline of March 18, 2019. *See* Dkt. 51. On February 15, 2019 Google moved to continue the March 28 CMC "to the first available date after the Court rules on Google's anticipated motion to dismiss" (Dkt. 63 at p.1) and plaintiffs opposed (Dkt. 64). On February 26, 2019, the Court set the CMC for May 13, 2019 and ordered the parties to file a Joint Case Management Statement no later than May 3, 2019.[2] *See* Dkt. 65, 66. Interim Co-Lead Class Counsel and Interim Class Counsel were designated on April 1, 2019. *See* Dkt. 72. Interim Co-Lead Counsel promptly requested to schedule meeting with Google's counsel pursuant to Fed. R. Civ. P. 26(f), but Google's counsel refused to have any substantive meet and confer as required by that rule. *See* Wolfson Decl., ¶¶ 2-5.

## III. ARGUMENT

The relief Google again seeks would effectively bypass Federal Rules 16 and 26, preclude input from the Court on the scope of and timing discovery, and unnecessarily delay engagement on critical

---

[2] This Court's February 26, 2019 Order reset the Joint Case Management Statement deadline previously set for May 6, 2019 and advanced the CMC previously set for May 16, 2019 (Dkts. 65 and 66).

pretrial matters such as the protective order and protocol for exchanging electronically stored information, Initial Disclosures, and other discovery, creating significant delays later on as those matters will still need to be resolved. It would also prevent the Court from exercising meaningful oversight of this litigation from the outset as intended by the Federal Rules, which identify five purposes for a pretrial conference:

> (1) expediting disposition of the action;
>
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
>
> (3) discouraging wasteful pretrial activities;
>
> (4) improving the quality of the trial through more thorough preparation; and
>
> (5) facilitating settlement.

Fed. R. Civ. Proc. Rule 16(a). The Advisory Committee Notes to Rule 16 also emphasize the value of early Court involvement: "Empirical studies reveal that when a trial judge intervenes personally at an early stage to assume judicial control. . . the case is disposed of by settlement or trial more efficiently and with less cost and delay than when the parties are left to their own devices." *Id.*, advisory committee note (1983).

In *In Re: Apple Inc. Device Performance Litigation*, contrary to Google's assertion that holding a Rule 26(f) meet and confer and CMC prior to pleading finality results in waste, this Court held its initial case management conference more than two months before the plaintiffs' consolidated complaint deadline. *See* Case No. 5:18-md-02827-EJD, Dkt. 21 (N.D. Cal. Apr. 6, 2018) (Davila, J.). With the Court's assistance, the parties in *Apple* were able to streamline pretrial activities and address various discovery issues. The Court was able to expedite disposition of the pending issues, establish early control of the case, and discourage wasteful pretrial activities by holding the initial case management conference before the filing of the Consolidated Complaint. Indeed, this Court is among those in this District to emphasize that a "strong showing" is required to justify the kind of blanket stay Google seeks here. *See* In re Apple In-App Purchase Litigation, 2012 U.S. Dist. LEXIS 18970, at *3-4 (N.D. Cal. Feb. 15, 2012) (Davila, J.) (denying motion to stay pending resolution of motion to dismiss, noting "contentions that Plaintiffs have not alleged a cognizable claim . . . do not prove the need for a stay"). *See* also *S.F. Tech.*

*v. Kraco Enters.,* No. 11-355, 2011 WL 2193397, at. *2 (N.D. Cal. June 6, 2011) (Davila, J.) (citation omitted) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect."); *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) (noting defendant had "done no more than to argue in conclusory fashion that its motion to dismiss will succeed," and "speculation does not satisfy Rule 26(c)'s good cause requirement").

