# Exhibit B



April 12, 2019

**VIA ELECTRONIC MAIL**

Benjamin Berkowitz
**Keker, Van Nest & Peters, LLP**
633 Battery Street
San Francisco, CA  94111-1809
(415) 773-6689
bberkowitz@keker.com

RE:     *In re Google Location History Litigation*, 5:18-cv-05062-EJD

Dear Counsel:

This letter responds to your letter of March 29, 2019, regarding Google's obligation to preserve potential evidence.  Although Plaintiffs (in their February 20, 2019 letter) demanded that Google preserve evidence pertinent to the entire putative class, your response implies that to the extent it intends to preserve evidence at all, Goggle intends to preserve only evidence pertinent to the individual named class representatives.  Accordingly, consistent with the Federal Rules of Civil Procedure and our previous preservation demand, Plaintiffs reiterate their demand made on February 20 that Google maintain *all* data and documents in its custody or control that pertain to *all* putative class members.

In response to our previous preservation demand, you asked for information "to assist Google in ensuring that it can correctly identify each of [our] client[s'] Google accounts for preservation purposes" and specifically, our *clients*' "Google account ID[s]."  March 29, 2019 Letter from Benjamin Berkowitz.  However, Google does not need each plaintiff's account ID to comply with its preservation obligations because Google is obligated to preserve relevant evidence for *all* putative class members—that is, all users of Apple and Android devices for whom Google at any time collected location information.  *See, e.g.*, First Am. Class Action Compl., ECF No. 47, at ¶ 91.  By asking for identifying information with respect to the named plaintiffs only, your letter implies that Google does not presently intend to preserve evidence pertinent to the entire putative class.  Please immediately inform us if Google is declining to preserve such evidence so that we may bring this issue to the attention of the Court.

Page 2

      To the extent you believe you need access to the named plaintiffs' account IDs, we would look forward to discussing this with you at a Rule 26(f) conference, as the Federal Rules of Civil Procedure and Local Rules of the Northern District of California envision. We are eager to begin discovery in this case, which has been on file since last summer, and look forward to working collaboratively with you through a meet and confer process.

Sincerely,

Tina Wolfson

cc:     Co-Lead Interim Class Counsel