| | |
|---|---|
| Tina Wolfson, SBN 174806<br>twolfson@ahdootwolfson.com<br>Alex R. Straus, SBN 321366<br>astraus@ahdootwolfson.com<br>Brad King, SBN 274399<br>bking@ahdootwolfson.com<br>**AHDOOT & WOLFSON, PC**<br>10728 Lindbrook Drive<br>Los Angeles, California 90024<br>Telephone: (310) 474-9111<br>Facsimile: (310) 474-8585<br><br>Michael W. Sobol, SBN 194857<br>msobol@lchb.com<br>Melissa Gardner, SBN 289096<br>mgardner@lchb.com<br>Michael Levin-Gesundheit, SBN 292930<br>mlevin@lchb.com<br>**LIEFF CABRASER HEIMANN**<br>**& BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br><br>*Interim Co-Lead Class Counsel* | KEKER, VAN NEST & PETERS LLP<br>BENEDICT Y. HUR - # 224018<br>bhur@keker.com<br>BENJAMIN BERKOWITZ - # 244441<br>bberkowitz@keker.com<br>THOMAS E. GORMAN - # 279409<br>tgorman@keker.com<br>KATHRYN BOWEN - # 312649<br>kbowen@keker.com<br>CHRISTINA LEE - # 314339<br>clee@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:     415 397 7188<br><br>Attorneys for Defendant GOOGLE LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No.: 5:18-cv-05062-EJD<br><br>**JOINT RULE 26(f) REPORT AND INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:      May 13, 2019<br>Time:      10:00 a.m.<br>Dept:       Courtroom 4, 5th Floor<br>Judge:     Hon. Edward J. Davila<br><br>Date Filed: August 17, 2018<br><br>Trial Date: None set |

Counsel for Plaintiffs and Defendant Google LLC ("Google" or "Defendant") have met and conferred as required by Federal Rule of Civil Procedure 26(f) and this Court's February 26, 2019 Order setting the Initial Case Management Conference. *See* Dkt. 66. Pursuant to Rule 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, the Plaintiffs and Google submit the following Joint Rule 26(f) Report and Initial Case Management Conference Statement:

**1.   JURISDICTION AND SERVICE**

    **a.   Plaintiffs' Statement**

As set forth in Plaintiffs Consolidated Class Action Complaint, filed on April 29, 2019 (the "Consolidated Complaint"), this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367, and has personal jurisdiction over Defendant as it operates a business headquartered in the Northern District of California.

Google, the one defendant named in the Consolidated Complaint, has been properly served with process.

    **b.   Google's Statement**

Google does not dispute jurisdiction, venue or service at this time.

**2.   FACTS**

    **a.   Plaintiffs' Statement**

        **i.   Plaintiffs' Allegations**

This litigation addresses Google's deceitful tracking of people's geolocation in violation of their fundamental right to privacy under applicable laws. Google presents users with an option to disable its "Location History" feature, but even when users do so, Google nonetheless stores users' location data, thereby tracking their location history. Accordingly, Plaintiffs allege that Google deceptively and unconscionably deprives and continues to deprive Plaintiffs, Class Members, and their children, of one of the most fundamental privacy rights: the ability to control access to and knowledge of their whereabouts and their movement over time.

As plead with specificity in the Consolidated Complaint, Plaintiffs and the proposed classes have a reasonable expectation of being able to keep their location history private. Google

1  fosters this reasonable expectation in various ways, including by deceptively presenting users
2  with the false option of "turning off" their Location History.  Google acknowledges that location
3  data is universally regarded as highly private, but stores users' location data against the express
4  instructions and expectations of its users.  Thus, Google's conduct constitutes an egregious
5  violation of social norms.

6  Plaintiffs will not respond to Google's preview of its arguments on the motion to dismiss
7  here, but instead will address any such arguments made in the briefing of the motion.

### ii. Plaintiffs' Claims

9  The Consolidated Complaint brings three counts: (1) Intrusion Upon Seclusion under
10 California law; (2) Violation of the California Invasion of Privacy Act (Cal. Pen. Code §§ 630, et
11 seq. ("CIPA")); and (3) Violation of California's Constitutional Right to Privacy.  All claims are
12 brought under California state law consistent with applicable choice of law principles.  Plaintiffs
13 reserve their rights to replead claims under other laws in the event the Court rejects Plaintiffs'
14 choice of law position.

