KEKER, VAN NEST & PETERS LLP
BENEDICT Y. HUR - # 224018
bhur@keker.com
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
KATHRYN BOWEN - # 312649
kbowen@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION TO DISMISS**<br><br>Date:     September 5, 2019<br>Time:     9:00 a.m.<br>Dept:     Courtroom 4 - 5th Floor<br>Judge:    Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence ("Rule") 201, Defendant Google LLC hereby respectfully requests that the Court take judicial notice of the following materials in support of its Motion to Dismiss, filed concurrently herewith.

1. Google's "Why does Google use location information?" support web page, accessed on May 25, 2019, attached as **Exhibit 1** to the Declaration of Christina Lee ("Lee Declaration") in support of Google's Motion to Dismiss;

2. Google's "Delete your activity" support web page, accessed on May 25, 2019, attached as **Exhibit 2** to the Lee Declaration;

3. Google's current Privacy Policy, with an effective date of January 22, 2019, attached as **Exhibit 3A** to the Lee Declaration;

4. Google's "Updates: Privacy Policy" web page, the publicly-accessible archive of previous versions of Google's Privacy Policy, attached as **Exhibit 3B** to the Lee Declaration;

5. As shown in Exhibit 3B, prior to January 22, 2019, Google's Privacy Policy was last modified on May 25, 2018.  A copy of that May 2018 Privacy Policy is attached as **Exhibit 3C** to the Lee Declaration;

6. As shown in Exhibit 3B, prior to May 25, 2018, Google's Privacy Policy was last modified on December 18, 2017.  A copy of that December 2017 Privacy Policy is attached as **Exhibit 3D** to the Lee Declaration;

7. Google's Terms of Service, last modified October 25, 2017, attached as **Exhibit 4** to the Lee Declaration;

8. Senate Committee on Public Safety Analysis, Privacy: Electronic Tracking Device, Senate Bill No. 1667, as amended March 24, 1998 (1997–98 Reg. Sess.), attached as **Exhibit 5** to the Lee Declaration;

9. Office of Senate Floor Analyses, Third Reading and Special Consent Calendar regarding Senate Bill No. 1667, attached as **Exhibit 6** to the Lee Declaration.

## MEMORANDUM OF POINTS AND AUTHORITIES

The documents listed above are properly subject to judicial notice, and the Court should

consider them when ruling on Google's Motion to Dismiss.

I.      **LEGAL STANDARD**

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute that (1) are "generally known within the trial court's territorial jurisdiction;" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see Khoja*, 899 F.3d at 999, 1001; *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Courts in this district recognize that "as a general matter, websites and their contents may be proper subjects for judicial notice" if the party requesting notice provides the court with a copy of the specific web page. *Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of web pages); *Kinderstart.com, LLC v. Google, Inc.*, No. 06-cv-2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of a web page printout). It is similarly well-recognized that public documents, including legislative history and agency reports, are suitable for judicial notice. *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Ritchie*, 342 F.3d at 909 ("Courts may take judicial notice of some public records, including the 'records and reports of administrative bodies.'" (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953))).

II.     **THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS**

   A.   **Exhibits 1 through 4 to the Lee Declaration are publicly-available documents not subject to reasonable dispute, and are relied upon by Plaintiffs' Complaint.**

Exhibits 1 through 4 to the Lee Declaration comprise two Google support web pages, Google's current Privacy Policy, Google's web archive of previous versions of its Privacy Policy,

two previous Google Privacy Policies, and Google's current Terms of Service ("TOS").[1]  The Court can take judicial notice of these documents because they are publicly-available, and not subject to reasonable dispute.  *See, e.g.*, *Caldwell*, 2006 WL 618511, at *4.  Indeed, numerous courts in this district have recognized Google's TOS and Privacy Policy as judicially noticeable.  *See Trudeau v. Google LLC*, No. 18-CV-00947-BLF, 2018 WL 4846796, at *4 (N.D. Cal. Oct. 3, 2018) (taking judicial notice of Google's TOS); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's TOS and privacy policy); *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (taking judicial notice of Google's "terms of service" and "privacy policies"); *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 WL 6738343, at *3–4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of Google's "past and present Terms of Service and Privacy Policies" as matters of public record).

In addition, these documents are properly before the Court under the related doctrine of incorporation-by-reference.  Plaintiffs' claims necessarily depend on Google's Privacy Policy and TOS.  *See, e.g.*, Compl. at ¶¶ 38–39, 45, 55; p. 13 nn.12–13, 15 nn.18–19, 20 n.27 (citing current and archived versions of Google's Privacy Policy and TOS).  The Ninth Circuit has recognized that the incorporation-by-reference doctrine applies in analogous circumstances.  Where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Khoja*, 899 F.3d at 1002–03 (holding that the district court properly incorporated web articles, market reports, and blog posts that formed the basis of the plaintiff's claims).  This doctrine applies with "equal force to internet pages," *Knievel*, 393 F.3d at 1076, and exists in part to prevent "artful pleading by plaintiffs" who

---

[1] These documents, respectively, can be accessed at:
https://policies.google.com/technologies/location-data;
https://support.google.com/websearch/answer/465; http://www.google.com/policies/privacy/;
https://policies.google.com/privacy/archive;
https://policies.google.com/privacy/archive/20180525;
https://policies.google.com/privacy/archive/20171218; http://www.google.com/policies/terms/.

"select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims," *Khoja*, 899 F.3d at 1002–03; *see also Knievel*, 393 F.3d at 1076 (reasoning that the doctrine applies to online materials, because "[j]ust as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages").

Given the undisputed nature of the above referenced documents, and Plaintiffs' reliance on them for the claims alleged, the Court can properly consider Google's support web pages, Privacy Policy, and TOS under either Rule 201(b) or the incorporation-by-reference doctrine.

### B. Exhibits 5 through 6 to the Lee Declaration are Legislative History Materials that are Properly Subject to Judicial Notice.

Exhibits 5 through 6 to the Lee Declaration are legislative materials concerning California Senate Bill Number 1667 (1997–98 Regular Session), codified as the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 637.7.  Specifically, these materials include publicly-available committee reports, letters, and analyses, all of which are well-recognized subjects of judicial notice.  *See Anderson*, 673 F.3d at 1094 n.1; *Ritchie*, 342 F.3d at 909; *see also In re Google Inc.*, 2013 WL 5423918, at *7 (taking judicial notice of "a legislative history report" regarding the Electronic Communications Privacy Act, "the statute at the heart of Plaintiffs' principal claim").  The Court should therefore take judicial notice of these legislative materials.

### III.   CONCLUSION

For the foregoing reasons, Google LLC respectfully requests that the Court take judicial notice of Exhibits 1 through 6 attached to the Lee Declaration.

Dated: May 28, 2019                                KEKER, VAN NEST & PETERS LLP

                                        By:  */s/ Christina Lee*
                                             BENEDICT Y. HUR
                                             BENJAMIN BERKOWITZ
                                             THOMAS E. GORMAN
                                             KATHRYN BOWEN
                                             CHRISTINA LEE