**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  212.355.9500
Facsimile:  212.355.9592

*Interim Co-Lead Class Counsel*

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Alex R. Straus (SBN 321366)
astraus@ahdootwolfson.com
Brad King (SBN 274399)
bking@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF GOOGLE'S MOTION TO DISMISS --** *WITH RESPECT TO EXHIBIT NO. 1 ONLY* |

Plaintiffs oppose Google's Request for Judicial Notice in support of its Motion to Dismiss, with respect solely to Exhibit No. 1 thereto. *See* ECF No. 88, 88-2 ("Exhibit No. 1").

Exhibit No. 1 is a public statement made by Google that was revised after commencement of this action, and thus likely written for the very purpose of defending this lawsuit. Indeed, Exhibit No. 1, is nothing less than Google's self-serving, post-filing public explanation for the conduct at issue in this case. As such, Exhibit No. 1 has no inherent reliability or trustworthiness whereby its "accuracy cannot be reasonably questioned" that might make it eligible for judicial notice. Fed. R. Evid. 201. A defendant's self-serving public statements made with an eye toward existing litigation are not proper subjects for judicial notice.

Google asks judicial notice of an undated statement titled "Why does Google use location information?" that, Google's counsel has informed Interim Co-Lead Class Counsel, Google first published as it appears in Exhibit No. 1 on April 3, 2019—nearly eight months after this case was filed. *See* Compl., ECF No. 1 (Aug. 17, 2018). The potential impact of taking judicial notice of this statement is significant. For example, Google's Motion to Dismiss cites to Exhibit No. 1 to contend Plaintiffs consented to Google's location tracking months and potentially years— before Exhibit No. 1 was ever published. The 1,615-word document contains self-serving statements regarding the subject matter of this lawsuit that appear to have been generated for litigation purposes—specifically to support Google's effort to dismiss this consumer class action concerning location information.

Exhibit No. 1 does not meet the standard for judicial notice under Federal Rule of Evidence 201, which provides that a court may take judicial notice of a "fact" that:

(1) is generally known within the trial court's territorial jurisdiction; or
(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Exhibit No. 1 purports to be Google's self-serving explanation of its conduct surrounding its collection of geolocation data. It concerns subject matter that is technical, the details and programming about which in other contexts Google has indicated is trade secret. Therefore, this information is *not* "generally known within th[is] court's territorial jurisdiction." *Id.* Further,

how Google stores and collects location information is subject to dispute, and Google's post-filing characterizations of how it collects and stores location information *can* "reasonably be questioned."  *Id.*  After all, Plaintiffs' lawsuit stems from an allegation that although Google represented to its users on its website that "[w]ith Location History off, the places you go are *no longer stored*," Google did not abide by its promise.  Con. Compl. ¶ 5, ECF No. 80 (emphasis added).  Given that the truthfulness of Google's public representations about how it collects and stores location information are at issue in this lawsuit, Google's *post-filing* statement about the same subject matter—which Google drafted with knowledge of Plaintiffs' allegations—cannot be the subject of judicial notice.  The truth of Exhibit No. 1's contents remain in dispute—both today and with respect to the retroactive period for which Google has attempted to introduce it.

Exhibit No. 1 is not cited in Plaintiffs' Complaint or attached as an exhibit thereto.  Therefore, it cannot be considered in resolving Google's Motion to Dismiss under the incorporation-by-reference doctrine.  To the extent the Court could take judicial of any fact with respect to Exhibit No. 1, it would only be that "the[] publication[] w[as] in the public realm at the time [it] [was] issued, but not for the truth of [its] contents."  *Diaz v. Intuit, Inc.*, No. 15-1778-EJD, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018).  Here, however, Google's Request for Judicial Notice and supporting declaration does not indicate, under penalty of perjury, when exactly Exhibit 1 was published.  Therefore, on the record before the Court, even the publication date of Exhibit 1 is not properly subject to judicial notice.  *See also In re Easysaver Rewards Litig.*, 737 F.Supp.2d 1159, 1167-68 (S.D. Cal. 2010) (denying request to take judicial notice of website screenshots because "whether these are the webpages Plaintiffs would have viewed during their online transactions is subject to 'reasonable dispute,' Fed.R.Evid. 201, as . . . the pages were changed, modified, and revised over time").

For these reasons, Plaintiffs respectfully request that the Court deny Google's request that the Court take judicial notice of Exhibit No. 1.

| | |
|---|---|
| Dated: July 2, 2019 | Respectfully Submitted,<br><br> */s/ Tina Wolfson*<br>Tina Wolfson (SBN 174806)<br>twolfson@ahdootwolfson.com<br>Theodore W. Maya (SBN 223242)<br>tmaya@ahdootwolfson.com<br>Alex R. Straus (SBN 321366)<br>astraus@ahdootwolfson.com<br>Brad King (SBN 274399)<br>bking@ahdootwolfson.com<br>AHDOOT & WOLFSON, PC<br>10728 Lindbrook Drive<br>Los Angeles, CA 90024<br>Telephone: 310.474.9111<br>Facsimile: 310.474.8585<br><br> */s/ Michael W. Sobol*<br><br>Michael W. Sobol (SBN 194857)<br>msobol@lchb.com<br>Melissa Gardner (SBN 289096)<br>mgardner@lchb.com<br>Michael Levin-Gesundheit (SBN 292930)<br>mlevin@lchb.com<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111-3339<br>Telephone:  415.956.1000<br>Facsimile:  415.956.1008<br><br>Nicholas Diamand (*pro hac vice*)<br>ndiamand@lchb.com<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor<br>New York,  NY 10013<br>Telephone:  212.355.9500<br>Facsimile:  212.355.9592<br><br>*Interim Co-Lead Class Counsel* |

## ATTESTATION OF FILER—LOCAL RULE 5-1(i)(3)

I, Tina Wolfson, attest that concurrence in the filing of this document has been obtained from the other signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

 */s/ Tina Wolfson*
Tina Wolfson