KEKER, VAN NEST & PETERS LLP
BENEDICT Y. HUR - # 224018
bhur@keker.com
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
KATHRYN BOWEN - # 312649
kbowen@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant GOOGLE LLC

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

AHDOOT & WOLFSON, PC
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Alex R. Straus (SBN 321366)
astraus@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

Interim Co-Lead Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**[STIPULATED] ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Dept:  Courtroom 4 - 5th Floor<br>Judge:  Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

**I.      PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**II.     COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**III.    PROPORTIONALITY**

Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information consistent with Fed. R. Civ. P. 26(b)(1).[1]

**IV.     LIAISON**

1.      The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

2.      Google appoints Thomas E. Gorman (Keker, Van Nest & Peters LLP), as its e-discovery liaison.

3.      Plaintiffs appoint Theodore Maya (Ahdoot & Wolfson PC) and Michael Levin-Gesundheit (Lieff Cabraser Heimann & Bernstein, LLP) as their e-discovery liaisons.

**V.      PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

1. Only ESI created or received between 2007 and the present will be preserved;

2. The parties have discussed the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

3. The parties will agree on the number of custodians per party for whom ESI will be preserved;

4. These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

    (a) backup systems and/or tapes used for disaster recovery; and

    (b) systems no longer in use that cannot be accessed.

5. Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve, search, or collect the following:

    (a) voice mails;

    (b) information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;

    (c) mobile device text messages;

    (d) automatically saved versions of documents and emails;

    (e) deleted, slack, fragmented, or other data accessible only by forensics;

    (f) random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

    (g) on-line access data such as temporary internet files, history, cache, cookies, and the like;

    (g) dynamic fields of databases or log files that are not retained in the usual course of business; and

    (h) data in metadata fields that are frequently updated automatically, such as last opened dates (except to the extent that the parties have agreed to produce specific metadata as it exists at the time of collection).

6. In addition, the parties agree that system, server, and network logs will be preserved pursuant to normal business retention only, subject to potential additional meet-and-confer discussions about the preservation, relevance, and discoverability of any such logs.

**VI. SEARCH**

1. The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. The parties agree to engage in further meet-and-confer discussions to discuss potential phasing options in relation to specific discovery requests and sources.

2. Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File. Source code files will be provided according to the Protective Order and not included in custodial data productions.

3. Deduplication. A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across Custodians at the family level using MD5 or SHA-1 hash.

4. Inclusive/Most Evolved Email. A party may also refrain from producing email and attachments as follows: In an email thread, only the inclusive/most evolved responsive email in a thread need be produced, with the following exceptions:

        i.       Where an earlier-in-thread email has one or more responsive attachments not contained within the most evolved email, the most evolved earlier-in-thread email containing such attachments also will be produced along with its attachments.

        ii.      Where a conversation branches or splits, a party shall produce the most evolved email in each conversation branch and any attachments thereto, plus the most evolved earlier-in-thread messages with attachments not otherwise produced in the thread.

        iii.     If a party elects to produce only the most evolved email(s) including those necessary to furnish all unique attachments, that party shall not be entitled to withhold in full any emails wherein privilege would attach to only a portion of the email conversation if all earlier emails were separately considered as discrete files. The parties agree that evolved emails with content to which privilege attaches during the thread shall be produced with appropriate redactions.

**VII.    PRODUCTION FORMATS**

The parties agree to produce documents in the formats described in Appendix 1 to this Order. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**VIII.   PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to discuss phasing the production of ESI.

**IX.    DOCUMENTS PROTECTED FROM DISCOVERY**

The parties have stipulated to an agreement under Federal Rule of Evidence 502(d) in their Stipulated Protective Order.

    1.    Communications that post-date the filing of the complaint and that involve trial counsel (or their staff [e.g. paralegals and legal secretaries]) need not be placed on a privilege log. Communications that post-date the filing of the complaint, that involve in-house litigation counsel (or their staff [e.g. paralegals and legal secretaries]), and that were created either (i) to prosecute or defend this action, or (ii) to obtain or provide legal advice on issues involved in this litigation,

need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate, with sufficient detail to disclose the basis and scope of the claim of privilege.

