KEKER, VAN NEST & PETERS LLP
BENEDICT Y. HUR - # 224018
bhur@keker.com
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
CHRISTINA LEE – # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**GOOGLE'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY BRIEF**<br><br>Date:     October 3, 2019<br>Time:    9:00 a.m.<br>Dept:    Courtroom 4 - 5th Floor<br>Judge:   Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence ("Rule") 201, Defendant Google LLC hereby respectfully requests that the Court take judicial notice of the following materials in support of its reply brief in support of its motion to dismiss, filed concurrently herewith.

1. Google's "See & control your Web & App Activity" support webpage ("Web & App Activity support page"), available at https://support.google.com/websearch/answer/54068, accessed and downloaded on July 29, 2019, attached as **Exhibit 1** to the Declaration of Bright Y. Kellogg ("Kellogg Declaration") in support of Google's Motion to Dismiss;
2. An archived copy of Google's Web & App Activity support webpage, first published at https://support.google.com/websearch/answer/54068 on October 27, 2016, attached as **Exhibit 2** to the Kellogg Declaration; and
3. An archived copy of Google's Web & App Activity support webpage, first published at https://support.google.com/websearch/answer/54068 on September 10, 2015, attached as **Exhibit 3** to the Kellogg Declaration.

## MEMORANDUM OF POINTS AND AUTHORITIES

The documents listed above are properly subject to judicial notice, and the Court should consider them when ruling on Google's Motion to Dismiss.

### I.   LEGAL STANDARD

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b).  Facts are not subject to reasonable dispute that (1) are "generally known within the trial court's territorial jurisdiction;" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.*; *see Khoja*, 899 F.3d at 999, 1001; *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Courts in this district recognize that "as a general matter, websites and their contents may

be proper subjects for judicial notice" if the party requesting notice provides the court with a copy of the specific web page. *Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of web pages); *Kinderstart.com, LLC v. Google, Inc.*, No. 06-cv-2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of a web page printout).

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS

Exhibits 1 through 3 to the Kellogg Declaration comprise current and archived copies of Google's Web & App Activity support webpage and are proper subjects for judicial notice. First, the Court can take judicial notice of the Web & App Activity support webpage because it is publicly available and not subject to reasonable dispute. *See Caldwell*, 2006 WL 618511, at *4. Second, Exhibits 1 through 3 are judicially noticeable under the doctrine of incorporation-by-reference because Plaintiffs rely on the Web & App Activity support webpage in their consolidated complaint and in their opposition brief. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1004–05 (9th Cir. 2018); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Plaintiffs quote directly from the Web & App Activity support webpage in their consolidated complaint and discuss Google's "description of what 'Web & App Activity' does" prior to "November 2018." Compl. ¶ 69 & n.38. Plaintiffs also attach an annotated version of that same webpage to their complaint as Exhibit 29. *See* Compl. Ex. 29. Plaintiffs further reference in their opposition brief both the "current" Web & App Activity support webpage and the webpage "[b]efore this case was filed." Opp. 5 (citing Compl. ¶ 69; Compl. Ex. 29); *see Perkins*, 53 F. Supp. 3d at 1205 (granting "request for judicial notice of Google's description of the Google Contacts feature" because "Plaintiffs have cited and relied on this document in their Opposition"). Exhibits 1 through 3 to the Kellogg Declaration are thus properly subject to judicial notice.

## III.   CONCLUSION

For the foregoing reasons, Google LLC respectfully requests that the Court take judicial notice of Exhibits 1 through 3 attached to the Kellogg Declaration.

Dated: July 30, 2019                                KEKER, VAN NEST & PETERS LLP

                                           By:    */s/ Benjamin Berkowitz*
                                                  BENEDICT Y. HUR
                                                  BENJAMIN BERKOWITZ
                                                  THOMAS E. GORMAN
                                                  CHRISTINA LEE

                                                  Attorneys for Defendant GOOGLE LLC