KEKER, VAN NEST & PETERS LLP
BENEDICT Y. HUR - # 224018
bhur@keker.com
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE: GOOGLE LOCATION HISTORY LITIGATION

Case No. 5:18-cv-05062-EJD

**GOOGLE'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

Date:      October 3, 2019
Time:      9:00 a.m.
Dept:      Courtroom 4 - 5th Floor
Judge:     Hon. Edward J. Davila

Date Filed: November 2, 2018

Trial Date: None Set

1    The Court should take judicial notice of Exhibit 1 and overrule Plaintiffs' objections. Exhibit 1, a copy of Google's "Why does Google use location information?" page (available at https://policies.google.com/technologies/location-data) with an identified download date of May 25, 2019, complies with the "general" rule that "websites and their contents may be proper subjects for judicial notice" if the party requesting notice provides the court with a copy of the specific web page. *Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006).

Plaintiffs complain that Exhibit 1 is not judicially noticeable because "Google's Request for Judicial Notice and supporting declaration does [sic] not indicate, under penalty of perjury, when exactly Exhibit 1 was published." RJN Opp. 3. But Plaintiffs do not dispute the judicially noticeable *fact* that Exhibit 1 was in the public realm at minimum on May 25, 2019, the date of its download.[1] Plaintiffs further dispute the accuracy of the *statements within* Exhibit 1 and impugn Google's motives for attaching the exhibit to its Request for Judicial Notice,[2] but Plaintiffs do not—and cannot—demonstrate that Exhibit 1 is an inaccurate *copy* of the webpage as downloaded on May 25, 2019. Because the fact of the public webpage's existence in the public record on May 25, 2019 is "not subject to reasonable dispute," Exhibit 1 is judicially noticeable. Fed. R. Evid. 201(b)(2).

---

[1] The Court in *Diaz v. Intuit, Inc.*, No. 5:15-CV-01778-EJD, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018), didn't *condition* judicial notice upon declaration of a webpage's "publication" date. Rather, the Court clarified the *scope* of its judicial notice of the webpages.

[2] Plaintiffs' characterization of Exhibit 1 as a "self-serving, post-filing statement" is not only baseless, but irrelevant. Plaintiffs have not identified any statement in Exhibit 1 they contend is inaccurate. RJN Opp. 2. Nor can they dispute that they filed their consolidated complaint—the only operative complaint in this case—*after* April 3, 2019 on April 29, 2019. Indeed, Plaintiffs assert that their claims against Google are *ongoing* to this very day, months after even this most recent update of the webpage. Compl. ¶ 1.

1337038

In any event, Google cited Exhibit 1 for the limited and undisputed proposition that Google publicly discloses to users that Location History is an "opt-in only" feature. *See* Google's Motion to Dismiss, Dkt. 87 at 5 & n.5 (citing RJN Ex. 1, Dkt 88-2 at ECF p. 4 ("If you ***opt in*** to Location History and your device is reporting location, the precise location of your signed-in devices will be collected and stored, even when you're not actively using a Google product or service. This helps create your Timeline where Location History data is stored, and may be used to power future recommendations on Google.")). Plaintiffs do not dispute that proposition. In fact, the exhibits Plaintiffs attached to their own complaint also confirm that Google made this public disclosure to users. *See, e.g.*, Compl., Ex. 26, Dkt 80-1, at ECF p.352 ("Location History is turned off by default for your Google Account and can only be turned on if you opt in.").

Accordingly, Google respectfully submits the Court should grant Google's request for judicial notice in its entirety, including as to Exhibit 1.

Dated:  July 30, 2019                                               KEKER, VAN NEST & PETERS LLP

                                                        By:    */s/ Benjamin Berkowitz*
                                                                 BENEDICT Y. HUR
                                                                 BENJAMIN BERKOWITZ
                                                                 THOMAS E. GORMAN
                                                                 CHRISTINA LEE

                                                                 Attorneys for Defendant GOOGLE LLC