**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  212.355.9500
Facsimile:  212.355.9592

*Interim Co-Lead Class Counsel*

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Brad King (SBN 274399)
bking@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF GOOGLE'S REPLY BRIEF** |

1       Plaintiffs oppose Google's Supplemental Request for Judicial Notice in support of its

2 reply to its pending Motion to Dismiss. *See* ECF No. 99. Consistent with black letter law,

3 Google's Request should be denied because it impermissibly introduces new facts on reply. *See,*

4 *e.g.*, *Stevens v. Davis*, No. 09-137, 2019 WL 249398, at *12 (N.D. Cal. Jan. 17, 2019) (Alsup, J.)

5 ("It is improper for a moving party to introduce new facts or different legal arguments in a reply

6 brief than those presented in the moving papers." (quoting *United States ex. Rel. Giles v. Sardie*,

7 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000)).

8       Further, the documents for which Google seeks judicial notice actually bolster Plaintiffs'

9 allegations that Google's *control panel* for Web & App Activity did *not* explain the relationship

10 between that feature and Google's systematic cataloging of users' locations and movements over

11 time. *See* Con. Class Action Compl., ¶¶ 69-78, ECF No. 80. To be sure, Plaintiffs' Complaint

12 already acknowledges that Google buried in hidden text—*i.e.*, text that is invisible until a user

13 affirmatively clicks a hyperlink to reveal it—an isolated reference to "location" on a webpage

14 containing a vague and confusing description of "Web & App Activity." *Id.* ¶ 69, n.39, Ex. 29.[1]

15 This hidden and confusing reference provides no practical information for users. Indeed, Google

16 still does not, and cannot, controvert that the pertinent webpage that is Web & App Activity's

17 *control panel*—*i.e.*, where a user can turn the feature on and off and where a user would actually

18 expect to learn how the feature works—was notably silent as to the collection of geolocation

19 information. Instead, Google described the function of Web & App Activity on its control panel

20 as "mak[ing] searches faster" and providing "customized experiences." *Id.* Exs. 23, 28. Google

21 compounded its misdirection on at least *three other* support pages concerning geolocation, *none*

22 *of which* made any mention of the "Web & App Activity" controls until after this controversy

23 arose. *Id.* ¶ 70.[2]

---

[1] "For a user to obtain any more detail about the 'Web & App Activity' setting, she had to click through to '[l]earn more,' then scroll to what's saved as 'Web & App Activity,' and open a section that is by default collapsed, entitled, '[i]nfo about your searches & more' before Google even *mentioned* that the setting is related to location tracking." Con. Class Action Compl. ¶ 69, n.39, Ex. 29.

[2] The support pages were titled, "Manage or delete your Location History," "Turn location on or off for your Android device," and "Manage location settings for Android apps." Con. Class

1   Only after this lawsuit was filed, in November 2018, did Google amend its statements on the Web & App Activity control panel to include a vague mention that the Web & App Activity feature saves "associated info like location." *Id.* n. 38. Google's new language remains vague, ambiguous, and deceptive, and it still fails clearly and definitively to disclose what location data is saved, and when. *Id*. ¶¶ 75-76.

Google's consistent omission, from at least 2016 to 2018, of any reference to geolocation on its Web & App Activity control panel is cataloged in the chart that follows, with Google's pertinent change highlighted.

**Google's Web & App Activity Control Panel from 2016 to Present**

| *Disclosure Title* | *Date* | *Text of Disclosure* | *Location in Complaint* |
|---|---|---|---|
| Activity Controls: Web & App Activity | October 8, 2016 | "Save your search activity on apps and in browsers to make searches faster and get customized experiences in Search, Maps, Now, and other Google products." | Ex. 28 |
| Activity Controls: Web & App Activity (*same*) | May 18, 2018 | "Save your search activity on apps and in browsers to make searches faster and get customized experiences in Search, Maps, Now, and other Google products." | Ex. 28 |
| Activity Controls: Web & App Activity (*same*) | November 3, 2018 | "Saves your activity on Google sites and apps to give you faster searches, better recommendations, and more personalized experiences in Maps, Search, and other Google services." | Ex. 27 |
| Activity Controls: Web & App Activity (*same*) | November 19, 2018 to present | "Saves your activity on Google sites and apps**, including associated info like location,** to give you faster searches, better recommendations, and more personalized experiences in Maps, Search, and other Google services." | n.38, *available at* https://myaccount.google.com/activitycontrols (last accessed August 8, 2019) |

Therefore, until at least November 2018, Google's vague description of what "Web & App Activity" does—that it "[s]aves your activity on Google sites and apps to give you faster searches, better recommendations, and more personalized experiences in Maps, Search, and other Google services"—would not put a user on notice that the feature enables Google to collect

---

Action Compl.¶ 70, n.40-42.

