1  KEKER, VAN NEST & PETERS LLP
   BENJAMIN BERKOWITZ - # 244441
2  bberkowitz@keker.com
   THOMAS E. GORMAN - # 279409
3  tgorman@keker.com
   CHRISTINA LEE - # 314339
4  clee@keker.com
   633 Battery Street
5  San Francisco, CA 94111-1809
   Telephone:   415 391 5400
6  Facsimile:   415 397 7188

7  *Attorneys for Defendant GOOGLE LLC*

   LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP
   Michael W. Sobol (SBN 194857)
   msobol@lchb.com
   Melissa Gardner (SBN 289096)
   mgardner@lchb.com
   Michael Levin-Gesundheit (SBN 292930)
   mlevin@lchb.com
   275 Battery Street, 29th Floor
   San Francisco, CA 94111
   Telephone: 415.956.1000
   Facsimile: 415.956.1008

   AHDOOT & WOLFSON, PC
   Tina Wolfson (SBN 174806)
   twolfson@ahdootwolfson.com
   Alex R. Straus (SBN 321366)
   astraus@ahdootwolfson.com
   Brad King (SBN 274399)
   bking@ahdootwolfson.com
   10728 Lindbrook Drive
   Los Angeles, CA 90024
   Telephone: 310.474.9111
   Facsimile: 310.474.8585

   *Interim Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>Dept:   Courtroom 5 - 4th Floor<br>Judge:  Hon. Nathanael Cousins<br><br>Date Filed: November 21, 2019<br><br>Trial Date: None Set |

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section XII.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a PARTY seeks permission from the Court to file material under seal.

## II. DEFINITIONS

1. <u>CHALLENGING PARTY</u>: a PARTY or NON-PARTY that challenges the designation of information or items under this Order.

2. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3. <u>COUNSEL</u>: OUTSIDE COUNSEL OF RECORD and HOUSE COUNSEL (as well as their support staff).

4. <u>DESIGNATING PARTY</u>: a PARTY or NON-PARTY that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5. <u>DISCOVERY MATERIAL</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

6. <u>EXPERT</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a PARTY or its counsel to serve as an expert witness or as a consultant in this action, and (2) is not currently, has not been in the previous five years, and is not anticipated to become an employee of a competitor to Google.

7. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another PARTY or NON-PARTY would create a substantial risk of serious harm that could not be avoided by less restrictive means.

8. <u>HOUSE COUNSEL</u>: attorneys who are employees of a PARTY. HOUSE COUNSEL does not include OUTSIDE COUNSEL OF RECORD or any other outside counsel.

9. <u>NON-PARTY</u>: any natural person, partnership, corporation, association, or other legal entity not named as a PARTY to this action.

10. <u>OUTSIDE COUNSEL OF RECORD</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a PARTY and have appeared in this action on behalf of that PARTY or are affiliated with a law firm which has appeared on behalf of that PARTY.

11. <u>PARTY</u>: any party to this action.

12. <u>PRODUCING PARTY</u>: a PARTY or NON-PARTY that produces DISCOVERY MATERIAL in this action.

13. <u>PROFESSIONAL VENDORS</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors.

14. <u>PROTECTED MATERIAL</u>: any DISCOVERY MATERIAL that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15. <u>RECEIVING PARTY</u>: a PARTY that receives DISCOVERY MATERIAL from a PRODUCING PARTY.

### III. SCOPE

The protections conferred by this Stipulation and Order cover not only PROTECTED MATERIAL (as defined above), but also (1) any information copied or extracted from PROTECTED MATERIAL; (2) all copies, excerpts, summaries, or compilations of PROTECTED MATERIAL; and (3) any testimony, conversations, or presentations by Parties or their COUNSEL that might reveal PROTECTED MATERIAL. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a RECEIVING PARTY or becomes part of the public domain after its disclosure to a RECEIVING PARTY as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the RECEIVING PARTY prior to the disclosure or obtained by the RECEIVING PARTY after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the DESIGNATING PARTY. Any use of PROTECTED MATERIAL at trial shall be governed by a separate agreement or order.

### IV. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a DESIGNATING PARTY agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### V. DESIGNATING PROTECTED MATERIAL

1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each PARTY or NON-PARTY that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the DESIGNATING PARTY must

designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the DESIGNATING PARTY to sanctions.

If it comes to a DESIGNATING PARTY's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that DESIGNATING PARTY must promptly notify all other Parties that it is withdrawing the mistaken designation.

