KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
CHRISTOPHER SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

*Attorneys for Defendant*
GOOGLE LLC

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
Melissa Gardner (State Bar No. 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (State Bar No. 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

AHDOOT & WOLFSON, PC
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

*Interim Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No.  5:18-cv-05062-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date:   January 16, 2020<br>CMC Time:   10:00 a.m.<br>Dept:            Courtroom 1 – 5th Floor<br>Judge:          Hon. Edward J. Davila<br><br>Trial Date:    None Set |

The Parties hereby submit this Joint Initial Case Management Conference Statement in advance of the Initial Case Management Conference scheduled for January 16, 2020 at 10:00 a.m.

**1. JURISDICTION AND SERVICE**

    **a.** **Plaintiffs' Statement**

As set forth in the parties' Joint Initial Case Management Conference Statement filed on May 3, 2019, Google does not dispute jurisdiction, venue or service at this time. (Dkt. 81 at 2 of 15.) In their Consolidated Class Action Complaint (the "Consolidated Complaint"), Plaintiffs alleged the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367, and has personal jurisdiction over Defendant as it operates a business headquartered in the Northern District of California.

Google, the one defendant named in the Consolidated Complaint, has been properly served with process.

    **b.** **Defendant's Statement**

Google does not dispute venue or service at this time. On December 19, the Court granted Google's motion to dismiss Plaintiffs' Consolidated Complaint in its entirety. *See* Dkt. No. 113. There is therefore currently no complaint pending against Google. To the extent Plaintiffs file an amended complaint, Google reserves all rights to seek dismissal of that complaint on any grounds as may be applicable.

**2. FACTS**

    **a.** **Plaintiffs' Statement**

This litigation addresses Google's tracking of people's geolocation in violation of their fundamental right to privacy under applicable laws. Google presents users with an option to disable its "Location History" feature, but even when users do so, Google nonetheless stores users' location data. Through this deceptive conduct, Google not only determines the location of each putative Class Member at given points in time, but also their movement between locations, over time. Accordingly, Plaintiffs allege that Google deceptively and unconscionably deprived and continues to deprive Plaintiffs, Class Members, and their children, of one of the most fundamental privacy rights: the ability to control access to and knowledge of their whereabouts

1 and their movement over time.

2 These consolidated actions were commenced in August 2018 with the filing of the first complaint. On December 11, 2018, the Court tentatively set a Consolidated Case Management Conference ("CMC") for March 28, 2019. *See* Dkt. 51. The CMC was continued a number of times thereafter, most recently on September 16, 2019, when the Court continued the CMC to January 16, 2020. (Dkt. 106.)

Interim Co-Lead Class Counsel and Interim Class Counsel were designated on April 1, 2019. *See* Dkt. 72. The Consolidated Complaint was filed on April 29, 2019. *See* Dkt. 80.

Defendant filed a Motion to Dismiss Plaintiffs' Consolidated Complaint on April 28, 2019 (Dkt. 87), Plaintiffs opposed on Jul 2, 2019 (Dkt. 93), and Defendant filed its reply on July 30, 2019 (Dkt. 98). Following a hearing on November 21, 2019, the Court issued its Order granting Defendant's Motion on December 19, 2019 ("Dismissal Order," Dkt. 113), dismissing Plaintiffs' cause of action under the California Invasion of Privacy Act ("CIPA") with prejudice, and dismissing Plaintiffs' other causes of action ("California Privacy Torts") with leave to amend by January 23, 2020.

### b. Google's Statement

In its order dated December 19, 2019, the Court granted Google's Motion to Dismiss Plaintiffs' Consolidated Complaint. In doing so, it dismissed all of Plaintiffs' causes of action. Plaintiffs have yet to file an amended complaint. As a result, they do not have any operative pleadings, allegations, or claims. Their recitation of facts appears premised on the very same allegations in their previous Consolidated Complaint, which the Court has already concluded fail to state a claim.

