KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD <br><br> **OPPOSITION TO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** <br><br> Date:         April 16, 2020 <br> Time:        9:00 a.m. <br> Dept.:        Courtroom 4 – 5th Floor <br> Judge:       Hon. Edward J. Davila <br><br> Date Filed: November 2, 2018 <br><br> Trial Date: None Set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................1

III. LEGAL STANDARD...............................................................................................................3

IV. ARGUMENT............................................................................................................................4

    A. Plaintiffs fail to identify controlling questions of law. ...........................................4

        1. CIPA ............................................................................................................4

        2. California Privacy Torts...............................................................................5

    B. Plaintiffs fail to establish a substantial ground for difference of opinion...............5

        1. CIPA ............................................................................................................6

        2. California Privacy Torts...............................................................................8

    C. Plaintiffs fail to establish that interlocutory appeal will materially advance
the ultimate termination of the litigation. .............................................................10

        1. CIPA ..........................................................................................................10

        2. California Privacy Torts.............................................................................11

V. CONCLUSION.......................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cahen v. Toyota Motor Corp.*,
    147 F. Supp. 3d 955 (N.D. Cal. 2015) ...............................................................................8

*City of San Jose v. Monsanto Co.*,
    No. 5:15-CV-03178-EJD, 2017 WL 6039670 (N.D. Cal. Dec. 6, 2017) ..............................4, 5

*Couch v. Telescope Inc.*,
    611 F.3d 629 (9th Cir. 2010) ...............................................................................5, 6, 11

*Diaz v. Intuit, Inc.*,
    No. 5:15-CV-01778-EJD, 2018 WL 934875 (N.D. Cal. Feb. 16, 2018) ..........................1, 3, 10

*Drevaleva v. U.S. Dep't of Veterans Affairs*,
    No. C 18-03748 WHA, 2019 WL 95446 (N.D. Cal. Jan. 3, 2019) ........................................7, 12

*Fredenburg v. City of Fremont*,
    119 Cal. App. 4th 408 (2004) ...............................................................................9

*Gonzales v. Uber Techs., Inc.*,
    305 F. Supp. 3d 1078 (N.D. Cal. 2018) ..................................................................6

*Hanni v. Am. Airlines, Inc.*,
    No. C 08-00732 CW, 2008 WL 5000237 (N.D. Cal. Nov. 21, 2008) ...............................4, 7, 10

*Heeger v. Facebook, Inc.*,
    No. 18-CV-06399-JD, 2019 WL 7282477 (N.D. Cal. Dec. 27, 2019) ..........................6, 7, 8, 9

*Mishewal Wappo Tribe of Alexander Valley v. Salazar*,
    No. 5:09-CV-02502 EJD, 2012 WL 300320 (N.D. Cal. Feb. 1, 2012) ...............................3, 11

*Moreno v. San Francisco Bay Area Rapid Transit District*,
    No. 17-CV-02911-JSC, 2017 WL 6387764 (N.D. Cal. Dec. 14, 2017) ..........................2, 6, 7

*People v. Ponce*,
    173 Cal. App. 4th 378 (2009) ...............................................................................12

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ...............................................................................5

*Rieve v. Coventry Health Care, Inc.*,
    870 F. Supp. 2d 856 (C.D. Cal. 2012) ...................................................................4, 9, 10, 12

*Robbins Co. v. Lawrence Mfg. Co.*,
    482 F.2d 426 (9th Cir. 1973) ...............................................................................3

*Shurance v. Planning Control Int'l, Inc.*,
    839 F.2d 1347 (9th Cir. 1988) ..........................................................................................10

*Silicon Valley Self Direct, LLC v. Paychex, Inc.*,
    No. 5:15-CV-01055-EJD, 2015 WL 5012820 (N.D. Cal. Aug. 24, 2015) .......................4, 6, 10

*In re Yahoo Mail Litig.*,
    7 F. Supp. 3d 1016 (N.D. Cal. 2014) ...................................................................................8


**Statutes**

28 U.S.C. § 1291...............................................................................................................11

28 U.S.C. § 1292(b) ........................................................................................*passim*

Cal. Penal Code § 637.7.........................................................................................*passim*


**Other Authorities**

Federal Rule of Civil Procedure Rule 12(b)(6).................................................................2, 5, 7, 8

