1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE GOOGLE LOCATION HISTORY
LITIGATION

Case No.  5:18-cv-05062-EJD

**ORDER DENYING PLAINTIFFS'
MOTION TO CERTIFY ORDER FOR
INTERLOCUTORY APPEAL UNDER
28 U.S.C. § 1292(B)**

Re: Dkt. No. 120

On December 19, 2019, this Court granted Defendant Google LLC's motion to dismiss.
*See* Order Granting Defendant's Motion to Dismiss ("Order"), Dkt. 113.  Plaintiffs Napoleon
Patacsil, Richard Dixon (and his minor child L.D.), Najat Oshana, Mark Carson, Nurudaaym
Mahon, and Aichi Ali now move for an order for interlocutory appeal under 28 U.S.C. § 1292(b)
to appeal the Court's December 2019 order.  Having considered the Parties' papers, the Court
**DENIES** Plaintiffs' motion.[1]

## I.      BACKGROUND

On April 29, 2019, Plaintiffs filed a consolidated class action complaint.  *See* Dkt. 80.
This Complaint alleged that Defendant secretly tracked and stored the geolocation and other
personal data of its users in violation of California statutory, constitutional, and common law.
Specifically, Plaintiffs brought claims under the California Invasion of Privacy Act ("CIPA") and
under the California Constitution and common law tort of Intrusion Upon Seclusion (collectively,
"California Privacy Torts").  The Court dismissed Plaintiffs' CIPA claims with prejudice on two

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court found this motion suitable for consideration
without oral argument.  *See* Dkt. 124.

grounds.  First, the Court held that because Plaintiffs conceded that their issue was with Defendant's collection and storage of geolocation data, and not geolocation tracking itself, Plaintiffs' CIPA claim failed as a matter of law.  *See* Order at 10.  In the alternative, the Court held that even if some type of unconsented data tracking was occurring, Plaintiffs' CIPA claim would still fail because Plaintiffs' complaint targeted software, which is outside the scope of CIPA.  *See id.* at 10–11.  The Court also dismissed Plaintiffs' California Privacy Tort claims after finding that the pleadings were conclusory and speculative and that Plaintiffs failed to plead sufficient facts to establish a legally protected privacy interest.  *Id.* at 14–19.  The Court, however, granted Plaintiffs leave to amend their privacy tort claims.  *Id.* at 19.

On January 27, 2020, Plaintiffs filed a motion to certify the Court's Order for interlocutory appeal.  Notice of Motion and Motion to Certify Order for Interlocutory Appeal ("Mot."), Dkt. 120.  Defendant filed an opposition to this motion on February 10, 2020.  Opposition to Motion to Certify Order for Interlocutory Appeal ("Opp."), Dkt. 121.  On February 18, 2020, Plaintiffs filed a reply.  Reply in Support of Motion to Certify Order for Interlocutory Appeal ("Reply"), Dkt. 122.

**II.    DISCUSSION**

In general, a party may appeal a district court's ruling only after the entry of final judgment.  *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1022–23 (9th Cir. 1981).  A district court may, in "extraordinary cases," certify a non-appealable order for interlocutory appeal if the order involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b); *see also Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  Certification is inappropriate unless all three factors are met.  *Couch*, 611 F.3d at 633.  Notably, certification is <u>rare</u>.  *See Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004).  Indeed, "section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."

United States District Court
Northern District of California

1    *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (citation omitted).

2    A question need not "be dispositive of the lawsuit in order to be regarded as controlling."

3    *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).  Rather, "all that must be shown in

4    order for a question to be 'controlling' is that resolution of the issue on appeal could materially

5    affect the outcome of litigation in the district court."  *In re Cement Antitrust Litig.*, 673 F.2d at

6    1026.

7    Plaintiffs first contend that there are four CIPA controlling questions of law at issue:

8    1.  Does determining the location or movement of a person via an electronic tracking device constitute "use" of the device when a defendant accesses the device through software
9    services, applications, and features?

10   2.  Must CIPA's statutory text "vehicle or other movable thing" be interpreted to exclude all moveable things other than motorized machines comparable to automobiles?

11

12   3.  Insofar as storage of location data points converts otherwise transitory and ephemeral information about a user's location into information about their movements from one
13   location to another, do CIPA's prohibitions on determining location or movement encompass the nonconsensual storage of location data points?

14   4.  To violate CIPA's prohibitions, must a defendant, itself, "attach" an electronic tracking device to a vehicle or other moveable thing, or does the statute prohibit "use" of a device
15   otherwise attached to a vehicle or other moveable thing, by someone other than the defendant, to determine a plaintiff's location or movement?

16

17   In Plaintiffs' view, because "a different resolution of these questions would 'materially

18   affect the outcome of the litigation in the district court,'" these are controlling question of law.

