# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 129 |

On December 19, 2019, this Court granted Defendant Google LLC's motion to dismiss. *See* Order Granting Defendant's Motion to Dismiss, Dkt. 113. In this order, the Court dismissed Plaintiffs' California's Invasion of Privacy Act ("CIPA") claim with prejudice and dismissed Plaintiffs' California constitution and common law privacy claims with leave to amend. Plaintiff argues the Court should reconsider its decision in light of *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020). Motion for Leave to File Motion for Reconsideration ("Mot."), Dkt. 129. After reviewing Plaintiffs' motion and *In re Facebook*, the Court finds that Plaintiff has not presented adequate grounds for the Court to reconsider its earlier ruling. The Court thus **DENIES** Plaintiffs' motion for leave to file a motion for reconsideration.

Reconsideration of a final judgment, order, or proceeding is appropriate if (1) at the time of the motion for leave to file a motion for reconsideration, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if new material facts emerge or a material change of law occurs after the time of the interlocutory order. N.D. Cal. Civ. L.R. 7-9(b). Absent these three things, "a motion for

1  reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

Plaintiff argues that *In re Facebook* presents a material change in law. Not so. With respect to Plaintiffs' CIPA claim, *In re Facebook* addressed a completely different type of CIPA claim than the one at issue here. *Compare In re Facebook*, 956 F.3d at 607 (addressing wiretapping, Cal. Pen. Code § 631(a)), *with In re Google Location History*, 428 F. Supp. 3d 185 (N.D. Cal. 2019) (addressing geolocation tracking, Cal. Pen. Code § 637.7). Moreover, even accepting Plaintiffs' argument that the Court erred when it noted that the Complaint failed to allege that Defendant "tracked" users' movements, that finding is entirely separate from the Court's determination that Defendant did not "attach" an "electronic tracking device" to a "vehicle or other moveable thing" within the meaning of CIPA. *See* Mot. 12–13. As noted, *In re Facebook* says *nothing* about the Court's determination that CIPA does not cover the type of geolocation tracking/collection at issue. Regarding Plaintiffs' California constitution and common-law privacy claims, the Court again does not find *In re Facebook* dispositive. Plaintiffs seem to read the Court's dismissal order too narrowly—nothing in the order prevents Plaintiffs from amending their Complaint to add details indicating that the type of geolocation tracking and collection at issue was comprehensive such that Defendant collected sensitive and confidential information. Accordingly, *In re Facebook* does not present a "material change in law" as to Plaintiffs' CIPA claim and Plaintiffs' motion for leave is **DENIED.**

**IT IS SO ORDERED.**

Dated: June 3, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-05062-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

2