**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley King (SBN 274399)
bking@ahdootwolfson.com
Christopher Stiner (SBN 276033)
cstiner@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

*Interim Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD PLAINTIFFS AND CAUSE OF ACTION TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: Sept. 24, 2020<br>Time: 9:00 a.m.<br>Ctrm: 4, San Jose Courthouse<br>Before: Hon. Edward J. Davila |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on September 24, 2020, at 9:00 a.m., or as soon thereafter as the matter can be heard before the Honorable Edward J. Davila, located at the San Jose Courthouse, Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, CA 95113, Plaintiffs will, and hereby do, move in accordance with Federal Rule of Civil Procedure 15(a) and the Court's December 19, 2019 Order Granting Defendant's Motion to Dismiss (ECF No. 113) for leave to include Plaintiffs Michael Childs and Noe Gamboa and a claim for Quasi-Contract or, in the alternative, Breach of Contract in Plaintiffs' concurrently filed Amended Consolidated Class Action Complaint.

This motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the accompanying Proposed Order; the concurrently filed Amended Consolidated Class Action Complaint; all papers and records on file in this case; and such other matters as the Court may consider.

Dated: July 6, 2020

Respectfully Submitted,

*/s Michael W. Sobol*
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*/s Tina Wolfson*
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley King (SBN 274399)
bking@ahdootwolfson.com
Christopher Stiner (SBN 276033)
cstiner@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

Nicholas Diamand (admitted *pro hac vice*)
ndiamand@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

*Interim Co-Lead Class Counsel*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs seek an order granting them leave to add two additional Plaintiffs and a claim for Quasi-Contract (Restitution and Disgorgement) or, in the alternative, Breach of Contract, in accordance with Federal Rule of Civil Procedure 15(a) and the Court's December 19, 2019 Order, which dismissed the original Consolidated Class Action Complaint and required leave of Court to add parties or claims. (ECF No. 113 at 19.)

Plaintiffs' concurrently filed First Amended Consolidated Class Action Complaint ("FAC") proposes to include Plaintiffs Michael Childs and Noe Gamboa in light of the fact that three former named Plaintiffs (Richard Dixon, Mark Carson, and Aichi Ali) are no longer being proposed as class representatives in this action. Since the filing of Plaintiffs' original Consolidated Class Action Complaint (ECF No. 80) the Ninth Circuit issued its opinion in *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020), in which it articulated the standards for Article III standing for claims arising under California law. Therefore, Plaintiffs also seek to add a claim for Quasi-Contract or, in the alternative, Breach of Contract.

There is no bad faith or undue delay in Plaintiffs' request, and these amendments will not prejudice Defendant Google LLC ("Google"). Indeed, Google has not yet even served any written discovery. Plaintiffs respectfully request that the Court grant this motion.

**II.    STATEMENT OF FACTS**

Plaintiffs filed the original Consolidated Class Action Complaint (ECF No. 80) on April 29, 2019. The Court heard argument on Google's motion to dismiss the Consolidated Class Action Complaint (ECF Nos. 87, 93, 98, 119) on November 21, 2019. In the Dismissal Order dated December 19, 2019 (ECF No. 113, the "Dismissal Order"), the Court dismissed all three of Plaintiffs' claims based upon Google's tracking the movements of its users without their consent, with leave to amend as to Plaintiffs' common law Intrusion upon Seclusion and California Constitutional right of privacy claims.

Plaintiffs on January 27, 2020 filed a request under 28 U.S.C. § 1292(b) for interlocutory review of the Dismissal Order. On April 9, 2020, the Ninth Circuit Court of Appeals issued its

opinion in *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020). On April 15, 2020, the Court denied Plaintiffs' request for § 1292(b) certification regarding the Dismissal Order. (ECF No. 126.) On April 24, 2020 the Court approved a stipulation by the parties to postpone the filing of a further amended complaint until 30 days after a ruling on Plaintiffs' anticipated request for leave to file a motion for reconsideration. (ECF No. 128.) Plaintiffs on May 21, 2020 requested leave to file a motion for reconsideration of the Dismissal Order, which was denied on June 3, 2020. Consequently, Plaintiffs' deadline to file an amended complaint is today, July 6, 2020. (ECF No. 130.)

