KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      November 5, 2020<br>Time:      9:00 a.m.<br>Dept:      Courtroom 4 - 5th Floor<br>Judge:     Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 5, 2020 at 9:00 a.m. or as soon thereafter as this matter may be heard by the above-captioned Court, at 280 South 1st Street, Courtroom 4 – 5th Floor, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Google LLC ("Google") will, and hereby does, respectfully move this Court, pursuant to the Stipulated Protective Order entered in this case on December 9, 2019 (Dkt. No. 112), to retain the confidentiality designations of portions of Google's Supplemental Response to Interrogatory No. 4 (December 17, 2019), which Plaintiffs have attached as Exhibit 64 to the Amended Consolidated Class Action Complaint.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the accompanying Declaration of Christopher Sun, the Proposed Order submitted herewith, the entire record in this matter and further papers and argument as may be submitted to the Court in connection with the Motion, and such evidence and argument as may be presented at the hearing before this Court.

Dated: August 4, 2020　　　　　　　　　　　　　　KEKER, VAN NEST & PETERS LLP

　　　　　　　　　　　　　　　　　　　By:　*/s/ Christopher S. Sun*
　　　　　　　　　　　　　　　　　　　　　　BENJAMIN BERKOWITZ
　　　　　　　　　　　　　　　　　　　　　　THOMAS E. GORMAN
　　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER S. SUN
　　　　　　　　　　　　　　　　　　　　　　CHRISTINA LEE

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant GOOGLE LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Google respectfully moves to preserve the confidentiality of materials that this Court has already determined should be protected from public disclosure. Plaintiffs have challenged the "confidential" designation of a small portion of an interrogatory response that discloses sensitive information about Google's proprietary service architecture, including the internal code name of proprietary infrastructure and the functions performed by that infrastructure. Plaintiffs initiated their challenge to these limited confidentiality designations only two days after the Court ordered this same information sealed.

The Court should permit Google to retain this limited confidentiality designation regarding its confidential data infrastructure.  The confidentiality designation Google seeks to retain—comprising only eight words of a single interrogatory response—is both reasonable and narrowly tailored to its purpose of protecting Google from competitive harm and malicious actors.  Google has invested enormous sums and resources in developing and protecting its industry-leading systems, and revealing this information could give competitors an unfair insight into those proprietary systems and would make Google's systems potentially more vulnerable to malicious actors.  Forcing Google to disclose this information would also run against the well-established practice of courts in this District, which regularly protect internal code names, as well as similar kinds of sensitive, internal identifiers.

For these reasons, and those described below, Google respectfully requests that the Court allow Google to retain its current "confidential" designation for this material undisturbed.

## II.  BACKGROUND

The parties' present dispute concerns the confidentiality of information included in Google's supplemental response to Plaintiffs' Interrogatory No. 4, which reveals the internal codename for, and describes confidential aspects of, Google's proprietary data infrastructure.

After this Court granted Google's motion to dismiss Plaintiffs' consolidated class action complaint, Dkt. 113, Plaintiffs sought the Court's leave to file an amended complaint, which the Court granted pursuant to the parties' stipulation, Dkt. 137. The amended complaint added,

1  among other things, a new exhibit that attached Google's response to Plaintiffs' Interrogatory No.
2  4 (Dkt. 131-4), which Google had designated as containing "confidential" information under the
3  parties' Stipulated Protective Order.

4        As a result, and as required by §12.5 of the Protective Order, Plaintiffs filed an
5  administrative motion to seal the interrogatory response. Dkt. 132. Shortly thereafter, Google
6  filed a declaration in support of maintaining under seal those portions of the interrogatory
7  response that revealed Google's internal codename for its proprietary infrastructure or otherwise
8  described that infrastructure. Dkt. 134. The declaration explained that public disclosure of that
9  information could be used by Google's competitors or other third parties to gain an improper
10 understanding of Google's data and service architecture. *Id.* ¶ 9. After considering the motion and
11 supporting declaration, the Court granted Plaintiffs' motion to seal in an order dated July 13,
12 2020. Dkt. 135.

