**LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

**LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  212.355.9500
Facsimile:  212.355.9592

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
Christopher Stiner (SBN 276033)
cstiner@ahdootwolfson.com
Rachel Johnson (SBN 331351)
rjohnson@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

*Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS; NOTICE OF CROSS MOTION AND CROSS MOTION TO UNSEAL CONSOLIDATED AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |

**NOTICE OF CROSS MOTION AND CROSS MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on November 5, 2020 at 9:00 a.m., or as soon thereafter as the matter can be heard before the Honorable Edward J. Davila, located at the San Jose Courthouse, Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, CA 95113, Plaintiffs will, and hereby do, move to unseal their Amended Consolidated Complaint, filed at ECF No. 131.

This cross motion is based on this Notice of Cross Motion and Cross Motion; the accompanying Memorandum of Points and Authorities in support thereof and in opposition to Defendant Google LLC's Motion to Retain Confidentiality Designations; the accompanying Proposed Order; all papers and records on file in this case; and such other matters as the Court may consider.

Dated: August 18, 2020              Respectfully Submitted,

                                          */s Michael W. Sobol*
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

                                          */s Tina Wolfson*
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley King (SBN 274399)
bking@ahdootwolfson.com
Christopher Stiner (SBN 276033)
cstiner@ahdootwolfson.com
Rachel Johnson (SBN 331351)
rjohnson@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

Nicholas Diamand (admitted *pro hac vice*)
ndiamand@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

*Interim Co-Lead Class Counsel*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Before the Court is whether the name ▓▓▓▓ which Google has given to ▓▓▓▓ for its user geolocation data, should be kept hidden from the very same general public whose locations Google continues track, including through that ▓▓▓▓ *See, e.g.* Am. Consolidated Class Action Compl. ("Am. Compl."), ECF No. 132-2. No doubt Google, which claims that *users* control the information Google collects, does not want the public to know that it refers to the storage of its users' locations with such a blatantly ▓▓▓▓ but such concerns provide no legal basis to keep it secret. Indeed, the name amounts to a ▓▓▓▓ concerning its geolocation practices.

This Court must presume that the public has the right to know how Google uses, stores, and regards their geolocation data absent "compelling reasons" to keep that information hidden. Google's arguments that the term ▓▓▓▓ itself constitutes a protectable "codename," disclosure of which will put it at a competitive disadvantage, lack merit. Nor does Google even attempt to refute that the disclosure of this information is obviously within the public's interest. This is a case of significant public importance addressing the extent to which Google, the world's most powerful controller of personal data, must abide by its users' reasonable expectations of privacy. The fact that Google maintains its users' geolocations ▓▓▓▓ is a foundational issue that should not be hidden from public view because Google wishes to avoid potential embarrassment. There is no justification for continuing to deny the public the opportunity to fully understand Plaintiffs' allegations.

Plaintiffs, therefore, oppose Google's Motion to Retain Confidentiality Designations that provide the basis for filing portions the Amended Consolidated Complaint under seal and independently move to unseal that material.

**II.   BACKGROUND**

On July 6, 2020, Plaintiffs filed an Amended Consolidated Complaint in this action, in which Plaintiffs alleged, *inter alia*, the following:

> Contrary to Google's representations, even when "Location History" is turned off, whether at the Google Account level or the individual device level, a user's location is stored, and continues to be stored, by Google. The limited discovery undertaken to date in this action confirms that Google maintains at least one confidential ▮▮▮▮ it calls ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ through Web & App Activity.
>
> . . . .
>
> [L]ocation information stored by Google is stored in an individual's Google Account (in addition to other repositories known to Google, such as the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) where it is linked to other data in that account, including the individual's name and email address.

Am. Compl. ¶¶ 48, 67. The allegations above regarding the existence of a geolocation ▮▮▮ Google calls ▮▮▮▮ are based on Google's interrogatory responses, which it designated as "Confidential" under the Protective Order. Def. Google LLC's Suppl. Objs. & Resp. to Pls.' First Set of Interrogs. at 11; Am. Compl. Ex. 64, ECF No. 132-6. Google declined, without explanation, to consent to Plaintiffs' request that the information be filed in the public record. Under the terms of the Protective Order and Local Rule 79-5, Plaintiffs were therefore required to file portions of their Consolidated Amended Complaint under seal. *See* ECF No. 132.

