KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**DEFENDANT GOOGLE LLC'S REPLY TO MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS; OPPOSITION TO PLAINTIFFS' CROSS MOTION TO UNSEAL CONSOLIDATED AMENDED COMPLAINT**<br><br>Date:       November 5, 2020<br>Time:      9:00 a.m.<br>Dept:       Courtroom 4 - 5th Floor<br>Judge:     Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

## I. INTRODUCTION[1]

Plaintiffs ask this Court for leave to publicly disclose information the Court ordered sealed less than two months ago. The information at issue (the "Confidential Material") reveals proprietary details about Google's service infrastructure, including the internal code name for certain infrastructure and the functions of that infrastructure. The Court, having considered the nature of the Confidential Material and the harm that could result from its disclosure, ordered the material sealed on July 13, 2020. Dkt. 135. Plaintiffs, however, think the Court got it wrong, and have filed a cross motion to unseal the "Confidential Material" and an opposition seeking to strip the Confidential Material's "confidentiality designation" under the parties' Stipulated Protective Order.

But nothing has changed since the Court sealed the Confidential Material, and Plaintiffs offer no revelations that would warrant the Court reversing its prior decision. Sealing the Confidential Material was consistent with the decisions of other courts in this District, which have sealed similar materials in similar circumstances for similar reasons. And it inflicted no measurable harm on the public's interest in accessing information about this litigation, because the Confidential Material isn't particularly relevant to, or necessary to understand, these judicial proceedings. For these reasons, which are discussed in greater detail below, Google respectfully requests that the Court grant Google' motion to retain the Confidential Material's existing designation and deny Plaintiffs' cross motion to unseal the Confidential Material.

## II. DISCUSSION

### A. The Court should maintain the Confidential Material under seal.

Civil Local Rule 79-5 requires that a party seeking to maintain information and documents under seal "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The public does not have an absolute right to court files. If the party seeking to seal a judicial record articulates a

---

[1] Throughout this brief, unless otherwise stated, emphases were added to quotations and internal punctuation, alternations, and citations were omitted from them.

1
DEFENDANT'S REPLY TO MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS;
OPPOSITION TO PLAINTIFFS' CROSS MOTION TO UNSEAL
Case No. 5:18-cv-05062-EJD

1390279

"compelling reason" to seal the record, it may overcome the general presumption favoring disclosure of court records. *Kamanaka v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Rieckborn v. Velti PLC*, No. 13-CV-03889-WHO, 2014 WL 4964313, at *2 (N.D. Cal. Oct. 3, 2014) (observing that the "compelling reasons" standard applies when considering whether to seal material in a complaint). The factors relevant to determining whether there are compelling reasons to seal a record "include the public interest in understanding the judicial process," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), and whether disclosure of the material could harm a litigant's competitive standing, *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *3 (N.D. Cal. Aug. 6, 2014). Any request to seal materials, or maintain materials under seal, must be narrowly tailored. Civil L.R. 79-5(b).[2]

The Court should deny Plaintiffs' cross motion to unseal the Confidential Material for two reasons. *First*, disclosure of the Confidential Material would harm Google's competitive standing by helping competitors and other malicious actors obtain sensitive information about its systems. *Second*, the public's interest in the Confidential Material is limited because the Confidential Material is not necessary to understand the judicial process.

### 1. The Court should seal the Confidential Material because its disclosure would harm Google's competitive position.

As Google has explained, and as this Court has already found, *see* Dkt. 135, the Confidential Material reveals sensitive information about Google's proprietary data infrastructure. Specifically, the Confidential Material identifies Google's internal code name for certain infrastructure and describes the functions that infrastructure performs. Dkt. 134 ¶ 8. Publicly disclosing that information would cause Google competitive harm because it could be combined with other information to gain improper insight into Google's systems and how they work. *Id.* ¶ 8. Among other things, the Confidential Material would allow malicious actors to more efficiently obtain information about those systems through illicit channels. *See id.*

---

[2] Plaintiffs do not dispute that Google's request to keep the Confidential Materials sealed is narrowly tailored.

