# Exhibit A

# Exhibit A

Clerk of the Superior Court
*** Filed ***

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

| | |
|---|---|
| CV 2020-006219 | 09/25/2020 |

| | |
|---|---|
| HONORABLE TIMOTHY J. THOMASON | CLERK OF THE COURT<br>N. Johnson<br>Deputy |
| | |
| STATE OF ARIZONA, et al. | BRUNN W ROYSDEN III |
| v. | |
| GOOGLE L L C | JEAN JACQUES CABOU |
| | |
| | MICHAEL S CATLETT<br>GUY RUTTENBERG<br>MICHAEL ESHAGHIAN<br>DAVID H THOMPSON<br>PETER A PATTERSON<br>BENEDICT Y HUR<br>SIMONA AGNOLUCCI<br>JOSHUA D ANDERSON<br>ALEXIS E DANNEMAN<br>JUDGE THOMASON |

### RULING

Defendant Google, LLC ("Google") has moved to dismiss the consumer fraud Complaint brought by the Attorney General of the State of Arizona ("AG" or the "State"). The Court has considered the Motion, Response and Reply, along with the arguments of counsel.

**GENERAL FACTUAL BACKGROUND**

Google is a technology company, well known for its search engine and related services. Google offers popular services such as Google Search, Maps, YouTube, the Chrome browser, the Android operating system and various applications ("apps"). Google also offers tangible devices, such as the Google Pixel and Google Nexus phone families.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219                                                                                       09/25/2020

Each of Google's mobile telephone devices comes with the Android operating system and Google's proprietary suite of apps, which are installed prior to the user's purchase. The Android system is commonly used. Third party device manufacturers ("OEMs") are able to alter the version of the Android system they choose to install on a device. Some OEMs prefer to install Google's licensed version of Android.

Many of Google's apps and services rely on user location data. The Complaint identifies Google's location settings at three levels: first, account-level setting; second, device-level settings; third, app-level settings.

The Complaint also refers to Google's Privacy Policy, which disclosed these three sources of location data. Google's policy disclosed that "we collect information about your locations when you use our services, which helps us offer features like driving directions for your weekend getaway or show times for movies playing near you." The policy also describes how a user's "location can be determined with varying degrees of accuracy," depending on the source. The privacy policy informs the reader that Google may use a device's GPS, IP address, "[s]ensor data from [a] device," and "[i]nformation about things near [a] device, such as Wi-Fi access points, cell towers, and Bluetooth-enabled devices." The policy also explains that Google may use these features to provide services, fulfill user queries, improve existing services, develop new ones, and personalize user experience.

Google offers many of its products and services to users free of charge, supported by advertising revenue. One of the ways Google improves the advertisements a user sees is by offering the option to see personalized ads based on the user's interests obtained through the Google Ads Personalization setting. Plaintiff suggests that this setting principally concerns location data. Ad personalization seeks to ensure users see advertisements geared toward products and services in which they may have an interest.

**THE COMPLAINT**

The AG's Complaint centers on Google's use and collection of users' location data through various apps, which Google allows consumers to use free of charge. The AG contends that Google confuses users about what location data it collects through various apps, settings and web searches. Google also allegedly misleads users about their ability to opt-out of Google's location data collection. The AG alleges that Google exploits users' data to "power its lucrative advertising business."

The Complaint specifically alleges that Google uses deception in gathering information from users. In paragraph 8 of the Complaint, the State alleges that it has come to light that Google's statement to users that "with Location History off, the places you go are no longer stored" is false.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219                                                                                              09/25/2020

Rather, when Location History is turned off, Google "surreptitiously" collects location information from other settings. The State also alleges that "Google's deceptive and unfair conduct extends well beyond its false Location History disclosure." (Complaint at ¶ 9).

