KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD |
| | **DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY PURSUANT TO FRCP 1, 26, AND 37** |
| | Date:          November 5, 2020<br>Time:          9:00 a.m.<br>Dept:          Courtroom 4 – 5th Floor<br>Judge:         Hon. Edward J. Davila |
| | Date Filed: November 2, 2018 |
| | Trial Date:  None Set |

1

# **TABLE OF CONTENTS**

2

**Page**

3

I.     INTRODUCTION ........................................................................................................1

4

II.    BACKGROUND ..........................................................................................................2

5

     A.    Despite Plaintiffs' prior failed attempts to state a claim, Google properly
responded to their discovery requests. ........................................................................2

6

7

     B.    After the Court dismissed Plaintiffs' consolidated complaint, Google
supplemented its responses even though no complaint was pending. .....................3

8

     C.    In order to stay Plaintiffs' obligations in this Court while they pursued
interlocutory review, Plaintiffs asked Google for a stipulation. ............................4

9

10

     D.    Plaintiffs seek to renege on their stipulated agreement on the eve of their
deadline to oppose Google's motion to dismiss. .......................................................5

11

III.   ARGUMENT ...............................................................................................................7

12

     A.    The parties' stipulated agreement to stay discovery should be enforced................7

13

          1.    Stipulations are binding contracts that promote judicial efficiency
and must be enforced absent involuntary or uninformed consent. ..............7

14

          2.    Plaintiffs requested that the parties enter into the stipulated
agreement and their assent was both voluntary and knowing.....................8

15

16

          3.    Having obtained the benefits of the parties' stipulated agreement,
Plaintiffs are estopped from reneging on it...............................................10

17

     B.    Plaintiffs cannot demonstrate the "manifest injustice" required to withdraw
from their stipulated agreement to stay discovery. ................................................10

18

          1.    The effect of the parties' stipulated agreement on Plaintiffs is
precisely what Plaintiffs bargained for. ....................................................11

19

20

          2.    The effect of the parties' agreement on Google is also exactly what
was agreed when the parties stipulated to a modified case schedule.........12

21

22

          3.    No intervening events provide grounds for Plaintiffs' withdrawal
from their agreement...................................................................................12

23

     C.    In seeking to evade their burden to prove a "manifest injustice," Plaintiffs
ignore the Court's Discovery Stay Order................................................................14

24

     D.    Even if the parties had not entered a stipulation, Plaintiffs would not be
entitled to discovery for purposes of amending their complaint............................16

25

26

IV.   CONCLUSION..........................................................................................................18

27

28

DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY
Case No. 5:18-cv-05062-EJD

1508619

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alavi v. City of Albany,*
   No. 17-CV-04014-HSG, 2018 WL 2761853 (N.D. Cal. June 8, 2018)....................................18

*In re Apple In-App Purchase Litig.,*
   No. 11-CV-01758-EJD, 2012 U.S. Dist. LEXIS 18970 (N.D. Cal. Feb. 15, 2012) ...............15

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)..............................................................................................................11, 16

*AT&T Corp. v. MRO Commc'ns, Inc.,*
   205 F.3d 1350 (9th Cir. 1999) .................................................................................................8

*Blakenship v. Hearst Corp.,*
   519 F.2d 418 (9th Cir. 1975) ...................................................................................................15

*CDN Inc. v. Kapes,*
   197 F.3d 1256 (9th Cir. 1999) .................................................................................................7

*Chi-Fu Hsueh v. Bankers Life & Cas. Co.,*
   421 F. Supp. 3d 937 (S.D. Cal. 2019).....................................................................................8

*In re German Automotive Mfrs. Antitrust Litig.,*
   335 F.R.D. 407 (N.D. Cal. 2020)............................................................................................17

*Gibbs v. Carson,*
   No. 13-CV-0860-TEH (PR), 2014 WL 172187 (N.D. Cal. Jan. 15, 2014) .............................15

*Godoy v. Cty. of Sonoma,*
   No. 15-CV-00883-WHO, 2015 WL 4881348 (N.D. Cal. Aug. 14, 2015) ..............................17

*Gray v. First Winthrop Corp.,*
   133 F.R.D. 39 (N.D. Cal. 1990)..............................................................................................15

*Hoa v. Cate,*
   No. 12-CV-2078-EMC, 2013 WL 3730249 (N.D. Cal. July 15, 2013)....................................3

*MDT Corp. v. New York Stock Exch., Inc.,*
   858 F. Supp. 1028 (C.D. Cal. 1994) ..................................................................................9, 10

*Merritt v. Redwood Inv., LLC,*
   No. 18-cv-01793 JLS (JLB), 2019 WL 4416130 (S.D. Cal. Sept. 13, 2019) .........................17

*Morrison v. Zangpo,*
   No. 08-CV-1945 EMC, 2008 WL 4449585 (N.D. Cal. Sept. 30, 2008) ............................8, 11

*Mujica v. AirScan Inc.*,
    771 F.3d 580 (9th Cir. 2014) ................................................................1, 11, 16, 17

*In re Nexus 6P Prods. Liability Litig.*,
    No. 17-CV-02185-BLF, 2018 WL 3036734 (N.D. Cal. June 19, 2018) ................................15

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
    220 F.R.D. 349 (N.D. Cal. 2003) ................................................................15

*Persian Gulf Inc. v. BP W. Coast Prods. LLC*,
    225 F. Supp. 3d 1178 (S.D. Cal. 2016) ................................................................17

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    No. 09-CV-05235-JW, 2010 WL 11484559 (N.D. Cal. Mar. 4, 2010) ..............................8, 11

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
    No. 20-CV-00363-BLF, 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ................................15

*Rutman Wine Co. v. E. & J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) ................................................................16

