KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**DECLARATION OF BENJAMIN BERKOWITZ IN SUPPORT OF DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY**<br><br>Dept:    Courtroom 4 - 5th Floor<br>Judge:  Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

DECLARATION OF BENJAMIN BERKOWITZ IN SUPPORT OF
DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY
Case No. 5:18-cv-05062-EJD

1392644

I, Benjamin Berkowitz, declare as follows:

1. I am an attorney licensed to practice in the State of California and before this Court. I am a partner at Keker, Van Nest & Peters, LLP, counsel of record for Defendant Google LLC in the above-captioned action. I have personal knowledge of the facts stated herein, and I could and would competently testify thereto if called as a witness.

2. Attached hereto as **Exhibit A** is a true and correct copy of a letter from my colleague Christopher S. Sun to Plaintiffs' counsel Theodore Maya, dated August 23, 2019.

3. Attached hereto as **Exhibit B** is a true and correct copy of email correspondence between Plaintiffs' counsel Michael W. Sobol and me, dated January 10–14, 2020.

4. Attached hereto as **Exhibit C** is a true and correct copy of email correspondence between Plaintiffs' counsel Tina Wolfson, Mr. Sobol, my colleague Thomas E. Gorman, and me, dated September 25–29, 2020.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on October 14, 2020, in Marin, California.

                                        /s/ Benjamin Berkowitz
                                        BENJAMIN BERKOWITZ

# Exhibit A



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Christopher S. Sun**
(415) 962-8805
csun@keker.com

August 23, 2019

**VIA ELECTRONIC MAIL**

Theodore Maya
Ahdoot & Wolfson, PC
10728 Lindbrook Drive
Los Angeles, CA  90024
tmaya@ahdootwolfson.com

Re:   *In re:  Google Location History Litigation*

Dear Ted:

I write in response to your letter dated August 13, 2019.  As an initial matter, we disagree with your characterization of Google's discovery objections and the parties' prior conferences.

As I am sure you are aware, Google's objections are not based on the number of discovery requests Plaintiffs have propounded. Rather, Google has objected to Plaintiffs' requests because Plaintiffs have never explained why the information sought by these requests is relevant to the claims in this action—as it is Plaintiffs' burden to do. The mere fact that Plaintiffs have propounded a relatively small number of discovery requests does not give them license to request irrelevant information. And I'll note that, despite repeated requests, Plaintiffs have yet to provide any substantive explanation regarding what information their requests specifically seek and why that information is relevant.

I appreciate that the parties may have a disagreement about what information is or is not relevant to the claims in the action, and we are happy to meet and confer about those disagreements so that the parties can reach a mutually-agreeable scope of production. But attacking a straw man of Google's actual objections is not going to aid the parties in reaching that goal. We will, of course, work with you to reach compromise positions, but simply cannot do that unless and until you provide us more detailed information about what information you are seeking and why. As described below, your letter does not provide that critical information. Providing this information will allow the parties to make progress on their meet-and-confer efforts.

1341006

August 23, 2019
Page 2

**Definitional Issues**

This dispute serves as a prime example of Plaintiffs' failure to explain both what information they are requesting and why that information is relevant. Plaintiffs have propounded requests regarding "Location Information." Google has interpreted this term to mean Google Stored Geolocation Data. Google interpreted the term "Location Information" in that manner because that's the information this lawsuit concerns. Indeed, as stated *in the very first sentence of Plaintiffs' complaint*: "This case addresses the surreptitious, non-consensual, tracking of millions of mobile device users' *geolocation* by Defendant Google LLC ("Google")." Consolid. Compl. ¶ 1 (emphasis added).

However, despite the fact that this case concerns geolocation data, Plaintiffs seek information regarding other forms of "Location Information," like "movement information." But Plaintiffs have yet to explain what specific data Plaintiffs are seeking (beyond citing a general dictionary definition of the word "movement") or why that data would be relevant to Plaintiffs' claims—which, again, concern "geolocation" data. Consolid. Compl. ¶ 1.

Plaintiffs have the initial burden of demonstrating the relevance of their requests. But Plaintiffs haven't satisfied the burden. In fact, Plaintiffs' stonewalling goes one step beyond refusing to explain the relevance of their requests to refusing to even state with clarity what information they are seeking. If Plaintiffs can provide a description of the specific information they are seeking, Google would consider producing that information.

