**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  212.355.9500
Facsimile:  212.355.9592

*Interim Co-Lead Class Counsel*

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
Christopher Stiner (SBN 276033)
cstiner@ahdootwolfson.com
Rachel Johnson (SBN 331351)
rjohnson@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD |
| | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REOPEN DISCOVERY** |
| | **CLASS ACTION** |
| | Date:  November 5, 2020 |
| | Time: 9:00 a.m. |
| | Judge: Hon. Edward J. Davila |

1

**TABLE OF CONTENTS**

2

**Page**

3

I.    INTRODUCTION ............................................................................................................. 1

4

II.   ARGUMENT .................................................................................................................... 2

5

       A.    Google has not made the strong showing required to stay discovery. .................... 2

       B.    Contract law does not govern this dispute. ............................................................. 3

6

       C.    Even if Google's inapplicable contract standards apply, Plaintiffs have
7            satisfied them, and discovery should commence. ................................................... 7

       D.    Google's other misleading distractions provide no basis to deny Plaintiffs'
8            plainly relevant discovery and delay resolution of this case on the merits. ........... 10

      III.   CONCLUSION ............................................................................................................... 13

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2051632.5

1

## TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*A&T Corp. v. MRO Commc'ns, Inc.*,
   205 F.3d 1350 (9th Cir. 1999).............................................................................. 6, 7

5

*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*,
   5 F.3d 378 (9th Cir. 1993)........................................................................................ 2

6

*Am. Pac. Textile, Inc. v. United States*,
   627 F. App'x 648 (9th Cir. 2015) ............................................................................. 2

7

*Am. W. Airlines, Inc. v. GPA Grp., Ltd.*,
   877 F.2d 793 (9th Cir. 1989)............................................................................. 2, 13

8

*Blankenship v. Hearst Corp.*,
   519 F.2d 418 (9th Cir. 1975).............................................................................. 3, 13

9

*Bradley v. Chiron Corp.*,
   136 F.3d 1317 (Fed. Cir. 1998)................................................................................ 5

10

*CDN Inc. v. Kapes*,
   197 F.3d 1256 (9th Cir. 1999).................................................................................. 5

11

*Chi-Fu Hsueh v. Bankers Life & Casualty Co.*,
   421 F. Supp. 3d 937 (S.D. Cal. 2019)...................................................................... 6

12

*City of L.A., Harbor Div. v. Santa Monica Baykeeper*,
   254 F.3d 882 (9th Cir. 2001).................................................................................... 4

13

*Gray v. First Winthrop Corp.*,
   133 F.R.D. 39 (N.D. Cal. 1990)............................................................................... 3

14

*Greene v. Gibraltar Mortg. Inv. Corp.*,
   488 F. Supp. 177 (D.D.C. 1980).............................................................................. 8

15

*In re Apple In-App Purchase Litigation*,
   No. 11-1758, 2012 U.S. Dist. LEXIS 18970 (N.D. Cal.  Feb. 15, 2012) .............. 3, 7

16

*In re German Automotive Manufacturers Antitrust Litigation*,
   335 F.R.D. 407 (N.D. Cal. 2020).......................................................................... 13

17

*Kamakana v. City & County of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006).................................................................................. 5

18

*Laub v. U.S. Dep't of Interior*,
   342 F.3d 1080 (9th Cir. 2003).................................................................................. 2

19

*MDT Corp. v. New York Stock Exchange, Inc.*,
   858 F. Supp. 1028 (C.D. Cal. 1994) ........................................................................ 6

20

*Merritt v. Redwood Investments, LLC*,
   No. 18-01793, 2019 WL 4416130 (S.D. Cal. Sept. 13, 2019)............................... 13

21

*Morrison v. Zangpo*,
   No. 08-1945, 2008 WL 4449585 (N.D. Cal. Sept. 30, 2008) .............................. 6, 8

22

*Mujica v. AirScan, Inc.*,
   771 F.3d 580 (9th Cir. 2014)............................................................................. 12, 13

23

*PAE Government Services, Inc. v. MPRI, Inc.*,
   514 F.3d 856 (9th Cir. 2007).................................................................................... 5

1

2

**TABLE OF AUTHORITIES**
(continued)

Page

3

*Persian Gulf Inc. v. BP West Coast Products LLC*,
   225 F. Supp. 3d 1178 (S.D. Cal. 2016) ................................................................. 13

4

*Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*,
   No. 09-5235, 2010 WL 11484559 (N.D. Cal. Mar. 4, 2010) ................................... 6

5

*Rae v. Union Bank*,
   725 F.2d 478 (9th Cir.1984) ..................................................................................... 3

6

*Seymour v. Summa Vista Cinema, Inc.*,
   809 F.2d 1385 (9th Cir. 1987) .................................................................................. 5

7

*Singh v. Google, Inc.*,
   No. 16-03734, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) ............................... 13

8

*Sorchini v. City of Covina*,
   250 F.3d 706 (9th Cir. 2001) .................................................................................... 6

9

*Tesoro Refining & Marketing Co. v. Pacific Gas & Electric Co.*,
   No. 14-930, 2015 WL 5675861 (N.D. Cal. Sept. 28, 2015) .............................. 6, 8, 9

