KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD |
| | **DEFENDANT GOOGLE LLC'S ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Dept:       Courtroom 4 - 5th Floor |
| | Judge:      Hon. Edward J. Davila |
| | Date Filed: November 2, 2018 |
| | Trial Date:  None Set |

Defendant Google LLC ("Google") hereby answers the Amended Consolidated Class Action Complaint ("Amended Complaint") filed by Plaintiffs Napoleon Patacsil, Michael Childs, Nurudaaym Mahon, Najat Oshana, and Noe Gamboa (collectively, "Plaintiffs").  Except as expressly admitted herein, Google denies the allegations in the Amended Complaint.  Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.[1]

## I.    INTRODUCTION[2]

1.     Google admits that it is a defendant in this action.  Google denies the remaining allegations in Paragraph 1.[3]

2.     Google admits that it provides an account-level setting called "Location History."  Google admits that the excerpted language quoted in Paragraph 2 appeared previously on a user-facing support webpage for the Location History setting, but Google denies that the full text of that support webpage, read in the full context of Google's other disclosures, has the meaning that Plaintiffs ascribe.  Google denies the remaining allegations in Paragraph 2, including Paragraph 2's characterization of Google's statements.

3.     Google admits that an Associated Press ("AP") article entitled "AP Exclusive: Google tracks your movements, like it or not" was published in August 2018, that Exhibit 2 purports to be a copy of that article, and that the language quoted in the third sentence of Paragraph 3 appears in Exhibit 2.  Google admits that Will Devries, Google Senior Privacy Counsel, testified in front of the United States Senate Judiciary Committee on March 12, 2019.  Google admits that Exhibit 3 purports to be a copy of a portion of the transcript from that March

---

[1] Google interprets any headings and the Table of Contents to provide a roadmap to the allegations and not as allegations themselves.  Google therefore does not provide a specific response to the headers or the Table of Contents.  To the extent a response is required, Google denies any allegations contained therein.  The various headings and subheadings in the Amended Complaint are reproduced herein solely for convenience.

[2] The Amended Complaint includes numerous footnotes referencing news articles, online posts, and other content. These articles, posts, and other content speak for themselves, and Google denies any characterizations of such materials except where explicitly admitted.

[3] Google admits that Footnote 1 cites to Exhibit 1, which purports to show changes made to the previously-filed Consolidated Class Action Complaint.  The remainder of Footnote 1 calls for a legal conclusion, to which no response is required.

1636415

12, 2019 hearing, and that the language block-quoted at the end of Paragraph 3 and also quoted in Footnote 3 appears in Exhibit 3 (without the stylistic alterations adopted in Paragraph 3).  Google denies the remaining allegations in Paragraph 3, including Plaintiffs' characterization of the contents of Exhibits 2 and 3.

4.      Google admits that it responded to an April 23, 2019 letter from the United States House of Representatives Committee on Energy and Commerce, and that the excerpted language quoted in Paragraph 4 appears in Google's response (without the alterations adopted in Paragraph 4).  Google denies the remaining allegations in Paragraph 4, including Paragraph 4's characterization of Google's response.

5.      Google denies the allegations in Paragraph 5, including Paragraph 5's characterization of unspecified statements purportedly attributable to Google.

6.      Google denies the allegations in Paragraph 6.

7.      Google admits that it derives revenue from displaying advertisements to users of certain Google products and services.  Google denies the remaining allegations in Paragraph 7, including Paragraph 7's characterization of Google's business.

8.      Google lacks sufficient information to admit or deny the allegations in Paragraph 8, and on that basis denies those allegations.

9.      The first sentence in Paragraph 9 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.  Google admits that the language quoted in Paragraph 9 appears to be excerpted from *Carpenter v. United States*, 138 S. Ct. 2206 (2018).  Google admits that Sundar Pichai is Google's Chief Executive Officer, that Mr. Pichai testified in front of the United States House Judiciary Committee on December 11, 2018, that Exhibit 4 purports to be a copy of a portion of the transcript from that December 11, 2018 hearing, and that the language quoted in the last sentence of Paragraph 9 appears in Exhibit 4.  Google denies the remaining allegations in Paragraph 9, including Paragraph 9's characterization of the contents of Exhibit 4.

DEFENDANT GOOGLE LLC'S ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 5:18-cv-05062-EJD

1636415

10.     Paragraph 10 calls for several legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.[4]

## II.      THE PARTIES

11.     Google lacks sufficient information to admit or deny the allegations in Paragraph 11, and on that basis denies those allegations.

12.     Google admits that Android is a mobile operating system developed by Google. Google lacks sufficient information to admit or deny the other allegations in Paragraph 12, and on that basis denies those allegations.

13.     Google lacks sufficient information to admit or deny the allegations in Paragraph 13, and on that basis denies those allegations.

14.     Google lacks sufficient information to admit or deny the allegations in Paragraph 14, and on that basis denies those allegations.

15.     Google lacks sufficient information to admit or deny the allegations in Paragraph 15, and on that basis denies those allegations.[5]

16.     Google lacks sufficient information to admit or deny the allegations in Paragraph 16, and on that basis denies those allegations.

17.     Google lacks sufficient information to admit or deny the allegations in Paragraph 17, and on that basis denies those allegations.

18.     Google lacks sufficient information to admit or deny the allegations in Paragraph 18, and on that basis denies those allegations.

19.     Google lacks sufficient information to admit or deny the allegations in Paragraph 19, and on that basis denies those allegations.

20.     Google lacks sufficient information to admit or deny the allegations in Paragraph 20, and on that basis denies those allegations.

21.     Google lacks sufficient information to admit or deny the allegations in Paragraph 21, and on that basis denies those allegations.

---

[4] Footnote 5 calls for a legal conclusion, to which no response is required.
[5] Footnote 6 calls for a legal conclusion, to which no response is required.

22.     Google lacks sufficient information to admit or deny the allegations in Paragraph 22, and on that basis denies those allegations.

