KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
GREGORY WASHINGTON - # 318796
gwashington@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant GOOGLE LLC

LIEFF CABRASER HEIMANN &
   BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

AHDOOT & WOLFSON, PC
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Rachel Johnson (SBN 331351)
rjohnson@ahdootwolfson.com
2600 West Olive Ave., Suite 500
Burbank, CA  91505
Telephone: 310.474.9111
Facsimile: 310.474.8585

Interim Co-Lead Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**JOINT REQUEST FOR A CASE MANAGEMENT CONFERENCE AND SCHEDULE**<br><br>Dept:     Courtroom 4 - 5th Floor<br>Judge:    Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

The parties have met and conferred about—but have been unable to reach agreement as to—a schedule. They set out their respective proposals and positions below. The parties respectfully request that the Court either enter one of these two proposed schedules, or, if it prefers, that it set a case management conference at its earliest convenience.

## I. THE PARTIES' PROPOSED SCHEDULES

The parties propose the following schedule for Plaintiffs' motion for class certification:

### A. Google's Proposal

| | |
|---|---|
| Plaintiffs' deadline to file class certification motion and serve Rule 23 expert witness report(s), if any | 2/10/2022 |
| Google's deadline to file opposition brief and serve Rule 23 expert witness report(s), if any | 4/21/2022 |
| Plaintiffs file reply in support of motion for class certification | 6/2/2022 |
| Class certification hearing | 6/16/2022 (or at the Court's next convenient date) |

### B. Plaintiffs' Proposal

#### 1. Plaintiffs' Proposed Class Certification Schedule:

| | |
|---|---|
| Plaintiffs file class certification motion and serve Rule 23 expert witness report(s), if any | 8/19/2022 |
| Google files class certification opposition and serve Rule 23 expert witness report(s), if any | 10/14/2022 |
| Plaintiffs file reply in support of motion for class certification | 11/18/2022 |
| Class certification hearing | 12/16/2022 (or at the Court's next convenient date) |

2. **Plaintiffs' Proposed Discovery Deadlines:**[1]

| Discovery Milestone | Deadline |
|---|---|
| Deadline for Google to propose ESI custodians and search terms | September 13, 2021 |
| Parties complete negotiations on custodians and search terms | October 15, 2021 |
| Google produces at least 50% of custodial ESI and privilege log | November 30, 2021 |
| Google completes production of custodial ESI and produces final privilege log | January 12, 2022 |
| Deadline for Substantial Completion of Fact Discovery in Advance of Class Certification | May 30, 2022 |

## II. THE PARTIES' POSITIONS

### A. GOOGLE'S POSITION

The parties have not yet had an initial case management conference in this putative class action and no case schedule has yet been set. Over the last several months, Google has repeatedly sought to meet and confer with Plaintiffs' counsel regarding a reasonable schedule for Plaintiffs' motion for class certification. However, the parties have been unable to reach agreement because Plaintiffs have repeatedly changed their position on dates while consistently resisting any schedule that would bring their motion to a timely resolution. Accordingly, Google now requests that the Court set a schedule for briefing on Plaintiffs' motion for class certification.

This is not the first time the parties have proposed case schedules; they previously did so in connection with their May 3, 2019 Rule 26(f) Report and Initial Case Management Statement. *See* Dkt. 81. Although those dates are now moot,[2] the contours of the parties' prior proposals are

---

[1] Plaintiffs will ask the Magistrate Judge overseeing discovery in this action to enter these discovery deadlines, which accordingly may be modified by the Magistrate.

