*In re Google Location History Litigation*, No. 5:18-cv-05062-EJD-NMC
**JOINT LETTER BRIEF RE: DISCOVERY DISPUTES**

September 3, 2021

Dear Magistrate Judge Cousins:

On February 12, 2021, Google served its First Set of Requests for Production ("RFPs") and its First Set of Interrogatories. Plaintiffs served objections and responses on March 15, 2021. Since then, the parties have met and conferred, both in writing (by letters dated March 25, April 29, May 11, May 27, June 11, July 2, and July 8) and by phone (on April 6 and May 10). The parties now submit the following disputes to the Court for resolution.

**I.      GOOGLE'S POSITION**

   **A.      Plaintiffs must now produce documents they agreed to produce in March.**

Plaintiffs appear to believe that discovery is a one-way street. Although they complain that *Google* is slowing discovery, Plaintiffs have produced just a handful of documents in 6 months. For many of Google's RFPs, there is in fact no dispute between the parties as to *what* Plaintiffs must produce. This is not because—as Plaintiffs suggest—the parties have "resolved the vast majority of disputes"; it is simply because Plaintiffs responded to 22 of Google's original 41 RFPs by confirming that they would promptly identify and produce all "non-privileged, responsive documents" within their "possession, custody or control." Those categories of documents include Plaintiffs' communications with Google or third parties related to Google's "collection of location information," this lawsuit, or Plaintiffs' allegations; documents showing Plaintiffs' alleged efforts to "prevent the storage of their location" information; documents supporting or refuting Plaintiffs' claims that they have been harmed; and so on.

It is now almost *seven months* since Google served its RFPs. Plaintiffs should have produced these documents months ago; they still have not. To be sure, Google has asked. In April, we asked Plaintiffs to confirm that they would produce documents by mid-May; Plaintiffs ignored our request. In May, we asked Plaintiffs to produce documents by early June; they ignored that request too. After months of correspondence, Plaintiffs finally produced *8* documents in June, and then another small batch *after* receiving a draft of this letter. Even in Plaintiffs' own telling, they have produced just 49 documents (including those from "counsel's files") since February. Plaintiffs have offered no explanation, and there can be no excuse, for these enormous delays.

This particular request should be uncontroversial. Plaintiffs agreed to produce these documents six months ago. Respectfully, Google simply asks this Court to order them to produce, within 14 days, those documents that are responsive to Google's RFPs No. 15, 19–28, 30–31, and 33–41.

   **B.      Plaintiffs must respond to Interrogatory No. 3.**

In Interrogatory No. 3, Google asked Plaintiffs to list the mobile applications installed on their mobile devices, and to provide critical information about "the[ir] settings relating to the collection or storage of location information" and any "changes to such settings." This information is obviously relevant: it will help the parties evaluate Plaintiffs' allegation that they

1719740

"go to great lengths to safeguard" their location information. *See* Am. Compl. ¶ 8. After months of meeting and conferring, Plaintiffs *agreed* to provide written responses. But, in July, when Plaintiffs finally amended their response to this interrogatory, they identified apps and some (but not all) location information settings—but they provided *no* information at all about when and how they modified those settings over time.[1] Although Plaintiffs suggest below that Google is somehow backing away from a compromise, it is in fact simply trying to enforce it: Plaintiffs have not done what they promised to do. There is no serious dispute that this information is relevant to evaluating Plaintiffs' claims. Here, too, Plaintiffs have agreed to produce this information; they just haven't done so. Google requests that the Court order each Plaintiff to respond to Interrogatory No. 3, as written, to the best of their ability based on a reasonable investigation, within 14 days.

