*In re Google Location History Litigation*, No. 5:18-cv-05062-EJD-NMC
**JOINT LETTER BRIEF RE: DISCOVERY DISPUTES**

September 28, 2021

Dear Magistrate Judge Cousins:

**I.   PLAINTIFFS' POSITION**

Discovery from Google has plodded along at a glacial pace due to Google's intractable and meritless objections, its obstructive and drawn-out meet and confers, which have effectively thwarted Plaintiffs' right to obtain evidence directly relevant to their claims. More than three years into the case, Google refuses to identify its relevant document custodians, and has yet to make any significant production. Google refuses to stipulate to any deadlines for the production of documents, while seeking to fast-track class certification briefing.[1] Therefore, Plaintiffs respectfully request that this Court enter an order setting firm deadlines for specific discovery milestones, as proposed below, and schedule monthly discovery status conferences, requiring the parties to submit a joint status a week in advance.

**A.   Google Is Stonewalling Discovery.**

The requested deadlines and discovery conferences are badly needed. To date, Google's production has been sparse. In December 2019, it made a limited production related to the Congressional inquiry into one of the many methods and databases involved in Google's collection of users' geolocation data (i.e., Sensorvault). Google did not make another production for 21 months (on August 20, 2021) but, even then, Google's production consisted mostly of public-facing webpages and self-serving policy documents.

Google flatly refused for months to negotiate search terms and custodians, while simultaneously maintaining that such negotiations are required before it can produce responsive documents. Then, with the October 6 hearing before this Court approaching, Google suddenly changed its position during a September 10 meet-and-confer: Now, it will deign to negotiate these items, but only if Plaintiffs—who have *no* visibility into the terminology or identity of custodians at Google—propose custodians and search terms in the first instance. Notably, Google has refused to supplement its May 2019 initial disclosures, which list only two individuals likely to have discoverable information. To add insult to injury, on September 13, Google refused to name a single person in response to Plaintiffs' interrogatory seeking the identities of employees with supervisory responsibility for Google's location databases.

Plaintiffs served other discovery specifically crafted not to require agreement on custodians and search terms, but Google has thrown up a roadblock to this discovery as well. For instance, the Second Set of RFPs include the request that Google produce documents it already produced in *State of Arizona v. Google LLC*, No. CV2020-00619 (Ariz. Sup. Ct., Maricopa Cty.), which, like this case, "concerns Google's widespread and systemic use of deceptive and

---

[1] The parties have asked Judge Davila to set a deadline to file class certification. Plaintiffs have informed Judge Davila of the instant request for discovery oversight. *See* Dkt. 179 at 2 n.2.

unfair business practices to obtain information about the location of its users . . . which Google then exploits . . . ." *Id.*, Compl. ¶ 1. Google, however, takes the meritless position that the requests violate an unspecified privilege, when indeed such productions are often ordered in this District. *See, e.g.*, *Hewitt et al. v. Google LLC*, No. 21-02155 (N.D. Cal.) (Dkt. 83) (J. Koh) (ordering Google to produce documents that it provided to the Texas Attorney General in response to Civil Investigative Demands); *In re Google Digital Advertising Antitrust Litig.*, No. 20-03556, Tr. of Proceedings at 9:16-21 (N.D. Cal. June 10, 2021) ("[O]rder[ing] the production of everything in the Texas [Attorney General] case.").

Finally, despite the Court's order in June compelling Google to use Plaintiffs' definition of "Location Information" when answering Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, Google still refuses to provide clear answers. Dkt. 175. (In July, Google also resurrected its objection to "Location Information" in its responses to Plaintiffs' Third Set of RFPs.) These interrogatories ask how Google: (a) collects and stores location data, and (b) makes use of that data. Google's supplemental responses still fail to provide this essential information, and instead list "examples" of how it "may" use Location Information collected "outside of Location History and Web & App Activity," while providing no information on how it *actually* uses location data. Plaintiffs sent clarifying questions on July 26. Google did not respond for *seven* weeks, and when it finally did, Google refused to clarify something as basic as which of its "products and services" transmit Location Information to Google.[2]

**B.    Concrete Deadlines and Regular Status Conferences Will Greatly Facilitate an Orderly Discovery Process.**

The parties submitted to Judge Davila competing schedules for class certification briefing. Dkt. 179. Plaintiffs informed Judge Davila that their comprehensive schedule would include a request to this Court that it set concrete discovery deadlines and regular status conferences. Google declines to join Plaintiffs in that request but, tellingly, prefers a hastier class certification briefing without any firm discovery deadlines. Whatever timeline Judge Davila sets for class certification—Plaintiffs' request for 12 months or Google's request for 5 months—a discovery schedule is needed. In the event Judge Davila may later set a schedule for class certification incompatible with a discovery schedule set by this Court, the parties can propose adjustments. Of course, Judge Davila will be informed of any schedule set here.

