1   KEKER, VAN NEST & PETERS LLP
    BENJAMIN BERKOWITZ - # 244441
2   bberkowitz@keker.com
    THOMAS E. GORMAN - # 279409
3   tgorman@keker.com
    NICHOLAS D. MARAIS - # 277846
4   nmarais@keker.com
    CHRISTOPHER S. SUN - # 308945
5   csun@keker.com
    CHRISTINA LEE - # 314339
6   clee@keker.com
    633 Battery Street
7   San Francisco, CA 94111-1809
    Telephone:    415 391 5400
8   Facsimile:    415 397 7188

9   Attorneys for Defendant GOOGLE LLC

10  AHDOOT & WOLFSON, PC
    Tina Wolfson (SBN 174806)
11  twolfson@ahdootwolfson.com
    Theodore Maya (SBN 223242)
12  tmaya@ahdootwolfson.com
    Bradley K. King (SBN 274399)
13  bking@ahdootwolfson.com
    Christopher Stiner (SBN 276033)
14  cstiner@ahdootwolfson.com
    Rachel Johnson (SBN 331351)
15  rjohnson@ahdootwolfson.com
    2600 West Olive Avenue, Suite 500
16  Burbank, California 91505
    Tel: (310) 474-9111
17  Fax: (310) 474-8585

18  Interim Co-Lead Class Counsel

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
John Maher (SBN 316157)
jmaher@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Nicholas Diamand (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

Interim Co-Lead Class Counsel

19              UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA

21                    SAN JOSE DIVISION

22  IN RE:  GOOGLE LOCATION HISTORY
23  LITIGATION

Case No. 5:18-cv-05062-EJD-NC

**WEEKLY DISCOVERY UPDATE
AND THE PARTIES' ALTERNATIVE
[PROPOSED] ORDERS RE
CASE SCHEDULE**

Dept:     Courtroom 5 – 4th Floor
Judge:    Hon. Nathanael M. Cousins

Hr'g Date: November 3, 2021
Time:      1:00 p.m

Pursuant to the Court's October 6, 2021 Order, Dkt. 187 (the "Discovery Order"), the parties submit this weekly discovery status report.

### A.    Case Schedule

The parties have continued to meet and confer about ongoing case management and discovery issues and have largely agreed to a schedule for pre-certification discovery and Plaintiffs' anticipated motion for class certification.  Specifically, the parties agree to the following deadlines, which are incorporated in the parties' competing proposed orders below:

| Scheduled Event | Deadline |
| --- | --- |
| Google to produce the *Arizona* Documents consistent with the parties' existing agreement, as set forth in Dkt. 191 | November 22, 2021 |
| Parties to substantially complete production of custodial ESI; to provide final privilege logs; and to complete other pre-certification fact discovery | May 5, 2022 |
| Plaintiff's Motion for Class Certification (and supporting expert declarations) | July 1, 2022 |
| Google's Opposition to Plaintiff's Motion for Class Certification (and supporting expert declarations) | August 31, 2022 |
| Plaintiff's Reply in Support of Class Certification | September 22, 2022 |
| Hearing on Motion for Class Certification | Subject to the Court's availability |

The parties reserve their rights to seek to amend this schedule if discovery progress is slower than anticipated or for other good cause, as may be shown.

In addition to the agreed dates set out above, Plaintiffs seek two additional deadlines for the parties to mutually exchange proposed lists of search terms and custodians.  Google opposes the inclusion of these two additional deadlines.  The parties set out their positions on this issue below.

This joint status update thus includes two [Proposed] Orders, one that contains the agreed-upon deadlines and another that includes Plaintiffs' additional deadlines.

### 1. Plaintiffs' Position

Plaintiffs reserve their right to seek an amended schedule from the Court if, for any reason, Google is unable to substantially comply with its the May 5, 2022 production deadline.

