**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John Maher (SBN 316157)
jmaher@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone:  212.355.9500
Facsimile:   212.355.9592

*Interim Co-Lead Class Counsel*

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Rachel Johnson (SBN 331351)
rjohnson@ahdootwolfson.com
2600 West Olive Ave., Suite 500
Burbank, CA  91505
Telephone: 310.474.9111
Facsimile: 310.474.8585

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No.  5:18-cv-05062-EJD (NC) <br><br> **MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** <br><br> Dept:        Courtroom 5 – 4th Floor <br> Judge:       Hon. Nathanael Cousins |

1

## **Introduction**

2      Plaintiffs respectfully ask the Court to reconsider or clarify a limited aspect of a prior

3  discovery order, with great reluctance, but nonetheless compelled by the burden of a near-

4  impossible discovery obligation brought about when Google mischaracterized Plaintiffs'

5  allegations, and substituted an interpretation of the case inconsistent with Judge Davila's orders

6  on the pleadings.  Plaintiffs respectfully submit that this Court's order appears to be premised

7  upon Google's materially incorrect statements about the record of the case.  Accordingly,

8  Plaintiffs request leave pursuant to Civil Local Rule 7-9(b) to file a motion for reconsideration of

9  the Court's Discovery Order (Dkt. 187, "Order") only as it pertains to Topic D of the dispute

10  raised in the Joint Letter Brief filed September 30, 2021 (Dkt. 180).

11      This Court's Order requires Plaintiffs to produce information concerning "'sensitive

12  locations' *as asserted by Plaintiffs*." Dkt. 187 at 2 (emphasis added).  However, Plaintiffs do not

13  allege or otherwise assert that some of the locations Google tracked them are sensitive and some

14  are not but, rather, that *all* location data is inherently sensitive, and is particularly so here because

15  Google tracked Plaintiffs' location comprehensively and continuously.  Indeed, it is the

16  comprehensive nature of Google's location tracking that drives the operative complaint—a

17  complaint Plaintiffs amended in response to Judge Davila's first decision on the pleadings

18  requiring Plaintiffs to expand upon the comprehensiveness of location tracking, not the collection

19  of isolated "sensitive" locations, to successfully state claims for invasions of privacy.  (Dkt. 162

20  at 9, 12-13.)

21      In its Letter Brief Google argues, including a quote without attribution, that "Plaintiffs

22  allege that Google collected and stored location information when they visited 'highly sensitive'

23  places." (Dkt. 180 at 2.)  Plaintiffs make no such allegation.  The only reference to the term

24  "highly sensitive" in the complaint is to Google's C.E.O. stating before Congress on this issue

25  that location information in general is indeed highly sensitive, but even that statement is not about

26  sensitive "places."  (Dkt. 131 at para. 118, n. 105.)  This Court's Order effectively asks Plaintiffs

27  to identify such sensitive places, but there has never been a list of discrete "sensitive" locations,

28  because such a list would be fundamentally at odds with Plaintiffs' theory of the case.

1    As a result, Plaintiffs are attempting in good faith to comply with the Order by identifying

2    *everywhere they may have been with their mobile devices over the better part of a decade*, as they

3    must given their theory of the case.  Ironically, that was the nature of Google's Request for

4    Production which sought identification of "all of the locations YOU visited."  Although Google

5    feigns that it has now conferred and offered an accommodation on the staggering breadth of that

6    original request, it has, by virtue of its mischaracterization of Plaintiffs' allegations, gotten the

7    Court to order production of functionally the same information.

8    There is, however, another way to interpret the Court's Order given its qualification that

9    such places are limited to those "as asserted by Plaintiffs."  (Dkt. 187 at 2.)  Namely, that is to

10   respond by indicating "none," as Plaintiffs make no assertion about the sensitive nature of the

11   locations themselves.  This is not to say that individual Plaintiffs may not regard certain locations

12   as more or less sensitive than other locations, but such distinctions are not asserted by the

13   Plaintiffs.  In this respect, Plaintiffs seek clarification about the extent of their obligation, as they

14   are naturally remiss to make that interpretation without guidance from the Court.

15   Accordingly, Plaintiffs respectfully seek leave to move for reconsideration of the portion

16   of the Court's Order requiring them to produce a list of "sensitive locations."

