PAGES 1 - 23

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE NATHANAEL COUSINS

IN RE:                                )
GOOGLE LOCATION HISTORY LITIGATION,   )
                                      )  NO. 18-CV-05062
                                      )
                                      )  VIA ZOOM VIDEOCONFERENCE
                                      )  WEDNESDAY
                                      )  NOVEMBER 3, 2021
_____)


**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  1:21 P.M. - 1:49 P.M.**

**APPEARANCES:**

**FOR PLAINTIFFS**            AHDOOT & WOLFSON, PC
                              2600 WEST OLIVE AVENUE, SUITE 500
                              BURBANK, CA 91505
                     BY:  **TINA WOLFSON, ESQUIRE**
                          **THEODORE MAYA, ESQUIRE**

                              LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                              EMBARCADERO CENTER WEST
                              275 BATTERY STREET, 29TH FLOOR
                              SAN FRANCISCO, CA 94111-3339
                     BY:  **MICHAEL W. SOBOL, ESQUIRE**
                          **MELISSA GARDNER, ESQUIRE**
                          **MICHAEL LEVIN-GESUNDHEIT, ESQUIRE**


(FURTHER APPEARANCES ON FOLLOWING PAGE)


*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*RETIRED OFFICIAL COURT REPORTER, USDC*

**APPEARANCES (CONTINUED):**

**FOR DEFENDANT**                    KEKER, VAN NEST & PETERS
                                     633 BATTERY STREET
                                     SAN FRANCISCO, CA 94111
                          **BY:  NICHOLAS D. MARAIS, ESQUIRE**
                                **THOMAS GORMAN, ESQUIRE**
                                **BENJAMIN BERKOWITZ, ESQUIRE**

```
1    WEDNESDAY, NOVEMBER 3, 2021                    1:21 P.M.

2    (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO

3    IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER

4    ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)

5                        ---O0O---

6              ELECTRONICALLY RECORDED PROCEEDINGS

7          THE CLERK:  CALLING 5-18-5062, IN RE: GOOGLE LOCATION

8    HISTORY LITIGATION.

9              COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE

10   RECORD.

11              (SIMULTANEOUS COLLOQUY.)

12          MR. SOBOL:  GOOD AFTERNOON, YOUR HONOR -- EXCUSE ME

13   SORRY.

14          MS. WOLFSON:  TINA WOLFSON OF AHDOOT WOLFSON ON

15   BEHALF OF THE PLAINTIFFS.

16          MR. SOBOL:  MICHAEL SOBOL ON BEHALF OF THE

17   PLAINTIFFS, YOUR HONOR.

18          THE COURT:  GOOD AFTERNOON.

19          MR. MAYA:  THEODORE MAYA ON BEHALF OF PLAINTIFFS.

20          MS. GARDNER:  AND MELISSA GARDNER ON BEHALF OF THE

21   PLAINTIFFS.

22          MR. LEVIN-GESUNDHEIT:  MICHAEL LEVIN-GESUNDHEIT, ALSO

23   ON BEHALF OF PLAINTIFFS.

24          MR. MARAIS:  GOOD AFTERNOON, YOUR HONOR.  I'M NICK

25   MARAIS FROM KECKER, VAN NEST & PETERS.  I'M HERE WITH MY
```

1    COLLEAGUES TOM GORMAN AND BEN BERKOWITZ, AND WE ARE HERE ON

2    BEHALF OF GOOGLE.

3              **THE COURT:**  THANK YOU.  GOOD AFTERNOON, ALL.

