KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant GOOGLE LLC

AHDOOT & WOLFSON, PC
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
Christopher Stiner (SBN 276033)
cstiner@ahdootwolfson.com
Rachel Johnson (SBN 331351)
rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111
Fax: (310) 474-8585

Interim Co-Lead Class Counsel

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Nicholas Diamand (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

Interim Co-Lead Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD-NC |
| | **WEEKLY DISCOVERY UPDATE** |
| | Dept:        Courtroom 5 – 4th Floor |
| | Judge:      Hon. Nathanael M. Cousins |
| | Hr'g Date:  December 1, 2021 |
| | Time:        1:00 p.m. |

1

Pursuant to the Court's October 6, 2021 Order, Dkt. 187 (the "Discovery Order"), the parties submit this weekly discovery status report.

### A.      Case Schedule

On November 17, 2021, the parties filed a stipulation explaining that, in light of upcoming travel and other Thanksgiving commitments, they have conferred and agreed that it makes sense—subject to the Court's approval—to make two minor changes to the upcoming schedule: (1) the parties propose skipping next week's status report (which is currently due on Friday, November 26), and (2) the parties request that the Court continue the next monthly status conference by one week (*i.e.*, to December 8, 2021).  *See* Dkt. 201.

### B.      *Arizona* Production

As memorialized in the October 12, 2021 status report. Dkt. 191, Google has agreed to produce to Plaintiffs' counsel, by November 22, 2021, copies of documents that Google produced in *State of Arizona v. Google LLC*, No. CV2020-00619.

On November 17, 2021, Google confirmed to Plaintiffs' counsel that it was still on track to comply with the agreed-upon deadline of November 22, 2021.

### C.      Plaintiffs' Discovery Requests

*Plaintiffs:*

On November 11, 2021, Plaintiffs sent Google a letter concerning Plaintiffs' Third Set of Requests for Production, Plaintiffs' Interrogatories Nos. 4, 5, and 7, and the parties' dispute regarding search terms and custodians. Among other issues, the letter addresses the fact that Google has not proposed custodians and search terms. Google scheduled the next meet and confer on these topics for November 19, 2021—the day following this report. Google has not answered Plaintiffs' yes-or-no question as to whether in its responses to Interrogatories Nos. 4 and 5 identify all the applications and services that collect and store Location Information. This question has been pending for three weeks, and Plaintiffs understand that the answer is "no." Google has provided only a curated view of its practices with respect to tracking users' locations.

Plaintiffs served Interrogatory No. 7 on August 12, 2021. It asked Google to "identify by name, job title, and currently employer (to the extent known), each Google employee with

2

supervisory responsibility for . . . databases(s) containing Location Information stored when any User's 'Location History' is disabled." Google has provided no substantive response. The interrogatory plainly did *not* seek "identification of every person above the rank of intern who has ever worked on pieces of Google's backend technology." Plaintiff provided Google a sample table, showing how the interrogatory could be answered. *See* Dkt. 181 at 9. The parties have met and conferred multiple times, and on October 29, 2021, Plaintiff offered a very clear compromise that Google "identify individuals knowledgeable about how Location Information flows into and out of each database or platform." Dkt. 197 at 7. Google has not responded.

*Google*:

The parties have spent months discussing Plaintiffs' Interrogatories No. 4 and 5. As Google explained almost a month ago: "Google has now responded to these interrogatories twice. Its responses were comprehensive, spanning approximately 18 pages. In Google's view, and based on its reasonably diligent investigation, its responses are complete." *See* Dkt. 196 at 11–13. While Plaintiffs continue to include this issue in their portion of the status report week-after-week, they cannot seriously dispute the adequacy of Google's responses. In Google's view, it is time to move on.

