KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant GOOGLE LLC

AHDOOT & WOLFSON, PC
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
Christopher Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
Rachel Johnson (SBN 331351)
*rjohnson@ahdootwolfson.com*
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111
Fax: (310) 474-8585

Interim Co-Lead Class Counsel

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Nicholas Diamand (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

Interim Co-Lead Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD-NC<br><br>**WEEKLY DISCOVERY UPDATE**<br><br>Dept:   Courtroom 5 – 4th Floor<br>Judge:  Hon. Nathanael M. Cousins<br><br>Hr'g Date: December 8, 2021<br>Time:      1:00 p.m. |

The parties submit this status report and proposed agenda for the December 8 hearing.

**GOOGLE'S STATEMENT**

**1. Participation of the parties' discovery liaisons.** In October, the Court set ground rules for a "stronger meet-and-confer process." It directed the parties to identify "discovery liaisons," and directed those attorneys to "speak to each other." *See* Hr'g Tr. (Oct. 6, 2021) at 8–9. However, over the past month, Plaintiffs' discovery leads have declined to meaningfully participate—sitting through the parties' calls in silence, arriving late, or failing to attend at all—which made these conferences unproductive. <u>Google requests that Plaintiffs' discovery leads be reminded they need to attend and actively participate in these calls</u>. Google also proposed that future meet-and-confer calls be transcribed by a court reporter, but Plaintiffs have refused.

**2. Plaintiffs' non-compliance with the Discovery Order.** Google previously detailed its concerns over Plaintiffs' failure to comply with the Court's October 6 Discovery Order. *See* Dkt. 197 at §A.1. Although the Court ordered Plaintiffs to respond to 22 separate RFPs—requests Plaintiffs decried as "unduly burdensome"—Plaintiffs produced only ***120 pages of documents***. Worse, Plaintiffs' counsel refused to explain whether or how they had searched for responsive materials. Over the past month, it has become clear that Plaintiffs' counsel did not conduct a serious search for documents. Indeed, this week, Lead Plaintiffs' Counsel conceded that they outsourced the searches to other lawyers and law firms not before this Court, who in turn outsourced them to the individual plaintiffs. As a result, on a call on December 1, Plaintiffs' Lead Counsel could not answer the most basic questions: What devices did their clients search, and how? Did they search personal computers and email accounts? Did they use search terms, and if so, what terms? The Court has ordered Plaintiffs' counsel to explain what they have done; this should include identifying which specific devices and email accounts they have searched, who performed the searches and how, and what search terms they used, if any.

**3. "Takeout" data.** In October, Google served a narrow set of RFPs requiring Plaintiffs to download a subset of relevant data from their Google accounts: basic account registration information, location history information, and "My Activity" data. (My Activity data is a summary of users' "Web & App Activity"—activity on Google's sites and apps—that includes

associated information like location. *See* https://support.google.com/websearch/answer/54068 ("You can find and delete your Web & App Activity by visiting My Activity.").) With respect to four of these requests (**RFPs 43–46**), on December 1, Plaintiffs orally agreed to produce all data sought by these requests but provided no timeframe for doing so. However, Plaintiffs continue to equivocate on **RFP 42** (which seeks basic account registration information, like an individual's Google Account ID and email address) and **RFP 47** (which seeks "My Activity" data central to Plaintiffs' case). Yet Plaintiffs have articulated no legitimate objection to producing this information. There is no dispute that this data is relevant: Plaintiffs accuse Google of storing location information in their Google Accounts through Web & App Activity; Google has simply asked Plaintiffs to download their "My Activity" data and produce it. What's more, these requests are far narrower than Plaintiffs' own RFPs, which asked Google to produce *all* data related *in any way* to the named plaintiffs. Nor are these requests burdensome: downloading this data via Google Takeout will take the Plaintiffs just minutes. <u>Accordingly, Google requests that the Court order Plaintiffs to produce the information responsive to RFPs 42–47 within 7 days</u>.

    **4. RFPs 4, 17, 18.** In February, Google requested that Plaintiffs produce documents they received in connection with or when they purchased their devices (receipts, contracts, privacy notices, terms of service, etc.). In May, Plaintiffs agreed to do so. They still have not done so. <u>Google requests that the Court order Plaintiffs to produce these documents within 14 days</u>.

