# EXHIBIT 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD (NC) |
|---|---|
| | **DECLARATION OF DAVID SLADE REGARDING PLAINTIFF DOCUMENT PRODUCTION AND PROCESS** |
| | Dept:     Courtroom 5 – 4th Floor<br>Judge:    Hon. Nathanael Cousins |

I, David Slade, declare and state as follows:

1. I am a member in good standing of the Arkansas State Bar, and a partner in the law firm of Carney Bates & Pulliam, one of Interim Class Counsel in this action. My law firm was retained to represent Plaintiffs Nurudaaym Mahon and Napoleon Patacsil. I submit this Declaration pursuant to the Court's order of November 30, 2021 for a declaration by a person(s) with knowledge identifying the discovery Plaintiffs have produced in response to ECF 187 and explaining the process Plaintiffs took to comply. I have personal knowledge of the matters set forth herein and could competently testify thereto.

2. I have reviewed the Declaration of Melissa Gardner, and as it pertains to her communications with the non-lead counsel representing Plaintiffs in this matter and their input into the discovery process in this matter, it is consistent with my knowledge and understanding.

3. I received requests from Co-Lead Counsel regarding documents and information to collect from the Plaintiffs on February 24, June 2, and October 12. These communications included a summary of the responsive documents that we were to search for, and search terms therefor, and I dutifully oversaw a reasonable and thorough search with my clients for those documents.

4. I reviewed these communications from Co-Lead Counsel and discussed the information and documents requested with Mr. Mahon and Mr. Patacsil (separately) by telephone in March, April, June, August, September, and October, as well as via email. During these conversations, I discussed with the Plaintiffs evidence that may exist, the mobile devices in their possession, and the locations where any responsive documents and data were likely to be found. I oversaw these Plaintiffs' searches for responsive documents, which entailed accessing several locations where they might be located including the following: (1) Mr. Patacsil's current iPhone, and Mr. Mahon's current iPhone, as identified in response to Interrogatory No. 1; (2) Plaintiffs' email inboxes and outboxes; (3) Google "Takeout" files accessible to Plaintiffs; and (4) the Apple App Store and Google Play Store. As of October 20, all responsive documents that had been located, as well as screenshots these Plaintiffs created in order to comply with the Court's order on RFP 2, were delivered to Co-Lead Counsel.

5. In addition, I collected information from these Plaintiffs to respond to Interrogatory No. 3, and communicated with them in both July and October to confirm that the information provided therein, including as it pertains to changes to location settings over time, reflected available information and the best of each Plaintiff's knowledge and recollection.

6. In addition to the mobile device that Mr. Mahon currently uses and searched in connection with discovery in this action, he possessed four devices which were stored for purposes of this litigation. Those devices were sent to Setec Investigations.

7. In addition to the mobile device that Mr. Patacsil currently uses and searched in connection with discovery in this action, he possessed seven devices which were stored for purposes of this litigation. Those devices were sent to Setec Investigations.

8. In response to Google's Request for Production No. 41, I searched my work files and work correspondence for all device data, account data, and location data responsive to Defendant's Request, and evaluated documents for responsiveness. All responsive documents were delivered to Co-Lead Counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of December, 2021 at Little Rock, Arkansas.

_____
David Slade