KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
GREGORY WASHINGTON - # 318796
gwashington@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Dept:      Courtroom 4 – 5th Floor<br>Judge:    Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully submits this administrative motion to file under seal portions of its Second Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, which the Court has ordered Google to file. *See* Dkt. 207.

Specifically, Google respectfully requests that the Court seal the highlighted items on pages 15-19, 23-24, and 26 of its responses. Disclosure of this information would not only give competitors unfair insight into Google's proprietary systems and processes, but would also make those systems and processes potentially more vulnerable to malicious actors. Sealing the information in the narrowly-tailored fashion Google has proposed is therefore appropriate. Indeed, courts regularly seal similar information in comparable circumstances.

For these reasons, and those described below, Google respectfully requests that the Court grant its motion to seal.

## II. DISCUSSION

Courts apply one of two standards when considering whether to grant a party's motion to seal. They "generally apply a 'compelling reasons' standard when considering motions to seal documents." *Baird v. Blackrock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 4820247, at *1 (N.D. Cal. Sept. 29, 2021). "To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* (internal quotation marks omitted). In contrast, however, "records attached to motions that are only tangentially related to the merits of a case are not subject to the strong presumption of access." *Id.* (internal quotation marks omitted). "Accordingly, parties moving to seal such records need only meet the lower 'good cause' standard" which requires only "a particularized showing that specific prejudice or harm will result if the information is disclosed." *Id.* (internal quotation marks omitted). Where, as here, a motion to seal concerns a discovery motion, the "good cause" standard applies. *Milliner v. Bock Evans Fin. Couns., Ltd.*, No. 15-CV-01763-JD, 2020 WL 1492692, at *1 (N.D. Cal. Mar. 27, 2020).

1    Google requests that the Court seal two categories of information in its interrogatory
2    responses:
3       1.   Detailed descriptions of Google's proprietary processes and systems (items
4            highlighted on pages 15-17, lines 1-13 & 22 of page 18, and pages 23-24 of
5            Google's interrogatory responses);
6       2.   Internal codenames for Google's infrastructure (items highlighted on lines 25 &
7            27 of page 18, page 19, and page 26 of Google's interrogatory responses);
8    Both categories of information qualify for sealing under the "good cause" standard. The
9    first category encompasses non-public information about Google's systems, including details
10   regarding the technological means by which Google collects data and how its systems process,
11   analyze, and transfer that data. Declaration of Kevin Berlin in support of Google's Motion to Seal
12   ("Berlin Decl.") ¶ 5. This information is both confidential and proprietary. *Id.* And its disclosure
13   would prejudice Google by allowing competitors or third parties to use that information, in
14   combination with other information that has been, or may be, revealed, to gain an improper
15   insight into Google's technology and architecture. *Id.* ¶ 6. Google's status as a leader and
16   innovator in its field makes it the target of competitors and other third parties, who don't want to
17   make the same investment in dollars and engineering hours that Google has made, but who
18   nonetheless wish to secure the benefits resulting from those investments. To prevent that result,
19   Google takes steps to protect information about its systems and processes by, among other things,
20   limiting access to that information to particular individuals and teams and by storing the
21   information on secure servers. *Id.* ¶ 7. Furthermore, employees are asked to sign NDAs when
22   hired to protect against disclosure of this kind of confidential information. *Id.*
23   Unsurprisingly, courts regularly seal these kinds of technological descriptions of a
24   company's data infrastructure and processes—often under the more onerous "compelling
25   reasons" standard. *See Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2019 WL 4168952,
26   at *2 (N.D. Cal. Sept. 3, 2019) (sealing material that "reveals the identification, organization,
27   and/or operation of Cisco's proprietary products"); *Reyna v. Arris Int'l PLC*, No. 17-CV-01834-
28   LHK, 2018 WL 1400513, at *2 (N.D. Cal. Mar. 20, 2018) (sealing information that provides

"insights into Intel's hardware and software architecture"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing "proprietary business information about the architecture of Synchronoss's technology"); *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing "information regarding Delphix's product architecture and development"); *see also Cardinali v. Plusfour, Inc.*, No. 216CV02046JADNJK, 2019 WL 4723071, at *14 (D. Nev. Sept. 26, 2019) (sealing information regarding the "various computer systems that Experian maintains for storing and accessing consumer information and . . . what those systems report").[1]

Google's internal codenames also qualify for sealing under the "good cause" standard. Disclosure of those code names presents a security risk. The codenames Google seeks to seal here are particularly sensitive because they refer to components of Google's internal storage infrastructure. Berlin Decl. ¶ 8. Thus, for example, if a malicious actor wished to gain improper access to Google's systems in order to steal proprietary Google data, knowing Google's confidential, internal codenames for its data storage infrastructure would allow them to more readily identify where that data was stored and, ultimately, to steal it. *Id.* ¶ 9. Google protects the confidentiality of its codenames by, among other things, limiting knowledge of the codenames to particular individuals and teams and by requiring employees to sign NDAs when hired to protect against disclosure of that information. *Id.* ¶ 10.

Courts commonly seal codenames, and similar information, even under the "compelling reasons" standard. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (sealing "internal project code names"); *see also Apple*

---

[1] In order to minimize the total number of redactions required, where possible, Google has requested sealing only of the names of the components of its systems and left unredacted the functions performed by those systems. While it is not Google's contention that these components themselves are necessarily confidential, by redacting the names of the components, Google can prevent its competitors from gaining a full picture of how its systems fit together and operate while simultaneously leaving the majority of its response available to the public.

*Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "internal code names for . . . products"); *Bohannon v. Facebook, Inc.*, No. 12-CV-01894-BLF, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019) (denying motion to unseal "identification numbers that reflect internal classification systems"); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (sealing names of internal tables in [a] database"); *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (sealing "names of particular source code variables").

Courts are particularly willing to grant motions to seal confidential materials where, as here, public disclosure of the materials would make a party more vulnerable to exploitation by competitors or malicious third parties. *See, e.g.*, *Bohannon*, 2019 WL 188671, at *5 (sealing materials that would "giv[e] dishonest individuals insight into" Facebook's internal operations); *Reyna*, 2018 WL 1400513, at *2–3 (sealing information providing "insights into Intel's hardware and software architecture" because disclosing that information "would create security threats"); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2018 WL 9651897, at *3 (N.D. Cal. Jan. 3, 2018) (concluding public disclosure of sealed materials "could lead to another breach in the security of Yahoo's systems"); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing information because "hackers and spammers could use th[e] information to circumvent Google's anti-virus and anti-spam mechanisms"). Indeed, courts typically grant a motion to seal information so long as the information "appears to be of the type that might be exploitable by competitors." *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *2 (N.D. Cal. June 5, 2015).

### III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its motion to seal.

| | | |
|---|---|---|
| Dated:  December 7, 2021 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ Christopher S. Sun |
| | | BENJAMIN BERKOWITZ |
| | | THOMAS E. GORMAN |
| | | NICHOLAS D. MARAIS |
| | | CHRISTOPHER S. SUN |
| | | CHRISTINA LEE |
| | | GREGORY WASHINGTON |
| | | Attorneys for Defendant GOOGLE LLC |