1   KEKER, VAN NEST & PETERS LLP
    BENJAMIN BERKOWITZ - # 244441
2   bberkowitz@keker.com
    THOMAS E. GORMAN - # 279409
3   tgorman@keker.com
    NICHOLAS D. MARAIS - # 277846
4   nmarais@keker.com
    CHRISTOPHER S. SUN - # 308945
5   csun@keker.com
    CHRISTINA LEE - # 314339
6   clee@keker.com
    GREGORY WASHINGTON - # 318796
7   gwashington@keker.com
    633 Battery Street
8   San Francisco, CA 94111-1809
    Telephone:     415 391 5400
9   Facsimile:     415 397 7188

10  Attorneys for Defendant GOOGLE LLC

11                      UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14
    IN RE:  GOOGLE LOCATION HISTORY          Case No. 5:18-cv-05062-EJD
15  LITIGATION
                                             **DECLARATION OF KEVIN BERLIN IN
16                                           SUPPORT OF DEFENDANT GOOGLE
                                             LLC'S ADMINISTRATIVE MOTION TO
17                                           SEAL**

18                                           Dept:      Courtroom 4 – 5th Floor
                                             Judge:     Hon. Edward J. Davila
19
                                             Date Filed: November 2, 2018
20
                                             Trial Date:  None Set
21

22

23

24

25

26

27

28

1    I, Kevin Berlin, declare as follows:

2    1.    I have personal knowledge of the facts stated herein, and I could and would

3    competently testify thereto if called as a witness.

4    2.    I am employed at Google LLC ("Google") as a Senior Staff Privacy Engineer. I

5    joined Google in 2011 and have been in my current role since May 2021.

6    3.    In this role, I am familiar with Google's practices regarding the treatment of

7    sensitive business and technical information, especially with regards to proprietary information.

8    4.    I have reviewed portions of Google's Second Supplemental Responses and

9    Objections to Plaintiffs' First Set of Interrogatories ("Interrogatory Responses") that Google has

10   designated for sealing.

11   5.    The portions of these Interrogatory Responses highlighted on pages 15-17, in lines

12   1-13 & 22 of page 18, and on pages 23-24 contain non-public information about Google's

13   systems, including details regarding the technological methods by which Google collects data and

14   how its systems process, analyze, and transfer that data. This information is proprietary and, to

15   the best of my knowledge, has never been publicly disclosed.

16   6.    Disclosure of this information would prejudice Google because it could be used—

17   in isolation or in combination with other information that has been, or may be, revealed—by

18   Google's competitors or other third parties to gain improper insight into Google's technology and

19   systems, which, in turn, could harm Google's competitive standing. For example, if the above

20   information is publicly disclosed, Google's competitors could infer how Google's products

21   function, and how they are developed.

22   7.    Google takes steps to protect information about its systems and processes by,

23   among other things, limiting access to the information to particular individuals and teams and by

24   storing the information on secure servers. Employees are also asked to sign NDAs when hired to

25   protect against disclosure of this kind of confidential information.

26   8.    The portions of Google's Interrogatory Responses highlighted in lines 25 & 27 of

27   page 18, on page 19, and on page 26 contain identifying information about proprietary Google

28   infrastructure, including the internal codenames for components of that infrastructure. The

1

DECLARATION OF KEVIN BERLIN IN SUPPORT OF DEFENDANT GOOGLE LLC'S
ADMINISTRATIVE MOTION TO SEAL
Case No. 5:18-cv-05062-EJD

1774605

1    codenames, in particular, are not known outside of Google and are, in fact, not known to all

2    Google employees.

3            9.        Disclosure of this information would prejudice Google by making its systems

4    more vulnerable to exploitation by third parties. For example, if an outsider wanted to improperly

5    access Google's systems, and target particular products for theft or other improper purposes,

6    having Google's confidential, internal codenames would allow them to more readily find

7    Google's proprietary documents, information, and code. It is, therefore, very important that these

8    internal names not be revealed outside Google.

9            10.       Google takes steps to protect information about its systems and processes by,

10   among other things, limiting access to the information to particular individuals and teams.

11   Employees are also asked to sign NDAs when hired to protect against disclosure of this kind of

12   confidential information.

13           I declare under penalty of perjury under the laws of the United States of America that the

14   foregoing is true and correct.

15           Executed _____December 7, 2021_____, in _____San Jose, CA_____.

16

17                                                          _____

18                                                          KEVIN BERLIN

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KEVIN BERLIN IN SUPPORT OF DEFENDANT GOOGLE LLC'S
ADMINISTRATIVE MOTION TO SEAL
Case No. 5:18-cv-05062-EJD

1774605