# EXHIBIT A

# REDACTED VERSION OF EXHIBIT FILED UNDER SEAL

1  KEKER, VAN NEST & PETERS LLP
   BENJAMIN BERKOWITZ - # 244441
2  bberkowitz@keker.com
   THOMAS E. GORMAN - # 279409
3  tgorman@keker.com
   NICHOLAS D. MARAIS - # 277846
4  nmarais@keker.com
   CHRISTOPHER S. SUN - # 308945
5  csun@keker.com
   CHRISTINA LEE - # 314339
6  clee@keker.com
   GREGORY WASHINGTON - # 318796
7  gwashington@keker.com
   633 Battery Street
8  San Francisco, CA 94111-1809
   Telephone:     415 391 5400
9  Facsimile:     415 397 7188

10 Attorneys for Defendant GOOGLE LLC

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14

15 IN RE:  GOOGLE LOCATION HISTORY          Case No. 5:18-cv-05062-EJD
   LITIGATION
16                                          **DEFENDANT GOOGLE LLC'S SECOND
                                            SUPPLEMENTAL RESPONSES AND
17                                          OBJECTIONS TO PLAINTIFFS' FIRST
                                            SET OF INTERROGATORIES**
18

19                                          Date Filed:  November 2, 2018

20                                          Trial Date:  None Set

21

22                                          **Contains information designated HIGHLY
                                            CONFIDENTIAL – ATTORNEYS' EYES
23                                          ONLY under Protective Order**

24

25

26

27

28

PROPOUNDING PARTY:    Plaintiffs

RESPONDING PARTY:     Defendant GOOGLE LLC

SET:                  ONE (Nos. 1-6)

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Rule 33-1 of the Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendant Google LLC ("Google") hereby provides this supplemental response to Plaintiffs' First Set of Interrogatories (Nos. 1-6) dated April 24, 2019, as follows.

**<u>GENERAL STATEMENT AND OBJECTIONS</u>**

These responses and objections are made solely for the purpose of and in relation to this matter.  Google has not completed its investigation, discovery, analysis, legal research, and preparation for trial in this matter.  The responses herein are based only upon the information and documentation that is presently available and known to Google and which has been identified as containing potentially relevant information.  It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional documentation, or provide additional meaning to currently known factual conclusions and legal contentions, all of which may result in the modification of these objections and responses.  Accordingly, Google reserves the right to amend and/or supplement its responses and objections and to make any additional objections that may become apparent.  By this statement, however, Google does not agree to or adopt any duty to supplement beyond those set forth in the Federal Rule of Civil Procedure, the Local Rules, or any applicable rule or order.

The following general objections apply to every interrogatory as propounded by Plaintiffs, and are incorporated into each of the following specific responses by reference as if set forth in full therein.

1.      Plaintiffs are not entitled to discovery about Google's general practices regarding data storage and collection, including the databases in which Google allegedly stores location information and those persons with access to these databases.  That information is not relevant or

1

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

probative of whether Plaintiffs consented to the collection of location information or whether any such collection could be actionable under Plaintiffs' asserted claims.

2.    Google objects to each and every interrogatory to the extent that it fails to specify any relevant temporal limitations.  Unless otherwise specified, Google will limit its responses to the time period relevant to Plaintiffs' claims and alleged use of Android devices or operating systems.

3.    Google objects to the interrogatories and accompanying definitions and instructions to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the right to privacy embodied in the U.S. Constitution, or any other applicable privilege, protection, or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of any such privilege or protection.

4.    Google objects to the interrogatories and accompanying definitions and instructions to the extent that they seek confidential, proprietary, and/or trade-secret information. Google will provide responses containing such information only subject to the terms of the protective order entered by the Court in this action on December 9, 2019.  Google reserves the right to seek additional protections beyond those provided in the protective order to the extent appropriate for any particularly sensitive information, and to object to such information's disclosure altogether if, for example, the information's relevance to this litigation is substantially outweighed by the risk of harm posed by its disclosure in light of the protections available.

5.    Google objects to the interrogatories and accompanying definitions and instructions to the extent that they seek information that is subject to confidentiality or non-disclosure agreements with other parties.  Google shall disclose such information only to the extent that Google is permitted to do so under its agreements with such parties and only after those parties receive appropriate notice and are provided with a reasonable opportunity to raise objections, and the Court resolves any such objections.

## **OBJECTIONS TO DEFINITIONS**

1.    Google objects to each and every paragraph of the section labeled "Definitions" to

2

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

the extent the definitions purportedly set forth therein would (a) expand the definition of a term beyond its ordinary usage in the English language; (b) create undue burden for Google when propounding its responses and objections to Plaintiffs' Interrogatories; and/or (c) impose obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other rules or orders of the Court.  Google will respond to the interrogatories consistent with the ordinary English meaning of the words and its obligations under the law.

2.     Google objects to the purported definitions of "You," "Your," and "Google" to the extent such definitions refer to XXVI Holdings, Inc. and Alphabet, Inc., which are not parties to this proceeding.  Google similarly objects to these terms to the extent that they seek information about any other entities, trade names, or subsidiaries' operating businesses owned or controlled by Google, or that Google is owned or controlled by, who are not parties to this proceeding.  Google responds on behalf of itself only and no other person or entities.  Google will construe these terms to mean Google LLC.  Google also objects to these terms as vague, unintelligible, inconsistent with ordinary English usage, overbroad, unduly burdensome, and imposing obligations that exceed those imposed by the rules of discovery.

