# EXHIBIT B

KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
GREGORY WASHINGTON - # 318796
gwashington@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES (INTERROGATORY NO. 7)**<br><br>Dept:      Courtroom 4 - 5th Floor<br>Judge:    Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiffs |
| RESPONDING PARTY: | Defendant GOOGLE LLC |
| SET NUMBER: | TWO (2) |

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Rule 33-1 of the Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendant Google LLC ("Google") hereby responds to Plaintiffs' Second Set of Interrogatories (Interrogatory No. 7) dated August 12, 2021, as follows.

## GENERAL STATEMENT AND OBJECTIONS

This response and these objections are made solely for the purpose of and in relation to this matter. Google has not completed its investigation, discovery, analysis, legal research, and preparation for trial in this matter. The response herein is based only upon the information and documentation that is presently available and known to Google and which has been identified as containing potentially relevant information. It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional documentation, or provide additional meaning to currently known factual conclusions and legal contentions, all of which may result in the modification of Google's objections and response. Accordingly, Google reserves the right to amend and/or supplement its response and objections and to make any additional objections that may become apparent. By this statement, however, Google does not agree to or adopt any duty to supplement beyond those set forth in the Federal Rule of Civil Procedure, the Local Rules, or any applicable rule or order.

The following general objections apply to every interrogatory as propounded by Plaintiffs, and are incorporated into the following specific response by reference as if set forth in full therein.

1. Plaintiffs are not entitled to discovery about Google's general practices regarding data storage and collection, including the databases in which Google allegedly stores location information and those persons with access to these databases. That information is not relevant or probative of whether Plaintiffs consented to the collection of location information or whether any such collection could be actionable under Plaintiffs' asserted claims.

2.      Google objects to the interrogatory and accompanying definitions and instructions to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the right to privacy embodied in the U.S. Constitution, or any other applicable privilege, protection, or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of any such privilege or protection.

3.      Google objects to the interrogatory and accompanying definitions and instructions to the extent that they seek confidential, proprietary, and/or trade-secret information.  Google will provide a response containing such information only subject to the terms of the protective order entered by the Court in this action on December 9, 2019.  Google reserves the right to seek additional protections beyond those provided in the protective order to the extent appropriate for any particularly sensitive information, and to object to such information's disclosure altogether if, for example, the information's relevance to this litigation is substantially outweighed by the risk of harm posed by its disclosure in light of the protections available.

4.      Google objects to the interrogatory and accompanying definitions and instructions to the extent that they seek information that is subject to confidentiality or non-disclosure agreements with other parties.  Google shall disclose such information only to the extent that Google is permitted to do so under its agreements with such parties and only after those parties receive appropriate notice and are provided with a reasonable opportunity to raise objections, and the Court resolves any such objections.

**OBJECTIONS TO DEFINITIONS**

1.      Google objects to each and every paragraph of the section labeled "Definitions" to the extent the definitions purportedly set forth therein would (a) expand the definition of a term beyond its ordinary usage in the English language; (b) create undue burden for Google when propounding its response and objections to Plaintiffs' interrogatory; and/or (c) impose obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other rules or orders of the Court.  Google will respond to the interrogatory consistent with the ordinary English meaning of the words and its obligations under

the law.

2. Google objects to Plaintiffs' definition of "User" to the extent that such definition renders any interrogatory overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other applicable rules or orders.  Google will construe "User" to mean an individual who uses an Android or iOS device to access Google's web services and applications (e.g. Gmail, Maps, Search, etc.) while logged in to the individual's Google account.

3. Google objects to Plaintiffs' definition of "Location Information" to the extent that such definition renders any interrogatory overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other applicable rules or orders.  In addition, Google objects that Plaintiffs' definition is unduly confusing to the extent it purports to apply unexpected and atextual meanings (the plain meaning of "location information" does not require collection from a mobile device, or use of Google software, or creation of a record in Google's data systems).  Google will construe Plaintiff's interrogatory to request information on "Google Stored Geolocation Data," to mean location information that is determined using inputs from a User's mobile-device sensors (e.g. GPS, Wi-Fi, Bluetooth) saved to a user's Google Account (as distinguished from storage in a User's device or systems or in non-Google devices or systems).

**RESPONSE AND OBJECTIONS TO INTERROGATORY**

<u>INTERROGATORY NO. 7:</u>

For each year from 2014 to present, identify by name, job title, and current employer (to the extent known), each Google employee with supervisory responsibility for Footprints,

Sawmill, Kansas, Oolong Cache, the data store(s) or database(s) associated with Google Location Services/Google Location Accuracy, and any data store(s) or database(s) containing Location Information stored when any User's "Location History" setting is disabled.

For clarity, Plaintiffs provide a chart below to demonstrate the form Google's response may take:

| Data Store or Database | Supervisory Employee(s), Job Title, Year(s) in Role (Current Employer) |
|---|---|
| Footprints | Jane Doe, Product Manager, 2014-18 (Apple, Inc.) Bob Smith, Product Manager, 2018-20 (Google LLC) Mary Jones, Product Manager, 2020-present (Google LLC) John Q. Public, Engineering Manager, 2014-present (Google LLC) |
| . . . | . . . |

**RESPONSE TO INTERROGATORY NO. 7:**

Google objects to this interrogatory as compound, vague/ambiguous (particularly with respect to the term "supervisory responsibility"), overbroad, and disproportionate to the needs of the case because it is not limited to information relating to the allegations of Plaintiffs' complaint and seeks information relating to products not at issue in this case. Google further objects to this interrogatory to the extent it incorporates Plaintiffs' objectionable definitions of "User" and "Location Information." Google further objects to this interrogatory to the extent that it seeks the disclosure of trade secrets or other confidential research, development, or commercial information. Google further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine, or any applicable privilege or protection.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

| | | |
|---|---|---|
| Dated:  September 13, 2021 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ Christopher S. Sun |
| | | BENJAMIN BERKOWITZ |
| | | THOMAS E. GORMAN |
| | | NICHOLAS D. MARAIS |
| | | CHRISTOPHER S. SUN |
| | | CHRISTINA LEE |
| | | GREGORY WASHINGTON |
| | | Attorneys for Defendant GOOGLE LLC |

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On September 13, 2021, I served the following document(s):

**RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES (INTERROGATORY NO. 7)**

☑ by **E-MAIL VIA PDF FILE**, per the parties eService Agreement (May 21, 2019), by transmitting on this date via e-mail to GLH-leadplaintiffs@ahdootwolfson.com a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Tina Wolfson | *Interim Co-Lead Class Counsel* |
| Rachel R. Johnson | |
| AHDOOT & WOLFSON, PC | |
| 2600 West Olive Ave., Suite 500 | |
| Burbank, CA 91505 | |
| | |
| Andrew W. Ferich | |
| AHDOOT & WOLFSON, PC | |
| 201 King of Prussia Rd., Suite 650 | |
| Radnor, PA 19087 | |
| | |
| Michael W. Sobol | *Interim Co-Lead Class Counsel* |
| Melissa Gardner | |
| Michael Levin-Gesundheit | |
| Jallé Dafa | |
| John D. Maher | |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | |
| 275 Battery Street, 29th Floor | |
| San Francisco, CA 94111 | |
| | |
| Nicholas Diamand | *Interim Co-Lead Class Counsel* |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | |
| 250 Hudson Street, 8th Floor | |
| New York, NY 10013 | |

Executed on September 13, 2021, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Julie A. Selby*

6

RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES (INTERROGATORY NO. 7)
Case No. 5:18-cv-05062-EJD

1743356