# Exhibit 1

KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
GREGORY WASHINGTON - # 318796
gwashington@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**DEFENDANT GOOGLE LLC'S CONSOLIDATED SECOND SET OF INTERROGATORIES TO PLAINTIFFS**<br><br>Dept:   Courtroom 4 – 5th Floor<br>Judge:  Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018<br><br>Trial Date: None Set |

| | |
|---|---|
| PROPOUNDING PARTY: | DEFENDANT GOOGLE LLC |
| RESPONDING PARTY: | PLAINTIFFS NAPOLEON PATACSIL, NURUDAAYM MAHON, NOE GAMBOA, AND MICHAEL CHILDS |
| SET NO.: | TWO |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Google LLC propounds the following interrogatories to be answered in writing, under oath, and in accordance with the following definitions and instructions, by Plaintiffs Napoleon Patacsil, Nurudaaym Mahon, Noe Gamboa, and Michael Childs (herein, "Plaintiffs") within 30 days from the date that these interrogatories are served. The answers must be signed, verified, dated, and served at the address listed in the signature block.

## DEFINITIONS

Unless otherwise specified, the terms listed below have the following meanings:

1. "YOU" and "YOUR" refer to Plaintiffs Napoleon Patacsil, Nurudaaym Mahon, Noe Gamboa, and Michael Childs, individually, INCLUDING any of their current and former employees, counsel, agents, consultants, representatives, assignees, and any other PERSON acting on their behalf. For the avoidance of doubt, YOU and YOUR also encompass any of YOUR minor children whose location information YOU claim was collected. *See, e.g.*, Compl., ¶ 10 (alleging that YOU "sought to protect" YOUR children's location information).

2. "DEFENDANT" and "GOOGLE" refer to Defendant Google LLC.

3. "THIS LITIGATION" means *In re Google Location History Litigation*, Case No. 5:18-cv-05062-EJD (N.D. Cal.); *Patacsil, et al. v. Google LLC*, Case No. 5:18-cv-05062-EJD (N.D. Cal.); *Lombardo v. Google LLC*, Case No. 5:18-cv-05288-EJD (N.D. Cal.); *Ali v. Google LLC*, Case No. 5:18-cv-06262-EJD (N.D. Cal.); *Lee, et al. v. Google LLC. and Alphabet, Inc.*, Case No. 5:18-cv-06416-EJD (N.D. Cal.); *Jack v. Google LLC*, Case No. 5:18-cv-06652-EJD (N.D. Cal.); and *Kaufman v. Google LLC, et al.*, Case No. 5:18-cv-06685 (N.D. Cal.).

4. "CONSOLIDATED COMPLAINT" refers to the Amended Consolidated Class Action Complaint filed in the matter of *In re Google Location History Litigation*, Case No. 5:18-cv-05062-EJD (N.D. Cal.), Dkt. 131.

5.     "DOCUMENT" shall have the broadest possible meaning under Federal Rule of Civil Procedure 34 and refers to, without limitation, printed, typed, handwritten, drawn or other graphic matter of any kind or nature, electronically stored information and metadata (regardless of form of storage or media (*e.g.*, server, hard drive, flash drive, CD, DVD, disk, diskette, tape, etc.)), and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable forms (including without limitation databases).

6.     "GOOGLE POLICIES" means and includes the GOOGLE TERMS OF SERVICE, the GOOGLE PRIVACY POLICY, and the LOCATION HISTORY HELP PAGE.

7.     "GOOGLE PRIVACY POLICY" means the Google Privacy Policy available at https://policies.google.com/privacy, and any prior versions of this policy, including those available at https://policies.google.com/privacy/archive.

8.     "GOOGLE TERMS OF SERVICE" means the Google Terms of Service available at https://policies.google.com/terms, and any prior versions of those Terms of Service, including those available at https://policies.google.com/terms/archive.

9.     "MOBILE DEVICE" means any mobile device used by YOU during the RELEVANT PERIOD, INCLUDING but not limited to those YOU identified in response to Google's Interrogatory No. 1 and Google's Request for Production No. 1.

10.    "LOCATION HISTORY HELP PAGE" means the Google support webpage available at https://support.google.com/accounts/answer/3118687 and referenced in the CONSOLIDATED COMPLAINT at ¶¶ 2, 41, 45, 75, 99.

11.    "IDENTIFY" means to establish the identity of some person and/or the nature and definitive characteristics of something, with as much specificity as possible. For a person or entity, it further means to provide the full name, last known address, and last known telephone number of the person or entity, or as much of that information that is available to YOU after a reasonable and diligent search.

12.    "DESCRIBE," when used in reference to a factual situation or allegation, means to state with particularity all facts, including dates, known that bear upon or are RELATED TO the

matter that is the subject of the inquiry, using the simplest and most factual statements of which YOU are capable.

13. "RELEVANT PERIOD" means the alleged class period.

14. "RELATE TO" or "RELATING TO" means referring to, relating to, concerning, reporting, regarding, embodying, establishing, evidencing, comprising, connected with, commencing on, responding to, showing, demonstrating, describing, detailing, setting forth, containing, analyzing, reflecting, presenting, or being in any way factually connected with.

15. The following rules of construction shall be applied herein: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words "any," "all," "each," and "every" all include any, all, each, and every.

**INSTRUCTIONS**

1. These interrogatories shall be answered by YOU, Plaintiffs Napoleon Patacsil, Nurudaaym Mahon, Noe Gamboa, and Michael Childs, fully and in writing, under oath and in accordance with the Federal Rules of Civil Procedure.

