# Exhibit 4

KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
GREGORY WASHINGTON - # 318796
gwashington@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD |
| | **DEFENDANT GOOGLE LLC'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS (NOS. 48–59)** |
| | Dept:       Courtroom 4 - 5th Floor |
| | Judge:      Hon. Edward J. Davila |
| | Date Filed: November 2, 2018 |
| | Trial Date: None Set |

1    **PROPOUNDING PARTY:  DEFENDANT GOOGLE LLC**

2    **RESPONDING PARTY:    PLAINTIFFS NAPOLEON PATACSIL, NURUDAAYM**
                            **MAHON, NOE GAMBOA, MICHAEL CHILDS**
3
     **SET NO.:             THREE (NOS. 48–59)**
4

5        Please take notice that, pursuant to Federal Rules of Civil Procedure 26(d)(2) and 34,

6    Defendant requests that Plaintiffs produce all documents described below to Defendant at the

7    address listed in the signature block within 30 days.

8                                        **DEFINITIONS**

9        1.    "COMMUNICATION" includes any form of transmitting, receiving or

10   exchanging information or ideas from one PERSON to another, including without limitation

11   correspondence, letters, electronic mail, facsimiles, telegrams, memoranda, reports, discussions,

12   conversations, negotiations, agreements, notes or other forms of information or ideas exchanged,

13   whether oral, electronic or written.

14       2.    "DOCUMENT" shall have the broadest possible meaning under Federal Rule of

15   Civil Procedure 34 and refers to, without limitation, printed, typed, handwritten, drawn or other

16   graphic matter of any kind or nature, electronically stored information and metadata (regardless

17   of form of storage or media (*e.g.*, server, hard drive, flash drive, CD, DVD, disk, diskette, tape,

18   etc.)), and other data compilations from which information can be obtained and translated, if

19   necessary, into reasonably usable forms (including without limitation databases).

20       3.    "YOU" and "YOUR" refer to each of the named Plaintiffs—Napoleon Patacsil,

21   Nurudaaym Mahon, Noe Gamboa, and Michael Childs—individually, INCLUDING any of their

22   current and former employees, counsel, agents, consultants, representatives, assignees, and any

23   other PERSON acting on their behalf.  For the avoidance of doubt, YOU and YOUR also

24   encompass any minor children whose location information you claim was collected. *See, e.g.*,

25   Compl., ¶ 10 (alleging that YOU "sought to protect" YOUR children's location information).

26       4.    "GOOGLE" refers to Defendant Google LLC.

27

28

                                              1
     DEFENDANT GOOGLE LLC'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
                              Case No. 5:18-cv-05062-EJD
     1774162

1    5.    "CONSOLIDATED COMPLAINT" refers to the Amended Consolidated Class

2  Action Complaint filed in the matter of *In re Google Location History Litigation*, Case No. 5:18-

3  cv-05062-EJD (N.D. Cal.), Dkt. 131.

4    6.    "GOOGLE PRIVACY POLICY" means the Google Privacy Policy available at

5  https://policies.google.com/privacy, and any prior versions of this policy, including those

6  available at https://policies.google.com/privacy/archive.

7    7.    "GOOGLE TERMS OF SERVICE" means the Google Terms of Service available

8  at https://policies.google.com/terms, and any prior versions of those Terms of Service, including

9  those available at https://policies.google.com/terms/archive.

10    8.    "ORIGINAL COMPLAINTS" refers to the earlier, non-operative pleadings filed

11  in the matter of *In re Google Location History Litigation*, Case No. 5:18-cv-05062-EJD (N.D.

12  Cal.); *Patacsil, et al. v. Google LLC*, Case No. 5:18-cv-05062-EJD (N.D. Cal.); *Lombardo v.*

13  *Google LLC*, Case No. 5:18-cv-05288-EJD (N.D. Cal.); *Ali v. Google LLC*, Case No. 5:18-cv-

14  06262-EJD (N.D. Cal.); *Lee, et al. v. Google LLC. and Alphabet, Inc.*, Case No. 5:18-cv-06416-

15  EJD (N.D. Cal.); *Jack v. Google LLC*, Case No. 5:18-cv-06652-EJD (N.D. Cal.); and *Kaufman v.*

16  *Google LLC, et al.*, Case No. 5:18-cv-06685 (N.D. Cal.).

