1  KEKER, VAN NEST & PETERS LLP
   BENJAMIN BERKOWITZ - # 244441
2  bberkowitz@keker.com
   THOMAS E. GORMAN - # 279409
3  tgorman@keker.com
   NICHOLAS D. MARAIS - # 277846
4  nmarais@keker.com
   CHRISTOPHER S. SUN - # 308945
5  csun@keker.com
   CHRISTINA LEE - # 314339
6  clee@keker.com
   GREGORY WASHINGTON - # 318796
7  gwashington@keker.com
   633 Battery Street
8  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
9  Facsimile:    415 397 7188

10  Attorneys for Defendant GOOGLE LLC

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                 SAN JOSE DIVISION

14

15  IN RE:  GOOGLE LOCATION HISTORY       Case No. 5:18-cv-05062-EJD-NC
    LITIGATION
                                          **DEFENDANT GOOGLE LLC'S
16                                        OPPOSITION TO [221] PLAINTIFFS'
                                          MOTION FOR EXTENSION OF TIME
17                                        TO RESPOND TO DISCOVERY
                                          REQUESTS**
18
                                          Dept:      Courtroom 5 – 4th Floor
19                                        Judge:     Hon. Nathanael Cousins

20                                        Date Filed: November 2, 2018

21                                        Trial Date:  None Set

22

23

24

25

26

27

28

DEFENDANT GOOGLE LLC'S OPPOSITION TO [221] PLAINTIFFS' MOTION
FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY REQUESTS
Case No. 5:18-cv-05062-EJD-NC

1782550

1    On Friday night, Plaintiffs filed a Rule 7-11 motion seeking to *double* their allotted time

2    to respond to *all* pending discovery in this case. *See* Dkt. 221 (the "Motion"). Plaintiffs offer no

3    explanation as to why their sizeable legal team—now well over a dozen lawyers—can't respond

4    to routine discovery requests in the time contemplated by the Federal Rules. But their goal is

5    clear: having sought and secured a short-fuse deadline for finalizing an ESI search protocol,

6    Plaintiffs now hope to put off responding to Google's requests until after that deadline has passed.

7    Under these circumstances, their request should be denied.

8    Over Google's objection, Plaintiffs previously insisted that the Court set deadlines for the

9    parties (1) to propose custodians and search terms and (2) to "complete negotiations" on those

10    topics. *See generally* Dkt. 183 at 2–3. Plaintiffs specifically proposed that the parties be given just

11    30 days between those two deadlines. *Id.* Earlier this month, the Court did what Plaintiffs asked:

12    it gave the parties one week to exchange their initial proposals and approximately five weeks to

13    "finalize custodians and search terms for ESI productions." Dkt. 208 at 2.[1] Immediately after the

14    Court issued its scheduling order, *both* sides served additional discovery. On December 2,

15    Plaintiffs served a fourth set of RFPs, and, on December 3, Google served the requests at issue

16    here. As Google has explained to Plaintiffs—in an email they attach but do not discuss in their

17    Motion—Google needs responses to these requests to help guide the upcoming ESI negotiations:

18    
19    > [A]s you know, we have a number of deadlines coming up over the next few weeks, including the January 12 status conference and a January 13 deadline for finalizing search protocols—a deadline that Plaintiffs insisted on including in the case calendar. As such, ***we need Plaintiffs' responses—and substantive responses, not just objections—to these requests by January 3*** so that we have time to meet and confer about them while we are discussing the searches you are going to run.
20    
21    

22    *See* Dkt. 221-6 (emphases added). It was Plaintiffs who demanded that the parties finalize these

23    search-term protocols in just five weeks. They cannot now argue that the standard 30-day

24    deadline to respond to Google's pending discovery requests is too exacting.

25    There are other deadlines to bear in mind, too. The parties agreed (and the Court has

26    
---
[1] As Google explained in last week's status report, Plaintiffs did not comply with the Court's December 8, 2021 deadline for a bilateral exchange of proposed search terms. Rather, with respect to search terms for Plaintiffs' data, they identified only the four narrow search terms they claim to have run earlier this year. *See* Dkt. 219 at 4–5.

DEFENDANT GOOGLE LLC'S OPPOSITION TO [221] PLAINTIFFS' MOTION
FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY REQUESTS
Case No. 5:18-cv-05062-EJD-NC

1782550

1    ordered) that they will complete "pre-certification fact discovery" by May 5, 2022. That deadline

2    is just four months away. In that time, the parties will need to meet and confer about Plaintiffs'

3    responses; then, if Plaintiffs' past practices persist, Google will likely need to seek assistance

4    from the Court; and Google needs to serve third-party subpoenas and depose the named Plaintiffs.

