UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 18-cv-05062 EJD (NC)<br><br>**ORDER DENYING PLAINTIFFS' REQUEST TO COMPEL RE: INTERROGATORY REQUESTS NOS. 4, 5, AND 7**<br><br>Re: ECF 207, 212 |

This order follows my review of Google's responses to Interrogatory Requests Set One Nos. 4 and 5 and Set Two No. 7. Plaintiffs challenged the sufficiency of Google's responses (*see* ECF 202, 209) and I ordered Google to file a set of the relevant requests and responses. ECF 207. They are filed at ECF 211 and 212. The parties have been meeting and conferring about Google's responses over many months and request a Court order to clarify whether Google's responses are satisfactory.

The foundations for my analysis are Fed. R. Civ. P. 33 and Fed. R. Civ. P. 26(b). An interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). Rule 26(b), in turn, permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Information need not be

admissible to be discoverable. Fed. R. Civ. P. 26(b)(1).

Request No. 4 asks Google to "Identify by name, purpose, sequence, and physical location each Process and/or piece of Architecture involved in the creation, development, transmission, maintenance and/or storage of Location Information."

Request No. 5 asks Google to "Identify all ways in which Google or Alphabet companies use and/or analyze Location Information. The response to the Interrogatory should include an explanation of any commercial, educational, research and development, or other use of the data."

I find that Requests Nos. 4 and 5 seek information that is relevant and proportional to the needs of the case under Rule 26(b). They go to the core of the Plaintiffs' complaint. Has Google answered the questions "fully" as required by Rule 33? This is a harder question to answer without knowing everything that Google knows. Based on my review of the questions and responses, I conclude that Google has provided a full and fair response. Google has admitted that it cannot provide a static response. Supp. To Rog. 5, p. 22;15-16. This is sufficient here because the interrogatories did not ask for information as to a specific moment in time. Google must supplement or correct its responses if it learns that in some material respect the responses are incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

Request No. 7 asks Google "For each year from 2014 to present, identify by name, job title, and current employer (to the extent known) each Google employee with supervisory responsibility for [specified databases] and the data store(s) or database(s) containing Location Information stored when any User's 'Location History' setting is disabled." After Google objected to the scope of the request, Plaintiffs agreed to limit it to "identify individuals knowledgeable about how Location Information flows into and out of each database or platform." ECF 202 p. 3. I find that even as limited by Plaintiffs, this Request is overly broad, not limited to the claims in the case, and therefore not proportional to the needs of the case.

In conclusion, Plaintiffs' request to compel supplemental responses to Requests

2

Nos. 4, 5, and 7 is denied. I find that the responses to Requests Nos. 4 and 5 are full and fair and that the objection to Request No. 7 is sustained. No costs or fees are awarded.

**IT IS SO ORDERED.**

Dated: December 21, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge