1  KEKER, VAN NEST & PETERS LLP
   BENJAMIN BERKOWITZ - # 244441
2  bberkowitz@keker.com
   THOMAS E. GORMAN - # 279409
3  tgorman@keker.com
   NICHOLAS D. MARAIS - # 277846
4  nmarais@keker.com
   CHRISTOPHER S. SUN - # 308945
5  csun@keker.com
   CHRISTINA LEE - # 314339
6  clee@keker.com
   633 Battery Street
7  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
8  Facsimile:    415 397 7188

9  Attorneys for Defendant GOOGLE LLC

10 AHDOOT & WOLFSON, PC
   Tina Wolfson (SBN 174806)
11 twolfson@ahdootwolfson.com
   Theodore Maya (SBN 223242)
12 tmaya@ahdootwolfson.com
   Bradley K. King (SBN 274399)
13 bking@ahdootwolfson.com
   Christopher Stiner (SBN 276033)
14 cstiner@ahdootwolfson.com
   Rachel Johnson (SBN 331351)
15 rjohnson@ahdootwolfson.com
   2600 West Olive Avenue, Suite 500
16 Burbank, California 91505
   Tel: (310) 474-9111
17 Fax: (310) 474-8585

18 Interim Co-Lead Class Counsel

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Nicholas Diamand (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

Interim Co-Lead Class Counsel

19 UNITED STATES DISTRICT COURT

20 NORTHERN DISTRICT OF CALIFORNIA

21 SAN JOSE DIVISION

22 IN RE:  GOOGLE LOCATION HISTORY
   LITIGATION

Case No. 5:18-cv-05062-EJD-NC

23 **WEEKLY DISCOVERY UPDATE AND
   PROPOSED AGENDA FOR
24 JANUARY 12, 2022 CONFERENCE**

25 Dept:      Courtroom 5 – 4th Floor
   Judge:     Hon. Nathanael M. Cousins
26
   Hr'g Date: January 12, 2022
27 Time:      1:00 p.m.

28

Pursuant to the Court's December 16, 2021 Order, Dkt. 218, the parties submit this joint discovery status report and proposed agenda for the January 12, 2022 Status Conference.

## PLAINTIFFS' STATEMENT

On December 28, 2021, the Court issued an Order granting in part and denying in part Plaintiffs' Administrative Motion (Dkt. 221) with respect to discovery served by Google during the holidays which comprised two inspection demands, 12 Requests for Production, 34 Requests for Admission, and 11 Interrogatories (see Dkt. 221-1, attaching the pertinent discovery).  The order extended the discovery response deadline by 15 days to January 18, 2022.   (See Dkt. 223.) Plaintiffs have been diligently preparing their responses to this discovery and expect to be timely responding.

On December 28, 2021, the Court issued an Order Compelling Additional Discovery from Plaintiffs. (See Dkt. 226.)  This order also requires Plaintiffs to make additional and substantial production of information and documents, also on January 18, 2022, as well as file another declaration explaining their efforts in that regard by January 19, 2022.   Plaintiffs have been diligently preparing their supplemental responses to the relevant discovery requests and expect to be timely supplementing their responses and filing the required declaration.

On December 28, 2021, the Court issued an Order Denying Plaintiffs' Request to Compel Re: Interrogatory Requests Nos. 4, 5, and 7.  (See Dkt. 225.)

On January 5, 2022, after extensive meeting and conferring with Google, Plaintiffs served their Third Supplemental and Amended Consolidated Responses and Objections to Defendant Google LLC's First Set of Interrogatories (the "Responses").  In its statement below, Google accuses Plaintiffs of failing to serve these Responses on December 31, 2021, which was a deadline unilaterally imposed by Google, and a national holiday.  The Responses include a great amount of information that was time-consuming to gather, and it also took time for Plaintiffs to review the draft responses and provide signed verifications, which Google demanded, so Plaintiffs served the Responses as soon as possible.

