| | |
|---|---|
| **AHDOOT & WOLFSON, PC**<br>Tina Wolfson (SBN 174806)<br>twolfson@ahdootwolfson.com<br>Theodore Maya (SBN 223242)<br>tmaya@ahdootwolfson.com<br>Brad King (SBN 274399)<br>bking@ahdootwolfson.com<br>2600 West Olive Avenue, Suite 500<br>Burbank, CA 91505<br>Telephone: 310.474.9111<br>Facsimile: 310.474.8585<br><br>**AHDOOT & WOLFSON, PC**<br>Andrew W. Ferich (*pro hac vice*)<br>aferich@ahdootwolfson.com<br>201 King of Prussia Road, Suite 650<br>Radnor, PA 19087<br>Telephone: 310.474.9111<br>Facsimile: 310.474.8585 | **LIEFF CABRASER HEIMANN<br>& BERNSTEIN, LLP**<br>Michael W. Sobol (SBN 194857)<br>msobol@lchb.com<br>Melissa Gardner (SBN 289096)<br>mgardner@lchb.com<br>Michael Levin-Gesundheit (SBN 292930)<br>mlevin@lchb.com<br>John D. Maher (SBN 316157)<br>jmaher@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: 415.956.1000<br>Facsimile: 415.956.1008<br><br>**LIEFF CABRASER HEIMANN<br>& BERNSTEIN, LLP**<br>Nicholas Diamand (*pro hac vice*)<br>ndiamand@lchb.com<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>Telephone: 212.355.9500<br>Facsimile: 212.355.9592 |

*Interim Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD (NC)<br><br>**DECLARATION OF THEODORE MAYA PURSUANT TO THE COURT'S DECEMBER 21, 2021 ORDER (ECF NO. 226)**<br><br>Dept: Courtroom 5 – 4th Floor<br>Judge: Hon. Nathanael Cousins |

I, Theodore Maya, declare and state as follows:

1. I am a member in good standing of the California State Bar, and a partner at the law firm of Ahdoot & Wolfson, one of Co-Lead Interim Class Counsel in this action. I submit this Declaration in accordance with the Court's order of December 21, 2021 (ECF No. 226, the "December 21 Order") requiring Plaintiffs' counsel to file a declaration attesting to their completion of each of the tasks outlined in that order. I have personal knowledge of the matters set forth herein unless otherwise stated, and could competently testify thereto.

2. In the December 21 Order, the Court required Plaintiffs to:

   a. produce all data responsive to RFPs 42-47 by January 18, 2022;

   b. disclose which email addresses and devices they searched, by January 18, 2022;

   c. collect and process their clients' email and other custodial data by January 18, 2022;

   d. produce all responsive non-privileged documents in response to RFPs 4, 17, and 18, by January 18, 2022; and

   e. file the present declaration by January 19, 2022.

3. Plaintiffs produced all the Google Takeout data in their possession requested in Google's RFPs 42-47 on or before January 18, 2022. Plaintiffs' January 18 production included data responsive to RFPs 42, 44, and 47. Additional Takeout data, responsive to RFPs 43, 45 and 46, was included in Plaintiffs' sixth production on December 10, 2021, and in prior productions.

4. I sent counsel for Google a letter, along with the January 18 production, which disclosed which email addresses and devices were searched, and also disclosed which email addresses and other sources of custodial data have been collected and processed in accordance with the December 21 Order. In that letter, I identified 10 email accounts belonging to Plaintiffs that have been at least partially searched and from which ESI now has been collected and processed in accordance with the December 21 Order. In order to preserve Plaintiffs' privacy, I will not repeat those exact email addresses in this filing, but two belong to Plaintiff Childs, three belong to Plaintiff Mahon, two belong to Plaintiff Patacsil, and three belong to Plaintiff Gamboa.

5.  In my January 18 letter, I also explained that Takeout data associated with these same email addresses has been collected, processed, searched in accordance with the December 21 Order. I further explained that, as described in counsels' prior declarations (ECF Nos. 210-1 through 210-3), each Plaintiff conducted searches on their current mobile devices and the Apple App Store; Mr. Mahon searched the Google Play Store; and Plaintiffs' technical vendor, Setec Investigations, collected and processed, on behalf of Plaintiffs' counsel, iTunes backup data belonging to Mr. Gamboa, which resided on a hard drive of his.

6.  In addition to the above email accounts and Takeout data, the following devices now have been imaged:

- Plaintiff Gamboa's iPhone 12 Pro Max
- Plaintiff Gamboa's iPhone XR
- Plaintiff Patacsil's iPhone 4
- Plaintiff Patacsil's Android N817
- Plaintiff Patacsil's LG B470
- Plaintiff Mahon's LG Optimus L9
- Plaintiff Child's iPhone 11

7.  As explained in prior briefing regarding RFPs 4, 17, and 18, these RFPs seek documents Plaintiffs "received in connection with or when they purchased their devices (receipts, contracts, privacy notices, terms of service, etc.)" (ECF No. 209), as well as documents related to any terms of service to which Plaintiffs agreed in connection with their use of mobile applications. Much of the imaged email and custodial data described above only recently was imaged and loaded for review by Plaintiffs' counsel. We conducted targeted searches on that data in an effort to locate additional documents responsive to these RFPs, and Plaintiffs included non-privileged, responsive documents located in this manner in their January 18 production. It is possible that, as we continue our review of this recently imaged data, more such responsive documents will be located and, if so, we will produce them to Google.

1. I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of January, 2022, at Los Angeles, California.

_____
Theodore Maya