UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE NATHANAEL M. COUSINS

IN RE:                         )    No. 5:18-cv-05062-EJD
                               )
GOOGLE LOCATION HISTORY        )    San Jose, California
LITIGATION,                    )    Wednesday
                               )    January 12, 2022
                               )    1:02 p.m.

### TRANSCRIPT OF DISCOVERY HEARING HELD VIA ZOOM

**APPEARANCES:**

| | |
|---|---|
| **For the Plaintiffs:** | AHDOOT & WOLFSON PC<br>2600 West Olive Avenue, Suite 500<br>Burbank, CA 91505 |
| BY: | **TINA WOLFSON, ESQ.**<br>**HENRY KELSTON, ESQ.**<br>**THEODORE WALTER MAYA, ESQ.** |
| | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>Embarcadero Center West<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339 |
| BY: | **MICHAEL W. SOBOL, ESQ.**<br>**MICHAEL IAN LEVIN-GESUNDHEIT, ESQ.** |
| **For the Defendant:** | KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111 |
| BY: | **NICHOLAS DAVID MARAIS, ESQ.**<br>**BENJAMIN BERKOWITZ, ESQ.** |

Transcription Company:    Access Transcripts, LLC
                          10110 Youngwood Lane
                          Fishers, IN 46038
                          (855) 873-2223
                          www.accesstranscripts.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

| | |
|---|---|
| 1 | <u>**Wednesday - January 12, 2022**</u>                    <u>**1:02 p.m.**</u> |

2                    **P R O C E E D I N G S**

3                           ---oOo---

4            **THE CLERK:**  Calling Civil 18-5602, <u>In re Google

5    Location History Litigation</u>.  Counsel, please state your

6    appearances for the record, beginning with plaintiffs.

7            **MS. WOLFSON:**  Happy New Year, Your Honor.  Tina

8    Wolfson on behalf of the plaintiffs.

9            **MR. SOBOL:**  Good afternoon, Your Honor.  Michael

10   Sobol on behalf of the plaintiffs.

11           **MR. MAYA:**  Good afternoon, Your Honor.  Theodore

12   Maya, also on behalf of the plaintiffs.

13           **MR. KELSTON:**  Henry Kelston on behalf of plaintiffs.

14           **MR. LEVIN-GESUNDHEIT:**  Michael Levin-Gesundheit for

15   plaintiffs.

16           **MR. MARAIS:**  Good afternoon, Your Honor.  Nick

17   Marais from Keker, Van Nest & Peters.  I'm here with my

18   partner, Ben Berkowitz, on behalf of Google.

19           **THE COURT:**  All right.  I see all of you.  Thank you

20   so much for being here and for your status report from last

21   week at Docket 218.  It reflects that you've got a number of

22   things in progress coming up soon, discussions ongoing between

23   the parties, and thank you for engaging in those and updating

24   me on them with me having ordered some things due next week

25   from plaintiffs in response to prior disputes back in November

1   and December.  So nothing for me to rule on on those, but I

2   know those -- that creates lots of work, and you've got things

3   that you're amid.

4       One dispute that is reflected in your most recent update

5   is the -- concerning Google's Interrogatory Request Number 3

6   to plaintiff with two aspects:  one, the merits of the

7   interrogatory response being insufficient from Google's

8   perspective; and second, the timing of it with a productino

9   expected on December 31 that was not made until January 5th.

10  That's a little bit of water under the bridge as far as the

11  timing goes because now another week has passed, but I do take

12  note of that as part of the ongoing conversation between the

13  parties.

14      I don't know that I'm in a great position to give a very

15  precise ruling.  I've only seen part of the response, an

16  excerpt and a status report.  But I see enough to suggest this

17  approach, and there's been passage of about a week's time

18  since that was provided to me.  So maybe there's been some

19  further work on it.  So let me check in with that first.  Has

20  there been any further conferring and exchange of information

21  about Interrogatory Response 3 or is that still a live issue

22  needing judicial help?

23          MR. MARAIS:  Your Honor, I'm happy to respond to

24  that.  We haven't had further discussions about these

25  particular responses, the supplemental responses to the three

1   interrogatories.  I agree that the timing issue is behind us.

