KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant GOOGLE LLC

AHDOOT & WOLFSON, PC
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
Henry J. Kelston (pro hac vice)
hkelston@ahdootwolfson.com
2600 West Olive Ave., Suite 500
Burbank, CA  91505
Telephone: 310.474.9111
Facsimile: 310.474.8585

Interim Co-Lead Class Counsel

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
Michael K. Sheen (SBN 288284)
msheen@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Nicholas Diamand (pro hac vice)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

Interim Co-Lead Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No.  5:18-cv-05062-EJD<br><br>**JOINT STATUS REPORT AND PROPOSED CASE SCHEDULE**<br><br>Dept.             Courtroom 4 - 5th Floor<br>Judge:           Hon. Edward J. Davila<br><br>Status Conf.:  November 3, 2022<br>Time:             10:00 a.m. |

| | |
|---|---|
| 1 | **STATUS REPORT** |
| 2 | **PLAINTIFFS' STATEMENT** |
| 3 | This case has been stayed since February 22, 2022, to allow the parties to engage in |
| 4 | mediation and focus on settlement negotiations. (See Dkts. 243, 248, 250, 252,253, 256.) On |
| 5 | September 12, 2022, the parties informed the Court that they had "reached an agreement in |
| 6 | principle as to the primary material terms (monetary and non-monetary) and request[ed] that the |
| 7 | matter remain stayed for an additional 30 days, during which time they [would] work together to |
| 8 | finalize a long-form settlement agreement." (Dkt. 253.) On October 12, 2022, Plaintiffs requested |
| 9 | that the matter remain stayed and the parties be ordered to submit a further status report by |
| 10 | November 11, 2022 and, if necessary, submit a proposed schedule for completing class |
| 11 | certification discovery and briefing at that time. (Dkt. 254.) In its October 12 submission to the |
| 12 | Court, Google stated that "if the parties have not memorialized their agreement in a long-form |
| 13 | settlement agreement by October 21, Google intends to ask the Court to lift the stay and set a |
| 14 | revised case schedule[.]" |
| 15 | Since October 12, 2022, the parties have continued working to resolve the outstanding |
| 16 | issues but have not reached agreement on certain fundamental and material terms. Plaintiffs are |
| 17 | willing to continue working with Google to complete a settlement, but Google has indicated that |
| 18 | it stands by its previously stated position, and will not continue negotiating the outstanding |
| 19 | material terms identified by Plaintiffs past its arbitrary deadline of October 21. |
| 20 | Therefore, it appears necessary for the Court to enter an order lifting the stay setting a |
| 21 | schedule for continued litigation and class certification briefing. |
| 22 | Google's mischaracterizations of the parties' settlement negotiations are a breach of the |
| 23 | settlement privilege.  Plaintiffs will respect that privilege and not go further in this status report |
| 24 | other than to say that Plaintiffs' counsel have been actively engaged at all stages of the parties' |
| 25 | negotiations and, as they have stated numerous times to Google during and after formal |
| 26 | mediation, certain material terms of a settlement have yet to be agreed upon. |
| 27 | It is frustrating that Google continues to characterize things in ways that do not honestly |
| 28 | reflect the parties' positions.  Contrary to Google's Statement below, the parties reported to the |

1  Court on September 12 that they had agreed on "primary" material terms, but not "all" material
2  terms, or "the" principal terms, as Google represents in its Statement. Until all material terms are
3  resolved, there cannot be an agreement. The parties requested time to work together to finalize an
4  agreement and proposed "to provide the Court with a further status update on October 12." (Dkt.
5  253.) The parties did not agree, and did not promise, to finalize a settlement on the same deadline
6  as the next status report. Google's insistence that the parties sign a partial settlement agreement
7  before October 12 was not tenable for Plaintiffs; it would have undermined Plaintiffs' ability to
8  negotiate the remaining terms favorably for the Class. Google's self-imposed October 12
9  deadline was arbitrary, and raising it again in this status report is an attempt to paint Plaintiffs'
10 counsel in a false light that is counterproductive to cooperative settlement discussions.

It is disheartening that Google, having imposed a false deadline which is clearly belied by the status report filed on September 12, is using that as an excuse to withdraw from settlement negotiations rather than working with Plaintiffs to reach agreement on remaining material terms and finalize a settlement.

