KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant GOOGLE LLC

AHDOOT & WOLFSON, PC
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
Henry J. Kelston (pro hac vice)
hkelston@ahdootwolfson.com
2600 West Olive Ave., Suite 500
Burbank, CA  91505
Telephone: 310.474.9111
Facsimile: 310.474.8585

Interim Co-Lead Class Counsel

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
Michael K. Sheen (SBN 288284)
msheen@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Nicholas Diamand (pro hac vice)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

Interim Co-Lead Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:      February 23, 2023<br>Time:      10:00 a.m.<br>Dept:      Courtroom 4 - 5th Floor<br>Judge:    Hon. Edward J. Davila |

## I.    PLAINTIFFS' STATEMENT

### A.    Status Report

Unfortunately, the parties were unable to settle this matter at the settlement conference held before Magistrate Spero on January 19, 2023, or during subsequent negotiations and discussions between counsel. Therefore, it appears necessary for the Court to enter an order lifting the stay and setting a schedule for continued litigation and class certification briefing.

The primary dispute at this point is Google's insistence on a relatively short discovery period once the current stay of litigation is lifted, versus Plaintiffs' more realistic proposal which recognizes the fact that Google has not collected or begun to review electronically stored information ("ESI") for production in this case; rather, Google's production to date has consisted primarily of documents it previously produced in the the State of Arizona's lawsuit challenging Google's location tracking practices. To be clear, Google has not yet produced a single document from a custodial file that was not previously produced in the Arizona action.

When the stay was implemented,[1] the parties had not reached agreement on such basic issues as the number of document custodians from whom Google would collect data for production in this action, or the search terms that would be applied to such data once it was collected, as detailed below. Meanwhile, although Plaintiffs gathered and produced to Google the relatively limited relevant documents in their possession, Google has pursued a no-holds-barred campaign to require production of every megabyte and megapixel that ever resided on any device ever used by Plaintiffs or their children, deflecting attention and resources away from Google's own, glaring deficiencies in the collection and production of truly relevant evidence.

Google has continued to thwart Plaintiffs' efforts to make progress while the stay has been in place, including by refusing to allow Plaintiffs' expert to view materials that Google designated "Highly Confidential" under the terms of the Protective Order in this action, on the contrived and unjustified basis that the expert might somehow offer Plaintiffs a litigation advantage by sharing information from other cases in which he has been retained adversely to Google. Plaintiffs thus

---

[1] This case has been stayed since February 22, 2022, to allow the parties to engage in mediation and focus on settlement negotiations. (See Dkts. 243, 248, 250, 252, 253, 256, 266.)

will have to file, and the Court will have to decide before Plaintiffs' expert can make progress, a motion on this issue.

The schedule going forward must recognize these and other realities concerning the state of discovery in this matter, and allow sufficient time for these disputes to be resolved; for data to be collected, reviewed, and produced by both parties; for the parties to review data produced to them; and for any disputes concerning the sufficiency of such productions to be resolved.

**B.      Case Schedule**

The parties' Joint Stipulation to Stay Discovery and Vacate Case Deadlines (Dkt. 243) provided that, in the event mediation was unsuccessful, the parties would submit "a proposed schedule for completing class certification discovery and briefing that allows for four months of discovery after the expiration of the stay and before the class certification deadline (without prejudice to any party seeking a further modification of the schedule for good cause)." Plaintiffs, with good cause, now propose the following schedule, which allows approximately eight months for additional class certification discovery.[2]

Plaintiffs' good cause to request for an extended period of additional discovery is demonstrated by the following non-exhaustive summary of the status of discovery prior to entry of the stay:

- The parties have not reached agreement on search terms and custodians and, when the stay was entered, appeared to be at impasse on those subjects. In the last Status Report submitted prior to entry of the stay (Dkt. 234), filed on January 27, 2022, Plaintiffs advised the Court that, despite the Court-ordered deadline to finalize custodians and search terms by January 13, 2022, Google was refusing to meaningfully engage with Plaintiffs on search terms and custodians. For example, while Plaintiffs had narrowed their list of proposed custodians from 52 to 35, Google remained intransigent in its refusal to collect documents from more than (at most) five custodians. After January

---

[2] Plaintiffs have shortened the time they are seeking for discovery from what they requested in the October 24, 2022, Joint Status Report (Dkt. 258), despite the clear need for significant time, in response to the Court's admonition at the last status conference, on November 3, 2022, that "ten months is a little long."

27, 2022, Google refused to continue meeting and conferring regarding custodians and search terms despite repeated requests from Plaintiffs.

- Google has not produced any custodial documents specific to this case, but has produced only documents previously produced in the the State of Arizona's lawsuit challenging Google's location tracking practices.[3]

- Google refuses to disclose the search terms (or other search methodology) used to locate the documents produced in the Arizona action.

