| | |
|---|---|
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | AHDOOT & WOLFSON, PC |
| Michael W. Sobol (SBN 194857) | Tina Wolfson (SBN 174806) |
| msobol@lchb.com | twolfson@ahdootwolfson.com |
| Melissa Gardner (SBN 289096) | Theodore W. Maya (SBN 223242) |
| mgardner@lchb.com | tmaya@ahdootwolfson.com |
| Michael Levin-Gesundheit (SBN 292930) | Bradley K. King (SBN 274399) |
| mlevin@lchb.com | bking@ahdootwolfson.com |
| Michael K. Sheen (SBN 288284) | Henry J. Kelston (pro hac vice) |
| msheen@lchb.com | hkelston@ahdootwolfson.com |
| Jallé H. Dafa (SBN 290637) | 2600 West Olive Ave., Suite 500 |
| jdafa@lchb.com | Burbank, CA  91505 |
| John D. Maher (SBN 316157) | Telephone: 310.474.9111 |
| jmaher@lchb.com | Facsimile: 310.474.8585 |
| 275 Battery Street, 29th Floor | |
| San Francisco, CA 94111 | *Interim Co-Lead Class Counsel* |
| Telephone: 415.956.1000 | |
| Facsimile: 415.956.1008 | |

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Nicholas Diamand (pro hac vice)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

*Interim Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No.  5:18-cv-05062-EJD (NC)<br><br>**MOTION FOR PERMISSION TO DISCLOSE HIGHLY CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT**<br><br>Dept.      Courtroom 4 - 5th Floor<br>Judge:     Hon. Nathanael Cousins<br>Date:      April 5, 2023<br>Time:      1:00 pm<br>Location: Courtroom 5, 4th Floor |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION FOR PERMISSION TO DISCLOSE HIGHLY CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT ......................................... 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 2

    A. Plaintiffs Requested Permission to Disclose Certain Highly Confidential Materials to Dr. Shafiq. ................................................................................... 2

    B. The Parties Cannot Resolve Google's Objections. ................................................ 3

III. LEGAL STANDARD ........................................................................................................ 4

IV. ARGUMENT ..................................................................................................................... 5

    A. Disclosure of Highly Confidential Materials Is Reasonably Necessary. ............... 5

    B. Google Cannot Show That the Risk of Harm Outweighs Plaintiffs' Need to Disclose Highly Confidential Materials to Their Expert. ...................................... 6

    C. Google Rejected Plaintiffs' Compromise Proposal. .............................................. 9

V. CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

Page

**Cases**

*Advanced Micro Devices, Inc. v. LG Elecs. Inc.*,
  No. 14-CV-01012-SI, 2017 WL 3021018 (N.D. Cal. July 17, 2017) .................................. 4, 7

*Aristocrat Techs. v. Int'l Game Tech.*,
  No. C 06-3717 MJJ (JL), 2007 WL 9747650 (N.D. Cal. Apr. 3, 2007) .................................. 4

*Brown Bag Software v. Symantec Corp.*,
  960 F.2d 1465 (9th Cir. 1992) .................................................................................................. 4

*Calhoun v. Google LLC*,
  No. 4:20-cv-05146 (N.D. Cal.) ............................................................................................. 3, 8

*Elec. Scripting Prod., Inc. v. HTC Am. Inc.*,
  No. 17-CV-05806-RS (RMI), 2020 WL 1151190 (N.D. Cal. Mar. 10, 2020) ......................... 6

*GPNE Corp. v. Apple Inc.*,
  No. 5:12-cv-2885-LHK-PSG, 2014 WL 1027948 (N.D. Cal. Mar. 13, 2014) ......................... 4

*In re Google RTB Consumer Privacy Litigation*,
  No. 4:21-cv-02155 (N.D. Cal.) ............................................................................................. 3, 8

*In re Lithium Ion Batteries Antitrust Litig.*,
  No. 13-md-02420-YGR (DMR), 2017 WL 930317 (N.D. Cal. Mar. 9, 2017) ........................ 8

*Intel Corp. v. Tela Innovations Inc.*,
  No. 3:18-CV-02848-WHO, 2019 WL 2476620 (N.D. Cal. June 13, 2019) ............................ 6

*M.A. Mobile LTD. v. Indian Inst. of Tech. Kharagpur*,
  No. C08-02658 RMW HRL, 2010 WL 3490209 (N.D. Cal. Sept. 3, 2010) ............................ 4

