1
2
3
4
5
6
7
8

KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

9

Attorneys for Defendant GOOGLE LLC

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

SAN JOSE DIVISION

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD (NC)<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR PERMISSION TO DISCLOSE HIGHLY CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT**<br><br>Date:          March 22, 2023<br>Time:          11:00 am<br>Location:    Courtroom 5, 4th Floor<br>Judge:        Hon. Nathanael M. Cousins<br><br>Date Filed:  November 2, 2018<br><br>Trial Date:  None Set |

DEFENDANT GOOGLE LLC'S OPPOSITION TO MOTION FOR PERMISSION TO DISCLOSE HIGHLY
CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT
Case No. 5:18-cv-05062-EJD (NC)

2099247

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ....................................................................................................1

II.  STATEMENT OF ISSUES TO BE DECIDED ..................................................2

III. BACKGROUND .....................................................................................................2

    A.   Plaintiffs requested permission to disclose Highly Confidential Materials to Dr. Shafiq. ............................................................................................2

    B.   Plaintiffs failed to meaningfully address Google's concerns. ..................................3

IV.  ARGUMENT ...........................................................................................................4

    A.   The Protective Order bars *any* misuse of Google's Confidential information. ...............................................................................................4

    B.   Plaintiffs Have Not Met Their Burdens Under the Protective Order ......................5

        1.   Plaintiffs fail to explain why disclosure is "reasonably necessary." ...........5

        2.   The risk of harm outweighs Plaintiffs' purported need to disclose Highly Confidential Material to Dr. Shafiq. ...............................................6

        3.   No remedy or safeguard, short of preventing disclosure, will protect Google's Highly Confidential information. .................................................8

V.   CONCLUSION .......................................................................................................10

DEFENDANT GOOGLE LLC'S OPPOSITION TO MOTION FOR PERMISSION TO DISCLOSE HIGHLY CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT
Case No. 5:18-cv-05062-EJD (NC)

2099247

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

5

*Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*
 No. C-09-02180 SBA DMR, 2011 WL 197811 (N.D. Cal. Jan. 20, 2011)...........................9

6

*Cheah IP LLC v. Plaxo, Inc.*,
 No. C-08-4872 PJH (EMC), 2009 WL 1190331 (N.D. Cal. May 4, 2009)............................9

7

8

*Interactive Coupon Marketing Group, Inc. v. H.O.T.! Coupons, LLC*,
 No. 98 C 7408, 1999 WL 618968 (N.D. Ill. Aug. 9, 1999)......................................................9

9

10

*Jochims v. Isuzu Motors, Ltd.*,
 145 F.R.D. 499 (S.D. Iowa 1992) ...........................................................................................8

11

*King Cnty. v. Merrill Lynch & Co.*,
 No. C10-1156-RSM, 2011 WL 3438491 (W.D. Wash. Aug. 5, 2011) ...................................7

12

13

*In re Lithium Ion Batteries Antitrust Litig.*,
 No. 13-md-02420-YGR (DMR), 2017 WL 930317 (N.D. Cal. Mar. 9, 2017) .......................8

14

15

*Martindell v. International Tel. & Tel. Corp.*,
 594 F.2d 291 (2d Cir. 1979).....................................................................................................8

16

*Midwest Gas Servs., Inc. v. Indiana Gas Co.*,
 No. IP 99-690-C-D/F, 2000 WL 760700 (S.D. Ind. Mar. 7, 2000) ........................................7

17

18

*Pellerin v. Honeywell Int'l Inc.*
 No. 11CV1278-BEN CAB, 2012 WL 112539 (S.D. Cal. Jan. 12, 2012)................................9

19

20

*Pintos v. Pac. Creditors Ass'n*,
 605 F.3d 665 (9th Cir. 2010) ...................................................................................................4

21

*ViaSat, Inc. v. Acacia Commc'ns, Inc.*,
 No. 16CV463 BEN (JMA), 2017 WL 840876 (S.D. Cal. Mar. 2, 2017) ................................5

