1   KEKER, VAN NEST & PETERS LLP
    BENJAMIN BERKOWITZ - # 244441
2   bberkowitz@keker.com
    THOMAS E. GORMAN - # 279409
3   tgorman@keker.com
    NICHOLAS D. MARAIS - # 277846
4   nmarais@keker.com
    CHRISTOPHER S. SUN - # 308945
5   csun@keker.com
    CHRISTINA LEE - # 314339
6   clee@keker.com
    633 Battery Street
7   San Francisco, CA 94111-1809
    Telephone:    415 391 5400
8   Facsimile:    415 397 7188

9   Attorneys for Defendant GOOGLE LLC

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13                                          Case No. 5:18-cv-05062-EJD

14  IN RE:  GOOGLE LOCATION HISTORY       **DECLARATION OF NICHOLAS D.**
    LITIGATION                            **MARAIS IN SUPPORT OF GOOGLE'S**
15                                        **OPPOSITION TO PLAINTIFF'S**
                                          **MOTION FOR PERMISSION TO**
16                                        **DISCLOSE HIGHLY CONFIDENTIAL**
                                          **MATERIALS TO PLAINTIFFS'**
17                                        **EXPERT**

18                                        Date:        March 22, 2023
                                          Time:        11:00 am
19                                        Dept:        Courtroom 5, 4th Floor
                                          Judge:       Hon. Nathanael M. Cousins
20
                                          Date Filed:  November 2, 2018
21
                                          Trial Date:  None Set
22

23

24

25

26

27

28

I, Nicholas D. Marais, declare as follows:

1.      I am an attorney at law admitted to practice in California and a partner at the law firm of Keker, Van Nest and Peters, LLP, counsel for Google in this matter. I make this declaration in support of Google's Opposition to Plaintiffs' Motion for Permission to Disclose Highly Confidential Materials to Plaintiffs' Expert. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.      On December 8, 2022 counsel for Plaintiffs emailed Google identifying Dr. Shafiq as a potential expert and noting that they intended to disclose Highly Confidential Materials to him.

3.      In response to Plaintiffs' December 8, 2022 email, and consistent with the disclosure procedures in the Stipulated Protective Order, we asked Plaintiffs' counsel to identify the general categories of Highly Confidential information they intended to share with Dr. Shafiq. Plaintiffs' counsel replied with a list of seven categories.  A true and correct copy of this email exchange is attached hereto as **Exhibit A.**

4.      On January 4, 2023, the parties met and conferred. I asked Plaintiffs' counsel why they needed to disclose such broad categories of information to a computer-science expert. In particular, I asked why Plaintiffs needed to disclose "information relating to the financial impact of Google's collection, storage, and/or use of location information" (Category 7) to Dr. Shafiq. Plaintiffs did not offer any justification.

5.      On January 8, 2023, in an email to counsel for Plaintiffs, I asked what other matters Dr. Shafiq is "engaged in (or otherwise working on) that are adverse to Google, whether in a testifying or consulting role." Plaintiffs' counsel declined to address this question. On January 20, 2023, I asked again, and again, Plaintiffs' counsel declined to respond. A true and correct copy of this email exchange is attached hereto as **Exhibit B**.

6.      On January 20, 2023, I also reminded Plaintiffs' counsel that, although "[w]e have asked when you retained Dr. Shafiq and whether you have shared any Confidential materials with him," they had been "unwilling to answer those questions." When Plaintiffs' counsel responded, on January 31, 2023, they did not address this issue. *See* Ex. B.

2100686

7.     I have also repeatedly asked Plaintiffs' counsel whether Dr. Shafiq has already accessed any confidential materials. For example, on January 20, 2023, I wrote: "In your January 11 email, you said that you had 'confirmed with Dr. Shafiq that he has not had access to Google confidential materials in any other case.' It's unclear whether you meant 'in *any* other case,' as you wrote, or 'in any case other than *Calhoun* and *RTB*.' Can you please let us know which it is?  Has he had access to Google documents in connection with *Calhoun* and/or *RTB*?" Plaintiffs' counsel declined to answer these questions. *See* Ex. B.

8.     On February 10, 2023, in an email to counsel for Plaintiffs, I stated, "[W]hile we are always willing to meet and confer, I'm not sure another round of discussions makes sense here" and noted that counsel for Plaintiffs had refused to answer any questions regarding Dr. Shafiq or share legal authority. I further stated, "We understand that plaintiffs intend to file a motion under Section VII.4.c of the Protective Order, which, on the current record, Google expects to oppose. If you want to discuss any of this further by phone, just let me know. And, of course, if plaintiffs are willing to answer our questions or share legal authority for their position, we remain[] willing to consider that information." A true and correct copy of this email exchange is attached hereto as **Exhibit C**.

9.     Over the course of discovery, Google has responded to seven interrogatories from Plaintiffs. Of these seven interrogatories, Google has designated only two responses—to Plaintiffs' fourth and fifth interrogatories—as Highly Confidential, and Google has sought sealing of only narrowly tailored portions of those responses.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 14, 2023 in San Francisco, California.

NICHOLAS MARAIS

# Exhibit A

| From: | Sheen, Mike |
|---|---|
| To: | Nic Marais |
| Cc: | Google Location History Plaintiffs" Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com); GPRIV-KVP |
| Subject: | RE: [EXTERNAL] RE: In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) |
| Date: | Monday, December 19, 2022 4:26:04 PM |

[EXTERNAL]

Nic,

Plaintiffs plan to disclose to Dr. Shafiq the following general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information:

- Information relating to Google's collection, storage, and/or deletion of location information;
- Information relating to Google's processing and/or analysis of location information, including the technological means used to determine a user's location;
- Information relating to Google's uses of location information, including the purposes of such uses;
- Information relating to user-level options, settings, preferences, or other tools that affect whether Google stores and/or collects location information;
- Information relating to user privacy, including users' expectations of privacy in their location information;
- Information relating to user awareness of and/or consent to Google's policies and practices concerning location information; and
- Information relating to the financial impact of Google's collection, storage, and/or use of location information.