Against the weight of this authority, Google cites nothing that supports its renewed motion to stay the Initial CMC. The two cases on which Google relies concern remarkably different circumstances. To start, neither *Situ v. Leavitt* nor *Coursen v. A.H. Robins Co* addresses discovery or a case management conference at all. No. 06-2841, 2006 WL 1530129 (N.D. Cal. June 2, 2006). In *Situ*, the plaintiffs filed a motion for class certification two days after filing their complaint—that is, prior to the deadline for the defendant to file a Rule 12 motion. *See Situ*, No. 06-2841, Dkt. 1, 2. There, in a one-paragraph opinion, the court "defer[red] consideration of Plaintiffs' motion for class certification until after Defendant's potentially dispositive motion [was] resolved." *Situ*, 2006 WL 1530129, at *1. Plaintiffs here are not seeking to certify a class before an order on the pleadings. This motion concerns a request to defer *any* meaningful coordination or case management until an unspecified later date. Google's reliance on *Coursen v. A.H. Robins Co.* fares no better. 764 F.2d 1329 (9th Cir. 1985). *Coursen* held that a district court did not abuse its discretion in advancing the trial date by four days in a personal injury action, where the plaintiff still "had adequate opportunity to prepare . . . her case." *Id.* at 1341. Google's present motion in no way relates to a trial date, and Google's requested relief, by further contrast, would have significant ramifications for all deadlines that run from the date of the Initial CMC, delaying the prosecution and eventual resolution of this case by months or years, not the four days at issue in *Coursen*.

With this case pending since August 2018, Google's request to delay the CMC—in essence, putting this case on hold—significantly prejudices Plaintiffs. Without commencement of civil discovery, Google may modify its practices and software without any oversight over the effects on putative class members. Additionally, over time memories fade and evidence is lost—and, in the absence of the collaborative meet and confer process that the Federal Rule envision, relevant evidence of Google's conduct may not be preserved. *See* Wolfson Decl. ¶¶ 6-8.

Google's request to defer any discussion of discovery or other case management issues until an unspecified date, months or potentially years in the future also risks creating inefficiencies by excluding the Court from case management altogether until this litigation has been pending for a full year, or more. Although this case has been pending since August 2018, Google is refusing to conduct any substantive meet and confer as required by Fed. R. Civ. P. 26(f). Google's attempt to unilaterally stay this litigation, but-for presenting its initial challenges to the pleadings, without any meaningful meet and confer and potential compromise between the parties, has already resulted in wasteful motion practice. Further, Google's contention that discovery cannot proceed because "[n]o operative complaint has yet been filed" is also misplaced. Google is aware of the operative facts and relevant issues in this litigation as its conduct has been the subject of great public concern, worldwide. Whatever causes of action remain after the MTD is decided, the operative facts will not change and the parties, represented by sophisticated counsel, can have a meaningful discussion about exchanging discovery now in the least intrusive and inexpensive manner, in an attempt to promote efficiency.

The Court should deny Google's motion, and should require Google to meet and confer in good faith regarding the scope of discovery and to prepare a comprehensive presentation of any remaining disputes at the CMC.

**IV.   CONCLUSION**

Plaintiffs respectfully request that Defendants' Administrative Motion to Continue Case Management Conference be DENIED in its entirety.

Dated: April 12, 2019                                          Respectfully submitted,

*/s/ Tina Wolfson*
Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Alex R. Straus, SBN 321366
astraus@ahdootwolfson.com
Brad King, SBN 274399
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

| | |
|---|---|
| 1 | Michael W. Sobol, SBN 194857 |
| | msobol@lchb.com |
| 2 | Melissa Gardner, SBN 289096 |
| | mgardner@lchb.com |
| 3 | Michael Levin-Gesundheit, SBN 292930 |
| | mlevin@lchb.com |
| 4 | **LIEFF CABRASER HEIMANN &** |
| | **BERNSTEIN, LLP** |
| 5 | 275 Battery Street, 29th Floor |
| | San Francisco, CA 94111-3339 |
| 6 | Tel: (415) 956-1000 |
| | Fax: (415) 956-1008 |
| 7 | |
| | *Interim Co-Lead Class Counsel* |