### iii. The Plaintiff Class

16 Plaintiffs' Consolidated Complaint identifies two classes (and four sub-classes), all
17 comprised of individuals who used Google's products and/or services and who disabled the
18 Google feature called "Location History," but whose location information was nonetheless stored
19 by Google.  The two classes are (1) Android Class: All natural persons who used Android mobile
20 devices; (2) Apple Class: All natural persons who used Apple mobile devices.  Each of the classes
21 have two subclasses, one composed of all U.S. citizens in the class, and the other composed of
22 parents and guardians of minors.

### iv. Procedural Background

24 These consolidated actions were commenced in August 2018 with the filing of the first
25 complaint.  On December 11, 2018, the Court tentatively set a Consolidated Case Management
26 Conference ("CMC") for March 28, 2019.  *See* Dkt. 51.  On February 15, 2019, Google moved to
27 continue the CMC to an unspecified date after a ruling on Google's anticipated motion to dismiss.
28 *See* Dkt. 63.  The Court declined to grant Google's request to indefinitely continue the motion to

1  continue, but re-set the CMC for May 16, 2019.  *See* Dkt. 65.[1]  Less than two months later,

2  without claiming any change in circumstances or scheduling conflicts, Google again moved to

3  continue the CMC.  *See* Dkt. 74.  The Court denied that motion.  *See* Dkt. 78.

4  Interim Co-Lead Class Counsel and Interim Class Counsel were designated on April 1,

5  2019. *See* Dkt. 72.  The Consolidated Complaint was filed on April 29, 2019.  *See* Dkt. 80.

6  Google's responsive pleading is due on May 28, 2019.  Plaintiffs' opposition to any responsive

7  motion will be due 35 days later, on July 2, 2019 and Google's reply thereto will be due July 30,

8  2019.

9  **v.    Google's Statement**

10  Plaintiffs' Consolidated Complaint represents Plaintiffs' tenth complaint filed in this

11  matter and the fifth complaint filed by Interim Co-Lead Class Counsel.  Google filed two

12  previous motions to dismiss prior to the Court's order on consolidation and Plaintiffs chose to

13  amend their complaints rather than oppose the arguments in those motions.  Google continues to

14  believe that Plaintiffs' claims should be dismissed on the pleadings and looks forward to

15  obtaining a ruling on its anticipated third motion to dismiss.

16  This case does not involve "deceptive" or "unconscionable" conduct by Google.  To the

17  contrary, Google disclosed—and Plaintiffs agreed—pursuant to Google's Terms of Service and

18  Privacy Policy that Google would use their location information when they used its services.

19  Google's Privacy Policy describes the information that Google collects, why it collects that

20  information, and how Google keeps that information secure.  Google's Privacy Policy states: "We

21  collect information about your location when you use our services, which helps us offer features

22  like driving directions for your weekend getaway or showtimes for movies playing near you."

23  *See* https://policies.google.com/privacy.

24  Google's Privacy Policy webpage also contains short tutorial videos that emphasize

25  Google's collection of user-location information.  In one of the videos, Google explains: "When

26  you use Google services, we collect a few different types of information," which can include

27  "information about your location as you use Google services.  This means when you search for

28  [1] The Case Management Conference was subsequently advanced to May 13, 2019. See Dkt. 66

coffee shops we can use things like your search terms, plus your location to help you find a great place just around the corner!" *See* Google Privacy Policy at https://policies.google.com/privacy (second video tutorial). In another tutorial, Google explains: "We use your info to customize your results and improve our services for everybody. Let's say you search for 'mountain biking.' We use what you searched for, other searches you made, [and] your location . . . to find you the results you're looking for: mountain-biking trails near you!" *Id.* (third video tutorial).

Plaintiffs' allegations regarding a statement contained in a support page for a Google feature called "Location History" are highly misleading at best, including because they fail to inform the Court that Location History is turned "off" by Google by default. Plaintiffs allege that they were harmed when their location information was collected after they turned on a Google setting called Web & App Activity. However, Plaintiffs ignore that Google expressly disclosed to them that: "When Web & App Activity is on, Google saves information like: . . . Your location."[2]