2. Activities undertaken in compliance with the duty to preserve information are protected from discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3. Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

## X.   MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Stipulated Order will supersede the previous Stipulated Order.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: July 15, 2019                              KEKER, VAN NEST & PETERS LLP

By:   */s/ Benedict Y. Hur*
      BENEDICT Y. HUR
      BENJAMIN BERKOWITZ
      THOMAS E. GORMAN
      KATHRYN BOWEN

      Attorneys for Defendant GOOGLE LLC

Dated: July 15, 2019                              LIEFF CABRASER HEIMANN &
                                                  BERNSTEIN, LLP

By:   */s/ Michael W. Sobol*
      MICHAEL W. SOBOL
      MELISSA GARDNER
      MICHAEL LEVIN-GESUNDHEIT

      *Interim Co-Lead Class Counsel*

Dated: July 15, 2019                                         AHDOOT & WOLFSON, PC

                                                 By:   */s/ Tina Wolfson*
                                                       TINA WOLFSON
                                                       THEODORE MAYA
                                                       ALEX R. STRAUS
                                                       BRAD KING

                                                       *Interim Co-Lead Class Counsel*

**IT IS SO ORDERED** that the foregoing Agreement is approved.

Dated: _____          _____
                                       Honorable Edward J. Davila

# APPENDIX 1

# PRODUCTION FORMAT AND METADATA

1. **Production Components.** Productions shall include, single page TIFFs, Text Files, an ASCII delimited metadata file (.dat file) and an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

2. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

3. **Metadata Fields and Metadata File.** Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, CUSTODIAN, NATIVELINK, TEXTLINK, HASH_VALUE, REDACTED, REDACTED_REASON, and CONFIDENTIALITY.  The metadata file shall be delimited according to the following characters:

- Delimiter = ¶ (ASCII:020)
- Text-Qualifier = þ (ASCII:254)
- New Line = ® (ASCII:174)
- Multi-value delimiter - (ASCII Code 059)

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |

| Field | Description |
|---|---|
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIME_SENT | Time email was sent (UTC) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| FILENAME | Filename of an electronic document |
| FILE SIZE | File size |
| FILE_EXTEN | File extension |
| PAGE COUNT | Page count |
| MSG ID | Unique identification number from email system |
| DATEMOD | Date an electronic document was last modified or created (format: MM/DD/YYYY) (Edoc or attachment) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc or attachment) |
| NATIVELINK | Native File Link (Native Files only) |
| TEXTLINK | Link to text files |
| AUTHOR | Any value populated in the Author field of the document properties |
| HASH_VALUE | MD5 or SHA1 hash of the document |
| REDACTED | Yes/No |
| REDACTED_REASON | Justification(s) for redaction(s) |
| CONFIDENTIALITY | Confidentiality designation for the document, if any, per Protective Order |

4. **TIFFs.**  Documents that exist only in hard copy format shall be scanned and produced as TIFFs. Unless excepted below, documents that exist as ESI shall be converted and produced as TIFFs. Unless excepted below, single page Group IV TIFFs should be provided, at

least 300 dots per inch (dpi) for all documents. Each TIFF image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). TIFFs shall show all text and images that would be visible to a user of the hard copy documents.

5. **Text Files.** A single multi-page text file shall be provided for each document, and the filename should match its respective TIFF filename.  A commercially acceptable technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents. When possible, the text of native files should be extracted directly from the native file. Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents.  All documents shall be produced with a link in the TextLink field.

6. **Image Load Files / Data Load Files.** Each TIFF in a production must be referenced in the corresponding image load file.  The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production.  The total number of documents in a production should match the total number of records in the data load file.

7. **Bates Numbering.** All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

8. **Confidentiality Designation.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

9. **Redaction of Information.** If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

10. **Native Files.** Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in either their native format or MS Excel. with applicable metadata and extracted, searchable text. If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied. Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in Appendix 1. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text. The producing party will not deny reasonable requests for reproductions of specific grayscale TIFF files in color format.

11. **Proprietary Files.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information. The parties shall meet and confer to finalize the appropriate production format.

12. **Databases, Structured, Aggregated or Application Data.** For requests in which responsive information is contained in a database or other structured or aggregated data source, the parties will meet and confer to identify a reasonable method and format for production.

13. **Production Media.** Documents shall be encrypted and produced on external hard drives, readily accessible computer(s) or other electronic media ("Production Media"). Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002"). Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced.

# ATTESTATION

Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: July 15, 2019        */s/ Michael Levin-Gesundheit*

1805805.1