1  locations accurate to less than a meter.

2  Beyond Google's improper attempt to introduce new evidence on reply, the documents for
3  which Google seeks judicial notice demonstrate the continued lack of clarity about Google's
4  geolocation collection practices. This defeats the purpose for which Google offers the
5  documents—that is, to support its argument that consumers were on notice of these practices and
6  that, therefore, Plaintiffs' claims are subject to adjudication as a matter of law on a motion to
7  dismiss. Quite to the contrary, Google obfuscated that the "Web & App Activity" setting is
8  related to location, and instead falsely represented that the "Location History" setting controls
9  geolocation tracking. *See, e.g.*, Con. Class Action Compl., ¶¶ 69, 72.

10  Indeed, only after public reports revealed that turning off the Location History setting
11  would not stop Google from collecting users' location history did Google drop its representation
12  that, "with Location History off, the places you go are no longer stored." *Id.* ¶ 76. Since then,
13  Google has offered a number of re-explanations of the Location History setting to its users, which
14  not only continue to be vague and insufficient, but also evince its *post hoc* rationalization for not
15  adequately directing users to the tools necessary to protect their privacy and instead presenting
16  them with false statements that their privacy would be ensured. Google's varying, ambiguous,
17  and conflicting statements concerning its collection of its users' location information cannot
18  insulate it from liability, but rather demonstrate its deception on the issue.

19  For the stated reasons, Plaintiffs respectfully request that the Court deny Google's
20  Supplemental Request for Judicial Notice.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 13, 2019 | Respectfully Submitted, |
| 3 | | */s Michael W. Sobol* |
| 4 | | Michael W. Sobol (SBN 194857) |
| | | msobol@lchb.com |
| 5 | | Melissa Gardner (SBN 289096) |
| | | mgardner@lchb.com |
| 6 | | Michael Levin-Gesundheit (SBN 292930) |
| | | mlevin@lchb.com |
| 7 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| | | 275 Battery Street, 29th Floor |
| 8 | | San Francisco, CA 94111-3339 |
| | | Telephone: 415.956.1000 |
| 9 | | Facsimile: 415.956.1008 |
| 10 | | Nicholas Diamand (*pro hac vice*) |
| | | ndiamand@lchb.com |
| 11 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| | | 250 Hudson Street, 8th Floor |
| 12 | | New York, NY 10013 |
| | | Telephone: 212.355.9500 |
| 13 | | Facsimile: 212.355.9592 |
| 14 | | */s Tina Wolfson* |
| 15 | | Tina Wolfson (SBN 174806) |
| | | twolfson@ahdootwolfson.com |
| 16 | | Theodore W. Maya (SBN 223242) |
| | | tmaya@ahdootwolfson.com |
| 17 | | Brad King (SBN 274399) |
| | | bking@ahdootwolfson.com |
| 18 | | AHDOOT & WOLFSON, PC |
| | | 10728 Lindbrook Drive |
| 19 | | Los Angeles, CA 90024 |
| | | Telephone: 310.474.9111 |
| 20 | | Facsimile: 310.474.8585 |
| 21 | | *Interim Co-Lead Class Counsel* |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

CASE NO. 5:18-CV-05062-EJD
OPPOSITION TO GOOGLE'S SUPPLEMENTAL
REQUEST FOR JUDICIAL NOTICE

**ATTESTATION OF FILER—LOCAL RULE 5-1(i)(3)**

I, Michael Levin-Gesundheit, attest that concurrence in the filing of this document has been obtained from the signatories shown above.  I declare under penalty of perjury that the foregoing is true and correct.

　　　　*/s Michael Levin-Gesundheit*

Michael Levin-Gesundheit

1821919.3