2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section V.2(a) below), or as otherwise stipulated or ordered, DISCOVERY MATERIAL that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the PRODUCING PARTY affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection and if practicable to do so, the PRODUCING PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A PARTY or NON-PARTY that makes original documents or materials available for inspection need not designate them for protection until after the inspecting PARTY has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting PARTY has identified the documents it wants copied and produced, the PRODUCING PARTY must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the PRODUCING PARTY must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains PROTECTED MATERIAL. If only a portion or portions of the material on a page qualifies for protection, the PRODUCING PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the DESIGNATING PARTY when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the DESIGNATING PARTY may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other Parties reasonable notice if they reasonably expect a deposition, hearing or other proceeding to include PROTECTED MATERIAL so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing PROTECTED MATERIAL shall have an obvious legend on the title page that the transcript contains PROTECTED MATERIAL, and the title page shall be

followed by a list of all pages (including line numbers as appropriate) that have been designated as PROTECTED MATERIAL and the level of protection being asserted by the DESIGNATING PARTY. The DESIGNATING PARTY shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the PRODUCING PARTY affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the PRODUCING PARTY, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the DESIGNATING PARTY's right to secure protection under this Order for such material. Upon timely correction of a designation, the RECEIVING PARTY must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

1. <u>Timing of Challenges</u>. Any PARTY may challenge a designation of confidentiality at any time. Unless a prompt challenge to a DESIGNATING PARTY's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a PARTY does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2. <u>Meet and Confer</u>. The CHALLENGING PARTY shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing

the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the CHALLENGING PARTY must explain the basis for its belief that the confidentiality designation was not proper and must give the DESIGNATING PARTY an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A CHALLENGING PARTY may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the DESIGNATING PARTY is unwilling to participate in the meet and confer process in a timely manner.

        3.     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the DESIGNATING PARTY shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the DESIGNATING PARTY to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the CHALLENGING PARTY may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

        The burden of persuasion in any such challenge proceeding shall be on the DESIGNATING PARTY. Frivolous challenges and those made for an improper purpose (e.g., to

harass or impose unnecessary expenses and burdens on other Parties) may expose the CHALLENGING PARTY to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the DESIGNATING PARTY's designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

1. <u>Basic Principles</u>. A RECEIVING PARTY may use PROTECTED MATERIAL that is disclosed or produced by another PARTY or by a NON-PARTY in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such PROTECTED MATERIAL may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a RECEIVING PARTY must comply with the provisions of Section XIII below (FINAL DISPOSITION).

PROTECTED MATERIAL must be stored and maintained by a RECEIVING PARTY at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the DESIGNATING PARTY, a RECEIVING PARTY may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the RECEIVING PARTY's OUTSIDE COUNSEL OF RECORD in this action, as well as employees of said OUTSIDE COUNSEL OF RECORD to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

---

[1] In the event a NON-PARTY witness is authorized to receive PROTECTED MATERIAL that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such PROTECTED MATERIAL, the attorney must provide (prior to commencement of the deposition) an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing PROTECTED MATERIAL in order for the deposition to proceed.

    (b) the officers, directors, and employees (including HOUSE COUNSEL) of the RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) EXPERTS (as defined in this Order) of the RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the Court and its personnel;

    (e) stenographic reporters, mock jurors or focus-group participants,[2] and PROFESSIONAL VENDORS to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the DESIGNATING PARTY objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, RECEIVING PARTY must provide notice sufficient to allow the DESIGNATING PARTY to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal PROTECTED MATERIAL must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information.

  3. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the DESIGNATING PARTY, a RECEIVING PARTY may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a) the RECEIVING PARTY's OUTSIDE COUNSEL OF RECORD in this

---

[2] In no event may mock jurors or focus-group participants retain or possess any copies, abstracts, compilations, summaries or any other format reproducing or capturing any PROTECTED MATERIAL (1) after the mock trial or focus group is completed, or (2) outside the facility where the mock trial or focus group is conducted.