## 3. LEGAL ISSUES

### a. Plaintiffs' Statement

Plaintiffs respectfully intend to move, under 28 U.S.C. § 1292(b), to certify the Court's Dismissal Order for interlocutory appeal. Plaintiffs believe that the Court's dismissal of Plaintiffs' three causes of action "involves a controlling question of law as to which there is substantial ground for difference of opinion[,] and that an immediate appeal from the order may

1    materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  The Order

2    implicates novel questions of law that have not been subject to previous appellate review,

3    including: (1) whether Google's surveillance and recording of Plaintiffs' locations and

4    movements as determined from their mobile devices constitutes "use [of] an electronic tracking

5    device to determine the location or movement of a person" under CIPA; (2) whether CIPA

6    requires that the defendant affirmatively attach a tracking device to a "vehicle or other movement

7    thing"; and (3) whether, as a matter of law, California Privacy Torts may protect individuals from

8    tracking of their locations and movements as previously alleged in the Consolidated Complaint

9    without their consent.

10   Substantial grounds for difference of opinion exist with respect to these issues.  As recent

11   news reports confirm, the conduct at issue in this case continues to be of exceptional public

12   importance.  *See, e.g.*, Stuart A. Thompson & Charlie Warzel, *Twelve Million Phones, One*

13   *Dataset, Zero Privacy*, N.Y. Times, Dec. 19, 2019, *available at*

14   <https://www.nytimes.com/interactive/2019/12/19/opinion/location-tracking-cell-phone.html>

15   (last visited Jan. 2, 2020); Stuart A. Thompson & Charlie Warzel, *How to Track President*

16   *Trump*, N.Y. Times, Dec. 20, 2019, *available at*

17   <https://www.nytimes.com/interactive/2019/12/20/opinion/location-data-national-security.html>

18   (last visited Jan. 2, 2020).

19   Furthermore, while Plaintiffs are preparing to meet the Court's deadline of January 23,

20   2020 to file an amended complaint, they intend to seek an extension of that deadline in order to

21   allow for the interlocutory appeal process entailed with their request that the Court certify its

22   decision for appeal under 28 U.S.C. § 1292(b).

23   **b.   Google's Statement**

24   Plaintiffs appear impliedly to concede that they cannot save their complaint by

25   amendment.  Instead, Plaintiffs state they intend to seek an interlocutory appeal of the Court's

26   order dismissing their claims. Although Google will review Plaintiffs' motion for certification of

27   an interlocutory appeal if and when Plaintiffs file it, Plaintiffs do not appear to have any grounds

28   for seeking an interlocutory appeal, which would add significant inefficiency, expense and delay

1  to this litigation.

2  Plaintiffs have not identified "any controlling question of law as to which there is
3  substantial ground for difference of opinion." 28 U.S.C. § 1292(b).  Plaintiffs also have not
4  demonstrated that interlocutory review would promote judicial efficiency.  To the contrary, by
5  seeking interlocutory review before they have even attempted to remedy the pleading deficiencies
6  the Court identified in its December 19 Order, Plaintiffs would greatly complicate and delay the
7  case, making such review inappropriate.  Were the Ninth Circuit to grant interlocutory review and
8  affirm this Court's dismissal, Plaintiffs might then attempt to amend their complaint, subjecting
9  the parties to yet another motion to dismiss and yet another request for interlocutory review
10 should the Court grant the motion. That additional inefficiency, expense, and delay is why such
11 certification is considered "extraordinary" and rarely granted in the context of a ruling under Rule
12 12(b).

13 To the extent Plaintiffs concede they are unable to amend their allegations to satisfy the
14 concerns raised by the Court in its December 19, 2019 Order, Plaintiffs can simply choose not to
15 amend and may appeal from a final order of dismissal.  This would promote judicial efficiency
16 and enable the Ninth Circuit to review their appeal on a stable and complete record and would
17 avoid the risk of shifting pleadings and theories following appeal.

18 **4.    MOTIONS**

19     **a.    Plaintiffs' Statement**

20 Plaintiffs anticipate moving to for an order certifying the Dismissal Order for
21 interlocutory appeal, in accordance with 28 U.S.C. § 1292(b).

22 Plaintiffs further anticipate a motion to continue the January 23, 2020 deadline set in the
23 Dismissal Order to amend the pleadings pending resolution of the 1292(b) and mandamus
24 processes.

25 Plaintiffs anticipate filing a Motion for Class Certification after the interlocutory review
26 process, and the pleadings, are resolved.