## I. INTRODUCTION[1]

Although Plaintiffs disagree with the Court's order dismissing their Consolidated Complaint, they have failed to carry their "heavy burden to show that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Diaz v. Intuit, Inc.*, No. 5:15-CV-01778-EJD, 2018 WL 934875, at *1 (N.D. Cal. Feb. 16, 2018) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). While Plaintiffs foretell "profound consequences for the privacy of nearly every person who uses a mobile device," casting the Court's decision as having "far-reaching implications for society at large" (Mot. 1), the Court adjudicated only a narrow set of straightforward pleading questions. As set forth more fully below, the Court's Order does not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiffs have failed to establish any of the three requirements for § 1292(b) certification, and their bid to invoke the extraordinary remedy of interlocutory review should be rejected.

## II. BACKGROUND

On December 19, 2019, the Court granted Google's motion to dismiss Plaintiffs' Consolidated Complaint. Dkt. 113 (hereinafter, "Order"). The Court dismissed Plaintiffs' claim for violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 637.7, with prejudice. *Id.* at 8–14. The Court first concluded that "Plaintiffs' CIPA claim fails as a matter of law because the subject-matter at issue is outside CIPA's reach." *Id.* at 9. Because Plaintiffs *conceded* that "they take issue not with the 'determination [of] the[ir] location or movement,' but with the *collection* and *storage* of that geolocation data," the Court held that "Plaintiffs' CIPA claim fails as a matter of law because CIPA, by its plain terms, is not concerned with data storage but focuses on unconsented data tracking, which is not at issue." *Id.* at 10.

---

[1] Throughout this brief, unless otherwise stated, emphases were added to quotations and internal punctuation, alternations, and citations were omitted from them.

The Court next identified additional deficiencies with Plaintiffs' CIPA claim, but only after "*assuming* some type of unconsented tracking was occurring." *Id.* The Court concluded that the "gravamen of Plaintiffs' Complaint" targeted Google's software, which—as Judge Corley previously concluded in *Moreno v. San Francisco Bay Area Rapid Transit District*, No. 17-CV-02911-JSC, 2017 WL 6387764, at *5 (N.D. Cal. Dec. 14, 2017)—is not an "electronic tracking device" within the meaning of Cal. Penal Code § 637.7(d). *Id.* at 10–11. The Court also rejected both of Plaintiffs' alternative theories for what the "electronic tracking device" and "movable thing[s]" are, finding that **(1)** "Plaintiffs provide no facts from which the Court can infer GPS hardware, cellular radios, and/or WiFi chips actually determine the location or movement of a person," and that **(2)** "Plaintiffs have not plead sufficient facts showing that Defendant 'attached' a tracking device to a 'moveable thing.'" *Id.* at 11–14.

The Court then dismissed Plaintiffs' claims that Google violated the California constitutional right to privacy and intruded upon their seclusion, concluding that Plaintiffs' "conclusory and speculative pleading" failed to raise "sufficient facts to establish a legally protected privacy interest." *Id.* at 14–19. Although the Court granted Plaintiffs leave to amend their California privacy tort claims (*id.* at 19), Plaintiffs instead requested and obtained a continuance of their amendment deadline to seek interlocutory relief. Dkt. 118.

Plaintiffs filed their motion for § 1292(b) certification on January 27, 2020. Dkt. 120 (hereinafter, "Mot."). Asserting that interlocutory review is "dictate[d]" by and "entirely appropriate under the circumstances" (Mot. 1), Plaintiffs make several misstatements regarding the Court's Order. For example, Plaintiffs accuse the Court of having "exceed[ed] the appropriate scope of review under [Rule 12(b)(6)]" and adjudicated "factual matters in dispute, such as whether Google is capable of continuously tracking location information through apps and other services." *Id.* at 2, 7–8. But the Court based its conclusion on Plaintiffs' *own* allegations and exhibits, which state that Web & App Activity collects location information not continuously, but only when "Google-controlled features" like "Google Maps" and "weather apps" are "active," and when "searches [are] made with the device's mobile browser." *See* Order 2, 16; Compl. ¶ 47.