19   *See* Mot. at 4 (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026).  Put differently, Plaintiffs

20   argue that because these questions were decided against Plaintiffs, they are entitled to

21   interlocutory review since a different resolution of these questions would materially change the

22   outcome of the litigation as it would revive Plaintiffs' CIPA claim.  This misunderstands the

23   "controlling questions" standard—accepting Plaintiffs' reasoning would effectively entitle any

24   party that is adversely affected by a non-dispositive motion to interlocutory review.  This stands in

25   direct conflict with established precedent stating that interlocutory review is rare.  *See Camacho*,

26   369 F.3d at 573.

27   Case No.: 5:18-cv-05062-EJD
28   ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    It also stands in conflict with the history of Section 1292(b), which "was intended

2  primarily as a means of expediting litigation by permitting appellate consideration during the early

3  stages of litigation of legal questions, which if decided in favor of the appellant, would *end the*

4  *lawsuit.*" *Woodbury*, 263 F.2d at 787 (emphasis added).  While the controlling question need not

5  terminate the lawsuit, it must be fundamental to the litigation.  That is, the question must bear on

6  the court's ability to render a binding decision in the case.  Indeed, paradigm examples of

7  controlling questions include "fundamental issues such as 'the determination of who are necessary

8  and proper parties, whether a court to which a case has been transferred has jurisdiction, or

9  whether a state or federal law should be applied." *Rieve v. Coventry Health Care, Inc.*, 870 F.

10  Supp. 2d 856, 879 (C.D. Cal. 2012) (quoting *Woodbury*, 263 F.2d at 787); *see also Kuehner v.*

11  *Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) ("We agree with the district court that an order

12  may involve a controlling question of law if it could cause the needless expense and delay of

13  *litigating an entire case in a forum that has no power to decide the matter.*" (emphasis added)).

14    In contrast to the examples listed in *Rieve* and the analysis of *Kuehner*, Plaintiffs' proposed

15  questions focus on the scope of CIPA and how CIPA applies to this case.  These questions thus

16  have no bearing on matters like jurisdiction, choice-of-law, or joinder.  Accordingly, these

17  questions do not present controlling questions of law.  A contrary finding would sanction an

18  inappropriately broad standard for interlocutory review.  *Cf. Camacho*, 369 F.3d at 573.

19    Plaintiffs next contend that there are six California Privacy Torts controlling questions of

20  law at issue:

21    1.  Does consent to an app's collection of location information in connection with functions of
        that app for which such collection is necessary (e.g., momentary use of Google Maps)
22        constitute consent to a defendant's indefinite storage of that location information, which
        allows a defendant to track one's movements over time?
23

24    2.  Do allegations that "Google accesses and stores the precise geolocation information of
        users who have affirmatively turned off the 'Location History' setting" (Compl. ¶ 5),
25        amount to allegations that, "even with Location History 'off,' Defendant was still tracking
        [Plaintiffs'] geolocation data"? (Dismissal Order at 16).
26
    3.  Is the allegation that "a user's location is stored and, on information and belief, continues
27        to be stored, every time Google-controlled features on [a user's] mobile device are active"

Case No.: 5:18-cv-05062-EJD

28  ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY
    APPEAL UNDER 28 U.S.C. § 1292(B)

United States District Court
Northern District of California

an allegation that Google engaged in "continuous geolocation tracking"? Dismissal Order at 16 (quoting Compl. ¶ 47).

4. As a factual matter, is Google capable of continuously tracking mobile device users through its software services, applications, and features?

5. Does "autonomy privacy," defined by the California Supreme Court as a right to "mak[e] intimate personal decisions . . . without observation [or] intrusion," encompass a right to privacy in one's movements? Dismissal Order at 15 (citations omitted).

6. Is the systematic collection and storage of one's precise location, as a matter of law, sufficient to satisfy the "high bar" set for an invasion of privacy claim, or must a plaintiff allege a separate privacy interest in specific locations that were tracked? Dismissal Order at 19.

The same analysis discussed above applies equally to these questions; no question presents an issue like jurisdiction, choice-of-law, or joinder. Moreover, most (save maybe question six) of these questions present mixed questions of fact and law—they focus on whether or not the Court properly applied California privacy standards to the facts of this case. To the extent Plaintiffs disagree with the Court's application of the law to the facts, the proper vehicle is a motion for reconsideration, not an interlocutory appeal under § 1292(b). *See City of San Jose v. Monsanto Co.*, 2017 WL 6039670, at *1 (N.D. Cal. Dec. 6, 2017); *see also Halloum v. McCormick Barstow LLP*, 2015 WL 4512599, at *2 (N.D. Cal. July 24, 2015) (holding that an appeal under § 1292(b) is appropriate for a "pure question of law," but not for "a mixed question of law and fact or the application of law to a particular set of facts"). Accordingly, because Plaintiffs have not presented a controlling question of law, the Court does not address the second or third requirements for interlocutory appeal.

## III.   CONCLUSION

For the reasons set forth above, Plaintiffs' motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 15, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-05062-EJD
ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)