## III.  ARGUMENT

### A.  Leave To Amend A Complaint Should Be Freely Granted.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court repeatedly have reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see also, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

### B.  Amendment Should Be Permitted In This Case.

Plaintiffs' proposed amendment to add two Plaintiffs and another claim for relief fall well

within the liberal standard for freely allowing the amendment of pleadings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'").

There is no prejudice to Google here.  The requested additions to the FAC do not change the nature of the lawsuit. No answer has been filed. Google is not precluded from seeking adequate discovery in relation to the new claims or Plaintiffs, and trial is not imminent. The Court has not yet set a deadline to complete discovery in this case.  Indeed, Google has not yet served its first set of discovery requests on any Plaintiff, and has indicated that it does not intend to do so until after resolution of a further motion to dismiss.  (ECF No. 115, 1/6/20 Joint Case Mgmt. Stmt., at § 8.)  Accordingly, Google will not be prejudiced by an order granting Plaintiffs leave add two additional plaintiffs and one cause of action.

Moreover, since Plaintiffs filed their original complaint, the Ninth Circuit Court of Appeals issued its opinion in *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020).  In that opinion, the court clarified the Article III standing requirements in federal court and held that "California law recognizes a right to disgorgement of profits resulting from unjust enrichment, even where an individual has not suffered a corresponding loss," supporting the addition at this time of Plaintiffs' claim for Quasi-Contract (Restitution and Disgorgement) or, in the alternative, Breach of Contract.  *Id.* at 599.

## IV.   CONCLUSION

Plaintiffs' proposed additions to the FAC are timely and are filed in good faith, and do not prejudice Google.  None of the factors on which courts might deny motions for leave to amend are present here.  Accordingly, Plaintiffs respectfully request that the Court grant this motion for leave to include two additional plaintiffs and one additional cause of action in the FAC.

| | | |
|---|---|---|
| 1 | Dated: July 6, 2020 | Respectfully Submitted, |
| 2 | | */s Michael W. Sobol* |
| 3 | | Michael W. Sobol (SBN 194857) |
| | | msobol@lchb.com |
| 4 | | Melissa Gardner (SBN 289096) |
| | | mgardner@lchb.com |
| 5 | | Michael Levin-Gesundheit (SBN 292930) |
| | | mlevin@lchb.com |
| 6 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| | | 275 Battery Street, 29th Floor |
| 7 | | San Francisco, CA 94111-3339 |
| | | Telephone: 415.956.1000 |
| 8 | | Facsimile: 415.956.1008 |
| 9 | | */s Tina Wolfson* |
| 10 | | Tina Wolfson (SBN 174806) |
| | | twolfson@ahdootwolfson.com |
| 11 | | Theodore Maya (SBN 223242) |
| | | tmaya@ahdootwolfson.com |
| 12 | | Christopher Stiner (SBN 276033) |
| | | cstiner@ahdootwolfson.com |
| 13 | | AHDOOT & WOLFSON, PC |
| | | 10728 Lindbrook Drive |
| 14 | | Los Angeles, CA 90024 |
| | | Telephone: 310.474.9111 |
| 15 | | Facsimile: 310.474.8585 |
| 16 | | Nicholas Diamand (*pro hac vice*) |
| | | ndiamand@lchb.com |
| 17 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| | | 250 Hudson Street, 8th Floor |
| 18 | | New York, NY 10013 |
| | | Telephone: 212.355.9500 |
| 19 | | Facsimile: 212.355.9592 |
| 20 | | *Interim Co-Lead Class Counsel* |

2006444.2

- 6 -

MOTION FOR LEAVE TO ADD PLAINTIFFS AND
CAUSE OF ACTION
CASE NO. 5:18-CV-05062-EJD