13       Shortly thereafter, on July 15, 2020, Plaintiffs' counsel informed Google in writing that
14 Plaintiffs were challenging the "confidential" designation of Google's response to Interrogatory
15 No. 4—the very same information the Court had ordered sealed two days earlier. Declaration of
16 Christopher Sun in Support of Motion to Retain Confidentiality Designations ("Sun Decl.") ¶ 3;
17 Dkt. 135. In challenging the designation, Plaintiffs conceded that portions of the response,
18 including Google's codename for its proprietary infrastructure, were not available to the public,
19 but nonetheless argued that the information wasn't confidential. Sun Decl. ¶ 4.

20       The parties met and conferred regarding Plaintiffs' challenge on July 22, 2020. *Id.* ¶ 5.
21 During the conference, Google offered to de-designate the entirety of its response to Interrogatory
22 No. 4 except those portions that revealed non-public information about its data infrastructure or
23 Google's codename for certain infrastructure (collectively, the "Confidential Material"). *Id.* This
24 offer was consistent with the declaration Google submitted on July 10, 2020, which identified
25 only a handful of words across two lines of text as requiring redaction. *See* Dkt 134 (identifying
26 minimal redactions to lines 23 and 24 of page 11 of Google's Response to Plaintiffs'
27 Interrogatory No. 4); Sun Decl. ¶ 5. All told, only eight of the 581 words in the interrogatory
28 response would have retained their confidentiality designation under Google's proposal. Sun

1  Decl. ¶ 5. Plaintiffs, however, rejected Google's proposal out of hand and insisted that none of the
2  information in the interrogatory response contained confidential information. *Id.* ¶ 6. When asked
3  why they were seeking public disclosure of the Confidential Material, Plaintiffs' only response
4  was that "the public has a right to know." *Id.* ¶ 7.

Google brings this motion now, as required under the Protective Order, within 21 days of Plaintiffs' July 15 challenge to Google's designation of the Confidential Material, and within 14 days of the parties' July 22 meet-and-confer, to preserve its rights under Section 6.3 of the Protective Order. *See* Dkt. 112.

### III. DISCUSSION

#### A. The information in Google's response to Interrogatory No. 4 qualifies as "confidential"

The Protective Order provides protections for "CONFIDENTIAL Information or Items," which are defined as "information . . . or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." Dkt. 112 § 2.2.  Rule 26(c), in turn, authorizes the Court to "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c).

A party seeking a "confidential" designation under Rule 26(c) "must show 'good cause,' requiring proof that: (1) specific prejudice or harm will result if the document is made public; and (2) it has made reasonable efforts to keep confidential documents a secret." *RSI Corp. v. Int'l Bus. Machines Corp.*, No. 5:08-CV-3414 RMW, 2012 WL 3095439, at *1 (N.D. Cal. July 30, 2012). In deciding whether information qualifies as "confidential" under Rule 26(c), courts "balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims." *Id.*

Here, the Confidential Material qualifies for protection under Rule 26(c), and thus the Protective Order. As described above, and as Plaintiffs have conceded, the Confidential Material reveals non-public information about Google's proprietary data infrastructure, including its internal codename for certain infrastructure and the functions that infrastructure performs. Sun Decl. ¶ 4; Dkt. 134 ¶ 8. Public disclosure of that information would prejudice Google by allowing

competitors or third parties to use that information, in combination with other information that has been, or may be, revealed, to gain an improper insight into Google's architecture. Dkt. 134 ¶ 9.

As just one example, public disclosure of Google's codename for infrastructure and what functions that infrastructure performs may incentivize and permit malicious actors to target that infrastructure or obtain additional confidential information about that infrastructure through illicit channels. *See id.* Much as knowing the name of a person makes it easier to obtain information about that person, knowing the internal code name for Google's architecture and the functions performed by that architecture would allow third parties to more easily identify who might know about that architecture or where they can obtain more information.