On Friday, July 10 at 3:36 p.m., Google provided the basis of its confidentiality designation and grounds for sealing, indicating that "public disclosure of the confidential internal codename for Google's proprietary infrastructure could be used by competitors or other third parties . . . to gain an improper understanding of Google's data and services architecture." Decl. of David Monsees ¶ 9, ECF No. 134. The following court day—at 10:15 a.m. on Monday, July 13—the Court granted the motion to seal.[1]

Promptly thereafter, Plaintiffs initiated a meet and confer with Google, challenging the confidentiality designation over Google's interrogatory response that had necessitated Plaintiffs' under-seal filing. Google, however, refused to withdraw its designation from the following highlighted words in its interrogatory response (which are referenced in Plaintiffs' Amended

---

[1] The procedures for sealing set forth in Local Rule 79-5 do not provide a vehicle for Plaintiffs to reply to the designating party's stated basis for a confidentiality designation. Moreover, here, Google did not provided its rationale for its confidentiality designation prior to filing the material, so Plaintiffs had little ability to argue against filing the material under seal prior to the Court's order allowing the filing under seal.

1   Consolidated Complaint): "Web & App Activity data ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."

2   Accordingly, on August 4, Google moved to retain the confidentiality designation upon
3   which the filing under seal is based. Plaintiffs now oppose that motion and move independently
4   to unseal that text as referenced in the Amended Consolidated Complaint.

5   **III.   DISCUSSION**

6   At issue is whether information in Plaintiffs' Amended Consolidated Complaint should be
7   maintained under seal—specifically, the name of the ▮▮▮▮▮▮▮▮▮▮—based on
8   Google's confidentiality designation of this text in its interrogatory responses. Ultimately, the
9   issue turns on whether Google has "demonstrate[d] compelling reasons to keep the documents
10  under seal." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1103 (9th Cir. 2016).
11  Google cannot meet this requirement, and therefore the material should be unsealed, regardless of
12  whether Google's initial confidentiality designation was based on "good cause," though as
13  Plaintiffs demonstrate herein, Google cannot make that showing either. In short, Google's
14  inflated warnings of the risks it faces from public disclosure of the name of the ▮▮▮▮▮
15  ▮▮ fail to satisfy any recognized standard for keeping this information confidential and hidden
16  from the public.

17      A.   **"Compelling reasons" must exist to seal Plaintiffs' Amended Consolidated
18           Complaint, and there are no such reasons.**

19  Google has failed to demonstrate that it meets the stringent "compelling reasons" standard
20  that would entitle it to maintain the name of the ▮▮▮▮▮▮▮▮▮ under seal.
21  In considering whether documents should be sealed, Courts "start with a strong
22  presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331
23  F.3d 1122, 1135 (9th Cir. 2003). As the Supreme Court has explained, this is because, "courts of
24  this country recognize a general [common-law] right to inspect and copy public records and
25  documents, including judicial records and documents." *Nixon v. Warner Comms., Inc.*, 435 U.S.
26  589, 597 (1978). The presumption of public access "promot[es] the public's understanding of the
27  judicial process and of significant public events." *Valley Broad. Co. v. U.S. Dist. Court*, 798 F.2d
28  1289, 1294 (9th Cir. 1986). Moreover, "the interest in access to court proceedings in general may

be asserted more forcefully when the litigation involves matters of significant public concern," as is true here, where the litigation centers on whether Google, one of the world's most powerful keepers of personal data, must be held accountable to the reasonable expectations of privacy of its users. *Cohen v. Trump*, No. 13-2519, 2016 WL 3036302, at *6 (S.D. Cal. May 27, 2016).