Plaintiffs never dispute the substance of why the Confidential Material is deserving of protection, likely because they have no basis to do so. The law is on Google's side. Courts in this District regularly conclude that there are compelling reasons to seal materials—like the Confidential Material—that reveal details about how a company organizes its technology infrastructure. *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2019 WL 4168952, at *2 (N.D. Cal. Sept. 3, 2019) (sealing material that "reveals the identification, organization, and/or operation of Cisco's proprietary products"); *Reyna v. Arris Int'l PLC*, No. 17-CV-01834-LHK, 2018 WL 1400513, at *2 (N.D. Cal. Mar. 20, 2018) (sealing information that provides "insights into Intel's hardware and software architecture"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing "proprietary business information about the architecture of Synchronoss's technology"); *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing "information regarding Delphix's product architecture and development"); *see also Cardinali v. Plusfour, Inc.*, No. 216CV02046JADNJK, 2019 WL 4723071, at *14 (D. Nev. Sept. 26, 2019) (sealing information regarding the "various computer systems that Experian maintains for storing and accessing consumer information and . . . what those systems report").[3]

Plaintiffs, however, overlook this well-established guidance, opting instead to twist this District's sealing jurisprudence to try to justify treating the Confidential Material differently than the countless examples in this District of similar information that was sealed. Plaintiffs argue, for

---

[3] Plaintiffs principally rely on a single case to support their request to unseal the Confidential Material. But that case, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, is inapposite. No. 10-3724, 2013 WL 4426507 (N.D. Cal. Aug. 14, 2013). The public had a particularly strong interest in accessing the material at issue in that matter (a patent infringement action) because it was relevant to determining the issue of damages. Specifically, the confidential material revealed whether the accused features had been disabled in the accused products. *See U.S. Ethernet Innovations, LLC*, Case No. 4:10-cv-03724-CW (Dkt. 765; Dkt. 766 at 11:18-20:21). As discussed *infra* Section II.A.2, the public does not have a similar interest in the Confidential Material.

3
DEFENDANT'S REPLY TO MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS;
OPPOSITION TO PLAINTIFFS' CROSS MOTION TO UNSEAL
Case No. 5:18-cv-05062-EJD

1390279

1  example, that the Court should unseal the Confidential Material because it only identifies aspects
2  of Google's architecture instead of describing, in detail, how that architecture works. Cross Mot.
3  at 6:21-27. But no law supports that arbitrary distinction. Information need not be technical or
4  detailed to warrant protection from public disclosure. And contrary to what Plaintiffs suggest,
5  Courts do not limit themselves to sealing white papers and engineering manuals. Rather, courts in
6  this District have sealed discrete, identifying information like the Confidential Material under the
7  compelling reasons standard. *Bohannon*, 2019 WL 188671, at *7 (finding compelling reasons to
8  seal "identification numbers that reflect internal classification systems."). The narrow scope of
9  the sensitive information the Confidential Material reveals also isn't a reason to unseal it. The
10 Local Rules required Google to narrowly tailor its sealing request, Civil L.R. 79-5(b), and a
11 narrowly tailored request for sealing is more deserving of protection, not less. This Court has
12 recognized that as few as "four words" can describe enough about "the specific ways [a
13 technology platform] operates" to cause competitive harm sufficient to support sealing under the
14 "compelling reasons standard." *In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *5. The
15 eight words Google seeks to maintain under seal here are no different. Declaration of Christopher
16 Sun in Support of Motion to Retain Confidentiality Designations ¶ 5.

17       Plaintiffs' efforts to discredit the risk of competitive harm Google would suffer from
18 disclosure of the Confidential Material are similarly unpersuasive. Plaintiffs assert that the risk of
19 competitive harm Google has identified "lacks credibility." Cross Mot. at 7:1. But they never
20 explain why. As Google has described, and as this Court has already concluded, Dkt. 135, giving
21 the public access to the Confidential Material would allow malicious actors to more efficiently
22 target Google systems for exploitation. Following such disclosure, competitors looking for illicit
23 information about Google's systems would have a name they could use to target their inquiries.
24 That kind of threat is precisely what the sealing procedures were designed to avert.
25 Unsurprisingly, Courts in this District have recognized the importance of sealing records where,
26 as here, public disclosure of those records would make a party more vulnerable to exploitation by
27 competitors or malicious third parties. *See, e.g.*, *Bohannon v. Facebook, Inc.*, No. 12-CV-01894-
28 BLF, 2019 WL 188671, at *5 (N.D. Cal. Jan. 14, 2019) (sealing materials that would "giv[e]

dishonest individuals insight into" Facebook's internal operations); *Reyna*, 2018 WL 1400513, at *2–3 (sealing information providing "insights into Intel's hardware and software architecture" because disclosing that information "would create security threats"); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2018 WL 9651897, at *3 (N.D. Cal. Jan. 3, 2018) (concluding public disclosure of sealed materials "could lead to another breach in the security of Yahoo's systems"); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (sealing information because "hackers and spammers could use th[e] information to circumvent Google's anti-virus and anti-spam mechanisms").