The Complaint goes on to allege that Google used deceptive and unfair acts and practices "in connection with the sale or advertisement of merchandise." Paragraph 22 of the Complaint sets forth the specific ways in which Google purportedly uses deceptive conduct and unfair practices in connection with the sale or advertisement of merchandise, as follows:

   a. Google sells its own Android devices to consumers in Arizona, and those devices both run Google's proprietary forks of the Android operating system and come preloaded with several Google apps. As part of activating and setting up their phones after purchasing them for consideration, consumers purportedly "consent" to the settings described herein that results in Google's collection of location data. Google's acts, practices, representations, and omissions regarding those settings, including during setup, are thus in connection with the sale of Google's Android phones;
   b. Google creates both software that is part of the Android operating system (*i.e.*, proprietary forks) and also Google apps that it causes to be included on Android devices sold by other manufacturers to consumers in Arizona. As part of activating and setting up those devices after purchasing them for consideration, consumers purportedly "consent" to the setting described herein and Google's collection of location data. Google's acts, practices, representations , and omissions regarding those settings are thus in connection with the sale of certain third-party Android phones;
   c. Google advertises the devices and software described in (a) and (b), *supra*, to consumers. Google also advertises software that runs on other operating systems (*e.g.,* iOS). Google's acts, practices, representations, and omissions when advertising devices and software are thus in connection with the advertisement of merchandise;
   d. Google sells ad placements (*i.e.*, "merchandise") to third parties for consideration (Google's principal business), which advertisements are powered by the fruits of the deceptive and unfair acts and practices alleged herein relating to collection of user location data. Google's acts, practices, representations, and omissions when selling ad placements to purchasers of such ad placements are thus in connection with the sale of merchandise;
   e. Google markets (*i.e.,* advertises) its ad business to potential and actual buyers of its advertisements. Google's acts, practices, representations, and omissions when marketing its ad business to potential buyers of ads are thus in connection with the advertisement of merchandise; and

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219                                                                                  09/25/2020

      f.   Google's unfair and deceptive acts and practices lead to targeted advertisements to Arizona consumers based on user location data, and Google also tracks "conversions" of such ads to physical store visits. Google's acts, practices, representations, and omissions when serving advertisements to consumers on behalf of the third parties who have purchased such ads, and tracking conversions from such ads, are thus in connection with the advertisement and sale of merchandise by those third parties.

The Complaint goes on to allege that "Google also sells, advertises and/or otherwise offers for consideration various software services to Arizona consumers." (Complaint at ¶ 25). These services include Google apps and web browsers. The State alleges that "(i)n consideration for use of Google's software products and devices," Google collects, inter alia, "information about your locations when you use our services…" (Complaint at ¶ 26).

**MOTION TO DISMISS STANDARD**

On a Motion to Dismiss, the Court must accept the factual allegations in the Complaint as true. The Court is not, however, required to accept the truth of conclusory allegations. *Cullen v. Auto-Owners Ins. Co.,* 218 Ariz. 417, 419, ¶ 7 (2008). A Motion to Dismiss will only be granted if "as a matter of law [] plaintiff[] would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012).

Generally, allegations of consumer fraud must be pled with particularity under Rule 9(b). *Steinberger v. McVey ex. Rel. County of Maricopa*, 234 Ariz. 125, 141, ¶ 73 (App. 2014). The AG, however, asserts that he is not required to comply with the heightened Rule 9(b) requirement when bringing a consumer fraud action. *See, e.g., FTC v. Med. Billers Network, Inc.,* 543 F. Supp. 2d 283, 314-15 (S.D.N.Y. 2008) (citing cases holding that actions brought by the Federal Trade Commission for violations of Section 5(a) of the FTC Act are not subject to Rule 9(b)); *State ex rel. Brady v. Publishers Clearing House*, 787 A.2d 111, 117 (Del. Ch. 2001) (holding that particularity requirement did not apply to AG's action under state consumer fraud act). Nevertheless, the Court finds that the lengthy, detailed Complaint satisfies Rule 9(b)'s pleading requirements. The operative question is whether the claim states a viable cause of action upon which relief may be granted.