*Seymour v. Summa Vista Cinema, Inc.*,
    809 F.2d 1385 (9th Cir. 1987), *amended*, 817 F.2d 609 (9th Cir. 1987) .................................7

*Singh v. Google, Inc.*,
    No. 16-CV-03734-BLF, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) ................................15

*State Farm Fire & Cas. v. McDevitt*,
    No. C-00-2240-EDL, 2001 WL 637419 (N.D. Cal. 2001) ......................................................11

*Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*,
    No. 14-CV-00930-JCS, 2015 WL 5675861 (N.D. Cal. Sept. 28, 2015) ................................11

*Unihan Corp. v. Max Grp. Corp.*,
    No. CV-09-07921-MMM, 2011 WL 13213822 (C.D. Cal. May 3, 2011) ........................10, 12

*United States v. McGregor*,
    529 F.2d 928 (9th Cir. 1976) ................................................................8

*Waggoner v. Dallaire*,
    767 F.2d 589 (9th Cir. 1985) ................................................................2, 7, 11

*Wenger v. Monroe*,
    282 F.3d 1068 (9th Cir. 2002) ................................................................10, 15

*Wood v. McEwen*,
    644 F.2d 797 (9th Cir. 1981) ................................................................15

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981, 1007 (9th Cir. 2009) ................................................................16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Statutes**

28 U.S.C. § 1292 ................................................................................................4, 5

**Other Authorities**

Black's Law Dictionary .........................................................................................7

Fed. R. Civ. P. 1 ...................................................................................................7

Fed. R. Civ. P. 11 ...............................................................................................18

Fed. R. Civ. P. 16 .................................................................................................7

Fed. R. Civ. P. 26 .................................................................................................7

Fed. R. Civ. P. 29 .................................................................................................7

Fed. R. Civ. P. 37 .................................................................................................7

Jay E. Grenig, Stipulations Regarding Discovery Procedure, 21 Am. J. Trial
     Advoc. 547 (Spring 1998)..............................................................................7

Rest. (2d) Contracts § 94 cmt. a (1981) ...............................................................7

Tony Romm, *Google's Location Privacy Practices are Under Investigation in
     Arizona,* Wash. Post (Sept. 11, 2018) ........................................................13

## I.    INTRODUCTION

Plaintiffs' Motion to Reopen Discovery is a last-ditch effort to avoid dismissal.  Over the past two years, Plaintiffs have filed eleven complaints seeking to state a claim and Google has filed four motions to dismiss, repeatedly pointing out the same legal deficiencies.  On the eve of their latest deadline for opposing Google's most recent motion to dismiss, Plaintiffs now seek to avoid dismissal, not by way of well-pleaded allegations, but rather by raising the specter of discovery that they claim would shed light on unidentified wrongs nowhere alleged in their complaint.  And so, Plaintiffs have manufactured a discovery dispute in order to highlight and misconstrue a variety of inapposite allegations made by different lawyers in a different jurisdiction asserting different claims.

But Plaintiffs are putting the cart before the horse.  It is well-established law that Plaintiffs "must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014).  And while Plaintiffs claim that Google has not been "forthcoming" in discovery, the parties long ago agreed that they would engage only in "limited" discovery before the pleadings were settled.  The parties then further agreed to stipulate to stay all discovery unless and until Plaintiffs were able to overcome Google's motion to dismiss and Google was required to answer.

Plaintiffs' Motion to Reopen Discovery misconstrues the history of this stipulation.  Nearly a year ago, Plaintiffs sought a stipulation from Google to permit them to stay their obligations in this Court while they pursued an interlocutory appeal to the Ninth Circuit.  Google asked for only one thing in return: that Plaintiffs agree to stay discovery pending Plaintiffs' exhaustion of their interlocutory appellate remedies and that discovery not resume until Google was required to answer.  Plaintiffs voluntarily agreed, and the parties memorialized their agreement in a formal stipulation, which Plaintiffs prepared and filed.  The Court entered this stipulation on January 14, 2020, extending the deadline for Plaintiffs' amended complaint and ordering a stay of discovery.  Dkt. 118 (the "Discovery Stay Order").  Now, having obtained the benefits that they sought, Plaintiffs want to renege on their agreement and lift the stipulated discovery stay.  But Plaintiffs cannot meet the high bar required to warrant such relief.

In seeking to reopen discovery, Plaintiffs' Motion simply fails to address the legal standard for withdrawal from a stipulation, which is only permitted if "necessary to prevent a manifest injustice." *Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985).  Plaintiffs do not even mention this standard, much less attempt to meet it.  Rather, Plaintiffs' arguments—which they raised for the first time only three court days before Plaintiffs' opposition to Google's pending motion to dismiss was due—are a patent attempt to distract from their inability to plead a claim that can survive under Rule 12.  Plaintiffs apparently hope that, by referencing out-of-context allegations from a separate lawsuit pending in a different jurisdiction, they can convince the Court to grant them leave to amend again.  But Plaintiffs are wrong on the law and the facts.

Despite nearly a dozen complaints, Plaintiffs have been unable to show that Google either collected sensitive-location information from any of the named plaintiffs, or that it engaged in an illegal and "comprehensive" program to track them everywhere they go.  Indeed, the facts alleged in Plaintiffs' amended complaint show the opposite.  Plaintiffs have thus launched this effort to engage in a fishing expedition that they hope will provide them with sufficient fodder to amend their complaint once more.  The Court should not permit them to breach their stipulation in order to engage in such gamesmanship.

## II.     BACKGROUND

### A.     Despite Plaintiffs' prior failed attempts to state a claim, Google properly responded to their discovery requests.