Finally, we disagree with your assertion that anonymous usage information is "at issue in this action." No part of the complaint discusses anonymized usage information. If anything, the complaint makes clear that anonymized information is entirely irrelevant to Plaintiffs' claims, which concern Google's alleged failure to respects its users' "anonymity." Consolid. Compl. ¶ 60. It goes without saying, of course, that anonymizing a user's information protects their "anonymity." If you have an explanation for why this information is relevant to Plaintiffs' claims, we are happy to consider it. Otherwise, we see no reason why this information would be relevant to this action.

**Verifications**

We are still in the process of performing our investigation and preparing supplemental responses to Plaintiffs' interrogatories. Once that process is complete, Google will provide its verifications and supplemental responses. We will endeavor to provide them expeditiously.

**Plaintiffs' Interrogatories**

**Interrogatory No. 1**

This request seeks "the dates upon which Google first proposed (internally) and first disclosed (externally) options, settings, preferences, or other tools of any kind purporting to allow Users to choose whether Google stores and/or collects Location Information."

1341006

August 23, 2019
Page 3

Google has adequately responded to this interrogatory.  To the extent Plaintiffs seek a further response to the interrogatory, the interrogatory is not susceptible to such a response.  What qualifies as a first proposal? Is this interrogatory asking for the date any Google employee first discussed the listed information with any other Google employee?  If so, why would that be relevant to Plaintiffs' claims? And if not, what date is this interrogatory seeking? Similarly, what constitutes a first external disclosure?  Is it the first time any Google employee discussed the listed information with a non-Google employee?  If so—and again—why would that be relevant?  If not, what date is this request seeking?

Moreover, what do Plaintiffs mean by "purporting to allow"?  This interrogatory appears to be seeking information regarding the intent animating the development of specific "options, settings, preferences, or other tools." But how is Google supposed to determine the intent or purpose of an option, setting, preference, or tool?  Different engineers might have different opinions on that score, and those opinions might vary based on the version of the option, setting, preference, or tool at issue.

Plaintiffs need to provide additional details regarding this interrogatory so that Google can understand what information Plaintiffs are requesting and why that information is relevant. Once Plaintiffs do so, Google will consider this request.

**Interrogatory No. 2**

This request seeks "the date upon which Google first retained any Location Information from any User whose pertinent Google option, setting, preference, or otherwise was set, either by choice or default, to indicate that Google should not retain Location Information."

As is the case with Interrogatory No. 1, we do not understand what additional information you're seeking. Specifically, what does this request mean by "pertinent Google option"? For example, Google's Location History feature allows Google Account users to save a private map of where the user goes with his/her signed-in devices. Google does not store the private maps generated by that product when the "pertinent Google option" (i.e. the Location History setting) is disabled. So there is no date to provide in response to this interrogatory because Google disagrees with the fundamental premise of the request.

I believe much of the confusion regarding this request stems from Plaintiffs' ambiguous definition of "Location Information." Hopefully if the parties can resolve their differences on that issue, that resolution will lend clarity to this request.

Regardless, in the spirit of compromise, Google will investigate what additional information it may be able to provide in response to this request and will supplement its response to the extent it identifies any such information.

1341006

August 23, 2019
Page 4

**Requests for Production**

**RFPs Nos. 2 & 3**

The documents requested by these RFPs are protected by the work product doctrine.[1] Your letter's citation to *U.S. v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011), appears to conflate Google's April 23, 2019 Energy & Commerce letter (which Google has agreed to produce after the entry of a protective order) with documents that were identified or created when preparing the response. Regardless of whether the former is protected by the work-product privilege, the latter certainly is.

As *Richey* acknowledges, "[d]ual purpose documents are deemed prepared because of litigation if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Id.* (internal quotation marks omitted). At a minimum, the selection of documents used to prepare the April 23, 2019 Energy & Commerce letter and the individuals identified by counsel to aid in its preparation were undoubtedly affected by the prospect of litigation. For that reason, those documents and the identities of those individuals are protected by the work-product privilege. Plaintiffs are not entitled to gain insight into the mental impressions of Google's attorneys by examining documents or individuals that Google's attorneys identified as important. *See In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 389 (S.D. Cal. 2002).