10

*Unihan Corp. v. Max Group Corp.*,
   No. 09-7921, 2011 WL 13213822 (C.D. Cal. May 3, 2011) .................................... 5

11

*United States v. McGregor*,
   529 F.2d 928 (9th Cir. 1976) .................................................................................... 5

12

*Waggoner v. Dallaire*,
   767 F.2d 589 (9th Cir. 1985) .................................................................................... 5

13

*Wenger v. Monroe*,
   282 F.3d 1068 (9th Cir. 2002) .................................................................................. 3

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 1 ............................................................................................................ 2

Fed. R. Civ. P. 26(d) ..................................................................................................... 2

Fed. R. Civ. P. 37 .......................................................................................................... 2

Fed. R. Civ. P. 37(a)(2) ................................................................................................. 2

**Treatises**

Restatement (Second) of Contracts § 164
   (Am. Law Inst. 1981) ............................................................................................... 8

**Articles**

Jay E. Grenig, *Stipulations Regarding Discovery Procedure*,
   21 Am. J. Trial Advoc. 547 (Spring 1998) .............................................................. 4

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2051632.5

1    **I.      INTRODUCTION**

2           At some point evasion must end and Plaintiffs be allowed access to the materials that will

3    prove this case.  Recent events have made clear that the time is now, and Plaintiffs should be

4    permitted to conduct discovery.

5           On April 24, 2019, Plaintiffs propounded a straightforward interrogatory asking Google to

6    "[i]dentify all ways in which Google . . . use[s] and/or analyze[s] Location Information."  Decl. of

7    Michael W. Sobol ISO Pls.' Mot. to Reopen Discovery ("Sobol Decl.") Ex. 2 at 5, ECF No. 151.

8    Despite months of meeting and conferring, Google avoided providing a comprehensive answer to

9    this basic question, failing to offer specific facts, while answering, in September 2019, that its

10   "investigation [was] continuing."  Sobol Decl. Ex. 4 at 14, ECF No. 151.  It recently surfaced that

11   the Arizona Attorney General ("AZAG") has been conducting a parallel investigation of Google's

12   geolocation tracking practices and obtained significant material—only a portion of which is now

13   public—not only bearing on the "ways in which Google . . . use[s] and/or analyze[s] Location

14   Information," but also undermining Google's positions taken in both its prior and its currently

15   pending Motions to Dismiss with respect to the pivotal issues of, *inter alia*, disclosure, consent,

16   and social norms.  The limited publicly available material shows that Google employees knew

17   Google misled users into believing Google would not track and store their locations and

18   movements when its Location History setting was disabled.  The AZAG describes other

19   materials, not yet unsealed, as evidence of further deceptive conduct by Google involving at least

20   three location-related settings.  Plaintiffs thus ask this Court to lift the discovery stay it entered

21   when, on January 14, 2020, it continued the deadline for Plaintiffs to amend their complaint while

22   their request for interlocutory review of the Court's December 2019 dismissal order was pending.

23          Strikingly, while accusing Plaintiffs of "gamesmanship," Google avoids nearly any

24   reference to the *content* of the material at issue or discussion of the contrast between how,

25   throughout 2019, it tactically stonewalled Plaintiffs in this action while providing information

26   Plaintiffs sought to the AZAG, including in significant part just *three days* after this Court entered

27   a discovery stay here.  Google does not deny that the material Plaintiffs seek is unquestionably

28   relevant but instead distracts the Court with inapplicable contract law principles more

- 1 -

1   appropriately applied to stipulations as to fact or jurisdiction in an effort to divest this Court of its

2   authority to control discovery and avoid its burden to make a strong showing as to why a

3   discovery stay should remain in place.  Google's machinations cannot alter the fact that whether

4   discovery is open is committed to the discretion of the district court and governed by the Federal

5   Rules of Civil Procedure.  Nevertheless, whether guided by the Federal Rules, contract law,

6   principles of equity, or just common sense, it is clear that discovery should commence to facilitate

7   resolution of this case on the merits.

8   **II.    ARGUMENT**

9          **A.    Google has not made the strong showing required to stay discovery.**

10         Whether discovery should be open while a motion to dismiss is pending is committed to

11   the sound discretion of this Court, as guided by the Federal Rules of Civil Procedure.  *See, e.g.*,

12   *Am. Pac. Textile, Inc. v. United* States, 627 F. App'x 648, 649 (9th Cir. 2015) ("A district court is

13   vested with broad discretion to permit or deny discovery . . . ." (quoting *Laub v. U.S. Dep't of*

14   *Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003))); *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*,

15   5 F.3d 378, 383 (9th Cir. 1993) (applying abuse of discretion standard); *Am. W. Airlines, Inc. v.*

16   *GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) ("It is clear that the question of whether to

17   allow discovery is generally within the discretion of the trial judge.").