23.     Google lacks sufficient information to admit or deny the allegations in Paragraph 23, and on that basis denies those allegations.

24.     Google lacks sufficient information to admit or deny the allegations in Paragraph 24, and on that basis denies those allegations.

25.     Google lacks sufficient information to admit or deny the allegations in Paragraph 25, and on that basis denies those allegations.

26.     Google lacks sufficient information to admit or deny the allegations in Paragraph 26, and on that basis denies those allegations.

27.     Google lacks sufficient information to admit or deny the allegations in Paragraph 27, and on that basis denies those allegations.

28.     Google lacks sufficient information to admit or deny the allegations in Paragraph 28, and on that basis denies those allegations.[6]

29.     Google lacks sufficient information to admit or deny the allegations in Paragraph 29, and on that basis denies those allegations.

30.     Google lacks sufficient information to admit or deny the allegations in Paragraph 30, and on that basis denies those allegations.

31.     Google admits that it is a Delaware limited liability company headquartered in Mountain View, California.  Google admits that it is a developer of the Android operating system and various mobile applications.  Google denies the remaining allegations in Paragraph 31.

32.     Paragraph 32 calls for a legal conclusion to which no response is required; to the extent a response is required, Google admits that Plaintiffs have alleged they intend to seek damages in excess of $5,000,000 on behalf of a putative class, which includes citizens of states different from defendant, but otherwise denies that that Plaintiffs' proposed class can be certified

---

[6] Footnote 7 calls for a legal conclusion, to which no response is required.

DEFENDANT GOOGLE LLC'S ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 5:18-cv-05062-EJD

1636415

1   under Federal Rule of Civil Procedure 23 and denies that Plaintiffs' claims have any merit or that

2   Plaintiffs are entitled to any damages based on those claims.

3        33.    Google admits that it is headquartered in the Northern District of California and

4   that it conducts business in California.  Google admits that it consents to the jurisdiction of the

5   federal or state courts of Santa Clara County, California, USA in its Terms of Service.  Google

6   admits that Paragraph 33 cites to Exhibit 5, which purports to be a copy of Google's Terms of

7   Service, effective March 31, 2020, and to Exhibit 6, which purports to be a copy of Google's

8   Terms of Service, effective October 25, 2017.  The remaining allegations of Paragraph 33 call for

9   a legal conclusion, to which no response is required.

10       34.    Google admits that it is headquartered in the Northern District of California.  The

11  remaining allegations of Paragraph 34 call for a legal conclusion, to which no response is

12  required.

13  **III.    CHOICE OF LAW**

14       35.    Google admits that its Terms of Service state in relevant part that "California law

15  will govern all disputes arising out of or relating to [Google's] [T]erms [of Service], service-

16  specific additional terms, or any related services."[7]  Google admits that Paragraph 35 cites to

17  Exhibits 5 and 6.  The remaining allegations of Paragraph 35 call for a legal conclusion, to which

18  no response is required.  To the extent a response is required, Google denies those allegations.

19  **IV.    INTRADISTRICT ASSIGNMENT**

20       36.    Google admits that it markets products in Santa Clara County and in the United

21  States.  Google admits that it is headquartered in Mountain View, California, which is located

22  within Santa Clara County.  The remaining allegations of Paragraph 36 call for a legal conclusion,

23  to which no response is required; to the extent a response is required, Google denies those

24  allegations.

25       37.    Google admits that its Terms of Service state that "all disputes arising out of or

26  relating to [Google's] [T]erms [of Service], service-specific additional terms, or any related

27

28  [7] https://policies.google.com/terms

services . . . will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and [users] and Google consent to personal jurisdiction in those courts."[8] Google admits that the language quoted in Paragraph 37 appears in Exhibit 5 (without the alteration adopted in Paragraph 37), and that Paragraph 37 also cites to Exhibit 6.  The remaining allegations of Paragraph 36 call for a legal conclusion, to which no response is required.

## V.    STATEMENT OF FACTS

### A.    Google Assured Its Users That They Could Prevent Google's Tracking of their Locations.

38.    Google admits that Paragraph 38 cites to three third-party articles attached as Exhibits 7, 8, and 9 and characterizes these exhibits' contents.  Google admits that it develops the Android operating system.  Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 38, and on that basis denies those allegations.

39.    Google lacks information sufficient to admit or deny what users of devices running the Android and iOS operating systems "expect" with respect to "customiz[ing] their devices to their preferences."  Google admits that Android users can change their time zone, preferred language, or screen brightness.  Google admits that it provides Google Account users with Location History, a distinct product that allows users to save a private map of where users go with their signed-in devices, even when the users are not using a Google service.  Google admits that Paragraph 39 cites to Exhibit 6, and that the language quoted in the fourth sentence of Paragraph 39 appears in Exhibit 6.  Google admits that Paragraph 39 cites to Exhibit 10, which purports to be a copy of Google's Privacy Policy, effective July 1, 2020, and that the language quoted in the fifth sentence of Paragraph 39 appears in Exhibit 10.  Google denies the remaining allegations in Paragraph 39 and Footnote 16, including Paragraph 39 and Footnote 16's characterization of Google's statements.[9]

40.    Google admits that it develops the Android operating system and that it also develops applications that can be downloaded onto Android and iOS devices.  Google admits that

---

[8] *Id.*

[9] Footnote 14 purports to offer a definition of "location information."  To the extent a response is required, Google denies that this definition is accurate.

it allows users to adjust settings.  Google denies the remaining allegations in Paragraph 40, including Paragraph 40's characterization of unspecified statements purportedly attributable to Google.

41.     Google admits that Paragraph 41 quotes from Exhibit 11, which purports to be a copy of an archived version of the "Manage or delete your Location History" support webpage, and that the language quoted in Paragraph 41 appears in Exhibit 11 (without the stylistic alterations adopted in Paragraph 41).  Google denies the remaining allegations in Paragraph 41, including Paragraph 41's characterization of the language quoted from Exhibit 11.