[2] As this Court knows, the parties spent the next 18 months focused on preliminary motions and agreed to wait until the pleadings were settled before pursuing discovery. In May 2019, Google filed a motion to dismiss, which the parties briefed in June and July and which the Court granted in December 2019, *see* Dkt. 113. In January 2020, Plaintiffs moved to certify the Court's order for interlocutory appeal; the Court denied that motion. In May 2020, Plaintiffs moved for reconsideration; they Court denied that request. In July 2020, Plaintiffs filed an Amended Consolidated Class Action Complaint (the "ACAC"). *See* Dkt. 131. In August 2020, Google

helpful here.  With respect to an anticipated motion for class certification, Plaintiffs told the Court that they would file that motion (*i*) within six months of discovery "open[ing] for all purposes" and (*ii*) within just 60 days of the Court ruling on Google's motion to dismiss. *See* Dkt. 81 at § 17(a).  Plaintiffs assured Google and the Court that they would not embark on broad discovery, but would instead take discovery focused on class certification: "rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed…." *Id.* at 9:14–17.

As of today, discovery in this matter has already been "open for all purposes" since February 2021.[3]  Google asks only that Plaintiffs file their class-certification motion by February 2022, which would give them a *full year* from the re-opening of discovery—twice the period they previously requested.[4]  Plaintiffs, by contrast, now want **almost two years** just to file their class-certification motion, at a pace that would not get this matter to trial until well into 2024.[5]

Plaintiffs offer no serious explanation for the glacial schedule they propose.  Plaintiffs have served what appears to be broad and intentionally burdensome discovery unrelated to class certification and, indeed, in many cases, untethered to any issue presented in this litigation.  Plaintiffs complain in their statement below that they need more time to complete this discovery because "Google is creating unreasonable obstacles" or because Google refuses to agree to Plaintiffs' unworkable and overbroad definitions.  Those claims are demonstrably false—but they are also the sort of issues that the parties should meet and confer about in the ordinary course of

---

moved to dismiss the ACAC. In January 2021, the Court granted Google's motion to dismiss in part and denied it in part.  In February 2021, Google answered the ACAC, the stay was lifted, and the parties began discovery in earnest.

[3] Plaintiffs served their Second Set of RFPs—including 17 requests—on February 12, 2021.

[4] Plaintiffs now complain that Google's proposed deadline is now "just five months" away.  What they fail to mention is that Google first proposed stipulating to a class-certification schedule back in *May*, at which time the deadline it proposed (mid-January 2022) was a full **8 months** out.  Unfortunately, as they have done with discovery, Plaintiffs have delayed and complicated what should be a simple scheduling dispute for three months by attempting to litigate other peripheral issues in this statement.  But, in light of Plaintiffs' delays, and as a professional courtesy, Google has now pushed its proposed deadline back to mid-February 2022, a year after discovery reopened.

[5] Plaintiffs originally proposed a June 2022 deadline.  Then, when the parties met and conferred, they offered a May 2022 deadline as a "compromise."  In this statement, Plaintiffs have abandoned both positions and retreated to an August 2022 deadline instead.

3
JOINT REQUEST FOR A CASE MANAGEMENT CONFERENCE AND SCHEDULE
Case No. 5:18-cv-05062-EJD

discovery (and Google has repeatedly encouraged Plaintiffs to engage with Google on the substance of their requests and Google's objections thereto) or brief for Magistrate Judge Cousins to adjudicate, if the parties cannot reach agreement. However, it makes little sense to extend the entire case schedule by months simply because Plaintiffs have *predetermined* that discovery will be hard-fought; instead, as with any other case, the Court should set a manageable class certification schedule and the parties should do the work necessary to stick to it. This is Plaintiffs' case; it is time for them to pursue it or dismiss it.

As the parties' discussions about this statement progressed, Plaintiffs also decided to set out additional "discovery deadlines" that they apparently intend to propose separately to Magistrate Judge Cousins. Those deadlines—which Plaintiffs appear to believe should apply unilaterally to Google but not to Plaintiffs—depart sharply from practice in this district. As Google will explain to Judge Cousins at the appropriate juncture, the reality is that it is Plaintiffs—not Google—who have been dragging their feet on discovery. Plaintiffs complain that they "have yet to receive any substantial and meaningful discovery from Google," but do not mention that Plaintiffs took *three months* to respond to Google's offers to meet and confer about those requests. (They also fail to mention that Plaintiffs themselves have produced only a handful of documents so far, despite agreeing to produce documents nearly six months ago.)