### C.   Plaintiffs must produce documents identifying their mobile devices.

In RFP No. 1, Google asked Plaintiffs to produce documents "sufficient to identify the manufacturer, model and device ID of each of [their] mobile device(s)…." Plaintiffs' case is that Google "continuously track[s]" their "location data," including via their mobile devices. *See, e.g.*, Dkt. 164-1 (Am. Compl.), ¶ 67. It is thus important—and undisputedly relevant—that the parties understand *what* devices Plaintiffs have used, and that they have a shared means of identifying and referring to those devices in this litigation. Despite Plaintiffs' claims below, and despite their promises to do so, Plaintiffs have never produced device identifiers. To simplify things, Google proposed that Plaintiffs produce screenshots of each device's "About" page. These screenshots are easy to gather (indeed, as Plaintiffs note below, they have already produced similar screenshots in response to another request). They will also provide the parties with basic information about the devices' manufacturers, models, and other key identifiers. Now, to avoid turning over this key information, Plaintiffs complain below—for the very first time—that screenshots of their "About" pages will invade their privacy. But the "number of songs and photos downloaded" to a device is hardly sensitive information, and if it were, Plaintiffs would be amply covered by the protective order. It is unclear why Plaintiffs are so reluctant to produce these documents, but that information is readily available, easy to produce, and clearly relevant. Google requests that the Court order Plaintiffs to produce these screenshots within 14 days.

### D.   Plaintiffs' Alleged "Sensitive Locations"

In their Complaint, Plaintiffs allege that Google collected and stored location information when they visited "highly sensitive" places. Plaintiffs chose "not [to] recite" "the precise locations" they had in mind, but they hinted at them: "where [they] attend[] religious services," whether they receive "frequent medical or psychological care," or whether they "attended any political rallies or protests." *See, e.g.*, Am. Compl. ¶ 14. But, while Plaintiffs have "precise" locations in

---

[1] Plaintiffs now complain that they cannot complete their "forensic imaging efforts … in Google's proposed timeframe." But, again, Plaintiffs offer no explanation for their delays. Google wrote to Plaintiffs' counsel about their planned "forensic imaging" on July 2, 2021, and asked that they "send us a more detail description of the work and timelines you have in mind." Although more than two months have passed, Plaintiffs have never responded.

mind, they refuse to tell Google what they are.  In RFP No. 6, Google requested documents sufficient to identify "the locations [Plaintiffs] visited while carrying [their] mobile device(s) during the Relevant Period."  When the parties met and conferred, Plaintiffs asked whether Google would be willing to defer this request for now so that the parties could focus first on other requests.  Google agreed, with one caveat: it needed (and still needs) to understand whether Plaintiffs allege that they "visited specific, sensitive locations, and that Google could or did 'determine' that" they did so. *See id.*[2]  And if Plaintiffs do intend to stand by that allegation—that they visited locations they contend were particularly sensitive—then they must now identify those locations to Google.

Plaintiffs' concerns are easily resolved.  First, they complain that this request is "burdensome" and "harassing"—an odd complaint given that Plaintiffs have served RFPs on Google that are far broader.  But because Plaintiffs know this argument will fail, they premise it on a request that this Court *ignore* the compromises Google has proposed.  What Google has asked Plaintiffs to produce—and what it asks this Court to order Plaintiffs to produce—is information sufficient to identify the "specific, sensitive locations" at which Plaintiffs allege they were tracked.  Plaintiffs have plainly put that information at issue in their complaint.  Second, Plaintiffs complain that it is improper to ask them to "identify" locations in response to an RFP.  This, too, is an effort by Plaintiffs to punish Google for offering compromises: Google suggested that Plaintiffs could respond in writing, rather than produce documents, because that was *Plaintiffs*' stated preference.  Google does not mind whether Plaintiffs produce documents showing all such "sensitive locations" or identifies them in writing.  But, one way or another, the time has come for Plaintiffs to respond to discovery about their allegations.  Plaintiffs cannot claim that the locations they visited were so sensitive that observing them would amount to a privacy violation, while simultaneously refusing to identify for Google what those locations are.  It is Plaintiffs' burden to put forth evidence regarding their contentions, and they should not be permitted to hide the ball in discovery.