The discovery deadlines that Plaintiffs advised Judge Davila they would request this Court approve, subject to modification by this Court, are as follows.

| Discovery Milestone | Deadline |
| --- | --- |
| Deadline for Google to propose ESI custodians and search terms | Sept. 13, 2021 |
| Parties complete negotiations on custodians and search terms | Oct. 15, 2021 |
| Google produces at least 50% of custodial ESI and privilege log | Nov. 30, 2021 |
| Google completes production of custodial ESI, produces final privilege log | Jan. 12, 2021 |

---

[2] Ultimately, it appears the Court's assistance will be required to establish the scope of discoverable "Location Information" at issue in this action.

| Discovery Milestone | Deadline |
|---|---|
| Deadline for substantial completion of pre-certification fact discovery | May 30, 2022 |

Plaintiffs recognize that certain of these proposed deadlines may require extension due to the timing of this letter brief, and request that the Court set an appropriate schedule with a substantial completion deadline of May 30, 2022. Plaintiffs also request this Court hold monthly discovery conferences, as its calendar may permit, and order the parties to file a joint discovery status report by 5 p.m. seven days in advance of each such conference.

## II.     GOOGLE'S POSITION

In this unnecessary and premature letter brief, Plaintiffs ask this Court to (1) preempt Judge Davila's decision on a pending scheduling request filed just three weeks ago, (2) enter unusual, unilateral "interim" deadlines that would force Google—but, apparently, not Plaintiffs—to *complete* discovery in just three months, and (3) abandon its well-established procedures for discovery disputes and replace them instead with a "monthly" status conference. Unfortunately, these requests are typical of Plaintiffs' overall approach to discovery in this matter: they continue to avoid the real work of meeting and conferring and hope instead to pin their discovery burdens on Google and this Court. Their requests should be denied.

Plaintiffs' characterization of the history of discovery in this matter is false—and ironic. As Google explained just a few weeks ago, in a scheduling statement that is now pending before Judge Davila, it is *Plaintiffs* who have been "glacial" in their prosecution of this case. *See* ECF No. 179. Indeed, for that reason, it was *Google* that asked Judge Davila to set class-certification deadlines in the hopes that this litigation might eventually be brought to a conclusion. Now, although Judge Davila has not yet had an opportunity to rule on Google's request, Plaintiffs have insisted on filing this premature and improper proposal for "interim" deadlines that will not solve any of the problems about which Plaintiffs complain—all of which are the direct result of Plaintiffs' own inability to focus on the discovery they actually need for class certification.

At the outset of this litigation, Plaintiffs agreed in their Rule 26(f) statement that, "rather than embark on broad discovery," they would "in good faith propound discovery related only to class certification issues before the class certification motion is filed." ECF No. 81 at 9. Plaintiffs now appear to have abandoned that commitment. They have served unwieldy, broad, and scattershot discovery requests that have little to do with class certification and, in many instances, have no relevance to any of the issues in this litigation. If anything, Plaintiffs' requests appear designed to impose burden and expense on Google with no discernible benefit to Plaintiffs and no use for class certification. Worse still, Plaintiffs have refused to engage, routinely taking months to respond to Google's meet-and-confer letters. That, of course, is precisely why Google has asked Judge Davila to set a class-certification schedule: it hopes that, once a deadline is in place, Plaintiffs' counsel will finally begin to focus on the discovery they actually need.

Plaintiffs' real goal with these "interim" deadlines is clear: rather than focus on targeted discovery, they hope to shift all of the burden to Google (to meet arbitrary "interim" deadlines untethered to the case or Plaintiffs' overbroad requests) and to this Court (to hold "monthly status conferences" so that Plaintiffs can sidestep this Court's established discovery procedures). But the deadlines Plaintiffs propose are untethered to their class-certification needs and, instead,

appear designed only to set Google up for non-compliance. For instance, while Plaintiffs have asked for **18 months** to file their class-certification motion, they propose that this Court order Google to *complete* document discovery—not just class-certification discovery, but *all* discovery—in just **three months**. Worse still, one of Plaintiffs' proposed deadlines occurs *in the past*, and all of them would apparently apply unilaterally to Google. These are not good-faith efforts to streamline discovery.