The remaining scheduling disagreement concerns a deadline to exchange custodians and search terms. Plaintiffs have proposed the following deadlines:

| Scheduled Event | Deadline |
|---|---|
| **Plaintiffs propose:** <br> Parties to Exchange Initial List of Proposed Custodians and Search Terms | October 26, 2021 |
| **Plaintiffs propose:** <br> Parties to finalize custodians and search terms for ESI productions (or, if necessary, present any disputes to the Court in a joint letter brief) | January 13, 2022 |

Plaintiffs are the ones who proposed submitting to the Magistrate discovery updates and conferences, over Google's opposition to the same, and have consistently advocated for interim deadlines—such as those now in dispute in this update. The rationale is simple: Plaintiffs believe that interim deadlines and regular accountability to the Court will better promote cooperation and, most important, ensure that discovery can be completed by the agreed-upon May 5, 2022, deadline, so that in turn Plaintiffs can meet the agreed-upon July 1 deadline for filing class certification. Plaintiffs also sought to avoid just what is transpiring here, namely, Google's withdrawing—less than two hours prior to the deadline for this filing—its prior agreement to the January 13, 2022 date to complete negotiations regarding custodians and search terms, a calendar date that Google itself proposed last week. These interim dates are vital to Plaintiffs' ability to properly prepare for class certification. Without them all Google has done is to agree to close of discovery without commitment on when it will actually make progress on the production. Plaintiffs need certainty that Google will comply with its discovery obligations, not vague promises of cooperation that, in practice, have yet to materialize.

Google's obstreperousness is also evinced by Plaintiffs' attempt to negotiate the exchange of proposed search terms and custodians. Plaintiffs months ago suggested an October 26, 2021

deadline for the parties to exchange proposed search terms and custodians. Google refused this deadline, and has thus far declined to negotiate an alternative date because, in its view, this deadline should not exist.  The case is now three years old.  Plaintiffs have met and conferred extensively with Google on this issue. Plaintiffs have, as Google insisted, provided it with a proposed list of custodians.  Google has not provided its own list, nor has it provided a date by which Plaintiffs can expect such a list.  Given this backdrop, Plaintiffs do not feel it is unreasonable to seek a deadline by which Google will provide its own proposed list of search terms and custodians.

Google's position is that its responsibility to provide a list should first be a function of resolving the parties' dispute regarding Interrogatory 7 is resolved.  At the same time, however, Google has successfully insisted that Plaintiffs—who have infinitely less visibility into Google's inner workings—provide their own list of custodians.  Plaintiffs will continue to meet and confer with Google regarding Interrogatory 7 and hope, as with the remaining schedule and *Arizona* discovery, that a compromise will be reached.  However, Google's duty to provide a list of search terms and custodians exists independently of negotiations on Interrogatory 7.  Plaintiffs have provided their list. Google has refused to provide its own, has refused to provide a date by which it will do so, and has refused to negotiate regarding such a date.  Therefore, Plaintiffs ask that the Court impose Plaintiffs' initial proposed deadline of October 26.

### 1.   Google's Position

In just the second of these weekly updates, Plaintiffs have insisted on presenting to the Court a "dispute" they have drummed up at the eleventh hour and about which they have not met and conferred with Google.  For that reason, Plaintiffs provide no certification that they have complied with the Court's order that "lead discovery liaison counsel … confer by speaking before presenting any further discovery disputes to the Court." *See* Dkt. 187 (requiring that discovery reports "must certify this has been completed").  Plaintiffs should not be rewarded for flouting the Court's order and their request for additional deadlines—for the parties to exchange lists of custodians and search terms—should be rejected.

Further, Plaintiffs' proposed additional deadlines are unworkable for several reasons:

WEEKLY DISCOVERY UPDATE AND [PROPOSED] ORDER RE CASE SCHEDULE
Case No. 5:18-cv-05062-EJD-NC

*First*, although Plaintiffs repeatedly claim that these proposed deadlines are based on Google's "**duty** to provide a list of search terms and custodians," they identify no relevant rule or authority creating such a duty.  Google's obligation in discovery is to produce responsive, relevant documents—not to draft search terms for Plaintiffs' review.  Although this District's ESI Guidelines contemplate that the parties will "cooperate" on "search," and will discuss "the *methods* … used for searching ESI," they do not require (let alone set deadlines for) exchanging such lists.  Indeed, in many cases, litigants do not exchange search terms at all.  Nonetheless, Google has already—voluntarily and in good faith—informed Plaintiffs that it is willing to work with them to review, improve, and finalize a set of search terms that generates a reasonable number of hits across agreed custodians.  But that offer of voluntary cooperation should not now be used to impose a "duty" to do Plaintiffs' work for them in proposing search terms in the first instance.  The reality is that Plaintiffs are in the best position to identify what custodial data they are most interested in.  Once they do that, the parties should work cooperatively with respect to Plaintiffs' proposals, which will take time to review, negotiate and finalize.  Ultimately, the reasonableness of any search terms will need to be considered in light of the number of hits across the full set of custodians, and that cannot be assessed until the parties have agreed on custodians.  The parties have not yet agreed on an appropriate number of custodians, let alone their identities, and so Google has no way to test the reasonableness of any proposed search terms at this juncture.  Insisting that the parties exchange terms *next week*, as Plaintiffs now do, is unworkable and counterproductive.  The parties should first meet and confer regarding an agreement on the number and identities of appropriate custodians.

*Second*, if Plaintiffs believe that this process—of identifying custodians and search terms—should be collaborative, they must collaborate.  Two months ago, Google suggested that *Plaintiffs* propose a list of search terms for Google to review.  *See, e.g.*, Dkt. 183 at 4 (noting, last month, that Google had asked Plaintiffs to propose search terms and custodians).  Although Plaintiffs recently provided Google with an overbroad list of proposed custodians, they still have not done what they promised to do months ago—propose search terms.  Google cannot do this work in isolation, and it cannot do it until Plaintiffs explain what custodial data they need and

how such data will be useful in this litigation.  To that end, it should be up to Plaintiffs, not Google, to propose search terms in the first instance; after all, these are Plaintiffs' discovery requests and it is Plaintiffs who know what custodial data they are most interested in.

*Third*, just days ago, Google agreed—despite its well-documented objections—to produce "cloned discovery" from the separate *Arizona* matter.  *See* Dkt. 191 at 3–4.  It did so because Plaintiffs repeatedly assured Google and this Court that the Arizona "cloned discovery" would help Plaintiffs focus and streamline their discovery efforts.  Now, Plaintiffs should stick to their end of the bargain: they should review those documents, which Google will produce next month, and use them to determine what *additional* discovery they believe they need.  It makes no sense—and would leverage none of the supposed efficiencies—to have the parties attempt to reach agreement on custodians and search terms in the dark, before Plaintiffs have even reviewed the Arizona documents they said would help them focus and target their requests.

\* \* \*

As the Court knows, Google's position has long been that Plaintiffs' proposed "interim discovery deadlines" are unnecessary.  *See* Dkt. 179 at 4–5.  Indeed, it is Google's view that the Court need only enter deadlines for Plaintiffs' class-certification motion and that it should be up to the parties to work to complete class-certification-focused discovery in time.  However, as a compromise, Google has agreed to most of Plaintiffs' proposed deadlines.  (Google offered to agree to Plaintiffs' proposed January 13, 2022 deadline for finalizing custodial negotiations as part of an overall compromise.  Google did not "withdraw" that proposal; Plaintiffs rejected it and insisted on briefing this "dispute" instead.  Plaintiffs cannot accept one-half of Google's compromise proposal—the half they like—while ignoring the other.)

In sum, the parties have agreed to six deadlines—those reflected in Google's [Proposed] Order below.  Although Google views some of those deadlines as unnecessary, it does not object to the Court ordering them.

Google does not, however, believe that there is a need or basis to order the parties to attempt to negotiate search terms before Plaintiffs have explained what custodial data they are looking for, before Plaintiffs have had a chance to review the *Arizona* production they claimed

would help them focus and narrow their requests, and before the parties have even agreed upon a set of custodians. For these reasons, Google requests that the Court reject Plaintiffs' [Proposed] Order.

**B.      Remaining Disputes**

The parties continue to meet and confer regarding other pending discovery topics, including the remaining topics identified in the Court's Discovery Order.