17   **Legal Standard**

18   A party may move for leave to file a motion for reconsideration where there is "a manifest

19   failure by the Court to consider material facts or dispositive legal arguments which were presented

20   to the Court before such interlocutory order."  Civ. L.R. 7-9(b)(3).  In addition to three enumerated

21   grounds for a motion for leave to file a motion for reconsideration identified in this District's Civil

22   Local Rules, the Ninth Circuit has stated "[t]here may also be other, highly unusual, circumstances

23   warranting reconsideration."  *School Dist. No. 1J,* 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Beal*

24   *v. Royal Oak Bar*, No. 13-04911, 2016 WL 3230887, at *2 (N.D. Cal. June 13, 2016) ("Although

25   the Federal Rules of Civil Procedure and this District's Local Rules create avenues for

26   reconsideration, they do not abridge the court's inherent, common-law based authority . . . .").

27   **Argument**

28   Google's request under "Topic D" of its discovery motion was based upon a

MOTION FOR LEAVE TO FILE A MOTION
FOR RECONSIDERATION.
CASE NO:  5:18-CV-05062-EJD (NC)

1  fundamentally inaccurate premise: "In their Complaint, Plaintiffs allege that Google collected and

2  stored location information when they visited 'highly sensitive' places." (Dkt 180 at 2, providing

3  no citation for the quoted language.)  Similarly, at the October 6 hearing Google inaccurately

4  argued that Plaintiffs' "Complaint makes two broad allegations, Number one is that Google

5  tracked plaintiffs' locations comprehensively . . . via their mobile devices.  And the second is that

6  Google invaded their privacy by tracking them to particularly sensitive locations . . . . We have

7  asked . . . that plaintiffs now tell us what those sensitive locations are, so that we can . . . see

8  whether Google actually tracked them to those locations." (Dkt. 192, 10/6/2021 Tr. 15:16-16:3.)

9  Google improperly asked the Court to order Plaintiffs to identify the "'specific, sensitive

10  locations' at which Plaintiffs allege they were tracked." (Dkt. 180 at 3, providing no citation for

11  quoted language; *see also id.* at 2-3, arguing "Plaintiffs have 'precise' locations in mind.").

12       Google's briefing and argument mischaracterized Plaintiffs' actual allegations.  For

13  instance, in the Letter Brief, Google purported to quote paragraph 14 of Plaintiffs' complaint as

14  stating that Plaintiffs "visited specific, sensitive locations, and that Google could or did

15  'determine' that" they did so. (Dkt. 180 at 3.)  Nowhere in the complaint do Plaintiffs make that

16  allegation.  These misdirections by Google resulted in the Court ordering Plaintiffs to produce

17  information concerning "'sensitive locations' *as asserted by Plaintiffs*," as though Plaintiffs drew

18  a distinction in their allegations between geolocation data that is "sensitive" and geolocation data

19  that is not. Dkt. 187 at 2 (emphasis added).  In virtually all instances where the word "sensitive"

20  appears in the Complaint, it states that *all* location data qualifies as such, and is nowhere remotely

21  associated with the sort of list that Google described to the Court. (*See, e.g.*, Dkt. 131 ¶¶ 9, 70,

22  72, 105, 118.)  On the contrary, the allegations in Plaintiffs' Complaint underscore that all

23  locations are sensitive. (*See id.* ¶¶ 14, 19-20, 27, 30, alleging that Google can "determin[e]"

24  information regarding Plaintiffs' habits and activities from the compilation of location data points

25  that it collects and stores without consent).

26       As the District Court recognized when it denied Google's motion to dismiss, this case is

27  about comprehensive location tracking, not tracking at particular locations.  Contrary to Google's

28  representations to this Court, "Plaintiffs do not allege that Google only collected information at

MOTION FOR LEAVE TO FILE A MOTION
FOR RECONSIDERATION.
CASE NO:  5:18-CV-05062-EJD (NC)

1    discrete, intuitive times, but rather, they specifically allege that Google collected location

2    information constantly from Google searches, interactions with apps having nothing to do with a

3    users' location, dormant apps, and Wi-Fi connections."  (Dkt. 162, "MTD Order" at 12-13; *see*

4    *also id.* at 9, "*As Google points out*, Plaintiffs did not add any allegations [when they amended the

5    Complaint] about the specific location information that Google allegedly collected.  Instead,

6    Plaintiffs added allegations to demonstrate that Google's tracking and collection of location data

7    was comprehensive . . . . (emphasis added)").