4              ALL RIGHT.  SO WE'RE TALKING ABOUT OUR STATUS OF

5    DISCOVERY.  AND THANK YOU FOR YOUR WEEKLY STATUS REPORTS, WHICH

6    NOW DATE BACK TO OCTOBER 12TH, IN WHICH YOU HAVE SUCCESSFULLY

7    AGREED WITH A NUMBER OF THINGS, STARTING WITH THE PRODUCTION OF

8    THE -- I'LL SHORTHAND IT -- THE GOOGLE ARIZONA MATERIALS, WITH

9    AN AGREEMENT TO PRODUCE THOSE BY NOVEMBER 22ND, AND THEN ALSO

10   AN AGREEMENT LATER WITH A PROPOSED CLASS BRIEFING SCHEDULE,

11   WITH SOME CONDITIONS ABOUT THINGS THAT WOULD OCCUR BEFORE IT,

12   BUT AT LEAST A FRAMEWORK OF SIX DATES IN 2022 FOR DIFFERENT

13   THINGS, THE CORE ONE BEING CLASS CERTIFICATION BRIEFING BY

14   JULY 1.

15             AND AS WE COMMENTED LAST TIME, THE CLASS

16   CERTIFICATION ITSELF WILL BE JUDGE DAVILA'S AREA, AND I CAN

17   RECOMMEND THOSE DATES TO HIM, AND I WILL, BUT THERE WERE A FEW

18   DATES THAT WERE INTERIM DATES THAT WERE NOT AGREED TO.  SO

19   YOU'VE GIVEN ME A PROPOSED ORDER WITH SOME OF THOSE

20   DIFFERENCES, AND I CAN DO THAT, BUT I WANTED TO TALK TO YOU

21   FIRST.

22             YOU'VE ALSO PRESENTED A MOTION FOR RECONSIDERATION

23   FILED BY PLAINTIFF AT 195 AND THEN SOME LATER DISPUTES ABOUT

24   PRODUCTION IN EACH DIRECTION OF DIFFERENT THINGS, SOME

25   PROCEDURAL DISAGREEMENT ABOUT HOW THE JOINT STATUS REPORT

1    DISCUSSION WAS GOING AND SOME INTERRUPTING.  HOPEFULLY, YOU CAN

2    WORK THAT OUT WITHOUT NEED FOR FURTHER COURT INTERVENTION OR

3    SUPERVISION.

4             AND I'LL JUST KIND OF PAUSE TO SAY, FOR THE MOST

5    RECENT JOINT LETTER BRIEF, I'M NOT SURE IF THE DISCUSSIONS

6    ABOUT COMPLETENESS OF PRODUCTION ARE -- IF YOU CONCLUDED THOSE

7    DISCUSSIONS.  I'VE GIVEN YOU A DEADLINE OF THINGS BY MONDAY,

8    BUT IT DOESN'T MEAN YOUR CONVERSATIONS ARE ALWAYS COMPLETE WHEN

9    YOU SUBMIT SOMETHING TO THE COURT.  SO I'M GOING TO ASK EACH

10   SIDE, YOU KNOW, IF YOU'RE READY FOR ME TO RULE ON SOMETHING

11   THERE OR WANT TO CONTINUE THE CONVERSATION.  WE DO HAVE A NEXT

12   COURT DATE SET FOR DECEMBER 1ST, SO WE'LL HAVE A CHANCE TO

13   FOLLOW-UP ON OUR CONVERSATION TODAY.

14             I'LL MAKE TWO EDITORIAL COMMENTS ABOUT THE JOINT

15   STATUS REPORTS, BEYOND JUST THANKING YOU FOR THEM, TO GUIDE THE

16   CONTINUING EFFORT ON THOSE.

17             ONE IS THAT EACH OF THEM HAS BEEN ACCOMPANIED BY A

18   RESERVATION OF RIGHTS AND SOME STATEMENTS ABOUT THINGS BEING

19   CONDITIONED ON OTHER THINGS OCCURRING.  I WOULD SUGGEST YOU

20   TAKE THAT ALL OUT.  LIFE IS TOO SHORT TO BE RESERVING RIGHTS ON

21   DISCOVERY STATUS REPORTS.  SO IF YOU COME BACK LATER, NO ONE IS

22   GOING TO SAY YOU WAIVED YOUR RIGHT BY NOT PUTTING IT IN A JOINT

23   LETTER BRIEF.  SO JUST TELL ME WHAT -- TELL ME WHAT THE STATUS

24   IS AND HOW I CAN HELP YOU.

25             AND SAME GOES TO CONDITIONING THINGS.  MY

 1   ENCOURAGEMENT IS FIND AGREEMENT, TELL ME WHAT THE AGREEMENT IS.

 2   I DON'T NEED TO KNOW WHAT THE OTHER OPTIONS ARE UNLESS YOU'VE

 3   GOT A REAL DISPUTE READY FOR MY RESOLUTION.

 4          MY REQUEST WOULD BE LET'S SEE IF WE CAN GET THOSE

 5   DOWN TO FIVE PAGES PER WEEK.  THAT MIGHT ACTUALLY BE MORE WORK

 6   FOR YOU TO FOCUS THE DISCUSSION, BUT IT PERHAPS WILL HELP YOU

 7   TO PRIORITIZE THE THINGS WHICH ARE MOST SIGNIFICANT, AND TO

 8   DEEMPHASIZE THOSE THINGS THAT ARE LESS PRESSING FOR YOU, AND

 9   HELP ME TO FOLLOW ALONG WITH THE OTHER THINGS WHICH I'M DOING.

10          SO THANK YOU FOR THOSE -- THAT CONTINUING EFFORT.

11          SO LET ME HEAR FROM EACH SIDE KIND OF -- YOUR

12   OVERVIEW.  YOU HAVE A NUMBER OF DIFFERENT THREADS IN

13   DISCUSSION, BUT TELL ME HOW I CAN HELP YOU TODAY.  AND I'M

14   USING THIS NOT BECAUSE IT'S OUR LAST CONVERSATION, BUT TO FRAME

15   OUR CONTINUING WORK TOGETHER.

16          **MR. MARAIS:**  YOUR HONOR, CAN I -- BEFORE WE TURN TO

17   THE SUBSTANCE, WHICH WE CAN DO IN A SECOND?  THANKS FOR THE

18   GUIDANCE ON THE REPORTS.  I WAS GOING TO FLOAT THREE

19   SUGGESTIONS WITH RESPECT TO THOSE REPORTS JUST FOR THE COURT'S

20   CONSIDERATION.

21          **THE COURT:**  AND ARE THESE ONES YOU'VE ALREADY

22   DISCUSSED WITH PLAINTIFFS COUNSEL OR ARE THEY --

23          **MR. MARAIS:**  WELL, ONE, YOUR HONOR, WAS A SUGGESTION

24   THAT WE LIMIT THEM TO FIVE PAGES TO FOCUS THE REPORT, AND

25   YOU'VE ALREADY GIVEN THAT GUIDANCE, AND I APPRECIATE IT.  THE

1    SECOND IS ONE THAT I HAVE INDEED DISCUSSED WITH PLAINTIFFS'

2    COUNSEL, WHICH IS MOVING THE DEADLINE FOR THESE REPORTS FROM

3    MONDAY TO SOMETHING A LITTLE EARLIER.  WE WOULD PROPOSE

4    THURSDAY AT NOON.

5            WE'VE HAD SOME DIFFICULTY INTERACTING WITH OUR CLIENT

6    OVER THE WEEKEND.  IT'S OBVIOUSLY HARDER TO MEET AND CONFER

7    WITH OPPOSING COUNSEL OVER THE WEEKEND.  AND I THINK IF WE

8    COULD SUBMIT THOSE REPORTS ON THURSDAY NOON INSTEAD OF MONDAY,

9    THERE WOULD BE A BETTER CHANCE OF US REACHING RESOLUTION.  SO

10   THAT IS MY SECOND SUGGESTION.  I DISCUSSED THAT WITH MR. SOBOL.

11   MY UNDERSTANDING FROM HIM IS HE AGREES IT'S AN IDEA WORTH

12   PURSUING AND CERTAINLY DOESN'T OPPOSE THE REQUEST.

13           AND MY THIRD SUGGESTION, WHICH I HAVEN'T DISCUSSED

14   WITH THE OTHER SIDE, BECAUSE I JUST THOUGHT ABOUT IT YESTERDAY,

15   IS WHETHER WE COULD CONSIDER SWITCHING TO BIWEEKLY RATHER THAN

16   WEEKLY REPORTS, JUST BECAUSE I THINK THE WEEKLY REPORTS HAVE

17   FORCED SIDES TO TAKE POSITIONS VERY QUICKLY, AND I SUSPECT THAT

18   IF WE HAD A LITTLE MORE TIME BETWEEN EACH SUBMISSION TO THE

19   COURT, THAT, TOO, MAY ENABLE US TO REACH SOME MORE COMPROMISES.

20           SO THOSE ARE MY THREE SUGGESTIONS FOR THE COURT'S

21   CONSIDERATION.

22               **MR. SOBOL:**  MAYBE I'LL ADDRESS THOSE, YOUR HONOR.