Interrogatory No. 7, as originally written, seeks identification of every person above the rank of intern who has ever worked on pieces of Google's backend technology. As drafted, Interrogatory No. 7 is not limited to employees with knowledge of Google's policies and practices related to "Location Information," but rather seeks a list of employees who oversee backend data stores and databases regardless of whether those employees have any responsibilities related to "Location Information." Plaintiffs' quotation above elides over the portion of the interrogatory where Plaintiffs named a variety of backend technologies that are used for innumerable purposes that have nothing to do with "Location Information." When Google explained that answering the interrogatory as written would be both incredibly burdensome and likely give Plaintiffs essentially zero relevant information, Plaintiffs' counsel sought to dictate a revised version of their interrogatory orally and on the fly during a meet-and-confer call. It is unclear to Google if this is the "compromise proposal" that Plaintiffs are referring to above, because Plaintiffs have also

1  suggested that they were not agreeing to modify the interrogatory. *See* Dkt. 197 at 7 (which

2  characterized what the interrogatory supposedly "seeks" without actually proposing any

3  compromise). In any event, the parties continue to meet-and-confer on these issues. After

4  discussing Plaintiffs' questions with knowledgeable Google personnel, Google's counsel

5  responded in writing. Google is still waiting for Plaintiffs' response.

6       **D.     Google's Discovery Requests**

7  *Google*:

8       This week, Plaintiffs served objections and responses to Google's Second Set of Requests

9  for Production—a narrow set of requests that simply asked Plaintiffs to produce certain data from

10  their own Google Accounts.  Once again, these responses make clear that Plaintiffs view

11  discovery as a one-way street: they expect Google to do all of the work while they refuse to

12  produce anything.  The same is true of Plaintiffs' absurd complaint that Google's requests are

13  "facially overbroad."  Indeed, *all 7* of these RFPs *combined* are subsumed by Plaintiffs' RFP

14  No. 13, which asked Google to produce "all documents" in its "possession, custody, or control"

15  that related in any way to any of the named plaintiffs.  The parties will meet and confer further

16  about these requests and will be in a position to discuss them at the next status conference.

17  *Plaintiffs*:

18       Plaintiffs timely responded to Google's Second Set of Requests for Production, objected

19  to problematic requests, and offered to meet and confer. This is how discovery works, and

20  Plaintiffs are confused by Google's evident dissatisfaction. Nor do Plaintiffs agree with Google's

21  characterization of its requests as "narrow." To cite just one example, Request No. 7 seeks

22  "Takeout" data from Plaintiffs' Google Accounts that, according to Google's own website,

23  includes "Timestamped records of your activity across different Google Products, Images related

24  to your activity records, Audio files related to your activity records, and historical information

25  related to Takeout files themselves." Plaintiffs do not see how this highly intrusive information is

26  at all relevant to this case but, as noted in Plaintiffs' responses to Google's requests, Plaintiffs are

27  willing to meet and confer with Google regarding its facially overbroad requests.

28

**E.    Remaining Disputes**

The parties continue to meet and confer regarding other pending discovery topics, and expect that the Court's decision on the issues raised at the November 3, 2021 discovery status update will facilitate this process.

Dated:  November 18, 2021                                   LIEFF CABRASER HEIMANN &
                                                            BERNSTEIN, LLP


                                          By:     */s/ Michael W. Sobol*
                                                  MICHAEL W. SOBOL
                                                  MELISSA GARDNER
                                                  MICHAEL LEVIN-GESUNDHEIT
                                                  JOHN D. MAHER

                                                  *Interim Co-Lead Class Counsel*

Dated:  November 18, 2021                         AHDOOT & WOLFSON, PC


                                          By:     */s/ Tina Wolfson*
                                                  TINA WOLFSON
                                                  THEODORE MAYA
                                                  RACHEL JOHNSON

                                                  *Interim Co-Lead Class Counsel*


Dated:  November 18, 2021                         KEKER, VAN NEST & PETERS LLP


                                          By:     */s/ Thomas E. Gorman*
                                                  BENJAMIN BERKOWITZ
                                                  THOMAS E. GORMAN
                                                  NICHOLAS D. MARAIS
                                                  CHRISTOPHER S. SUN
                                                  CHRISTINA LEE

                                                  Attorneys for Defendant GOOGLE LLC

1769737

1

**ATTESTATION**

2        Pursuant to Local Rule 5-1(i)(3), I attest that all signatories above have concurred in the

3   filing of this document.

4

5   Dated:  November 18, 2021                    */s/ Thomas E. Gorman*
                                                 Thomas E. Gorman
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEEKLY DISCOVERY UPDATE
Case No. 5:18-cv-05062-EJD-NC

1769737