    **5. Custodians and Search Terms.** Google is prepared for a bilateral exchange of search terms and custodians next week, per the Court's Order. Incredibly, Plaintiffs now say they will *not* propose terms for use on Plaintiffs' own data, despite the Court's Order. Plaintiffs' claim below that Google ever took the position that search terms should apply only to Plaintiffs' requests and not to Google's is false and absurd. The fact is, Google has already produced hundreds of thousands of pages of documents while Plaintiffs have produced essentially nothing. <u>Plaintiffs should be directed to follow the Order with respect to Plaintiffs' own data; they cannot continue to avoid producing documents simply by refusing to look</u>. Further, Plaintiffs' efforts below to pre-litigate search terms for Google's data in advance of the initial 12/8 exchange, and without meet and confer, are premature and unproductive.

**6. *Arizona* Production.** There is no metadata missing from Google's productions. If Plaintiffs have other concerns, which they raise below for the first time but do not explain, Google is ready and willing to discuss them.

**7. Plaintiffs' Interrogatories 4, 5, and 7.** Google has repeatedly explained its position on Interrogatories 4 and 5. *See* Dkt. 196 at 11–13; Dkt. 202 at 3. Google's responses provide detailed answers to the interrogatories based upon Google's diligent investigation. Interrogatory 7 is vague, wildly overbroad and seeks primarily irrelevant information. On its face, it demands that Google identify *hundreds* of employees—anyone who has ever worked on pieces of Google's backend technology—most of whom will have no knowledge of any relevant facts. That is an enormous and misguided waste of resources: it would require dozens of hours of attorney time while providing no useful or relevant information. Plaintiffs have refused Google's efforts to meet and confer and refused to explain what information is actually needed for their case.

**8. Plaintiffs' Third Set of RFPs.** Google has been offering to discuss these requests for more than four months. Plaintiffs have refused to make time to do so. In fact, Google's counsel has attended calls scheduled specifically to discuss these RFPs, but Plaintiffs will not discuss them. Below, Plaintiffs acknowledge that they are still "attempting to meet and confer." The Court previously ordered the parties to "certify" that they have "completed" discussions before seeking relief. Plaintiffs should be required to do that.

### PLAINTIFFS' STATEMENT

**1. Meet and Confers.** Google's description of discovery leads' participation is inaccurate. To facilitate cooperation and reduce abusive conduct by Google's counsel, Plaintiffs asked Google's consent to record the sessions via Zoom, but Google has refused. Therefore, Plaintiffs ask that the Court order the parties to confer via video, with recording activated.

**2. Custodians and Search Terms.** Google refused to produce categories of documents until the parties agreed on search terms and custodians. This resulted in a December 8 deadline for proposals with regard to Google's production. Dkt. 205; 208. By contrast, Plaintiffs searched for and produced documents. Google now feigns that the Order also applies to Plaintiffs' production, even though previously in writing it took the opposite position. Dkt. 197 (recognizing the Plaintiffs'

request which resulted in the Order "asked the Court to impose interim discovery deadlines on Google, but not Plaintiffs."). The December 8 deadline will require Google, for the first time, to *begin* searching for documents responding to certain RFPs Plaintiffs served in February.

Concerning Google's searches, it took the view on a November 4 call that different search terms should be used with different custodians. This would be inefficient and cause further delay.

On Location Information, Google has said "[t]here may be some areas where it makes sense to engage in discovery using Plaintiffs' overbroad definition" of Location Information, and the Court recognized Plaintiffs' definition was appropriate "for purposes of interrogatory requests 4 and 5" in ordering Google to supplement its responses to those interrogatories. Dkt. 175. Plaintiffs thus believe search terms should be crafted with their definition, as Google's narrow definition would limit discovery to location data tied to users' Google accounts.

**3. Arizona Production.** Google produced documents from the Arizona litigation shortly before Thanksgiving. Plaintiffs' initial review suggests the production omits key documents, including a redacted document cited in Plaintiffs' Motion to Reopen Discovery, which Google had agreed to produce because it was produced to the Arizona Attorney General. Dkt. 151-1 Ex. 11 (at 297). Plaintiffs have raised this with Google, but have not heard back. Plaintiffs are also concerned that much of Google's production, some 13,610 documents, lacks metadata.

On December 1, Plaintiffs asked Google to share the search terms that it used to location documents in the Arizona litigation. Understanding what search terms were used is essential to assessing whether there are gaps in that production which Plaintiffs here need to fill.