3.     Google objects to the definitions of "communication" and "document(s)" to the extent that such definitions render any interrogatory overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, the parties' Stipulated Order regarding Discovery of Electronically Stored Information (Dkt. 101), or any other applicable rules or orders.  Google further objects to these definitions to the extent that they render any interrogatory overly broad and unduly burdensome by requiring: (i) restoration of documents or data that are not retained in the ordinary course of business and that reside exclusively on extant backup tapes of electronic media; (ii) recovery of

documents or data that have been deleted or are fragmented; (iii) collection of documents or data that reside exclusively on mobile devices such as, without limitation, smartphones, tablets, personal digital assistants, and hand-held wireless devices; and (iv) collection of documents or data that reside exclusively on systems not maintained, controlled, or sanctioned for corporate use by Defendant.

4.      Google objects to Plaintiffs' definition of "ESI" or "Electronically Stored Information" to the extent it conflicts with or extends beyond any Court order regarding appropriate and mutually applicable procedures for requesting and producing ESI and related metadata.

5.      Google objects to Plaintiffs' definition of "User" to the extent that such definitions render any interrogatory overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other applicable rules or orders.  Google will construe "User" to mean an individual who uses an Android or iOS device to access Google's web services and applications (e.g. Gmail, Maps, Search, etc.) while logged in to the individual's Google account.

6.      Google objects to Plaintiffs' definition of "Location Information" to the extent that such definitions render any interrogatory overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other applicable rules or orders.  In addition, Google objects that Plaintiffs' definition is unduly confusing to the extent it purports to apply unexpected and atextual meanings (the plain meaning of "location information" does not mean "movement information" or require collection from a mobile device, or use of Google software, or creation of a record in Google's data systems).

4

1709187

Google will construe these interrogatories to request information on "Google Stored Geolocation Data," to mean location information that is determined using inputs from a User's mobile-device sensors (e.g. GPS, Wi-Fi, Bluetooth) saved to a user's Google Account (as distinguished from storage in a User's device or systems or in non-Google devices or systems).

7.    Google objects to Plaintiffs' definition of "Architecture" and "Technology" to the extent that such definitions render any interrogatory overly broad or unduly burdensome, seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other applicable rules or orders.

8.    Google objects to Plaintiffs' definition of "Process" to the extent that such definition renders any interrogatory overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other applicable rules or orders.

**SUPPLEMENTAL RESPONSES AND OBJECTION TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify the dates upon which Google first proposed (internally) and first disclosed (externally) options, settings, preferences, or other tools of any kind purporting to allow Users to choose whether Google stores and/or collects Location Information.

**RESPONSE TO INTERROGATORY NO. 1 (June 4, 2019):**

Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and disproportionate to the needs of the case because it is not limited to information relating to the allegations of Plaintiffs' complaint and potentially seeks information relating to products not at issue in this case.  Google further objects to this interrogatory to the extent that it is not limited to

a time frame relevant to this litigation.  Google further objects to this interrogatory to the extent it incorporates Plaintiffs' objectionable definitions of "User" and "Location Information" and responds below consistent with its definition of "User" and "Location Information" described in its general objections above.  Google further objects to this interrogatory to the extent that it seeks the disclosure of confidential information.  Google further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine, or any applicable privilege or protection.

Subject to and without waiving these objections, Google states the following.  To the extent Plaintiffs are seeking the approximate launch date of the Location History setting, that setting was first introduced in 2014.  Google's investigation is continuing and Google may amend this response at a later date.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (September 4, 2019):**

Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and disproportionate to the needs of the case because it is not limited to information relating to the allegations of Plaintiffs' complaint and potentially seeks information relating to products not at issue in this case.  Google further objects to this interrogatory to the extent that it is not limited to a time frame relevant to this litigation.  Google further objects to this interrogatory to the extent it incorporates Plaintiffs' objectionable definitions of "User" and "Location Information" and responds below consistent with its definition of "User" and "Location Information" described in its general objections above.  Google further objects to this interrogatory to the extent that it seeks the disclosure of confidential information.  Google further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine, or any applicable privilege or protection.

Subject to and without waiving these objections, Google states the following.  To the extent Plaintiffs are seeking the approximate launch date of Location History as an independent account setting, that setting was first introduced in 2014.  Prior to 2014, a location history functionality was introduced as a feature of Latitude in approximately November 2009.  Google's investigation is continuing and Google may amend this response at a later date.

**INTERROGATORY NO. 2:**

Identify the date upon which Google first retained any Location Information from any User whose pertinent Google option, setting, preference, or otherwise was set, either by choice or default, to indicate that Google should not retain Location Information.  The response to this Interrogatory should include the first date upon which Google retained Location Information despite a "Location History" setting in the "off" position.

**RESPONSE TO INTERROGATORY NO. 2 (June 4, 2019):**

Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and disproportionate to the needs of the case because it is not limited to information relating to the allegations of Plaintiffs' complaint and seeks information relating to products not at issue in this case.  Google further objects to this interrogatory to the extent that it is not limited to a time frame relevant to this litigation.  Google further objects to this interrogatory to the extent it incorporates Plaintiffs' objectionable definitions of "User" and "Location Information."  Google further objects to this interrogatory to the extent that it seeks the disclosure of confidential information.  Google further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine, or any applicable privilege or protection.

Subject to and without waiving these objections, Google states the following.  Google respects users' settings selections.  The user location information that Google collects and stores depends on a number of factors, including the user's device, the product or service being used and an individual user's Google Account settings.  The Location History and Web & App Activity settings are distinct Google Account settings that a user can choose to enable or disable at any time.  When Location History and Web & App Activity are disabled, they do not provide user location information to Google.  These Google Account settings do not affect or control device settings, which vary based on the specific device and which Google may not create or control.

The Location History setting was first introduced in 2014.  Location History is a distinct product Google provides to Google Account users that saves a private map of where the user goes with his/her signed-in devices, even when the user is not using a Google service.  Location

1709187

History is off by default and users must opt-in to enable it.  Account holders can disable Location History at any time.  Pausing Location History does not disable a user's Web & App Activity setting.