2. If a full and complete response cannot be provided to any interrogatory for any reason, respond to the interrogatory to the extent possible, specifying the portion of the interrogatory that cannot be answered, and provide whatever information can be provided regarding the unanswered portion. No part of an interrogatory shall be left unanswered merely because an objection has been interposed to another part of that interrogatory.

3. If YOU withhold any information from YOUR responses based on a claim of privilege or other reason, please state the reason with specificity and generally IDENTIFY the allegedly protected information in a manner sufficient to allow it to be described to the Court for ruling on the claimed privilege or other reason asserted for non-disclosure.

4. The interrogatories below are continuing in nature. If further information or DOCUMENTS come into YOUR possession at any time before the final judgment in this LITIGATION, DEFENDANT requests that YOU supplement YOUR responses.

# INTERROGATORIES

**INTERROGATORY NO. 5:**

IDENTIFY and DESCRIBE the "specific steps" YOU took "to protect [YOUR] privacy and personal security" and the "reasonable efforts" YOU made "to stop Google from storing information regarding [YOUR] whereabouts and day-to-day activities," as alleged in paragraph 107 of the CONSOLIDATED COMPLAINT.

**INTERROGATORY NO. 6:**

IDENTIFY and DESCRIBE any steps or efforts YOU have taken to delete location information that DEFENDANT collected from YOU including the date YOU took those actions.

**INTERROGATORY NO. 7:**

IDENTIFY the date(s) on which YOU turned the "Location History" setting on or off and DESCRIBE any steps YOU have taken (and the date(s) on which you took such steps) to ensure that the setting was turned off.

**INTERROGATORY NO. 8:**

IDENTIFY the date(s) on which YOU turned the "Web and App Activity" setting on or off, and DESCRIBE any steps you have taken (and the date(s) on which YOU took such steps) to ensure that the setting was turned off.

**INTERROGATORY NO. 9:**

IDENTIFY and DESCRIBE with particularity each disclosure, representation, or statement by GOOGLE related to GOOGLE's collection or use of location information that YOU relied upon, including the verbatim disclosure, representation or statement used by GOOGLE, the date YOU reviewed the disclosure, representation or statement, and the specific actions YOU took in reliance on the statement.

**INTERROGATORY NO. 10:**

If YOU contend that YOU believed that GOOGLE would not collect YOUR location information when the "Location History" setting was off, DESCRIBE the basis for that belief, including any representations that informed YOUR belief and the date that YOU contend YOU learned of and relied on such representations.

**INTERROGATORY NO. 11:**

DESCRIBE how and when YOU first became aware that GOOGLE was allegedly collecting YOUR location information while the "Location History" setting was off.

**INTERROGATORY NO. 12:**

DESCRIBE each time YOU reviewed the GOOGLE POLICIES before initiating THIS LITIGATION, including by DESCRIBING which version(s) you reviewed, on what date(s), and whether YOU reviewed the entire document(s) or only portions (and, if only portion(s), DESCRIBE with particularity which portions YOU reviewed).

**INTERROGATORY NO. 13:**

IDENTIFY and DESCRIBE all disclosures, representations, or statements by third-party applications downloaded or used on YOUR MOBILE DEVICE(s) RELATED TO collection of location information during the RELEVANT PERIOD.

**INTERROGATORY NO. 14:**

IDENTIFY and DESCRIBE all websites, applications, or other online services with which YOU have voluntarily shared YOUR location information at any time during the RELEVANT PERIOD, including a detailed description of the information provided and the date(s) on which it was provided.

//
//
//
//
//
//
//
//
//
//
//

**INTERROGATORY NO. 15:**

DESCRIBE how YOU have been harmed or damaged by DEFENDANT's conduct alleged in the CONSOLIDATED COMPLAINT.

Dated: December 3, 2021                           KEKER, VAN NEST & PETERS LLP

                                         By:   */s/ Nicholas D. Marais*
                                                BENJAMIN BERKOWITZ
                                                THOMAS E. GORMAN
                                                NICHOLAS D. MARAIS
                                                CHRISTOPHER S. SUN
                                                CHRISTINA LEE
                                                GREGORY WASHINGTON

                                                Attorneys for Defendant GOOGLE LLC

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On December 3, 2021, I served the following document(s):

**DEFENDANT GOOGLE LLC'S CONSOLIDATED SECOND SET OF INTERROGATORIES TO PLAINTIFFS**

☑ by **E-MAIL VIA PDF FILE**, per the parties eService Agreement (May 21, 2019), by transmitting on this date via e-mail to GLH-leadplaintiffs@ahdootwolfson.com a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Tina Wolfson                                                                                      *Interim Co-Lead Class Counsel*
Rachel R. Johnson
AHDOOT & WOLFSON, PC
2600 West Olive Ave., Suite 500
Burbank, CA  91505

Andrew W. Ferich
AHDOOT & WOLFSON, PC
201 King of Prussia Rd., Suite 650
Radnor, PA  19087

Michael W. Sobol                                                                               *Interim Co-Lead Class Counsel*
Melissa Gardner
Michael Levin-Gesundheit
Jallé Dafa
John D. Maher
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

Nicholas Diamand                                                                              *Interim Co-Lead Class Counsel*
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

Executed on December 3, 2021, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Maureen L. Stone*