17    9.    "THIS LITIGATION" means *In re Google Location History Litigation*, Case No.

18  5:18-cv-05062-EJD (N.D. Cal.); *Patacsil, et al. v. Google LLC*, Case No. 5:18-cv-05062-EJD

19  (N.D. Cal.); *Lombardo v. Google LLC*, Case No. 5:18-cv-05288-EJD (N.D. Cal.); *Ali v. Google*

20  *LLC*, Case No. 5:18-cv-06262-EJD (N.D. Cal.); *Lee, et al. v. Google LLC. and Alphabet, Inc.*,

21  Case No. 5:18-cv-06416-EJD (N.D. Cal.); *Jack v. Google LLC*, Case No. 5:18-cv-06652-EJD

22  (N.D. Cal.); and *Kaufman v. Google LLC, et al.*, Case No. 5:18-cv-06685 (N.D. Cal.).

23    10.    "RELEVANT PERIOD" means the alleged class period.

24    11.    "PERSON" refers to a natural person, corporation, partnership, firm, sole

25  proprietorship, joint venture, union, association, group, federation, or any other organization or

26  entity and his, her, its or their officers, agents, and employees.

27    12.    "PUTATIVE CLASS MEMBER" means any PERSON encompassed by the

28  "Class" described in paragraph 140 of the CONSOLIDATED COMPLAINT.

DEFENDANT GOOGLE LLC'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
Case No. 5:18-cv-05062-EJD

1774162

13.     The terms "RELATE," "RELATED TO," "RELATING TO," or "IN CONNECTION WITH" mean relating, referring, mentioning, discussing, describing, analyzing, evidencing, comparing, summarizing, concerning or pertaining in any way, directly or indirectly, to the subject matter, event, act, or occurrence.

14.     The term "INCLUDING" means including but not limited to.

15.     The following rules of construction shall be applied herein: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words "any," "all," "each," and "every" all include any, all, each, and every.

**INSTRUCTIONS**

1.     These requests call for DOCUMENTS within YOUR possession, custody or control, including DOCUMENTS in the possession, custody, or control of YOUR agents, attorneys, accountants, representatives, or advisors and any other individuals or entities acting or purporting to act on YOUR behalf or control or from whom YOU have a right to obtain any responsive DOCUMENTS.

2.     If no DOCUMENTS exist in response to all or part of a request, please state that fact and otherwise respond to all parts of the request for which DOCUMENTS exist.

3.     DOCUMENTS shall be produced as they are maintained in the usual course of business, including in the file folders or file cartons in which they have been maintained, stored, clipped, stapled or otherwise arranged in the same form and manner as they were found.  Family members shall not be separated—*i.e.*, parent/child relationships shall be maintained at all times. If YOU choose to produce DOCUMENTS by DOCUMENT Request, YOU shall identify the Request for Production to which the DOCUMENT is responsive.

4.     Electronically-stored information ("ESI") shall be produced in accordance with the parties' ESI stipulation (Dkt. 101).

5.     If any DOCUMENT is withheld from production based on a claim of privilege, please provide the following information with respect to each such DOCUMENT:

            i)      the date of the DOCUMENT;

DEFENDANT GOOGLE LLC'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
Case No. 5:18-cv-05062-EJD

1774162

1      ii)     the identity of the author(s) of the DOCUMENT and all recipients thereof;

2      iii)     the basis for withholding the production of the DOCUMENT; and

3      iv)     a description of the subject matter of the DOCUMENT sufficient to allow

DEFENDANT or the Court to determine the appropriateness of the privilege claim.

6.     If YOU claim privilege or protection to part of a DOCUMENT, YOU shall redact that portion which is privileged or protected and produce the remainder.  All redactions shall also be included on the privilege log described in the preceding numbered paragraph.