5    That schedule would be difficult even under more-cooperative circumstances; it will be especially

6    tough here, where Plaintiffs are still dragging their feet on discovery requests that Google served

7    almost a year ago. *See, e.g.*, Dkt. 219 at 4:13–24 (describing Plaintiffs' failure to comply with the

8    Court's October 6, 2021 Order); *id.* at 4:26–5:5; *id.* at 5:24–28 (describing Plaintiffs' failure to

9    produce documents response to RFPs 4, 17, and 18, which Google served in February).

10          Unfortunately, this Motion is consistent with Plaintiffs' overall approach to discovery,

11    which they have long treated as a one-sided obligation. In Plaintiffs' view, when Google serves

12    RFPs and interrogatories, it does so for "no purpose other than to harass and intimidate." *See*

13    Dkt. 221-1 ("Sobol Decl.") at ¶ 4; *see also* Hr'g Tr. (Dec. 8, 2021) (accusing Google of

14    "harassing Plaintiffs"). Of course, that isn't true. Plaintiffs filed a lawsuit accusing Google of

15    "track[ing] and stor[ing]" their "precise, comprehensive location information." Dkt. 164-1 at ¶ 12.

16    Having done so, Plaintiffs must participate in this litigation, both by responding to written

17    discovery requests and by engaging in the negotiation of ESI searches that *they* demanded. *Cf.*

18    Dkt. 219 at 4–5 (explaining that, despite the Court's clear instructions, Plaintiffs declined to

19    participate in the recent bilateral exchange of search terms).

20          To that end, the discovery at issue here is crucial. Google needs to know, for instance,

21    whether Plaintiffs intend to make their devices available for searches, *see* Dkt. 221-5 at RFPs 48–

22    49 & Dkt. 221-3 at RFIs 1–2; whether they will agree to produce communications or statements

23    about the collection of their location information, *id.* at RFPs 50–52, or about Google's policies

24    and settings, *id.* at RFPs 53–56; whether Plaintiffs admit that they agreed to Google's policies,

25    *see* Dkt. 221-4 at RFAs 1–10; whether Plaintiffs understood (or now allege that they did not

26    understand) that Google was collecting location information in connection with certain products,

27    like Google Maps, *see id.* at RFAs 11–15; whether they have previously deleted their location

28    information, *id.* at Interrogatory No. 6; and so on. Plaintiffs' answers to these questions—or their

2

DEFENDANT GOOGLE LLC'S OPPOSITION TO [221] PLAINTIFFS' MOTION
FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY REQUESTS
Case No. 5:18-cv-05062-EJD-NC

1782550

1  refusal to answer them—will affect and guide the parties' ESI discussions.

2       For much the same reason, Google has separately sought the Court's guidance on several

3  ongoing disputes, including whether Plaintiffs must produce their Takeout Data, *see* Dkt. 219 at

4  3:22–4:11, whether they need to explain what emails and devices they claim to have searched

5  over the summer, *id.* at 4:13–24, and whether Plaintiffs' counsel must collect and process their

6  clients' data now so that they can test proposed search terms next month, *id.* at 5. Plaintiffs have

7  refused to do any of this, and the parties briefed their disputes last week. *See* Dkt. 219.

8       Google has always been willing to discuss scheduling conflicts, as it made clear even in

9  response to this particular request. *See* Dkt. 221-6 ("Normally, we would have no issue agreeing

10  to a request for a reasonable extension on discovery responses."); *see also, e.g.*, Dkt. 217

11  (stipulating to scheduling adjustments). But time is now of the essence,[2] and Google needs

12  Plaintiffs' responses to these requests—and the other discovery Plaintiffs have refused to

13  provide—by early January so that the parties can negotiate a bilateral search protocol.

14       Google requests that the Court deny Plaintiffs' Motion. And, to the extent the Court is

15  able to provide guidance on the parties' remaining, fully briefed discovery disputes, *see* Dkt. 219,

16  Google believes that those rulings will also assist the parties in their upcoming ESI negotiations.

17

18  Dated:  December 20, 2021

                     KEKER, VAN NEST & PETERS LLP

19

20                 By:  _____

21                       BENJAMIN BERKOWITZ
                     THOMAS E. GORMAN

22                       NICHOLAS D. MARAIS
                     CHRISTOPHER S. SUN

23                       CHRISTINA LEE
                     GREGORY WASHINGTON

24                       Attorneys for Defendant GOOGLE LLC

25

26  [2] Plaintiffs' counsel unhelpfully accuses Google's counsel of violating this District's Guidelines for Professional Conduct. *See* Mot. at 1:14–16; *see* Sobol Decl. at ¶ 4. Plaintiffs' counsel's regular rush to impugn Google's (and its counsel's) motives is unwarranted and unproductive.

27  What the Guidelines make clear is that lawyers should agree "as a matter of courtesy to first requests for reasonable extensions of time"—but not in situations where, as here, "time is of the

28  essence."

DEFENDANT GOOGLE LLC'S OPPOSITION TO [221] PLAINTIFFS' MOTION
FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY REQUESTS
Case No. 5:18-cv-05062-EJD-NC

1782550