As to the content of those Responses, Google fails to inform the Court of the great amount of information included therein, instead cherry-picking a small portion of the Responses' Appendix

in an effort to falsely portray the Responses as lacking information concerning Plaintiffs' apps' access to their location information.  As Plaintiffs informed Google in the body of their Responses, the Appendix thereto lists:

> the applications installed on Plaintiff's mobile device(s) from January 1, 2014 through the date of these Interrogatories, the date(s) when the application was installed or uninstalled, for each application, the Location Services settings on iPhones and the location App Permissions settings on Android devices; and information concerning changes in those location settings over time, where available.

The selective portion of that Appendix that Google chooses to present to the Court describes applications for which no Location Services Settings information was available to Plaintiffs in this manner.  Wherever such information was available to Plaintiffs, they included it in the Appendix, and indeed they provided a substantial amount of such information.  Plaintiffs are not aware of any other means of accessing such information that is within their possession, custody, or control, but are willing to meet and confer with Google on this issue.  Pursuant to the District Court's Case Management Order dated December 1, 2021 (Dkt. 208), Plaintiffs have been diligently working to finalize the list of custodians and search terms for the current ESI production to meet the January 13, 2022 deadline.  Plaintiffs have requested from Google that the parties exchange revised lists and hold a final meet and confer to resolve any remaining disputes.  If an agreement cannot be reached, Plaintiffs expect to be timely filing its portion of a joint letter brief (on January 13) regarding the same.

Plaintiffs continue to meet and confer with Google regarding Plaintiffs' Second, Third, and Fourth requests for production of documents.

## GOOGLE'S STATEMENT

### A.  Plaintiffs' Late and Inadequate Responses to Google's Interrogatories

It has been *11 months* since Google served Interrogatories No. 1–3. These are basic requests seeking key, threshold information about Plaintiffs' case: device identifiers for the mobile devices at issue in this litigation; basic information about their Google accounts (their email addresses); and an explanation of how their location settings have changed over time. Despite what Plaintiffs refer to above as "extensive meeting and conferring," and despite orders from this Court, Plaintiffs continue to evade their basic discovery obligations.

1      Last month, the parties met and conferred about these requests once again. During two

2  calls, and in follow-up correspondence, Plaintiffs' counsel acknowledged that their responses to

3  Google's February 2021 requests were still deficient: they had made mistakes, had failed to

4  include a full list of their Gmail accounts, and were aware of device information they hadn't yet

5  produced. Google asked for supplemental responses by mid-December, and the parties ultimately

6  agreed to a December 31, 2021 deadline. (This deadline was never, as Plaintiffs now claim,

7  "unilaterally imposed." Google proposed December 20, 2021. When the parties met and

8  conferred, Plaintiffs' counsel, Mr. Maya of Ahdoot & Wolfson, stated that Plaintiffs needed more

9  time but confirmed that, "if December 31, 2021" was acceptable, "we can make that happen."

10  Google agreed, and confirmed the agreement in writing the next day.) The point, as Google made

11  clear to Plaintiffs at the time, was that Google needed Plaintiffs' supplemental responses "*in*

12  *advance of* the next status conference so that [the parties could] meet and confer" about them

13  before this January 6 report was due. Unfortunately, despite the parties' agreement, Plaintiffs

14  ignored the agreed-upon deadline and waited instead until near close of business yesterday before

15  serving *any* supplemental responses. This gamesmanship is counterproductive and is making

16  discovery more time-consuming than it should be. Google is reviewing the supplemental

17  responses and will update the Court next week.