2   I don't see a need to belabor that.  The reason we brought it

3   up in the brief was that we had hoped to further develop some

4   of the disputes that we have by last week.  That was rendered

5   impossible just because of the timing issue.  I'm happy to --

6   you know, I think there are two or three discrete disputes

7   worth discussing that I'm happy to bring the Court up to speed

8   on, but there haven't been -- other than our having had little

9   chance to review those supplemental responses, there haven't

10  been further discussions in the past week, I suspect because

11  the parties have been fairly focused on the ESI protocol.

12          **THE COURT:**  All right.  And, of course, I'll give

13  equal time to both sides.  Mr. Moray, as far as the

14  interrogatories, what's your suggestion?  In your status

15  report, you said I should order a supplement within a week.  I

16  could do that, but let me give you a chance to guide any other

17  judicial action.

18          **MR. MARAIS:**  Yeah, thank you, Your Honor.  And if I

19  could take -- I'll do this as quickly as I can, but just a

20  minute or two to update you on the others.

21          **THE COURT:**  Okay.

22          **MR. MARAIS:**  There are three interrogatories that

23  the parties have been discussing that are at issue in the

24  supplemental responses we received a week ago.  For some

25  context, these three interrogatories were served last

1   February, so almost a year ago now, and the initial responses

2   were due in March.  We've obviously been meeting and

3   conferring about those over many months, and the Court's been

4   involved in some of those discussions.

5       Interrogatory (audio interference) asks the plaintiffs to

6   identify the devices, the mobile devices, that they claim are

7   at issue in this case.  They have responded in part to that

8   interrogatory but not completely.  And my understanding for

9   that failure to respond completely is that plaintiffs can't

10  get the information about these devices.  They say they can't

11  power them up, or perhaps they don't have access to them.  I

12  think the parties may benefit from a little further

13  party-to-party dialogue.  I have some questions about what

14  exactly the issues are with those devices.  I struggle to see

15  how they could be at issue in the litigation, if plaintiffs

16  can't find them or can't power them up, and obviously, expert

17  witness have questions about what steps were taking to

18  preserve those records at the time the lawsuit was filed.  But

19  I'm happy to discuss that a little further with plaintiffs'

20  counsel over the next couple weeks, and then we can report

21  back.

22      Interrogatory Number 2 requested plaintiffs to identify

23  the Gmail accounts that they claim are at issue here.  As the

24  Court knows, plaintiffs' allegation is that Google kept

25  location information about them through these Google accounts

1   while they were logged into Google, and we asked them last

2   February to tell us what Google accounts were at issue.  This

3   is not a complicated request.  It's all the information that's

4   immediately within plaintiffs' control.  Essentially, just

5   identify your email addresses.

6       I was surprised last week when we got the supplemental

7   responses that plaintiffs are still adding to that last.  We

8   got a brand-new email address last week that I've never seen

9   before.  And really, this is information that should have been

10  provided to us last March.

11      So I would ask that with respect to Interrogatory Number

12  2, which is straightforward, that we get some assurance from

13  plaintiffs' counsel that they are done, that this is now the

14  full list of Gmail accounts that their plaintiffs have.  And

15  maybe they can make that representation today, or maybe the

16  Court can order them to update their interrogatory responses.

17  But I do think we're entitled to and need, frankly, a

18  representation that we now have, finally, a full list of their

19  Gmail accounts.

20      And then, Interrogatory 3, which is the one that Your

21  Honor has read about in the report that the parties filed last

22  week, asks plaintiffs to explain, for acts that they have on

23  those mobile devices, what the location settings are, and if

24  those location settings have changed over time, how they've

25  changed.  We briefed this before for the Court.  It was part

1    of the Court's order on October 6th last year, directing

2    plaintiffs to respond in full.  They still haven't done it.

3    We included a sample in the statement where Your Honor can

4    see, for instance, one of the apps is Poller.  That's an app

5    that does keep location information about its users.

6    Plaintiffs just haven't told us what their location setting

7    is.

8         Now, with respect to the current settings, what the

9    setting is today, I can't fathom why plaintiffs can't give us

10   that information.  They could go into their phones, look it

11   up, and fill in what the setting is today.

12        With respect to the historical information, plaintiffs'

13   counsel have taken the position that they simply can't work

14   that out.  They don't know.  There is no way of discerning it.