* * *

**GOOGLE'S STATEMENT**

The parties agreed to stay this case in February 2022. Over the next seven months, we attended three separate sessions with mediator Eric Green and successfully negotiated the principal terms of a settlement agreement. By mid-September, we confirmed in a status report that we had "reached an agreement in principle as to the primary material terms (monetary and non-monetary)." *See* Dkt. 253 at 1. We also committed, to each other and to the Court, that we would "finalize a long-form settlement agreement" by no later than mid-October. *Id.* Since then, despite Google's best efforts, the discussions have stalled. Plaintiffs have refused to engage with us or to circulate ***any*** edits to the draft long-form agreement we shared in September.[1]

It is true, as plaintiffs' counsel notes above, that Google "stands by its previously stated

---

[1] Above, plaintiffs accuse Google of "a breach of the settlement privilege." Google has repeatedly invited plaintiffs to identify what in Google's statement they have in mind; they have refused.

position." Google remains willing to sign an agreement memorializing the terms the parties negotiated earlier this year. But it is not willing to revisit terms that have already been finalized.

Google does not share plaintiffs' view that the stipulated and Court-ordered deadlines are "false" and "arbitrary." The parties promised to finalize an agreement by October 12, 2022. We have failed to do so. It is now time to return to litigation, to engage in the four months of discovery to which the parties previously stipulated, *see* Dkt. 243 at ¶ 3, and to brief plaintiffs' anticipated motion for class certification early next year. *Id.*

## CASE SCHEDULE

**PLAINTIFFS' STATEMENT**

### 1. Plaintiffs' Proposed Discovery Deadlines:

The parties' Joint Stipulation to Stay Discovery and Vacate Case Deadlines (Dkt. 243) provided that, in the event mediation was unsuccessful, the parties would submit "a proposed schedule for completing class certification discovery and briefing that allows for four months of discovery after the expiration of the stay and before the class certification deadline (without prejudice to any party seeking a further modification of the schedule for good cause)." Plaintiffs, with good cause, now propose the following schedule, which allows approximately ten months for additional class certification discovery.

| Discovery Milestone | Deadline |
| --- | --- |
| Deadline for Parties to complete negotiations on custodians and search terms or file motion seeking appointment of discovery referee | December 1, 2022 |
| Google produces at least 50% of custodial ESI and privilege log | April 1, 2023 |
| Google completes production of custodial ESI and produces final privilege log | July 1, 2023 |
| Deadline for Substantial Completion of Fact Discovery in Advance of Class Certification | August 1, 2023 |

Plaintiffs' good cause to request for an extended period of additional discovery is demonstrated by the following non-exhaustive summary of the status of discovery prior to entry

of the stay:

- The parties have not reached agreement on search terms and custodians and, when the stay was entered, appeared to be at impasse on those subjects. In the last Status Report submitted prior to entry of the stay (Dkt. 234), filed on January 27, 2022, Plaintiffs advised the Court that, despite the Court-ordered deadline to finalize custodians and search terms by January 13, 2022, Google was refusing to meaningfully engage with Plaintiffs on search terms and custodians. For example, while Plaintiffs had narrowed their list of proposed custodians from 52 to 35, Google remained intransigent in its refusal to collect documents from more than (at most) five custodians. After January 27, 2022, Google refused to continue meeting and conferring regarding custodians and search terms despite repeated requests from Plaintiffs.

- Google has not produced any custodial documents specific to this case, but has produced only documents previously produced in the the State of Arizona's lawsuit challenging Google's location tracking practices.[2]

- Google has refused to disclose the search terms (or other search methodology) used to locate the documents produced in the Arizona action.

- Google has refused to disclose even the discovery requests to which the documents produced in Arizona were responsive.

- Due to Google's failure to independently search for and produce relevant documents in this action, Plaintiffs have yet to take any depositions.

This request is consistent with the parties' past submissions to the Court, including the status report filed on February 16, wherein the parties agreed that if settlement negotiations were not successful, the anticipated proposal for a four-month period for additional discovery was "without prejudice to any party seeking a further modification of the schedule for good cause." (Dkt. 240). Given Google's previous persistent refusals to engage in cooperative discovery, its failures to

---

[2] On October 2, 2022, the Attorney General of Arizona announced an $85 million settlement with Google "for deceptively obtaining users' location data to make billions of dollars in profit."

meet and confer in good faith and dilatory conduct, Plaintiffs submit that ten months is the shortest period in which the parties can reasonably be expected to substantially complete fact discovery in advance of class certification.