- Google refuses to disclose even the discovery requests to which the documents produced in Arizona were responsive.

- Due to Google's failure to independently search for and produce relevant documents in this action, Plaintiffs have yet to take any depositions.

Plaintiffs also note with concern that two courts in this District recently have chastised Google for serious discovery misconduct that closely tracks Google's conduct in this case. In *In re Google Play Store Antitrust Litig.*, 3:21-md-02981-JD (N.D. Cal.), Doc. 429, Google admitted that it has failed to preserve chat communications for relevant custodians "[i]n any case filed" against it "in the United States in the past five years," including, presumably, for custodians relevant to this case. *Id.* at 2.[4]  In this case, Google has neither produced requested chats nor disclosed to Plaintiffs that it did not preserve the chats of relevant custodians, though Plaintiffs explicitly requested chats.

And Google was sanctioned nearly $1 million in *Brown v. Google LLC*, U.S. District Court, No. 4:20-cv-03664-YGR (N.D. Cal.), Dkts. 593-3, 631, for "failure to timely identify witnesses, additional documents and data sources relevant" to the litigation" (Dkt. 593-3 at ¶ 126). That case, like this one, concerns Google's alleged failure to honor privacy "controls" it

---

[3] On October 2, 2022, the Attorney General of Arizona announced an $85 million settlement with Google "for deceptively obtaining users' location data to make billions of dollars in profit."

[4] *See also* Dorothy Atkins, *"Why Did You Sit on This?" Judge Slams Google Over Chats*, Law360 (Jan. 31, 2023), *available at*: https://www.law360.com/classaction/articles/1571118/-why-did-you-sit-on-this-judge-slams-google-over-chats.

offers its users.[5]

Plaintiffs hope not to encounter similar problems in this case, but it is not realistic to assume that discovery will proceed quickly and smoothly on the short timeline that Google is urging here, in an effort to deprive Plaintiffs of relevant evidence. Plaintiffs therefore urge the Court to adopt the following schedule:

| Discovery Milestone | Deadline |
|---|---|
| Deadline for Parties to complete negotiations on custodians and search terms or file motion seeking appointment of discovery referee | March 23, 2023 |
| Google produces at least 50% of custodial ESI and privilege log | June 30, 2023 |
| Google completes production of custodial ESI and produces final privilege log | September 29, 2023 |
| Deadline for Substantial Completion of Fact Discovery in Advance of Class Certification | October 27, 2023 |

This request is consistent with the parties' past submissions to the Court, including the status report filed on February 16, 2022, wherein the parties agreed that if settlement negotiations were not successful, the anticipated proposal for a four-month period for additional discovery was "without prejudice to any party seeking a further modification of the schedule for good cause." (Dkt. 240). Given Google's previous persistent refusals to engage in cooperative discovery, its failures to meet and confer in good faith and dilatory conduct, Plaintiffs submit that ten months is the shortest period in which the parties can reasonably be expected to substantially complete fact discovery in advance of class certification.

---

[5] *See also* Mike Scarcella, *Google Hit With $971,000 Sanction For Litigation Misconduct in Privacy Suit*, Reuters (July 18, 2022), *available at*: https://www.reuters.com/legal/transactional/google-hit-with-971k-sanction-litigation-misconduct-privacy-suit-2022-07-15/.

**1.     Plaintiffs' Proposed Class Certification Schedule:**

| Event | Deadline |
|---|---|
| Plaintiffs file class certification motion and serve Rule 23 expert witness report(s), if any | December 8, 2023 |
| Google files class certification opposition and serve Rule 23 expert witness report(s), if any | March 1, 2024 |
| Plaintiffs file reply in support of motion for class certification | May 3, 2024 |
| Class certification hearing | May 31, 2024 (or the Court's next convenient date) |

\* \* \*

## II.     GOOGLE'S STATEMENT

### A.     Case Schedule

Today, for at least the third time in this case, plaintiffs' counsel seek to abandon a deal they negotiated and agreed to. *See* Dkt. 162 (Order) ("[T]he Court agrees with Google that Plaintiffs must abide by the terms of the stipulation they bargained for."); Dkt. 253 (confirming to the Court that the parties had "reached an agreement in principle as to the primary material terms (monetary and non-monetary)" of a settlement).