*Symantec Corp. v. Acronis Corp.*,
  No. 11-5310-EMC-JSC, 2012 WL 3582974 (N.D. Cal. Aug. 20, 2012) ................................. 6

**Rules**

Fed. R. Civ. P. 26(c)(1)(G) ......................................................................................................... 4, 8

**NOTICE OF MOTION AND MOTION FOR PERMISSION TO DISCLOSE HIGHLY CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT**

PLEASE TAKE NOTICE that on April 5, 2023, at 1:00 pm, pursuant to Paragraph VII.4(c) of the Joint Stipulated Protective Order entered in this case (Dkt. 112), which directs the parties to "file a motion as provided in Civil Local Rule 7,"[1] Plaintiffs will and hereby do move the Court for an order permitting the disclosure of certain Highly Confidential Materials to Plaintiffs' expert Dr. Zubair Shafiq.  This motion is supported by (1) the accompanying brief; (2) the Declaration of Michael K. Sheen; (3) a proposed order pursuant to Civil Local Rule 7-2(c), and (4) and any other materials on the record the Court deems appropriate.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should permit the disclosure of Highly Confidential Materials to Plaintiffs' expert, based on a finding that the risk of harm such disclosure would entail does not outweigh Plaintiffs' need for disclosure.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In anticipation of the lifting of the stay of this action,[2] Plaintiffs have retained Dr. Zubair Shafiq, a computer science professor at the University of California, Davis, to apply his expertise in Internet privacy and security and assist in counsel's analysis of discovery concerning how Google collects, stores, and processes user location information.  In December, Plaintiffs disclosed their intention to share with Dr. Shafiq certain documents designated "Highly Confidential – Attorneys' Eyes Only" ("Highly Confidential Materials")[3] under the Joint Stipulated Protective Order in this action (Dkt. 112) ("Protective Order").  Google objected, and because the parties cannot resolve Google's objection, Plaintiffs now respectfully request that the Court grant them permission to share Highly Confidential Materials with Dr. Shafiq.

The purpose of the Protective Order provision allowing Google the opportunity to object

---

[1] In light of this provision of the Protective Order, Plaintiffs are not submitting a joint statement pursuant to the Magistrate Judge Cousins' Civil Standing Order.

[2] The Court lifted the stay of discovery in this action on February 23, 2023.  *See* Dkt. 272.

[3] Plaintiffs take no position as to the propriety of Google's confidentiality designations at this time.

1   prior to the disclosure of Highly Confidential Materials was to protect the company from an
2   unreasonable risk of *commercial harm*, such as when highly sensitive data is disclosed to a
3   business competitor. With respect to Dr. Shafiq, however, Google does not object that Dr.
4   Shafiq's access to information poses such a risk. Indeed, consistent with the highly restrictive
5   definition of "Expert" set forth in the Protective Order, Dr. Shafiq neither worked for nor intends
6   to work for Google or any of its competitors. That restriction, in the context of a technology
7   company operating as many businesses as Google, already tremendously limits the potential
8   universe of experts available to Plaintiffs. But Google seeks to impose the additional onerous
9   restriction of preventing Plaintiffs from choosing an expert who previously testified against
10  Google in unrelated litigation. Because Dr. Shafiq has offered expertise in two other matters
11  naming Google as a defendant, Google objects on the speculative basis that Dr. Shafiq might
12  somehow offer Plaintiffs a *litigation advantage* by improperly sharing information from the other
13  cases. When asked to substantiate its position, however, Google has been unable to articulate any
14  concrete risk of harm it faces.

15  The parties met and conferred to try and resolve this matter, but no agreement was
16  reached. Plaintiffs have complied with all pertinent provisions of the Protective Order, including
17  by retaining an expert who satisfies the agreed-upon restrictions and who poses no threat to
18  Google's commercial interests. The burden of proof now shifts to Google. Because Google
19  cannot meet its burden to show that any risk of harm is outweighed by Plaintiffs' need to disclose
20  relevant materials to their chosen expert, the Court should issue an order permitting the disclosure
21  of Highly Confidential Materials to Dr. Shafiq.