22

23

*Wollam v. Wright Med. Grp., Inc.*,
 No. 10-CV-03104-DME-BNB, 2011 WL 1899774 (D. Colo. May 18, 2011).........................7

24

**Rules**

25

Fed. R. Civ. P. 26.................................................................................................................4, 7

26

27

28

DEFENDANT GOOGLE LLC'S OPPOSITION TO MOTION FOR PERMISSION TO DISCLOSE HIGHLY
CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT
Case No. 5:18-cv-05062-EJD (NC)

2099247

# I.     INTRODUCTION

Before embarking on discovery, the parties recognized that this lawsuit was likely to entail the production of sensitive "confidential, proprietary, or private information"—and they agreed that confidential information would be used *only* for purposes of *this* lawsuit. *See* Dkt. 112 (Protective Order, "PO"), § VII.1 (receiving party may use protected materials "only for prosecuting, defending, or attempting to settle this litigation"). More than that, the parties specifically agreed that confidential information "*shall not*" be used "in connection with *any* other legal proceeding, or directly or indirectly for any other purpose whatsoever." *Id.* (emphasis added).

Now, Plaintiffs have disclosed a potential expert, Dr. Muhammad Zubair Shafiq, to whom they seek permission to disclose essentially *all* of Google's "Highly Confidential" information. There are hundreds, if not thousands, of computer-science experts in the United States.  What sets Dr. Shafiq apart—and the reason Plaintiffs hope to engage him here—is that he is working simultaneously for other law firms in parallel cases against Google.  Plaintiffs have disclosed at least two such cases: *Calhoun v. Google LLC*, No. 4:20-cv-05146 (N.D. Cal.) and *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155 (N.D. Cal.).[1]  Indeed, Dr. Shafiq's *only* recent testifying experience is in cases against Google.  And Plaintiffs have *refused* to even tell Google whether and how many other matters and investigations Dr. Shafiq is currently working on against Google. In fact, Plaintiffs have refused to answer *any* of Google's questions during the parties' meet-and-confer efforts: they will not say when they retained Dr. Shafiq; they will not say whether they have already shared Google confidential information with him; and they will not say what other matters he is working on.  Without this information, Google cannot evaluate—and certainly cannot monitor—the obvious risk that Dr. Shafiq will use protected information disclosed in this litigation "in connection with any other legal proceeding."  And Plaintiffs'

---

[1] In each of the other cases where Dr. Shafiq has been engaged to testify against Google, the parties were bound by protective orders barring use of information "for any purpose other than prosecuting this litigation." Order Granting Stipulated Protective Order at 1, Calhoun, No. 4:20-cv-05146 (N.D. Cal.) (Dkt. 56); Order Granting (as modified by the Court) Stipulated Protective Order at 1, In re Google RTB Consumer Privacy Litig., No. 4:20-cv-05146 (N.D. Cal.) (Dkt. 59).

counsel, who presumably have all of this information, have refused to "suggest any additional means that could be used to reduce" these risks, as required by the PO.  *See* PO, § 4(c).

Accordingly, Google must oppose Plaintiffs' motion, and requests that the Court deny it.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should prevent disclosure of Highly Confidential Materials to Plaintiffs' proposed expert, Dr. Shafiq, because the risk of harm to Google outweighs Plaintiffs' need for disclosure.

## III.   BACKGROUND

### A.   Plaintiffs requested permission to disclose Highly Confidential Materials to Dr. Shafiq.

On December 8, 2022, Plaintiffs identified Dr. Shafiq as a potential expert and explained that they planned to disclose Highly Confidential Materials to him. *See* Declaration of Nicholas D. Marais ("Marais Decl."), Ex. A.