Thanks,
Mike

---

**From:** Nic Marais <NMarais@keker.com>
**Sent:** Friday, December 16, 2022 5:46 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** [EXTERNAL] RE: In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.)

Mike,

Under the Stipulated Protective Order, a party seeking to approve an expert must make certain disclosures, which include "identif[ying] the general categories of [AEO] information that" it "seeks permission to disclose" to its proposed expert. *See* Dkt. 121 (SPO), § VII.4(a)(2). Having agreed to follow these procedures, plaintiffs cannot ignore them. And your description below—"any and all [AEO] documents that have been produced" or "will be" produced in the future—is not a description of "categories of … information." Once you provide us with the required disclosures, we will consider

them and let you know our client's position.

Thanks,
Nic

---

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Thursday, December 8, 2022 11:42 AM
**To:** GPRIV-KVP <GPRIV-KVP@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>
**Subject:** In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.)

Counsel,

In accordance with Section VII.4(a)(2) of the Joint Stipulated Protective Order in this action (Dkt. 112), Plaintiffs hereby disclose the following information regarding their expert, Dr. Muhammad Zubair Shafiq.

1. Plaintiffs intend to disclose to Dr. Shafiq information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including but not limited to any and all documents that have been produced to date with such designation, and any material that will be so designated in the future.
2. Dr. Muhammad Zubair Shafiq currently resides in Woodland, California.
3. Attached please find a copy of Dr. Shafiq's current resume.
4. Dr. Shafiq is currently employed by the Department of Computer Science, at the University of California Davis.
5. Dr. Shafiq has received compensation or funding from the following persons or entities for work in his area of expertise or for professional services rendered, in the preceding five years:
   - Bleichmar Fonti & Auld LLP
   - Center for Information Technology Research in the Interest of Society (CITRIS) and the Banato Institute, University of California
   - DiCello Levitt Gutzler LLP
   - Lieff Cabraser Heimann & Bernstein, LLP
   - Minim
   - National Science Foundation

Pritzker Levine LLP
- Siemens
- Simmons Hanly Conroy LLC
- UC Noyce Institute, University of California Davis
- University of California Davis
- University of California System
- Verizon Digital Media Services

6. Dr. Shafiq has offered expert testimony in the following litigations in the preceding five years:
   - *Calhoun v. Google LLC*, No. 4:20-cv-05146 (N.D. Cal.)
   - *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155 (N.D. Cal.)

Thank you,
Mike

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Mike Sheen**
msheen@lchb.com
t 415.956.1000
f 415.956.1008
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

# Exhibit B

| | |
|---|---|
| **From:** | Sheen, Mike |
| **To:** | Nic Marais |
| **Cc:** | Google Location History Plaintiffs" Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com); GPRIV-KVP |
| **Subject:** | RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq |
| **Date:** | Tuesday, January 31, 2023 8:50:22 AM |

---

**[EXTERNAL]**

---

Nic,

We do not agree with Google's interpretation of the case law and do not see any authority that justifies preventing Dr. Shafiq from accessing Highly Confidential information under the circumstances presented here.  We see no basis for you to demand even more information regarding Dr. Shafiq's engagements beyond what the parties agreed to in the protective order, nor do we see how such disclosure would be useful in addressing Google's stated objections.

With respect to the Highly Confidential information at issue, Google still has not provided a description of the types of information that someone in Dr. Shafiq's position might disclose to attorneys in the other matters (or to us here), or the likelihood that Dr. Shafiq might actually disclose such information.  Accordingly, Google has not articulated any actual or concrete risk that would warrant preventing disclosure of Highly Confidential information to Dr. Shafiq.  Your accusations regarding the purpose of Dr. Shafiq's engagement are incorrect.  As we have told you, we engaged Dr. Shafiq in this matter for his relevant expertise, not because of his limited history as a testifying expert or to gain access to discovery in other litigation.

The parties need to resolve this dispute expeditiously given the status of the litigation.  In an effort to reach a compromise, we propose narrowing the scope of materials we plan to disclose to Dr. Shafiq, by removing the category of "[i]nformation relating to the financial impact of Google's collection, storage, and/or use of location information" from the list we sent on December 19, 2022.  Please let us know if Google would agree to this limitation and drop its objections.  We are happy to meet and confer this week regarding this proposal, but if the parties cannot come to an agreement, Plaintiffs plan to file a motion with the Court in advance of the February 23 status conference.
Thank you,
Mike

**From:** Nic Marais <NMarais@keker.com>
**Sent:** Friday, January 20, 2023 3:06 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Mike,

The purpose of the meet-and-confer process is for the parties to explain their positions and for us to see if we can find some sort of compromise. Accusing me, as you do below, of offering only "vague" explanations and being "unable to provide a concrete basis for Google's position" is wrong and counterproductive. You have my emails and you were on the call. We have explained Google's position at some length. You're obviously entitled to disagree with it, or to ask me to set it out again if you need me to. But pretending that I haven't told you what Google's position is won't get us any closer to resolving this issue.

As we have already explained, it seems clear that plaintiffs have sought Dr. Shafiq out specifically because he is working on other Google matters. Indeed, as you acknowledged on our call, Dr. Shafiq has apparently had only two testifying engagements in the past five years—*both* in cases against Google. That's obviously not a coincidence. *Cf. Pellerin v. Honeywell Int'l Inc.*, No. 11CV1278-BEN CAB, 2012 WL 112539, at *3 (S.D. Cal. Jan. 12, 2012) (plaintiffs "offered no representation that [the expert's] expertise is rare, or that there are few experts on the topic. It appears [the expert's] expertise in this field is of particular value to [the plaintiff] mainly because of his former relationship with the defendant, but that is the reason to disqualify him."). In this case, plaintiffs have long sought access to "cloned discovery"; this appears to be yet another attempt to achieve the same end. But, whether or not plaintiffs' *goal* is to leverage Dr. Shafiq's existing Google experience, there is no doubt that having him work on multiple Google-related matters simultaneously introduces a real and significant risk that, whether intentionally or inadvertently, he will use information he learns in one case while litigating another.