Plaintiffs' Consolidated Complaint should be dismissed not only because Plaintiffs consented to Google's use of their location information in Google's Terms of Service and Privacy Policy, but also because their allegations fail to meet the required elements of their causes of action. Plaintiffs' CIPA claim fails, among other reasons, because California Penal Code § 637.7 does not apply to software products like Google's mobile-operating system or applications installed on cellphones. *See Moreno v. San Francisco Bay Area Rapid Transit District*, No.17-cv-02911-JSC, 2017 WL 6387764, at *5 (N.D. Cal. Dec. 14, 2017). Plaintiffs' claims for intrusion-upon-seclusion and violation of the California constitutional right to privacy are also claims that are regularly dismissed on the pleadings in similar cases. For example, in *In re iPhone Application Litigation*, 844 F. Supp. 2d 1040 (N.D. Cal. 2012), the plaintiffs alleged that the defendants systematically collected (and disseminated) their geolocation information. Judge Koh dismissed the plaintiffs' state law privacy claims—the same claims at issue here, intrusion-upon-seclusion and the California constitutional right to privacy—because the alleged collection

---

[2] These policies and disclosures are set forth in greater detail in the exhibits attached to the Declaration of Kathryn Bowen in Support of Google LLC's Request for Judicial Notice. *See* Dkt Nos. 33-1–33-5.

of geolocation information is insufficient to state a claim under those causes of action. *Id.* at 1063. Similarly, in *Manigault-Johnson v. Google, LLC*, Case No. 2:18-cv-1032-BHH, 2019 U.S. Dist. LEXIS 59892 (D.S.C. Mar. 31, 2019), the plaintiffs alleged in a putative class action that Google should be liable for its collection of geolocation information under the California tort-law doctrines of intrusion-upon-seclusion and violation of the California constitutional right to privacy. As Google believes should be the case here, the court held that plaintiffs could not establish the elements of those torts and that those claims were appropriate for dismissal on the pleadings. *Id.* at *2.

In short, Google does not believe Plaintiffs' claims can or should survive its motion to dismiss and looks forward to obtaining a decision on that anticipated motion.

3.     **LEGAL ISSUES**

   a.     **Plaintiffs' Statement**

As alleged in the Consolidated Complaint, there are numerous questions of law or fact common to the Classes. *See, e.g.*, Consolidated Complaint (Dkt. 80), para. 114. At the center of this litigation are Google's uniform policies and practices which it uniformly carries out with respect to Plaintiffs and the proposed Classes. Questions for the eventual trier-of-fact to determine will include whether Google's practices invaded users' reasonable expectation of privacy and constitute an actionable breach of societal norms. Legal questions will include whether Google's practices amount to the use of an electronic tracking device to determine the location or movement of a person, in violation of Cal. Pen. Code § 637.7, whether the Classes are suitable for certification under Rule 23, and what are the appropriate legal and equitable remedies for the Classes.

Plaintiffs will not respond to Google's preview of its arguments on the motion to dismiss here, but instead will address any such arguments made in the briefing of the motion.

   b.     **Google's Statement**

Google believes there are numerous legal questions in this case, including many complex choice-of-law and class certification questions posed by Plaintiffs' attempt to plead a global, international class of users. However, this case can and should be dismissed on the pleadings

because Plaintiffs have not and cannot plead the elements of the stated causes of action. Accordingly, the initial legal questions are (1) whether Plaintiffs have stated a claim under the California Invasion of Privacy Act, (2) whether Plaintiffs have stated a claim for intrusion upon seclusion, and (3) whether Plaintiffs have stated a claim for violation of the California Constitutional Right to Privacy.

## 4. MOTIONS

### a. Plaintiffs' Statement

Plaintiffs anticipate filing a motion for class certification.

### b. Google's Statement

Google has filed two previous motions to dismiss in this action. *See* Dkt. No. 32; *Lombardo v. Google LLC*, Case No. 5:18-CV-05288-EJD, Dkt. No. 19 (filed October 22, 2018). Plaintiffs chose to amend their complaints rather than oppose the motions. Google was served with Plaintiffs' Consolidated Complaint on April 29, 2019. Pursuant to the Court's order granting the parties' stipulation, Google anticipates filing its third motion to dismiss on or before May 28, 2019. *See* Dkt No. 51.

## 5. AMENDMENT OF PLEADINGS

### a. Plaintiffs' Statement

Plaintiffs reserve their right to amend the Consolidated Complaint consistent with Fed. R. Civ. P. 15, including upon receiving Google's anticipated Motion to Dismiss, or to the extent any order from the Court requires or permits further amendment.

### b. Google's Statement

Google has not yet filed an answer in this action.

## 6. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and will continue to meet and confer on evidence preservation.

### a. Plaintiffs' Statement

Interim Co-Lead Class Counsel have issued instructions to all Plaintiffs' counsel to

preserve the relevant devices and all hard copy and electronic records concerning the issues reasonably evident in this action.