1  action, as well as employees of said OUTSIDE COUNSEL OF RECORD to whom it is

2  reasonably necessary to disclose the information for this litigation and who have signed the

3  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

4      (b) Designated HOUSE COUNSEL of the RECEIVING PARTY (1) who has no

5  involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for

6  this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

7  A),;

8      (c) EXPERTS of the RECEIVING PARTY (1) to whom disclosure is reasonably

9  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

10 Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section VII.4(a)(2), below,

11 have been followed;

12     (d) the Court and its personnel;

13     (e) stenographic reporters, mock jurors or focus-group participants,[3] and

14 PROFESSIONAL VENDORS to whom disclosure is reasonably necessary for this litigation and

15 who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

16     (f) the author or recipient of a document containing the information or a custodian

17 or other person who otherwise possessed or personally knows the information, unless the

18 DESIGNATING PARTY objects to the disclosure.

19     4.    Procedures for Approving or Objecting to Disclosure of "HIGHLY

20 CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to EXPERTS.

21     (a)(1) [RESERVED]

22     (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

23 DESIGNATING PARTY, a PARTY that seeks to disclose to an EXPERT (as defined in this

24 Order) any information or item that has been designated "HIGHLY CONFIDENTIAL –

25 ATTORNEYS' EYES ONLY" pursuant to Section VII.3(c) first must make a written request to

---

[3] In no event may mock jurors or focus-group participants retain or possess any copies, abstracts, compilations, summaries or any other format reproducing or capturing any PROTECTED MATERIAL (1) after the mock trial or focus group is completed, or (2) outside the facility where the mock trial or focus group is conducted

the DESIGNATING PARTY[4] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the RECEIVING PARTY seeks permission to disclose to the EXPERT, (2) sets forth the full name of the EXPERT and the city and state of his or her primary residence, (3) attaches a copy of the EXPERT's current resume, (4) identifies the EXPERT's current employer(s), (5) identifies each person or entity from whom the EXPERT has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[5] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the EXPERT has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A PARTY that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject PROTECTED MATERIAL to the identified EXPERT unless, within 14 days of delivering the request, the PARTY receives a written objection from the DESIGNATING PARTY. Any such objection must set forth in detail the grounds on which it is based.

(c) A PARTY that receives a timely written objection must meet and confer with the DESIGNATING PARTY (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the PARTY seeking to make the disclosure to the EXPERT may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the EXPERT is reasonably necessary, assess the risk of harm that

---

[4] EXPERTS need not be disclosed to NON-PARTIES.

[5] If the EXPERT believes any of this information is subject to a confidentiality obligation to a third-party, then the EXPERT should provide whatever information the EXPERT believes can be disclosed without violating any confidentiality agreements, and the PARTY seeking to disclose to the EXPERT shall be available to meet and confer with the DESIGNATING PARTY regarding any such engagement.

the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the DESIGNATING PARTY for its refusal to approve the disclosure.

(d) In any such proceeding, the PARTY opposing disclosure to the EXPERT shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the RECEIVING PARTY's need to disclose the PROTECTED MATERIAL to its EXPERT.

(e) A PARTY who has not previously objected to disclosure of PROTECTED MATERIAL to an EXPERT or whose objection has been resolved with respect to previously produced PROTECTED MATERIAL shall not be precluded from raising an objection to an EXPERT at a later time (i) with respect to PROTECTED MATERIAL that is produced after the time for objecting to such EXPERT has expired and that relates to subject matter different from previously produced PROTECTED MATERIAL and PROTECTED MATERIAL reasonably anticipated to be produced based on the allegations of the complaint or (ii) if new information about that EXPERT is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

### VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a PARTY is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that PARTY must:

(a) promptly notify in writing the DESIGNATING PARTY. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated

Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the DESIGNATING PARTY whose PROTECTED MATERIAL may be affected.

If the DESIGNATING PARTY timely[6] seeks a protective order, the PARTY served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the PARTY has obtained the DESIGNATING PARTY's permission. The DESIGNATING PARTY shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a RECEIVING PARTY in this action to disobey a lawful directive from another court.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1. The terms of this Order are applicable to information produced by a NON-PARTY in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a NON-PARTY from seeking additional protections.

2. In the event that a PARTY is required, by a valid discovery request, to produce a NON-PARTY's confidential information in its possession, and the PARTY is subject to an agreement with the NON-PARTY not to produce the NON-PARTY's confidential information, then the PARTY shall:

(a) promptly notify in writing the Requesting PARTY and the NON-PARTY that some or all of the information requested is subject to a confidentiality agreement with a NON-PARTY;

---

[6] The DESIGNATING PARTY shall have at least 14 days from the service of the notification pursuant to Section X(a) to seek a protective order.

(b) promptly provide the NON-PARTY with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the NON-PARTY.