27 Additionally, given disagreement between the parties as to the propriety of ongoing
28 discovery following the Dismissal Order, Plaintiffs anticipate that it may become necessary to file

a motion to compel Defendant's compliance with Plaintiffs' discovery requests. *See infra* § 8.

b.   **Google's Statement**

The Court's December 19, 2019 order dismissed all of Plaintiffs' causes of action. As a result, there is no complaint pending against Google. To the extent Plaintiffs file an amended complaint, Google anticipates seeking dismissal of the complaint and reserves its rights to seek any and all other relief.

As discussed in Section 8 below, in April 2019, to avoid a motion for a protective order, Plaintiffs agreed to limit their discovery requests to four requests for production and six interrogatories until it could be determined whether their complaint would survive the motion to dismiss stage. Since then, Google has provided responses and supplemental responses to those discovery requests and has produced more than 700 pages of documents. Google expects Plaintiffs to abide by their prior agreements not to serve additional discovery unless and until this action moves past the motion to dismiss stage. To date, Plaintiffs have not served any additional discovery requests and Google is not aware of any pending discovery disputes.

5.   **AMENDMENT OF PLEADINGS**

a.   **Plaintiffs' Statement**

In the Dismissal Order, the Court dismissed Plaintiffs' CIPA claim with prejudice and granted Plaintiffs leave to amend as to the California Privacy Tort claims by January 23, 2020. The Court also ordered that "Plaintiffs may not add new causes of action or parties without a stipulation or order of the Court under Rule 15 of the Federal Rules of Civil Procedure." (Dkt. 113 at 19.) Plaintiffs continue to analyze the issues, and may seek to add new causes of action, if the Court does not grant Plaintiffs' request that the Court certify the Dismissal Order for interlocutory review under 28 U.S.C. § 1292(b) and extend the deadline for amendment accordingly.

b.   **Google's Statement**

In its December 19, 2019 Order, the Court dismissed Plaintiffs' Consolidated Complaint in its entirety. The Court ordered that Plaintiffs may file an amended complaint by January 23, 2020, with respect to their constitutional and common law privacy claims, which were dismissed

1   with leave to amend.  *See* Dkt. 113 at 19.  The Court further ordered that "Plaintiffs may not add
2   new causes of action or parties without a stipulation or order of the Court under Rule 15 of the
3   Federal Rules of Civil Procedure.  Failure to cure the deficiencies addressed in this Order will
4   result in dismissal with prejudice." *Id*.  Plaintiffs have not informed Google of any basis for
5   adding new causes of action and have not sought to meet-and-confer with Google regarding
6   interlocutory review or extending the deadline for amendment.  As noted above, Google does not
7   believe there is any basis for Plaintiffs to seek interlocutory review of the Court's December 19,
8   2019 Order.

**6.    EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and will continue to meet and confer on evidence preservation.

    **a.    Plaintiffs' Statement**

Interim Co-Lead Class Counsel have issued instructions to all Plaintiffs' counsel to preserve the relevant devices and all hard copy and electronic records concerning the issues reasonably evident in this action.

    **b.    Google's Statement**

Google has taken steps to preserve relevant evidence in this action.  Google has also requested that Plaintiffs' provide the user IDs for their accounts, so that Google can identify Plaintiffs' alleged Google accounts.  Plaintiffs' counsel have refused to provide Google with that information.

**7.    DISCLOSURES**

The Parties exchanged Rule 26(a)(1) Initial Disclosures on May 20, 2019.

**8.    DISCOVERY**

    **a.    Plaintiffs' Statement**

On April 24, 2019, Plaintiffs served an initial, limited, set of four requests for production and six interrogatories upon Google, all of which focused on Google's geolocation tracking practices and, in particular, Google's responses to an April 23, 2019, demand from the House

1  Committee on Energy and Commerce concerning these issues. Google produced documents and
2  served supplemental interrogatory responses on December 30, 2019. Plaintiffs are reviewing and
3  analyzing these materials at this time.

4  Plaintiffs will need to propound further discovery to prepare adequately for class
5  certification. Rather than embark on broad discovery, Plaintiffs will in good faith propound
6  discovery related only to class certification issues before the class certification motion is filed.
7  However, because certification and merits discovery are interrelated, Plaintiffs believe that formal
8  bifurcation of discovery is unproductive. Google speculates that class certification will
9  necessarily be "broad and complex," but Plaintiffs have no such plan. Respectfully, the better
10 course would be to allow Plaintiffs to propound this discovery, and permit the parties to meet and
11 confer if disputes arise concerning the scope of that discovery.