In another example, Plaintiffs fault the Court for allegedly drawing "fundamental conclusions on the scope of 'autonomy privacy' in the digital age." Mot. 2, 8. Not true. The Court merely concluded that Plaintiffs, who "spen[t] most of their Opposition arguing that informational privacy is at stake," had not persuaded the Court "to extend the bodily autonomy line of cases" to the facts at hand. *Id.* at 17. In fact, Plaintiffs relegated their discussion of autonomy privacy to a single footnote in their opposition brief. Order 16 (citing Opp. 15 n.5). The fault falls on Plaintiffs, not the Court, for failing to meaningfully allege facts to support their theory of "autonomy privacy in the digital age."

Plaintiffs attempt now to use the interlocutory review process to recast their Complaint, relitigate the sufficiency of their allegations, and reinvent their litigation theories. But there is only one relevant inquiry here—whether Plaintiffs have established the three requirements for § 1292(b) certification. For the reasons explained below, Plaintiffs have failed to do so, and their motion for certification for interlocutory appeal should be denied.

## III.   LEGAL STANDARD

The district court may certify a non-appealable order for interlocutory appeal only if it "involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and . . . [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Certification is inappropriate unless all three Section 1292(b) requirements are met." *Diaz*, 2018 WL 934875, at *1.

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Mishewal Wappo Tribe of Alexander Valley v. Salazar*, No. 5:09-CV-02502 EJD, 2012 WL 300320, at *2 (N.D. Cal. Feb. 1, 2012) (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002)). Interlocutory review is warranted "only in extraordinary cases where decision might avoid protracted and expensive litigation." *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429 (9th Cir. 1973). "In seeking interlocutory appeal, the movant bears a heavy burden to show that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Diaz*, 2018 WL 934875, at *1. "Appeals under § 1292(b) are

1  'hen's-teeth rare.'" *City of San Jose v. Monsanto Co.*, No. 5:15-CV-03178-EJD, 2017 WL
2  6039670, at *1 (N.D. Cal. Dec. 6, 2017).

## IV. ARGUMENT

### A. Plaintiffs fail to identify controlling questions of law.

"Establishing that a question of law is controlling requires a showing that the 'resolution of the issue on appeal could materially affect the outcome of litigation in the district court.'" *Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2008 WL 5000237, at *6 (N.D. Cal. Nov. 21, 2008) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). Plaintiffs have failed to make this required showing.

#### 1. CIPA

Plaintiffs fail to identify a controlling question of law with respect to their CIPA claim. *See* Mot. 3–4. Prototypical examples of controlling questions include "fundamental issues such as 'the determination of who are necessary and proper parties, whether a court to which a case has been transferred has jurisdiction, or whether state or federal law should be applied.'" *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012). In contrast, a question is not "controlling" where, as here, "[r]egardless of how [the] question is answered, the 'outcome' is the same." *Silicon Valley Self Direct, LLC v. Paychex, Inc.*, No. 5:15-CV-01055-EJD, 2015 WL 5012820, at *3 (N.D. Cal. Aug. 24, 2015).

Plaintiffs conceded in their opposition to Google's motion to dismiss that Google's "*use* of location information" is "appropriate" to provide them with "driving directions" or "showtimes for movies playing near[by]." Dkt. 93 ("Opp. to MTD") at 3; Order 10. Because Plaintiffs did not challenge Google's "determination [of] the[ir] location or movement" (Cal. Penal Code § 637.7(a)), their claim falls outside of the plain text of the statute, which applies only to unconsented geolocation tracking. Order 10. Thus, even if the Ninth Circuit were to resolve Plaintiffs' questions in Plaintiffs' favor, the outcome of litigation in this Court would remain the same. Having admitted that they don't challenge the only conduct that § 637.7 penalizes, Plaintiffs cannot state a viable claim under § 637.7. Because resolution of the questions Plaintiffs raise would not materially affect the outcome of litigation in this Court, none of them is a

controlling question of law for purposes of § 1292(b).