Google's status as a leader and innovator in its field makes it the target of competitors and other third parties, who want to obtain the benefits of the millions of dollars and countless hours Google has spent developing its proprietary systems without paying any of those costs. *See id.* Thus, Google considers details about those systems to be highly sensitive and takes steps to protect that information by, among other things, taking care not to disclose details about how it organizes its data and service architecture. *Id.*

For these reasons, courts in this District regularly protect this type of information from public disclosure. For example, courts have granted motions to seal (or denied motions to unseal) "internal project code names",[1] "internal code names for . . . products,"[2] "identification numbers that reflect internal classification systems,"[3] "names of internal tables in [a] database,"[4] and "names of particular source code variables."[5]

---

[1] *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (granting motion to seal).

[2] *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (granting motion to seal).

[3] *Bohannon v. Facebook, Inc.*, No. 12-CV-01894-BLF, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019) (denying motion to unseal).

[4] *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal).

[5] *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (granting motion to seal).

Here, there is no countervailing risk that non-disclosure of the Confidential Material will "impair [Plaintiffs'] prosecution . . . of the[ir] claims." *RSI Corp.*, 2012 WL 3095439, at *1. Google has already offered to voluntarily de-designate the vast majority of its response to Plaintiffs' Interrogatory No. 4, and seeks to retain a "confidential" designation for a mere eight words of the 581 words in that response. Sun Decl. ¶ 5. Plaintiffs cannot credibly argue that maintaining a "confidential" designation for those eight words will prejudice their case because "Plaintiffs already have access" to the Confidential Material and can use it for purposes of the litigation. *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13CV04984JST (MEJ), 2015 WL 1006534, at *8 (N.D. Cal. Mar. 6, 2015). Plaintiffs have also failed to offer any serious explanation as to how public disclosure of the Confidential Material could possibly affect their ability to prosecute their case. In fact, the only factor supporting disclosure that Plaintiffs have identified during the parties' negotiations—the self-serving assertion that "the public has a right to know"[6]—has nothing to do with the prosecution of their claims and has already failed to persuade courts in this District to de-designate confidential material. *See id.* at *7 (granting motion to retain confidentiality because plaintiffs had not "identified a legitimate purpose for disclosing the challenged materials other than the public's right to know").

In sum, publicly disclosing the Confidential Material would prejudice Google and protecting the confidentiality of that material would in no way hinder Plaintiffs' ability to prosecute their claims. Thus, Google should be permitted to retain the "confidential" designation of this material—only eight words—under the Protective Order.

**B.   The Court's prior order sealing the Confidential Material supports retaining the material's "confidential" designation**

In challenging Google's limited confidentiality designations, Plaintiffs have also ignored this Court's prior order sealing this same material. The Court already protected the Confidential Material from public disclosure by ordering it sealed when Plaintiffs filed it as an exhibit to their amended complaint. *See* Dkt 135. Significantly, in doing so, the Court applied a more stringent standard than the standard that applies here. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d

---

[6] Sun Decl. ¶ 7.

1172, 1178–79 (9th Cir. 2006) (recognizing that the "compelling reasons" standard for sealing is more exacting than the "good cause" standard applicable to confidentiality designations).

By granting Plaintiffs' motion to seal the Confidential Material under the more demanding "compelling reasons" standard, this Court has already implicitly determined that there is "good cause" to retain the Confidential Material's "confidential" designation. That prior ruling is, alone, reason enough to grant this motion. *See Realtek Semiconductor, Corp. v. LSI Corp.*, No. C-12-3451-RMW, 2014 WL 12770212, at *1 (N.D. Cal. June 17, 2014) ("A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed . . . ."). Plaintiffs have identified no reason why Google's confidential designation should not be retained consistent with the Court's prior order.

## IV. CONCLUSION

For the foregoing reasons, Google's motion should be granted, and the Confidential Material should retain its existing designation.

Dated:  August 4, 2020　　　　　　　　　　　　　　　KEKER, VAN NEST & PETERS LLP

　　　　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Christopher S. Sun*
　　　　　　　　　　　　　　　　　　　　　　　　　　　BENJAMIN BERKOWITZ
　　　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS E. GORMAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER S. SUN
　　　　　　　　　　　　　　　　　　　　　　　　　　　CHRISTINA LEE

　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant GOOGLE LLC