Further, if a "court record is 'more than tangentially related to the merits of the case'—as is the case with [an amended complaint]—then there is a 'strong presumption in favor of access." *In re Macbook Keyboard Litig.*, No. 18-2813, 2019 WL 8955362, at *1 (N.D. Cal. June 12, 2019) (Davila, J.) (quoting *Chrysler Grp., LLC*, 809 F.3d at 1102). Thus, "the party who wishes to keep the record under seal"—here, Google—"must 'articulate compelling reasons supported by specific factual findings' for doing so." *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). *See also Evans v. Presidio Tr.*, No. 19-8025, 2020 WL 1171095, at *2 (N.D. Cal. Mar. 11, 2020) ("Because the complaint is more than tangentially related to the merits of the case, the compelling reasons standard governs the motion to seal.").

Upon a detailed factual showing, compelling reasons may exist to seal "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re Apple Inc. Device Performance Litig.*, No. 18-md-2827, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (Davila, J.). "[C]ourts should exercise caution not [to] allow these exceptions [to] swallow the strong presumption in favor of disclosure," but the name of Google's ███████████ does not warrant the application of any of these exceptions. *Id.* Specific information about *how* Google operates its geolocation ███ is not at issue, and thus there is no risk of revealing any proprietary systems or practices to competitors. Moreover, the types of information this Court has sealed under the "compelling reasons" standard— "ongoing investigations," "internal procedures and decision making," "internal research and development," "business strategy decisions," and "engineering and technical information"—are not implicated here. *Id.* What is at issue is simply a ███—and one might submit, ███—name of ███████████.

Plaintiffs also respectfully suggest that Google's warnings of security risk and competitive

1 harm, because they are thread-bare and speculative, lack credibility. *See* Google's Mot. at 4-5
2 ("Public disclosure of [the name ████████████████] would prejudice Google by
3 allowing competitors or third parties to use that information, in combination with other
4 information that has been, or may be, revealed, to gain an improper insight into Google's
5 architecture" and "may incentivize and permit malicious actors to target that infrastructure.").
6 The Court may find *U.S. Ethernet Innovations, LLC v. Acer, Inc.* instructive. No. 10-3724, 2013
7 WL 4426507 (N.D. Cal. Aug. 14, 2013).  There, Intel sought to seal "'internal code names of
8 Intel's source code' and material related to its 'source code version control system'"—that is, not
9 just a descriptive name of a ██████ (as Google has sought to seal here), but information
10 actually indicating how Intel's systems operated. *Id.* at *2. Intel supported its request with a
11 declaration that echoed Google's claimed concerns about the integrity of its "architecture."
12 Intel's declaration stated: "This material is not available to the public and could result in a
13 competitive disadvantage for Intel and security concerns for Intel and its customers" because it
14 "reflects how Intel develops and manages its confidential source code." *Id.*  Judge Wilken denied
15 the sealing request, finding that "general[] claims that [Intel] would be 'harmed' by public
16 disclosure and this would result in a 'competitive disadvantage' for it and in 'security concerns'"
17 were simply "broad and generic statements [that] do not meet the standard for sealing information
18 related to dispositive motions" (which are subject to the "compelling reasons" standard). *Id.* This
19 reasoning applies with equal force here.
20         Google may hope the public never learns that it calls storage of its user's geolocation data
21 ████████ because the name may be considered quite revelatory as to Google's ████████
22 ██████████████████████████████████████████ its collection of geolocation
23 data. However, mere concerns of "embarrassment," which appear to animate Google's litigation
24 conduct, "incrimination, or exposure to litigation will not, without more, compel the court to seal
25 its records." *Kamakana*, 447 F.3d at 1179. Under our system of justice, we presume that civil
26 proceedings are open to the public because the rule of law—and democracy itself—are best
27 served by judicial transparency and open public discourse of issues.
28         In sum, Google has provided no compelling reason to shroud Plaintiffs' Amended

1  Consolidated Complaint in the Court-approved cloak of confidentiality, and Plaintiffs' Complaint
2  should therefore be unsealed.[2]

3      **B.**    **The "good cause" standard does not govern whether Plaintiffs' Amended Consolidated Complaint should be sealed, but nevertheless Google has not satisfied this standard.**

5      Google contends that its confidentiality designation meets the "good cause" standard for
6  entry of a protective order under Federal Rule of Civil Procedure 26(c). Here, however, where
7  the question is whether material in Plaintiffs' Amended Consolidated Complaint should be kept
8  under seal and out of public view, analysis of the Rule 26(c) "good cause" standard is ultimately
9  beside the point. As explained above, the more demanding "compelling reasons" test applies to
10 sealing of a complaint, and Google's arguments are misdirection. Nevertheless, to be clear,
11 Google has clearly failed to demonstrate "good cause" for its confidentiality designation.