Plaintiffs suggest that Google faces no risk of competitive harm from disclosure of the Confidential Material because it suffered no harm when reporters revealed the name of an entirely separate aspect of Google's infrastructure (a database called "Sensorvault"). Cross Mot. at 10:8-15. But Plaintiffs cite no evidence to support their claim that Google emerged from the Sensorvault disclosure unscathed. At most they assert—again, without evidence—that "there has been no subsequent reporting . . . of 'malicious actors' accessing that database." *Id.* at 10:11. More importantly, Google does not have to prove that malicious actors would certainly exploit the Confidential Material for the Court to seal it. Indeed, requiring Google to do so would impose an impossible burden, as Google has no means by which to predict or prove exactly what third parties will do. Fortunately, that isn't the standard. Instead, Google must simply prove that the Confidential Material "appears to be of the type that **might be exploitable** by competitors." *Ochoa*, 2015 WL 3545921, at *2 (emphasis added). And Google has already explained how and why third parties would exploit the Confidential Material. The Court should thus deny Plaintiffs' motion to unseal it.

### 2. The public's interest in unsealing the Confidential Material is attenuated because the public does not need the Confidential Material to understand the judicial process.

The public's interest in accessing the Confidential Material is minimal. Plaintiffs assert—without citing to any legal authority—that "[t]his Court must presume that the public has a right to know how Google uses, stores, and regards their geolocation data . . . ." Cross Mot. at 3:12-13. But that simply isn't the law. As countless decisions from this District demonstrate, the public's

5
DEFENDANT'S REPLY TO MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS;
OPPOSITION TO PLAINTIFFS' CROSS MOTION TO UNSEAL
Case No. 5:18-cv-05062-EJD
1390279

interest in the Confidential Material is considerably narrower than what Plaintiffs represent. In deciding whether to seal materials, courts weigh only the public's narrow interest "in **understanding the judicial process**." *Hagestad*, 49 F.3d at 1434. Stated differently, members of the public do not have an enforceable interest in accessing any litigation material they may find thought-provoking, provocative, or unusual. Instead, courts need only ensure public access to materials that are necessary to understand what is going on in a given case. *See, e.g.*, *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (sealing materials because doing so "will not interfere with the public's ability to understand the judicial process"); *Barnes v. Hershey Co.*, No. 3:12-CV-01334-CRB, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (sealing exhibits that "bear only tangentially on the . . . matters at the heart of this litigation" and concluding that "the public's interest in understanding the judicial process is minimal with respect to th[o]se exhibits"). And in the specific context of a complaint, that interest typically only covers "material . . . critical to the substantive issue of liability." *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013); *see also In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2018 WL 9651897, at *3 (N.D. Cal. Jan. 3, 2018) (sealing material in complaint because it did "it does not appear . . . integral to the substantive issue of . . . liability").

Plaintiffs never explain why the public needs access to the Confidential Material to understand either the substance of their claims or why Google might be liable—because they can't. There is no conceivable reason why the public would need to know an internal, confidential descriptor of Google's architecture to understand Plaintiffs' allegations that Google tracked their locations. Indeed, Plaintiffs' Amended Complaint never once expressly references the Confidential Material within any of its specific causes of action, strongly suggesting that the relevance of the Material to their claims—and the public's interest in the Material—is minimal. *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2018 WL 9651897, at *3 (concluding public's had limited interest in redacted material because "Plaintiffs d[id] not recite the redacted information within any of the specific causes of action").