**THE ARIZONA CONSUMER FRAUD ACT**

The Complaint is based on the Arizona Consumer Fraud Act ("ACFA"). The Act requires that the plaintiff show (1) a deceptive or unfair act or practice, or an omission of material fact with intent for a consumer to rely thereon; (2) that was used or employed in connection with the sale or advertisement of merchandise. A.R.S. §44-1522(A).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219                                                                                                09/25/2020


Google claims that the Complaint fails to identify any actionable sale or advertisement of merchandise or deception that was used in connection with the sale or advertisement of merchandise. It further argues that the matters pled in the Complaint are time barred.

The scope of the ACFA is broad and not subject to restrictive interpretations because the Act is considered remedial in nature. *People ex rel. Babbitt v. Green Acres Trust*, 127 Ariz. 160, 164 (App. 1980) (ACFA "is designed to root out and eliminate 'unlawful practices' in merchant-consumer transactions."), superseded by statute on other grounds, as recognized in *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589 (1983). The ACFA is "broader in scope," and a violation is "more easily shown," than common law fraud. *State ex. Rel. Horne v. AutoZone, Inc. (AutoZone I)*, 227 Ariz. 471, 477-78, ¶ 15 (App. 2011) vacated in part on other grounds in *AutoZone II*, 229 Ariz. 358 (2012). Accordingly, the State contends that the Court should read the statute, and in particular the "in connection with" language, broadly. For example, the statute does not require a "direct merchant-consumer transaction." *Watts v. Medicis Pharmaceutical Corp*., 239 Ariz. 19, 28, ¶ 31 (2016).

**SUMMARY OF RULING**

The ACFA protects Arizona consumers from deceitful practices in connection with the sale or advertisement of merchandise. A deceitful practice itself is not enough to fall under the ACFA. Rather, it must be connected to the sale or advertisement of merchandise.

The deceitful acts here allegedly consist of Google misleading consumers about location data Google collects when Google apps are used and misleading consumers about their ability to "opt-out" of the information collection process. The Complaint does contain adequate allegations that the deceit is employed in connection with the sale or advertising of merchandise. As noted above, paragraph 22 of the Complaint contains a detailed explanation of the various sales or advertisements that the deceit is allegedly "in connection with." That is sufficient for pleading purposes.

Whether or not the State can ultimately prove that there was deceit in connection with some or all of these sales or advertisements is another matter. Google makes some convincing arguments that the alleged deceit is actually far removed from some or all of the alleged sales or advertisements. The facts might ultimately demonstrate that the deceit is far too removed from the sales or advertisements to satisfy the statutory requirements. For pleadings purposes, however, the Complaint states a viable cause of action.

The Court also finds that the Complaint states a viable "omission" claim. Finally, the case is not barred by the statute of limitations.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219                                                                                                09/25/2020

**THE COMPLAINT ALLEGES DECEPTIVE PRACTICES IN CONNECTION WITH THE SALE OR ADVERTISEMENT OF MERCHANDISE**

The Act concerns only deceptive or unfair practices employed in connection with the sale or advertisement of merchandise. A.R.S. §44-1522(A). Google argues that the only merchandise alleged to have been sold by Google to an Arizona consumer are Google Nexus and Pixel smartphones. According to Google, the alleged deception was not conducted in connection with the sale of those smartphones. The State contends, however, that there were also actionable sales of various apps, such as Maps, Google Chrome, etc. and actionable advertisements of Google products and ad placements with third parties. Google counters that there could not have been a "sale" because these apps were offered free of charge. Further, any deception related to the advertisement of Google products or ad placements with third parties was not done in connection with a sale of merchandise.