Plaintiffs have been trying—and failing—to identify an actionable claim in this case for the past two years.  Back in early 2019, because of the unsettled pleadings and the certainty that Google would file a motion to dismiss that could dispose of, or at the very least limit, the case, the parties compromised to avoid motion practice over whether Plaintiffs should be entitled to full discovery or no discovery.  They ultimately agreed that Plaintiffs would serve only "very limited discovery requests."  Dkt. 81 at 9; *see also* Dkt. 115 at 7 (re-emphasizing "limited" nature of Plaintiffs' discovery requests).  Accordingly, on April 24, 2019, Plaintiffs served a set of six interrogatories along with four requests for production seeking what they described as "merely . . . much of the same information that Congress requested from Google in an April 23, 2019

demand from the House Committee on Energy and Commerce." Dkt. 81 at 9.

Over the ensuing months, while Google's motion to dismiss was pending, Google dutifully met and conferred with Plaintiffs to clarify what information Plaintiffs were actually seeking through their "limited" requests and to understand how that information was relevant to the claims in Plaintiffs' consolidated complaint. *See, e.g.*, Ex. A.[1] Among other issues, the parties disagreed over what types of "Location Information" were covered by Plaintiffs' discovery requests as well as whether, and to what extent, specific categories of location data related to Plaintiffs' claims. *Id*.

While the parties attempted to work out these disagreements, Google responded to Plaintiffs' discovery requests. Google served initial responses and objections to Plaintiffs' requests for production and interrogatories on June 4, 2019 and supplemental interrogatory responses on September 4, 2019. *See* Mot. at 4–5. Google also agreed to produce responsive documents after entry of a protective order. *See, e.g.*, *id.* at 4; Ex. A at 4. The Court entered the stipulated protective order on December 9, 2019, just ten days before it entered an order dismissing Plaintiffs' consolidated complaint. Dkt. 112.

### B. After the Court dismissed Plaintiffs' consolidated complaint, Google supplemented its responses even though no complaint was pending.

On December 19, 2019, the Court issued an order dismissing Plaintiffs' California Invasion of Privacy Act claim with prejudice and its common-law and constitutional privacy claims with leave to amend. Dkt. 113 ("the Dismissal Order"). The Court ordered that Plaintiffs file their amended complaint by January 23, 2020. *Id*.

Based on case law from this district, Google told Plaintiffs that the dismissal of Plaintiffs' consolidated complaint relieved it of any obligation to produce additional information in response to Plaintiffs' discovery requests. *See* Dkt. 115 at 6–9 (citing *Hoa v. Cate*, No. 12-CV-2078-EMC, 2013 WL 3730249, at *2 (N.D. Cal. July 15, 2013) (defendant is not subject to party discovery in

---

[1] All exhibits referenced herein are attached to the Declaration of Benjamin Berkowitz in Support of Defendant Google LLC's Opposition to Plaintiffs' Motion to Reopen Discovery.

the absence of an operative complaint)).  Once again, though, in the interest of compromise, Google agreed to provide, and did provide on December 30, 2019, a production of documents and additional supplemental interrogatory responses.  *Id*. at 6–8; *see also* Mot. at 5.

After Google served these discovery responses at the end of 2019, Plaintiffs never once complained that they were insufficient and they never sought to propound additional discovery. Nor did Plaintiffs ever express to Google—until the eve of submitting their opposition to Google's current motion to dismiss—that they believed they needed additional information to amend their pleadings yet again.

**C.    In order to stay Plaintiffs' obligations in this Court while they pursued interlocutory review, Plaintiffs asked Google for a stipulation.**

Following the Court's dismissal of Plaintiffs' consolidated complaint, Plaintiffs made the strategic decision to file a motion under 28 U.S.C. § 1292(b) hoping to certify the Court's order for interlocutory review.  Dkt. 120.  In that motion, Plaintiffs clarified that they were seeking interlocutory review in lieu of amending their complaint because any amended complaint they could file would be "drastically impaired . . . , unjustifiably vulnerable in later proceedings," and "drastically lame."  *Id*. at 2.

So as not to undercut their § 1292 certification argument, Plaintiffs sought to avoid filing an amended complaint as this Court had ordered them to do.  On January 10, 2020, lead counsel for Plaintiffs approached lead counsel for Google with a request:  Plaintiffs wanted Google to agree to extend Plaintiffs' deadline to amend their consolidated complaint until after the Court had ruled on their bid for interlocutory review.  *See* Ex. B.  Google agreed to Plaintiffs' request. But in exchange for stipulating to this significant extension of time, Google requested that Plaintiffs agree that "all discovery will be stayed" in the interim.  *Id*.

The parties memorialized their respective positions and recitals in a stipulated agreement, which Plaintiffs filed with the Court on January 14, 2020.  Dkt. 117.  That same day, the Court entered the agreement as an order "pursuant to stipulation and good cause appearing."  Dkt. 118. The stipulated order stated, among other things, that (**1**) "the deadline for Plaintiffs to file a further amended complaint shall be extended until 30 days after the conclusion of proceedings on

Plaintiffs' request for immediate, interlocutory review under 28 U.S.C. § 1292(b) . . . ." and **(2)** "Discovery in the case shall be stayed pending the conclusion of all of Plaintiffs' requests for interlocutory review of the Court's Dismissal Order . . . and until after Google has answered." *Id.*[2]

On April 15, 2020, the Court denied Plaintiffs' motion for interlocutory review.  Dkt. 126. Plaintiffs moved for reconsideration of the Court's order on May 21, 2020 (Dkt. 129), but the Court denied that motion on June 3, 2020 (Dkt. 130).

> ### D. Plaintiffs seek to renege on their stipulated agreement on the eve of their deadline to oppose Google's motion to dismiss.