Sincerely,

Christopher S. Sun

---

[1] To be clear, the requested documents are also protected by the attorney-client privilege to the extent they seek documents revealing information gathered or provided for the purpose of obtaining legal advice. *See Schaeffer v. Gregory Vill. Partners, L.P.*, 78 F. Supp. 3d 1198, 1205–06 (N.D. Cal. 2015).

1341006

# Exhibit B

**Fax Administration**

| | |
|---|---|
| **From:** | Ben Berkowitz |
| **Sent:** | Tuesday, January 14, 2020 12:03 PM |
| **To:** | Sobol, Michael W. |
| **Cc:** | Thomas E. Gorman |
| **Subject:** | RE: GoogleLocation |

Michael, we're OK with that edit.

-----Original Message-----
From: Sobol, Michael W. <msobol@lchb.com>
Sent: Tuesday, January 14, 2020 11:40 AM
To: Ben Berkowitz <BBerkowitz@keker.com>
Cc: Thomas E. Gorman <TGorman@keker.com>
Subject: Re: GoogleLocation

[EXTERNAL]

Ben, this expands the extent of the discovery stay well beyond what we had discussed. We don't think we need to address what might happen with discovery after the interlocutory proceedings end, and would prefer to discuss it then, when we may well agree to a further stay. That said, we can live with you additional request, but cannot agree to include the phrase "and the pleadings are settled," as it is vague and we don't understand it. If you agree we can strike that phrase (thus ending with "until after Google has answered") then we are otherwise agreeable to your version and will file with that edit. Please advise. M

Sent from my iPhone

On Jan 14, 2020, at 11:11 AM, Ben Berkowitz <bberkowitz@keker.com<mailto:bberkowitz@keker.com>> wrote:

Hi Michael, here are our edits in redline.


Ben Berkowitz
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6689 direct | 415 391 5400 main
bberkowitz@keker.com<mailto:bberkowitz@keker.com> | vcard<https://protect-us.mimecast.com/s/IxcLCwpErjsvZPWLfVAGR_> | https://protect-us.mimecast.com/s/8fJHCxkV1GCLqB3Jfv0oO-<https://protect-us.mimecast.com/s/SorICyP6X8I7mJRNFQfgA7>



From: Sobol, Michael W. <msobol@lchb.com<mailto:msobol@lchb.com>>
Sent: Monday, January 13, 2020 2:34 PM
To: Ben Berkowitz <BBerkowitz@keker.com<mailto:BBerkowitz@keker.com>>
Subject: RE: GoogleLocation

[EXTERNAL]
_____
Here's a draft stip.  Would be good to get on file today, if possible.  M

From: Ben Berkowitz [mailto:bberkowitz@keker.com]
Sent: Monday, January 13, 2020 11:43 AM
To: Sobol, Michael W.
Subject: RE: GoogleLocation

Michael,

Good speaking with you on Friday.  Per your request, and subject to agreeing on a final stipulation, Google would be willing to stipulate to extend plaintiffs' deadline to file their amended complaint until after plaintiffs' request for interlocutory / mandamus review of the dismissal order is resolved, subject to plaintiffs' agreement that all discovery will be stayed pending resolution of the pleadings.  We would also like to include in the stipulation that Google will have 30 days from the filing of a new complaint to file its motion to dismiss.

By agreeing to plaintiffs' proposal, as discussed, Google would not be agreeing that interlocutory or mandamus review is appropriate and reserves its right to oppose plaintiffs' requests for such review.

Could you send a draft stipulation that I can review with my client?