18         Plaintiffs' motion is brought under three such Federal Rules.  Rule 26 dictates that

19   discovery is open by default after the parties' initial Rule 26(f) conference regardless of whether a

20   motion to dismiss is pending.  *See* Fed. R. Civ. P. 26(d).  Notably, this Court already denied

21   Google's administrative motion to continue the Rule 26(f) conference until after a motion to

22   dismiss was adjudicated, and the conference occurred on April 22, 2019.  *See* ECF Nos. 74, 78,

23   81 at 9.  Rule 37 authorizes motion practice where a party fails to "[c]ooperate in [d]iscovery," as

24   the disclosures from the AZAG litigation show Google has done with respect to Plaintiffs'

25   straightforward discovery requests.  Fed. R. Civ. P. 37, 37(a)(2).  Most importantly, Rule 1

26   dictates that all Federal Rules "should be construed, administered, and employed by the court and

27   the parties to secure the just, speedy, and inexpensive determination of every action and

28   proceeding."  Fed. R. Civ. P. 1.  Google may deride these three Rules as "inapposite," but they

1   decidedly are not.  Google's Opp'n at 1, ECF No. 154.  Together they stand for the proposition

2   that here, where Google has already compiled material to respond to a parallel investigation, very

3   limited public disclosure of which shows the material incontrovertibly is relevant to—and,

4   indeed, supportive of—the claims at issue in this case, justice, speed, and efficiency demand that

5   discovery be reopened and Google produce the material at issue in full to Plaintiffs.

6        Because disclosure illuminates the strengths of claims and defenses, bringing cases closer

7   to resolution, courts are skeptical of blanket stays of discovery while motions to dismiss are

8   pending.  "Had the Federal Rules contemplated that a motion to dismiss under [Rule] 12(b)(6)

9   would stay discovery, the Rules would contain a provision to that effect."  *Gray v. First Winthrop*

10  *Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  No such provision exists because it would be

11  "directly at odds with the need for expeditious resolution of litigation."  *Id.*

12       Further, as this Court recognized in *In re Apple In-App Purchase Litigation* "to stay

13  discovery pending a ruling on a potentially dispositive motion" in the "Ninth Circuit requires [a]

14  [d]efendant to make a 'strong showing' of why discovery should be stayed."  No. 11-1758, 2012

15  U.S. Dist. LEXIS 18970, *3-4 (N.D. Cal.  Feb. 15, 2012) (ECF No. 63, at 2) (Davila, J.) (quoting

16  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  It is no surprise then that

17  Google has not attempted to make this showing, as Ninth Circuit precedent instructs that a stay on

18  discovery is inappropriate unless there are no factual issues raised by the motion to dismiss.  *See*

19  *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002); *Rae v. Union Bank*, 725 F.2d 478, 481

20  (9th Cir.1984).  Google's arguments for dismissal, including its contentions that its geolocation

21  data collection was both insufficiently comprehensive to invade a reasonable expectation of

22  privacy and also inoffensive to a reasonable person, depend on factual determinations.  *See, e.g.*,

23  Pls.' Opp'n to Google's Motion to Dismiss at 3-4, ECF No. 149.  Thus, discovery should move

24  forward, particularly here, where the limited materials unsealed in the AZAG litigation show that

25  Google has withheld from Plaintiffs information that bears on these live, disputed issues.

26       **B.    Contract law does not govern this dispute.**

27       Seeking to divest this Court of its inherent authority to control discovery in the cases

28  before it, Google mischaracterizes Plaintiffs' Motion to Reopen Discovery as sounding in

- 3 -

1   contract.  *See* Google's Opp'n at 7-16 (invoking contract principles through Argument section of

2   Opposition).  Whether discovery should be open while a motion to dismiss is pending is not a

3   matter of contract law, and Google's invocation of such is a distraction from the resolution of this

4   case on the merits.

5        To be sure, the discovery stay in place does have its origins in a stipulation filed with the

6   Court.  In January 2020, Plaintiffs requested Google's consent to extend the time to file an

7   amended complaint until the conclusion of proceedings on Plaintiffs' request for interlocutory

8   review of this Court's December 2019 dismissal order.  Plaintiffs sought to conserve the

9   resources required from both the parties and Court to litigate and resolve a second motion to

10  dismiss simultaneous to any appellate proceedings.  Sobol Decl. ¶ 5.  Google conditioned its

11  consent on a stay of discovery until it answered the next pleading.  *Id.*  A stipulation was filed,

12  and the Court ordered a discovery stay as of January 14, 2020.  ECF No. 118.  It is from this

13  Court's *order* that Plaintiffs seek relief, and this Court "possesses the inherent procedural power

14  to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient."  *See*

15  *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)

16  (emphasis in original).

17       Google's authorities do not counsel otherwise.  Google cites an article from the American

18  Journal of Trial Advocacy for the proposition that "Courts ***especially*** favor discovery stipulations

19  'because they foster the flexibility intended by the discovery rules.'"[1]  Google's Opp'n at 7

20  (quoting Jay E. Grenig, *Stipulations Regarding Discovery Procedure*, 21 Am. J. Trial Advoc.

21  547, 547 (Spring 1998)).  Never mind that the source actually states that such stipulations are

22  "***generally*** favored," not "especially favor[ed]," and the topics discussed relate to such minutiae

23  as the time and location of depositions, Google most glaringly omits this statement, which

24  immediately follows its quoted text: "Nonetheless, a court still has the power to control

25  discovery."[2]  21 Am. J. Trial Advoc. at 547.

26  _____

    [1] Unless otherwise stated, all emphasis in quotations appearing within this brief is added.