42.     Google admits that Paragraph 42 includes a screenshot from Exhibit 11.  Google admits that Google instructed users about how to pause the Location History feature, including in the support webpage cited in Paragraph 42.

43.     Google admits that Paragraph 43 appears to include a screenshot from Exhibit 12, which purports to be a copy of an archived version of the "Manage or delete your Location History" support webpage, but Google denies that the portion of the screenshot underneath "Using the Google app" appears in Exhibit 12.  Google admits that it instructed users about how to pause the Location History feature, including in the support webpage cited in Paragraph 43.  Google admits that it does not control the operating system for Apple devices.

44.     Google denies the allegations in Paragraph 44.

**B.     Google Stores Comprehensive Location Information Regardless of Privacy Settings.**

45.     Google admits that the language quoted in Paragraph 45 appears in Exhibit 11 (without the alteration adopted in Paragraph 45).  Google denies the remaining allegations in Paragraph 45, including Paragraph 45's characterization of the language quoted from Exhibit 11.

46.     Google admits that the language quoted in the first, second, and third sentences of Paragraph 46 appears in Exhibit 13 (without the alterations adopted in Paragraph 46), which purports to be an archived version of Google's Privacy Policy, effective December 18, 2017.  Google admits that the language block-quoted at the end of Paragraph 46 appears in Exhibit 15 (without the stylistic alteration adopted in Paragraph 46), which purports to be content from an

archived version of Google's Privacy Policy.  Google denies the remaining allegations in Paragraph 46, including Paragraph 46's characterization of the language quoted from Exhibits 13 and 15.[10]

47.     Google denies the allegations in Paragraph 47.

48.     Google admits that the excerpted language quoted in Paragraph 48 appears in Exhibit 64, which is a copy of Google's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories.  The Responses and Objections speak for themselves.  Google denies the remaining allegations in Paragraph 48, including Paragraph 48's characterization of Google's statements.

49.     Google admits that it has data stores.  Google admits that several of its mobile applications, including Google Maps, Google Search, and Google Hangouts, are popular products that benefit consumers.  Google admits that the language quoted in the fourth sentence of Paragraph 49 appears in Exhibit 10 (without the alterations adopted in Paragraph 49), and that the language quoted in Paragraph 49 (without the alterations adopted in Paragraph 49) appeared in Google's Privacy Policy in that precise form for the first time on May 25, 2018.  Google admits that the language block-quoted at the end of Paragraph 49 appears in Exhibit 2.  Google denies the remaining allegations in Paragraph 49.

50.     Google admits that the language quoted in Paragraph 50 appears in Exhibit 16 (without the alteration adopted in Paragraph 50), which purports to be a copy of a report by Forbrukerrådet.  Google denies the remaining allegations in Paragraph 50.

51.     Google lacks information sufficient to admit or deny whether its "ability to gather geolocation information is unparalleled."  Google admits that the language quoted in the first half of the second sentence of Paragraph 51 appears in Exhibit 10 (without the alteration adopted in Paragraph 51), and that the language quoted in the second half of the second sentence of

---

[10] To the extent a response is necessary, Google denies the accuracy of the allegation quoted in a parenthetical quotation in Footnote 21.  Google denies Footnote 22's allegation that all of the "[a]dditional hyperlinked text ('Learn More') within this hyperlinked page routed users back to the Account Help page *Manage or delete your Location History*" purportedly contained in Exhibit 11.  Exhibit 15 contains three hyperlinked "Learn More" text phrases, two of which route users to another Google support page on location accuracy.

Paragraph 51 appears in Google's response to the April 23, 2019 letter from the United States House of Representatives Committee on Energy and Commerce. Google admits that the language block-quoted at the end of Paragraph 51 appears in Exhibit 10. Google denies the remaining allegations in Paragraph 51, including Paragraph 51's characterization of Google's technology and data collection.

52.     Google admits that the Google Play Store offers more than 2 million applications, the vast majority of which are third-party applications. Google admits that Paragraph 52 cites to Exhibit 17, a third-party article. Google admits that the language quoted in the last sentence of Paragraph 52 appears in Exhibit 4. Google denies the remaining allegations in Paragraph 52, including Paragraph 52's characterization of information third-party applications send to Google and the contents of the cited third-party reports.

53.     Google admits that the language quoted in the first two sentences of Paragraph 53 appear in Exhibit 18, which purports to be a copy of a third-party article by Douglas C. Schmidt of Vanderbilt University. Google admits that it provides services such as Google Analytics, DoubleClick, and AdWords. Google admits that the language quoted in the last sentence of Paragraph 53 appears in Exhibit 16 (without the alteration adopted in Paragraph 53). Google denies the remaining allegations in Paragraph 53, including Paragraph 53's characterization of the contents of the cited third-party reports.

54.     Google admits that the language quoted in Paragraph 54 appears in Exhibit 18. Google denies the remaining allegations in Paragraph 54, including Paragraph 54's characterization of the contents of the cited third-party report.[11]

55.     Google admits that it provides tools, including "My Activity" and "Takeout," that allow users to view, understand, control, download, and delete data saved in their individual Google Accounts.[12] Google admits that the language quoted in the last sentence of Paragraph 55 appears in Exhibit 18, although the quotation omits the word "the" preceding "actual data traffic."

---

[11] The Amended Complaint erroneously attributes the language quoted in Paragraph 54 to Exhibit 16.

[12] Google admits that the language quoted in Footnote 37 appears in Exhibit 10.

1636415

Google denies the remaining allegations in Paragraph 55, including Paragraph 55's characterization of Google's representations and the contents of the cited third-party report.

56.     Google admits that the language quoted in Paragraph 56 appears in Exhibit 10 (without the stylistic alterations adopted in Paragraph 56), and that the quoted language appeared for the first time in Google's Privacy Policy in that precise form in October 2019.  Google denies the remaining allegations in Paragraph 56.

57.     Google admits that it has been granted patents related to the collection, treatment, and analysis of geolocation data.  Google admits that the patents cited in Footnote 41 are assigned to Google.  Google denies the remaining allegations in Paragraph 57, including Paragraph 57's characterization of the cited patents.