In truth, as Plaintiffs know, discovery in this matter has been slowed by Plaintiffs in two major ways: First, *Plaintiffs* insisted on briefing a definitional dispute before conducting any discovery at all. *See generally* Dkt. 173 (explaining that Plaintiffs have "refused to serve targeted requests or a Rule 30(b)(1) notice"). Second, Plaintiffs have largely ignored Google's offers to meet and confer regarding the substance of their requests and have refused to engage meaningfully with the discovery process.[6] As Google will explain to Judge Cousins, it would be

---

[6] Instead, Plaintiffs now seek to shoehorn discovery disputes into this scheduling order. For instance, in a footnote below, Plaintiffs attempt to litigate the production of improper "cloned discovery," *i.e.*, discovery produced in separate litigation. Google has objected to such cloned discovery as improper, and courts have recognized that so-called "cloned discovery" requests "expand the scope of discovery beyond that allowed by the Federal Rules." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prod. Liab. Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017); *see also In re eBay Seller Antitrust Litig.*, No. C07-01882 JF (HRL), 2010 WL 2836815, at *3 (N.D. Cal. July 19, 2010); *Chen v. Ampco Sys. Parking*, No. 08-cv-0422-BEN

meaningless to set interim deadlines for *Google* to propose search terms or complete production before Plaintiffs engage in good-faith meet-and-confer efforts and identify what information they actually need for their class-certification motion.

Google respectfully requests that the Court enter the schedule Google has proposed above, beginning with a February 10, 2022 deadline for Plaintiffs to file their motion. Google further submits that setting interim deadlines for production of documents is unnecessary and will be counter-productive, as Plaintiffs will use such deadlines as an excuse to continue to ignore Google's efforts to meet and confer regarding the substance of their requests.

### B.  PLAINTIFFS' POSITION

Google seeks to jam Plaintiffs with a certification deadline without reasonable discovery.. Accordingly, Plaintiffs' proposed deadlines, above, allow for and anticipate discovery deadlines that Plaintiffs will request the assigned Magistrate to enter. Those proposed discovery deadlines are necessary to facilitate a realistic deadline for class certification.

While Google presses for a relatively quick certification filing deadline before this Court, it is delaying responding to discovery in any meaningful manner. Indeed, Google has yet to produce anything substantive[7] in response to Plaintiffs' Second Set of Requests for Production ("RFPs"), despite that these were served in March of this year, and despite that the parties have met and conferred on these RFPs at length, both telephonically and in writing.[8] Further, Google's

---

(JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009); *King Cty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011). In any event, Plaintiffs should meet and confer with Google about those requests, not seek production *sub silencio* by way of a parenthetical in a scheduling order. And, if the parties cannot resolve their disagreements through meet-and-confer, then Plaintiffs should seek relief via the procedures set forth in Magistrate Judge Cousin's standing order—not this scheduling dispute.

[7] Google made its first production since 2019 on August 20, 2021. Plaintiffs continue to review that production, but it appears to consist almost entirely of screenshots of public-facing webpages, rather than material responsive to the disputed RFPs about which the parties have met and conferred. Google continues to insist that search terms are required for it to respond to those RFPs, while simultaneously maintaining that it cannot propose search terms until Plaintiffs agree to its restrictive view on the appropriate scope of discovery.

[8] Plaintiffs' first set of RFPs (from 2019) was limited, by agreement, to focus on the Congressional inquiry into Sensorvault. (ECF No. 151-1 at Ex.1.) The Court entered a stipulated discovery stay on January 14, 2020, which Plaintiffs agreed to as a condition for Google's agreement to extend the deadline for Plaintiffs to file their First Consolidated Amended Complaint until resolution of Plaintiffs' request for interlocutory review. (ECF No. 118.)

accusations of delay are belied by the actual record: Plaintiffs spent months this spring meeting and conferring with Google about the threshold issue of what types of "Location Information" are subject to discovery generally, and that issue is not yet resolved. (*See* ECF No. 173.)