## II. PLAINTIFFS' POSITION

The relief Google seeks is premature and inappropriate.  The parties have resolved the vast majority of disputes concerning its 41 RFPs and 4 Interrogatories through informal discussions that included exchanges of relevant case law and transparency by Plaintiffs' counsel regarding discovery.  Google nevertheless asks the Court to order responses to requests that have been the subject of months-long negotiations, apparently seeking to backtrack on its previous concessions.  For requests on which the parties agreed—some of which were just resolved in July—Google's initial draft of this letter requested an order for "complete" productions and Interrogatory responses in 14 days, long before discovery is substantially complete, which may unfairly position Google to accuse Plaintiffs of withholding responsive information. In its latest iteration, Google needlessly asks the Court to order Plaintiffs to do what they already are doing.

---

[2] In the Complaint, Plaintiffs allege that they had "precise locations" in mind but did not want to disclose them publicly because the details were too sensitive. Of course, to the extent Plaintiffs are concerned about the sensitivity of this information, those concerns can be addressed (if necessary) by the protective order.

### A. RFPs No. 15, 19–28, 30–31, and 33–41.

Plaintiffs have made Google well aware of the factual basis of this case, including through their detailed Complaint and the 64 Exhibits thereto. These Exhibits, re-produced in discovery at Google's insistence, are responsive to RFPs 20-28, which seek "all documents" related to contentions in the Complaint, among others.

The additional discovery Plaintiffs produced is proportionate to the parties' relative access to relevant information. After discovery reopened in February, Plaintiffs timely served Interrogatory responses on March 15. Plaintiffs supplemented those responses on July 15. Plaintiffs made rolling productions of documents on June 25, August 13, and August 20, including, so far, 49 documents from Plaintiffs' and counsel's files in addition to the Complaint's 64 supporting Exhibits. Plaintiffs will supplement their responses and productions for RFPs No. 15, 19–28, 30–31, and 33–41, and other agreed requests, as responsive information is located, including with the assistance of a forensic consulting firm Plaintiffs engaged in late June to assist in evaluating cost-effective means of responding to Google's overbroad requests regarding Plaintiffs' applications and mobile devices. In short, Plaintiffs are not withholding responsive documents that they might be compelled to produce.

Google's claim that Plaintiffs have delayed discovery is belied by its statement, in May 2021, regarding its own disclosures, that discovery had "just re-opened," and by the fact that Google has identified no documents or witnesses to support its defenses other than the two individuals and three document categories listed in its May 2019 Initial Disclosures. While the parties exchanged RFPs on February 12, Google made its *first* production since discovery reopened on August 20, a week *after* sending Plaintiffs its initial draft of this brief. Plaintiffs, in contrast, have confirmed and shown that they will produce responsive documents on a rolling basis as they are located. No order is required for Plaintiffs to comply with their discovery obligations.

### B. Interrogatory No. 3.

This Interrogatory asked Plaintiffs to list "all mobile applications" installed on their devices from 2014 – 2021, along with "the username(s) and email address(es)" for each, dates of installation, settings relating to location information for the application, dates of any changes to the settings, and the mobile device ID. Plaintiffs challenged the basis for this compound, privacy-invasive, request given that this case challenges *Google's* storage of location data contrary to tools *Google* claimed to provide for safeguarding that data. In response, Google claims that every application on Plaintiffs' devices is relevant to their expectation of privacy vis-à-vis Google, regardless of whether or not the applications collect location data.