Plaintiffs' proposed deadlines are all the more unrealistic here, where Plaintiffs have routinely refused to engage with the meet-and-confer process. Take, for instance, Plaintiffs' RFPs to which Google responded in mid-March. Plaintiffs took **almost two months** to take Google up on its offer to meet and confer. When they did, Google responded in just 12 days, sending Plaintiffs a fulsome, nine-page letter detailing its concerns with Plaintiffs' overbroad requests. Then Plaintiffs stalled yet again, letting another **seven weeks** pass before sending a boilerplate, three-page response that failed to address the issues Google raised, failed to identify what documents Plaintiffs needed, and failed to explain why they were relevant. To the extent discovery has proceeded slowly in this case—as Plaintiffs complain it has—it is because Plaintiffs have ignored Google's efforts to move things along.

The same disparities separate the parties' document-production efforts. To date, Plaintiffs—who complain that *Google*'s production "has been sparse"—have produced just 60 documents. Google, by contrast, has produced more than 23,000 pages.[3] Plaintiffs try to minimize Google's substantial productions by dismissing them as comprising "mostly . . . public-facing webpages." But this is a case about public representations, *see* ECF No. 164-1 (Amended Compl.) at ¶ 11, so it is hardly surprising that Google's productions will include "public-facing webpages." Again, what Plaintiffs fail to mention is that those webpages contain disclosures regarding Google's collection of user location data that Plaintiffs have specifically demanded in their RFPs.

Plaintiffs' other "stonewalling" claims are equally meritless, which presumably is why Plaintiffs have never raised them with the Court before today. For instance, Plaintiffs now criticize Google for declining to propose search terms or custodians. But the parties are still meeting and conferring about the *scope* of Plaintiffs' requests, and Google cannot identify custodians or search terms until the parties come to some agreement on the basic metes and bounds of what discovery Plaintiffs need for class certification. Once again, Plaintiffs have stalled this process. Google has asked Plaintiffs to propose search terms (these are, after all, Plaintiffs' discovery requests) and custodians (by job description or role, if not by name). Plaintiffs have refused to do so. In fact, to date, Plaintiffs have refused even to clarify *which RFPs* they hope Google will propose search terms for. Google cannot proceed without Plaintiffs' participation.[4]

---

[3] Plaintiffs misleadingly argue that Google failed to produce documents "for 21 months" without ever explaining that—for most of that time—discovery in this case was stayed. As Plaintiffs know, the parties spent 18 months focused on preliminary motions and agreed to wait until the pleadings were settled before pursuing discovery. *See generally* ECF No. 179 at 2 n.2.

[4] Plaintiffs seek to relitigate Interrogatories No. 4 and 5, arguing in this letter—ostensibly about the case schedule—that Google has provided inadequate supplemental responses. That assertion is false. Google's responses to those two interrogatories now total approximately 18 pages, list more than 49

It is time for Plaintiffs to engage with this case. They should meet and confer, as any other party in this District is expected to do; they should propose search terms—or, at a minimum, work with Google to identify the categories of documents they actually need; they should identify areas of genuine disagreement and attempt to resolve them; and, if necessary, they should follow this Court's standing order and file a letter brief seeking resolution of discrete disputes. (Notably, despite Plaintiffs' litany of complaints above, they have filed only *one* such letter in *seven months*—and even then, they failed to delineate any specific discovery disputes.)

Respectfully, Google requests that the Court deny Plaintiffs' request to set interim discovery deadlines. Once a class certification schedule is ordered, the Parties should meet and confer about how best to complete discovery in compliance with that schedule. To the extent interim discovery deadlines become necessary in the future, the parties should discuss appropriate deadlines that are informed by their genuine discovery needs, that relate to class certification, and that apply bilaterally. Google also requests that the Court deny Plaintiffs' demand for monthly "status conferences"—a request Plaintiffs have never even discussed with Google. If Plaintiffs have specific discovery concerns, they should follow this Court's established procedures for conferring and then submitting a joint discovery brief, just as any other litigant would be expected to do.

*   *   *

Respectfully submitted,

| | |
|---|---|
| */s/ Benjamin Berkowitz* | */s/ Michael W. Sobol* |
| Benjamin Berkowitz | Michael W. Sobol |
| Keker, Van Nest & Peters LLP | Lieff Cabraser Heimann & Bernstein, LLP |
| Counsel for Google LLC | Counsel for Plaintiffs |

---

different ways that Google uses location data, and identify a list of products or services that use location data. Of course, if Plaintiffs really believed that Google's supplemental responses—which Google served ***more than three months ago***—were inadequate, the Court invited them to file another letter brief. *See generally* Hr'g Tr. (June 16, 2021) at 16–17 ("And it may be that you still have some disputes…. But I want you to both pursue the discovery in depositions and getting these answers and confer further, because I think there's a lot of middle ground that could be found on this discovery stuff.  But I invite you to come back. I'm not saying you can't come back, but I want you to try to work it out first."). Plaintiffs have not taken the Court up on its offer, nor have they pursued depositions.