Dated:  October 18, 2021                                AHDOOT & WOLFSON, PC


                                                        By:   */s/ Tina Wolfson*
                                                             TINA WOLFSON
                                                             THEODORE MAYA
                                                             RACHEL JOHNSON

                                                             *Interim Co-Lead Class Counsel*

Dated:  October 18, 2021                                LIEFF CABRASER HEIMANN &
                                                        BERNSTEIN, LLP


                                                        By:   */s/ Michael W. Sobol*
                                                             MICHAEL W. SOBOL
                                                             MELISSA GARDNER
                                                             MICHAEL LEVIN-GESUNDHEIT
                                                             JOHN MAHER

                                                             *Interim Co-Lead Class Counsel*

Dated:  October 18, 2021                                KEKER, VAN NEST & PETERS LLP


                                                        By:   */s/ Benjamin Berkowitz*
                                                             BENJAMIN BERKOWITZ
                                                             THOMAS E. GORMAN
                                                             NICHOLAS D. MARAIS
                                                             CHRISTOPHER S. SUN
                                                             CHRISTINA LEE

                                                             Attorneys for Defendant GOOGLE LLC

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that all signatories above have concurred in the filing of this document.

Dated:  October 18, 2021                                     */s/ John Maher*
                                                                       John Maher

WEEKLY DISCOVERY UPDATE AND [PROPOSED] ORDER RE CASE SCHEDULE
Case No. 5:18-cv-05062-EJD-NC

1

## GOOGLE'S [PROPOSED] ORDER

2

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED that the following

3

deadlines shall apply to pre-certification discovery and Plaintiffs' anticipated motion for class

4

certification:

5

| Scheduled Event | Deadline |
|---|---|
| Google to produce the *Arizona* Documents consistent with the parties' existing agreement, as set forth in Dkt. 191 | November 22, 2021 |
| Parties to finalize custodians and search terms for ESI productions (or, if necessary, present any disputes to the Court in a joint letter brief) | January 13, 2022 |
| Parties to substantially complete production of custodial ESI; to provide final privilege logs; and to complete other pre-certification fact discovery | May 5, 2022 |
| Plaintiffs' Motion for Class Certification (and supporting expert declarations) | July 1, 2022 |
| Google's Opposition to Plaintiff's Motion for Class Certification (and supporting expert declarations) | August 31, 2022 |
| Plaintiffs' Reply in Support of Class Certification | September 22, 2022 |
| Hearing on Plaintiffs' Motion for Class Certification | |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

If necessary, either party may seek to amend this schedule should discovery progress

20

slower than anticipated or for other good cause, as may be shown.

21

22

Dated: _____

Hon. Nathanael M. Cousins
United States Judge

23

24

25

26

27

28

# PLAINTIFFS' [PROPOSED] ORDER

IT IS HEREBY ORDERED that the following deadlines shall apply to pre-certification discovery and Plaintiffs' anticipated motion for class certification:

| Scheduled Event | Deadline |
| --- | --- |
| Deadline for Parties to Exchange Initial List of Proposed Custodians and Search Terms | October 26, 2021 |
| Google to produce the *Arizona* Documents consistent with the parties' existing agreement, as set forth in Dkt. 191 | November 22, 2021 |
| Parties to finalize custodians and search terms for ESI productions (or, if necessary, present any disputes to the Court in a joint letter brief) | January 13, 2022 |
| Parties to substantially complete production of custodial ESI; to provide final privilege logs; and to complete other pre-certification fact discovery | May 5, 2022 |
| Plaintiffs' Motion for Class Certification (and supporting expert declarations) | July 1, 2022 |
| Google's Opposition to Plaintiff's Motion for Class Certification (and supporting expert declarations) | August 31, 2022 |
| Plaintiffs' Reply in Support of Class Certification | September 22, 2022 |
| Hearing on Plaintiffs' Motion for Class Certification | |

If necessary, either party may seek to amend this schedule should discovery progress slower than anticipated or for other good cause, as may be shown.

Dated: _____

_____
Hon. Nathanael M. Cousins
United States Judge