8         In this context, requiring Plaintiffs to identify "sensitive locations" at which they may

9    have been tracked would seem to require them to identify *all* locations they went in the relevant

10   time, including locations where apps or services were updated, even automatically; everywhere

11   they ran "non-location dependent searches such as 'chocolate chip cookies' on a Google device or

12   Google browser"; everywhere they went with dormant Google Android applications; and

13   everywhere they interacted with Wi-Fi access points."  *Id.* at 3.  Yet this did not appear to be the

14   Court's intention at the hearing on Google's motion.  Tr. at 23:6 ("[I]f it had been a request for all

15   locations, I might have found that to be overly broad. But as it's limited to sensitive locations, I

16   find that it is proportional to the needs of the case.").

17        On today's date pursuant to this Court's order, Plaintiffs are providing to Google all

18   materials located upon a reasonable search that are responsive to Google's RFPs No. 15, 19–28,

19   30–31, and 33–41, and which Plaintiffs agreed to produce in March, but which had not yet been

20   produced (Topic A); all information responsive to Google's Interrogatory No. 3 that Plaintiffs

21   agreed to produce and which currently is available to them (Topic B); screenshots of the "About"

22   page from Plaintiffs' devices insofar as the devices are available and currently accessible (Topic

23   C) (certain older devices are with or en route to Plaintiffs' forensic consultant and, if they become

24   accessible in the future, Plaintiffs will produce screenshots from those as well), and a listing of

25   locations Plaintiffs may have been tracked by Google during the relevant period to the extent

26   feasible (Topic D).  Plaintiffs contemporaneously seek leave to file this motion for

27   reconsideration regarding Topic D in light of the Court's apparent misapprehension regarding

28   Plaintiffs' allegations and the burden imposed by this discovery that resulted from Google's

MOTION FOR LEAVE TO FILE A MOTION
FOR RECONSIDERATION.
CASE NO:  5:18-CV-05062-EJD (NC)

1    mischaracterizations of the Complaint.

2         Accordingly, Plaintiffs respectfully request that the Court grant them leave to file a motion

3    for reconsideration of its ruling as to "Topic D" of Google's discovery motion, to correct what

4    appears to be an error caused by inaccurate quotations and citations to Plaintiffs' Complaint.

5

6    Dated:  October 20, 2021              Respectfully Submitted,

7

8                                         */s/ Michael W. Sobol*

9                                         Michael W. Sobol (SBN 194857)
                                          msobol@lchb.com
10                                        Melissa Gardner (SBN 289096)
                                          mgardner@lchb.com
                                          Michael Levin-Gesundheit (SBN 292930)
11                                        mlevin@lchb.com
                                          Jallé H. Dafa (SBN 290637)
12                                        jdafa@lchb.com
                                          John Maher (SBN 316157)
13                                        jmaher@lchb.com

14                                        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                          275 Battery Street, 29th Floor
15                                        San Francisco, CA  94111-3339
                                          Telephone:  415.956.1000
16                                        Facsimile:  415.956.1008

17                                        Nicholas Diamand (*pro hac vice*)
                                          ndiamand@lchb.com
18                                        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                          250 Hudson Street, 8th Floor
19                                        New York, NY 10013
                                          Telephone:  212.355.9500
20                                        Facsimile:  212.355.9592

21                                        Tina Wolfson (SBN 174806)
22                                        twolfson@ahdootwolfson.com
                                          Theodore Maya (SBN 223242)
23                                        tmaya@ahdootwolfson.com
                                          Rachel Johnson (SBN 331351)
24                                        rjohnson@ahdootwolfson.com
                                          AHDOOT & WOLFSON PC
25                                        2600 West Olive Ave., Suite 500
                                          Burbank, CA  91505
26                                        Telephone: 310.474.9111
27                                        Facsimile: 310.474.8585

28                                        *Interim Co-Lead Class Counsel*