23               **THE COURT:**  GO AHEAD, MR. SOBOL.  I WAS GOING TO GO

24   TO YOU FIRST.

25               **MR. SOBOL:**  WE APPRECIATE THE COURT'S GUIDANCE ON THE

1   FIVE-PAGE LIMIT.  IT'S NOT SOMETHING WE TALKED ABOUT WITH

2   OPPOSING COUNSEL, BUT WE'RE HAPPY TO TAKE THAT ON, AND I AGREE

3   IT WILL HELP US FOCUS.

4          MR. MARAIS AND I DID TALK ABOUT SWITCHING DATES. HE

5   HAD PROPOSED -- ACTUALLY, HADN'T MADE A PROPOSAL TO ME ABOUT

6   THURSDAY YET.  HE MADE A PROPOSAL ABOUT FRIDAY AT NOON, BUT

7   WE'RE OKAY WITH THURSDAY, IF -- I THINK WE CAN DO THAT.

8          BUT WE HAVEN'T AT ALL DISCUSSED -- IT'S NEVER BEEN

9   BROACHED, THIS NOTION OF BIWEEKLY.  THAT'S NEW FOR US AS OF A

10  FEW MINUTES AGO.  WE -- YOU KNOW, THAT'S NOT SOMETHING WE'RE

11  COMFORTABLE WITH.

12         WE FIND WEEKLY UPDATES AND THE RIGOR OR FORCING US TO

13  TALK EVERY WEEK AND TO GET A STATUS OF WHERE WE ARE EVERY WEEK

14  TO BE ONE OF THE MOST HELPFUL THINGS HERE AND SO WE WOULD

15  OPPOSE THAT REQUEST.  OF COURSE, WE JUST HEARD IT A FEW MINUTES

16  AGO, AND I HAVEN'T HAD A CHANCE TO CHECK WITH MY COLLEAGUES,

17  SO...

18         **THE COURT:**  ALL RIGHT.  AND I APPRECIATE THAT.  SO IT

19  WILL BE ORDERED AS FOLLOWS:

20         I'LL CHANGE THE DEADLINE WEEKLY TO THURSDAY AT NOON,

21  NOTING THAT NEXT THURSDAY IS A HOLIDAY, SO THERE WON'T BE

22  SOMETHING DUE ON THAT THURSDAY.  IT'S VETERANS DAY.  IT WILL BE

23  DUE FRIDAY AT NOON NEXT WEEK INSTEAD.  ALTHOUGH, IF THE PARTIES

24  AGREED AND WANTED TO DO IT EARLIER THAN THE DEADLINE, THAT'S

25  FINE, BUT I DON'T WANT TO COMPEL YOU TO BE WORKING ON A FEDERAL

1    HOLIDAY.

2         AND I'LL WAIT FOR NOW ON THE SUGGESTION TO MOVE IT TO

3    BIWEEKLY TO SEE IF THERE'S A DECREASE IN THE NUMBER OF ISSUES

4    PRESENTED ON A WEEKLY BASIS.  MY HOPE WOULD BE OVER TIME, YOU'D

5    BE AGREEING TO MORE THINGS AND THERE WOULD BE LESS NEED TO HAVE

6    A WEEKLY CHECK IN, BUT I DON'T SEE THAT YET.  SO I WILL

7    CONSIDER THAT FOR A FUTURE -- FUTURE DATE, BUT FOR RIGHT NOW

8    I'M GOING TO HAVE THEM BE WEEKLY.

9         BUT I'LL GIVE YOU A LITTLE BIT OF RELIEF HERE IN THAT

10   I WON'T REQUIRE ONE TO BE DONE THIS THURSDAY.  SO YOUR NEXT

11   REPORT WILL BE DUE THE FOLLOWING FRIDAY, NOVEMBER THE 12TH.

12   THAT WILL BE YOUR NEXT REPORT.

13        **MR. MARAIS:**  THANK YOU, YOUR HONOR.  I APPRECIATE

14   THAT.

15        **THE COURT:**  ALL RIGHT.  THANKS VERY MUCH.  BACK TO

16   MR. SOBOL AND MS. WOLFSON, AND ANY OF THEIR COLLEAGUES, JUST

17   FOR AN OVERVIEW OF WHAT YOU THINK IS IMPORTANT AND WHAT'S

18   HAPPENING.

19        **MS. WOLFSON:**  SURE, YOUR HONOR.  WE THINK THE

20   SCHEDULE IS IMPORTANT, AND YOU ARE CORRECT TO NOTE THAT --

21   ACTUALLY, BY MY COUNT, THERE'S FIVE DATES THAT HAVE BEEN AGREED

22   UPON.  WE WOULD LIKE TWO ADDITIONAL DATES ADDED TO THE SCHEDULE

23   AND THE COURT'S ORDER, AND THOSE HAVE TO DO WITH THE DEADLINE

24   FOR THE PARTIES TO EXCHANGE INITIAL LIST OF PROPOSED CUSTODIANS

25   AND SEARCH TERMS AND THEN A DEADLINE BY WHICH THOSE

1    NEGOTIATIONS SHOULD BE CONCLUDED, AND WE THINK THAT'S A VERY

2    IMPORTANT DEADLINE, YOUR HONOR, TO INCLUDE IN YOUR ORDER, AND

3    THE WEEKLY MEET AND CONFERS HAVE ONLY FLESHED OUT JUST HOW

4    IMPORTANT THOSE DEADLINES WOULD BE IN ORDER FOR US TO MEET THE

5    REST OF THE DEADLINES AND STAY ON TRACK.

6              **THE COURT:**  THANK YOU.

7              JUST A MENTAL CONNECTION WHILE I'M THINKING OF IT, TO

8    ASK MR. MORAIS AND GOOGLE.  IS THE ANTICIPATED NOVEMBER 22ND,

9    PRODUCTION FOR THE ARIZONA MATERIALS, IS THAT STILL ON SCHEDULE

10   FOR THAT?

11             **MR. MARAIS:**  YES, YOUR HONOR.