**4. Plaintiffs' Interrogatories 4, 5 & 7.** On November 30, the Court ordered Google to file its responses to these interrogatories by December 7. These passages from Google's responses to Interrogatories Nos. 4 and 5 suggest that, in violation of the Court's June 16 order (Dkt. 175), Google has provided only a curated view of its collection, storage, and use of Location Information:

> "When users use or interact with ***certain Google products and services***, their devices may send explicit user Location Information to enable Google to provide those products and services." Resp. to Interrog. No. 4 at 14:16-18. (Google has refused to define "certain Google products and services.")
>
> "Google provides below ***examples*** of how it uses or analyzes Location Information." Resp. to Interrog. No. 5 at 22:19-20.

"Google provides below *further examples* of how it uses Location Information that may be outside of Location History and Web & App Activity." Resp. to Interrog. No. 5 at 16:14-15.

Underscoring the selective nature of Google's disclosures, at a November 19 meet and confer it would not say if its responses to date "identify all Google products, applications, and services that have committed user Location Information to storage and all databases, data stores, devices, and/or systems in Google's possession, custody, or control containing user Location Information."

With respect to Interrogatory No. 7, following the November 19 meet and confer, Plaintiffs asked Google to respond by November 30 as to whether it would provide a substantive response "identifying, based on Google's understanding of the terms, the individuals most knowledgeable about how Location Information flows into and out of each database or platform in which Location Information is stored from 2014 to present." As of December 2, Google had not responded.

**5. Plaintiffs' Third Set of RFPs.** Google replied to 25 of 39 of the requests in Plaintiffs' Third Set of RFPs with the nonresponsive statement "Google is willing to meet and confer regarding this request and Google's objections thereto." While the parties have met and conferred concerning many of these requests, Google has not agreed to produce documents for *any* of them. "[A]greeing to nothing more than a 'willingness to meet and confer'" is inadequate, serves no purpose other than to delay discovery, and "complies with neither the letter nor the spirit of Rule 26 or Rule 34." *Craig Coley v. Ventura Cty.*, 2020 WL 8414040, at *3 (C.D. Cal. June 8, 2020). Plaintiffs ask the Court to order Google to respond with a *clear* statement as to whether or not it is willing to produce documents in response to these requests.

**6. Named Plaintiff Discovery.** Google blatantly mischaracterizes the parties' December 1 call. *First*, Plaintiffs explained (again) that searches were "conducted collaboratively by Plaintiffs and their counsel," *other Court-appointed Class Counsel*, *see* Dkt. 72 ¶ 1. Far from representing that Lead Counsel *could not* answer questions, we said a declaration pursuant to Court order would be timely filed. *Second*, Google did not raise timing for Plaintiffs' production to Google's Second RFPs. Plaintiffs' November 15 responses proposed to produce documents within twenty-five days. Any disputes over these RFPs are not ripe. Plaintiffs learned of Google's positions yesterday, and have not had time to evaluate the additional information provided (and not yet provided).

Dated:  December 2, 2021                                    LIEFF CABRASER HEIMANN &
                                                            BERNSTEIN, LLP


                                                       By:  */s/ Michael W. Sobol*
                                                            MICHAEL W. SOBOL
                                                            MELISSA GARDNER
                                                            MICHAEL LEVIN-GESUNDHEIT
                                                            JOHN D. MAHER

                                                            *Interim Co-Lead Class Counsel*

Dated:  December 2, 2021                                    AHDOOT & WOLFSON, PC


                                                       By:  */s/ Tina Wolfson*
                                                            TINA WOLFSON
                                                            THEODORE MAYA
                                                            RACHEL JOHNSON

                                                            *Interim Co-Lead Class Counsel*

Dated:  December 2, 2021                                    KEKER, VAN NEST & PETERS LLP


                                                       By:  */s/ Nicholas D. Marais*
                                                            BENJAMIN BERKOWITZ
                                                            THOMAS E. GORMAN
                                                            NICHOLAS D. MARAIS
                                                            CHRISTOPHER S. SUN
                                                            CHRISTINA LEE

                                                            Attorneys for Defendant GOOGLE LLC

## ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest that all signatories above have concurred in the filing of this document.

Dated:  December 2, 2021  /s/ Theodore Maya
Theodore Maya