Web & App Activity is a distinct Google Account setting that stores a user's Google activity data, including user location information, to My Activity (https://myactivity.google.com) in his or her Google account.  If a user has enabled the Web & App Activity setting, the user has enabled Web & App Activity to collect location information.  The fact that a user has not separately opted-in to Location History, a separate Google product, does not affect his or her ability to enable or disable Web & App Activity at any time.

Google discloses how it collects user data, including location information, in its Privacy Policy (available at https://policies.google.com/privacy), on the Location Data page (available at https://policies.google.com/technologies/location-data), and within the Location History and Web & App Activity settings.  Google's investigation is continuing and Google may amend this response at a later date.

**INTERROGATORY NO. 3:**

With the exception of law enforcement in response to a court order, identify all third parties (including other Alphabet companies) to whom Google has disclosed any Location Information and indicate whether Google sold this information or provided it free of charge.

**RESPONSE TO INTERROGATORY NO. 3 (June 4, 2019):**

Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and disproportionate to the needs of the case because it is not limited to information relating to the allegations of Plaintiffs' complaint and potentially seeks information relating to products not at issue in this case.  Google further objects to this interrogatory to the extent that it is not limited to a time frame relevant to this litigation.  Google further objects to this interrogatory to the extent it incorporates Plaintiffs' objectionable definition of "Location Information."  Google further objects to this interrogatory to the extent that it seeks the disclosure of confidential information.  Google further objects to responding because the Court has not yet entered a confidentiality order in this case.  Google further objects to this interrogatory to the extent it seeks information

1709187

protected by the attorney-client privilege or attorney work product doctrine, or any applicable privilege or protection.

Subject to and without waiving these objections, Google states the following.  Google will respond after a suitable confidentiality order is in place.  Google's investigation is continuing and Google may amend this response at a later date.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (December 17, 2019):**

Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and disproportionate to the needs of the case because it is not limited to information relating to the allegations of Plaintiffs' complaint and potentially seeks information relating to products not at issue in this case.  Google further objects to this interrogatory to the extent that it is not limited to a time frame relevant to this litigation.  Google further objects to this interrogatory to the extent it incorporates Plaintiffs' objectionable definition of "Location Information."  Google further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine, or any applicable privilege or protection.

Subject to and without waiving these objections, Google states the following.  Except in response to a court order or other lawful process, Google does not disclose to third parties individual users' Google Stored Geolocation Data.  Google's investigation is continuing and Google may amend this response at a later date.

**INTERROGATORY NO. 4:**

Identify by name, purpose, sequence, and physical location each Process and/or piece of Architecture involved in the creation, development, transmission, maintenance and/or storage of Location Information.

**RESPONSE TO INTERROGATORY NO. 4 (June 4, 2019):**

Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and disproportionate to the needs of the case because it is not limited to information relating to the allegations of Plaintiffs' complaint and seeks information relating to products not at issue in this case.  Google further objects to this interrogatory to the extent that it is not limited to a time frame relevant to this litigation.  Google further objects to this interrogatory to the extent it incorporates

9

1709187

1  Plaintiffs' objectionable definitions of "Process," "Architecture," and "Location Information."

2  Google further objects to this interrogatory to the extent that it seeks the disclosure of trade

3  secrets or other confidential research, development, or commercial information.  Google further

4  objects to responding because the Court has not yet entered a confidentiality order in this case.

5  Google further objects to this interrogatory to the extent it seeks information protected by the

6  attorney-client privilege or attorney work product doctrine, or any applicable privilege or

7  protection.

8          Subject to and without waiving these objections, Google states the following.  Google will

9  respond after a suitable confidentiality order is in place.  Google's investigation is continuing and

10  Google may amend this response at a later date.

11  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 (December 17, 2019)**

12  ~~**[Response contains information designated CONFIDENTIAL under Protective Order]:**~~

13          Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and

14  disproportionate to the needs of the case because it is not limited to information relating to the

15  allegations of Plaintiffs' complaint and seeks information relating to products not at issue in this

16  case.  Google further objects to this interrogatory to the extent that it is not limited to a time frame

17  relevant to this litigation.  Google further objects to this interrogatory to the extent it incorporates

18  Plaintiffs' objectionable definitions of "Process," "Architecture," and "Location Information."

19  Google further objects to this interrogatory to the extent it seeks information protected by the

20  attorney-client privilege or attorney work product doctrine, or any applicable privilege or

21  protection.

22          Subject to and without waiving these objections, Google states the following.  Depending

23  on a particular user's device, usage, and settings, any of the following common methods may be

24  used to arrive at an estimated device location:

25      -   **GPS**:  GPS is a radio navigation system that works by using radio waves between

26          satellites and a receiver inside a device to geolocate the device. The device's GPS

27          receiver uses data from multiple satellite signals to triangulate where the device is.

28      -   **Cellular Network Information**:  Depending on the type of network to which a user's

1709187

device is connected, a user's device may create location information derived from tower-broadcasted latitude and longitude location of the cell tower.

- **Wi-Fi & Bluetooth**:  These functions enable user devices to infer location based on scans for publicly available information from nearby devices, such as Wi-Fi access points or Bluetooth beacons.

- **Internet Protocol (IP) Address**:  IP addresses are required for devices to be able to connect to one another through the internet and are necessary for online services to function. Because IP addresses are usually assigned in geographic blocks, they may be used to provide an estimate of the location from which a device is communicating over the internet.

These implementations are enabled by a variety of device components working together, including antennae, batteries, microprocessors, Wi-Fi chips, RAM, ROM, GNSS/GPS receivers, RF transceivers, Bluetooth chips, flash memory chips, along with many, many other components.