7.     These Requests for Production shall be deemed to be continuing in nature and should YOU or any of YOUR attorneys, agents and/or employees acquire any additional or different information, YOU are hereby requested to supplement or amend YOUR answers accordingly as set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 48:**

A forensic image of any device from or through which YOU allege GOOGLE has tracked, has been able to track, or has collected YOUR location information at any time in the RELEVANT PERIOD, including but not limited to those devices YOU identified in response to GOOGLE's Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 49:**

Any device in your possession, custody or control from or through which YOU allege GOOGLE has tracked, has been able to track, or has collected YOUR location information at any time in the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 50:**

All disclosures, statements, or representations by GOOGLE, RELATED TO the collection of location information, that YOU reviewed during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 51:**

All disclosures, statements, or representations by any third party, RELATED TO GOOGLE's collection of location information, that YOU reviewed during the RELEVANT PERIOD.

1    **REQUEST FOR PRODUCTION NO. 52:**

2         All disclosures, representations, or statements by third-party applications downloaded or

3    used on YOUR device(s) RELATED TO collection of location information during the

4    RELEVANT PERIOD.

5    **REQUEST FOR PRODUCTION NO. 53:**

6         All COMMUNICATIONS RELATED TO the GOOGLE PRIVACY POLICY.

7    **REQUEST FOR PRODUCTION NO. 54:**

8         All COMMUNICATIONS RELATED TO the GOOGLE TERMS OF SERVICE.

9    **REQUEST FOR PRODUCTION NO. 55:**

10        All COMMUNICATIONS RELATED TO the Location History setting(s).

11   **REQUEST FOR PRODUCTION NO. 56:**

12        All COMMUNICATIONS RELATED TO the Web & App Activity setting(s).

13   **REQUEST FOR PRODUCTION NO. 57:**

14        All COMMUNICATIONS RELATED TO the setting(s) that control device location

15   services.

16   **REQUEST FOR PRODUCTION NO. 58:**

17        All DOCUMENTS, including any COMMUNICATIONS, RELATED TO any continuing

18   violation or threatened future harm to YOU from GOOGLE's conduct alleged in YOUR

19   CONSOLIDATED COMPLAINT.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS and COMMUNICATIONS RELATED TO your decision to participate as a plaintiff or as a named representative of the purported plaintiff class in THIS LITIGATION.

Dated:  December 3, 2021                                    KEKER, VAN NEST & PETERS LLP


By:     /s/ Nicholas D. Marais
        BENJAMIN BERKOWITZ
        THOMAS E. GORMAN
        NICHOLAS D. MARAIS
        CHRISTOPHER S. SUN
        CHRISTINA LEE
        GREGORY WASHINGTON

        Attorneys for Defendant GOOGLE LLC

DEFENDANT GOOGLE LLC'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
Case No. 5:18-cv-05062-EJD

1774162

1

PROOF OF SERVICE

2

I am employed in the City and County of San Francisco, State of California in the office of a

3

member of the bar of this court at whose direction the following service was made.  I am over the

age of eighteen years and not a party to the within action.  My business address is Keker, Van

4

Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

5

On December 3, 2021, I served the following document(s):

6

**DEFENDANT GOOGLE LLC'S THIRD SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFFS (NOS. 48–59)**

7

8

☑    by **E-MAIL VIA PDF FILE**, per the parties eService Agreement (May 21, 2019), by
transmitting on this date via e-mail to GLH-leadplaintiffs@ahdootwolfson.com a true and

9

correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was
reported as complete and without error.

10

11

Tina Wolfson                                                    *Interim Co-Lead Class Counsel*
Rachel R. Johnson

12

AHDOOT & WOLFSON, PC
2600 West Olive Ave., Suite 500

13

Burbank, CA  91505

14

Andrew W. Ferich
AHDOOT & WOLFSON, PC

15

201 King of Prussia Rd., Suite 650
Radnor, PA  19087

16

17

Michael W. Sobol                                               *Interim Co-Lead Class Counsel*
Melissa Gardner

18

Michael Levin-Gesundheit
Jallé Dafa

19

John D. Maher
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

20

275 Battery Street, 29th Floor
San Francisco, CA 94111

21

22

Nicholas Diamand                                               *Interim Co-Lead Class Counsel*
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

23

250 Hudson Street, 8th Floor
New York, NY 10013

24

25

Executed on December 3, 2021, at San Francisco, California.  I declare under penalty of perjury
under the laws of the State of California that the above is true and correct.

26

27

_____
Maureen L. Stone

28

7

DEFENDANT GOOGLE LLC'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
Case No. 5:18-cv-05062-EJD

1774162