18     **B.  Plaintiffs' Refusal to Respond to Interrogatory No. 3**

19      This Court is already familiar with Interrogatory No. 3 because it ordered Plaintiffs to

20  respond to it as written in October. *See* Dkt. 187 at 2. As Google explained last year, this request

21  simply asks Plaintiffs to explain whether they have allowed *other* apps to track their location (by

22  identifying their current location settings and how those settings have changed over time). This is

23  critical information that Plaintiffs were ordered to provide months ago. But, even in Plaintiffs'

24  belated supplemental responses, they continue to omit critical information. Here, for instance, is a

25

26

27

28

sample of one of the plaintiff's latest responses:

| Application | Date of Installation (if applicable, Date of Uninstallation) | Location Services Setting (iOS) or location App Permissions Setting (Android) | Information regarding Changes to Location Settings over Time |
|---|---|---|---|
| Ono – Fast Card Game Fun | 1/17/21 | | |
| Dominos Party – Best Game | 1/17/21 | | |
| Family Feud Live | 1/17/21 | | |
| Parler | 1/8/21 | | |
| Duolingo – Language Lessons | 1/5/21 | | |
| Trump Tweet | 12/22/21 | | |
| Yahoo Finance | 12/18/21 | | |

These responses, and *many* others in Plaintiffs' appendix, omit important information about the current location settings for these third-party applications, let alone information about how those settings have changed over time.

Over the past few weeks, Plaintiffs' counsel have taken the position that they *cannot* provide some of this information. On December 20, for instance, they argued that "our search for responsive data has revealed that historical location settings data of this type *generally is not available*, including through iTunes backup data." There are two problems with that claim. First, it says nothing about the empty "Location Services Setting" column—a column for *current*, not *historical* information. Second, if Plaintiffs truthfully do not know (and have confirmed that they cannot ascertain) when or whether they changed these settings, then they should say so in their written discovery responses, which must be verified under oath, not in lawyers' letters. Plaintiffs agreed to provide these supplemental responses by December 31, but continue to evade answering even these basic questions. It is past time for Plaintiffs to comply with the Court's October 6, 2021 Order. <u>Google requests that the Court order Plaintiffs to supplement their responses to Interrogatory No. 3 to provide the requested information within seven days.</u>

### C.  Custodians and Search Terms

On December 8, 2021, the parties exchanged initial lists of custodians and search terms. As Google has explained to Plaintiffs' counsel, it did (and does) not view Plaintiffs' proposal as serious. Plaintiffs' list included more than *50* custodians—dozens of names they simply cannot explain. Plaintiffs' proposed search terms are similarly unbounded and seek to sweep in oceans of

irrelevant documents in a manner that appears calculated to create burden and expense.  Google, by contrast, has identified the custodians it believes are most likely to have responsive material and has proposed search terms reasonably calculated to identify such materials.  If Plaintiffs now have a "revised" list of proposed custodians or search terms—as they suggest in their statement above for the first time—then Google hopes that they will share it soon.

Dated:  January 6, 2022                                    LIEFF CABRASER HEIMANN &
                                                                            BERNSTEIN, LLP


                                                           By:   _/s/ Michael W. Sobol_
                                                                     MICHAEL W. SOBOL
                                                                     MELISSA GARDNER
                                                                     MICHAEL LEVIN-GESUNDHEIT
                                                                     JOHN D. MAHER

                                                                     *Interim Co-Lead Class Counsel*

Dated:  January 6, 2022                                    AHDOOT & WOLFSON, PC


                                                           By:   _/s/ Theodore Maya_
                                                                     TINA WOLFSON
                                                                     THEODORE MAYA
                                                                     RACHEL JOHNSON

                                                                     *Interim Co-Lead Class Counsel*

Dated:  January 6, 2022                                    KEKER, VAN NEST & PETERS LLP


                                                           By:   _/s/ Nicholas D. Marais_
                                                                     BENJAMIN BERKOWITZ
                                                                     THOMAS E. GORMAN
                                                                     NICHOLAS D. MARAIS
                                                                     CHRISTOPHER S. SUN
                                                                     CHRISTINA LEE

                                                                     Attorneys for Defendant GOOGLE LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that all signatories above have concurred in the filing of this document.


Dated:  January 6, 2022                                      */s/ Michael W. Sobol*
                                                             Michael W. Sobol

6