15   They've looked through emails.  And if that's their position,

16   I think they need to say that in the written response to the

17   interrogatory so that we know, again, that we've concluded

18   this discussion; to the extent plaintiffs have information,

19   they've provided it; and to the extent they can't get it, it's

20   impossible to answer the question, that they make that clear.

21        So those would be our requests.  You know, we'll continue

22   to meet and confer on Rog 1, and those are our requests with

23   respect to Rog 2 and Rog 3.

24             **THE COURT:**  All right.  Thank you very much, and let

25   me hear from whichever plaintiffs' counsel wants to address

1     those issues.

2            **MR. MAYA:**  That will be me, Your Honor.  Thank you.

3            **THE COURT:**  Go ahead.

4            **MR. MAYA:**  You know, so these two issues have not --

5     we've met and conferred about these interrogatories at length

6     over months.  These two issues that Mr. Marais is raising here

7     and in the last status update are not issues that he has

8     raised with us in the course of that meet and confer before.

9        I will start with respect to the new email addresses,

10    those are recovery email addresses listed in the takeout data,

11    which we have produced to them.  They're not new in any other

12    sense.  They are associated with the GOogle accounts, which is

13    what the interrogatory requests, and we've answered.  If we

14    met and conferred about that before this hearing, I would have

15    explained that to Mr. Marais.  I don't think -- we're not

16    withholding any data.  We are providing the most fulsome

17    response that we can and have been doing so throughout.  Those

18    are recovery email addresses associated with same Google

19    accounts that we've already identified, for which we've

20    provided takeout data.

21       With respect to Interrogatory Number 3, we have produced

22    the location permissions information in the appropriate

23    column, the second column.  There's an excerpt that Mr. Marais

24    put into the brief which shows nothing, but there are many

25    other places where we did.  And we gave that information to

1   them any time it was available.

2       Many apps, there is no location setting available.  My

3   understanding is that's because that app does not have

4   permission to access the user's location.  So we have not

5   provided it there.

6       With respect to historical information, we have told them

7   in our interrogatory response that we've provided it where

8   available.  There -- on occasion, a plaintiff has recalled

9   changing specific location settings with respect to a certain

10  app, and we have identified that.  Otherwise, technologically,

11  that is correct that there -- we have explored with C-Tech

12  (phonetic), our vendor, on forensic data collection.

13      There appears to be no way to ascertain historical

14  changes to location permissions over time.  If Google has

15  another understanding, we would welcome that discussion.  But

16  we have told them this, and our interrogatory responses are

17  not incomplete or incorrect in this regard, as suggested in

18  the last update.  Rather, we said where we have that

19  information, we have given it to you, and we have done that,

20  Your Honor.

21      So I don't know what else there is to say here except

22  that we have complied.  We continue to comply.  We're not

23  withholding anything, and we're also willing to meet and

24  confer with Google about these issues.

25          **THE COURT:**  All right.  Thank you.  Here's my

1   guidance to help you forward through the process.

2        Some of these issues, you've been meeting and conferring

3   about for quite a few months.  Some of them sound new.  But

4   this will apply to each of these three interrogatory

5   responses, which is continue your meet and confer process.

6   You, through that communication, might develop an exchange of

7   additional information.

8        Plaintiffs may -- I'm not ordering you to supplement your

9   responses.  You might, through that meet and confer process,

10  determine that you should or want to serve a supplemental

11  response.  Again, I'm not -- I have not made a finding that

12  your responses are deficient.  I'm just saying if you

13  determine that that would be a way to satisfy Google's

14  questions, what I want to do is set a deadline for you to do

15  it so it's not a hanging issue that you'll come back on six

16  months adn say that we're still -- haven't resolved this.

17       So I'll make our next report -- you've been doing this on

18  a weekly basis most of the time with a few exceptions with my

19  permission.  I think we can -- I think it's helpful, because

20  you've still got some disagreements, to continue a regular

21  communication process and reports, but we'll make the next

22  report be due on the 27th of January and thereafter every two

23  weeks, rather than every week.

24       And so in your next report by January 27th, if you can

25  provide an update as to whether you've resolved these or have

1   an open dispute about these three interrogatory requests.  And

2   if there is going to be a supplemental response served by

3   plaintiff as to any one of these three, we'll make it -- the

4   due date for that be the 25th of January.  So January 25th if

5   you are going to provide a supplement.  Do it by January 25th.