**2.    Plaintiffs' Proposed Class Certification Schedule:**

| Event | Deadline |
|---|---|
| Plaintiffs file class certification motion and serve Rule 23 expert witness report(s), if any | August 31, 2023 |
| Google files class certification opposition and serve Rule 23 expert witness report(s), if any | October 5, 2023 |
| Plaintiffs file reply in support of motion for class certification | November 9, 2023 |
| Class certification hearing | November 30, 2023 (or the Court's next convenient date) |

Google's insistence that Plaintiffs' exercise of a right specifically reserved by both parties is "reneg[ing]" on some prior commitment is another attempt to paint Plaintiffs' counsel in a false light and mischaracterize the parties' positions to its own benefit.

* * *

**GOOGLE'S STATEMENT**

When the parties agreed to stay this matter in February, we stipulated that, if negotiations fell apart, we would pick up exactly where we left off—with four months of discovery followed by a motion for class-certification. *See* Dkt. 240 at ¶ 3. As Google explained to plaintiffs' counsel at the time, Google was willing to attend mediation and to explore settlement—but *not* to have that process "reboot" the litigation. Plaintiffs agreed. *Id.* Now, unfortunately, plaintiffs seek to renege on their clear prior commitment, claiming that they suddenly need another ***ten*** months of discovery, more than three times what remained on the Court's schedule when we paused the litigation.

There are two problems with plaintiffs' "good cause" arguments. The first is that their complaints about Google's "dilatory tactics" are false. It was plaintiffs who sought to slow things down, *see, e.g.*, Dkt. 223 (allowing plaintiffs additional time to respond to discovery requests),

1  who refused to provide basic discovery, Dkt. 226 at ¶¶ 1–5 (ordering plaintiffs, over their
2  objection, to identify their email addresses and "collect and process … custodial data"), and who
3  repeatedly litigated unnecessary disputes, Dkt. 225 at 2–3 (finding Google's responses to various
4  interrogatories "full and fair").  Google has previously detailed its position on the parties'
5  discovery disputes—including the ESI issues plaintiffs mischaracterize above—and will not
6  revisit those arguments here.  The second issue is that, even if plaintiffs' complaints were true,
7  they all predate the parties' February 2022 stipulation.  In other words, plaintiffs *knew* that they
8  had not yet taken any depositions when they agreed to complete discovery in four months.  There
9  is no basis, and certainly no "good cause," to blow up the parties' prior scheduling agreement.

10  This is not the first time the parties have disagreed about the schedule.  *See* Dkt. 194
11  (letter brief and competing proposals).  The Court has already resolved those disputes.  *See*
12  Dkt. 205 (Order Recommending Deadlines), Dkt. 208 (Case Management Order).  There is no
13  need to do so again now.  Google proposes that the Court simply update its prior schedule to
14  account for the eight-month stay:

| EVENT | PRIOR DEADLINE (Dkt. 208) | PROPOSED NEW DEADLINE |
|---|---|---|
| Substantial completion of production of custodial ESI; final privilege logs; complete other pre-certification fact discovery | May 5, 2022 | Jan. 13, 2023 |
| Plaintiffs' Class Certification Motion | July 1, 2022 | March 10, 2023 |
| Google's Opposition to Class Certification | Aug. 31, 2022 | May 5, 2023 |
| Plaintiffs' Class Certification Reply | Sept. 22, 2022 | May 26, 2023 |
| **Class Certification Hearing** | **Oct. 6, 2022 at 9:00 a.m.** | **June 15, 2023 at 9:00 a.m.** |

25  //
26  //
27  //
28  //

Dated: October 24, 2022

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

By: */s/ Michael W. Sobol*
MICHAEL W. SOBOL
MELISSA GARDNER
MICHAEL LEVIN-GESUNDHEIT
MICHAEL K. SHEEN
JALLÉ H. DAFA
JOHN D. MAHER

*Interim Co-Lead Class Counsel*

Dated: October 24, 2022

AHDOOT & WOLFSON, PC

By: */s/ Tina Wolfson*
TINA WOLFSON
THEODORE W. MAYA
HENRY J. KELSTON
BRADLEY K. KING

*Interim Co-Lead Class Counsel*

Dated: October 24, 2022

KEKER, VAN NEST & PETERS LLP

By: */s/ Benjamin Berkowitz*
BENJAMIN BERKOWITZ
THOMAS E. GORMAN
NICHOLAS D. MARAIS
CHRISTOPHER S. SUN
CHRISTINA LEE

*Attorneys for defendant GOOGLE LLC*

**ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), I attest that all signatories above have concurred in the filing of this document.

Dated: October 24, 2022        */s/ Michael W. Sobol*
　　　　　　　　　　　　　　　　　MICHAEL W. SOBOL