Plaintiffs act as if there were no schedule in place when this case was stayed. In truth, the Court previously evaluated and adjudicated the parties' positions on this very issue. Discovery reopened in February 2021. In December 2021, the Court set a series of deadlines, giving Plaintiffs' counsel another seven months, from December 2021 to July 2022, to complete discovery and file a motion for class certification. *See* Dkt. 208 at 2:1–12. The parties continued to pursue discovery until February 2022, when—with just two-and-a-half months of discovery left—they agreed to mediate. But, at the time, Google made clear that it would agree to stay this case ***only if*** Plaintiffs didn't use the stay to attempt to reboot the schedule. ***Plaintiffs agreed***, and the parties filed a stipulation confirming that, if talks failed, they would submit a revised schedule that "allow[ed] for four months of discovery" before the class certification deadline. Dkt. 243.

5

1    Plaintiffs also act as though the parties' stipulation were somehow optional, using this
2 "status report" as a motion for reconsideration of issues the Court previously resolved. (It is not
3 only the schedule that plaintiffs hope to revisit; they also attempt, once again, to sneak in
4 unilateral, *Google-only* deadlines that this Court has already rejected.)  Plaintiffs seek to renege
5 on their previous stipulation through the "good cause" exception—an attempt that fails for several
6 reasons. First, all of Plaintiffs' manufactured complaints predate the stay. If Plaintiffs were
7 worried that they had failed to take sufficient discovery, they knew that when they negotiated and
8 signed the four-month stipulation. Second, the "good cause" requirement means something in this
9 district, and courts routinely reject the very arguments plaintiffs make above. *See, e.g.*, *Rodriguez*
10 *v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 17905108, at *1 (N.D. Cal. Dec. 22, 2022) ("To
11 obtain an extension, Plaintiffs must show both their diligence in pursuing discovery and that good
12 cause exists to extend the discovery deadline. … Plaintiffs' arguments about the outstanding
13 discovery necessitated by Defendant's purported delinquency do not disturb this conclusion. As
14 Defendant correctly notes, the proper recourse for compliance with discovery obligations is to file
15 discovery motions or otherwise take prompt actions regarding the specific delinquencies
16 complained of, rather than requesting an extension on the eve of the end of the discovery
17 period.").

18    Nothing has changed since the parties and this Court agreed to stay proceedings on
19 February 22, 2022. It would not be unusual for the Court to simply "un-pause" proceedings and
20 for the parties to pick up exactly where they left off: with another 72 days of discovery followed
21 by 57 days for plaintiffs to move for class certification. (For illustration, these "equivalent"
22 deadlines are set out in Column 2 below.)  But the parties stipulated to "four months of
23 discovery" and should live by that stipulation. Google requests that the Court enter the revised
24 schedule in Column 3 below, which is consistent with both the Court's prior scheduling order and
25 the parties' four-month stipulation. This lawsuit was filed in *2018*; it is time to determine whether
26 Plaintiffs can certify a class.

27

28

| EVENT | 1. PRIOR COURT-ORDERED DEADLINE (Dkt. 208) | 2. DEADLINE IF STAY SIMPLY LIFTED | 3. PROPOSED DEADLINE PER STIPULATION |
|---|---|---|---|
| Substantial completion of production of custodial ESI; final privilege logs; complete other pre-certification fact discovery | May 5, 2022 | May 5, 2023 | June 23, 2023 |
| Plaintiffs' Class Certification Motion | July 1, 2022 | July 2, 2023 | August 21, 2023 |
| Google's Opposition to Class Certification | Aug. 31, 2022 | Sept. 1, 2023 | October 20, 2023 |
| Plaintiffs' Class Certification Reply | Sept. 22, 2022 | Sept. 22, 2023 | Nov. 10, 2023 |
| **Class Certification Hearing** | **Oct. 6, 2022 at 9:00 a.m.** | **Oct. 5, 2023 at 9:00 a.m.** | **Nov. 30, 2023 at 9:00 a.m.** |

**B.     Discovery Status**

Google does not believe that this status report is the time or place to re-litigate discovery disputes. But Plaintiffs insist on doing so, and Google feels compelled to correct a number of false claims.

*First*, Plaintiffs argue that Google "has not yet produced a single document … that was not previously produced" in other litigation—as though that means no discovery has taken place. In truth, Google has produced more than ***340,000*** pages of documents in this case, from ***19*** different custodians, including tranches of documents that Plaintiffs' counsel identified as critical and important for "streamlining" these proceedings. From Google's perspective, document discovery is almost complete. Since November 2021, Google has repeatedly asked Plaintiffs to identify any gaps in these productions; Plaintiffs have never done so. Above, they complain vaguely of "glaring deficiencies," but Google has no idea what that means, and Plaintiffs' counsel cannot cite to a single email, letter, or pleading that offers any insight.[6]  When Plaintiffs are ready

---

[6] It is true that the parties have separately reached an "impasse" on *supplemental* search

1    to discuss their purported concerns, rather than raising them for the first time in status reports,

2    Google is ready and willing to do so.

3         *Second*, Plaintiffs complain that they "have yet to take any depositions." Google has no

4    idea why they haven't. Google has encouraged it, as has Judge Cousins. *See, e.g.*, Hr'g

5    Tr. (June 16, 2021) ("THE COURT: … [I]f I were to proceed, myself, I would maybe start with a

6    deposition to get some background information from Google…"). Plaintiffs have more than

7    340,000 pages of documents from Google, and have had them since 2021. Nothing has stopped

8    them from noticing and taking depositions. But they cannot now use their own delays to demand

9    more time on the clock.