22  **II.     BACKGROUND**

23          **A.      Plaintiffs Requested Permission to Disclose Certain Highly Confidential
                     Materials to Dr. Shafiq.**
24

25  On December 8, 2022, in accordance with the Protective Order, Plaintiffs made a written
26  request to Google for permission to disclose Highly Confidential Materials to Dr. Shafiq.
27  Declaration of Michael K. Sheen ("Sheen Decl.") ¶ 3; *see* Protective Order ¶ VII.4(a)(2).
28  Plaintiffs identified Dr. Shafiq by name; the city and state of his primary residence; his current

1  employer; and all persons or entities from whom he has received compensation or funding for
2  work in his area of expertise, or to whom he has provided professional services, during the
3  preceding five years.  Sheen Decl. ¶ 3; *see* Protective Order ¶¶ VII.3(c), VII.4(a)(2).  Plaintiffs
4  also attached a copy of Dr. Shafiq's most recent curriculum vitae and listed the two cases in
5  which he has offered expert testimony in the preceding five years—*Calhoun v. Google LLC*, No.
6  4:20-cv-05146 (N.D. Cal.) ("*Calhoun*") and *In re Google RTB Consumer Privacy Litigation*, No.
7  4:21-cv-02155 (N.D. Cal.) ("*RTB*").  *Id*.  Further, in response to Google's request for additional
8  information, on December 19, 2022, Plaintiffs specified seven categories of Highly Confidential
9  Materials they intended to share with Dr. Shafiq: (1) information relating to Google's collection,
10 storage, and/or deletion of location information; (2) information relating to Google's processing
11 and/or analysis of location information, including the technological means used to determine a
12 user's location; (3) information relating to Google's uses of location information, including the
13 purposes of such uses; (4) information relating to user-level options, settings, preferences, or
14 other tools that affect whether Google stores and/or collects location information; (5) information
15 relating to user privacy, including users' expectations of privacy in their location information; (6)
16 information relating to user awareness of and/or consent to Google's policies and practices
17 concerning location information; and (7) information relating to the financial impact of Google's
18 collection, storage, and/or use of location information.  *Id*.

19 **B.    The Parties Cannot Resolve Google's Objections.**

20       On December 20, 2022, Google objected to the disclosure of any Highly Confidential
21 Materials to Dr. Shafiq.  Sheen Decl. ¶ 7.  Over the course of the next month and a half, the
22 parties met and conferred, by telephone on January 4, 2023 and through subsequent email
23 communications, regarding the scope and basis of Google's objection.  *Id*. ¶¶ 8-13.  As Google
24 explained, its primary concern was that Dr. Shafiq "will use information he learns in one case
25 while litigating another."  *Id*. ¶ 11.  But when asked to describe the types of information Dr.
26 Shafiq might disclose to attorneys, or Google's basis for expecting that Dr. Shafiq might actually
27 disclose such information, Google refused.  *Id*.  Without this information, Plaintiffs were left
28 unable to assess whether there is a genuine risk of harm to Google, or to determine whether

1  reasonable means could be used to reduce such a risk.  Nevertheless, in an attempt to resolve the
2  matter without Court intervention, on January 31, 2023, Plaintiffs proposed to remove the seventh
3  category of Highly Confidential Materials at issue (i.e., information relating to the financial
4  impact of Google's practices).  *Id*. ¶ 12.  Google rejected the offer.  *Id*. ¶ 13.  Google's objection
5  exceeds and contradicts the intentions of the objection process in the Protective Order and is
6  unnecessarily impeding Plaintiffs' preparation and analysis of discovery in this case.  This motion
7  follows.

8  **III.    LEGAL STANDARD**

9        Pursuant to Federal Rule of Civil Procedure 26(c), courts may issue protective orders
10 "requiring that a trade secret or other confidential research, development, or commercial
11 information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G)).
12 In issuing such orders, district courts "must strike a balance between a party's interest in
13 safeguarding its confidential information and the other side's right to broad discovery."  *M.A.*
14 *Mobile LTD. v. Indian Inst. of Tech. Kharagpur*, No. C08-02658 RMW HRL, 2010 WL 3490209,
15 at *1 (N.D. Cal. Sept. 3, 2010) (citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465,
16 1470-71 (9th Cir. 1992)).  In determining whether one party's expert may access another party's
17 sensitive information, courts look to whether that expert poses a "concrete risk of misuse" by
18 using the information in a competitive manner.  *Advanced Micro Devices, Inc. v. LG Elecs. Inc.*,
19 No. 14-CV-01012-SI, 2017 WL 3021018, at*2-3 (N.D. Cal. July 17, 2017); *see also GPNE Corp.*
20 *v. Apple Inc.*, No. 5:12-cv-2885-LHK-PSG, 2014 WL 1027948, at *2 (N.D. Cal. Mar. 13, 2014).
21 Ultimately, however, the party seeking to disclose the information "is owed some degree of
22 deference" in retaining and working with an expert of its choice.  *Advanced Micro Devices*, 2017
23 WL 3021018, at *2 (internal quotations omitted).  "Public policy favors allowing experts to
24 pursue their trade, allowing parties to select their own experts, and preventing parties from
25 creating conflicts solely to prevent their adversary from using the services of the expert."
26 *Aristocrat Techs. v. Int'l Game Tech.*, No. C 06-3717 MJJ (JL), 2007 WL 9747650, at *6 (N.D.
27 Cal. Apr. 3, 2007).
28       In seeking permission to disclose Highly Confidential Materials to their expert, Plaintiffs