Plaintiffs also disclosed Dr. Shafiq's involvement in two other cases pending against Google: *Calhoun v. Google LLC* and *In re Google RTB Consumer Privacy Litig.  Id.*

Plaintiffs' original "disclosure" failed to comply with § VII.4(a)(2), which requires the disclosing party to identify what general categories of confidential information it intends to share with the expert.  When Google asked Plaintiffs for that information, they responded with *seven* categories that appear intended to capture *all* of Google's Highly Confidential documents:

> (1) information relating to Google's collection, storage, and/or deletion of location information; (2) information relating to Google's processing and/or analysis of location information, including the technological means used to determine a user's location; (3) information relating to Google's uses of location information, including the purposes of such uses; (4) information relating to user-level options, settings, preferences, or other tools that affect whether Google stores and/or collects location information; (5) information relating to user privacy, including users' expectations of privacy in their location information; (6) information relating to user awareness of and/or consent to Google's policies and practices concerning location information; and (7) information relating to the financial impact of Google's collection, storage, and/or use of location information.

*See* Marais Decl., Ex. A.

On December 20, 2022, pursuant to § VII.4(b) of the Protective Order, Google timely objected to disclosure of these broad categories of Highly Confidential information to Dr. Shafiq

2

DEFENDANT GOOGLE LLC'S OPPOSITION TO MOTION FOR PERMISSION TO DISCLOSE HIGHLY
CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT
Case No. 5:18-cv-05062-EJD (NC)

2099247

1    and explained its concerns regarding the significant risk of misuse.  *See id.* Ex. B ("Giving

2    Dr. Shafiq access to Protected Materials in this case would create a serious, unreasonable, and

3    unnecessary risk that he would disclose Google confidential information, whether intentionally or

4    inadvertently, to attorneys in other matters in which he is testifying against Google.").

5         **B.    Plaintiffs failed to meaningfully address Google's concerns.**

6         The parties met and conferred by telephone on January 4, 2023.  Google reiterated its

7    concerns that Dr. Shafiq's involvement in a series of matters adverse to Google introduced an

8    unmanageable risk that "Highly Confidential" information might—inadvertently or otherwise—

9    be used in other proceedings.  *Id.*

10        Google asked Plaintiffs whether they had shared any confidential information with

11   Dr. Shafiq. Marais Decl. ¶ 7. Plaintiffs refused to answer that question. *Id.*

12        Google asked whether Dr. Shafiq was working on any other matters adverse to Google

13   (besides the two identified), including in a consulting capacity. *Id.* ¶ 5. At first, Plaintiffs' counsel

14   agreed to investigate Dr. Shafiq's other consulting engagements. *See* Marais Decl., Ex. B ("We

15   asked whether Dr. Shafiq is working, advising, or otherwise consulting on any Google-related

16   matters other than Calhoun and RTB. You said that you would check. Please let us know."). But,

17   a week later, they refused to address Google's questions. *Id.* The only reasonable interpretation of

18   this change of position is that Dr. Shafiq ***is*** working on undisclosed matters adverse to Google and

19   has either (a) refused to provide that information to Plaintiffs' counsel or (b) has insisted that they

20   not disclose the existence of those matters to Google's counsel, even under the protections of the

21   PO. Surely, if he were conflict-free, Plaintiffs would simply say so. In any event, without this

22   information, Google lacks any visibility, and neither it nor this Court can assess how serious the

23   disclosure risks are—let alone attempt to monitor future violations.

24        During the parties' discussions, Google also asked Plaintiffs' counsel why they needed to

25   disclose such broad categories of information to a computer-science expert. Plaintiffs had no

26   answer.  *Id.* ¶ 4.  Plaintiffs have since proposed eliminating one of their proposed categories—

27   "information relating to the financial impact of Google's collection, storage, and/or use of

28   location information"—from their disclosures.  *See, e.g.*, Mot. at 6.