You dismiss these risks as "vague" and "speculative"—but we don't. Courts routinely recognize that "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*, No. C-09-02180 SBA DMR, 2011 WL 197811 at *5 (N.D. Cal. Jan. 20, 2011). "[T]he human brain does not compartmentalize information" effectively enough to "only rely upon what is provided . . . in the litigation." *Pellerin*, 2012 WL 112539, at *3 (S.D. Cal. Jan. 12, 2012). And although you have suggested that any violations of the Protective Order are currently hypothetical, courts can and do act to prevent prospective violations. For instance, in *PepsiCo, Inc. v. Redmond*, the Seventh Circuit held that injunctions to prevent future violations of a confidentiality agreement can be appropriate, regardless of whether an individual has promised to abide by the terms of the agreement, because unless an individual "possesse[s] an uncanny ability to compartmentalize information, he w[ill] necessarily be making decisions … by relying on his knowledge" of protected information. *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1269-70 (7th Cir. 1995). The Fifth Circuit upheld an injunction in a similar context, explaining that the relevant individual would otherwise be placed "in a position where he will be constantly called upon to decide what he believes he can and cannot properly disclose . . . Even assuming the best of good faith, [he] will have difficulty preventing his knowledge . . . from infiltrating his work." *FMC Corp. v. Varco Intern., Inc.*, 677 F.2d 500, 505 (5th Cir. 1982). When we asked whether you had considered or implemented any additional protections to limit the risk of this sort of disclosure, you said you hadn't, apparently because you believe we need nothing more than the PO. But the PO wasn't drafted with this particular situation in mind—one where a witness's ongoing engagements create a daily risk of disclosure.

I want to make sure we're clear about plaintiffs' position on a few issues, some of which we've raised before:

1. We have asked (a) when you retained Dr. Shafiq and (b) whether you have shared any Confidential material with him to date. You were unwilling to answer those questions.
2. We asked whether Dr. Shafiq is working, advising, or otherwise consulting on any Google-related matters *other than Calhoun* and *RTB*. You said that you would check. Please let us know.
3. In your January 11 email, you said that you had "confirmed with Dr. Shafiq that he has not had access to Google confidential materials in any other case." It's unclear whether you meant "in any other case," as you wrote, or "in any case other than *Calhoun* and *RTB*." Can you please let us know which it is? Has he had access to Google documents in connection with *Calhoun* and/or *RTB*?
4. When we spoke on January 4, Ted asked whether Google would consider dropping its objection to Dr. Shafiq if we could narrow the category of documents that plaintiffs need to share with Dr. Shafiq. As I said to you at the time, that may be a productive avenue for us to explore. If plaintiffs want to send us a revised, narrower list of categories, we will discuss it with Google.

We look forward to hearing from you, and to seeing any authority you believe supports your position.

Thanks,
Nic

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

**From:** Nic Marais
**Sent:** Friday, January 13, 2023 2:17 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Mike,

We are willing to discuss this issue further—and to see whether we can resolve it among ourselves—after next week's settlement conference, if that conference is unsuccessful. If we end up having to brief this dispute, as you "anticipate" will be the case, then we understand that you would like to do so in advance of the February 23 CMC. We are not opposed to your doing that. Of course, the case *is* stayed, and I expect both sides would need to flag that fact for the Court—but Google would not argue that your motion should be denied simply because it was untimely.

I'll get back to you on your other requests, including your request for authority, next week.

Best,
Nic

---

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Wednesday, January 11, 2023 3:40 PM
**To:** Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

**[EXTERNAL]**

Nic,

As we explained last week, nothing in the Protective Order in our case prohibits Dr. Shafiq from consulting with a client that may be in an adversarial relationship with Google—including Plaintiffs in this case.  Indeed, nothing prevents Plaintiffs from sharing with Dr. Shafiq already-produced documents designated "CONFIDENTIAL" by Google in this case.  Disclosure of Dr. Shafiq's engagements on other matters, to the extent he consulted with a client who may be adverse to Google, is neither required by the Protective Order nor relevant to the narrow context we currently find ourselves in—i.e., whether Plaintiffs may disclose to their retained expert materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Highly Confidential information").  To be clear, Plaintiffs retained Dr. Shafiq for his relevant expertise.  Nevertheless, to address Google's concern

that Plaintiffs are somehow "attempt[ing] to pursue 'cloned discovery,'" we have now confirmed with Dr. Shafiq that he has not had access to Google confidential materials in any other case.

Google's separate concern that Dr. Shafiq might somehow "disclose Google confidential information, whether intentionally or inadvertently, to attorneys" in the *Calhoun* and *RTB* matters, however, appears based on unfounded speculation that Dr. Shafiq will violate the Protective Order in this case (to which he has already agreed to be bound).  During our call last week, we asked Google to describe the types of information that someone in Dr. Shafiq's position might disclose (inadvertently or otherwise) to attorneys in the other matters, or the likelihood that Dr. Shafiq might actually disclose such information.  Apart from a vague reference to one's inability to "partition" information learned from multiple cases, you have been unable to provide a concrete basis for Google's position, such that we might consider additional safeguards here.  Nor have you offered any explanation why the existing procedural and substantive safeguards in place would be insufficient to prevent or remedy any unauthorized disclosure of Google's confidential information.  Moreover, you have yet to point to any legal authority to support Google's position, after we asked twice.