On February 20, 2019, Plaintiffs issued a detailed request to Google's counsel that Google preserve all electronic and other evidence. On March 29, 2019, Google responded to Plaintiffs' request for evidence preservation stating that it was preserving relevant evidence but nonetheless asked for named plaintiffs' personal information, in order to assist Google in its evidence preservation efforts. During the Rule 26(f) conference, the parties met and conferred regarding Google's request for private information. Contrary to Google's contention, Plaintiffs have not refused to provide the information requested. Rather, Plaintiffs requested clarification regarding its distinction from the evidence already being preserved by Google and Google was unable to identify the evidence it was already preserving, or to specify how Plaintiffs' private information would assist Google in preserving evidence.

Plaintiffs will request that Google produce relevant electronically stored information pursuant to a Stipulated ESI protocol. The Parties will submit any unresolved disputes to the Court by appropriate motion and will submit a separate proposed order covering the discovery of electronically stored information.

    **b.**    **Google's Statement**

Google has taken steps to preserve relevant evidence in this action. Google has also requested that Plaintiffs' provide the user IDs for their accounts, so that Google can identify Plaintiffs' alleged Google accounts. Plaintiffs' counsel have refused to provide Google with that information.

**7.**    **DISCLOSURES**

The Parties have agreed to exchange substantive Rule 26(a)(1) Initial Disclosures on or before May 20, 2019.

**8.**    **DISCOVERY**

During the Parties' Rule 26(f) conference Google's counsel agreed to provide Plaintiffs' counsel with a draft ESI Protocol and a draft Protective Order, together with a redline showing differences to the forms of those documents provided on this Court's website. The Parties will

meet and confer on the ESI checklist items and the Protective Order during the week of May 6, 2019.

With regard to the timing and scope of discovery, the parties submit the following separate statements.

### a. <u>Plaintiffs' Statement</u>

The parties conducted their Rule 26(f) conference on April 22, 2019. Upon the conclusion of the 26(f) conference, discovery opened for all purposes.

On April 24, 2019, Plaintiffs propounded four requests for production of documents and six interrogatories. These very limited discovery requests focus on Google's geolocation tracking practices. In fact, these requests cannot present any burden to Google because they merely seek much of the same information that Congress requested from Google in an April 23, 2019, demand from the House Committee on Energy and Commerce, and which Google will have been required to produce on May 7, 2019 (that is, prior to the CMC in this case).

Plaintiffs will likely need to propound further discovery to adequately prepare for class certification. Therefore, rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed. However, because certification and merits discovery are interrelated, Plaintiffs believe that formal bifurcation of discovery is unproductive. Google speculates that class certification will necessarily be "broad and complex," but Plaintiffs have no such plan. Respectfully, the better course would be to allow Plaintiffs to propound this discovery, and permit the parties to meet and confer if disputes arise concerning the scope of that discovery.

In short, Plaintiffs seek only those documents and that information Google will already be producing to Congress and some limited discovery for purposes of class certification before a ruling on the motion to dismiss. After the ruling on class certification, further merits discovery should proceed.

### b. <u>Google's Statement</u>

Google anticipates filing its third motion to dismiss in this action on or before May 28, 2019. As described above and in its two prior motions to dismiss, Plaintiffs' Consolidated

1    Complaint has no factual or legal basis and should be dismissed in its entirety.  The motion will
2    be fully briefed by July 30, 2019.

3    As this Court has recognized, it has discretion over the timing and control of its docket.
4    *See* Dkt. No. 65.  Here, the parties have discussed limiting discovery prior to a ruling on the
5    motion to dismiss, and Plaintiffs have thus far served only four requests for production and six
6    interrogatories.  More troubling, however, is Plaintiffs' proposal to seek broad and complex
7    discovery regarding class certification of an alleged global and international class.  During meet-
8    and-confer, Plaintiffs indicated that they intended to pursue this class discovery prior to a ruling
9    on Google's motion to dismiss or even the completion of briefing on that motion.

10   Because the Court's ruling on Defendants' forthcoming dismissal motion could make such
11   discovery unnecessary, Google proposes that the bulk of class and merits discovery occur after
12   adjudication of the Motion to Dismiss.  Accordingly, Google has proposed a schedule that
13   provides the parties with more time to conduct discovery after such a ruling (if necessary at all).
14   In the interim, Google expects that the parties can negotiate sensible limits on discovery without
15   the need for court intervention.