3. If the NON-PARTY fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the RECEIVING PARTY may produce the NON-PARTY's confidential information responsive to the discovery request. If the NON-PARTY timely objects or seeks a protective order, the RECEIVING PARTY shall not produce any information in its possession or control that is subject to the confidentiality agreement with the NON-PARTY before a determination by the Court.[7] Absent a Court order to the contrary, the NON-PARTY shall bear the burden and expense of seeking protection in this court of its PROTECTED MATERIAL.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has disclosed PROTECTED MATERIAL to any person or in any circumstance not authorized under this Stipulated Protective Order, the RECEIVING PARTY must immediately (a) notify in writing the DESIGNATING PARTY of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the PROTECTED MATERIAL, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a PRODUCING PARTY gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving

---

[7] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a NON-PARTY and to afford the NON-PARTY an opportunity to protect its confidentiality interests in this court.

Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A PARTY or NON-PARTY that asserts that it inadvertently produced privileged or protected documents shall not be required to provide discovery on its internal procedures for conducting privilege reviews prior to production, and it shall not be required to demonstrate that such procedures were sufficiently rigorous.

## XII.   MISCELLANEOUS

1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached. Furthermore, without application to the Court, any PARTY or NON-PARTY that is a beneficiary of the protections of this Order may enter a written agreement releasing any other PARTY or NON-PARTY hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no PARTY waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3. <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon treatment of certain types of DISCOVERY MATERIAL does not reflect agreement by the Parties that the disclosure of such categories of DISCOVERY MATERIAL is required or appropriate in this action. The Parties reserve the right to argue that any particular category of DISCOVERY MATERIAL should not be produced.

4. <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

5. <u>Filing PROTECTED MATERIAL</u>. Without written permission from the DESIGNATING PARTY or a Court order secured after appropriate notice to all interested persons, a PARTY may not file in the public record in this action any PROTECTED MATERIAL. A PARTY that seeks to file under seal any PROTECTED MATERIAL must comply with Civil Local Rule 79-5. PROTECTED MATERIAL may only be filed under seal pursuant to a Court order authorizing the sealing of the specific PROTECTED MATERIAL at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the PROTECTED MATERIAL at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a RECEIVING PARTY's request to file PROTECTED MATERIAL under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the RECEIVING PARTY may file the PROTECTED MATERIAL in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

6. <u>Use of PROTECTED MATERIAL at Trial</u>. A PARTY shall, if practical, provide a minimum of two business days' notice to the PRODUCING PARTY in the event that a PARTY intends to use any Protected Information during trial. Subject to any challenges under Section VI, the Parties will not oppose any reasonable request by the PRODUCING PARTY that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any PROTECTED MATERIAL.

7. <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or impede OUTSIDE COUNSEL OF RECORD's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of PROTECTED MATERIAL, provided however that such communications or advice shall not disclose or reveal the substance or content of any PROTECTED MATERIAL other than as permitted under this Order.

8. <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

## XIII.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section IV, each RECEIVING PARTY must return all PROTECTED MATERIAL to the PRODUCING PARTY or destroy such material. As used in this subdivision, "all PROTECTED MATERIAL" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the PROTECTED MATERIAL. Whether the PROTECTED MATERIAL is returned or destroyed, the RECEIVING PARTY must submit a written certification to the PRODUCING PARTY (and, if not the same person or entity, to the DESIGNATING PARTY) by the 60-day deadline that (1) identifies (by category, where appropriate) all the PROTECTED MATERIAL that was returned or destroyed and (2) affirms that the RECEIVING PARTY has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the PROTECTED MATERIAL. Notwithstanding this provision, COUNSEL are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. Any such archival copies that contain or constitute PROTECTED MATERIAL remain subject to this Protective Order as set forth in Section IV (DURATION).

## XIV. INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that DISCOVERY MATERIAL that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the PROTECTED MATERIAL for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning PROTECTED MATERIAL produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 20, 2019      LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Michael W. Sobol*
MICHAEL W. SOBOL
MELISSA GARDNER
MICHAEL LEVIN-GESUNDHEIT

*Interim Co-Lead Class Counsel*

Dated: November 21, 2019      KEKER, VAN NEST & PETERS LLP

By: */s/ Thomas E. Gorman*
BENJAMIN BERKOWITZ
THOMAS E. GORMAN
CHRISTINA LEE

Attorneys for Defendant GOOGLE LLC

PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

Dated: December 9, 2019      _____
Honorable Nathanael M. Cousins

GRANTED
Judge Nathanael M. Cousins

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [insert date] in the case of *In re Google Location History Litigation*, No. 5:18-cv-05062-EJD (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____