12 However, in correspondence following entry of the Dismissal Order, Defendant's counsel
13 has made it clear that it is Defendant's position that it is not obligated to respond to any discovery
14 whatsoever. Plaintiffs disagree with Defendant's position in this regard. Because the Court
15 granted Plaintiffs leave to amend, this remains an ongoing case subject to discovery. *See*
16 *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 466 (9th Cir. 1995) ("Because
17 the district court granted the motion to dismiss with 30 days leave to amend, the action was still
18 ongoing at the time scheduled for the deposition."); *accord Godoy v. City of Sonoma*, No. 15-883,
19 2015 WL 4881348, at *5 (N.D. Cal. Aug. 14, 2015) ("It is clear that discovery may proceed after
20 a complaint has been dismissed, with leave to amend, before a new complaint has been filed.");
21 *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015)
22 (allowing party to "pursue discovery before deciding whether to" amend complaint and re-
23 attempt dismissed claim); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008)
24 (noting that plaintiffs had been allowed to conduct discovery after their original complaint was
25 dismissed).

26 Plaintiffs intend to make all due efforts to avoid motion practice concerning discovery
27 while the interlocutory review process proceeds, but, in light of Defendant's stated position on the
28 issue, Plaintiffs anticipate that they may be required to seek Court intervention to compel

1  Defendant's compliance with future discovery requests.

     **b.**    **Google's Statement**

In April 2019, to avoid a motion for a protective order, Plaintiffs agreed to limit their discovery requests to four requests for production and six interrogatories until it could be determined whether their complaint would survive the motion to dismiss stage. Since then, Google has provided responses and supplemental responses to those discovery requests and has produced more than 700 pages of documents.

In light of the Court's December 19, 2019 Order, there is no longer any operative complaint in this action and Google is not a party for purposes of discovery. *See, e.g., Hoa v. Cate*, No. C-12-2078 EMC, 2013 WL 3730249, at *2 (N.D. Cal. July 15, 2013) (defendant is not subject to party discovery in the absence of an operative complaint). Google expects Plaintiffs to abide by their prior agreements not to serve additional discovery unless and until this action moves past the motion to dismiss stage. To date, Plaintiffs have not served any additional discovery requests and Google is not aware of any pending discovery disputes.

**9.**    **CLASS ACTIONS**

     **a.**    **Plaintiffs' Statement**

Plaintiffs intend to seek class certification under Rule 23 of the Federal Rules of Civil Procedure after conclusion of the interlocutory review process and settlement of the pleadings.

     **b.**    **Google's Statement**

To the extent Plaintiffs amend their complaint and are able to satisfy Rule 12, Google expects to oppose Plaintiffs' anticipated motion for class certification.

**10.**    **RELATED CASES**

The Parties are not aware of any related cases other than those consolidated herein.

**11.**    **RELIEF**

     **a.**    **Plaintiffs' Statement**

Plaintiffs seek judgment against Google and that the Court grant the following:

An order determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiffs are proper class representatives, that

Interim Co-Lead Class Counsel shall be appointed as Co-Lead Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and that Class notice be promptly issued;

Judgment for monetary damages against Google for Plaintiffs' and Class Members' asserted causes of action;

Appropriate declaratory relief against Google;

Injunctive relief in the form of, *inter alia*, an order enjoining Google from continuing its practice of recording and using Plaintiffs' and Class Members' location information against their wishes;

Injunctive relief in the form of, *inter alia*, an order requiring Google to include clear, conspicuous disclosures of its location data collection practices;

Injunctive relief in the form of, *inter alia*, an order requiring Google to destroy all data acquired, created, or otherwise obtained from the unlawful recording and use of the location information of Plaintiffs and Class Members;

Reasonable attorney's fees and costs reasonably incurred; and

Any and all other and further relief to which Plaintiffs and the Classes may be entitled.

### b.   **Google's Statement**

Google asserts that Plaintiffs are not entitled to any relief.