### 2. California Privacy Torts

Plaintiffs also fail to identify a controlling question of law with respect to their California privacy-tort claims. Plaintiffs argue that the Court "addressed questions of material fact raised by the pleadings" and "exceed[ed] the appropriate scope of review under Federal Rule of Civil Procedure 12(b)." Mot. 7–8. But if one accepted Plaintiffs' characterization of the questions as both "legal and factual" (Mot. 8), these would *not* be "pure question[s] of law." To the extent Plaintiffs "disagree with the Court's application of the law to the facts, the proper vehicle is a motion for reconsideration, not an interlocutory appeal under § 1292(b)." *City of San Jose*, 2017 WL 6039670, at *1. An appeal under § 1292(b) is reserved for "a pure question of law" and is not appropriate for "a mixed question of law and fact or the application of law to a particular set of facts." *Id.*

Interlocutory appeal is never an appropriate vehicle to appeal a court's specific application of Rule 12(b)(6) to a complaint's allegations, and it is all the more unwarranted here because the Court granted Plaintiffs leave to amend their privacy-tort claims. On appeal, if the Ninth Circuit were to affirm the Court's dismissal of those privacy-tort claims, Plaintiffs could subsequently amend, rendering the interlocutory appeal process a fruitless exercise. Plaintiffs' amendment may well dispose of any number of the purported controlling questions of law they identified—or even raise new ones. Because an interlocutory appeal is an inappropriate vehicle for the questions Plaintiffs have identified, and because it would not materially affect the outcome of litigation in this Court, Plaintiffs have failed to satisfy the first factor for § 1292(b) certification.

### B. Plaintiffs fail to establish a substantial ground for difference of opinion.

A substantial ground for difference of opinion exists where reasonable jurists might disagree on the resolution of a controlling question of law. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Plaintiffs have failed to demonstrate that a substantial ground for difference of opinion exists as to any of their claims.

### 1. CIPA

To start, there can be no grounds for difference of opinion because Plaintiffs have conceded that they agreed to the "determination [of] the[ir] location or movement." Order 10; Cal. Penal Code § 637.7(a); *see Silicon Valley Self Direct, LLC*, 2015 WL 5012820, at *3 (no substantial ground for difference of opinion where court's finding was "based on an uncontradicted statement"). Because Plaintiffs' claim concededly falls outside of CIPA's plain text, questions of law regarding the Court's interpretation of § 637.7 are inapplicable here.

But even "assuming," as the Court did in its Order, that "some type of unconsented tracking was occurring" and § 637.7's liability provision applied (Order 10), Plaintiffs still fail to establish a substantial ground for difference of opinion. First, although Plaintiffs stress that the Court resolved "novel legal issue[s]" in dismissing their CIPA claim (Mot. 4), "[i]t is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" *Couch*, 611 F.3d at 634

Second, Plaintiffs "have not provided a single case that conflicts with the district court's construction or application of California Penal Code § [637.7]." *Id.* at 633. Plaintiffs point to three decisions in this District that "touch on" CIPA, but none of them shores up Plaintiffs' attempt to manufacture an intra-District split. Mot. 4–6. In fact, all three decisions instead show that courts in this District have reached *consistent* conclusions regarding CIPA.

Just as Judge Corley held in *Moreno* that "software installed in mobile devices" cannot be an "electronic tracking device" (2017 WL 6387764, at *5), so, too, did Judge Donato conclude in *Heeger* that "the plain language of the CIPA does not accommodate technology like a mobile app on a digital device," *Heeger v. Facebook, Inc.*, No. 18-CV-06399-JD, 2019 WL 7282477, at *3 (N.D. Cal. Dec. 27, 2019). Although Plaintiffs claim that Judge Corley reached an inconsistent conclusion in *Gonzales*, "suggest[ing] that transmission of an individual's location via software" could constitute an "electronic tracking device" (Mot. 4), the definition of "electronic tracking device" was not at issue in *Gonzales* (*see Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1089–90 (N.D. Cal. 2018)). Rather, in *Gonzales*, Judge Corley dismissed the plaintiff's CIPA

claim with prejudice after concluding that § 637.7(b)'s "plain language" statutory exemption for consented tracking applied.  *See id.*

Plaintiffs argue that "[n]o other court has interpreted CIPA so narrowly," flagging as an example the Court's conclusion that "other movable thing[s]" in § 637.7(d) "refers to things like boats, planes, or other comparable motorized machines."  Mot. 5 (quoting Order 13).  But not only has no other court reached an inconsistent construction of "other movable thing," Judge Corley's opinion in *Moreno* is very much in accord.  As she wrote:  "The legislative history confirms that the statute governs electronic tracking devices placed on vehicles or other movable things (**like a boat or plane**) and not on software installed in mobile devices."  2017 WL 6387764, at *5.