12     To satisfy the "good cause" standard Google would have had to provide "proof that . . .
13 specific prejudice or harm will result if" the fact that it maintains user geolocation information in
14 ▓▓▓▓ called ▓▓▓▓ "is made public." *RSI Corp. v. IBM Corp.*, No. 08-3414, 2012
15 WL 3095439, at *1 (N.D. Cal. July 30, 2012). Google has not done so.

16     In its motion, Google repeatedly sounds alarm that ▓▓▓▓ is an "internal code name
17 of proprietary infrastructure," but ▓▓▓▓ is *not* a code name at all. Google's Mot. at 1, ECF
18 No. 138; *see also id.* at 2, 3, 4, 5. A code name is "[a] name assigned to conceal the identity or
19 existence of something." Am. Heritage Dictionary (2020), *code name, available at*
20 https://www.ahdictionary.com/word/search.html?q=code+name. The name ▓▓▓▓ on the
21 other hand, does not conceal anything, but rather ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

26 [2] Google also asserts that by signing the Proposed Order Granting Motion to Seal Portions of Plaintiffs' Amended Consolidated Complaint, this Court affirmatively held that compelling
27 reasons justify sealing. Google's Mot. at 6-7. In fact, the Proposed Order the Court entered the morning of the following court day after Google submitted its declaration in support of sealing
28 makes no mention of the compelling reasons standard whatsoever. *See* ECF No. 135.

1  ███████████████████████████████████████
2  ███████████████████████████████████████
3  ███████████████████████████████ Far from being
4  secret code, ██████ appears to be an █████████████████ of Google's
5  geolocation █████████████████.[3] Thus, because
6  ██████ is not a code name at all, Google's authorities supporting the proposition that
7  "internal code names for [] products"—arising in the inapposite context of non-dispositive
8  "discovery motions" where the "good cause" standard actually would apply—are entirely beside
9  the point. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-1846, 2012 WL 4120541, at *2 (N.D. Cal.
10 Sep. 18, 2012); *see also Apple Inc. v. Samsung Elecs. Co.*, No. 11-1846, 2013 WL 412864, at *2.
11       Nor does the mere fact that Google stores users' locations and movements in a ███
12 ██ called ██████ reveal "proprietary data infrastructure" or "the functions that
13 infrastructure performs." Google's Mot. at 4. Nothing about the words at issue—*i.e.*, ████
14 ████████████—indicates anything about *how*, technologically-speaking,
15 Google stores geolocation information. ████████████████████████
16 ███████████████████████████████████████
17 ██████████████████████████████. Unlike in the case law
18 upon which Google relies, here the content Google seeks to maintain under seal contains
19 absolutely no description of "processes and functionality of [] security and anti[-]abuse products
20 and systems,"[4] "source code,"[5] "internal tables in [a] database,"[6] "names of particular source code

---

[3] In the context of privacy rights, the "storage" of geolocation information and "tracking" are conceptually linked. To "track" a person's location contemplates a reference point showing one's prior location. "Storage" (over time) of location data is what makes it possible to determine (or track) "movements" from one location to the next. "Tracking" happens when location information—*i.e.*, coordinates on Earth—are "stored" and thus made available for comparison. That is how Google keeps "track"; it tracks an individual's movements between stored coordinates. At bottom, "storing" locations is the means of determining a person's movement.

[4] *Campbell v. Facebook Inc.*, No. 13-5996, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016). This case is also inapplicable to the matter at hand because it arose in the context of discovery motions, where the "good cause" standard, as opposed to the "compelling reasons," standard applied.