Plaintiffs' inability to identify any reason why the public needs access to the Confidential

6

DEFENDANT'S REPLY TO MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS;
OPPOSITION TO PLAINTIFFS' CROSS MOTION TO UNSEAL
Case No. 5:18-cv-05062-EJD

1390279

Material to understand the judicial process suggests that they have an altogether different aim. At multiple points in their brief, Plaintiffs gleefully speculate that Google "does not want the public to know" the contents of the Confidential Material. Cross Mot. at 3:7, *see also id.* at 7:20 ("Google may hope the public never learns [what] it calls storage of its user's location data . . . ."). Plaintiffs have filed 11 separate complaints in this action without yet pleading a single claim upon which relief can be granted. If Plaintiffs' objective now is to release the Confidential Material in the hopes that it sways the court of public opinion (and perhaps encourage Google to settle the case on favorable terms), that goal does not support unsealing. *Nygren v. Hewlett-Packard Co.*, No. C07-05793 JW (HRL), 2010 WL 2107434, at *3 (N.D. Cal. May 25, 2010) (rejecting plaintiffs' argument that sealed materials were necessary to "show the public that plaintiffs' class action has merit" because "plaintiffs' case is proceeding in a court of law, not a court of public opinion."). Plaintiffs are not entitled to use the threat of revealing confidential material to exert leverage on Google. *See id.* To the contrary, courts have been instructed to seal records that are being used to "gratify public spite" or "promote public scandal." *Kamakana*, 447 F.3d at 1179.

To be perfectly clear, Google is not asking this Court to maintain the Confidential Material under seal because its disclosure would embarrass Google. In fact, Google disputes that the Confidential Material is, in fact, embarrassing. But if Plaintiffs are requesting to unseal the Confidential Material in a misguided attempt to embarrass Google, then that request is improper and should be rejected, particularly in light of the competitive harm Google would suffer. *See Kamakana*, 447 F.3d at 1179; *see also Accenture LLP v. Sidhu*, No. C10-2977 TEH, 2011 WL 6057597, at *3 (N.D. Cal. Dec. 6, 2011).

**B.     The Confidential Material should retain its "confidential" designation.**

In addition to maintaining the Confidential Material under seal, the Court should allow the Confidential Material to retain its "confidential designation" under the parties' Stipulated Protective Order. To retain the Confidential Material's existing "confidential" designation, Google need only show that there is "good cause" to retain the designation. Dkt. 112 § 2.2; Fed. R. Civ. Proc. 26(c). As that standard is more lenient than the "compelling reasons" standard

applicable to Plaintiffs' cross motion to unseal, Google's arguments supporting maintaining the Confidential Material under seal also support retaining the Material's "confidential" designation. *Kamakana*, 447 F.3d at 1178-79.

Well-established caselaw further supports retaining the Confidential Material's existing designation. As Google explained in its opening brief, Courts have consistently found good cause to protect information that identifies a company's internal systems, including "internal project code names,"[4] "internal code names for . . . products,"[5] "names of internal tables in [a] database,"[6] and "names of particular source code variables."[7]

Plaintiffs fail to identify any cases holding to the contrary. Instead, they argue that the name revealed in the Confidential Material does not qualify as a "code name" because it shares a (conceivable) logical relationship with the architecture it identifies. Cross Mot. at 8:16-9:9. But Plaintiffs cannot identify any cases supporting their narrow definition of the term "code name" or any cases standing for the proposition that a court may protect material from public disclosure only if it meets that artificially cramped definition. Nor do they offer any rebuttal to the common-sense proposition that the above-cited cases stand for: materials that reveal confidential information about what something is *called* are no less deserving of protection than materials that describe what something *does*. Indeed, if Plaintiffs' suggestion is that this code name provides a metaphorical clue about what this specific infrastructure does, then under Plaintiffs' own reasoning, it deserves *more* protection, not less. Thus, because the Confidential Material reveals

---

[4] *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (granting motion to seal).

[5] *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (granting motion to seal).

[6] *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (granting motion to seal).

[7] *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (granting motion to seal).

the name of certain Google infrastructure and the function that infrastructure performs, it deserves the same protection as the project and product code names in the *Apple* cases, the table names in *Campbell*, and the source code variable names in *Uniloc*. Plaintiffs offer no reason to think otherwise.

### III.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its motion to retain the Confidential Material's existing designation and deny Plaintiffs' cross motion to unseal the references to that Material in Plaintiffs' Amended Consolidated Complaint.

Dated: September 1, 2020

KEKER, VAN NEST & PETERS LLP

By:  */s/ Christopher Sun*
BENJAMIN BERKOWITZ
THOMAS E. GORMAN
CHRISTOPHER S. SUN
CHRISTINA LEE

Attorneys for Defendant GOOGLE LLC