**The Complaint adequately alleges that products offered free of charge were exchanged in connection with a sale.**

Under the ACFA, a "sale" is "any sale, offer for sale or attempt to sell any merchandise for any consideration…" A.R.S. §44-1521(7).[1] Thus, the statute requires both a sale (or offer for sale or attempt to sell) and consideration. An exchange of any type is not sufficient. There has to be a sale. Gratuitous transfers are clearly not covered.

Google argues that it offered various apps and software to consumers free of charge. As such, Google claims that providing the apps for free were not sales.

The Complaint claims, however, that users provide their location data as consideration for the use of Google apps, software and websites and, therefore, according to the State's theory, those apps and software were not actually free, but were "sold." In other words, Google's apps, software and programs themselves are "sold" to users, despite ostensibly being free, because there is an exchange of consideration in the form of data collection from users. The Complaint alleges that consumers exchange consideration with Google by agreeing to terms and conditions regarding the possible use and collection of location information in connection with the operations of apps, software or programs. Paragraph 22 of the Complaint further alleges that these "free" items, even if not sold themselves, are in connection with the sale of Google's Android phones and third party Android phones.

---

[1] Black's Law Dictionary defines "consumer sale" as "[a] retail transaction in which something is sold in the normal course of a seller's business and is bought for private use and not in the normal course of the buyer's business."

| Docket Code 926 | Form V000A | Page 6 |

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219 09/25/2020

Whether the Google apps themselves are sold, as that term is used in the statute, is questionable. The statute imposes liability for deceptive <u>sales</u> practices. If the apps were truly provided free of charge, it is hard to see how they could have been sold. Whether the transactions involving the apps could somehow be called "sales," and not just gratuitous transfers, requires a factual inquiry that cannot be resolved on a Motion to Dismiss. It very well may be that the apps are not actually "free."

Further, even if the "free" products themselves were not sold, the State adequately alleges that the transactions involving those products, which include the alleged deceit, were in connection with other sales, such as sales of smart phones, or advertisements, including ad placements sold to third parties. *See Cullen,* 218 Ariz. at 419, ¶ 7 (when considering motion to dismiss, court must "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom."). As such, the Court declines to dismiss the Complaint based on the contention that products Google provided for "free" are not sold.

**There are adequate allegations of deceit in connection with the sale or advertisement of merchandise**.

Google makes money, and lots of it, by selling advertising and providing that advertising to users of its apps and associated products. The State contends that the sale of ad placements to third parties is part of the actionable deceit at issue. The Complaint alleges that the merchandise sold by Google includes "ad placements" sold to third parties, which advertisements "are powered by the fruits of the deceptive and unfair acts and practices…relating to collection of user location data." (Complaint at ¶ 22d).

Any actionable misrepresentation must be made "in connection with" the sale or purchase of merchandise." A.R.S. §44-1522. The alleged deception must be "part of the bargaining process." *Rinehart v. Gov't Emps. Ins. Co.,* No. CV-19-01888-PHX-DLR, 2019 WL 6715190, at * 4 (D. Ariz. Dec. 10, 2019). Courts have dismissed claims predicated on statements concerning "actions taken on behalf of merchandise previously purchased." *Contreras v. Nationstar Mortg. L.L.C.,* No 2:16-cv-00302-MCE-EFB, 2019 WL 688198, at *4 (E.D. Cal. Feb. 19, 2019) (applying ACFA).

"Sales" of advertising services may constitute "sales" of "merchandise" under the ACFA. *See* A.R.S. 44-1521(5). "Advertisement" is defined as an oral or written statement "to induce…any person to enter into any obligation or acquire any title or interest in any merchandise." A.R.S. §44-1521(1). Google contends that the Complaint does not identify actual public-facing advertisements made to induce purchase of products or ad placements.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219                                                                 09/25/2020

The essence of Google's position is that the alleged deceptive practices were not part of the bargaining process with either advertisers or any Arizona consumer. Google contends that the State's position that sales to ad purchasers, temporally and factually removed from the deceptive practices concerning consumers, are not actionable. Similarly, the sale of smartphones and the advertisements of Google's products are also unrelated to the purported deception; therefore, the deception is allegedly not in connection with the sale of smartphones or the advertisements of Google products. Google further argues that the State has not identified any ad that was deceptive. Rather, the only specifically deceptive statement is a line from Google's help pages, which was not made to induce the public to buy something.