Google heard nothing further from Plaintiffs regarding their discovery requests or the stipulated discovery stay until September 25, 2020—just three days before Plaintiffs were due to file their opposition to Google's pending motion to dismiss.  Ex. C.  In an email, Plaintiffs' counsel stated that they intended "to move to re-open discovery" on or before September 30 because of the "numerous factual issues that Google seeks to have determined via the pending motion to dismiss."  *Id.*  Plaintiffs did not explain their basis for re-opening discovery, did not identify what discovery they believed was necessary for purposes of resolving Google's Rule 12 motion, and did not explain how re-opening discovery could affect a motion to dismiss that would soon be fully briefed.  Google responded to Plaintiffs' email on Monday, September 28, seeking to clarify the basis for Plaintiffs' decision to renege on their stipulated agreement.  *Id.*  Rather than explain their basis or what discovery they intended to seek, Plaintiffs' counsel summarily replied: "it is clear we disagree about the appropriateness of pursuing discovery at this time.  We will file our motion."  *Id.*

---

[2] Although the Court originally gave Plaintiffs 35 days to file an amended complaint (Dkt. 113 at 19), Plaintiffs' requested extension gave them 148 days to amend.  Plaintiffs then sought yet another extension to their deadline to file an amended complaint, which Google also stipulated to, giving Plaintiffs a total of 200 days to amend their complaint.  Dkt. 128 (extending deadline until after resolution of Plaintiffs' motion for reconsideration).

Thereafter, on the same day that Plaintiffs filed their opposition to Google's motion to dismiss, Plaintiffs filed the present Motion to Reopen Discovery, attaching documents from an Arizona state-court lawsuit brought against Google by a private law firm retained by the Arizona Attorney General. Dkt. 151; *see also* Dkt. 151-1 at ECF pp. 195–242.  Although correspondence from Plaintiffs' counsel to Google's counsel had indicated that Plaintiffs only "recently" learned of this investigation (Ex. C at 4), Plaintiffs' Motion contradicted this asserted timeline.  In particular, the Motion to Reopen Discovery clarified that Plaintiffs had "learned of the [Arizona Attorney General's] two-year investigation of Google and the filing of its Complaint" on May 27, 2020 (Mot. at 5), which was several months before Plaintiffs filed their amended consolidated complaint (Dkt. 132-3).  And notwithstanding the fact that Plaintiffs first raised the issue of reopening discovery with Google on September 25, 2020, their Motion to Reopen Discovery was supposedly predicated on documents that Plaintiffs had obtained as early as July 17, 2020.  Mot. at 6; *see also id*. at 7 ("[A]dditional exhibits cited in the [Arizona Attorney General's] complaint . . . were added to the public record" on August 21, 2020).  Plaintiffs' counsel never raised any of these issues with Google's counsel prior to filing their Motion.

Moreover, even the supposedly new documents have been misconstrued to invent a controversy where there is none.  For example, Plaintiffs spend three pages of their Motion to Reopen Discovery arguing that "documents now available from the AZAG's investigation" show that the Location History and Web & App Activity settings are only the "tip of the iceberg," and speculating that other settings must be implicated.  *See* Mot. at 9–11.  But the only purportedly new setting that Plaintiffs cite is "Location Master."  *Id*.  In the Arizona complaint, however, "Location Master" is simply a reference to the "main location setting on a device" that "controls whether a device's location setting is on."[3]  Plainly, Google did not hide a setting that is visible on every mobile device.

---

[3] *See* Ariz. Compl. at 11, attached to Pls.' Am. Compl. (Dkt. 131-3) at ECF p. 305.

DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY
Case No. 5:18-cv-05062-EJD
1508619

## III.    ARGUMENT

Plaintiffs fashion their request to the Court as a "Motion to Reopen Discovery Pursuant to FRCP 1, 26, and 37." But these Federal Rules are inapposite to the relief that Plaintiffs are actually seeking—as evidenced by the fact that Plaintiffs nowhere discuss Federal Rules 1 or 26, and only mention Rule 37 to assert, falsely, that they complied with their meet-and-confer obligations. *See* Mot. at 3–4; *cf.* Ex. C. In reality, what Plaintiffs are seeking is leave to withdraw from their stipulated agreement and to vacate the Discovery Stay Order that this Court found "good cause" to enter on January 14, 2020. Dkt. 118 at 3. The stipulated agreement is, however, an enforceable contract, and Plaintiffs cannot make the necessary showing of "manifest injustice" to withdraw from the agreement after having already obtained the benefits they sought from it. *See Waggoner*, 767 F.3d at 593; *see also Seymour v. Summa Vista Cinema, Inc*., 809 F.2d 1385, 1388 (9th Cir. 1987), *amended*, 817 F.2d 609 (9th Cir. 1987). Plaintiffs' Motion to Reopen Discovery should be denied.

### A.    The parties' stipulated agreement to stay discovery should be enforced.

#### 1.    Stipulations are binding contracts that promote judicial efficiency and must be enforced absent involuntary or uninformed consent.

Parties have long used, and courts have long relied upon, stipulations between opposing counsel to streamline judicial proceedings. Black's Law Dictionary defines a stipulation as a "voluntary" and "binding" agreement between opposing parties. Black's Law Dictionary, "Stipulation" (11th ed. 2019). Stipulations are "favored by the courts and enforced without regard to consideration." Rest. (2d) Contracts § 94 cmt. a (1981). Courts especially favor discovery stipulations "because they foster the flexibility intended by the discovery rules." Jay E. Grenig, Stipulations Regarding Discovery Procedure, 21 Am. J. Trial Advoc. 547, 547 (Spring 1998); *see, e.g.*, Fed. R. Civ. P. 16, 26, 29.