Thanks,


Ben Berkowitz
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6689 direct | 415 391 5400 main
bberkowitz@keker.com<mailto:bberkowitz@keker.com> | vcard<https://protect-us.mimecast.com/s/IxcLCwpErjsvZPWLfVAGR_> | https://protect-us.mimecast.com/s/8fJHCxkV1GCLqB3Jfv0oO-<https://protect-us.mimecast.com/s/SorICyP6X8I7mJRNFQfgA7>



From: Sobol, Michael W. <msobol@lchb.com<mailto:msobol@lchb.com>>
Sent: Friday, January 10, 2020 1:53 PM
To: Ben Berkowitz <BBerkowitz@keker.com<mailto:BBerkowitz@keker.com>>
Subject: GoogleLocation

[EXTERNAL]
_____
Ben, can I brighten up your day with a phone call this afternoon?  M

<mime-attachment.gif>

Michael W. Sobol
msobol@lchb.com<mailto:msobol@lchb.com>

t 415.956.1000
f 415.956.1008
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
https://protect-us.mimecast.com/s/UjGMCzpBXmsGNnARuKaIP1<https://protect-us.mimecast.com/s/xiEYCADQ1nuZJVz9FQmYXL>

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
<KVNDOC1-#1363995-v1-Draft_Stip_re_amending_complaint_(KVP_edits).DOCX>

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

# Exhibit C

**Fax Administration**

| | |
|---|---|
| **From:** | Tina Wolfson <twolfson@ahdootwolfson.com> |
| **Sent:** | Tuesday, September 29, 2020 1:04 PM |
| **To:** | Thomas E. Gorman; msobol@lchb.com |
| **Cc:** | GPRIV-KVP |
| **Subject:** | Re: Google Location |

[EXTERNAL]

Tom—

Michael is traveling and asked me to respond in his stead. We believe the basis of the motion is laid out by Michael's correspondence and we did wish to meet and confer. However, as your questions below – most of which have to do with your client's own conduct and briefing -- indicate, Google will draw out the process. Our motion is based on publicly available information and Google's discovery responses and briefing in this case. We therefore find your questions disingenuous.

We doubt that at the end Google will agree to open discovery or withdraw the MTD and answer the complaint. Given Google's actions, and the resulting delay in this case already, those are the only options for avoiding this motion.

For all these reasons, we will finalize and file our motion as we believe that it is imperative that it be heard alongside the MTD. However, should Google wish to consider stipulating to the two alternatives above, we remain willing to continue our meet and confer process, both prior to and after filing our motion.

I'm available to speak today after 4 p.m., if you wish, and have availability the rest of the week as well.

Respectfully,

Tina Wolfson
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Tel (310) 474-9111
Fax (310) 474-8585
twolfson@ahdootwolfson.com

********
The information in this electronic mail is confidential and may be privileged. If you are not the intended recipient, you are hereby notified that any review, dissemination, disclosure, copying, or distribution of the

information in these documents is strictly prohibited. If you have received this communication in error, please contact the sender by reply mail and destroy all copies of the original message.

\*\*\*\*\*\*\*\*

IRS Circular 230: under U.S. treasury regulations, we are required to inform you that any tax advice contained in this communication (including any attachment) is not intended to be used, and cannot be used, to avoid penalties imposed under the internal revenue code

---

**From:** "Thomas E. Gorman" <tgorman@keker.com>
**Date:** Tuesday, September 29, 2020 at 12:12 PM
**To:** "Michael W. Sobol" <msobol@lchb.com>
**Cc:** Tina Wolfson <twolfson@ahdootwolfson.com>, "gpriv-kvp@keker.com" <gpriv-kvp@keker.com>
**Subject:** RE: Google Location

Michael—

Thank you for your apology.

I didn't say the basis for your motion had changed. I said you hadn't disclosed the basis. For example, you ask, in a fashion, whether "Google is in good faith considering opening discovery because Plaintiffs have learned that Google is in possession of directly relevantly information and documents that bear on numerous factual issues that Google seeks to have determined via the pending motion to dismiss." But you haven't told us what the "directly relevant information and documents" are. You won't identify the "numerous factual issues." You won't explain how Google's motion to dismiss seeks to "determine" factual issues, or how discovery could affect that motion to dismiss. You now raise, for the first time, some unidentified "evidence" from an Arizona state-court proceeding. I'm not counsel in that case so I'd have to investigate to figure out what you might be referring to. It would obviously be much simpler if you could simply tell us what you believe this Arizona "evidence" shows and why you believe it gives you a basis to renege on your agreement.

The suggestion that we provided inaccurate information and the allegation that Google "shirked its obligation" would be unwarranted under any circumstances, but especially here where you won't even tell us what it is you think Google could give you—despite our agreement—that would make it possible for you to finally state a claim for relief.