27  [2] Plaintiffs respectfully suggest that the Court carefully review Google's citations, as more than
    one inarguable mischaracterization of authority has appeared in its briefings.  As Plaintiffs noted

28  in their Reply in Support of Unsealing, Google incorrectly, and in direct contravention of the

1    The stern warnings Google announces regarding contract enforcement arise in entirely

2    different contexts where, unlike here, agreements were made regarding the *facts* upon which the

3    parties would rely to resolve cases on their merits or whether courts had jurisdiction over claims

4    at all.  For example, *Waggoner v. Dallaire*, upon which Google relies to assert, incorrectly, that a

5    "manifest injustice" standard applies, involved a trial stipulation as to employment status that was

6    determinative of the statute of limitations, which the Ninth Circuit held implicated the "law of the

7    case doctrine, " given that the appellate court issued a prior "decision on its legal effect."  767

8    F.2d 589, 593 (9th Cir. 1985).  *Seymour v. Summa Vista Cinema, Inc.* similarly involved a pretrial

9    stipulation as to employment status.  809 F.2d 1385, 1388 (9th Cir. 1987).  *CDN Inc. v. Kapes*, a

10   copyright case from which Google invokes the contract principles of "indications of involuntary

11   or uninformed consent," centered on a stipulation that unauthorized copying had indeed occurred

12   and that the legal dispute was solely whether what had been copied was, in fact, copyrightable.

13   197 F.3d 1256, 1258 (9th Cir. 1999).  The stipulation in *Unihan Corp. v. Max Group Corp.*

14   allowed a party to produce documents that would be used at trial after a discovery cut-off.  No.

15   09-7921, 2011 WL 13213822, at *6 (C.D. Cal. May 3, 2011).  *United States v. McGregor* is a

16   criminal case regarding transporting stolen gold coins in which the stipulation between the

17   defendants and the government was an agreement that the murder of a coin dealer not be

18   mentioned to the jury.  529 F.2d 928, 931 (9th Cir. 1976).  Unlike these cases, the parties here did

19   not reach any such agreement regarding the facts that may be adduced at trial, and no court has

20   issued a ruling based on the stipulation at issue that might possibly implicate the law of the case

21   doctrine.

22

23   foundational Ninth Circuit authority it cited, described a "***general*** presumption favoring
     disclosure" in the Ninth Circuit.  Google's Opp'n to Unsealing at 2, ECF No. 146.  The case,

24   *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), actually
     instructed that a "'***strong*** presumption in favor of access' is the starting point."  Then, in another

25   example, in Google's Motion to Dismiss, it erroneously claimed that a *Ninth* Circuit precedent
     prohibits revisions to allegations in amended pleadings, when, in fact, the case it cited, *Bradley v.*

26   *Chiron Corp.*, 136 F.3d 1317, 1325 (Fed. Cir. 1998), is not only a decision from the *Federal*
     Circuit, but one that the Ninth Circuit specifically rejected in *PAE Government Services, Inc. v.*

27   *MPRI, Inc.*, 514 F.3d 856, 858-59 (9th Cir. 2007).  *See id.* at 859 ("Though the Federal Circuit
     reached a contrary conclusion in *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1326 (Fed. Cir. 1998),

28   no other court of appeals has followed that decision, and we decline to do so.").

- 5 -

1      Google's authorities arising in the context of jurisdictional disputes are equally irrelevant.

2   *Morrison v. Zangpo*, from which Google recorded the sound bite that courts have "analogized a

3   stipulation to a contract," turned on a "statement of nonopposition to binding arbitration"—*i.e.*, an

4   agreement regarding whether the court could resolve the merits of the case at all.  No. 08-1945,

5   2008 WL 4449585, at *2-3 (N.D. Cal. Sept. 30, 2008).  Likewise, the stipulation as to venue in

6   *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.* was determination of

7   jurisdiction.  No. 09-5235, 2010 WL 11484559, at *3 (N.D. Cal. Mar. 4, 2010).  The stipulation

8   in *Chi-Fu Hsueh v. Bankers Life & Casualty Co.*, 421 F. Supp. 3d 937, 939 (S.D. Cal. 2019), was

9   an agreement to share data subject to mediation privilege and *not* to use it to support removal

10  jurisdiction.  *MDT Corp. v. New York Stock Exchange, Inc.*, 858 F. Supp. 1028, 1034-35 (C.D.

11  Cal. 1994), concerned a stipulation to party intervention, and *Tesoro Refining & Marketing Co. v.*

12  *Pacific Gas & Electric Co.*, No. 14-930, 2015 WL 5675861, at *1-2 (N.D. Cal. Sept. 28, 2015),

13  turned on a stipulation that had the effect of precluding a claim for punitive damages.

14      In short, not a single one of Google's authorities addresses an early blanket discovery

15  stay, as is at issue here.  The only case Google cites that involves a stay of discovery whatsoever

16  is not precedent at all, but a 21-year-old unpublished, non-precedential Ninth Circuit

17  memorandum disposition.  *See AT&T Corp. v. MRO Commc'ns, Inc.*, 205 F.3d 1350 (9th Cir.