58.     The first sentence of Paragraph 58 calls for legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.  Google admits that the language quoted in Paragraph 58 appears in Exhibit 2 (without the alterations adopted in Paragraph 58).

**C.     Google's Conduct is an Egregious Invasion of Personal Privacy, Personal Security, and Personal Dignity.**

59.     Google lacks sufficient information to admit or deny the allegations contained in and surrounding the five figures reproduced in Paragraph 59, which were purportedly obtained through third-party forensic testing by Plaintiffs' counsel, and on that basis denies those allegations.  Google denies the remaining allegations in Paragraph 59, including Paragraph 59's characterization of the Location History setting.

60.     As stated above, Google lacks sufficient information to admit or deny the allegations contained in and surrounding the five figures reproduced in Paragraph 59, which were purportedly obtained through third-party forensic testing by Plaintiffs' counsel, and on that basis denies the allegations in Paragraph 60, which lack citation and presumably derive from the allegations in Paragraph 59.

61.     Google admits that Paragraph 61 cites to Exhibit 18.  Google denies the allegations in Paragraph 61, including Paragraph 61's characterization of the contents of the cited third-party report.

62.     Google denies the allegations in Paragraph 61, including Paragraph 61's reliance on the information purportedly obtained through supposed third-party forensic testing of the Location History feature, which Plaintiffs claim to have disabled.

63.     The first sentence of Paragraph 63 calls for legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.  Google admits that Paragraph 63 cites to Exhibit 19 and 20, which purport to be copies of third-party reports. Google lacks sufficient information to admit or deny the allegations regarding third-party actors contained in Paragraph 63, and on that basis denies those allegations and Paragraph 63's generalization of those allegations to Google.

64.     Google admits that the language quoted in the second sentence of Paragraph 64 appears in Exhibit 21 (without the alterations adopted in Paragraph 64), which purports to be a copy of a Google blog post from January 24, 2012.  Google admits that the language quoted in the third sentence of Paragraph 64 appears in Exhibit 10.  Google admits that a user's Google Account may include items of information that the user voluntarily chooses to add, including the user's phone number, address, and payment information.  Google denies the remaining allegations in Paragraph 64, including Paragraph 64's characterization of Google's statements and Footnote 47's summary of unspecified "[r]eports" speculating about the reasons for Google's actions in and around 2012.

65.     Google admits that the language quoted in Paragraph 65 appears in Exhibit 22, an article about the actions of third parties, not Google.  Google lacks sufficient information to admit or deny the allegations regarding third-party actors contained in Paragraph 65, and on that basis denies those allegations.

66.     Google admits that Paragraph 66 cites to Exhibit 23, a news article about the actions of third parties, not Google.  Google lacks sufficient information to admit or deny the

1636415

allegations regarding third-party actors contained in Paragraph 66, and on that basis denies those allegations.

67.     Google lacks sufficient information to admit or deny the allegations regarding individuals generally contained in the first sentence of Paragraph 67, and on that basis denies those allegations.  Google admits that certain location information may be stored in an individual's Google Account, depending on the user's settings.  Google admits that an individual's name and email address are required to establish a Google Account, and are thereafter associated with that account.  Google denies the remaining allegations in Paragraph 67.

68.     Google denies the allegations in Paragraph 68.

69.     The first sentence of Paragraph 69 calls for legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.  Google lacks sufficient information to admit or deny the generalized allegations contained in the second through fourth sentences of Paragraph 68, and on that basis denies those allegations.  Google admits that Paragraph 69 cites to an article referenced in Footnote 51.  Google admits that it announced in October 2018 its plans to shut down Google+ for consumers.  Google denies the remaining allegations in Paragraph 69, including Paragraph 69's characterization of Google's statements and actions.

70.     Google lacks sufficient information to admit or deny the nonspecific allegations contained in the first two sentences of Paragraph 70, and on that basis denies those allegations. The last sentence of Paragraph 70 calls for legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

    **D.      It Is Not Possible to Prevent Google's Collection of Location Information Through the Controls It Purports to Give Consumers.**

71.     Google admits that it introduced a "My Location" beta feature for Google Maps in 2007.  Google admits that the language quoted in Paragraph 71 appears in Exhibit 24, which purports to be a copy of a Google Mobile Blog post.  Google denies the remaining allegations, including Paragraph 71's characterization of the contents of Exhibit 24.

72.     The first sentence of Paragraph 72 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.  Google admits that the text block-quoted in Paragraph 72 is delivered in audio format in the video embedded in the blog post cited in Paragraph 71.  Google denies the remaining allegations, including Paragraph 72's characterization of the contents of the embedded video.

73.     Google admits that it launched a feature called "Latitude" in February 2009. Google admits that the language quoted in the second sentence of Paragraph 73 appears in Exhibit 26 (without the stylistic alterations adopted in Paragraph 73), which purports to be a copy of a Google Official Blog post.  Google admits that it launched a version of Location History in November 2009, and that the language quoted in the last sentence of Paragraph 73 appears in Exhibit 27 (without the alterations adopted in Paragraph 73), which purports to be a copy of a Google Mobile Blog post.  Google denies the remaining allegations, including Paragraph 73's characterization of Google's statements.

74.     Google denies that it retired Latitude in July 2013.  Google admits that it presently offers the Location History setting to users.

75.     Google denies the allegations in Paragraph 75.

76.     Google lacks sufficient information to admit or deny the allegations about what unspecified "media reports" disclosed in Paragraph 76, and on that basis denies those allegations. Google admits that it provides users an account-level setting called "Web & App Activity," which users have the option to disable.  Google admits that Paragraph 76 references Exhibit 28, which purports to be a series of screenshots prepared by Plaintiffs' counsel demonstrating how to turn off Web & App Activity.

77.     The first sentence of Paragraph 77 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.  Google admits that the Web & App Activity setting is enabled during new account setup.  Google lacks sufficient information to admit or deny the allegations about the contents of the third-party report attached as Exhibit 2, and on that basis denies those allegations.