Instead of producing documents and data that would move this case forward and allow Plaintiffs to prepare their motion for class certification, Google is creating unreasonable obstacles that, it insists, must be cleared before any such production can be made. For instance, Google appears to insist that Plaintiffs agree to its limited understanding regarding the scope of discovery before it will even suggest search terms and custodians to assist in the collection and production of responsive ESI. Google also refuses to supplement its initial disclosures originally served in May 2019, which could aid that process, and despite an ongoing duty to supplement under Fed. R. Civ. P. 26(e).

Plaintiffs already have been required to bring a discovery dispute before Magistrate Judge Cousins. Although the Court granted Plaintiffs' request in part, and required Google to answer two interrogatories using Plaintiffs' definition of the "Location Information," Google so far refuses to respond to follow-up questions, cure deficiencies in its interrogatory answers, or provide any other discovery addressing anything other than what it defines as "Google Stored Location Data," which is a subset of a location data that excludes relevant data collected from Class Members without their consent. (*See* ECF Nos. 173-75.) Accordingly, it appears that additional discovery motion practice will be required before Google even will gather—not to mention review and produce—documents that are responsive to Plaintiffs' RFPs and necessary for class certification and beyond. It is becoming apparent that discovery motion practice may be required even to begin the process of negotiating search terms and custodians for use in response

---

Discovery was stayed January 14, 2020. (ECF No. 151-1 at ¶ 5; *see also* ECF No. 118.) As a result, discovery was stayed until Google answered the SAC in February 2021. (ECF No. 165.)

to Plaintiffs' discovery requests.[9]

Accordingly, Plaintiffs respectfully request that the Court enter their proposed schedule, which allows for necessary discovery deadlines noticeably absent from Google's proposal. Plaintiffs' schedule will move the case forward; Google's proposed schedule, by contrast, would prejudice Plaintiffs by requiring them to prepare their motion for class certification without proper discovery.

Dated: August 30, 2021                                KEKER, VAN NEST & PETERS LLP

                                           By:    */s/ Benjamin Berkowitz*
                                                  BENJAMIN BERKOWITZ
                                                  THOMAS E. GORMAN
                                                  NICHOLAS D. MARAIS
                                                  CHRISTOPHER S. SUN
                                                  CHRISTINA LEE
                                                  GREGORY WASHINGTON

                                                  Attorneys for Defendant GOOGLE LLC

Dated: August 30, 2021                                LIEFF CABRASER HEIMANN &
                                                      BERNSTEIN, LLP

                                           By:    */s/ Michael W. Sobol*
                                                  MICHAEL W. SOBOL
                                                  MELISSA GARDNER
                                                  MICHAEL LEVIN-GESUNDHEIT

                                                  *Interim Co-Lead Class Counsel*

---

[9] Plaintiffs crafted their Second Set of RFPs purposely to obtain documents and data from centralized sources without the need for agreement on custodians and search terms. For instance, those RFPs include the request that Google produce documents it already gathered and produced to the State of Arizona in *State of Arizona v. Google LLC*, No. CV2020-00619 (Ariz. Sup. Ct., Maricopa Cty.), which, like this case, "concerns Google's widespread and systemic use of deceptive and unfair business practices to obtain information about the location of its users, including its users in Arizona, which Google then exploits to power its lucrative advertising business." *Id.*, Compl. ¶ 1.  Google, however, refuses to produce such documents, taking the meritless position that such requests for documents previously gathered and produced in related litigation violate some sort of privilege unknown to the Federal Rules of Civil Procedure or of Evidence.

Dated: August 30, 2021                                    AHDOOT & WOLFSON, PC

                                          By:   */s/ Tina Wolfson*
                                                 TINA WOLFSON
                                                 THEODORE MAYA
                                                 RACHEL JOHNSON

                                                 *Interim Co-Lead Class Counsel*

## ATTESTATION

Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  August 30, 2021                                        */s/ Benjamin Berkowitz*