While Plaintiffs strongly disagree with Google that Plaintiffs' use of other applications is relevant to Google's privacy invasions, Plaintiffs offered a compromise, which they understood Google had accepted. Plaintiffs were to provide a list of the apps installed on their mobile devices during the relevant period, with accompanying installation dates, any Location Services or App Permissions settings (these are compilations on mobile devices of applications that have recently requested access to location data), and dates when changes to those settings were made, where available. On June 25, 2021, Plaintiffs produced documents created in the process of responding in the form of screenshots and recordings, and on July 15 provided Interrogatory

4

responses identifying more than 1,400 applications.  Plaintiffs have acknowledged that their search for additional information continues, including specifically regarding data from older, stored mobile devices which will need the assistance of a forensic consultant, and have committed to providing this information as it becomes available.  Having thusly complied with their obligations, Plaintiffs see no reasonable basis for Google's dispute, and Google's insistence on a 14-day deadline to produce the forensic work is unreasonable, unworkable, and frankly a last minute invention to foment disagreement with Plaintiffs' production in order to divert attention away from its substantial shortcomings in meeting its own discovery obligations.

### C.      Request for Production No. 1.

There is no dispute regarding the disclosure of what devices Plaintiffs used during the class period.  Plaintiffs already supplied these details to Google on March 15, and supplemented those details on July 15 in response to Interrogatory 1, which asked Plaintiffs to identify each mobile device, and its model, device ID, and operating system.  These responses will be supplemented further if more information becomes available.  The dispute Google has manufactured here concerns documents that do not exist: namely, screenshots that Google wants Plaintiffs to ***create***.  The Court should deny Google's request not only because RFP 1 is duplicative of other, answered, discovery, but also because screenshots are not proportional to the needs of this case.  In addition to the device model and ID, the "About" page Google requests reveals other private and irrelevant information, such as the number of saved photos.  As Plaintiffs have told Google, including by letter July 8, there is no basis whatsoever to invade Plaintiffs' devices in this manner, especially not to obtain information Plaintiffs already produced.  *See* Robert Keeling & Ray Magnum, *The Burden of Privacy in Discovery*, 20 Sedona Conf. J.  415, 441 (2019) ("There is an emerging consensus that privacy burdens may properly be considered as part of the proportionality analysis required by revised Rule 26(b)(1) to determine the scope of discovery.").

### D.      Request for Production No. 6.

This grossly excessive, invasive, and harassing request asked each Plaintiff to produce documents "sufficient to identify all of the locations" they visited from 2014-2021 while carrying a mobile device.  Google misrepresents the parties' discussions on this RFP.  When it was discussed, Plaintiffs explained that gathering such documents would be unduly burdensome, if it is even possible to locate documentary evidence sufficient to show ***seven years'*** of movement, and it would be more efficient for Google to produce information about the locations Google tracked the Plaintiffs (*i.e.*, locations of arguable relevance to this case), and *then* to discuss discovery regarding which are sensitive.  Plaintiffs alternatively suggested providing examples, and the only supposed compromise from Google was to demand a detailed list of every sensitive location a Plaintiff visited with their phones.  Regardless, providing the names of Plaintiffs' doctors, for example, as Google is requesting, will do little to advance the litigation.  Plaintiffs allege that Google stored a ***comprehensive*** record of their movements—conduct that violates their privacy rights independent of specific locations they visited. *See* MTD Order at 8-10 (Dkt. 162), and citations. Moreover, RFP 6 is not an Interrogatory, so Google's request that the Court order Plaintiffs to "identify" each sensitive location they visited is inappropriate.  If Google will not negotiate this discovery in good faith, the Court should consider this overbroad, harassing, and unduly burdensome RFP on its own terms, and order that no response is required.

\* \* \*

Respectfully submitted,

| | |
|---|---|
| */s/ Nicholas D. Marais* | */s/ Melissa Gardner* |
| Nicholas D. Marais | Melissa Gardner |
| Keker, Van Nest & Peters LLP | Lieff Cabraser Heimann & Bernstein, LLP |
| Counsel for Google LLC | Counsel for Plaintiffs |

## ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest that all signatories above have concurred in the filing of this document.

September 3, 2021                                */s/ Nicholas D. Marais*
                                                                Nicholas D. Marais

1719740