12             **THE COURT:**  THANK YOU.

13             MS. WOLFSON, BACK OVER TO YOU.

14             **MS. WOLFSON:**  SURE, YOUR HONOR.  AND THOSE ADDITIONAL

15   DATES ARE INTEGRALLY INTERTWINED WITH THE NEGOTIATIONS THAT

16   HAVE BEEN CONDUCTED TO DATE ON THE CUSTODIAN ISSUE, AND THOSE

17   HAVE BEEN VERY, VERY FRUSTRATING FOR PLAINTIFFS, YOUR HONOR.

18             WE VIEW THAT AS A BILATERAL NEGOTIATION, BUT INSTEAD

19   OF HAVING A COLLABORATIVE PROCESS, WHAT WE HAVE OBSERVED GOOGLE

20   TO DO IS SET CONDITIONS ON HOW THOSE NEGOTIATIONS SHOULD BE

21   PROCEED -- SHOULD PROCEED.  AND WHEN WE HAVE MET THOSE

22   REQUIREMENTS, JUST, YOU KNOW, IN ORDER TO COLLABORATE AND MOVE

23   THINGS ALONG ADDITIONAL ROADBLOCKS HAVE BEEN PLACED.

24             SO ON THE CUSTODIAN ISSUE -- AND MR. MAYA IS PREPARED

25   TO ADDRESS THAT MORE FULLY -- BUT, IN A NUTSHELL, YOUR HONOR,

1   GOOGLE HAS INSISTED THAT WE, RATHER THAN EXCHANGE THE

2   PLAINTIFF'S PROPOSED LIST OF CUSTODIANS -- AND WE'VE DONE THAT,

3   BUT THERE'S BEEN ABSOLUTELY NO INFORMATION COMING THE OTHER

4   WAY.  IN FACT, GOOGLE HAS REFUSED TO NEGOTIATE FURTHER UNTIL WE

5   PROVIDE THE METHOD, THE REASON OF WHY WE HAVE PLACED THESE

6   CUSTODIANS ON THE LIST.

7          THEY HAVE ADMITTED TO US, AS WE UNDERSTAND, THAT

8   15 PERCENT OF THOSE CUSTODIANS MAY BE RELEVANT BUT THEY HAVE

9   REFUSED TO IDENTIFY WHICH ONES, AND TO EVEN CONFIRM THAT THE

10  TWO WITNESSES THAT THEY PLACED ON THEIR INITIAL DISCLOSURE LIST

11  ARE, IN FACT, RELEVANT CUSTODIANS.

12          **THE COURT:**  MS. WOLFSON, SORRY TO INTERRUPT.  JUST TO

13  MAKE SURE I HEARD WHAT YOU SAID.  DID YOU SAY 50 PERCENT OR

14  15 PERCENT?

15          **MS. WOLFSON:**  FIFTEEN PERCENT IS WHAT WE UNDERSTAND

16  GOOGLE TO SAY MAY BE RELEVANT.

17          **THE COURT:**  THANK YOU.

18          **MS. WOLFSON:**  AND SO WE DON'T THINK THIS IS A

19  COLLABORATIVE PROCESS.  WE DON'T THINK IT'S PRODUCTIVE.  WE

20  WILL, OF COURSE, CONTINUE TO MEET AND CONFER, BUT WE THINK THAT

21  HAVING HARD DEADLINES ON THE EXCHANGE OF INFORMATION AND THEN

22  THE COMPLETION OF THAT NEGOTIATION WILL HELP US ALONG.

23          **THE COURT:**  ALL RIGHT.  THANK YOU.  I'LL COME BACK TO

24  THE ACTUAL DEADLINES, BUT I TOTALLY UNDERSTAND WHERE YOU'RE

25  COMING FROM.

1          **MS. WOLFSON:**  AND THEN I THINK, YOUR HONOR, A FURTHER

2    GUIDANCE ON PLAINTIFFS' INTERROGATORIES 4 AND 5, WE'VE MET AND

3    CONFERRED EXTENSIVELY ON THESE, AND MR. LEVIN-GESUNDHEIT CAN

4    SPEAK TO THOSE MORE FULLY.  I THINK THOSE ARE THE ISSUES TODAY

5    THAT WOULD BE HELPFUL FROM THE PLAINTIFF'S PERSPECTIVE.

6          **THE COURT:**  ALL RIGHT.  THANK YOU.  AND LET ME GET

7    GOOGLE'S OVERVIEW OF WHAT WILL BE HELPFUL.

8          **MR. MARAIS:**  YOUR HONOR, WOULD YOU LIKE US -- AND I

9    THINK IT WILL BE MR. GORMAN TO RESPOND TO THE ISSUES THAT

10   MS. WOLFSON HAS RAISED BEFORE WE TURN TO --

11         **THE COURT:**  NO, I DON'T.  SHE'S REFERENCED THINGS

12   THAT -- WHICH ARE ALL IN THE BRIEFS SO I KNOW ABOUT THEM.

13         **MR. MARAIS:**  OKAY.