A user who has enabled settings to allow their device to estimate location information may also configure settings that store that estimated location information in the user's Google Account.  If a user chooses to store that location information in the user's Google Account, the information remains available to the user, including through the user's individualized login to myaccount.google.com or to www.google.com/maps/timeline.  A user who configures settings to store location information in their Google Account may nonetheless delete that information from their Google Account at any time or set the information to be automatically deleted from their Google Account on a schedule.  If a user enables Location History, the user's Location History information is stored in a Google data store called Sensorvault (which was formerly called Placevault).  If a user enables Web & App Activity, the user's Web & App Activity data is stored in a data store called Footprints.  Even if users enable Location History or Web & App Activity, they may choose to delete that data or set the information to be auto-deleted on a schedule from Timeline or MyActivity in their Google Account.  A user can access their Google Account or Timeline in order to manage and delete the data from their home, work, or "on the go" using their computer or mobile device.

1709187

1    Google's investigation is continuing and Google may amend this response at a later date.

2    **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 (June 30, 2021):**

3    **[Response contains information designated HIGHLY CONFIDENTIAL – ATTORNEYS'**

4    **EYES ONLY under Protective Order]**

5          Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and

6    disproportionate to the needs of the case because it is not limited to information relating to the

7    allegations of Plaintiffs' complaint and seeks information relating to products not at issue in this

8    case.  Google further objects to this interrogatory to the extent that it is not limited to a time frame

9    relevant to this litigation.  Google further objects to this interrogatory to the extent it incorporates

10   Plaintiffs' objectionable definitions of "Process" and "Architecture."  In compliance with the

11   Court's Order regarding the parties' Joint Letter Brief (Dkts. 173, 175), Google adopts Plaintiffs'

12   definition of "Location Information" (as modified by Plaintiffs' submission in Dkt. 173,[1] and by

13   counsel's representations at the hearing on June 16, 2021)[2] solely for purposes of supplementing

14   its responses to Interrogatories Nos. 4 and 5.  Google preserves its previously-stated objections to

15   Plaintiffs' definition of "Location Information" and reserves the right to assert further objections

16   to Plaintiffs' revised definition of "Location Information" and its applicability to Plaintiffs'

17   discovery requests outside of Interrogatories Nos. 4 and 5.  Google further objects to this

18   interrogatory to the extent that it seeks the disclosure of trade secrets or other confidential

19   research, development, or commercial information.  Google further objects to this interrogatory to

20   the extent it seeks information protected by the attorney-client privilege or attorney work product

21   doctrine, or any applicable privilege or protection.  Google is willing to meet and confer

22   regarding Plaintiffs' request to know the "physical location" of "each piece" of Google's

23   [1] Plaintiffs proffered the following definition of "Location Information" in Dkt. 173:  "Physical
24   geographical location data that is determined, estimated, or inferred from a user's mobile device
     sensors (including, but not limited to, GPS, Wi-Fi, Bluetooth, cellular) saved to any data store,
     database, device, or system in Google's possession, custody or control (as distinguished from
25   storage exclusively in a user's device or a user's systems)."

26   [2] Google reserves the right to further object in the event Plaintiffs attempt to revive any of their
     previously-offered and abandoned definitions of "Location Information" or variations thereof, or
27   in the event Plaintiffs shift to a further-revised version of the latest definition of "Location
     Information," as already modified by Plaintiffs' submission in Dkt. 173 and by counsel's
28   representations at the hearing on June 16, 2021.

1709187

"Architecture," which Plaintiffs defined as "each piece of Google infrastructure—including but not limited to source code, software, applications, databases, configuration tables, servers, hardware, and/or networks—utilized to implement or otherwise facilitate any of Your services." Google owns and operates several data centers to keep its products and services running 24 hours a day, 7 days a week.  Google's public disclosures describe those innovative data centers.  *See* https://www.google.com/about/datacenters/.

Subject to and without waiving these objections, Google states the following.  As stated in Google's previous responses to this interrogatory, and as disclosed in Google's Privacy Policy and user-facing documentation, Google may collect Location Information from users that is determined from device sensors on user mobile devices.  Google's collection of Location Information depends on the products used and the settings chosen by users.  Google may process Location Information using various APIs, depending on user settings, and that Location Information can be transmitted to and/or stored in different data infrastructure, again depending on user settings.

The Location Information that Google collects may be characterized as providing explicit information about a user's location.  When users use or interact with certain Google products and services, their devices may send explicit user Location Information to enable Google to provide those products and services.  Explicit user Location Information contains information about where a device is located and comprises the Location Information types described below.  Some Google products and services, such as turn-by-turn navigation in Google Maps for mobile, require explicit device location.  For these products and services, users must turn on device-based settings that can be used to derive precise location.[3]

The source and nature of the explicit user location types that Google collects are described

---

[3] Unlike explicit Location Information, implicit user location information is not derived from mobile-device sensors.  Implicit user location information does not tell Google where a user's device is located, but through user inputs, Google may infer that a user is either interested in a place or that the user might be at a place.  An example of implicit user location information would be a user inputting a search query for a particular place.  For example, if a user conducts a Google Search for "Eiffel Tower" Google may infer that the user may like to see information for places near Paris, and Google can then use that inference to provide localized recommendations about those places.

1709187

below as well as in the Google Privacy Policy:

- GPS

GPS is a radio navigation system that is relatively precise.  It works by using radio waves between satellites and a receiver inside a device to geolocate the device.  The device's GPS receiver uses data from the satellite signals to triangulate where the device is and what time it is.

- Device sensors

Built-in sensors on devices measure motion, orientation, and various environmental conditions.  The Android OS supports a number of these different sensor types, which vary from device to device.  These sensors may include accelerometers, gravity sensors, gyroscopes, rotational vector sensors, barometers, orientation sensors, and magnetometers.  These sensors are used to provide a variety of functionality to Android OS developers—such as the ability to measure device movement or positioning to support motion-based games, or to report a compass bearing for a travel application.  Devices that operate on other operating systems, like Apple's iOS, typically have the same or similar built-in sensors.