6   But regardless, provide me an update as to whether your meet

7   and confer processes either resolve the issues or you've still

8   got an open problem.  And I give you leave now, if you get to

9   the 27th and you still have a dispute, you have leave to

10  attach to the report both the interrogatory request and

11  responses in whatever their current form is at that time.

12  Then, I can look at them and can either agree or disagree as

13  to whether they are sufficient or not.

14      As to a next discovery status, I would propose we do that

15  February 23rd, about -- a little more than a month from now at

16  one o'clock by Zoom.  And I am on criminal duty in February,

17  so I'll be time-limited, but I'm available on that date,

18  hoping you are, too.  And the report from the 27th is going to

19  capture quite a bit of information because there's things that

20  you both are working on, as far as custodians and production

21  of other information between now and then, so the date on the

22  23rd will, you know, potentially give us an opportunity to

23  follow up on any unresolved issues between now and then.

24          **MR. MARAIS:**  Your Honor, could I raise one

25  procedural point?  Thank you for the guidance.  I think it's

1  helpful.  I'm not going to rehash our meet and confer history.

2  I'm happy to talk further.  I think the deadline is really

3  what we need, though, so that we can close this chapter.

4       With respect to the ESI protocols that the parties had

5  agreed -- well, the Court had ordered us to file tomorrow,

6  plaintiff sent a revised proposal over yesterday afternoon

7  that we have said we would like some time to consider and

8  evaluate.  And Mr. Kelston, earlier today, proposed that

9  perhaps we talk to you about continuing that date by a couple

10  weeks.  I think -- I haven't had a chance to talk to

11  Mr. Kelston directly, but I think we're all in agreement that

12  it's a joint request for a 14-day continuance on tomorrow's

13  deadline.

14          **THE COURT:**  That would be to the 27th rather than

15  the 13th, correct?

16          **MR. MARAIS:**  Yes, Your Honor.

17          **THE COURT:**  Mr. Kelston, is that accurate?

18          **MR. KELSTON:**  (Indiscernible).

19          **THE COURT:**  Well, you're on mute, but you gave me a

20  head nod, so I'm interpreting that as affirmance.

21          **MR. KELSTON:**  Yes, sorry.  As Mr. Marais said, we

22  sent revised lists over yesterday.  We, you know, believe they

23  need some more time to evaluate and respond and for the

24  parties to engage in meaningful meet and confer to try to

25  resolve as much as possible.  So we have -- and they suggested

1  two weeks.  We have no objection to that.

2          **THE COURT:**  All right.  I grant that.  So that'll be

3  -- that's affirmed through the 27th, which lines up with when

4  I suggested your next status report would be.  So my intention

5  would be that your status report include an update as to the

6  ESI protocol questions and the status of that.

7          **MR. KELSTON:**  Thank you.

8          **THE COURT:**  Make sense?  All right.  Very good.

9  Thank you for bringing that up.

10          **MR. MARAIS:**  Thank you, Your Honor.

11          All right.  Any other procedural questions or

12  suggestions on how we can keep moving forward together?

13          **MR. MARAIS:**  Not from me, Your Honor.  Thank you

14  very much.

15          **THE COURT:**  And on plaintiffs' side?

16          **MR. MAYA:**  No, Your Honor.  Thank you.

17          **THE COURT:**  All right.  Thanks all very much.  I

18  appreciate very much your time and heard work.  We'll do a

19  minute entry reflecting the new dates that we set and a

20  summary of what we did and our next schedule to get together,

21  February 23rd at one o'clock by Zoom.

22          **MR. MARAIS:**  Thank you, Your Honor.

23          **MR. MAYA:**  Thank you, Your Honor.

24          **THE COURT:**  All right.  Thanks very much.  Much

25  appreciated.

1          **MR. LEVIN-GESUNDHEIT:**  Thank you, Your Honor.

2          (Proceedings adjourned.)

14                    **C E R T I F I C A T I O N**

16          I, Ilene Watson, court-approved transcriber, hereby

17  certify that the foregoing is a correct transcript from the

18  official electronic sound recording of the proceedings in the

19  above-entitled matter.

23  Ilene M. Watson, AAERT No. 447

24  Wednesday, January 26, 2022