10        *Third*, Plaintiffs complain that they have been unable to focus on getting discovery from

11   Google because they were too busy turning over "every megabyte and megapixel" on any device

12   "ever used by Plaintiffs or their children." But they resisted producing anything until they were

13   ordered to do so by Judge Cousins. *See, e.g.*, Dkt. 226 (ordering plaintiffs to collect and process

14   their clients' email and custodial data). And they still have not produced *any* documents related to

15   their children, despite putting them at issue in this case. *See, e.g.*, Dkt. 164-1 at ¶ 17 (alleging that

16   Google tracked their children's "comprehensive location information"). These are issues that may

17   need to be resolved by Judge Cousins in the coming months. But if Google has had time to

18   request and move to compel production of the documents it needed, so too have Plaintiffs.

19        *Fourth*, Plaintiffs complain that Google is "thwarting" their progress by objecting to a

20   potential expert and thus preventing him from reviewing a few hundred documents designed

21   "Highly Confidential." Of course, under the protective order ("PO"), Google is entitled to object

22   to disclosed experts, especially where, as here, Plaintiffs have refused to answer any of Google's

23   questions about him. But Google hasn't "thwarted" the process. Nor could it: if Plaintiffs want to

24   disclose those documents to their proposed expert over Google's objection, they can file a

25   motion. *See* Dkt. 112 (PO) at § VII(4)(c) ("If no agreement is reached, the party seeking to make

26   _____

27   terms and custodians. There is no need for another month of negotiations on that front: the

     Court's deadline for briefing ESI disputes had passed before the stay and the parties have already

28   briefed their disputes for Judge Cousins. *See* Dkt. 234.

                                                        8

the disclosure to the expert may file a motion … seeking permission from the court to do so.").

And, as Google has made clear in correspondence, although the case is currently stayed, it is "not

opposed" to Plaintiffs filing their motion now and "would not argue that [it] should be denied

simply because it was untimely."

Plaintiffs' other purported "concerns" are copy-pasted from discovery disputes in different

lawsuits. Plaintiffs have never raised these "concerns" with Google, including before filing this

statement, a fact they concede above when they acknowledge that they "hope not to encounter

[these] problems in this case." Worse, Plaintiffs' allegations—for example, that Google has not

produced any chat messages in this action—are false, which Plaintiffs would know if they

reviewed the documents Google produced 14 months ago.

* * *

The parties' attempts to settle this dispute have failed. It is now time to return to litigation,

to wrap up the final few months of discovery, to brief class certification, and to litigate this matter

at summary judgment and trial if necessary. Google is ready to do so. Plaintiffs' counsel should

be too. Respectfully, Google simply asks that the Court hold the parties to their stipulation and

enter the schedule set out at 7:1–13 (Col. 3) above. As this Court previously held, "Plaintiffs must

abide by the terms of the stipulation they bargained for."  Dkt. 162.

Dated:  February 9, 2023                           KEKER, VAN NEST & PETERS LLP


                                         By:     _/s/ Nicholas D. Marais_
                                                 BENJAMIN BERKOWITZ
                                                 THOMAS E. GORMAN
                                                 NICHOLAS D. MARAIS
                                                 CHRISTOPHER S. SUN
                                                 CHRISTINA LEE

                                                 Attorneys for Defendant GOOGLE LLC

//

//

//

1

2

Dated:  February 9, 2023

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

3

4

By:     /s/ Michael W. Sobol
        MICHAEL W. SOBOL
        MELISSA GARDNER
        MICHAEL LEVIN-GESUNDHEIT
        MICHAEL K. SHEEN
        JALLÉ H. DAFA
        JOHN D. MAHER

5

6

7

        *Interim Co-Lead Class Counsel*

8

9

Dated:  February 9, 2023

AHDOOT & WOLFSON, PC

10

11

By:     /s/ Tina Wolfson
        TINA WOLFSON
        THEODORE W. MAYA
        BRADLEY K. KING
        HENRY J. KELSTON

12

13

14

        *Interim Co-Lead Class Counsel*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 5:18-cv-05062-EJD

1

**ATTESTATION**

2
          Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the

3
filing of this document has been obtained from the other signatories.

4

5
Dated:  February 9, 2023                              */s/ Tina Wolfson*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 5:18-cv-05062-EJD