1  must set forth the reasons why the disclosure is reasonably necessary, assess the risk of harm that
2  the disclosure would entail, and suggest any additional means that could be used to reduce that
3  risk.  Protective Order ¶ VII.4(c).  Then, the burden is on Google to prove any risk of harm that
4  disclosure would entail outweighs Plaintiffs' need to disclose the protected material.  *Id.*
5  ¶ VII.4(d).

**IV.     ARGUMENT**

For the reasons set forth below, the Court should permit Plaintiffs to disclose Highly Confidential Materials to their expert because such disclosure is reasonably necessary and any risk of harm to Google is minimal at best.

**A.     Disclosure of Highly Confidential Materials Is Reasonably Necessary.**

Discovery subject to Google's objection is voluminous and necessary to the work of Plaintiffs' retained expert.  Google has designated nearly one quarter of the documents produced in this action to date as "Highly Confidential," along with its responses to numerous interrogatories.  Sheen Decl. ¶ 2.  Plaintiffs reasonably expect that substantial portions of future productions and discovery responses will also be so designated.  *Id.*  These Highly Confidential Materials address, *inter alia*, Google's collection, storage, and processing of location information; the functionality of Google's technology; the purposes for which Google uses location information; users' awareness of Google's policies and practices; and users' expectations of privacy, concerning location information.  *Id.*  As the Court is well aware, Plaintiffs allege that despite assurances to the contrary, Google comprehensively tracked users' locations even when their Location History setting was set to off, by systematically gathering and storing users' detailed location information through a variety of methods (including through cell phone towers, Wi-Fi devices, Bluetooth-enabled devices, other account-level settings, and other means).  *See, e.g.*, Dkt. 164-1 (Am. Compl.) ¶¶ 1-3, 45-58.

Accordingly, to assist in their understanding of Google's technical documents, Plaintiffs have retained and begun working with Dr. Shafiq.  Because he possesses particularized knowledge about the technical methods companies use to collect and process user information, Dr. Shafiq's access to this highly technical material is reasonably necessary to support of

Plaintiffs' efforts to certify a class and prove their claims at trial. Dr. Shafiq's analysis of Google's documentation regarding location information is also necessary to determine, based on the information produced in this case, what additional discovery must be sought.

### B. Google Cannot Show That the Risk of Harm Outweighs Plaintiffs' Need to Disclose Highly Confidential Materials to Their Expert.

Permitting Google to bar the disclosure of these technical documents to Dr. Shafiq through an objection process that was intended to protect against competitive threats to its business would significantly and unnecessarily impair Plaintiffs' ability to prosecute and prove their data privacy claims. The risk that Google asserts Dr. Shafiq represents to its interests is not an appropriate basis to deprive Plaintiffs of the ability to work with the expert of their choosing. Certainly, it is unlike the types of risk typically recognized in this context. As was the case here, a two-tier confidentiality structure is usually imposed to ensure that the discovery process does not inadvertently result in harm to a company's legitimate business interests. *See Elec. Scripting Prod., Inc. v. HTC Am. Inc.*, No. 17-CV-05806-RS (RMI), 2020 WL 1151190, at *2-3 (N.D. Cal. Mar. 10, 2020) (finding a two-tier protective order was warranted to protect defendant's technical and financial information). Most commonly, courts will prohibit disclosure of a company's highly sensitive business information to individuals who may be in a position to misuse that information for commercial gain, because they are a former employee of the company or because they may be actively engaged with the company's competitors. *See Intel Corp. v. Tela Innovations Inc.*, No. 3:18-CV-02848-WHO, 2019 WL 2476620, at *13 (N.D. Cal. June 13, 2019) (barring defendant from sharing sensitive documents with expert who was a former employee and consultant of plaintiff); *Symantec Corp. v. Acronis Corp.*, No. 11-5310-EMC-JSC, 2012 WL 3582974, at *3 (N.D. Cal. Aug. 20, 2012) (denying disclosure to plaintiff's expert due to "tangible" commercial risk because expert actively consulted with defendant's competitors). Such a risk of commercial harm to Google is not present here. Unlike in patent disputes or cases involving the misappropriation of trade secrets, Plaintiffs and class members in this case are *consumers* seeking to vindicate their privacy rights—not *competing technology companies*. Moreover, consistent with the restrictions already agreed to in the governing Protective Order, Dr.