3

DEFENDANT GOOGLE LLC'S OPPOSITION TO MOTION FOR PERMISSION TO DISCLOSE HIGHLY
CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT
Case No. 5:18-cv-05062-EJD (NC)

2099247

1    On February 10, 2023, in the absence of additional information or any meaningful

2  compromise proposal from Plaintiffs, Google understood the parties had reached an impasse and

3  invited Plaintiffs to file a motion so that the Court could resolve the dispute. Marais Decl. ¶ 8.

4  **IV.   ARGUMENT**

5    **A.    The Protective Order bars *any* misuse of Google's Confidential information.**

6    Plaintiffs mischaracterize the Protective Order, incorrectly suggesting that it exists only

7  "to protect [Google] from an unreasonable risk of *commercial harm*…." Mot. at 5; *see also id. at*

8  9 (suggesting the objection process "was intended to protect against competitive threats to its

9  business"). But as that Order makes clear in its very first paragraph, the parties agreed that:

10    Disclosure and discovery activity in this action are likely to involve production of
11    confidential, proprietary, or private information for which special protection from
     public disclosure and from use ***for any purpose other than prosecuting this***
12    ***litigation*** may be warranted.

13  PO, § 1 (emphasis added); *see also id.* § VII.1 (receiving party may use protected material in

14  connection with "this litigation" and "shall not" use it "for any business purpose, in connection

15  with any other legal proceeding, or directly or indirectly for any other purpose whatsoever"). Of

16  course, courts have long granted protective orders to guard against risks other than "competitive

17  harm" from other market actors. Fed. R. Civ. P. 26(c) (granting protective orders to spare litigants

18  "annoyance, embarrassment, oppression, or undue burden or expense"); *see Pintos v. Pac.*

19  *Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (stating that Rule 26(c) protective orders are

20  analyzed under the general "good cause" standard, "balancing the needs for discovery against the

21  need for confidentiality"). And both the PO in this case and this District's Model Protective Order

22  make clear that the orders' principal goal is to protect against "use" of confidential materials "for

23  any other purpose other than prosecuting ***this*** litigation." Dkt. 112 (emphasis added).

24    Google's objection is not that Dr. Shafiq "poses" a risk of "commercial harm," as

25  Plaintiffs suggest. *See* Mot. at 7 ("Dr. Shafiq neither worked for nor intends to work for Google

26  or any of its competitors.") Google's objection is that, because Dr. Shafiq is now working on a

27  slate of cases against Google—at least three, but likely more—there is a substantially high risk

28  that he will inadvertently use or disclose confidential information he learns in one case while

4

DEFENDANT GOOGLE LLC'S OPPOSITION TO MOTION FOR PERMISSION TO DISCLOSE HIGHLY
CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT
Case No. 5:18-cv-05062-EJD (NC)

2099247

working on another.  This risk includes potential disclosure—whether inadvertent or otherwise—to parties, witnesses, attorneys and support staff involved in those other matters and investigations—none of whom have signed or are bound by the Protective Order in this case. That outcome is not just highly likely; it is almost inevitable.  This risk is further exacerbated by the fact that Plaintiffs will not identify *what* other investigations and cases Dr. Shafiq is working on against Google—effectively rendering it impossible for Google to evaluate or monitor the risk of such disclosures.

### B.    Plaintiffs Have Not Met Their Burdens Under the Protective Order.

To prevail on this motion, Plaintiffs must explain, "with specificity" and "in detail," (1) "the reasons why the disclosure to the expert is reasonably necessary," (2) "the risk of harm that the disclosure would entail," and (3) what "additional means could be used to reduce that risk." *See* PO, § 4(c).  Plaintiffs fail to address, let alone meet, those requirements.