As we understand it, Google's current position is that unless Dr. Shafiq withdraws from or otherwise terminates his involvement in the *Calhoun* and *RTB* matters, Plaintiffs should be barred from disclosing to him Highly Confidential information in connection with his consulting or possibly testifying roles in this action.  Assuming Google will not materially change its position, or offer a reasonable compromise, we anticipate the parties will be unable to resolve their dispute and will need brief it for the Court.  We look forward to hearing this week whether Google would be willing to brief the issue in advance of the February 23 CMC.

Thanks,
Mike

---

**From:** Nic Marais <NMarais@keker.com>
**Sent:** Sunday, January 8, 2023 9:10 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Mike,

As I explained last week, the parties and the Court agreed to stay these proceedings so that we could focus on settlement efforts. That's what we should be doing. As a courtesy, I told you that we would check with our client as to whether we would be willing to brief this dispute—assuming we are unable to resolve it among ourselves—between the January 19 settlement conference and the February 23 CMC. I will discuss that with them and get back to you this week.

In the meantime, while we appreciate your representation below about Dr. Shafiq's work, it doesn't

answer our question. What we need to know is: what other matters is Dr. Shafiq engaged in (or otherwise working on) that are adverse to Google, whether in a testifying or consulting role? We are aware of *RTB* and *Calhoun*. Are there any others?

Thanks,
Nic

---

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Thursday, January 5, 2023 11:57 AM
**To:** Sheen, Mike <msheen@lchb.com>; Emily Wang <EWang@keker.com>; Ben Berkowitz <BBerkowitz@keker.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Nic,

Following up on our meet and confer yesterday, we can confirm Dr. Shafiq has not had access to Google confidential materials in any other case (apart from the ones we discussed) over the preceding five years.

We would like to set up a follow-up call with you to discuss next steps. Please let us know your availability tomorrow or Monday for such a call. In the meantime, please send us any legal authority on which Google is relying to support its objections, and let us know Google's positions regarding the suggestions we made about removing document categories and the timing of a potential motion.

Thanks,
Mike

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Wednesday, December 28, 2022 10:10 AM
**To:** 'Emily Wang' <EWang@keker.com>; Ben Berkowitz <BBerkowitz@keker.com>; Nic Marais

<NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Hi Emily,

We are free for a meet and confer at 9am on January 4.  I can send around a dial-in.

Thanks,
Mike

---

**From:** Emily Wang <EWang@keker.com>
**Sent:** Monday, December 26, 2022 2:13 PM
**To:** Sheen, Mike <msheen@lchb.com>; Ben Berkowitz <BBerkowitz@keker.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Hi Mike,

We are available to meet and confer at either 9 am or 4 pm on January 4th, whichever you prefer.

Thank you,
Emily

---

**Emily L. Wang**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2293 direct | 415 391 5400 main
ewang@keker.com | keker.com

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Thursday, December 22, 2022 5:38 PM
**To:** Ben Berkowitz <BBerkowitz@keker.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-

KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

---

**[EXTERNAL]**

---

Hi Ben,

Thank you for the clarification.  We struggle to understand why nobody else from your team is available to meet and confer before the agreed-upon deadline.  However, given the upcoming holiday, we will agree to an extension of the deadline until the following week, and we would expect similar professional courtesy in the future.  Please let us know your availability January 3rd or 4th for the meet and confer.

Thanks,
Mike

---

**From:** Ben Berkowitz <BBerkowitz@keker.com>
**Sent:** Thursday, December 22, 2022 12:05 PM
**To:** Sheen, Mike <msheen@lchb.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Hi Mike:  Nic is ooto for the holidays until the week of Jan. 2.  We would be willing to agree to extend the PO deadline to meet-and-confer regarding Google's objection, so that the parties can confer sometime the week of Jan. 2.  Would that work on your end?

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Thursday, December 22, 2022 10:34 AM
**To:** Sheen, Mike <msheen@lchb.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

---

**[EXTERNAL]**

---

Counsel,

I received an out-of-office notification from Nic suggesting he may be unavailable throughout the one-week period the parties have to meet and confer regarding Google's December 20 objection under the Protective Order.  Please let us know when someone on your team can meet and confer

about Google's objections today.

Thanks,
Mike

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Wednesday, December 21, 2022 11:18 AM
**To:** 'Nic Marais' <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Nic,

Please let us know when you can meet and confer tomorrow about Google's objections.  We are available 9:00 - 9:30 am, 11:00 am – 1:30 pm, and after 2:30 pm, all times Pacific.

Thanks,
Mike

---

**From:** Nic Marais <NMarais@keker.com>
**Sent:** Tuesday, December 20, 2022 7:00 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Mike,

We will review your December 19 disclosure and let you know if we need additional information.

In the meantime, pursuant to Section VII.4 of the Parties' Joint Stipulated Protective Order (Dkt. 112), Google objects to any Protected Materials being disclosed to Dr. Shafiq.  Plaintiffs appear to have retained Dr. Shafiq because of his involvement in two other Google matters, *Calhoun v. Google LLC*, No. 20-cv-05146 (N.D. Cal.), and *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155 (N.D. Cal.).  Indeed, your disclosures suggest that those are the *only* matters that Dr. Shafiq has testified in as an expert over the past five years.  Giving Dr. Shafiq access to Protected Materials in this case would create a serious, unreasonable, and unnecessary risk that he would disclose Google confidential information, whether intentionally or inadvertently, to attorneys in other matters in which he is testifying against Google.  This is contrary to the "Basic Principles" of the Protective Order, which limit the use of Protected Materials to this case alone.  *See, e.g.*, SPO § VII.1 (Protected

Material "shall not be used … in connection with any other legal proceed, or directly or indirectly for any other purpose whatsoever").  Concerningly, it is also difficult to see this as anything other than another attempt to pursue "cloned discovery" from other cases involving Google.  *See, e.g.,* Plaintiffs' Second Set of Requests for Production Nos. 16–20.  As Google has previously explained, cloned discovery requests are improper, and any disclosures Dr. Shafiq made of information he had learned in *Calhoun* or *RTB* would undoubtedly violate those cases' Protective Orders too.