16   **9.    CLASS ACTIONS**

17       **a.    Plaintiffs' Statement**

18   If discovery proceeds as Plaintiffs propose, then Plaintiffs suggest filing for class
19   certification 60 days after the Court rules on the motion to dismiss, assuming there is an operative
20   complaint at that time.  Plaintiffs propose a schedule for class certification in Section 17,
21   "Scheduling," below.

22       **b.    Google's Statement**

23   Plaintiffs' proposed class certification schedule is unreasonable, given the significant
24   complexities of class certification in this action.  Plaintiffs have asserted six separate putative
25   class definitions, including two separate global, international putative classes.  Google proposes
26   that the Parties will be in a better position to develop a discovery plan, if necessary, once the
27   Court has adjudicated Google's third motion to dismiss.  Even if the Court does not dismiss
28   Plaintiffs' claims in their entirety, the Court's ruling may provide a roadmap as to specific

1722498.1                                          - 10 -                    JOINT CASE MANAGEMENT STATEMENT
                                                                                     NO. 5:18-CV-05062-EJD

discovery issues that can assist in the efficient resolution of this action.

Google's proposal for a case schedule is set forth in Section 17, "Scheduling," below.

**10.    RELATED CASES**

The Parties are not aware of any related cases other than those consolidated herein.

**11.    RELIEF**

  **a.    Plaintiffs' Statement**

Plaintiffs seek judgment against Google and that the Court grant the following:

- An order determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiffs are proper class representatives, that Interim Co-Lead Class Counsel shall be appointed as Co-Lead Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and that Class notice be promptly issued;
- Judgment for monetary damages against Google for Plaintiffs' and Class Members' asserted causes of action;
- Appropriate declaratory relief against Google;
- Injunctive relief in the form of, *inter alia*, an order enjoining Google from continuing its practice of recording and using Plaintiffs' and Class Members' location information against their wishes;
- Injunctive relief in the form of, *inter alia*, an order requiring Google to include clear, conspicuous disclosures of its location data collection practices;
- Injunctive relief in the form of, *inter alia*, an order requiring Google to destroy all data acquired, created, or otherwise obtained from the unlawful recording and use of the location information of Plaintiffs and Class Members;
- Reasonable attorney's fees and costs reasonably incurred; and
- Any and all other and further relief to which Plaintiffs and the Classes may be entitled.

  **b.    Google's Statement**

Google asserts that Plaintiffs are not entitled to any relief.

**12.  SETTLEMENT AND ADR**

    **a.  Plaintiffs' Statement**

Interim Co-Lead Class Counsel has discussed alternative dispute resolution with the named Plaintiffs. Plaintiffs propose that the parties participate in Early Neutral Evaluation. Plaintiffs also propose that private mediation may be appropriate after the ruling on the motion to dismiss and after receiving Google's responses to the initial set of discovery.

    **b.  Google's Statement**

Google believes that ADR is premature.  Google proposes that the Parties discuss ADR options, if necessary, after a ruling on Google's third motion to dismiss.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to a magistrate judge for all purposes in this matter.

**14.  OTHER REFERENCES**

The Parties have not determined that the case is suitable for a special master or the Judicial Panel on Multidistrict Litigation.

**15.  NARROWING OF ISSUES**

    **a.  Plaintiffs' Statement**

Plaintiffs respectfully submit that permitting the reasonable and limited discovery they have proposed to proceed at this time will provide a means to an efficient resolution of this action and assist in the narrowing of issues.

    **b.  Google's Statement**

To the extent the Court does not grant Google's motion to dismiss in its entirety, the Court's ruling may identify issues as to which focused discovery or bifurcation may assist the Parties and the Court in efficiently resolving this action.  Accordingly, Google believes the Parties should meet-and-confer regarding the potential for focused or bifurcated discovery following a ruling on Google's motion to dismiss.

**16.  EXPEDITED TRIAL PROCEDURE**

The Parties agree this case should not be handled under an expedited trial procedure.

## 17. SCHEDULING

The Parties respectfully suggest that the Court set a litigation schedule through the ruling on Plaintiffs' Motion for Class Certification, and propose that further litigation deadlines be set by the Court only after a ruling on the Motion for Class Certification.