## 12.   SETTLEMENT AND ADR

### a.   **Plaintiffs' Statement**

Interim Co-Lead Class Counsel has discussed alternative dispute resolution with the named Plaintiffs. Plaintiffs propose that the parties participate in Early Neutral Evaluation. Plaintiffs also propose that private mediation may be appropriate after conclusion of the interlocutory review process and settlement of the pleadings.

### b.   **Google's Statement**

Google believes alternative dispute resolution would be premature at this stage.

## 13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a magistrate judge for all purposes in this matter.

**14.    OTHER REFERENCES**

The Parties have not determined that the case is suitable for a special master or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

    a.    **Plaintiffs' Statement**

Plaintiffs respectfully submit that interlocutory appellate review of the Dismissal Order regarding the scope and contours of CIPA's prohibitions and the California Privacy Torts will make clearer to the parties the extent of potential privacy violations at issue and, should a class be certified, may allow this case to be resolved on a motion for summary judgment rather than after a trial. Permitting the parties to continue with reasonable and limited discovery pending resolution of an appellate review would also further the efficient resolution of this action and assist in the narrowing of issues.

    b.    **Google's Statement**

As set forth above, Plaintiffs' request for interlocutory appeal, if granted, would greatly delay and complicate this litigation by forcing the parties to litigate an appeal before Plaintiffs have fully clarified their allegations and causes of action.

**16.    EXPEDITED TRIAL PROCEDURE**

The Parties agree this case should not be handled under an expedited trial procedure.

**17.    SCHEDULING**

    a.    **Plaintiffs' Statement**

As set forth above, Plaintiffs intend to request that the Court certify the Dismissal Order for interlocutory review under 28 U.S.C. § 1292(b).  If the Court grants certification, Plaintiffs will be required to file a petition with the Court of Appeals within 10 days of this Court's certification order, and the Ninth Circuit will have discretion whether to accept such an appeal. FRAP 5(a)(1).  Plaintiffs propose submitting a further case management statement following resolution of Plaintiffs' application and any interlocutory review, and setting forth a further proposed schedule for any further Motion(s) to Dismiss and Plaintiffs' Motion for Class Certification, at that time.

|   |   |   |
|---|---|---|
| 1 | b. | **Google's Statement** |

Google does not believe interlocutory review of the Court's dismissal order is appropriate. As there is no operative complaint, Google also does not believe a further scheduling order is necessary at this time. Google anticipates meeting and conferring with Plaintiffs to set a schedule for a motion to dismiss if and when Plaintiffs file an amended complaint.

**18.   TRIAL**

The now-dismissed Consolidated Complaint contained a jury demand. To the extent Plaintiffs file an amended complaint or obtain reversal of the Court's December 19, 2019 Order through an interlocutory appeal, the Parties request that the trial date, trial length estimate, and other pretrial deadlines should be addressed after the Court has ruled on any further Motion(s) to Dismiss, Motion(s) for Summary Judgment, and Plaintiffs' Motion for Class Certification.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

a.   **Plaintiffs' Statement**

Other than those identified by Google and putative Class Members, Plaintiffs are unaware of any additional non-party interested entities or persons at this time.

b.   **Google's Statement**

Google filed a Certificate of Interested Entities or Persons on October 22, 2018. *See* Dkt No. 31. Google is not aware of any additional non-party interested entities or persons except as identified therein.

**20.   PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: January 6, 2020                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Melissa Gardner*
    Michael W. Sobol
    Melissa Gardner
    Michael Levin-Gesundheit

1   Dated: January 6, 2020          AHDOOT & WOLFSON, PC

3                                   By: /s/ *Theodore Maya*
4                                       Tina Wolfson
                                        Theodore Maya

5                                   *Interim Co-Lead Class Counsel*

6   Dated: January 6, 2020          KEKER, VAN NEST & PETERS LLP

8                                   By: /s/ *Benjamin Berkowitz*
9                                       Benjamin Berkowitz
                                        Thomas E. Gorman
                                        Christopher Sun
10                                      Christina Lee

11                                  *Attorneys for Defendant*
                                    *GOOGLE LLC*

# ATTESTATION

I, Theodore Maya, hereby attest, pursuant to Northern District of California, Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from each of the signatories hereto.

Dated: January 6, 2020          By: */s/ Theodore Maya*