Plaintiffs claim that Judge Donato "suggest[ed]" a definition of "attached" that is contradictory to the one this Court adopted.  Mot. 5–6.  First, there's little (if any) inconsistency between "a freestanding GPS unit hidden on a car" (*Heeger*, 2019 WL 7282477, at *3), and a GPS unit "'place[d],' 'put,' or 'join[ed]'" on a car (Order 13), but even if there was, the definition of "attached" was not at issue in *Heeger*.  Rather, Judge Donato found it dispositive that "CIPA does not accommodate technology like a mobile app on a digital device."  *Heeger*, 2019 WL 7282477, at *3.

The only decision interpreting the meaning of "attached" is *Moreno* (*see* 2017 WL 6387764, at *5), which is wholly consistent with this Court's Order.  Plaintiffs have expressed that they "do not endorse" Judge Corley's reasoning in *Moreno* (Mot. 4), which this Court adopted, but "[s]trong disagreement with the Court's order or governing precedent . . . is insufficient to show that substantial grounds for difference of opinion exist."  *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. C 18-03748 WHA, 2019 WL 95446, at *2 (N.D. Cal. Jan. 3, 2019). Indeed, the bar to establishing that there is a "substantial ground for difference of opinion on controlling questions of law" is so high that it is not even satisfied if "different district courts in different circuits ruled *differently* on Rule 12(b)(6) motions."  *Hanni*, 2008 WL 5000237, at *7.  Here, Plaintiffs have not only failed to demonstrate that reasonable jurists might disagree on the resolution of a controlling question of law, they have also selectively ignored decisions that

are consistent with this Court's Order.  Plaintiffs have accordingly failed to show that a substantial ground for difference of opinion exists with respect to their CIPA claim.

### 2. California Privacy Torts

Plaintiffs also fail to demonstrate a substantial ground for difference of opinion exists with respect to their California privacy tort claims.  Plaintiffs again attempt to conjure an intra-District split, arguing that Judge Donato "suggested" in *Heeger* that had the *Heeger* plaintiff pled "facts" like Plaintiffs pled in this case, Judge Donato would not have dismissed his privacy-tort claims under Rule 12(b)(6).  Mot. 9.  But Plaintiffs misstate both their allegations and the reasoning in *Heeger*.

Plaintiffs claim that paragraphs 65 through 68 of their Complaint provide "pinpoint locations stored by Google" (Mot. 9), but in fact those paragraphs show location information purportedly collected through the *AP Report investigator's* Web & App Activity setting.  Compl. ¶¶ 65–68.  As Google pointed out in its motion to dismiss, Plaintiffs failed to plead that they actually used Google features, like Maps or Search, everywhere they went or what location information Google actually collected from them.  Dkt. 87 ("MTD") at 14–15.  Instead, Plaintiffs alleged in boilerplate fashion only that they "carried [their] mobile device[s] virtually everywhere," and if someone knew all the places they went with their phones, that person could learn much about them.  Compl. ¶¶ 10, 15, 19, 22, 25, 28.  But because Plaintiffs did not allege when, where, and how they used Google's features, including that they did so in sensitive locations, and because they did not cite any specific examples of the data being collected, they could not establish any invasion of privacy.  Under settled case law, Plaintiffs' deficient pleading was proper grounds for dismissal as a matter of law.  *See Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 973 (N.D. Cal. 2015) (holding that it is insufficient to plead generally that the defendant was tracking his vehicle's "location 'at various times'" because that is "not categorically the type of sensitive and confidential information the constitution aims to protect"); *see also In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1040–42 (N.D. Cal. 2014) (plaintiff must "plead specific email content in specific emails" to demonstrate a reasonable expectation of privacy).