[5] *Id.*

1  variables [and] functions,"[7] or "numbers that reflect internal classification systems."[8]

2  Finally, Google's "[b]road allegations of harm, unsubstantiated by examples or articulated reasoning, do not satisfy the Rule 26(c) [good cause] test."[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). *See also Cover v. Windor Surry Co.*, No. 14-05262, 2016 WL 8231158, at *7-8 (N.D. Cal. Dec. 19, 2016) (finding statement that "Defendants would suffer adverse harm from competitors and client should [] information be publicly disclosed" was "too vague and speculative to establish good cause"). Google merely asserts, without explication, that the disclosure of the name of the ▮▮▮▮▮▮▮▮▮▮ would give criminals an edge. Of note, in April 2019, the *New York Times* revealed the hitherto publicly unknown name of a Google database of user geolocation information available to law enforcement—"Sensorvault"—and there has been no subsequent reporting, whether in the media or by Google to this Court, of "malicious actors" accessing that database via "illicit channels." *See* Jennifer Valentino-DeVries, *Google's Sensorvault Is a Boon for Law Enforcement. This Is How It Works.*, New York Times (Apr. 13, 2019), *available at* https://www.nytimes.com/2019/04/13/technology/google-sensorvault-location-tracking.html.

In sum, Google has not satisfied the "good cause" standard, and thus, cannot have provided "compelling reasons" to seal the name of the ▮▮▮▮▮▮▮▮▮▮ in Plaintiffs' Amended Consolidated Complaint.

### IV. CONCLUSION

This putative class action addresses an exceedingly important concern in our society today—namely, the bounds of everyday mobile device users' reasonable expectations of privacy in an age where the awesome and invasive power of Big Data resides in the hands of a few controlling entities. The public should know exactly how Google describes the troves of

---

[6] *Id.*
[7] *Uniloc USA, Inc. v. Apple Inc.*, No.18-362, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018).
[8] *Bohannon v. Facebook, Inc.*, No. 12-1894, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019).
[9] Google claims that disclosure of the name of the ▮▮▮▮▮▮▮▮▮▮ "may incentivize and permit malicious actors to target [that database] or obtain confidential information about that infrastructure through illicit channels." Google's Mot. at 5.

1  geolocation data it has compiled about them, and that public interest cannot be overcome by
2  Google's unsupported and implausible claims of security and competitive risks that follow from
3  disclosure of the name of the ███████████████  Therefore, for the reasons stated above,
4  Plaintiffs respectfully request that the Court deny Google's Motion to Retain Confidentiality
5  Designations and grant Plaintiffs' Cross Motion to Unseal the Consolidated Amended Complaint.

Dated: August 18, 2020                     Respectfully Submitted,

                                           /s Michael W. Sobol
                                           Michael W. Sobol (SBN 194857)
                                           msobol@lchb.com
                                           Melissa Gardner (SBN 289096)
                                           mgardner@lchb.com
                                           Michael Levin-Gesundheit (SBN 292930)
                                           mlevin@lchb.com
                                           LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                           275 Battery Street, 29th Floor
                                           San Francisco, CA  94111-3339
                                           Telephone:  415.956.1000
                                           Facsimile:  415.956.1008

                                           /s Tina Wolfson
                                           Tina Wolfson (SBN 174806)
                                           twolfson@ahdootwolfson.com
                                           Theodore Maya (SBN 223242)
                                           tmaya@ahdootwolfson.com
                                           Bradley K. King (SBN 274399)
                                           bking@ahdootwolfson.com
                                           Christopher Stiner (SBN 276033)
                                           cstiner@ahdootwolfson.com
                                           10728 Lindbrook Drive
                                           Los Angeles, CA 90024
                                           Telephone: 310.474.9111
                                           Facsimile: 310.474.8585


                                           Nicholas Diamand (*pro hac vice*)
                                           ndiamand@lchb.com
                                           LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                           250 Hudson Street, 8th Floor
                                           New York, NY 10013
                                           Telephone:  212.355.9500
                                           Facsimile:  212.355.9592

                                           *Interim Co-Lead Class Counsel*