The State, on the other hand, contends that the plain language of the ACFA prohibits "the 'use' of any [deceptive or unfair act or practice] in connection with the sale [or advertisement] of merchandise." *Powers v. Guaranty RV, Inc.*, 229 Ariz. 555, 561, ¶ 19 (App. 2012).  The State argues that the ACFA broadly prohibits deceptive or unfair practices undertaken "in connection with" the sale or advertisement of merchandise, A.R.S. §44-1522(A), and, by its plain terms, "[t]his is a broad phrase that goes beyond the moment of sale." *Sands v. Bill Kay's Tempe Dodge, Inc.*, 1 CA-CV 13-0051, 2014 WL 1118149, *4, ¶ 17 (Ariz. App. Mar. 20, 2014). According to the State, the statute does not necessarily require that the unlawful conduct precede, cause or induce the transaction. Conduct that occurs prior to or after the consumers acceptance of merchandise can qualify. *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 342 (App. 1983).

The Complaint alleges that Google, through deceptive and unfair conduct, tricks consumers out of their confidential location information and then profits from that deception through its advertising practices.  The Complaint also alleges that Google "uses[s]" the unlawfully obtained location data in connection with selling to third parties the service of showing their paid advertisements of merchandise to Google's users, based on location. The unlawful conduct is allegedly consummated when it uses the users' location information to advertise merchandise or to sell advertisements of merchandise. As such, according to the State, the deception is in connection with the ad placements to third parties.

Similarly, the Complaint alleges that the deception is part of the process of selling and advertising Google products, including smartphones. The AG submits that a more global view of the sales process is in order. Part of the entire process of advertising and selling Google products is the use of customer location and other information, and the purported deception in connection therewith. There is, according to the State, no statutory requirement that the deception occur directly in connection with the sale or advertisement. Similarly, there is no specific requirement that the misrepresentation directly precede the sale.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219                                                                                        09/25/2020

The Complaint also alleges the "advertisement" of Google's merchandise. The Complaint alleges that Google advertises "its own Android devices," "software that is part of the Android operating system," and "Google apps that it causes to be included on Android devices sold by other manufacturers to consumers in Arizona." (Complaint at ¶ 22). The Complaint further alleges that "Google markets…its ad business to potential and actual buyers of its advertisements," and advertises "various software services to Arizona consumers, either directly or indirectly," including "the Android operating system, Google authored apps, Google Accounts, and Google web browsers." (Complaint at ¶¶ 22, 25). The State contends that such public materials satisfy the statute's broad definition of "advertisements."

As noted above, paragraph 22 of the Complaint alleges that Google employed deceptive acts and practice in the advertising of its devices, software and apps to consumers in connection with the sale of merchandise. The allegations are sufficient to withstand dismissal. The claim has been adequately pled.

Whether or not the deception was actually in connection with the sale or advertising of merchandise presents a factual question. The Court is certainly not finding that the deception was in fact in connection with the sale or advertisement of merchandise. Rather, the Court is only finding that the "in connection with" requirement has been adequately pled.

Google does make convincing arguments. For example, the deception does appear to be far removed from Google's sale of ads to third parties. The sale of ads to third parties certainly does not appear to be part of the consumer's bargaining process.