Recognizing the importance of stipulations, the Ninth Circuit has interpreted and enforced them as a court would any contract. In particular, the court has directed that, even where important rights may be impacted, stipulations should be upheld "absent indications of involuntary or uninformed consent." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999);

*United States v. McGregor*, 529 F.2d 928, 931 (9th Cir. 1976) (emphasizing same).  Courts within this district have similarly "analogized a stipulation to a contract."  *Morrison v. Zangpo*, No. 08-CV-1945-EMC, 2008 WL 4449585, at *3 (N.D. Cal. Sept. 30, 2008); *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 09-CV-05235-JW, 2010 WL 11484559, at *3 n.7 (N.D. Cal. Mar. 4, 2010) (surveying district courts across the country and observing that "[r]elief from a stipulation will be granted only upon a showing of good cause sufficient to invalidate a contract, such as fraud, overreaching, duress or mistake").[4]

### 2.   Plaintiffs requested that the parties enter into the stipulated agreement and their assent was both voluntary and knowing.

The parties' stipulated agreement should be enforced because Plaintiffs cannot credibly claim—and have not tried to claim—that their consent to the stipulation was anything but knowing and voluntary.  Plaintiffs are represented by sophisticated counsel who knowingly and voluntarily approached Google requesting to stipulate to an extended case schedule so that Plaintiffs could pursue an interlocutory appeal.  In negotiating this extension, Plaintiffs' counsel understood the consequences of staying discovery until after resolution of Google's motion to dismiss.  They therefore cannot claim that their agreement was anything other than knowing and voluntary.  *See, e.g., Chi-Fu Hsueh v. Bankers Life & Cas. Co.*, 421 F. Supp. 3d 937, 944 (S.D.

---

[4] Though unpublished, the Ninth Circuit's decision in *AT&T Corporation v. MRO Communications, Inc.* is instructive.  There, the plaintiff had argued that the lower court's "refusal to grant [its] request for further discovery prevented [it] from presenting specific facts to create a genuine issue of material fact" in opposing the defendant's summary judgment motion.  205 F.3d 1350 (9th Cir. 1999).  The Ninth Circuit rejected this attack because the parties had "entered into a stipulation staying all discovery in the case until after the district court's decision on [the] summary judgment motion."  *Id*. at *3.  In so doing, the court observed that "[s]uch stipulations are allowed and even encouraged," and thus they are "enforceable 'absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement.'"  *Id*. (quoting *McGregor*, 529 F.2d at 931).

1508619

1    Cal. 2019) (upholding stipulation where the parties were "sophisticated" and "represented by

2    experienced counsel"); *MDT Corp. v. New York Stock Exch., Inc.*, 858 F. Supp. 1028, 1035 (C.D.

3    Cal. 1994) (upholding stipulation where the breaching party was "a sophisticated litigant and

4    should be held to understand the effect of its stipulations").

5          Through invective and a misleading description of the proceedings, Plaintiffs attempt to

6    make it seem as if Google somehow forced them into a stipulated agreement.  *See, e.g.*, Mot. at 3,

7    5.  These claims are false.  As reflected in the correspondence between counsel and the papers

8    submitted to this Court, it was Plaintiffs who approached Google to request that the case

9    deadlines be extended; it was Plaintiffs who then drafted the stipulation and filed it with the

10   Court; and it was Plaintiffs who stood to benefit significantly from this stipulated extension.  *See*

11   Ex. B; *see also* Dkt. 118.  Google requested a discovery stay only in response to Plaintiffs'

12   request that Plaintiffs' obligation to amend their complaint be stayed so that they could pursue

13   interlocutory relief from the Ninth Circuit.

14         Indeed, Plaintiffs' litigation position would have been in (even greater) jeopardy had

15   Google not agreed to extend their deadline to file an amended complaint beyond January 23,

16   2020, as the Court had originally directed in its Dismissal Order.  *See* Dkt. 113.  Plaintiffs filed

17   their motion to certify the Dismissal Order for interlocutory review on January 27, 2020.  Dkt.

18   120.  They based their § 1292 motion, in part, on the contention that the Dismissal Order made it

19   impossible for them to file an amended complaint that was not "drastically impaired" or

20   "unjustifiably vulnerable in later proceedings."  *Id*. at 2.  Thus, if Plaintiffs had filed their

21   amended complaint on January 23, they would have had to argue simultaneously that (**1**) on

22   appeal, the Dismissal Order rendered any amended complaint which they might file "unjustifiably

23   vulnerable;" but that (**2**) the amended complaint that they would have just filed days earlier was

24   sufficient to withstand Google's anticipated motion to dismiss under Rule 12.  These two

25   arguments are at odds with one other.  But because of the parties' stipulated agreement, Plaintiffs

26   were never forced to take these conflicting positions at the same time.  Plaintiffs' efforts to claim

27   otherwise are an exercise in gamesmanship that should not be rewarded by this Court.

28

### 3. Having obtained the benefits of the parties' stipulated agreement, Plaintiffs are estopped from reneging on it.

Plaintiffs invoke equitable principles in their Motion to Reopen Discovery, claiming that "[t]his is not a circumstance where it could be equitable to suspend discovery while a defendant's challenge to the pleadings is pending." Mot at 3. This argument simply ignores that Plaintiffs *stipulated* to stay discovery. Indeed, "once a party has stipulated to a fact or an issue," it is that party which is "equitably estopped from contesting the issue." *MDT Corp*., 858 F. Supp. at 1034; *see also Wenger v. Monroe*, 282 F.3d 1068, 1076–77 (9th Cir. 2002) (holding that equitable estoppel lies "where the party to be estopped has engaged in conduct that causes justifiable reliance by the party asserting the claim").

Here, the parties stipulated to an agreement for the dual purpose of (**1**) extending Plaintiffs' time to amend their complaint so that could pursue interlocutory review of this Court's Dismissal Order and (**2**) staying discovery while Plaintiffs pursued their appellate gambit and the parties settled the pleadings that followed. Dkt. 118. Plaintiffs obtained the benefit of the bargain that they sought, and it is they who are collaterally estopped from contesting the agreement that they voluntarily entered.