At bottom, your initial email didn't ask us to meet and confer, you simply announced you were reneging on your agreement and filing a motion. If you can explain the basis for the relief you seek, we will endeavor in good faith to see if we can avoid burdening the court with your motion. Please provide this information so that we can discuss it with our client and so that the parties can have a good faith meet-and-confer.

Thank you,

--Tom

---

**From:** Sobol, Michael W. <msobol@lchb.com>
**Sent:** Tuesday, September 29, 2020 5:58 AM
**To:** Thomas E. Gorman <TGorman@keker.com>
**Cc:** twolfson@ahdootwolfson.com; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: Google Location

2

**[EXTERNAL]**

Tom,

The basis for the motion as I described in my initial email hasn't changed.  Your email makes an implicit representation, whether or not intentional, that Google is in good faith considering opening discovery because Plaintiffs have learned that Google is in possession of directly relevantly information and documents that bear on numerous factual issues that Google seeks to have determined via the pending motion to dismiss.  As you must know, a limited amount of evidence (albeit heavily redacted) has recently been made public via the action pending against Google brought by the Arizona Attorney General concerning substantially the same practices at issue here.  The Arizona AG has stated that further directly relevant information exists that is not yet public.  From the limited information that is visible, Plaintiffs can determine that Google was not forthcoming in its prior discovery obligations here, contrary to the basis upon which Plaintiffs agreed to the scheduling stipulation.  This information is also inconsistent with positions Google has taken in our case.  In particular, it is clear that Google shirked its obligation to respond fully to Rog 4 and RFP 4 at time when it had the information to do so, and effectively concealed the extent of its geolocation practices while Plaintiffs were on the eve of filing the current amended complaint.  The information also undermines the basis for Google's argument that Plaintiffs consented to the practices at issue.  As I stated previously, Google seeks to have these factual disputes decided via its motion to dismiss, and has essentially argued futility of amendment.  This information, however, which Plaintiffs should already possess and should have had at the time the current complaint was filed, demonstrates that further amendment (if even needed) would clearly not be futile.  As such, Plaintiffs will move to allow them the opportunity to conduct discovery for all purposes.  Plaintiffs do not expect on this motion to take a position with regard to Google's ability to take discovery at this time, though if Google consented to opening discovery for all purposes, Plaintiffs would stipulate that all parties may do so.

If you can represent to us in good faith that Google is amenable to stipulating to the relief we seek, then please do so by email today.  Further explication of Plaintiffs' position is not necessary.  And please be sure to copy my colleague, Tina Wolfson, as I am going to be hard to get a hold of today.

I hadn't recalled that we already discussed using the email service list.  My apologies for that confusion.  I have copied the list here.

M

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Michael W. Sobol**
msobol@lchb.com
t 415.956.1000
f 415.956.1008

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

---

**From:** Thomas E. Gorman [mailto:tgorman@keker.com]
**Sent:** Tuesday, September 29, 2020 1:07 AM
**To:** Sobol, Michael W.
**Cc:** twolfson@ahdootwolfson.com; gpriv-kvp@keker.com
**Subject:** Re: Google Location

(+GPRIV)

Michael—

3

We actually have an e-service agreement that requires you to direct correspondence to this email alias. *See* May 21, 2019 email from Gorman to Levin-Gsundheit; May 22, 2019 from King to Gorman. The alias includes the members of our team at Keker, Van Nest & Peters. If you need further clarification, please let me know.

I have asked you to meet and confer to discuss whatever (heretofore undisclosed) basis you believe will justify reconsideration of the court's order and abandonment of our agreement. You are apparently refusing to disclose the basis for your motion, and you also refuse to even tell us what relief you seek here. If you choose to rush to burden the court without engaging in the required meet-and-confer discussion, I cannot stop you. If you reconsider, please let us know.

Thanks,

--Tom

---

**From:** Sobol, Michael W. <msobol@lchb.com>
**Sent:** Monday, September 28, 2020 9:37 PM
**To:** Thomas E. Gorman
**Cc:** twolfson@ahdootwolfson.com
**Subject:** Re: Google Location

[EXTERNAL]

Tom it is clear we disagree about the appropriateness of pursuing discovery at this time. We will file our motion.