18  1999).  Google has cited this case in violation of Ninth Circuit Rule 36-3, which prescribes that

19  "[u]npublished dispositions and orders of this Court issued before January 1, 2007 may not be

20  cited to the courts of this circuit" except in limited circumstances that do not apply here.[3]  (Again,

21  Plaintiffs respectfully submit that the Court carefully review Google's citations to authority.  *See,*

22  *supra*, n.2.)  Regardless, *AT&T* is not "instructive" as to the matter at hand.  Google's Opp'n at 8

23  n.4.  *AT&T* did not concern a blanket early discovery stay.  The panel merely determined that the

24  district court had not abused its discretion in denying a request for *additional* discovery in lieu of

25  a decision on a motion for summary judgment under then-Federal Rule 56(f) (currently 56(d)),

26

27  [3] *See also Sorchini v. City of Covina*, 250 F.3d 706, 708 (9th Cir. 2001) (prohibiting citation to
    pre-2007 unpublished disposition for the purposes of providing "notice" of the disposition, even
28  where the unpublished status is disclosed to court).

1    particularly in light the parties' stipulation that summary judgment would be decided on the

2    existing discovery record.  *AT&T*, 205 F.3d at 1350.  *AT&T* provides no rule of law regarding

3    maintenance of a discovery stay early in litigation, particularly here, where limited material

4    unsealed in a parallel investigation demonstrates the relevance of the discovery sought.

5            In sum, whether discovery should be open is within this Court's discretion and is not

6    governed by the inapplicable contract law principles Google invokes to avoid the requirement that

7    it "make a 'strong showing' of why discovery should be stayed."  *In re Apple In-App Purchase*

8    *Litig.,* 2012 U.S. Dist. LEXIS 18970 at *3-4.  Google has not shown why a stay is appropriate,

9    and Plaintiffs should be allowed to take discovery without further delay.

10           **C.      Even if Google's inapplicable contract standards apply, Plaintiffs have**
             **satisfied them, and discovery should commence.**

11

12           As explained above, contract law principles do not govern the matter at hand.  Instead,

13   Google bears the burden to show that a discovery stay is appropriate, and it cannot do so,

14   especially here, where the limited portions of the AZAG material that have been made public

15   show the relevance of the discovery Plaintiffs seek.  Nevertheless, Plaintiffs easily surmount each

16   and every one of Google's contract-based hurdles.

17           Google describes the January 14, 2020 stipulation staying discovery as "voluntary and

18   knowing," as if to suggest that this Court can only issue orders governing discovery to address

19   duress.  Google's Opp'n at 8.  However, Plaintiffs' agreement to the discovery stay was certainly

20   not fully "knowing."  On January 14, 2020, Plaintiffs did not know that Google had for months

21   been producing documents to the AZAG and making witnesses available for depositions

22   regarding Google's collection of location information.  *See, e.g.*, Sobol Decl. Ex. 6 at 6-7, 9-10,

23   14, 16, 30, 32-39.  Nor did Plaintiffs know on January 14 that Google was preparing a

24   supplemental response to the AZAG that it would serve three days later (on January 17).

25   Plaintiffs did not know that that supplemental response would address one of the very questions

26   Google avoided answering in Plaintiffs' interrogatory responses by providing "a representative

27   list" (the contents of which remain redacted from the AZAG's filing) "of teams with access to

28   and their use of device-based Web & App Activity location data"—*i.e.*, some of the very data at

PLS.' MOTION TO REOPEN DISCOVERY
CASE NO. 5:18-CV-05062-EJD

1    issue in this case.  *See* Sobol. Decl. Ex. 6 at 72.  In sum, Google's description of Plaintiffs'

2    concurrence in a discovery stay as "knowing" elides Google's multiple material omissions of fact

3    that would make any contract voidable.  *See, e.g.*, Restatement (Second) of Contracts § 164 (Am.

4    Law Inst. 1981) ("Omissions or concealment of material facts can constitute a misrepresentation,

5    just as a positive, direct assertion can." (describing *Greene v. Gibraltar Mortg. Inv. Corp.*, 488 F.

6    Supp. 177, 179 (D.D.C. 1980))).

7        Next Google claims this Court cannot lift a discovery stay unless Plaintiffs can show that

8    maintaining the stay would result in "manifest injustice."  Google's Opp'n at 10.  Google

9    suggests three factors the Court should consider, all of which point toward reopening discovery:

10   (1) the effect of the stipulation on Plaintiffs; (2) the effect on Google; and (3) the "occurrence of

11   intervening events since the parties agreed to the stipulation."  *Id.* at 1 (quoting *Morrison*, 2008

12   WL 449585, at *4, and also relying on *Tesoro*, 2015 WL 5675861, at *10) .

13       *First*, as to the effect on Plaintiffs, it is clear that maintenance of the discovery stay has

14   deprived Plaintiffs of relevant information they had sought but Google withheld during Plaintiffs'

15   initial round of targeted discovery in 2019—and which Plaintiffs could have included in their

16   amended complaint.  Having that information will bring this litigation closer to resolution on the

17   merits.