78.     Google admits that Paragraph 78 and Footnote 57 cite to Exhibits 29 and 30, which purport to be copies of news articles, and that the language quoted in Footnote 57 appears in Exhibits 29 (without the stylistic alteration adopted in Footnote 57) and 30.  Google admits that the language quoted in the last sentence of Paragraph 78 appears in Exhibit 31 (without the alterations adopted in Paragraph 78), which purports to be a copy of the "Manage your Location History" support page.  Google denies the remaining allegations in Paragraph 78, including Paragraph 78's characterization of the contents of Exhibits 29, 30, and 31.

79.     Google admits that it discloses that location information may be stored with the user's account via the Web & App Activity setting.  Google denies the remaining allegations in Paragraph 79.

80.     Google admits that Paragraph 80 cites to Exhibit 32, which purports to be a copy of the Complaint filed in *Arizona v. Google LLC*, Case No. CV2020-006219 (Az. Sup. Ct. May 27, 2020).  Google denies Paragraph 80's characterization of Google's statements regarding its collection of location information.  Given the vague and ambiguous nature of the remaining allegations in Paragraph 80, Google lacks sufficient information to admit or deny them.

81.     Google admits that the language quoted in Paragraph 81 appears in Exhibit 2 (without the alterations adopted in Paragraph 81), and that Exhibit 2 attributes that quoted language to a Google spokesperson.  Google denies the remaining allegations in Paragraph 81.

82.     Google denies the allegations in Paragraph 82.[13]

83.     Google admits that Location History and Web & App Activity are distinct account-level settings.  Google admits that the language quoted in the fourth sentence of Paragraph 83 appears in Exhibit 33 (without the alteration adopted in Paragraph 83), which purports to be a copy of an archived version of the Google Account "Activity controls"

---

[13] Google admits that Footnote 61 cites to Exhibit 32, and that the language quoted in Footnote 61 appears in Exhibit 32.  Google denies the remaining allegations in Footnote 61, including Footnote 61's characterization of the contents of Exhibit 32.

webpage.[14]  Google admits that the fifth sentence of Paragraph 83 purports to describe one way of reaching the "See & control your Web & App Activity" support webpage, and that the support webpage discloses that Google may save activity information, including location information, with the user's account via the Web & App Activity setting.[15]  Google denies the remaining allegations in Paragraph 83.

84.     Google admits that Paragraph 84 cites to Exhibits 11, 36, 37, and 38, which purport to be copies of archived versions of Google support webpages, and that those exhibits do not contain the phrase "Web & App Activity."  Google denies the remaining allegations in Paragraph 84.

### E.     Google Stores User's Location Data without their Consent to Further its Commercial Interests.

85.     Google denies the allegations in Paragraph 85.

86.     Google admits that Paragraph 86 cites to Exhibit 10.  Google denies the remaining allegations in Paragraph 86.

87.     Google admits that Paragraph 87 cites to a third-party report about third-party actors.  Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 87, and on that basis denies those allegations.

88.     Google admits that it develops applications which save data to the Web & App Activity setting.  Google admits that the revenue figure and language quoted in Paragraph 88 appears in Alphabet Inc.'s 2019 Form 10-K.  Google denies the remaining allegations in Paragraph 88.

89.     Google admits that the language quoted in the first sentence of Paragraph 89 appears (without the alterations adopted in Paragraph 89) in Exhibit 39, which purports to be a

---

[14] Google admits that the language quoted in the second sentence of Footnote 63 appears in Exhibit 34, which purports to be copies of screenshots of two archived versions of the Google Account "Activity controls" webpage.  Google admits that the language quoted in the last sentence of Footnote 63 appears on the webpage (without the alterations adopted in Footnote 63) cited in Footnote 63.  Google denies the remaining allegations in Footnote 63.

[15] Google admits that Footnote 64 cites to Exhibit 35, which purports to be an edited copy of an archived version of the Web & App Activity support webpage available at https://support.google.com/websearch/answer/54068.

copy of the Google Ads "How it works" webpage.  Google admits that it provides an account-level setting called "Ad Personalization," which users can enable or disable in their Google Accounts at any time.  Google admits that the language quoted in the second sentence of Paragraph 89 appears in a popup displayed on the webpage cited in Footnote 71 (without the alterations adopted in Paragraph 89).[16]  Google admits that portions of the language quoted in the last sentence of Paragraph 89 ("less useful to you," "no longer be able to," and "won't be saved") appear in a popup displayed on the webpage cited in Footnote 72, but denies that the remaining language currently appears in that popup.  Google denies the remaining allegations in Paragraph 89, including Paragraph 89's characterization of Google's statements.

90.    Google admits that the language quoted in the second sentence of Paragraph 90 appears in Exhibit 40, which purports to be a copy of a Google Ads support webpage.  Google admits that the language quoted in the third sentence of Paragraph 90 appears in Exhibit 41 (without the alterations adopted in Paragraph 90), which purports to be a copy of a Google Ads support webpage.  Google denies the remaining allegations in Paragraph 90.

91.    Google admits that the language quoted in Paragraph 91 appears in U.S. Patent No. 9,235,849, and that the patent is assigned to Google.  Google denies the remaining allegations in Paragraph 91.

92.    Google admits that Paragraph 92 purports to quote from a book by Shoshana Zuboff.  Google denies the remaining allegations in Paragraph 92.

93.    Google admits that the language quoted in Paragraph 93 appears in Exhibit 10 (without the alterations adopted in Paragraph 93).  Google denies the remaining allegations in Paragraph 93.

94.    Google admits that the language quoted in Paragraph 94 appears in Exhibit 10. Google denies the remaining allegations in Paragraph 94.

95.    Google denies the allegations in Paragraph 95.

---

[16] Google admits that the language quoted in Footnote 71 appears in Exhibit 32, although Footnote 71 omits the words "also manifests" between "deception" and "in."  Google denies the remaining allegations in Footnote 71, including Footnote 71's characterization of the contents of Exhibit 32.