14         **THE COURT:**  I MAY JUST RULE ON THEM.  BUT I WANT TO

15   GET YOUR VIEW AS TO WHAT WOULD BE HELPFUL TO RULE ON.

16         **MR. MARAIS:**  OKAY.  YOUR HONOR, THEN LET ME GIVE YOU

17   A BRIEF SUMMARY, AND WE CAN START WHERE WE ENDED AT THE LAST

18   HEARING, WHICH IS THE COURT ORDERING PLAINTIFFS TO PRODUCE

19   CERTAIN DOCUMENTS AND RESPOND, PROVIDE SUPPLEMENTAL RESPONSES

20   TO A CERTAIN INTERROGATORIES.  THOSE WERE TEED UP LAST TIME AS

21   TOPICS A THROUGH D, AND I WOULD LIKE TO ADDRESS A COUPLE OF

22   THEM.

23         TOPIC A WAS WHERE THE COURT ORDERED PLAINTIFFS TO

24   PRODUCE DOCUMENT RESPONSIVE TO, I THINK, 22 SEPARATE RFPS.  ON

25   THE LAST MINUTE OF THE DEADLINE PLAINTIFFS PRODUCED 120 PAGES

1    OF DOCUMENTS IN TOTAL, AND THERE ARE OBVIOUS GAPS.  FOR

2    INSTANCE, PLAINTIFFS ALLEGE IN THEIR COMPLAINT THAT THEY'VE ALL

3    TAKEN PARTICULAR STEPS, PRECAUTIONARY MEASURES TO SAFEGUARD

4    THEIR IDENTITIES AND LOCATION TRACKING.  WE HAVEN'T SEEN A

5    SINGLE DOCUMENT THAT WOULD SUPPORT THAT ALLEGATION.

6            SO LAST WEEK WE ASKED PLAINTIFFS TO EXPLAIN WHAT IT

7    IS THAT THEY HAD DONE TO SEARCH FOR DOCUMENTS THAT MIGHT BE

8    RESPONSIVE, AND ALTHOUGH THEY SAY IN THEIR STATUS REPORT UPDATE

9    THAT THEY'VE BEEN TRANSPARENT, IT'S CLEAR FROM THE STATUS

10   REPORT THAT THEY HAVEN'T TOLD US ANYTHING.

11           I DON'T KNOW WHAT DEVICES THEY LOOKED AT.  I DON'T

12   KNOW WHETHER THEY SEARCHED MR. CHILDS' PHONE, HIS COMPUTER.

13   THEY'VE REFUSED TO TELL US WHETHER THEY PROCESSED INGESTED

14   DOCUMENTS TO RUN SEARCHES.  WE ASKED IF THEY'D RUN SEARCHES.

15   THEY REFUSED TO ANSWER THAT QUESTION.

16           I ASKED WHAT SEARCH TERMS THEY'VE USED WITH THEIR

17   CLIENTS, AND MS. GARDNER TOLD ME THAT THAT INFORMATION IS

18   PRIVILEGED, SO SHE DECLINES TO SHARE IT.

19           SO, ON THE ONE HAND, WE HAVE MS. WOLFSON SAYING THE

20   COURT SHOULD SET A DEADLINE BY WHICH GOOGLE SHOULD SHARE ITS

21   SEARCH TERMS, WHILE ON THE SAME PHONE CALL, WE HAVE PLAINTIFFS'

22   COUNSEL SAYING SEARCH TERMS ARE PRIVILEGED AND WE DECLINE TO

23   SHARE THOSE WITH YOU.

24           SO WE ACTUALLY HAVE NO INSIGHT.  THERE'S BEEN NO

25   TRANSPARENCY.  AND WE HAVE THESE CONCERNS ABOUT THE DOCUMENT

1    PRODUCTION, MOSTLY BECAUSE THERE ARE SO FEW OF THEM, AND

2    BECAUSE WE CAN SEE FROM THE DOCUMENTS THEMSELVES THAT

3    PLAINTIFFS COLLECTED THEM AND FORWARDED THEM TO THEIR LAWYERS

4    WHO THEN PRODUCED THEM TO US.  AND WHEN WE'VE GIVEN PLAINTIFF'S

5    COUNSEL AN OPPORTUNITY TO ALLEVIATE SOME OF THOSE CONCERNS,

6    THEY HAVE FLATLY REFUSED TO DO.

7              SO THAT'S TOPIC A, YOUR HONOR.

8              TOPIC B, WHICH WAS ABOUT LOCATION SETTINGS, THE COURT

9    WILL REMEMBER THERE WAS AN INTERROGATORY SAYING:  IDENTIFY WHEN

10   YOU'VE CHANGED YOUR LOCATION SETTINGS OVER TIME ON THE APPS ON

11   YOUR DEVICES.  PLAINTIFFS HAVE NOT DONE THAT.

12             THERE ARE SEVERAL HUNDRED APPS BETWEEN THEM.  THERE

13   WAS ONE DATE THEY IDENTIFIED, FOR ONE ACT FOR ONE PLAINTIFF, AS

14   TO WHEN THAT PLAINTIFF CHANGED THE LOCATION SETTINGS.

15             SO WE STILL HAVE NO INFORMATION IN RESPONSE TO THIS

16   INTERROGATORY.

17             IT'S PRETTY CLEAR THAT THEY HAVE CHANGED THE SETTINGS

18   AT VARIOUS TIMES.  THERE WOULD BE NO USE IN HAVING AN UBER APP

19   ON YOUR PHONE AND HAVING IT SET TO NEVER SHARE YOUR LOCATION,

20   BUT WE CAN'T GET ANY INFORMATION FROM PLAINTIFFS AS TO WHEN

21   THEY CHANGED THOSE SETTINGS.

22             AND THEN THE THIRD THING I WANT TO FLAG FOR THE COURT

23   IS TOPIC D, WHICH IS ALSO THE SUBJECT OF PLAINTIFFS' MOTION FOR

24   RECONSIDERATION FILED 7:00 OR 7:30 P.M. ON THE LAST DAY.

25             TOPIC D IS ABOUT ALLEGATIONS IN THE COMPLAINT THAT

1    PLAINTIFFS HAVE VISITED CERTAIN LOCATIONS THAT ARE PARTICULARLY

2    SENSITIVE.  WE HAD ASKED FOR MONTHS THAT THE PLAINTIFFS EITHER

3    TELL US THAT THEY WEREN'T ALLEGING THAT ANY LOCATION WAS

4    SENSITIVE OR IDENTIFY THE LOCATION THAT IS -- THEY ALLEGED WERE

5    SENSITIVE.

6         IT'S A REALLY STRAIGHTFORWARD REQUEST.  THE COURT

7    ORDERED THEM TO DO IT.  AND THEN, ON THE LAST DAY, PLAINTIFFS

8    CHANGED TACK AND SAID -- AND I'M STILL NOT SURE WHAT THEIR

9    POSITION IS, YOUR HONOR, BUT IT NOW SEEMS TO BE, WELL, THERE'S

10   NO ONE SENSITIVE LOCATION, IT'S THE CULMINATION OF ALL OF THE

11   LOCATIONS THAT THEY VISITED THAT ARE SENSITIVE.  BUT THEY STILL

12   HAVEN'T ANSWERED THE INTERROGATORY.

13        AND ALL WE WANT, ALL WE WANTED ALL ALONG IS FOR

14   PLAINTIFFS EITHER TO SAY:  THERE IS NO SPECIFIC LOCATION WE

15   VISITED THAT IS SENSITIVE OR TO TELL US WHAT THOSE LOCATIONS

16   ARE.  AND DESPITE THE COURT'S ORDER, THEY'VE REFUSED TO DO IT.

17        SO THAT'S AN UPDATE ON -- YOU KNOW, SOME OF THESE THE

18   COURT MAY WANT US TO SUBMIT IN THE FORM OF A JOINT LETTER

19   BRIEF.  WE'RE HAPPY TO DO IT, BUT WE DO HAVE REALLY VERY

20   SERIOUS CONCERNS ABOUT WHAT APPEARS TO BE NONCOMPLIANCE WITH

21   THE COURT'S ORDER.

22        **THE COURT:**  ALL RIGHT.  THANK YOU.