- Cellular Network Information

Depending on the type of network to which the device is connected, Google may collect the tower broadcasted latitude and longitude of the cell tower from which the device is receiving service.

- Wi-Fi & Bluetooth Scanning

These settings (on a user's device) allow apps and services to scan for publicly available information from nearby devices (for example, Wi-Fi access points or Bluetooth beacons).  These settings allow the user's device to scan for nearby networks or other devices.

Google objects that this interrogatory calls for information that falls outside of the scope of Plaintiffs' Amended Complaint, including information regarding the Location History setting, which Plaintiffs maintain that they turned off or ensured was turned off.  Google nonetheless provides an example of a data path to illustrate as a general matter the way collection, transmission, and storage of Location Information can occur when a user has opted-in to Location History and is uploading data through this setting.  This example is therefore not intended to be a

14

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

comprehensive description of every possible path that data could take on a device to Sensorvault. Providing that detailed of a response is not possible given the variety of combinations of device settings and user choices about settings.  If Plaintiffs have specific other examples about which they are interested, Google is willing to meet and confer about providing further information.

1. A signed-in Google Account user has an Android 8 mobile phone, in an office that has Wi Fi.  The user has enabled Location History, the Account-level setting, and is allowing this device to report to Location History.  The user also has enabled the device's Location Master toggle.  The Location Reporting toggle, without which data is not collected through Location History even if a user has opted-in to Location History, must also be enabled.

2. The user also has Google Location Services (GLS)[4] on, and seeks to conserve her battery by choosing Battery Saving mode.  The mobile device may use ███ to help estimate the device's location based on ███ or mobile network information. The phone scans for Wi- Fi access points.  ███ calculates a location based on the raw data, including for example, information from ███████ to estimate the device's current location.

3. The ████████████ can provide estimated location received from ███ ███ could also use a ████████ (where available), in combination with GLS inputs, to determine a "best guess" as to a device's current location.

4. The collection of the available location data from the device to Location History happens via ████████ ███ collects information from the device sensors and the scans, as well as the location calculated by ███.

5. If the user has not enabled Location History, ███ does not retrieve any user-

---

[4] GLS is known in Android 9 and above as Google Location Accuracy.  This service aims to provide a more accurate device location and generally improve location accuracy.  With GLS on (it can be disabled at any time), additional information from nearby Wi-Fi, mobile networks, and device sensors can be collected to determine a user's device's location.  GLS does this by periodically collecting location data from user devices and using it in an anonymous way to improve location accuracy.

1709187

specific Location Information for storage.  ████ collects this data via an ████

████ in the operating system ████████████.

6.  The user's Location Information is stored in Sensorvault (previously known as Placevault).  Users can access their individual Google Maps Timeline, which is derived from Sensorvault data.  The data stored in Sensorvault is not available to third parties.

Location History data is stored with these major repositories:

- Sensorvault (previously Placevault):  the history of lat/long locations and associated sensors with users that opted into Location History.

- Semantic database:  this is a layer of semantic inference data on top of the raw Sensorvault data.  This simply means that the data has been given a semantic description, such as "McDonald's" for a place, or "driving on (example road)" for activity segments.  This makes locations more user-friendly and understandable than geo coordinates, for example.

- Store Visits Conversions: this is the database that stores the information that allows Google to provide advertisers with aggregate number of store visit conversions.

As stated in Google's previous responses to this interrogatory and in Google's public, user-facing documentation, for users who enable Web & App Activity, Google saves the user's activity (*e.g.*, search queries) on Google products and services (such as Search, Maps, and Assistant) in the user's Google Account.  The location that is associated with the user's activity on Google products and services is obtained from the device's location services Application Programming Interfaces (API).  The device can derive location from sensor data and information about things near a user's device, such as Wi-Fi access points and cell towers, and is provided to the Google products and services via APIs.

If location information is not available from device sensors or otherwise is not part of the user's action (*e.g.*, the user has disabled their device-level location setting), the Web & App Activity entry for that action will not include device-based calculated location.

16

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

1       Below Google sets forth two examples of a path starting with a user's search, which is

2  saved in Web & App Activity.  As stated above, this response is not intended as a comprehensive

3  description of every possible path that data could take when a user has enabled Web & App

4  Activity.  Providing that detailed of a response is not possible given the variety of combinations

5  of device settings and user choices about settings.  If Plaintiffs have other examples about which

6  it is interested, Google is willing to meet and confer about providing further information.

7       The following is an example of a search query for a Google Account with Web & App

8  Activity on using a device with system location off or when device location is otherwise

9  unavailable.

22       The following is an example search query for a Google Account with Web & App

23  Activity on using a device with system location on and the OS location permission on for the

24  Google App.

17

1709187



Web & App Activity data is stored in Footprints.  Location information stored when Web & App Activity is enabled is coarsened.  User account data is deleted upon user request, at the expiration time a user has set (*e.g.*, 3, 18, or 36 months), and/or at account closure.  For new Google Accounts created starting in or around June 2020, Google sets the Web & App Activity default retention period to 18 months (*i.e.*, Google deletes the data automatically after 18 months unless the user chooses to set a different retention period).

Web & App Activity data may also be stored in Sawmill, a storage system for user interaction data logs for Google products and services.  User account data will be deleted upon user request and/or account closure, or within ▮ days of collection.  In some cases, such as for users not logged into a Google account, the location will be associated with a pseudonymous cookie.

Footprints uses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that different teams may elect to use to store, serve, analyze, and manage data.