1  Shafiq has never been employed by Google or any of its competitors. *See* Sheen Decl. at ¶ 3, Ex.
2  A (Shafiq CV).  Nor has Dr. Shafiq been involved in competitive decision-making or product
3  development on behalf of any competitor.  *See id.*  Google cannot not dispute these facts.

4  Google's stated concern that Dr. Shafiq will share Highly Confidential Materials he
5  obtains in this litigation with attorneys in the *Calhoun* or *RTB* cases, or vice versa, is completely
6  speculative and ignores other procedural protections.  Google's position is almost nonsensical in
7  context—if factual information disclosed in one class action is so relevant that a person could not
8  help but consider it in another, the information likely would have been sought and produced in
9  good faith in both cases.  Unsurprisingly, other courts have rejected positions like Google's,
10 allowing opposing experts access to a company's sensitive information.  *See, e.g.*, *Advanced*
11 *Micro Devices, Inc.*, 2017 WL 3021018, at*2-3 (overruling the objecting party's contention that
12 the experts presented "a substantial risk of subconsciously misusing" confidential information and
13 holding there was no "concrete risk of misuse" because neither expert worked for a competitor
14 and the objecting party "provided no concrete evidence" regarding risk of commercial harm).  To
15 the extent Google contends Dr. Shafiq would share sensitive information he learns from *other*
16 cases with Plaintiffs' attorneys, barring Dr. Shafiq from accessing Highly Confidential Materials
17 produced in this case—the only outcome of upholding Google's objection—would not solve that
18 problem.  Indeed, any violations of the protective orders in the *Calhoun* or *RBT* cases are properly
19 addressed before those courts, not this one.[4]  On the other hand, to the extent Google suspects Dr.
20 Shafiq will violate the Protective Order and share Highly Confidential Materials with attorneys in
21 the *Calhoun* or *RBT* cases, it can offer no evidence that such misuse of materials is remotely
22 likely to happen.

23 First, Dr. Shafiq has agreed to be bound by the protective orders in all three cases, which
24 each prohibits the disclosure of Google's confidential information.  *See* Sheen Decl. ¶ 4.  Indeed,
25 each protective order expressly prohibits the use of Google's confidential information "for any
26 business purpose, *in connection with any other legal proceeding*, or directly or indirectly for any

---

[4] Moreover, under the Protective Order, experts like Dr. Shafiq may consult with Plaintiffs and review documents Google designates as "Confidential" without Google's approval.  *See* Protective Order ¶ VII.2(c).

- 7 -  
MOTION FOR PERMISSION TO DISCLOSE HIGHLY CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT  
CASE NO. 5:18-CV-05062-EJD

other purpose whatsoever." Protective Order ¶ VII.(1) (emphasis added); *Calhoun*, Dkt. 61 ¶ 7.1; *RTB*, Dkt. 59 ¶ 7.1. Dr. Shafiq is fully apprised of all of his obligations under the Protective Order. As demonstrated by Plaintiffs' disclosure, Dr. Shafiq is experienced in observing district court protective orders and has previously served as either a consulting or testifying expert in six litigation matters. *See* Sheen Decl. ¶¶ 5-6. Dr. Shafiq has never violated any protective order or otherwise misused confidential information. *See id*. ¶ 6.