### 1.    Plaintiffs fail to explain why disclosure is "reasonably necessary."

Plaintiffs offer only the most cursory explanations for why they need to retain Dr. Shafiq: they claim that he "possesses particularized knowledge" that he will use "to support [] Plaintiffs' efforts to certify a class and prove their claims at trial."  *See* Mot. at 5–6.  Of course, that same claim would be true of thousands of potential computer-science experts.  More is required to justify disclosure.  *See, e.g.*, *ViaSat, Inc. v. Acacia Commc'ns, Inc.*, No. 16CV463 BEN (JMA), 2017 WL 840876, at *2 (S.D. Cal. Mar. 2, 2017) (rejecting the assertion that proposed experts' "in-depth knowledge," without any support or explanation, as insufficiently detailed to demonstrate why disclosure is reasonably necessary).

Plaintiffs offer no explanation as to why *this* expert needs *these* documents.  At first, Plaintiffs refused to identify any categories of documents for disclosure—they simply declared that they intended to share "any and all" Highly Confidential documents with Dr. Shafiq:

> Plaintiffs intend to disclose to Dr. Shafiq information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including but not limited to ***any and all*** documents that have been produced to date with such designation, and any material that will be so designated in the future.

Marais Decl., Ex. A.  Now, Plaintiffs have "narrowed"[2] their proposal to six overbroad categories of "Highly Confidential" documents, apparently encompassing everything other than Google's financial information.[3]  What these disclosures make clear is that Plaintiffs have engaged in no meaningful effort to limit the scope of disclosure of Google's sensitive information.  Indeed, there is no connection at all between several of Plaintiffs' proposed categories—for example, Categories 3, 4, 5, and 6—and Dr. Shafiq's putative area of expertise. Category 3, for instance, refers to business information ("the purposes of … uses" of location information) and is irrelevant to Dr. Shafiq's supposed area of technical expertise.  Similarly, "user-level options" (Category 4), "users' expectations of privacy in their location information" (Category 5), and "user awareness of and/or consent to Google's policies and practices" (Category 6) relate to a lay user's interactions and experience with Google products and are irrelevant to technical expertise in computing methods. These are topics plainly outside of Dr. Shafiq's purported area of expertise, and Plaintiffs make no attempt to explain why it is "reasonably necessary" to disclose that information to him.

In the absence of any reasonable and articulated justification for disclosure, Plaintiffs' proposed broad disclosure of Google's Highly Confidential information fails to meet the Protective Order's requirements for both justification and tailoring.

### 2. The risk of harm outweighs Plaintiffs' purported need to disclose Highly Confidential Material to Dr. Shafiq.

Even if Plaintiffs had demonstrated that disclosure was reasonably necessary, the risk of harm Google faces outweighs Plaintiffs' purported need to disclose protected material to this proposed expert. *See* PO, § VII.4(d).

Here, the risks of inadvertent or intentional disclosure are real.  Plaintiffs' Motion all but concedes that cross-litigation disclosures—prohibited by the PO—are inevitable.  If Dr. Shafiq

---

[2] Plaintiffs state that they no longer seek to disclose to Dr. Shafiq "information relating to the financial impact of Google's collection, storage, and/or use of location information" (Category 7), a category clearly irrelevant to Dr. Shafiq's field of study. Mot. at 9.

[3] Plaintiffs' sworn statement that Google has designated as Highly Confidential "responses to numerous interrogatories" (Mot. at 5) is false. Google has designated only two responses Highly Confidential, and Google has only sought sealing of narrowly tailored portions of those responses. Dkt. 224. *See* Marais Decl., ¶ 9.

"is given access to Highly Confidential Materials in this action that turn out to be relevant to his work in *Calhoun* or *RTB*," Plaintiffs argue, then those materials ought to "have been available to him in those cases to begin with." *See* Mot. at 8:14–16.  But this argument undermines any credibility regarding the claim that Plaintiffs or Dr. Shafiq intend to—or even could—impose true barriers to the improper dissemination and disclosure of Google's protected information across the matters that Dr. Shafiq is involved with, whether as a testifying expert, consultant, or investigator.  Yet under the PO, Dr. Shafiq is prohibited from these cross-matter disclosures. PO, §§ 1; VII.1