Please confirm in writing that plaintiffs have not shared any Protected Materials with Dr. Shafiq— and will not do so before we discuss and resolve Google's objection.

Thanks.

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Monday, December 19, 2022 4:26 PM
**To:** Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] RE: In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.)

Nic,

Plaintiffs plan to disclose to Dr. Shafiq the following general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information:

- Information relating to Google's collection, storage, and/or deletion of location information;
- Information relating to Google's processing and/or analysis of location information, including the technological means used to determine a user's location;
- Information relating to Google's uses of location information, including the purposes of such uses;
- Information relating to user-level options, settings, preferences, or other tools that affect whether Google stores and/or collects location information;
- Information relating to user privacy, including users' expectations of privacy in their location information;
- Information relating to user awareness of and/or consent to Google's policies and practices concerning location information; and

- Information relating to the financial impact of Google's collection, storage, and/or use of location information.

Thanks,
Mike

---

**From:** Nic Marais <NMarais@keker.com>
**Sent:** Friday, December 16, 2022 5:46 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** [EXTERNAL] RE: In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.)

Mike,

Under the Stipulated Protective Order, a party seeking to approve an expert must make certain disclosures, which include "identif[ying] the general categories of [AEO] information that" it "seeks permission to disclose" to its proposed expert. *See* Dkt. 121 (SPO), § VII.4(a)(2). Having agreed to follow these procedures, plaintiffs cannot ignore them. And your description below—"any and all [AEO] documents that have been produced" or "will be" produced in the future—is not a description of "categories of … information." Once you provide us with the required disclosures, we will consider them and let you know our client's position.

Thanks,
Nic

---

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Thursday, December 8, 2022 11:42 AM
**To:** GPRIV-KVP <GPRIV-KVP@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>
**Subject:** In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.)

Counsel,

In accordance with Section VII.4(a)(2) of the Joint Stipulated Protective Order in this action (Dkt. 112), Plaintiffs hereby disclose the following information regarding their expert, Dr. Muhammad Zubair Shafiq.

1. Plaintiffs intend to disclose to Dr. Shafiq information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including but not limited to any and all documents that have been produced to date with such designation, and any material that will be so designated in the future.
2. Dr. Muhammad Zubair Shafiq currently resides in Woodland, California.
3. Attached please find a copy of Dr. Shafiq's current resume.
4. Dr. Shafiq is currently employed by the Department of Computer Science, at the University of California Davis.
5. Dr. Shafiq has received compensation or funding from the following persons or entities for work in his area of expertise or for professional services rendered, in the preceding five years:
   - Bleichmar Fonti & Auld LLP
   - Center for Information Technology Research in the Interest of Society (CITRIS) and the Banato Institute, University of California
   - DiCello Levitt Gutzler LLP
   - Lieff Cabraser Heimann & Bernstein, LLP
   - Minim
   - National Science Foundation
   - Pritzker Levine LLP
   - Siemens
   - Simmons Hanly Conroy LLC
   - UC Noyce Institute, University of California Davis
   - University of California Davis
   - University of California System
   - Verizon Digital Media Services
6. Dr. Shafiq has offered expert testimony in the following litigations in the preceding five years:
   - *Calhoun v. Google LLC*, No. 4:20-cv-05146 (N.D. Cal.)
   - *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155 (N.D. Cal.)

Thank you,
Mike

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Mike Sheen**
msheen@lchb.com
t 415.956.1000
f 415.956.1008
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the

attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

# Exhibit C

| | |
|---|---|
| **From:** | Nic Marais |
| **To:** | Sheen, Mike |
| **Cc:** | Google Location History Plaintiffs" Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com); GPRIV-KVP |
| **Subject:** | In re GLH—Dr. Muhammad Zubair Shafiq |
| **Date:** | Friday, February 10, 2023 2:33:42 PM |

Mike – while we are always willing to meet and confer, I'm not sure another round of discussions makes sense here, given that plaintiffs have refused to answer any of our questions about Dr. Shafiq. You also appear unwilling to share any legal authority for your position, despite our having done so, and despite our requests that you reciprocate. We understand that plaintiffs intend to file a motion under Section VII.4.c of the Protective Order, which, on the current record, Google expects to oppose. If you want to discuss any of this further by phone, just let me know. And, of course, if plaintiffs are willing to answer our questions or share legal authority for their position, we remaining willing to consider that information.

Best,
Nic

---

**Nic Marais**

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

---

**From:** Nic Marais
**Sent:** Sunday, February 5, 2023 7:12 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Mike,

I've been traveling and in depositions and court. But we have received your email and will discuss it with Google. I'll try to get back to you this week.

Best,
Nic

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Tuesday, January 31, 2023 8:50 AM
**To:** Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

---

[EXTERNAL]

Nic,

We do not agree with Google's interpretation of the case law and do not see any authority that justifies preventing Dr. Shafiq from accessing Highly Confidential information under the circumstances presented here.  We see no basis for you to demand even more information regarding Dr. Shafiq's engagements beyond what the parties agreed to in the protective order, nor do we see how such disclosure would be useful in addressing Google's stated objections.

With respect to the Highly Confidential information at issue, Google still has not provided a description of the types of information that someone in Dr. Shafiq's position might disclose to attorneys in the other matters (or to us here), or the likelihood that Dr. Shafiq might actually disclose such information.  Accordingly, Google has not articulated any actual or concrete risk that would warrant preventing disclosure of Highly Confidential information to Dr. Shafiq.  Your accusations regarding the purpose of Dr. Shafiq's engagement are incorrect.  As we have told you, we engaged Dr. Shafiq in this matter for his relevant expertise, not because of his limited history as a testifying expert or to gain access to discovery in other litigation.