### a. Plaintiffs' Statement

Plaintiffs propose the following schedule. The schedule regarding the motion to dismiss and initial disclosures is agreed to by the parties.

| | |
|---|---|
| Discovery Open for All Purposes | April 24, 2019 |
| Plaintiffs file Consolidated Complaint | April 29, 2019 |
| Exchange of Initial Disclosures | May 20, 2019 |
| Google files motion responding to the Consolidated Complaint | May 28, 2019 |
| Plaintiffs file opposition to Google's motion | July 2, 2019 |
| Google files reply to Plaintiffs' opposition to Google's motion | July 30, 2019 |
| Deadline for Plaintiffs to file the Motion for Class Certification | 60 days after ruling on Google's anticipated Motion to Dismiss |
| Deadline to file response to Motion for Class Certification | 60 days after filing of Motion for Class Certification |
| Deadline to file reply in support of Motion for Class Certification | 45 days after filing of response to Motion for Class Certification |
| Class Certification Hearing | As the Court's calendar permits |
| Joint Status Conference Statement filed regarding further litigation schedule and proceedings | Ten days prior to Further CMC |
| Further CMC | As the Court's calendar permits after its ruling on the Class Certification Motion |

Plaintiffs further propose the Court hold case management conferences on a monthly or bi-monthly basis in order to discuss any issues, including discovery issues, in an effort keep the case moving forward promptly and efficiently. The Parties would file a Joint CMC Statement 10 days prior to the CMC. In the event that the Parties have no issues to discuss at a particular CMC, they will so apprise the Court in advance of the CMC.

### b. Google's Statement

Google proposes the following schedule:

| | |
|---|---|
| Plaintiffs file Consolidated Complaint | April 29, 2019 |
| Exchange of Initial Disclosures | May 20, 2019 |
| Google files motion to dismiss the Consolidated Complaint | May 28, 2019 |
| Plaintiffs file opposition to Google's motion to dismiss | July 2, 2019 |
| Google files reply in support of motion to dismiss | July 30, 2019 |
| Hearing on Google's motion to dismiss | At the Court's earliest convenience after briefing is complete |
| Deadline for Plaintiffs to file the Motion for Class Certification | 120 days after Google answers |
| Deadline to file response to Motion for Class Certification | 60 days after filing of Motion for Class Certification |
| Deadline to file reply in support of Motion for Class Certification | 45 days after filing of response to Motion for Class Certification |
| Class Certification Hearing | As the Court's calendar permits |
| Further CMC | As the Court's calendar permits after its ruling on the Class Certification Motion |
| Joint Status Conference Statement filed regarding further litigation schedule and proceedings | Ten days prior to Further CMC |

Google proposes that a further case management conference be held, if necessary, following a ruling on Google's motion to dismiss.  Google does not believe monthly or bi-monthly case management conferences are an efficient use of the Parties' or the Court's time.

**18.     TRIAL**

The Consolidated Complaint contains a jury demand. The Parties request that the trial date, trial length estimate, and other pretrial deadlines should be addressed after the Court has ruled on Google's motion to dismiss and Plaintiffs' motion for class certification.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

   **a.     Plaintiffs' Statement**

Other than those identified by Google and putative Class Members, Plaintiffs are unaware of any additional non-party interested entities or persons at this time.

   **b.     Google's Statement**

Google filed a Certificate of Interested Entities or Persons on October 22, 2018.  *See* Dkt

No. 31. Google is not aware of any additional non-party interested entities or persons except as identified therein.

**20. PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: May 3, 2019

*/s Tina Wolfson*

| */s Michael W. Sobol* | */s Benjamin Berkowitz* |
|---|---|
| Tina Wolfson, SBN 174806<br>twolfson@ahdootwolfson.com<br>Alex R. Straus, SBN 321366<br>astraus@ahdootwolfson.com<br>Brad King, SBN 274399<br>bking@ahdootwolfson.com<br>**AHDOOT & WOLFSON, PC**<br>10728 Lindbrook Drive<br>Los Angeles, California 90024<br>Tel: (310) 474-9111; Fax: (310) 474-8585<br><br>Michael W. Sobol, SBN 194857<br>msobol@lchb.com<br>Melissa Ann Gardner, SBN 289096<br>mgardner@lchb.com<br>**LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>(415) 956-1000<br><br>*Interim Co-Lead Class Counsel for Plaintiffs* | Benedict Y. Hur, SBN 224018<br>bhur@keker.com<br>Benjamin Berkowitz, SBN 244441<br>bberkowitz@keker.com<br>Thomas E. Gorman, SBN 279409<br>tgorman@keker.com<br>Kathryn Bowen, SBN 312649<br>kbowen@keker.com<br>Christina Lee, SBN 314339<br>clee@keker.com<br>**KEKER, VAN NEST & PETERS LLP**<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415 391 5400<br>Facsimile: 415 397 7188<br><br>*Attorneys for Defendant GOOGLE LLC,* |