1   Contrary to Plaintiffs' characterization, Judge Donato's decision in *Heeger* is consistent
2   with this Court's Order.  Like Plaintiffs here, the plaintiff in *Heeger* alleged no specific *facts*
3   about the "private" location data that the defendant allegedly collected from him.  2019 WL
4   7282477, at *4.  Just as this Court concluded that Plaintiffs' allegations were "too conclusory and
5   speculative" and did not allow the Court to "assess whether Plaintiffs had a legally protected
6   privacy interest in the specific places they went or even how often their geolocation was
7   accessed" (Order 18–19), so, too, did Judge Donato conclude in *Heeger* that "the complaint d[id]
8   not provide enough facts to undertake the context-specific inquiry into the plausibility of the
9   privacy expectation or the offensiveness of the intrusion" (2019 WL 7282477, at *3).

10   Plaintiffs attempt to distance their claims from *Fredenburg v. City of Fremont*, 119 Cal.
11   App. 4th 408 (2004) (Mot. 9–10), but they fail to establish a substantial ground for difference of
12   opinion as to the California Court of Appeal's finding that "[a] person's general location is not
13   the type of core value, informational privacy" encompassed by the California Constitution (119
14   Cal. App. 4th at 423).  Not only is *Fredenburg* binding authority from the California Court of
15   Appeal, but Judge Donato also employed similar reasoning in *Heeger*, finding that "generalized
16   location, such as one that locates a user no more precisely than within several city blocks, may
17   not implicate much in the way of privacy concerns."  2019 WL 7282477, at *3.

18   Lastly, Plaintiffs urge that "appellate review is needed to determine what privacy rights
19   the California Privacy Torts protect as we embark on a new decade."  Mot. 10.  But it wasn't this
20   Court's task—and nor is it the Ninth Circuit's—to herald in a new decade of privacy
21   jurisprudence under state, not federal, law.  Instead, the Court faithfully applied settled pleading
22   principles to the specific allegations in Plaintiffs' Complaint and concluded that Plaintiffs'
23   "conclusory and speculative pleading" failed to raise "sufficient facts to establish a legally
24   protected privacy interest."  Order 14–19.  Plaintiffs disagree with the Court's conclusion, but that
25   doesn't indicate a substantial ground for difference of opinion, and for good reason:  "[I]f district
26   courts certified an order for appeal in every instance in which a party disagreed with a court's
27   opinion, the 'exceptional circumstances' requirement for interlocutory appeals would be rendered
28   meaningless and piecemeal litigation would become commonplace."  *Rieve*, 870 F. Supp. 2d at

880. Plaintiffs' bid for § 1292(b) certification should be denied.

### C. Plaintiffs fail to establish that interlocutory appeal will materially advance the ultimate termination of the litigation.

Even if an order presents a controlling question of law on which there is a substantial ground for difference of opinion, interlocutory review is nonetheless inappropriate if it won't materially advance the ultimate termination of the litigation. *See Diaz*, 2018 WL 934875, at *2. Where, as here, "an interlocutory appeal might well have the effect of delaying the resolution of this litigation," the material advancement factor is unmet. *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988); *see also Silicon Valley Self Direct, LLC*, 2015 WL 5012820, at *3 (finding "delay" from "a time-consuming and costly appeal" would not advance an ultimate resolution of the action).

#### 1. CIPA

Interlocutory review of the Court's dismissal of Plaintiffs' CIPA claim would set back the advancement of this litigation. "If the Ninth Circuit affirms the Court's order, the interlocutory appeal would have delayed the termination of this case." *Hanni*, 2008 WL 5000237, at *7. Even if the Ninth Circuit reversed the Court's dismissal of Plaintiffs' CIPA claim, Plaintiffs could subsequently replead their tort claims in a way that materially alters their CIPA allegations going forward, as Plaintiffs' claims are all premised on "a common core of alleged facts." Mot. 1. And interlocutory review may result ultimately in "burdening the court of appeals with two [or more] appeals in the same case," as either of the parties may decide to pursue an appeal after final judgment or even another round of interlocutory review at another critical juncture in the litigation. *Hanni*, 2008 WL 5000237, at *7. Because "an interlocutory appeal at this stage in the proceedings is likely to delay the case even more than it already has been"—this case was filed a year and a half ago—an interlocutory appeal would not materially advance the ultimate termination of the litigation. *Diaz*, 2018 WL 934875, at *2.