No case provided to the Court has allowed a plaintiff to pursue a claim against a party based on a fraudulent practice vis-à-vis a consumer that is related only to merchandise sold to another party. Here, the State contends that there is a sufficient connection between the deceit of the consumer and the sale of advertisements to other parties. There is no case law, however, that holds that such a tenuous connection is sufficient to support a claim. While the Complaint contains an adequate allegation that the deceit is in connection with ad placements to third parties, whether the State can ultimately prove that that is the case is questionable.[2]

The cases relied on by the State actually involved a pre-sale misrepresentation or omission. *Dunlap,* 136 Ariz. at 342; *Schmidt v. American Leasco*, 139 Ariz. 509, 511 (App. 1983); *Howell v. Midway Holdings, Inc*., 362 F. Supp. 2d 1158, 1160 (D. Ariz. 2005). In each of these cases,

---

[2] The AG recently moved for partial summary judgment. The Court has studied the Motion thoroughly. Part of that Motion asks the Court to find that the deceit here was in connection with ad placements, sales of Google smartphones and the advertisement of Google products. The very tenuous connection between the deceit at issue here and the ad placements, sales of smartphones and advertisement of Google products, hardly presents a matter on which the State is entitled to judgment as a matter of law.

| Docket Code 926 | Form V000A | Page 9 |

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219                                                                                  09/25/2020

defendants' subsequent conduct rendered earlier representations misleading. There is no such allegation here. The State alleges no pre-sale misrepresentations at all.

In another case, in rejecting the argument that defendant could not be liable because its misstatements occurred after the sale, the court observed that the sale had not been completed and was still subject to approval at the time the misrepresentations were made. *Sands,* 2014 WL 1118149, at*3. No such situation is presented here.

There appears to be, at best, a tenuous nexus between the purported deception of the Arizona consumer and the sale of advertising to third parties, likely outside the State of Arizona. Similarly, there appears to be a tenuous connection between the false representations at issue and the sale of a Nexus or Pixel smartphone. The alleged deceptive conduct occurred after the smartphones were sold. Any misrepresentation does not appear to be part of the bargaining process.

Finally, the general advertisement of Google products also appears to have a dubious connection with the fraud or deceit. Indeed, there may be little or no connection between the general advertisement of Google products and the deception here. The State does not allege that any consumer was misled by any ad. As such, some of the individual matters that the State points to as the operative sales or advertisements of merchandise may ultimately be found to not be in connection with the deceit. The "in connection with" requirement, however, has been adequately pled.

**THE COMPLAINT ALLEGES A VIABLE OMISSION CLAIM**

The AG also asserts an "omission" claim. The AG alleges that Google conceals that it continues to collect location data with the "Location History" mechanism turned off. Google argues that the Complaint fails to allege with any specificity that Google omitted any material fact with the intent to induce reliance thereon. *See AutoZone II* 229 Ariz. at 361, ¶ 12. Moreover, Google contends that any omission also lacks any nexus to the sale of merchandise.

The State contends that the Complaint includes numerous allegations to the effect that Google knew that users would rely on the concealment or suppression of material information concerning Google's interference with their ability to control or limit Google's collection of location information. Moreover, the Complaint's allegations regarding Google's omissions largely track its separate allegations concerning Google's deceptive and unfair practices, for which intent that others rely is not required.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219                                                                                         09/25/2020

There is a sufficient basis in the Complaint to conclude that the omissions were made with the requisite intent to induce reliance thereon. *See AutoZone II,* 229 Ariz. at 361-62, ¶ 14. The "omissions" claim has been adequately pled.

### THE ALLEGED INTERACTIONS WITH OEMS AND AD PURCHASERS MAY BE RELEVANT TO THE STATE'S ACFA CLAIMS

The Complaint includes allegations related to Google's interactions with device manufacturers and vendors who purchase ad services. Google claims that these matters are far removed from a user's purchase of any Google product. Therefore, according to Google, these interactions are irrelevant.