Google relied on Plaintiffs' stipulated agreement and did not hold Plaintiffs to filing an amended complaint within the period of time set by the Court. Plaintiffs should not be permitted to escape their agreement now because they no longer wish to be bound by it or because they cannot state a claim on the facts they have alleged. *See Unihan Corp. v. Max Grp. Corp*., No. CV-09-07921-MMM (PLAx), 2011 WL 13213822, at *7 (C.D. Cal. May 3, 2011) (ruling that a party was equitably estopped from arguing prejudice due to a stipulation because "[b]oth sides received a benefit from the stipulation and it is clear that both sides acted in reliance on the agreement").

### B. Plaintiffs cannot demonstrate the "manifest injustice" required to withdraw from their stipulated agreement to stay discovery.

Where, as here, a party is seeking leave to withdraw from a stipulated agreement, the party must demonstrate that such a withdrawal is "necessary to prevent manifest injustice."

DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY
Case No. 5:18-cv-05062-EJD

1508619

*Waggoner*, 767 F.2d at 593; *see also Power Integrations*, 2010 WL 11484559, at *3 n.7. "In determining what constitutes manifest injustice, courts may consider (**1**) the effect of the stipulation on the party seeking to withdraw the stipulation; (**2**) the effect on the other parties to the litigation; (**3**) the occurrence of intervening events since the parties agreed to the stipulation; and (**4**) whether the evidence contrary to the stipulation is substantial." *Morrison*, 2008 WL 4449585, at *4 (citing *State Farm Fire & Cas. v. McDevitt*, No. C-00-2240 EDL, 2001 WL 637419, at *8 (N.D. Cal. 2001)).  Where "the parties' stipulation was procedural rather than factual," courts find this "fourth factor inapplicable." *Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, No. 14-CV-00930-JCS, 2015 WL 5675861, at *10 (N.D. Cal. Sept. 28, 2015).

Plaintiffs have not even recognized this standard, much less argued that they can meet it. Applying these factors to the present matter, it is clear that Plaintiffs do not come close to meeting the high bar required to withdraw from their stipulated agreement.  Rather, the current situation is more akin to "an attorney's mere realization that he may have made a tactical error [which] does not render enforcement of the stipulation a manifest injustice." *Id.* at *11 (citing *Morrison*, 2008 WL 4449585, at *4) (internal quotation marks omitted).

### 1.    The effect of the parties' stipulated agreement on Plaintiffs is precisely what Plaintiffs bargained for.

At bottom, Plaintiffs' central attack on the stipulation staying discovery is that it has prevented them from obtaining "a complete production of relevant information ***prior*** to their filing of the current operative complaint."  Mot. at 3 (emphasis in original).  First, it is unclear why Plaintiffs believe they are entitled to such a production.  As the Supreme Court has held, a plaintiff is not entitled to pre-amendment discovery.  *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *see also Mujica*, 771 F.3d at 593 (holding that a plaintiff "must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it").

Moreover, the "effect" of the stipulation that Plaintiffs complain about was entirely predictable; it cannot be construed as an injustice, let alone a "manifest injustice."  Given that Plaintiffs agreed to stay discovery just after the Court had dismissed their consolidated complaint and agreed not to re-commence discovery until "after Google ha[d] answered" their amended

1   complaint (Dkt. 118 at 2), Plaintiffs knew when they stipulated to stay discovery that they would

2   not be receiving further discovery from Google before the pleadings were settled.

3       **2.      The effect of the parties' agreement on Google is also exactly what was**

4   **agreed when the parties stipulated to a modified case schedule.**

5       The effect of the parties' stipulated agreement on Google is to maintain the status quo and

6   stay discovery until the pleadings are resolved.  Google will continue to abide by its obligations to

7   preserve evidence as the parties have discussed.  *See, e.g.*, Dkt. 115 at 7.  And, if Google's motion

8   to dismiss is not granted, Google will respond to any new discovery requests as appropriate after

9   it has answered.  Dkt. 118.  If the stipulation is not enforced, however, Google will be prejudiced

10  because it has already conferred a benefit on Plaintiffs by agreeing to extend key deadlines.

11  Plaintiffs took advantage of the extended deadlines to perfect not only their petition for

12  interlocutory appeal, but also their amended complaint.  Plaintiffs, having had the benefit of this

13  time, cannot now seek to take away the benefit that they agreed to confer to Google in exchange.

14  *See Unihan Corp.*, 2011 WL 13213822 at *7.

15      **3.      No intervening events provide grounds for Plaintiffs' withdrawal from**

16  **their agreement.**

17      Plaintiffs' Motion to Reopen Discovery highlights two events as purportedly providing

18  justification to commence discovery again.  First, they suggest that discovery should reopen

19  because they have come to believe that Google did not make a complete production prior to the

20  entry of the discovery stay.  And second, they suggest that discovery should reopen because of

21  arguments raised in Google's motion to dismiss which Plaintiffs characterize as factual.  *See* Mot.

22  at 3.  Neither contention justifies Plaintiffs' withdrawal from their stipulated agreement.

23      As to the first contention, Plaintiffs suggest, without any factual support, that Google has

24  withheld information or hid documents it agreed to produce.  But that assertion is flatly incorrect,

25  and it flies in the face of Google's objections and the extensive meet-and-confer discussions that

26  preceded Google's production of responsive materials.  That record reveals that Google agreed to

27  provide only a limited set of information in response to a set of limited discovery requests.

28  Google was clear about the scope of what it was agreeing to produce.  Plaintiffs, instead of

1    requesting additional information, agreed in January 2020 to stay discovery entirely.

2         Indeed, at the point when Plaintiffs entered the stipulated agreement to stay discovery,

3    they had been in receipt of some of Google's discovery responses for months and had received

4    supplemental responses and documents at least two weeks earlier.  Plaintiffs therefore were on

5    notice of the contents of the discovery that Google had produced, and, if they were unsatisfied by

6    those responses, Plaintiffs could have opted not to enter into the stipulation.  It is thus misleading,

7    at the very least, for Plaintiffs to suggest that Google somehow tricked them into staying

8    discovery by failing to provide "a fulsome disclosure and complete production."  Mot. at 7.