If you want us to copy our emails to a service list, please identify the recipients, thanks.

M

Sent from my iPhone

On Sep 28, 2020, at 1:20 PM, Thomas E. Gorman <tgorman@keker.com<mailto:tgorman@keker.com>> wrote:


Michael and Tina--


My colleagues forwarded your email. As a reminder, please send case correspondence to GPRIV-KVP@keker.com<mailto:GPRIV-KVP@keker.com>.


We are disappointed by your suggestion that lead plaintiff's counsel might seek to renege on your agreement to stay discovery until after resolution of Google's motion to dismiss and the filing of Google's answer. As you know, at the request of lead plaintiff counsel, the parties entered into a stipulation permitting plaintiffs to exhaust their interlocutory appellate remedies prior to filing their amended complaint. This provided plaintiffs with a significant benefit in that it obviated plaintiffs' obligation to file an amended complaint at the same time they were seeking to convince the district court and the Ninth Circuit that any amendment would necessarily weaken their claims. It also permitted lead plaintiffs' counsel to avoid the additional labor and expense of pursuing both alternatives simultaneously. In exchange for Google's agreement to a very significant extension, which was for plaintiffs' benefit, plaintiffs agreed to stay discovery through

4

the resolution of Google's next motion to dismiss and the filing of an answer. See Dkt. 114. Your email below suggests that plaintiffs now intend to renege on their agreement, after receiving the benefits of it. So that we can discuss your position with our client, please explain the legal and factual bases for your position and what authority, if any, you believe would permit plaintiffs to both undo the Court's order on this and to withdraw from their stipulation. Even if you could meet the relevant standards, which I do not believe is possible, your request here is troubling. We ought to be able to trust that agreements between counsel will be honored.

In addition, please also explain why you believe discovery is necessary in order to resolve Google's 12(b) motion. Your email is unclear as to whether you are proposing to open discovery for all purposes or if you are seeking discovery regarding a more limited set of facts.  Please explain what discovery you believe is relevant to the 12(b) motion and why you believe discovery should be opened now. If it is plaintiffs' position that discovery should be opened for all purposes without limitation, please explain that position and your basis for it.

Please also explain the timing of your request and how plaintiffs would be prejudiced by maintaining the agreed upon status quo. Google's motion to dismiss is scheduled to be heard on November 5, at which time plaintiffs' complaint likely either will be dismissed or Google will be directed to answer it. Please explain why plaintiffs would be prejudiced by waiting until after Google answers (if its motion is denied) to commence discovery, as plaintiffs previously stipulated.

Thank you,


--Tom


-----Original Message-----
From: Christopher S. Sun <CSun@keker.com<mailto:CSun@keker.com>>
Sent: Friday, September 25, 2020 11:10 AM
To: GPRIV-KVP <GPRIV-KVP@keker.com<mailto:GPRIV-KVP@keker.com>>
Subject: FW: Google Location


-----Original Message-----

From: Sobol, Michael W. <msobol@lchb.com<mailto:msobol@lchb.com>>

Sent: Friday, September 25, 2020 11:06 AM

To: Ben Berkowitz <BBerkowitz@keker.com<mailto:BBerkowitz@keker.com>>; Christopher S. Sun <CSun@keker.com<mailto:CSun@keker.com>>

Cc: twolfson@ahdootwolfson.com<mailto:twolfson@ahdootwolfson.com>

Subject: Google Location

[EXTERNAL]

Ben and Chris,

Plaintiffs intend to move to re-open discovery. We expect to file the motion on or before September 30th. We will ask the court clerk for a hearing date of November 5th, to have the motion heard with the other motions scheduled that day.

There are numerous factual issues that Google seeks to have determined via the pending motion to dismiss. Plaintiffs have learned that Google is in possession of directly relevantly information and documents bearing on these matters and therefore wish to reopen discovery.

Please let us know if Google will stipulate to opening discovery, or alternatively, if it will withdraw its motion to dismiss and answer the complaint.

If you would like to confer further, I am available Monday and part of Tuesday.

M

Sent from my iPhone

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or

work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.