18       *Second*, while Google asserts it would be "prejudiced because it has already conferred a

19   benefit on Plaintiffs by agreeing to extend" the deadline for complaint amendment during the

20   pendency of Plaintiffs' request for interlocutory review, Google does not actually identify any

21   harm it would suffer from lifting the discovery stay.[4]  *Id.* at 12.  After all, Google *already*

22   compiled the AZAG materials, and there is *no* burden associated with producing them to

23   Plaintiffs.

24       *Finally*, the import of "intervening events since the parties agreed to the stipulation" could

25   not be more clear.  *Id.* at 11.  *Tesoro*, one of Google's authorities, aptly notes that "relevant

26

27   ────────────────
     [4] Google also fails to recognize that it, too, obtained a benefit in that it did not have to

28   simultaneously litigate its second motion to dismiss while also opposing Plaintiffs' request for
     interlocutory review.

1   intervening events include any information discovered after the deadline for amendment, as well

2   as both parties' conduct, before and after the deadline . . . ."  2015 WL 5675861, at *11.  Since

3   the discovery stay was entered, Plaintiffs learned that the AZAG launched a parallel investigation

4   into Google's location tracking practices.  Plaintiffs learned that the AZAG received substantial

5   discovery bearing on Plaintiffs' claims, portions of which were responsive to the requests

6   Plaintiffs had earlier propounded and Google evaded.  Plaintiffs learned the relevance of this

7   material in late August, after Plaintiffs' amended complaint was due and a limited number of

8   exhibits to the AZAG complaint were partially unsealed.  This material undermines Google's

9   arguments raised in its pending Motion to Dismiss regarding consent and the scope of its

10  geolocation tracking practices.  For example, numerous employees expressed concern that Google

11  had not been forthright with its users regarding geolocation tracking.  *See, e.g.*, Sobol Decl. Ex.

12  10 ¶ 135 ("Indeed we aren't very good at explaining this to users.  Add me to the list of Googlers

13  who didn't understand how this worked an [sic] was surprised when I read the article . . . we

14  shipped a [user interface] that confuses users. . . ."), ¶ 138 ("I agree with the article. Location off

15  should mean location off, not except for this case or that case.").  Further, as to the fact that

16  Google continues to track users' location when the Location History setting is disabled—*i.e.*, the

17  fundamental concern animating this case—an employee wrote:

18         There are lots of "location histories", like [Web & App Activity], Fi, Photos.
           Probably others.  Impossible to find them all and prevent new ones from being
19         created.  Infeasible to change . . . [i]nfeasible to respect device-level controls as
           required.  ***Solvable through messaging***.
20

21  Sobol. Decl. Ex. 11, at GOOG-GLAZ-00078653.  But no amount of *messaging*, whether by

22  avoiding nearly any discussion of the factual material at issue[5] or mischaracterizing Plaintiffs'

23  request to reopen discovery as a matter of contract law, can solve this problem.  Only

24  transparency can resolve the claims in this case, and thus it would be manifestly unjust for

25  _____

26  [5] Google devotes but one paragraph to the content of the AZAG materials at issue.  *See* Google's
    Opp'n at 6:16-24.  Google claims that the "Location Master" setting identified in the AZAG
27  complaint is uncontroversial, and there is nothing for Plaintiffs to discover.  Puzzlingly, however,
    Google does not acknowledge that the paragraph describing Location Master in the AZAG
28  complaint remains entirely redacted because Google has not consented to unsealing.  *See* Sobol
    Decl. Ex. 9 at 5:11-16.

1    discovery to remain subject to a stay.

2          **D.      Google's other misleading distractions provide no basis to deny Plaintiffs'
                      plainly relevant discovery and delay resolution of this case on the merits.**
3

4          In further attempts to avoid the merits, Google has engaged in multiple other

5    mischaracterizations of Plaintiffs' arguments, the record, and the law.  Plaintiffs address each of

6    these distractions in brief.

7          *Plaintiffs do not "believe" discovery is "necessary for purposes of resolving Google's*

8    *Rule 12 motion."*  Google's Opp'n at 5.  Nor is Plaintiffs' Motion to Reopen Discovery a "last-

9    ditch effort to avoid dismissal."  *Id.* at 1.  As Plaintiffs thoroughly explained in their Opposition

10   to Google's Motion to Dismiss, that motion should be denied based on Plaintiffs' "detailed, well-

11   researched, and plausible" allegations "that Google's unauthorized collection of location data

12   took place over an extended period of years *and* repeatedly throughout the day."  Pls.' Opp'n to

13   Google's Motion to Dismiss at 5, ECF No. 149.  Further, Plaintiffs plausibly alleged that

14   "Googled violated Plaintiffs' reasonable expectations [of privacy] not only by storing information

15   Google received for exclusively transitory uses, but also by growing those illicit data stores with

16   information reported by other apps and services, and by using its data repositories to generate and

17   refine sensitive profiles of Plaintiffs that it otherwise would not have had."  *Id.*  Plaintiffs'

18   Amended Consolidated Complaint is well pled and Plaintiffs do not "believe" otherwise.

19   Google's Opp'n at 5.  While no additional discovery is *needed* to survive Google's Motion to

20   Dismiss, the limited materials unsealed in the AZAG litigation show the veracity of Plaintiffs'

21   allegations, such that there is no reason to delay the progress of this litigation any further.  The

22   time for Google's obfuscations should end and Plaintiffs should be permitted to discover the

23   materials that will prove their case.