1636415

**F.     Google Continues Its Deceptive Behavior.**

96.     The first sentence of Paragraph 96 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.  Google admits that the language quoted in the second sentence of Paragraph 96 may have been among the results provided at the webpage cited in Footnote 78 in response to the query quoted in Paragraph 96.  Google denies the remaining allegations in Paragraph 96.

97.     Google admits that the language quoted in Paragraph 97 appears in Exhibit 2, although Paragraph 97 fails to indicate that the quoted sentence continues after the portion excerpted in Paragraph 97.  Google denies the remaining allegations in Paragraph 97.

98.     Google denies the allegations in Paragraph 98.

99.     Google admits that the language block-quoted in Paragraph 99 appears in Exhibit 36, and that the remaining language quoted in Paragraph 99 appears in Exhibit 11.  Google denies the remaining allegations in Paragraph 99, including Paragraph 99's characterization of Google's statements.

100.    Google denies the allegations in Paragraph 100.

101.    Google admits that the language quoted in Paragraph 101 appears in Exhibit 31 (without the alterations adopted in Paragraph 101).  Google denies the remaining allegations in Paragraph 101, including Paragraph 101's characterization of Google's statements.

102.    Google admits that the language quoted in Paragraph 102 appears in Exhibit 42 (without the alterations adopted in Paragraph 102).  Google admits that the French National Data Protection Commission imposed a penalty on Google.  Google denies the remaining allegations in Paragraph 102.

103.    Google admits that the language quoted in the last clause of the last sentence in Paragraph 103 appears in Exhibit 10, and that the quoted language appeared in Google's Privacy Policy in that precise form for the first time in a version of the Privacy Policy effective January 22, 2019.  Google denies the remaining allegations in Paragraph 103.

104.    Google denies the allegations in Paragraph 104.

1636415

### G. Google's Storage of Location Data Defies Reasonable Expectations of Privacy and Egregiously Violates Established Social Norms.

105.    The allegations in Paragraph 105 call for several legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

106.    Google denies the allegations in Paragraph 106.

107.    Google lacks information sufficient to admit or deny the allegations in the first two sentences of Paragraph 107.  The remaining allegations in Paragraph 107 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations.

### 1. Plaintiffs' Expectations of Privacy are Enshrined in Law.

108.    The allegations in Paragraph 108 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations.

109.    The allegations in Paragraph 109 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations.

### 2. Plaintiffs' Expectations Reflect Widely Held Social Norms.

110.    Google admits that Paragraph 110 cites to Exhibit 43, which purports to be a copy of a third-party report.  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 110, and on that basis denies those allegations.

111.    The allegations in Paragraph 111 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations.

112.    Google admits that the language quoted in the second sentence of Paragraph 112 appears in Exhibit 22.  Google denies that the language quoted in the last two sentences of Paragraph 112 appears in Exhibit 22.  The remaining allegations in Paragraph 112 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations.

113.    Google admits that the Attorney General of Arizona commenced an action against Google in May 2020.  Google admits that the language quoted in the first sentence of Paragraph 113 appears in Exhibit 45, which purports to be a copy of a news article.  Google admits that the

18

language quoted in the remaining sentences of Paragraph 113 appear in Exhibit 32, with the exception of a missing hyphen in "opt out" in the fifth sentence of Paragraph 113, a misquotation in the sixth sentence of Paragraph 113 of language appearing on page 14 of Exhibit 32, and misquotations in the last sentence of Paragraph 113 of language appearing on page 21 of Exhibit 32.  Google denies the remaining allegations in Paragraph 113, including Paragraph 113's characterization of the contents of Exhibit 32 and the Attorney General of Arizona's investigation and action.

114.     Google admits that the language quoted in the second sentence of Paragraph 114 appears in the webpage cited in Footnote 94 (without the alteration adopted in Paragraph 114), with the exception of the word "from."  Google admits that the language quoted in the last sentence of Paragraph 114 appears in Exhibit 46 (without the alteration adopted in Paragraph 114).  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 114, and on that basis denies those allegations.

115.     Google admits that Paragraph 115 purports to quote from a decision from a Court of Appeal in the United Kingdom.  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 115, and on that basis denies those allegations.

116.     Google admits that Paragraph 116 cites to Exhibit 47, which purports to describe complaints initiated against Google by the entities listed in Paragraph 116.  Google admits that Paragraph 116 cites to Exhibit 48, which purports to be a copy of written correspondence from Datainspektionen to Google.  Google admits that Paragraph 116 cites to Exhibit 49, which purports to be a copy of a news article.  Google denies the remaining allegations in Paragraph 116, including Paragraph 116's characterization of the contents of Exhibits 47, 48, and 49.

117.     Google admits that the language quoted in Paragraph 117 appears in Exhibit 50, and that the Australian Competition and Consumer Commission initiated action against Google in October 2019.  Google admits that Paragraph 117 cites to Exhibit 51, which purports to be a press release announcing an investigation into Google Ireland Limited.  Google denies the remaining allegations in Paragraph 117, including Paragraph 117's characterization of the contents of Exhibits 50 and 51.

1636415

118.    Google admits that it has provided users with controls so that they can choose the privacy settings that are right for them.  Google admits that the language quoted in the second sentence of Paragraph 118 appears in Exhibit 26.  Google admits that the language quoted in the third sentence of Paragraph 118 appears in Exhibit 27.  Google admits that the language quoted in the fourth sentence of Paragraph 118 appears in Exhibit 52 (without the alterations adopted in Paragraph 118), which purports to be a copy of the written testimony of Keith Enright, Google's Chief Privacy Officer, to the United States Senate Committee on Commerce, Science, and Transportation on September 26, 2018.  Google admits that the language quoted in the last sentence of Paragraph 118 and in Footnote 105 appears in Exhibit 4.  Google denies the remaining allegations, including Paragraph 118's characterization of the contents of Exhibits 26, 27, 52, and 4.