23        AS TO THE NOTION OF FURTHER JOINT LETTER BRIEFS --

24   AND I'M NOT -- I HAVE NEVER SAID YOU'RE PRECLUDED FROM HAVING

25   JOINT LETTER BRIEFS, BUT THE JOINT WEEKLY UPDATE HAS GIVEN ME

1    ALREADY A JOINT UPDATE ON THOSE TOPICS AND ON OTHER TOPICS.  SO

2    I'M NOT INCLINED TO, YOU KNOW, COMPEL YOU TO PROVIDE SOMETHING

3    MORE ON THAT ONE.  BUT FOR ANY DISCOVERY DISPUTE THAT GETS

4    PRESENTED, I DO WANT YOU TO CONFER WITH EACH OTHER FIRST TO TRY

5    TO WORK IT OUT BEFORE PRESENTING IT.

6            ALL RIGHT.  THAT GIVES ME SOME ISSUES TO WORK WITH ON

7    YOUR SIDE.  NOW LET ME GET PLAINTIFF'S VIEWS AS TO WHETHER THE

8    TOPICS OF THE REQUEST TO COMPEL ADDITIONAL INFORMATION ON

9    GOOGLE'S REQUEST ARE RIPE, READY FOR REVIEW, IF YOU WANT TO

10   RESPOND, OR IF THAT'S SOMETHING YOU'RE STILL WORKING ON?

11           **MS. GARDNER:**  I CAN SPEAK TO THAT, YOUR HONOR.

12           **THE COURT:**  GO AHEAD, MS. GARDNER.