The ▮▮▮ Cache, a cache of recent user location, which is coarsened when stored, stores location estimated from several signals, including (sometimes) device location.  Whether a user's

18

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

activity is reflected in ███████ Cache depends on that user's account settings.  Information stored in ███████ Cache is deleted upon user deletion of the associated activities with those locations in Web & App Activity and/or account closure; if neither of those events occur, that information is deleted within 180 days.

Google's investigation is continuing and Google may amend this response at a later date.

**INTERROGATORY NO. 5:**

Identify all ways in which Google or other Alphabet companies use and/or analyze Location Information.  The response to this Interrogatory should include an explanation of any commercial, educational, research and development, or other use of the data.

**RESPONSE TO INTERROGATORY NO. 5 (June 4, 2019):**

Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and disproportionate to the needs of the case because it is not limited to information relating to the allegations of Plaintiffs' complaint and seeks information relating to products not at issue in this case.  Google further objects to this interrogatory to the extent that it is not limited to a time frame relevant to this litigation.  Google further objects to this interrogatory to the extent it seeks information relating to "other Alphabet companies" and any other entities who are not parties to this proceeding.  Google further objects to this interrogatory to the extent it incorporates Plaintiffs' objectionable definition of "Location Information."  Google further objects to this interrogatory to the extent that it seeks the disclosure of trade secrets or other confidential research, development, or commercial information.  Google further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine, or any applicable privilege or protection.

Subject to and without waiving these objections, Google states the following.  Google's Privacy Policy and user instructional videos describe the information that Google collects, why it collects that information, and how Google keeps that information secure.  The Privacy Policy explains to users how Google uses location information in a section entitled, "Information Google collects," with a subsection titled, "Your location information."  As Google's Privacy Policy states, Google "collect[s] information about your location when you use our services, which helps

19

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

1  us offer features like driving directions for your weekend getaway or showtimes for movies

2  playing near you."

3      For example, location information can be used to provide a range of functionality,

4  including ensuring that Google products and services use the correct default language based on a

5  user's location, providing search results that relate to a relevant place, or providing optional

6  account features, such as current traffic predictions.  Google also uses user location information

7  collected when Location History and Web & App Activity are enabled to provide advertising

8  services to signed-in users.  Google does not use information from Location History and Web &

9  App Activity to serve personalized ads if a signed-in user has opted out of ads personalization

10  features.  Google's investigation is continuing and Google may amend this response at a later

11  date.

12  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 (September 4, 2019):**

13      Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and

14  disproportionate to the needs of the case because it is not limited to information relating to the

15  allegations of Plaintiffs' complaint and seeks information relating to products not at issue in this

16  case.  Google further objects to this interrogatory to the extent that it is not limited to a time frame

17  relevant to this litigation.  Google further objects to this interrogatory to the extent it seeks

18  information relating to "other Alphabet companies" and any other entities who are not parties to

19  this proceeding.  Google further objects to this interrogatory to the extent it incorporates

20  Plaintiffs' objectionable definition of "Location Information."  Google further objects to this

21  interrogatory to the extent that it seeks the disclosure of trade secrets or other confidential

22  research, development, or commercial information.  Google further objects to this interrogatory to

23  the extent it seeks information protected by the attorney-client privilege or attorney work product

24  doctrine, or any applicable privilege or protection.

25      Subject to and without waiving these objections, Google states the following.  Google's

26  Privacy Policy and user instructional videos describe the information that Google collects, why it

27  collects that information, and how Google keeps that information secure.  The Privacy Policy

28  explains to users how Google uses location information in a section entitled, "Information Google

1709187

collects," with a subsection titled, "Your location information." As Google's Privacy Policy states, Google "collect[s] information about your location when you use our services, which helps us offer features like driving directions for your weekend getaway or showtimes for movies playing near you."

Consistent with the Google Privacy Policy, Google may use data associated with a user's Google Account—including Location History data, if available—to provide services, to improve the quality of services and to develop new ones, to improve security by protecting against fraud and abuse, and to conduct analytics and measurement to understand how Google's services are being used. For example, location information can be used to provide a range of functionality, including ensuring that Google products and services use the correct default language based on a user's location, providing search results that relate to a relevant place, or providing optional account features, such as current traffic predictions. For users who choose to opt in to Location History, Google also uses location information to display to users the places they have been in Google Maps Timeline. Google also uses user location information collected when Location History and Web & App Activity are enabled to provide advertising services to signed-in users. Google does not use information from Location History and Web & App Activity to serve personalized ads if a signed-in user has opted out of ads personalization features. Google does not share, sell, license, or otherwise disclose precise location information pertaining to specific users. Google's investigation is continuing and Google may amend this response at a later date.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 (June 30, 2021):**

**[Response contains information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Protective Order]**

Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and disproportionate to the needs of the case because it is not limited to information relating to the allegations of Plaintiffs' complaint and seeks information relating to products not at issue in this case. Google further objects to this interrogatory to the extent that it is not limited to a time frame relevant to this litigation. Google further objects to this interrogatory to the extent it seeks information relating to "other Alphabet companies" and any other entities who are not parties to

21

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

1   this proceeding.  In compliance with the Court's Order regarding the parties' Joint Letter Brief

2   (Dkts. 173, 175), Google adopts Plaintiffs' definition of "Location Information" (as modified by

3   Plaintiffs' submission in Dkt. 173,[5] and by counsel's representations at the hearing on June 16,

4   2021)[6] solely for purposes of supplementing its responses to Interrogatories Nos. 4 and 5.

5   Google preserves its previously-stated objections to Plaintiffs' definition of "Location

6   Information" and reserves the right to assert further objections to Plaintiffs' revised definition of

7   "Location Information" and its applicability to Plaintiffs' discovery requests outside of

8   Interrogatories Nos. 4 and 5.  Google further objects to this interrogatory to the extent that it seeks

9   the disclosure of trade secrets or other confidential research, development, or commercial

10  information.  Google further objects to this interrogatory to the extent it seeks information

11  protected by the attorney-client privilege or attorney work product doctrine, or any applicable

12  privilege or protection.