Second, throughout the meet and confer process, Google has been unable to substantiate the nature and magnitude of any risk of harm. Specifically, Google cannot articulate concretely how the improper disclosure or misuse of Google's confidential information might occur in practice—including the types of information Dr. Shafiq might disclose improperly or the likelihood he might actually disclose such information. For example, Google has failed to describe the extent to which discovery produced in each case overlaps, and whether the materials it has already produced in one litigation might even be relevant to (but for some reason withheld in) another. Moreover, to the extent Dr. Shafiq is given access to Highly Confidential Materials in this action that turn out to be relevant to his work in *Calhoun* or *RTB*, it is unclear how such materials would not have been available to him in those cases to begin with.

Third, any risk of harm to Google is mitigated by the safeguards available to Google through the Protective Order and the Federal Rules. Unlike serious commercial harms that might result from a competitor's misuse of trade secrets, the type of alleged litigation harm Google contemplates here can be easily remedied by the terms of the Protective Order and by the Court's powers under Rule 26. *See* Fed. R. Civ. P. 26(c)(1)(G); *see also In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR (DMR), 2017 WL 930317, at *2-3 (N.D. Cal. Mar. 9, 2017) (holding that an expert's agreement to be bound by a protective order adequately safeguards the producing party's interests, even in the absence of provisions requiring advance disclosures regarding the expert).

Accordingly, Google's argument that Dr. Shafiq might somehow misuse Google's confidential information across cases, in violation of protective orders in those cases, is purely speculative. Without more, such unsubstantiated risk is insufficient to warrant restricting

MOTION FOR PERMISSION TO DISCLOSE HIGHLY CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT
CASE NO. 5:18-CV-05062-EJD

Pending.

Plaintiffs' ability to retain and disclose materials to their expert.

### C. Google Rejected Plaintiffs' Compromise Proposal.

Finally, Plaintiffs have made a good-faith effort to address Google's concerns. Despite Google's failure to articulate the risk of harm posed by disclosure to Dr. Shafiq, Plaintiffs have considered potential measures to mitigate any risk by narrowing the scope of Highly Confidential Materials to be disclosed. In an effort to reach compromise, Plaintiffs proposed narrowing the scope of the materials to be disclosed by omitting from the original list of categories information relating to "the financial impact of Google's collection, storage, and/or use of location information." Sheen Decl. ¶12. Google rejected this compromise. As described above, Google has not offered any explanation as to why the existing safeguards are insufficient to prevent or remedy any unauthorized disclosure of Google's confidential information. The Court should reject Google's baseless position that Dr. Shafiq will disclose information to attorneys in this case or the other matters in which Google is involved. Simply being retained by other clients for litigation purposes cannot create a risk of disclosure so substantial that it outweighs Plaintiffs' ability to share Highly Confidential Materials with an expert who has the particular technical skills to understand the core technology underlying Plaintiffs' privacy claims.

### V. CONCLUSION

Plaintiffs respectfully request that this Court permit Plaintiffs to disclose the following categories of Highly Confidential Materials to their expert, Dr. Shafiq: (1) information relating to Google's collection, storage, and/or deletion of location information; (2) information relating to Google's processing and/or analysis of location information, including the technological means used to determine a user's location; (3) information relating to Google's uses of location information, including the purposes of such uses; (4) information relating to user-level options, settings, preferences, or other tools that affect whether Google stores and/or collects location information; (5) information relating to user privacy, including users' expectations of privacy in their location information; and (6) information relating to user awareness of and/or consent to Google's policies and practices concerning location information.

| | | | |
|---|---|---|---|
| 1 | Dated:  February 28, 2023 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 2 | | | |
| 3 | | By: | */s/ Michael W. Sobol* |
| 4 | | | MICHAEL W. SOBOL |
| | | | MELISSA GARDNER |
| 5 | | | MICHAEL LEVIN-GESUNDHEIT |
| | | | MICHAEL K. SHEEN |
| 6 | | | JALLÉ H. DAFA |
| | | | JOHN D. MAHER |
| 7 | | | *Interim Co-Lead Class Counsel* |
| 9 | Dated:  February 28, 2023 | | AHDOOT & WOLFSON, PC |
| 11 | | By: | */s/ Tina Wolfson* |
| | | | TINA WOLFSON |
| 12 | | | THEODORE W. MAYA |
| | | | HENRY J. KELSTON |
| 13 | | | BRADLEY K. KING |
| 14 | | | *Interim Co-Lead Class Counsel* |

## ATTESTATION

Pursuant to Local Rule 5-1(h)(3), I attest that all signatories above have concurred in the filing of this document.

Dated:  February 28, 2023          By:     */s/ Michael W. Sobol*
                                                        MICHAEL W. SOBOL