Plaintiffs' contention that the law firms working with Dr. Shafiq in other disclosed and undisclosed matters would be entitled to this information through discovery in those separate matters is simply wrong.  First, to the extent Dr. Shafiq is working with other law firms in as-yet unfiled litigation matters, then neither Dr. Shafiq nor the lawyers he is working with in those matters are entitled to review Google's protected materials in connection with investigating and prosecuting those separate matters.  Second, even in connection with already-filed matters, courts routinely require litigants to "do their own work and request the information they seek directly" rather than exploiting "cloned discovery." *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, No. IP 99-690-C-D/F, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000). Rule 26 requires that courts "consider the relevance of the information sought to the specific claims and defenses in the *pending* case." *Wollam v. Wright Med. Grp., Inc.*, No. 10-CV-03104-DME-BNB, 2011 WL 1899774, at *2 (D. Colo. May 18, 2011) (emphasis added); *see* Fed. R. Civ. P. Rule 26(2)(c). In other words, it does not matter that information from one case may "turn out to be relevant" in another. In each matter, Plaintiffs "must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses." *King Cnty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011). Indeed, under the PO, Google agreed to produce sensitive Highly Confidential information in this case, knowing that such information would be protected from disclosure or use for any reason other than ***this litigation***.

Permitting Dr. Shafiq's parallel access (and inevitable use) of Google's Highly

7

DEFENDANT GOOGLE LLC'S OPPOSITION TO MOTION FOR PERMISSION TO DISCLOSE HIGHLY
CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT
Case No. 5:18-cv-05062-EJD (NC)

2099247

1  Confidential information in multiple parallel litigation matters and potential undisclosed

2  investigations would effectively undermine the terms of the Protective Orders in each of these

3  cases, and it would undermine judicial limits on Plaintiffs' access to "cloned discovery." Google

4  produced documents in reliance on the terms of the Protective Orders governing this case,

5  *Calhoun*, and *RTB*, and is "entitled to the benefit of its bargain; namely, to rely upon the terms of

6  the stipulated protective order." *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 502 (S.D. Iowa

7  1992); *see also Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)

8  (holding in a third-party intervention case that parties "should be entitled to rely upon the

9  enforceability of a protective order against any third parties").

10      On the other hand, Plaintiffs do not argue that they will be harmed if they are required to

11  find another expert.  There are likely thousands of qualified computer-science experts in the

12  United States who would be eager to assist—most of whom will not have the conflicts Dr. Shafiq

13  has. Nor do Plaintiffs suggest that Dr. Shafiq has invested significant time on this matter; to the

14  contrary, they have refused to say when he was retained or whether he has reviewed any

15  confidential information thus far.  The balance of harms clearly tips in Google's favor.

16      **3.**    **No remedy or safeguard, short of preventing disclosure, will protect Google's Highly Confidential information.**

17      To date, in both meet-and-confer discussions and their Motion, Plaintiffs have failed to

18  identify any "safeguards" that would reduce the risks of improper disclosure, as required under

19  the PO.  *See* PO, § 4(c).  Instead, they argue that these significant risks can be mitigated by the

20  Protective Order itself.  Mot. at 8:17–18.[4]

21      But the primary protection in the Protective Order to mitigate the risk of cross-use by

22

23  [4] The only case Plaintiffs cite in support of this argument is *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR (DMR), 2017 WL 930317, at *2-3 (N.D. Cal. Mar. 9, 2017), which they characterize as "holding that an expert's agreement to be bound by a protective order adequately safeguards the producing party's interests…."  *See* Mot. at 8:17–25.  But Plaintiffs misstate Judge Ryu's holding.  In the *Lithium* dispute, Canon moved to add a provision to the protective order that would require plaintiffs to identify their "as-yet undisclosed" experts before sharing confidential information—a request the Court concluded was "unnecessary" because those as-yet-unidentified consultants had already signed the PO's "agreement to be bound." *Id.* at *3. But the Court specifically ordered the parties to meet and confer about such experts "in advance of providing" material to them and made clear that Canon could object if it was unable to reach agreement. *Id.* at *3.