The parties need to resolve this dispute expeditiously given the status of the litigation.  In an effort to reach a compromise, we propose narrowing the scope of materials we plan to disclose to Dr. Shafiq, by removing the category of "[i]nformation relating to the financial impact of Google's collection, storage, and/or use of location information" from the list we sent on December 19, 2022. Please let us know if Google would agree to this limitation and drop its objections.  We are happy to meet and confer this week regarding this proposal, but if the parties cannot come to an agreement, Plaintiffs plan to file a motion with the Court in advance of the February 23 status conference.

Thank you,
Mike

---

**From:** Nic Marais <NMarais@keker.com>
**Sent:** Friday, January 20, 2023 3:06 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Mike,

The purpose of the meet-and-confer process is for the parties to explain their positions and for us to see if we can find some sort of compromise. Accusing me, as you do below, of offering only "vague" explanations and being "unable to provide a concrete basis for Google's position" is wrong and counterproductive. You have my emails and you were on the call. We have explained Google's position at some length. You're obviously entitled to disagree with it, or to ask me to set it out again if you need me to. But pretending that I haven't told you what Google's position is won't get us any closer to resolving this issue.

As we have already explained, it seems clear that plaintiffs have sought Dr. Shafiq out specifically because he is working on other Google matters. Indeed, as you acknowledged on our call, Dr. Shafiq has apparently had only two testifying engagements in the past five years—*both* in cases against Google. That's obviously not a coincidence. *Cf. Pellerin v. Honeywell Int'l Inc.*, No. 11CV1278-BEN CAB, 2012 WL 112539, at *3 (S.D. Cal. Jan. 12, 2012) (plaintiffs "offered no representation that [the expert's] expertise is rare, or that there are few experts on the topic. It appears [the expert's] expertise in this field is of particular value to [the plaintiff] mainly because of his former relationship with the defendant, but that is the reason to disqualify him."). In this case, plaintiffs have long sought access to "cloned discovery"; this appears to be yet another attempt to achieve the same end. But, whether or not plaintiffs' *goal* is to leverage Dr. Shafiq's existing Google experience, there is no doubt that having him work on multiple Google-related matters simultaneously introduces a real and significant risk that, whether intentionally or inadvertently, he will use information he learns in one case while litigating another.

You dismiss these risks as "vague" and "speculative"—but we don't. Courts routinely recognize that "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*, No. C-09-02180 SBA DMR, 2011 WL 197811 at *5 (N.D. Cal. Jan. 20, 2011). "[T]he human brain does not compartmentalize information" effectively enough to "only rely upon what is provided . . . in the litigation." *Pellerin*, 2012 WL 112539, at *3 (S.D. Cal. Jan. 12, 2012). And although you have suggested that any violations of the Protective Order are currently hypothetical, courts can and do act to prevent prospective violations. For instance, in *PepsiCo, Inc. v. Redmond*, the Seventh Circuit held that injunctions to prevent future violations of a confidentiality

agreement can be appropriate, regardless of whether an individual has promised to abide by the terms of the agreement, because unless an individual "possesse[s] an uncanny ability to compartmentalize information, he w[ill] necessarily be making decisions … by relying on his knowledge" of protected information. *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1269-70 (7th Cir. 1995). The Fifth Circuit upheld an injunction in a similar context, explaining that the relevant individual would otherwise be placed "in a position where he will be constantly called upon to decide what he believes he can and cannot properly disclose . . . Even assuming the best of good faith, [he] will have difficulty preventing his knowledge . . . from infiltrating his work." *FMC Corp. v. Varco Intern., Inc.*, 677 F.2d 500, 505 (5th Cir. 1982). When we asked whether you had considered or implemented any additional protections to limit the risk of this sort of disclosure, you said you hadn't, apparently because you believe we need nothing more than the PO. But the PO wasn't drafted with this particular situation in mind—one where a witness's ongoing engagements create a daily risk of disclosure.

I want to make sure we're clear about plaintiffs' position on a few issues, some of which we've raised before:

1. We have asked (a) when you retained Dr. Shafiq and (b) whether you have shared any Confidential material with him to date. You were unwilling to answer those questions.
2. We asked whether Dr. Shafiq is working, advising, or otherwise consulting on any Google-related matters *other than Calhoun* and *RTB*. You said that you would check. Please let us know.
3. In your January 11 email, you said that you had "confirmed with Dr. Shafiq that he has not had access to Google confidential materials in any other case." It's unclear whether you meant "in any other case," as you wrote, or "in any case other than *Calhoun* and *RTB*." Can you please let us know which it is? Has he had access to Google documents in connection with *Calhoun* and/or *RTB*?
4. When we spoke on January 4, Ted asked whether Google would consider dropping its objection to Dr. Shafiq if we could narrow the category of documents that plaintiffs need to share with Dr. Shafiq. As I said to you at the time, that may be a productive avenue for us to explore. If plaintiffs want to send us a revised, narrower list of categories, we will discuss it with Google.

We look forward to hearing from you, and to seeing any authority you believe supports your position.

Thanks,
Nic

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com

pronouns: he, him, his

---

**From:** Nic Marais
**Sent:** Friday, January 13, 2023 2:17 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Mike,

We are willing to discuss this issue further—and to see whether we can resolve it among ourselves—after next week's settlement conference, if that conference is unsuccessful. If we end up having to brief this dispute, as you "anticipate" will be the case, then we understand that you would like to do so in advance of the February 23 CMC. We are not opposed to your doing that. Of course, the case *is* stayed, and I expect both sides would need to flag that fact for the Court—but Google would not argue that your motion should be denied simply because it was untimely.

I'll get back to you on your other requests, including your request for authority, next week.