Plaintiffs argue that "[g]uidance from the Ninth Circuit is sorely needed" as technology advances. Mot. 6. But interlocutory review "should not be used merely to provide a review of difficult rulings in hard cases." *Rieve*, 870 F. Supp. 2d at 880. Moreover, interlocutory review is

10
OPPOSITION TO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER
28 U.S.C. § 1292(b)
Case No. 5:18-cv-05062-EJD

1369421

1   not only an inefficient means of obtaining the guidance Plaintiffs seek, but also won't result in

2   any binding authority with respect to state law:  Section 1292(b) certification "merely trades one

3   federal forum for another," and "[f]ederal rulings on state-law issues generally don't affect the

4   state's law."  *Couch*, 611 F.3d at 634 (citing *People v. Ponce*, 173 Cal. App. 4th 378, 385 (2009)).

5   The extensive delay resulting from an interlocutory appeal could all end up for naught, were a

6   California court to interpret § 637.7 differently from the Ninth Circuit after conclusion of the

7   interlocutory appeal.

### 2.  California Privacy Torts

As stated above, interlocutory review of the Court's dismissal of Plaintiffs' privacy tort claims would not only fail to reduce "protracted and expensive litigation," but would "actually *create* the type of litigation § 1292(b) seeks to avoid."  *Mishewal Wappo Tribe of Alexander Valley*, 2012 WL 300320, at *2.

Plaintiffs want to have their cake and eat it, too—they plan to seek an interlocutory appeal before even trying to cure the pleading deficiencies the Court has already identified, and at the same time they reserve the option to amend and go through another round of Rule 12 briefing in this Court.  If the Ninth Circuit were to affirm the Court's Order, Plaintiffs could then amend their claims, but only after having injected significant delay into the litigation—delay which Plaintiffs could have avoided by simply repleading in the first instance.  If Plaintiffs believe that appellate review is necessary (if they cannot replead successfully), Plaintiffs should accept dismissal with prejudice, obtain a final judgment, and take their appeal to the Ninth Circuit under 28 U.S.C. § 1291.

Plaintiffs note that "no other court, let alone an appellate court, has addressed large-scale geolocation data collection in the context of the California Privacy Torts."  Mot. 9.  But an interlocutory appeal is not a proper vehicle for seeking a general opinion from the Ninth Circuit on "large-scale geolocation data collection" under California law.  Rather, interlocutory review of Plaintiffs' privacy-tort claims would turn on the sufficiency of Plaintiffs' allegations in their Complaint, which Plaintiffs have yet to amend.  And as is the case with Plaintiffs' CIPA claim, interlocutory review of Plaintiffs' California constitutional and common-law claims may

1  ultimately introduce significant delay into the litigation to no avail, as California courts "are not
2  bound by the decisions of the lower federal courts even on federal questions," and may well reach
3  conclusions divergent from the Ninth Circuit's. *People v. Ponce*, 173 Cal. App. 4th 378, 385
4  (2009) (quoting *People v. Bradley*, 1 Cal. 3d 80, 86 (1969)).

Plaintiffs argue that interlocutory review would "undoubtedly have meaningful impact on certification of a putative class." Mot. 10. But because Plaintiffs have not yet moved for class certification, "any interlocutory appeal would only be binding on Plaintiff, the class representative, and not the rest of the class" and "[a]s such, an interlocutory appeal would not materially advance the ultimate termination of the litigation." *Rieve*, 870 F. Supp. 2d at 880.

At bottom, Plaintiffs have failed to establish that interlocutory appeal would materially advance the ultimate termination of this litigation. Instead, Plaintiffs' "amendment of [their] complaint in accordance to the [Court's] order . . . granting [them] leave to amend would more efficiently advance the ultimate termination of this action rather than an interlocutory appeal." *Drevaleva*, 2019 WL 95446, at *2.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to certify the Court's December 19, 2019, Order for interlocutory appeal should be denied.

Dated: February 10, 2020

KEKER, VAN NEST & PETERS LLP

By: */s/ Benjamin Berkowitz*
BENJAMIN BERKOWITZ
THOMAS E. GORMAN
CHRISTOPHER S. SUN
CHRISTINA LEE

Attorneys for Defendant GOOGLE LLC

12
OPPOSITION TO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER
28 U.S.C. § 1292(b)
Case No. 5:18-cv-05062-EJD

1369421