"The clear intent of [the ACFA] is to protect unwary buyers from unscrupulous sellers." *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.,* 971 F.2d 401, 407 (9th Cir. 1992). The OEMs pre-install Android and many Google apps on their devices long before a purchaser buys the device. The OEMs are neither buyers nor targets of the deception at issue involving location data. According to Google, no claim can be asserted on their behalf. *Id.*

The Complaint does not allege claims on behalf of OEMs and the AG does not assert that it is bringing a claim on behalf of OEMs. Rather, the State contends that the deceptive conduct toward the OEMs is relevant to the ACFA claims because it is "in connection with" the sale of third party smart phones to consumers who in turn were deceived by the settings Google manipulated the OEMs to include on the phones. The Complaint alleges that Google collects user location data through its software running on these third party-manufactured smartphones, including through deceptive and unfair settings that Google controls and that the user activates during setup. Accordingly, the State contends, the third party OEMs are a critical part of the entire "story" of the deception and how it works. Moreover, actions taken with respect to OEMs allegedly constitute circumstantial evidence of intent that Google's users rely on its concealment. The State argues that alleged misrepresentations to Samsung, for example, to induce Samsung to remove an easy to use ▮▮▮▮▮▮▮▮ from being prominently displayed on its smartphones, is strong circumstantial evidence of intent that its users rely on its concealment.

Based on the State's theory, Google's interactions with the OEMs may be relevant to the State's ACFA claims. The Court is certainly not finding that any specific matter is in fact relevant. The Court cannot find, however, on a Motion to Dismiss, that all of Google's interactions with OEMs are completely irrelevant. Indeed, that would not even be an appropriate ruling on a Motion to Dismiss.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-006219                                              09/25/2020


Next, Google argues that allegations concerning third party ad purchasers are irrelevant and must be "dismissed." Google asserts there are no allegations of any deceptive statements being made to ad purchasers.

The Complaint, however, does not appear to assert a claim on behalf of third party ad purchasers. The State does not claim that it is asserting such a claim in its Response. Rather, the State argues that Google's conduct related to selling the service of displaying ads and displaying the ads themselves is relevant to the State's ACFA claim asserted on behalf of Arizona consumers. Whether Google's conduct is relevant to the State's claims cannot be resolved on this Motion to Dismiss. If the State is able to prove its theory, that the deception is in connection with the sales of ads to third parties, then Google's conduct regarding the sale of such advertisements could be relevant.

**STATUTE OF LIMITATIONS**

A one-year statute of limitations applies to claims under the ACFA. A.R.S. §12-541(5) As such, a claim must be brought within one year after the cause of action accrues. *Steinberger,* 234 Ariz. at 142, ¶ 78.

The State is not barred by the limitations of actions. A.R.S. §12-510. Google claims, however, that the ACFA lacks any statutory authorization for the AG to bring an action on behalf of the State. There are provisions in the Arizona statutes where the legislature has specifically given the AG the authority to act on behalf of the State. *See, e.g.*, A.R.S. §§12-2041 (permitting the AG to bring an action "in the name of the state…"); 35-212 (stating that "the attorney general shall bring an action in the name of the state to enjoin [illegal acts]."). Google claims that there is no statutory authority for the AG to bring this suit.

According to Google, the Complaint is not brought on behalf of the State. Rather, it is brought on behalf of consumers. Therefore, it is subject to limitations. Thus, any claims that accrued longer ago that one year before filing are time barred.

The Attorney General is, in general, authorized by statute to enforce the State's consumer protection laws. *State ex rel Corbin v. Goodr*ich, 151 Ariz. 118, 122 (App. 1986). The AG contends that he is clearly bringing this case on behalf of the State. A.R.S. 44-1528(A) provides that "the attorney general may seek and obtain in an action in a court of competent jurisdiction an injunction." The same subsection lists additional remedies, including disgorgement to "be…paid to the state." The AG is clearly authorized to bring this case on behalf of the State, at a minimum, to obtain injunctive relief. Moreover, other remedies, set forth in the statute, may also be available. As such, the case is not barred by limitations.