9    Plaintiffs fully understood the scope of the discovery Google had agreed to provide, Plaintiffs

10   declined to meet and confer to discuss additional discovery, and then Plaintiffs agreed to stay

11   discovery entirely.  Having made that decision with clear eyes, they should not be allowed back

12   out of it now.

13        While Plaintiffs appear to recognize Google only agreed to produce a limited set of

14   information in response to an "**initial, limited round** of agreed-upon discovery" (Mot. at 3), their

15   Motion to Reopen Discovery devotes the remainder of its pages to castigating Google for not

16   producing all of the materials it produced over the course of a multi-year, civil investigative

17   matter by the Arizona Attorney General—a matter that is, obviously, taking place in a different

18   jurisdiction, under a different procedural posture, with different discovery requests and responses.

19   See Mot. at 5–7; *see also* Dkt. 151-1 at ECF pp. 63–171.  Plaintiffs are wrong to cast aspersions

20   as to Google's compliance with its discovery obligations in this case.

21        The timing of Plaintiffs' invocation of the Arizona Attorney General's investigation is

22   also suspect.  The Arizona Attorney General's investigation has been publicly reported since at

23   least as early as 2018.  *See* Tony Romm, *Google's Location Privacy Practices are Under*

24   *Investigation in Arizona*, Wash. Post. (Sept. 11, 2018).[5]  Plaintiffs have known about this

25   investigation for years before they filed their amended complaint, and they admit they have had

26

27   [5] *Available at* https://www.washingtonpost.com/technology/2018/09/11/googles-location-

28   privacy-practices-are-under-investigation-arizona/.

access to some of the materials that they complain were not produced to them for nearly three months.  Mot. at 5–7.  The fact that Plaintiffs delayed seeking relief from the Court until the very day they filed their opposition to Google's most recent motion to dismiss, suggests that Plaintiffs are trying to use this separate Arizona litigation to distract from their own pleading failures.

As to Plaintiffs' second contention, any so-called "factual arguments" in the pending motion to dismiss do not constitute an intervening event justifying the reopening of discovery because they are the same arguments that Google made in its prior motion to dismiss (several of which this Court adopted in its Dismissal Order).  These arguments are also based on Plaintiffs' own pleading and the materials Plaintiffs have chosen to incorporate by reference.  Since the claims in Plaintiffs' amended complaint are nearly identical to—and equally as defective as—the claims in their previous consolidated complaint, the arguments and defenses raised in Google's current motion to dismiss are also nearly identical to those raised in its prior motion to dismiss.  *Compare* Dkt. 80 *with* Dkt. 131.  Plaintiffs therefore were on notice of Google's arguments when they stipulated to stay discovery.  At that time, Plaintiffs were also on notice of the arguments that this Court had found persuasive when it granted Google's motion to dismiss and entered its Dismissal Order.  Dkt. 113.

Thus, to the extent that Plaintiffs thought they might need discovery to respond adequately to any future Rule 12 motion practice, Plaintiffs could have sought that discovery and opted not to agree to a discovery stay.  But having agreed to such a stay in exchange for the benefit of time to pursue their interlocutory appeal and perfect their amended complaint, the law does not permit Plaintiffs to pretend that Google's present motion to dismiss is some sort of unforeseen event justifying withdrawal from their stipulated agreement.

**C.    In seeking to evade their burden to prove a "manifest injustice," Plaintiffs ignore the Court's Discovery Stay Order.**

For the foregoing reasons, Plaintiffs are wrong when they assert that it is Google who must "make a 'strong showing' as to why discovery ***should be*** stayed."  Mot. at 14 (emphasis added).  Pursuant to the parties' stipulated agreement and the Discovery Stay Order that this Court found good cause to enter at the request of the parties, discovery is ***already*** stayed.  Dkt.

118.  Plaintiffs, having obtained the benefit of this stipulated agreement, should not be permitted to rescind it and reopen discovery now.

None of the cases that Plaintiffs cite regarding a discovery stay change this analysis as none of these cases involved a stipulated agreement to stay discovery.  *See* Mot. at 14–15. Moreover, these cases are inapposite because all but one involved a situation where the court was asked to ***enter*** an initial discovery stay, not revisit a prior agreement or order staying discovery. *See id.*[6]  The single case that Plaintiffs cite where a discovery stay was in place—*In re Nexus 6P Products Liability Litigation*—is easily distinguished from the situation here.  In that matter, the court had stayed discovery so that it could consider the defendant's personal-jurisdiction defense before subjecting it to the burdens and expense of discovery.  *See* No. 17-CV-02185-BLF, 2018 WL 3036734, at *2 (N.D. Cal. June 19, 2018).  After an amended complaint was filed, however, the defendant dropped this defense.  *Id*.  Because the motion to dismiss that the defendant then advanced was not "case dispositive or even dispositive on the issue at which discovery is directed," the court determined that it was appropriate for "the case to move forward."  *Id*.

_____

[6] *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming protective order granted to defendant); *Wood v. McEwen*, 644 F.2d 797, 801–02 (9th Cir. 1981) (same); *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (reversing protective order granted to defendant); *see also Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020) (ruling on defendant's motion for discovery stay); *Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (same); *Gibbs v. Carson*, No. 13-CV-0860-TEH (PR), 2014 WL 172187, at *2 (N.D. Cal. Jan. 15, 2014) (same); *In re Apple In-App Purchase Litig.*, No. 11-cv-01758-EJD, 2012 U.S. Dist. LEXIS 18970, at *3–5 (N.D. Cal. Feb. 15, 2012) (same); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40–41 (N.D. Cal. 1990) (same); *see also Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 350, 354 (N.D. Cal. 2003) (ruling on plaintiffs' motion for discovery stay).

DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY
Case No. 5:18-cv-05062-EJD
1508619

By comparison, here, Google's motion to dismiss seeks dismissal of Plaintiffs' entire case. *See* Dkt. 145 (seeking dismissal of Plaintiffs' claims in their entirety and with prejudice). Plaintiffs have been trying to state an actionable claim in this case for over two years.  At a certain point the Court will have to conclude that the problem is not that Plaintiffs haven't yet stated a claim, the problem is that they can't.  Google respectfully submits that this time is now and believes that the Court can—and should—dismiss Plaintiffs' claims with prejudice, finally putting an end to this matter.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal without leave to amend where court advised plaintiff of pleading deficiencies but plaintiff failed to correct those deficiencies in amended pleading).

Moreover, even if Google's motion to dismiss does not resolve this case, Plaintiffs will not be prejudiced by being forced to honor their stipulation because the agreement that they originally struck with Google contemplated a much longer stay.  In contrast, proceeding with discovery, in contravention of the parties' stipulated agreement, will result in prejudice to Google, unnecessary motion practice, litigation costs, and a waste of judicial resources.

### D.      Even if the parties had not entered a stipulation, Plaintiffs would not be entitled to discovery for purposes of amending their complaint.

Plaintiffs have not been shy about why they want discovery.  If the Court once again holds that their complaint fails to state a claim upon which relief may be granted (as Google believes it should), Plaintiffs want "further leave to amend *after* Google" produces new discovery.  Mot. at 3 (emphasis in original).  Plaintiffs' request is directly contrary to the Supreme Court's decision in *Iqbal* and the Ninth Circuit's holding in *Mujica*.  If a "complaint is deficient"—that is, if a plaintiff cannot show a plausible entitlement to relief—then that plaintiff "is not entitled to discovery, cabined or otherwise."  *Iqbal*, 556 U.S. at 686; *see also Mujica*, 771 F.3d at 593 n.7 (The "suggest[ion] that courts retain discretion to permit discovery whenever a plaintiff has failed to satisfy Rule 8's plausibility standard . . . is simply incompatible with *Iqbal* and *Twombly*."); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

Applying this binding precedent, district courts post-*Mujica* have made it clear that plausibility discovery is not permitted following the dismissal of a complaint with leave to amend.  For example, in *In re German Automotive Manufacturers Antitrust Litigation*, the court recently held that it did not have discretion to lift a discovery stay because a court simply could "not grant discovery based on a complaint that has already been dismissed."  335 F.R.D. 407, 408–09 (N.D. Cal. 2020).  Similarly, in *Merritt v. Redwood Inv., LLC*, the court ruled that plaintiffs could not "us[e] the formal discovery process in order to ascertain facts to support their claims in a yet-to-be filed Second Amended Complaint."  No. 18-cv-01793 JLS (JLB), 2019 WL 4416130, at *3 (S.D. Cal. Sept. 13, 2019); *see also Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016) ("The unambiguous directive in *Iqbal* and *Mujica* does not allow the court discretion to order pre amendment plausibility discovery.").[7]

Plaintiffs, in an effort to backpedal away from their insufficient allegations against Web & App Activity, have resorted to accusing a "myriad"—a veritable "iceberg"—of unidentified and not alleged privacy violations.  The Court should hold that those out-of-context allegations are insufficient to state a claim, and it should not permit discovery to allow Plaintiffs to investigate speculative and implausible allegations of wrongdoing.  Discovery is simply "not a device to enable [Plaintiffs] to make a case when [their] complaint has failed to state a claim."  *Mujica*, 771 F.3d at 593 n.7.

---

[7] Post-*Mujica*, some courts have permitted narrow discovery after a dismissal with leave to amend so that a plaintiff could resolve jurisdictional questions or determine the identity of a defendant in the conduct alleged—not so that a plaintiff could gather "facts to nudge its claim across the line from conceivable to plausible."  *Persian Gulf*, 225 F. Supp. 3d at 1180 (internal quotations omitted); *see also id.* at 1180 n.1 (noting decisions that "granted jurisdictional discovery, not plausibility discovery"); *see also Godoy v. Cty. of Sonoma*, No. 15-CV-00883-WHO, 2015 WL 4881348, at *3 (N.D. Cal. Aug. 14, 2015) (permitting discovery to determine "which officers, if any, caused the injuries they allege").

Accordingly, even if Plaintiffs had not stipulated to stay discovery, the discovery stay should remain in place.  And if Plaintiffs cannot amend their complaint in good faith under the strictures of Federal Rule of Civil Procedure 11—as they have shown repeatedly they cannot do—their amended complaint should be dismissed with prejudice.  *See, e.g.*, *Alavi v. City of Albany*, No. 17-CV-04014-HSG, 2018 WL 2761853, at \*2 (N.D. Cal. June 8, 2018) (rejecting plaintiffs' contention that they could develop their claims "through discovery" and dismissing complaint without leave to amend because of plaintiffs' "comprehensive failure to plead any of the[ir] claims sufficiently, in their initial or amended complaint").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs should be held to their stipulated agreement and the Court's Discovery Stay Order should remain in effect.  Plaintiffs' Motion to Reopen Discovery should be denied.

Dated:  October 14, 2020                          KEKER, VAN NEST & PETERS LLP


                                        By:    /s/ Benjamin Berkowitz
                                               BENJAMIN BERKOWITZ
                                               THOMAS E. GORMAN
                                               CHRISTOPHER S. SUN
                                               CHRISTINA LEE

                                               Attorneys for Defendant GOOGLE LLC

DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY
Case No. 5:18-cv-05062-EJD

1508619