24         *Plaintiffs have not "known about [the Arizona Attorney General's] investigation for*

25   *years," and the timing of this motion is not "suspect."*  Google's Opp'n at 13.  As Interim Co-

26   Lead Class Counsel explained, "[o]n or around May 27, 2020, Plaintiffs' counsel became aware

27   of a parallel investigation into Google's location tracking practices undertaken by the [AZAG]

28   based on reporting in the Washington Post regarding a complaint the AZAG filed that same day."

1   Sobol Decl. ¶ 6.  Google has indeed identified September 2018 reporting describing an Arizona

2   "probe," but a mere mention of a "probe" provides negligible visibility into the nature of the

3   investigation, which only later media reports were able to do, once the AZAG filed its initial

4   complaint in May 2020.  In contrast, Plaintiffs' prior April 2019 complaint described publicly

5   available complaints filed by Dutch, Greek, Czech, Slovenian, Polish, and Swedish authorities

6   and investigations by the United States Senate Committee on Commerce, Science, and

7   Transportation and House Judiciary Committee.  *See* ECF No. 80 at ¶¶ 86-87.  By the time

8   Plaintiffs filed their Amended Consolidated Complaint, in July 2020, they had access to the

9   AZAG's (heavily redacted) complaint and only then could they appropriately reference it, as they

10  did, in their pleading.  Am. Consolidated Compl., ECF No. 131 at ¶ 113 ("[T]he facts learnt from

11  [the AZAG's] investigation are being kept hidden from Google's users, as much of the relevant

12  facts have been redacted from the public record.").

13          **Plaintiffs have <u>not</u> had access to the "materials that they complain were not produced to**

14  **them for nearly three months."**  Google's Opp'n at 13-15.  Despite Google's insinuation that

15  Interim Co-Lead Class Counsel have somehow coordinated with the "private law firm" the

16  AZAG engaged to assist in its investigation, Plaintiffs' access to the AZAG's investigative

17  findings is no different from that of any member of the public.  *Id.* at 6.  Plaintiffs learned of the

18  AZAG investigation in May 2020 when a complaint was publicly filed, albeit in heavily redacted

19  form and with all but seven of 270 exhibits under seal.  Sobol Decl. ¶ 6.  Only in late August did

20  the AZAG file a lesser-redacted version of the complaint with the redacted exhibits from which

21  the material quoted in Plaintiffs' motion is drawn.  *See* Sobol Decl. Exs. 8-10. Plaintiffs

22  thoroughly reviewed and analyzed the material and then promptly brought the issue to the Court's

23  attention.

24          **Interim Co-Lead Class Counsel have not filed "eleven complaints."**  Google's Opp'n

25  at 1.  *See also id.* at 2 (describing "nearly a dozen complaints").  Plaintiffs already explained why

26  the description of their Amended Consolidated Complaint as the eleventh complaint filed in this

27  matter is misleading at best.  *See* Pls.' Reply ISO Mot. to Unseal at 8, ECF No. 147-3.

28  Nevertheless, Google repeats this tired refrain in the second sentence of its brief, compelling

1   Plaintiffs to once again correct the record.  As the Court surely is aware, different plaintiffs

2   brought different lawsuits against Google; those cases were consolidated; this Court appointed

3   Interim Co-Lead Counsel on April 1, 2019; Plaintiffs filed a Consolidated Complaint on April 29,

4   2019; the Court granted dismissal with leave to amend on December 19, 2019; Plaintiffs sought

5   certification for interlocutory appeal and reconsideration; and Plaintiffs filed their first Amended

6   Consolidated Complaint on July 6, 2020.  *See* ECF Nos. 72, 80, 113, 131.  The Court has

7   addressed just one complaint in a substantive ruling.

8        ***There is no "binding precedent" prohibiting the discovery Plaintiffs seek.*** *See* Google's

9   Opp'n at 17.  In arguing that Plaintiffs have "not been shy" about why discovery should reopen

10   now, Google tactically misrepresents Plaintiffs' motion as a "fishing expedition" for facts to

11   establish the plausibility of their amended complaint.  *Id.* at 16, 2.  To be sure, this Court should

12   grant leave to amend if it dismisses the complaint, including because evidence that came to light

13   *after* the complaint was filed shows it would be unjust and inefficient for Google to avoid

14   discovery, take positions inconsistent with what that discovery would show (as evidenced by the

15   limited AZAG material ***made public***), and maintain a dismissal on a skewed record.  Ps' Opp'n to

16   Motion to Dismiss, ECF No. 149, at 25.  This newly-public evidence shows that granting leave to

17   amend would not be futile whether or not discovery reopens now.