119.    Google admits that Paragraph 119 cites to Exhibit 53, which purports to be a copy of a third-party report.  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 119, and on that basis denies those allegations.

120.    Google admits that Paragraph 120 cites to Exhibit 54, which purports to be a copy of a third-party report.  Google denies that the language quoted in Paragraph 120 appears in Exhibit 54.  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 120, and on that basis denies those allegations.

121.    Google admits that the language quoted in Paragraph 121 appears in Exhibit 55, which purports to be a copy of a third-party report.  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 121, and on that basis denies those allegations.

122.    Google admits that the language quoted in Paragraph 122 appears in Exhibit 55 (without the alteration adopted in Paragraph 122).  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 122, and on that basis denies those allegations.

### 3.    Parents Have a Reasonable and Universal Expectation of Privacy for their Children.

123.    Google denies the allegations in Paragraph 123.

1636415

124.    Google lacks information sufficient to admit or deny the generalized allegations in Paragraph 124 and on that basis denies those allegations.

125.    The allegations in Paragraph 125 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

126.    Google admits that the language quoted in Paragraph 126 appears in Exhibit 56 (without the alterations adopted in Paragraph 126).  The remaining allegations in Paragraph 126 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

127.    Google admits that the language quoted in Paragraph 127 appears in Exhibit 57 (without the alteration adopted in Paragraph 127).  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 127 and on that basis denies those allegations.

128.    Google admits that the language quoted in Paragraph 128 appears in Exhibit 58. Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 128 and on that basis denies those allegations.

129.    Google admits that Paragraph 129 cites to Exhibit 59, which purports to be a copy of an article about a third-party report.  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 129 and on that basis denies those allegations.

130.    The allegations in Paragraph 130 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

**4.    The Federal Trade Commission Has Identified Surreptitious Tracking and Storage of Location Information as a Deceptive Trade Practice.**

131.    The allegations in Paragraph 131 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

132.    Google lacks information sufficient to admit or deny the allegations in Paragraph 132 and on that basis denies those allegations.

133.    Google admits that Paragraph 133 cites to Exhibit 60.  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 133 and on that basis denies those allegations.

DEFENDANT GOOGLE LLC'S ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 5:18-cv-05062-EJD

1636415

134.   Google lacks information sufficient to admit or deny the allegations in Paragraph 134 and on that basis denies those allegations.

135.   The allegations in Paragraph 135 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

**H.   Google's Deception Compounds the Outrageous Nature of its Conduct.**

136.   The allegations in Paragraph 136 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

137.   The preamble of Paragraph 137 calls for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.  Google admits that the language quoted in Paragraph 137.a appears in Exhibit 61.  Google admits that the language quoted in Paragraph 137.b appears in Exhibit 62.  Google admits that the language quoted in Paragraph 137.c appears in Exhibit 63 (without the alteration adopted in Paragraph 137.c). Google lacks information sufficient to admit or deny the remaining allegations in subparagraphs a, b, and c of Paragraph 137 and on that basis denies those allegations.

138.   Google admits that the language quoted in Paragraph 138 appears in Exhibit 2. Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 138 and on that basis denies those allegations.

139.   Google admits that the language quoted in the first two sentences of Paragraph 139 appear in Exhibit 2 (without the alteration adopted in Paragraph 139).  Google admits that the language quoted in the remaining sentences of Paragraph 139 appear in Exhibit 3 (without the alterations adopted in Paragraph 139).  Google denies the remaining allegations in Paragraph 139, including Paragraph 139's characterization of Google's statements and conduct.

**VI.   CLASS ALLEGATIONS**

140.   Paragraph 140 sets forth Plaintiffs' proposed class definitions and does not require a response.  To the extent a response is required, Google denies the allegations.  Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

1636415

141.    Paragraph 141 sets forth Plaintiffs' proposed class representatives and does not require a response.  To the extent a response is required, Google denies the allegations.  Google reserves all rights to oppose appointment of the proposed class representatives.

142.    Paragraph 142 sets forth Plaintiffs' proposed class definitions and does not require a response.  To the extent a response is required, Google denies the allegations.  Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

143.    The allegations in Paragraph 143 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations and reserves all rights to oppose modification or amendment of the proposed class definitions.

144.    The allegations in Paragraph 144 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations regarding Google's statements and conduct and Paragraph 144's assertions regarding this case's comportment with the requirements of Federal Rule of Civil Procedure 23.  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 144 and on that basis denies those allegations.

## VII.    FRAUDULENT CONCEALMENT AND TOLLING

145.    The allegations in Paragraph 145 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations regarding Google's statements and conduct.  Google lacks information sufficient to admit or deny the remaining allegations in Paragraph 145 and on that basis denies those allegations.

146.    The allegations in Paragraph 146 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

147.    The allegations in Paragraph 147 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

## VIII.   CAUSES OF ACTION

### Count One

### (Intrusion Upon Seclusion)

148.    Google incorporates by reference the responses to Paragraphs 1 through 147 as set forth above.

149.    The allegations in Paragraph 149 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

150.    Google denies the allegations in Paragraph 150.

151.    Google denies the allegations in Paragraph 151.

152.    Google denies the allegations regarding its conduct in Paragraph 152.  The remaining allegations in Paragraph 152 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

153.    Google denies the allegations in Paragraph 153.

154.    Google denies the allegations in Paragraph 154.

155.    Paragraph 155 purports to describe the relief Plaintiffs seek and requires no response.  To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

### Count Two

### (California Constitutional Right to Privacy)

156.    Google incorporates by reference the responses to Paragraphs 1 through 155 as set forth above.

157.    The allegations in Paragraph 157 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

158.    Google denies the allegations in Paragraph 158.

159.    Google denies the allegations regarding its conduct in Paragraph 159.  The remaining allegations in Paragraph 159 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

160.    Google denies the allegations in Paragraph 160.

24

1636415

161.     Google denies the allegations in Paragraph 161.

162.     Paragraph 162 purports to describe the relief Plaintiffs seek and requires no response.  To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

### Count Three

### (Unjust Enrichment (Quasi-Contract Claim for Restitution and Disgorgement) or, alternatively, Breach of Contract)

163.     Google incorporates by reference the responses to Paragraphs 1 through 162 as set forth above.

164.     Google denies the allegations regarding its conduct in Paragraph 164.  The remaining allegations in Paragraph 164 call for legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

165.     Google denies the allegations in Paragraph 165.

166.     Google denies the allegations in Paragraph 166.

167.     Google denies the allegations in Paragraph 167.

168.     Paragraph 168 purports to describe the relief Plaintiffs seek and requires no response.  To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.  The remaining allegations in Paragraph 168 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations.