13           **MS. GARDNER:**  THANK YOU.  I THINK WE CAN DISCUSS IT

14   HERE TODAY.  WE HAVE COMPLIED WITH THE COURT'S ORDER.  GOOGLE'S

15   CHIEF COMPLAINT IS THE VOLUME OF DOCUMENTS THAT WERE PRODUCED,

16   AND, BECAUSE OF THAT, THEY THINK THEY'RE ENTITLED TO A LOT OF

17   DETAIL ABOUT HOW THEY WERE SEARCHED FOR AND LOCATED.  BUT WE'VE

18   TOLD THEM THAT WE HAVE CONDUCTED A REASONABLE SEARCH, AND THE

19   APPROACH THAT WE TOOK HERE, HAVING PLAINTIFFS, THE FOUR

20   CONSUMER POTENTIAL CLASS REPRESENTATIVES IN THIS CASE, WORKING

21   DIRECTLY WITH COUNSEL TO DISCUSS THE POTENTIAL SOURCES OF

22   RELEVANT INFORMATION.

23           GUIDANCE HAS BEEN EXCHANGED BACK AND FORTH ABOUT WHAT

24   TO LOOK FOR, THE KINDS OF DOCUMENTS THAT WE'VE AGREED TO

25   PRODUCE, AND THAT SEARCH HAS BEEN OVERSEEN DIRECTLY BY COUNSEL.

1    DOCUMENTS HAVE BEEN LOCATED AND SENT OFF TO GOOGLE.

2         AND AS TO VOLUME, THERE REALLY IS A QUALITATIVE

3    DIFFERENCE BETWEEN A MULTINATIONAL CORPORATION WHERE NO ONE

4    INDIVIDUAL KNOWS WHERE EVERYTHING WOULD BE AND WHERE TO LOOK,

5    AND SO YOU NEED TO GO IN AND KIND OF INDEPENDENTLY PULL THE

6    DOCUMENTS AND SEARCH THEM WITH SEARCH TERMS AND SO ON.  AND, IN

7    THIS CASE, WHERE WE'RE TALKING ABOUT FOUR PEOPLE, AND A SERIES

8    OF REQUESTS FOR PRODUCTION, THE ONES SUBJECT TO THE COURT'S

9    ORDER THAT REALLY ARE SEEKING FAIRLY SPECIFIC TYPES OF

10   DOCUMENTS THAT ARE NOT ABUNDANT IN PLAINTIFFS' FILES.

11        THE ONE THAT MR. MARAIS MENTIONED REGARDING THE STEPS

12   SOMEBODY TOOK TO PROTECT THEIR PRIVACY, YOU LOOK AT THE

13   COMPLAINT, PARAGRAPH 107, YOU'LL SEE THE STEP THAT'S REFERENCED

14   THERE IS TURNING OFF THE LOCATION HISTORY SETTING.  IT'S NOT

15   SOMETHING THAT LEAVES A BIG PAPER TRAIL FOR SOMEBODY TO THEN GO

16   AND FIND AND PRODUCE DOCUMENTS ABOUT OTHER --

17        **THE COURT:**  I MEAN, IF YOU MEAN PAPER TRAIL TO

18   INCLUDE ELECTRONIC TRAILS, THERE MIGHT BE MORE OF A RECORD ON

19   THE PHONE AND IN THE SOFTWARE.  I THINK THE QUESTION IS ARE YOU

20   SEARCHING FOR THAT?

21        **MS. GARDNER:**  YOUR HONOR, WE HAVE PRODUCED

22   SCREENSHOTS OF SETTINGS ON THE PHONES.  WE'VE RESPONDED TO

23   INTERROGATORIES ABOUT THE SETTINGS ON THE PHONES.  WE HAVE

24   GIVEN THEM THAT INFORMATION AS WELL, YES.  YES, WE ARE

25   RESPONDING TO THAT BUT -- YES.

1          SO, I MEAN, JUST BRIEFLY TO SUMMARIZE SOME OF THESE

2     OTHER RFPS, THESE ARE ABOUT REPRESENTATIONS THAT GOOGLE MADE ON

3     THEIR WEB PAGE, AND PLAINTIFF WILL, YOU KNOW, HAVE THIS KIND OF

4     DOCUMENT IF THEY DOWNLOADED THE WEB PAGE.  OTHERWISE, IT'S IN

5     THE COMPLAINT.  THEY'RE EXHIBITS TO THE COMPLAINT WHICH HAVE

6     BEEN PRODUCED, AND THAT'S WHAT THERE IS.  SO WE BELIEVE WE'VE

7     FULLY COMPLIED WITH TOPIC A.

8          SIMILARLY WITH TOPIC B, WE UPDATED THE RESPONSES WITH

9     RESPECT TO CHANGED LOCATIONS SETTINGS OVER TIME TO CLARIFY FOR

10    EACH SETTING THAT -- AND FOR MOST OF THE ONES MR. MARAIS SAYS

11    THERE'S NOTHING RESPONSIVE GIVEN, PLAINTIFFS HAVE STATED BASED

12    ON THE INFORMATION AVAILABLE TO THEM AT THIS TIME, THEY BELIEVE

13    IT HAS NOT CHANGED.  THE SETTING TODAY IS THE SETTING IT ALWAYS

14    WAS.  INSOFAR AS THAT WASN'T CASE, THEY SAID THAT.

15         WE DO HAVE OLDER DEVICES THAT WE SENT TO THE FORENSIC

16    CONSULTANT TO SEE, YOU KNOW, IF THE DEVICE THAT SOMEBODY USED

17    IN 2015 MAY HAVE HAD A DIFFERENT SETTING THAT THE PLAINTIFF

18    DOESN'T REMEMBER AND HAS NO RECORD OF, BUT WE DO NOT CURRENTLY

19    HAVE ACCESS TO THAT INFORMATION.  WE'RE TALKING ABOUT SOME

20    DEVICES WITH CRACKED SCREENS OR JUST OLDER DEVICES, AND IT'S

21    SOMETHING WE DO NOT HAVE TODAY.  WE GAVE GOOGLE EVERYTHING THAT

22    THE PLAINTIFFS CAN ACCESS.

23         THE SAME IS TRUE FOR GOOGLE'S TOPIC C, WHICH WAS THE

24    SCREENS OF DEVICES.

25         AND WITH TOPIC D, AS YOU SAW IN OUR MOTION, WE

1  BELIEVE THAT WE HAVE COMPLIED FULLY WITH THAT REQUEST AS WELL.

2  WE PROVIDED A STATEMENT FROM EACH PLAINTIFF ABOUT THE LOCATION

3  THAT THEY WENT TO DURING THE CLASS PERIOD.  BUT WE ALSO FILED

4  MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION BECAUSE

5  WE JUST WANT TO BE SURE THAT OUR THEORY IS CLEAR TO THE COURT.

6         WE ALLEGE, AND WHAT JUDGE DAVILA HELD WAS SUFFICIENT

7  TO STATE PRIVACY VIOLATION HERE, WAS THAT GOOGLE ENGAGED IN

8  SYSTEMATIC CONTINUOUS TRACKING OF THE NAMED PLAINTIFFS AND

9  CLASS MEMBERS, AND THAT THE COMPILATION OF THE DATA THAT GOOGLE

10  GOT THROUGH THOSE -- THROUGH THAT TRACKING IS WHAT GIVES RISE

11  TO A PRIVACY INTEREST.

12         THE THEORY OF THIS CASE IS NOT BASED ON WHETHER A

13  PARTICULAR LOCATION ITSELF IS SENSITIVE OR HOW THE PLAINTIFF

14  FEELS ABOUT THIS OR THAT LOCATION.  IT IS ABOUT (INDISCERNIBLE)

15  TRACKING.  THAT'S THE LAW OF THE CASE THAT IS SET FORTH IN

16  JUDGE DAVILA'S ORDER ON THE MOTION TO DISMISS.  IT'S IN OUR

17  COMPLAINT.

18         AND THERE'S REALLY NO WAY FOR US TO NARROW THE

19  LOCATIONS THE PLAINTIFFS ASSERT ARE SENSITIVE IN A MEANINGFUL

20  WAY, BECAUSE IT'S ALL OF THE LOCATIONS THAT PLAINTIFFS WERE

21  TRACKED TOGETHER THAT GIVE RISE TO THIS PRIVACY INTEREST AND

22  THAT ARE SENSITIVE.

23         WE DO NOT SPECIFICALLY ALLEGE THAT GOOGLE VIOLATED

24  SOMEBODY'S PRIVACY BECAUSE THEY WENT SOMEWHERE ITSELF