13          Subject to and without waiving these objections, Google states the following.  Due to

14  Google's continual innovation and the evolution of Google's products and services, it is not

15  possible for Google to provide a static answer describing each and every way in which Google

16  uses and/or analyzes Location Information.  For this reason, as Google stated in its September 4,

17  2019 supplemental response to this interrogatory, Google's Privacy Policy, product-related

18  support pages, and user-facing documents describe generally the ways in which Google uses

19  and/or analyzes Location Information.  Google provides below examples of how it uses or

20  analyzes Location Information.

21          Web & App Activity data is specifically used to help Google give users more personalized

22  experiences across Google services.  This includes things like faster searches, better

23  [5] Plaintiffs proffered the following definition of "Location Information" in Dkt. 173:  "Physical
    geographical location data that is determined, estimated, or inferred from a user's mobile device
24  sensors (including, but not limited to, GPS, Wi-Fi, Bluetooth, cellular) saved to any data store,
    database, device, or system in Google's possession, custody or control (as distinguished from
25  storage exclusively in a user's device or a user's systems)."

26  [6] Google reserves the right to further object in the event Plaintiffs attempt to revive any of their
    previously-offered and abandoned definitions of "Location Information" or variations thereof, or
27  in the event Plaintiffs shift to a further-revised version of the latest definition of "Location
    Information," as already modified by Plaintiffs' submission in Dkt. 173 and by counsel's
28  representations at the hearing on June 16, 2021.

1709187

recommendations, and useful ads both on and off Google.  In order to provide this personalization to users, Google may use Web & App Activity data for only as long as that data is saved in the user's Google Account.  The user can delete this data manually at any time or set it to auto-delete at certain intervals.  One type of data that Web & App Activity stores is coarsened device-based location data saved from a user's interactions with Google products and services, like Google Search, Maps, and Assistant.  There are generally three types of uses for which Google uses device-based Location Information collected through the Web & App Activity setting.  The first use of the data is to display to users their Web & App Activity in their Google Accounts and to allow users to edit and manage that data.  The second use of the data is to obtain location for a user at the time of a user's interaction with a Google product or service in order to deliver a more relevant experience.  To illustrate, for a user searching for "weather in San Francisco" followed by "things to do," Google may infer that the user is searching for "things to do in San Francisco," and may also use this data to show the user more relevant ads.  The third use of the data relates to product development, improvement, and/or analysis.  For example, Google may use data at an aggregated level for the search query "restaurants near me" to improve search results for users in a given area.

By way of further example, Google may use coarsened device-based Web & App Activity location data to:

- Logging infrastructure - ensure Google logging is recorded correctly and that Google log records are free of corruption or errors
- Search quality, ranking, and personalization - analyze multiple signals paired to result clicks to determine whether or not a set of served results meet users' needs
- Ads and Shopping quality, ranking, and personalization - analyze multiple signals paired to result clicks to determine if an ad product was relevant to users at the time
- Ads billing - ███████████████████████████████████ ███
- Search - ████████████████████████████████

1709187

███████████████████████████████████

███████████████

- Legal - responding to law enforcement requests
- Security - █████████████████████████████████

████████████████████████████

- Google Trends - to power Google Trends, which analyzes the popularity of top search queries and uses graphs to compare the search volume of different queries over time, as well as similar products for internal usage
- Flu trends - using search information and coarse location data to track the spread of influenza

In addition, many of Google's use cases for Location Information involve Location Information collected through the Location History setting, and as such they are expressly outside of the scope of Plaintiffs' Amended Complaint.  These use cases include:

- Timeline - to allow users to view and manage their Location History
- Location History Semantic Layer - to provide users with semantic location
- Maps - to provide recommendations based on the user's locations visited
- Takeout - to enable users to download their Google data
- Privacy Checkup - to show the state of Location History to users running Privacy Checkup
- Privacy - to verify that user consent controls are working as intended
- Search - to provide more personalized and localized search results
- Ads - for users that choose to opt-in to Location History, aggregated and anonymized data is used to help advertisers measure how often an online ad campaign helps drive traffic to physical stores or properties
- Android - to inform the Find My Device feature, which gives users the last known location of their Android device
- Assistant - to recommend places of interest to users when they are traveling
- Contacts - to display the user's last known location to an emergency contact

24

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

- Covid Mobility Reports - to help the public and governments dealing with the COVID-19 pandemic assess the impact of stay-at-home orders based on aggregated metrics about types of places
- Environmental Insights Explorer - to help cities map aggregated driving trends and assess pollution output in order to improve urban planning
- Family Link - to allow parents to view location of devices signed in with their children's linked accounts
- Geo - to evaluate the quality of location descriptions, Google sends users a description of a place instead of an address to see which they prefer
- Google Mobile Services - to analyze the feasibility of on-device data processing
- Google Account / UDC - to display the user's Location History state in their Google Account
- Google Bulletin - to give users their semantic location so they can add it to their local stories
- Google Consumer Surveys - to show Google users surveys about a location in order to improve semantic understanding
- Google Corporate Internal - to locate Google employees' corporate devices during an emergency
- Google Home - to help users set up their Google home
- Google Merchant Center - to assist businesses claiming their business listing
- Google Opinion Rewards - to facilitate an opt-in rewards program whereby users share their store visit information in exchange for rewards
- Google Pay - to remind users who have Google Pay if they are in a location where they can use that payment method
- Legal - to respond to law enforcement requests
- Marketing - uses aggregated data for performance measurement analyses
- Next Billion Users - to explore using aggregated data to conduct analysis for Payments products