1  Dr. Shafiq is the objection process that is now playing out.  *See* PO § 4(c).  The objection

2  provision is present in the PO precisely to prevent the risk that Highly Confidential materials will

3  be disclosed to an expert whose possession of those materials creates heightened risk of improper

4  use or disclosure. Thus, Google's objection under the PO is the "safeguard" to "mitigate" the risk

5  of disclosure under these circumstances.

6  Contrary to Plaintiffs' claims, once such information is disclosed to an expert, the PO

7  does nothing to alleviate the risk of *inadvertent* or *inevitable* misuse by an expert such as Dr.

8  Shafiq who is working simultaneously on multiple known matters adverse to Google, as well as

9  potentially undisclosed matters against Google that Plaintiffs' counsel refuse to even identify.

10  Regardless of any question of "ethics," courts have enacted barriers to prevent litigation cross-

11  contamination, in "recognition of the limits of human beings to completely compartmentalize the

12  multiple sources from which they obtain information." *Cheah IP LLC v. Plaxo, Inc.*, No. C-08-

13  4872 PJH (EMC), 2009 WL 1190331, at *2 (N.D. Cal. May 4, 2009) (citing *Interactive Coupon*

14  *Marketing Group, Inc. v. H.O.T.! Coupons, LLC*, No. 98 C 7408, 1999 WL 618968, at *23 (N.D.

15  Ill. Aug. 9, 1999)). This is because "it is very difficult for the human mind to compartmentalize

16  and selectively suppress information once learned, no matter how well-intentioned the effort may

17  be to do so." *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*, No. C-09-02180

18  SBA DMR, 2011 WL 197811, at *3 (N.D. Cal. Jan. 20, 2011). *See also Pellerin v. Honeywell*

19  *Int'l Inc.*, No. 11CV1278-BEN CAB, 2012 WL 112539, at *3 (S.D. Cal. Jan. 12, 2012) ("[T]he

20  human brain does not compartmentalize information" effectively enough to "only rely upon what

21  is provided . . . in the litigation.").  And Plaintiffs' refusal to answer basic questions about Dr.

22  Shafiq's other engagements against Google only exacerbates Google's concerns that it has no

23  way to understand or monitor the extent of the risk it faces.

24  Given the heightened risk to Google—and Plaintiffs' counsel's refusal to provide

25  information about Dr. Shafiq's engagements or to propose any reasonable limits or safeguards to

26  protect against cross-use or disclosure—disclosure of Google's Highly Confidential information

27  to Dr. Shafiq under the PO would be improper.

28

9

DEFENDANT GOOGLE LLC'S OPPOSITION TO MOTION FOR PERMISSION TO DISCLOSE HIGHLY
CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT
Case No. 5:18-cv-05062-EJD (NC)

2099247

1

## V.     CONCLUSION

2         For the foregoing reasons, Google respectfully requests that this Court deny Plaintiffs'

3  motion for permission to disclose any Highly Confidential materials to Dr. Shafiq.

4

5  Dated:  March 14, 2023                              KEKER, VAN NEST & PETERS LLP

6

7                                          By:    /s/  Nicholas D. Marais
                                                 BENJAMIN BERKOWITZ
8                                                THOMAS E. GORMAN
                                                 NICHOLAS D. MARAIS
9                                                CHRISTOPHER S. SUN
                                                 CHRISTINA LEE
10
                                                 Attorneys for Defendant GOOGLE LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GOOGLE LLC'S OPPOSITION TO MOTION FOR PERMISSION TO DISCLOSE HIGHLY
CONFIDENTIAL MATERIALS TO PLAINTIFFS' EXPERT
Case No. 5:18-cv-05062-EJD (NC)
2099247