Best,
Nic

---

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Wednesday, January 11, 2023 3:40 PM
**To:** Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

**[EXTERNAL]**

Nic,

As we explained last week, nothing in the Protective Order in our case prohibits Dr. Shafiq from consulting with a client that may be in an adversarial relationship with Google—including Plaintiffs in this case.  Indeed, nothing prevents Plaintiffs from sharing with Dr. Shafiq already-produced documents designated "CONFIDENTIAL" by Google in this case.  Disclosure of Dr. Shafiq's engagements on other matters, to the extent he consulted with a client who may be adverse to Google, is neither required by the Protective Order nor relevant to the narrow context we currently find ourselves in—i.e., whether Plaintiffs may disclose to their retained expert materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Highly Confidential information").  To be clear, Plaintiffs retained Dr. Shafiq for his relevant expertise.  Nevertheless, to address Google's concern that Plaintiffs are somehow "attempt[ing] to pursue 'cloned discovery,'" we have now confirmed with Dr. Shafiq that he has not had access to Google confidential materials in any other case.

Google's separate concern that Dr. Shafiq might somehow "disclose Google confidential information, whether intentionally or inadvertently, to attorneys" in the *Calhoun* and *RTB* matters, however, appears based on unfounded speculation that Dr. Shafiq will violate the Protective Order in this case (to which he has already agreed to be bound).  During our call last week, we asked Google to describe the types of information that someone in Dr. Shafiq's position might disclose (inadvertently or otherwise) to attorneys in the other matters, or the likelihood that Dr. Shafiq might actually disclose such information.  Apart from a vague reference to one's inability to "partition" information learned from multiple cases, you have been unable to provide a concrete basis for Google's position, such that we might consider additional safeguards here.  Nor have you offered any explanation why the existing procedural and substantive safeguards in place would be insufficient to prevent or remedy any unauthorized disclosure of Google's confidential information.  Moreover, you have yet to point to any legal authority to support Google's position, after we asked twice.

As we understand it, Google's current position is that unless Dr. Shafiq withdraws from or otherwise terminates his involvement in the *Calhoun* and *RTB* matters, Plaintiffs should be barred from disclosing to him Highly Confidential information in connection with his consulting or possibly testifying roles in this action.  Assuming Google will not materially change its position, or offer a reasonable compromise, we anticipate the parties will be unable to resolve their dispute and will need brief it for the Court.  We look forward to hearing this week whether Google would be willing to brief the issue in advance of the February 23 CMC.

Thanks,
Mike

---

**From:** Nic Marais <NMarais@keker.com>
**Sent:** Sunday, January 8, 2023 9:10 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-

leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>

**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Mike,

As I explained last week, the parties and the Court agreed to stay these proceedings so that we could focus on settlement efforts. That's what we should be doing. As a courtesy, I told you that we would check with our client as to whether we would be willing to brief this dispute—assuming we are unable to resolve it among ourselves—between the January 19 settlement conference and the February 23 CMC. I will discuss that with them and get back to you this week.

In the meantime, while we appreciate your representation below about Dr. Shafiq's work, it doesn't answer our question. What we need to know is: what other matters is Dr. Shafiq engaged in (or otherwise working on) that are adverse to Google, whether in a testifying or consulting role? We are aware of *RTB* and *Calhoun*. Are there any others?

Thanks,
Nic

---

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Thursday, January 5, 2023 11:57 AM
**To:** Sheen, Mike <msheen@lchb.com>; Emily Wang <EWang@keker.com>; Ben Berkowitz <BBerkowitz@keker.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Nic,

Following up on our meet and confer yesterday, we can confirm Dr. Shafiq has not had access to Google confidential materials in any other case (apart from the ones we discussed) over the

preceding five years.

We would like to set up a follow-up call with you to discuss next steps. Please let us know your availability tomorrow or Monday for such a call. In the meantime, please send us any legal authority on which Google is relying to support its objections, and let us know Google's positions regarding the suggestions we made about removing document categories and the timing of a potential motion.

Thanks,
Mike

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Wednesday, December 28, 2022 10:10 AM
**To:** 'Emily Wang' <EWang@keker.com>; Ben Berkowitz <BBerkowitz@keker.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Hi Emily,

We are free for a meet and confer at 9am on January 4. I can send around a dial-in.

Thanks,
Mike

---

**From:** Emily Wang <EWang@keker.com>
**Sent:** Monday, December 26, 2022 2:13 PM
**To:** Sheen, Mike <msheen@lchb.com>; Ben Berkowitz <BBerkowitz@keker.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Hi Mike,

We are available to meet and confer at either 9 am or 4 pm on January 4th, whichever you prefer.

Thank you,
Emily

**Emily L. Wang**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2293 direct | 415 391 5400 main
ewang@keker.com | keker.com

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Thursday, December 22, 2022 5:38 PM
**To:** Ben Berkowitz <BBerkowitz@keker.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

[EXTERNAL]

Hi Ben,

Thank you for the clarification.  We struggle to understand why nobody else from your team is available to meet and confer before the agreed-upon deadline.  However, given the upcoming holiday, we will agree to an extension of the deadline until the following week, and we would expect similar professional courtesy in the future.  Please let us know your availability January 3rd or 4th for the meet and confer.

Thanks,
Mike

---

**From:** Ben Berkowitz <BBerkowitz@keker.com>
**Sent:** Thursday, December 22, 2022 12:05 PM
**To:** Sheen, Mike <msheen@lchb.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Hi Mike:  Nic is ooto for the holidays until the week of Jan. 2.  We would be willing to agree to extend the PO deadline to meet-and-confer regarding Google's objection, so that the parties can confer sometime the week of Jan. 2.  Would that work on your end?

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Thursday, December 22, 2022 10:34 AM

**To:** Sheen, Mike <msheen@lchb.com>; Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

[EXTERNAL]

Counsel,

I received an out-of-office notification from Nic suggesting he may be unavailable throughout the one-week period the parties have to meet and confer regarding Google's December 20 objection under the Protective Order.  Please let us know when someone on your team can meet and confer about Google's objections today.