18        But *this* motion, under Federal Rules 1, 26, and 37, is brought to facilitate bringing *all* of

19   the relevant evidence promptly before this Court.  Plaintiffs seek to reopen discovery now—not

20   because their complaint is deficient (it is not)—but because Google cannot make the required

21   "strong showing" to justify an ongoing discovery stay where new evidence—both in the public

22   domain *and* non-public materials that the AZAG has described—undermines Google's arguments

23   for dismissal and shows that a continued stay will prejudice Plaintiffs and the Class by

24   unnecessarily delaying *all* proceedings.  Google cites no authority denying discovery in

25   circumstances like these, where the complaint has not been dismissed, and material supporting

26   not only the plausibility, but also the veracity of Plaintiffs' allegations, is part of the public

27   record.  *Mujica v. AirScan, Inc.*, 771 F.3d 580 (9th Cir. 2014), which Google claims is

28   dispositive, does not counsel a different result.  In *Mujica*, the Court found, and the plaintiff

1   acknowledged, that facts which might render the claims at issue plausible could *only* be obtained

2   through discovery.  *Id.* at 593.  That "plausibility" discovery may be foreclosed in some cases

3   when no complaint is pending[6] does not mean courts lose their discretion to permit discovery on

4   the merits to further the just, speedy, and inexpensive determination of the entire action,

5   particularly not while an operative complaint *is* pending, and any dismissal should be with leave

6   to amend.  *Am. W. Airlines*, 877 F.2d at 801 ("[W]hether to allow discovery is generally within

7   the discretion of the trial judge."); *Singh v. Google, Inc.*, No. 16-03734, 2016 WL 10807598, at

8   *2 (N.D. Cal. Nov. 4, 2016) (denying motion to stay discovery where "the Court would consider

9   whether leave to amend should be granted, rendering Google's motion not dispositive").

10       Respectfully, this Court should deny Google's pending Motion to Dismiss, but if it does

11  not, Plaintiffs should still be allowed to amend their allegations in light of the plainly relevant

12  materials associated with the AZAG investigation, and to re-commence discovery on the merits in

13  light of the reasonable certainty that, if they have not already, Plaintiffs can allege claims upon

14  which relief can be granted.

15  **III.   CONCLUSION**

16       Google has not made the "strong showing" necessary to stay discovery in this action.

17  *Blankenship*, 519 F.2d at 429.  As the limited materials unsealed in the AZAG litigation show,

18  Google has withheld from Plaintiffs information that bears on disputed issues, including the

19  comprehensiveness of Google's geolocation data collection and Google's own state of mind as to

20  consent and whether its practices violate its users' reasonable expectations of privacy.  There is

21  no reason to further delay litigation of this case on the merits and prevent Plaintiffs from

22  accessing material that will bear on their claims and Google's defenses—and that Google has

23  already compiled.  Therefore, for the foregoing reasons, Plaintiffs respectfully request that the

24

---

25  [6] Each of *In re German Automotive Manufacturers Antitrust Litigation*, 335 F.R.D. 407, 409
     (N.D. Cal. 2020), *Merritt v. Redwood Investments, LLC*, No. 18-01793, 2019 WL 4416130, at *3

26  (S.D. Cal. Sept. 13, 2019) and *Persian Gulf Inc. v. BP West Coast Products LLC*, 225 F. Supp. 3d
     1178, 1180 (S.D. Cal. 2016), concerned post-dismissal "plausibility" discovery, not motions to

27  reopen discovery in light of new evidence while a motion to dismiss was pending.  Indeed, the
     *German Automotive* Court expressly declined to address whether it would retain discretion to

28  order discovery where a motion to dismiss was pending but had not been resolved.

1   Court allow Plaintiffs to propound discovery requests on Google.

2

3   Dated: October 21, 2020                    Respectfully Submitted,

4                                                 _____/s Michael W. Sobol_____
                                                Michael W. Sobol (SBN 194857)
5                                               msobol@lchb.com
                                                Melissa Gardner (SBN 289096)
6                                               mgardner@lchb.com
                                                Michael Levin-Gesundheit (SBN 292930)
7                                               mlevin@lchb.com
                                                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
8                                               275 Battery Street, 29th Floor
                                                San Francisco, CA  94111-3339
9                                               Telephone:  415.956.1000
                                                Facsimile:  415.956.1008
10
                                                _____/s Tina Wolfson_____
11                                              Tina Wolfson (SBN 174806)
                                                twolfson@ahdootwolfson.com
12                                              Theodore Maya (SBN 223242)
                                                tmaya@ahdootwolfson.com
13                                              Bradley K. King (SBN 274399)
                                                bking@ahdootwolfson.com
14                                              Christopher Stiner (SBN 276033)
                                                cstiner@ahdootwolfson.com
15                                              10728 Lindbrook Drive
                                                Los Angeles, CA 90024
16                                              Telephone: 310.474.9111
                                                Facsimile: 310.474.8585
17
                                                Nicholas Diamand (*pro hac vice*)
18                                              ndiamand@lchb.com
                                                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
19                                              250 Hudson Street, 8th Floor
                                                New York,  NY 10013
20                                              Telephone:  212.355.9500
                                                Facsimile:  212.355.9592
21
                                                *Interim Co-Lead Class Counsel*
22

23

24

25

26

27

28

PLS.' MOTION TO REOPEN DISCOVERY
CASE NO. 5:18-CV-05062-EJD

2051632.5

1

**ATTESTATION OF FILER—LOCAL RULE 5-1(i)(3)**

2        I, Michael Levin-Gesundheit, attest that concurrence in the filing of this document has

3  been obtained from the signatories shown above.  I declare under penalty of perjury that the

4  foregoing is true and correct.

5

            */s Michael Levin-Gesundheit*

6        Michael Levin-Gesundheit

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLS.' MOTION TO REOPEN DISCOVERY
CASE NO. 5:18-CV-05062-EJD

2051632.5