169.     Paragraph 169 concerns a claim that is no longer at issue in this case, and as such requires no response.  To the extent a response is required, Google denies the allegations and denies that Plaintiffs are entitled to any relief.

### ANSWER TO PRAYER FOR RELIEF

Google denies that Plaintiffs are entitled to any of the requested judgment and relief.

### AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint, and each and every claim alleged therein, fails to state facts

25

sufficient to state a cause of action against Google on which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, by one or more statutes of limitations under applicable law.

## THIRD AFFIRMATIVE DEFENSE

### (Mootness)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, by the doctrine of mootness.

## FOURTH AFFIRMATIVE DEFENSE

### (Privilege/Justification/Excuse)

The named Plaintiffs, and each and every member of the purported class, are barred from recovery because Google's actions were, in whole or in part, privileged, justified and/or excused by operation of law.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because they consented to and/or ratified the conduct alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The named Plaintiffs' claims for damages—and each and every member of the purported class's claims for damages—are barred, in whole or in part, because they would be unjustly enriched if they recovered any monetary relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Standing)

The named Plaintiffs' claims—and each and every member of the purported class's

26

claims—are barred, in whole or in part, because they have not suffered injury in fact because of the acts or practices complained of.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Contractual Defenses)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, by contracts and/or agreements they entered into with Google.

### NINTH AFFIRMATIVE DEFENSE

#### (No Proximate Cause)

Google's conduct was not the proximate cause of any damage or injury allegedly suffered by Plaintiffs and the members of the purported class.

### TENTH AFFIRMATIVE DEFENSE

#### (Speculative Damages)

The named Plaintiffs' claims for damages—and each and every member of the purported class's claims for damages—are barred, in whole or in part, because any alleged damages, which Google generally and specifically denies, are speculative, and because of the impossibility of ascertaining and allocating those alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Insufficient Facts to Support Damages Claim)

The named Plaintiffs, and each and every member of the purported class, are not entitled to recover money damages, punitive damages, interest or attorneys' fees because they have not and cannot set forth sufficient facts to support such a claim.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

The named Plaintiffs' claims for damages—and each and every member of the purported class's claims for damages—are barred, in whole or in part, to the extent discovery reveals they failed to mitigate the damages they suffered.

1636415

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Requirements for an Injunction)

The named Plaintiffs, and each and every member of the purported class, are not entitled to injunctive relief because they have failed to state facts sufficient to state a claim for injunctive relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary and Indispensable Parties)

The Amended Complaint should be dismissed under Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join necessary and indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Countervailing Interests)

The named Plaintiffs' claims for violation of the California constitutional right to privacy and intrusion upon seclusion —and each and every member of the purported class's claims for violation of the California constitutional right to privacy and intrusion upon seclusion—are barred, in whole or in part, because any invasion of privacy was justified because it substantively furthered one or more countervailing interests.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

The named Plaintiffs, and each and every member of the purported class, are barred from recovery, in whole or in part, by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The named Plaintiffs, and each and every member of the purported class, are barred from recovery, in whole or in part, by the doctrine of estoppel.

1636415

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2

#### (Laches)

3          The named Plaintiffs, and each and every member of the purported class, are barred from

4 recovery, in whole or in part, by the doctrine of laches.

5

### NINETEENTH AFFIRMATIVE DEFENSE

6

#### (Unclean Hands)

7          The named Plaintiffs, and each and every member of the purported class, are barred from

8 recovery, in whole or in part, by the doctrine of unclean hands.

9

### TWENTIETH AFFIRMATIVE DEFENSE

10

#### (Preemption)

11          The named Plaintiffs' claims—and each and every member of the purported class's

12 claims—which are each asserted under California law, are barred, in whole or in part, because

13 they are preempted in this context by applicable federal law, including but not limited to the

14 Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501-6506.

15

### TWENTY-FIRST AFFIRMATIVE DEFENSE

16

#### (Right to Assert Additional Defenses)

17          Google reserves the right to assert additional affirmative defenses at such time and to such

18 extent as warranted by discovery and the factual developments in this case.

19

### PRAYER FOR RELIEF

20          WHEREFORE, Google prays as follows:

21          a)   That Plaintiffs take nothing by this action;

22          b)   That the Amended Complaint be dismissed with prejudice;

23          c)   That Google be awarded the costs, expenses, and disbursements incurred by it in
                 defending this action;
24
25          d)   That Google be awarded attorneys' fees incurred by it in defending this action;

26          e)   That Google be awarded prejudgment interest, as appropriate; and

27          f)   For such further relief as this Court may deem just and proper.

28
DEFENDANT GOOGLE LLC'S ANSWER TO AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT
Case No. 5:18-cv-05062-EJD

1636415

1

## <u>JURY TRIAL DEMAND</u>

2

Google demands a trial on all issues so triable.

3

4     Dated:  February 8, 2021                          KEKER, VAN NEST & PETERS LLP

5

6                                                By:   _/s/ Thomas E. Gorman_
                                                       BENJAMIN BERKOWITZ
7                                                      THOMAS E. GORMAN
                                                       CHRISTOPHER S. SUN
8                                                      CHRISTINA LEE

9                                                      Attorneys for Defendant GOOGLE LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GOOGLE LLC'S ANSWER TO AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT
Case No. 5:18-cv-05062-EJD

1636415