25  SENSITIVE, BUT LOCATION DATA IN THE AGGREGATE ITSELF IS

1    SENSITIVE, IF THAT'S CLEAR.

2            SO THE --

3        **THE COURT:**  ON TOPIC D, LET ME GET MR. MARAIS KIND OF

4    FEEDBACK.  AND THIS, OF COURSE, IS THE TOPIC OF THE MOTION FOR

5    RECONSIDERATION.

6            IF THEIR INTERROGATORY RESPONSE IS -- YOU KNOW, I'M

7    NOT QUOTING MS. GARDNER -- IF IT'S WHAT SHE JUST SAID IS, WHICH

8    IS THAT THEY'RE NOT IDENTIFYING SENSITIVE LOCATIONS, THAT

9    THAT'S NOT WHAT THE CASE IS ABOUT, ESSENTIALLY, WOULD THAT

10   SATISFY GOOGLE'S INTEREST IN THE INTERROGATORY REQUEST?

11       **MR. MARAIS:**  YOUR HONOR, THIS IS A REAL CHANGE IN

12   DIRECTION.  I'VE HAD CALLS WITH MS. GARDNER WHERE SHE SAID,

13   WHAT IF I IDENTIFY ONE EXAMPLE OF A SENSITIVE LOCATION FOR EACH

14   PLAINTIFF.  WE'VE HAD DISCUSSIONS ABOUT THE PROTECTIVE ORDER,

15   BECAUSE THEY WANT TO IDENTIFY DOCTORS' OFFICES THAT WERE

16   SENSITIVE.

17           IF PLAINTIFFS HAVE, IN FACT, CHANGED THEIR POSITION

18   AND THEY WILL SERVE A SIGNED INTERROGATORY THAT SAYS, WE ARE

19   NOT ALLEGING THAT ANY SPECIFIC LOCATION WE WENT TO WAS

20   SENSITIVE, I THINK THAT'S FINE.  THAT'S WHAT WE ASKED THEM TO

21   DO.  THEY HAVEN'T DONE THAT.

22       **MR. SOBOL:**  YOUR HONOR, COULD I ADDRESS THAT POINT,

23   BECAUSE IT ECHOES SOMETHING ELSE MR. MARAIS SAID EARLIER IN

24   OPENING ARGUMENT ABOUT US.  HE SAID, YOU KNOW, WE'LL TAKE --

25   EITHER YOU TELL US THAT YOU HAVEN'T BEEN ANYWHERE SENSITIVE OR

1   TELL US WHERE THOSE PLACES ARE.  THAT'S PATENTLY UNFAIR IN A

2   CASE LIKE THIS.

3            THIS CASE NOT ABOUT PEOPLE TRYING TO KEEP SECRET

4   WHERE THEY WENT SPECIFICALLY OR THE NATURE OF THE PLACES, THE

5   CHARACTERISTICS AND QUALITY OF THE PLACES THAT THEY'VE BEEN.

6            THIS CASE IS ABOUT A SYSTEMIC SURVEILLANCE OF PEOPLE

7   AND KNOWING AT ALL TIMES WHERE THEY ARE.  THAT'S THE NATURE OF

8   THE PRIVACY VIOLATION.  THAT IS WHAT JUDGE DAVILA ORDERED ON

9   THE SECOND MOTION TO DISMISS.  HE DISMISSED OUR FIRST

10  COMPLAINT, AND HE SAID, WELL, I DON'T UNDERSTAND -- YOU KNOW, I

11  DON'T SEE THE COMPREHENSIVENESS OF THE SURVEILLANCE, AND YOU'VE

12  GOT TO COME BACK TO ME WITH SOME MORE FACTS ON THAT.  WE CAME

13  BACK TO HIM WITH MORE FACTS ON THAT.  THAT'S THE CASE WE PLED.

14           IT'S NOT FAIR -- IN FACT, IT'S BORDERING ON

15  HARASSMENT TO ASK PLAINTIFFS, NAMED PLAINTIFFS IN A CLASS

16  ACTION LITIGATION, TELL ME EVERYWHERE YOU'VE BEEN THAT'S

17  PRIVATE, OR MAKE A STATEMENT THAT YOU'VE NEVER BEEN ANYWHERE

18  THAT'S PRIVATE.  IT'S JUST NOT THE NATURE OF THE CASE.

19           WHETHER SOMEONE GOES TO THE MOVIE THEATER ON MARKET

20  STREET AT THE WESTFIELD MALL AND WATCHES G-RATED MOVIES EVERY

21  DAY, EVERY WEDNESDAY, OR WHETHER THEY GO FURTHER DOWN THE ROAD

22  TO THE TENDERLOIN AND GO TO SOME OTHER PLACE THAT THEY THINK IS

23  MORE SENSITIVE AND THEY WOULDN'T WANT PEOPLE TO KNOW, THOSE TWO

24  PEOPLE HAVE THE SAME CLAIM.

25           **THE COURT:**  ALL RIGHT.  I UNDERSTAND, MR. SOBOL.  I

1  UNDERSTAND, AND I WILL HAVE A WRITTEN ORDER ON THE MOTION FOR

2  RECONSIDERATION, BECAUSE IT'S NOT JUST GOING TO BE BASED ON ANY

3  COUNSEL'S REPRESENTATIONS HERE DURING A HEARING.

4  INTERROGATORIES ARE, YOU KNOW, HOLDABLE AGAINST THE CLIENT, AND

5  THAT'S WHERE THE INFORMATION NEEDS TO BE, NOT AT A DISCOVERY

6  HEARING.

7           THAT GOES THE OTHER DIRECTION FOR GOOGLE, TOO.  IF

8  THEY'RE RESPONDING TO DISCOVERY, IT'S NOT BASED ON WHAT THEIR

9  COUNSEL SAYS DURING A HEARING.  IT'S BASED ON WHAT THEIR

10 INTERROGATORIES OR ADMISSIONS SAY.

11          SO WE'RE GOING TO GET THIS CLEARED UP IN WRITING, AND

12 THAT WILL ALLOW YOU TO MOVE FORWARD.

13          ALL RIGHT.  I'VE GOT A PRETRIAL CONFERENCE COMING UP

14 IN A FEW MINUTES, SO I'M GOING TO BE JUMPING TO THAT.  AND I

15 APOLOGIZE I DON'T HAVE MORE TIME FOR YOU, BUT I DON'T HAVE MORE

16 TIME FOR YOU.

17          SO I'M GOING TO RULE ON THE INTERROGATORY ISSUES, THE

18 MOTION FOR RECONSIDERATION, THE SCHEDULE YOU PROPOSED, GET THAT

19 OUT TO YOU IN WRITING.  WE'VE MODIFIED BY AGREEMENT THE STATUS

20 REPORTS GOING FORWARD.  WE'RE KEEPING OUR NEXT ONE FOR IN

21 PERSON -- WHEN I SAY "IN PERSON," I MEAN BY ZOOM IN PERSON, IN

22 PERSON REMOTELY, FOR DECEMBER 1.  AND YOU'LL KEEP WORKING ON

23 ALL YOUR OTHER DISCOVERY ISSUES.

24          SO I THANK YOU VERY MUCH FOR YOUR TIME.  HAVE A GREAT

25 AFTERNOON.  WE'RE IN RECESS.

1            (PROCEEDINGS ADJOURNED AT 1:48 P.M.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        **CERTIFICATE OF TRANSCRIBER**

2

3            I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

4   TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF

5   THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE

6   U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE

7   PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE

8   ABOVE MATTER.

9            I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR,

10  RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN

11  WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT

12  FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE

13  ACTION.

14

15                    *jncolumbini*

16                    JOAN MARIE COLUMBINI

17                    NOVEMBER 10, 2021

18

19

20

21

22

23

24

25