25

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

- ████████████████████████████████████
- ████████████████████████████████████
- Photos - to add locations to photos
- Places API - to provide users who have enabled Location History with an inferred home/work location for use in other Google applications
- Project Fi - to help find and eliminate gaps in Project Fi's cellular connectivity coverage
- Trip Finder - to provide better suggestions for transit departures and arrival points

Furthermore, Google may use Location Information outside of Location Information collected from Location History and Web & App Activity, as set forth in the examples below. Google restates (in order to preserve) its objection that many of these use cases are outside of the proper scope of "Location Information," as they rely on data, including location determined from a user's mobile-device sensors or from cellphone towers, that is not saved to a user's Google Account.  Subject to the foregoing objections, Google provides below further examples of how it uses Location Information that may be outside of Location History and Web & App Activity.

- The Google app uses location to provide users with more personalized and relevant search results—for example, helping Google respond to queries like "restaurants near me."
- The Chrome browser allows websites to access the user's location for a number of reasons, including enabling websites to surface relevant content to a user based on location and in accordance with legal obligations—for example, users in the European Economic Area must provide consent to websites to use cookies.  The Chrome browser also stores location to allow users to manage the information, *e.g.*, by blocking certain websites from accessing location or allowing certain websites to access location without having to re-request permission.
- Google Maps uses location in a variety of ways including to show users where they are on the map, to provide navigation, and to personalize and recommend places on a map.

26

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

- YouTube uses location, for example, to provide users with localized and personalized results, such as surfacing local artists.  In addition, YouTube previously used aggregated and anonymized location data to provide wireless carriers network quality information.  YouTube also uses location to restrict access to content as necessary to comply with legal obligations, for example, in licensing agreements.

- The Google Play Store uses location, for example, to provide users with relevant app recommendations, and restrict access to content as necessary to comply with legal obligations, for example in licensing agreements.

- Play Music uses location, for example, to provide users with relevant app recommendations, and restrict access to content as necessary to comply with legal obligations, for example in licensing agreements.

- Play Movies uses location, for example, to provide users with relevant content recommendations, and restrict access to content as necessary to comply with legal obligations, for example in licensing agreements.

- Photos uses location, for example, to help users search for photographs from a particular place, to display the location to the viewer of the photo, and to recognize famous objects and landmarks in a photo, such as the Statue of Liberty or the Eiffel Tower.

Google's investigation is continuing and Google may amend this response at a later date.

**INTERROGATORY NO. 6:**

Identify when and under what circumstances, if any, Google has purged or destroyed Location Information it has collected from Users.

**RESPONSE TO INTERROGATORY NO. 6 (June 4, 2019):**

Google objects to this interrogatory as compound, vague, ambiguous, overbroad, and disproportionate to the needs of the case because it is not limited to information relating to the allegations of Plaintiffs' complaint and seeks information relating to products not at issue in this case.  Google further objects to this interrogatory to the extent that it is not limited to a time frame

27

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

relevant to this litigation.  Google further objects to this interrogatory to the extent it incorporates Plaintiffs' objectionable definition of "Location Information."  Google further objects to this interrogatory to the extent that it seeks the disclosure of trade secrets or other confidential research, development, or commercial information.  Google further objects to responding because the Court has not yet entered a confidentiality order in this case.  Google further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine, or any applicable privilege or protection.

Subject to and without waiving these objections, Google responds as follows.  Pursuant to Federal Rule of Civil Procedure 33(d), Google will produce documents in response to this interrogatory.  Google's investigation is continuing and Google may amend this response at a later date.

Dated:  June 30, 2021                                 KEKER, VAN NEST & PETERS LLP


                                              By:    /s/ Thomas E. Gorman
                                                     BENJAMIN BERKOWITZ
                                                     THOMAS E. GORMAN
                                                     NICHOLAS D. MARAIS
                                                     CHRISTOPHER S. SUN
                                                     CHRISTINA LEE
                                                     GREGORY WASHINGTON

                                                     Attorneys for Defendant GOOGLE LLC

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

1

## <u>VERIFICATION</u>

2

3    I, David Monsees, declare:

4         I am a Product Manager at Google LLC, and I have been authorized to make this

5    verification on its behalf.

6         I have read Google's Second Supplemental Responses and Objections to Plaintiffs' First

7    Set of Interrogatories, dated April 24, 2019, and know the contents thereof.  I declare that, based

8    on reasonable inquiry, the facts set forth therein are correct and true to the best of my knowledge,

9    information, and belief.

10        I declare under penalty of perjury that the foregoing is true and correct.

11        Executed on June 30, 2021.

12

13

14

15                                                    DAVID MONSEES

16                                          *David Monsees*

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 5:18-cv-05062-EJD

1709187

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On June 30, 2021, I served the following document(s):

> **DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

☑   by **E-MAIL VIA PDF FILE**, by transmitting on this date **via e-mail to** GLH-leadplaintiffs@ahdootwolfson.com a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

| | |
|---|---|
| Tina Wolfson | *Interim Co-Lead Class Counsel* |
| Brad King | |
| AHDOOT & WOLFSON, PC | |
| 10728 Lindbrook Drive | |
| Los Angeles, CA 90024 | |
| | |
| Michael W. Sobol | *Interim Co-Lead Class Counsel* |
| Melissa Gardner | |
| Michael Levin-Gesundheit | |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | |
| 275 Battery Street, 29th Floor | |
| San Francisco, CA 94111 | |
| | |
| Nicholas Diamand | *Interim Co-Lead Class Counsel* |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | |
| 250 Hudson Street, 8th Floor | |
| New York, NY 10013 | |

Executed on June 30, 2021, at San Francisco, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Laresa Brown

30

1709187