Thanks,
Mike

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Wednesday, December 21, 2022 11:18 AM
**To:** 'Nic Marais' <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Nic,

Please let us know when you can meet and confer tomorrow about Google's objections.  We are available 9:00 - 9:30 am, 11:00 am – 1:30 pm, and after 2:30 pm, all times Pacific.

Thanks,
Mike

**From:** Nic Marais <NMarais@keker.com>
**Sent:** Tuesday, December 20, 2022 7:00 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** [EXTERNAL] In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.) – Dr. Muhammad Zubair Shafiq

Mike,

We will review your December 19 disclosure and let you know if we need additional information.

In the meantime, pursuant to Section VII.4 of the Parties' Joint Stipulated Protective Order (Dkt. 112), Google objects to any Protected Materials being disclosed to Dr. Shafiq.  Plaintiffs appear to have retained Dr. Shafiq because of his involvement in two other Google matters, *Calhoun v. Google LLC*, No. 20-cv-05146 (N.D. Cal.), and *In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155 (N.D. Cal.).  Indeed, your disclosures suggest that those are the *only* matters that Dr. Shafiq has testified in as an expert over the past five years.  Giving Dr. Shafiq access to Protected Materials in this case would create a serious, unreasonable, and unnecessary risk that he would disclose Google confidential information, whether intentionally or inadvertently, to attorneys in other matters in which he is testifying against Google.  This is contrary to the "Basic Principles" of the Protective Order, which limit the use of Protected Materials to this case alone.  *See, e.g.*, SPO § VII.1 (Protected Material "shall not be used … in connection with any other legal proceed, or directly or indirectly for any other purpose whatsoever").  Concerningly, it is also difficult to see this as anything other than another attempt to pursue "cloned discovery" from other cases involving Google.  *See, e.g.,* Plaintiffs' Second Set of Requests for Production Nos. 16–20.  As Google has previously explained, cloned discovery requests are improper, and any disclosures Dr. Shafiq made of information he had learned in *Calhoun* or *RTB* would undoubtedly violate those cases' Protective Orders too.

Please confirm in writing that plaintiffs have not shared any Protected Materials with Dr. Shafiq— and will not do so before we discuss and resolve Google's objection.

Thanks.

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Monday, December 19, 2022 4:26 PM
**To:** Nic Marais <NMarais@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** RE: [EXTERNAL] RE: In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.)

Nic,

Plaintiffs plan to disclose to Dr. Shafiq the following general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information:

- Information relating to Google's collection, storage, and/or deletion of location information;
- Information relating to Google's processing and/or analysis of location information, including the technological means used to determine a user's location;
- Information relating to Google's uses of location information, including the purposes of such uses;
- Information relating to user-level options, settings, preferences, or other tools that affect whether Google stores and/or collects location information;
- Information relating to user privacy, including users' expectations of privacy in their location information;
- Information relating to user awareness of and/or consent to Google's policies and practices concerning location information; and
- Information relating to the financial impact of Google's collection, storage, and/or use of location information.

Thanks,
Mike

---

**From:** Nic Marais <NMarais@keker.com>
**Sent:** Friday, December 16, 2022 5:46 PM
**To:** Sheen, Mike <msheen@lchb.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** [EXTERNAL] RE: In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.)

Mike,

Under the Stipulated Protective Order, a party seeking to approve an expert must make certain disclosures, which include "identif[ying] the general categories of [AEO] information that" it "seeks permission to disclose" to its proposed expert. *See* Dkt. 121 (SPO), § VII.4(a)(2). Having agreed to follow these procedures, plaintiffs cannot ignore them. And your description below—"any and all [AEO] documents that have been produced" or "will be" produced in the future—is not a description of "categories of … information." Once you provide us with the required disclosures, we will consider them and let you know our client's position.

Thanks,
Nic

---

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street

San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

---

**From:** Sheen, Mike <msheen@lchb.com>
**Sent:** Thursday, December 8, 2022 11:42 AM
**To:** GPRIV-KVP <GPRIV-KVP@keker.com>
**Cc:** Google Location History Plaintiffs' Interim Co-Lead Class Counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>
**Subject:** In re Google Location History, No. 5:18-cv-05062-EJD (N.D. Cal.)

Counsel,

In accordance with Section VII.4(a)(2) of the Joint Stipulated Protective Order in this action (Dkt. 112), Plaintiffs hereby disclose the following information regarding their expert, Dr. Muhammad Zubair Shafiq.

1. Plaintiffs intend to disclose to Dr. Shafiq information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including but not limited to any and all documents that have been produced to date with such designation, and any material that will be so designated in the future.
2. Dr. Muhammad Zubair Shafiq currently resides in Woodland, California.
3. Attached please find a copy of Dr. Shafiq's current resume.
4. Dr. Shafiq is currently employed by the Department of Computer Science, at the University of California Davis.
5. Dr. Shafiq has received compensation or funding from the following persons or entities for work in his area of expertise or for professional services rendered, in the preceding five years:
   - Bleichmar Fonti & Auld LLP
   - Center for Information Technology Research in the Interest of Society (CITRIS) and the Banato Institute, University of California
   - DiCello Levitt Gutzler LLP
   - Lieff Cabraser Heimann & Bernstein, LLP
   - Minim
   - National Science Foundation
   - Pritzker Levine LLP
   - Siemens
   - Simmons Hanly Conroy LLC
   - UC Noyce Institute, University of California Davis
   - University of California Davis
   - University of California System
   - Verizon Digital Media Services
6. Dr. Shafiq has offered expert testimony in the following litigations in the preceding five years:
   - *Calhoun v. Google LLC*, No. 4:20-cv-05146 (N.D. Cal.)

- *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155 (N.D. Cal.)

Thank you,
Mike

**Lieff**
**Cabraser**
**Heimann&**
**Bernstein**
Attorneys at Law

**Mike Sheen**
msheen@lchb.com
t 415.956.1000
f 415.956.1008
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this

message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.