# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No.  5:18-cv-05062-EJD (NC) **PLAINTIFFS' DISPUTE STATEMENT RE: DOCUMENT CUSTODIANS** Dept:     Courtroom 5 – 4th Floor Judge:    Hon. Nathanael Cousins |

On March 15, Plaintiffs provided the following dispute statement to Google. On March 20, Google declined to provide a written response, claiming that the issue was fully briefed in the parties' January 27, 2022, Bi-Weekly Status Report. ECF No. 234. Plaintiffs are, therefore, "unable to file a joint statement" and regretfully file separately.

*In re Google Location History Litigation*, No. 5:18-cv-05062-EJD (Hon. Nathanael M. Cousins)
**Plaintiffs' Dispute Statement re: Document Custodians**

This case challenges the location-data-gathering practices of the world's biggest data company, Google, and has been pending since 2018. It is now subject to a Court-ordered schedule under which pre-certification fact discovery must be completed by July 28, 2023. (Dkt. 273.) Nevertheless, Google has yet to produce *any* custodial ESI collected in response to Plaintiffs' four sets of document requests, the majority of which were served in early 2021.[1] Google should not be permitted to avoid its discovery obligations any longer.

An order requiring Google to collect custodial data will aid the parties' negotiation of search terms to be applied to that data, as Google then will be able to provide Plaintiffs with, among other things, hit count reports detailing the unique hits each proposed search term returns on specific custodians' documents. Without the collection of custodial data, such information is not available.

After a series of meet-and-confers in 2021 failed to produce agreement on custodians or search terms, the Court ordered the parties to exchange lists of proposed custodians and search terms on December 8, 2021, and to finalize custodians and search terms and present any disputes to Court by January 13, 2022, which deadline later was extended. (ECF 208, 229, 234). On December 8, 2021, Plaintiffs proposed 52 custodians, including 17 of the 22 custodians whose documents were produced in the Arizona litigation. For each non-Arizona custodian, Plaintiffs provided job titles and/or relevant duties. Google proposed just four custodians. In an attempt to compromise after an additional meet-and-confer, Plaintiffs sent a revised proposal of 35 custodians, and provided additional information about them. Google's only response was that the list was "overbroad" and burdensome, and its proposal of four custodians did not change. Discovery was then stayed for a year until February 23, 2023. (ECF 243, 272.)

Google objects to Plaintiffs' prior custodian proposals as unduly burdensome, but refuses to provide a basis for its rejection of any particular custodian, or to name alternative custodians beyond the four it proposed. Based on their review of documents from the Arizona litigation and independent research, Plaintiffs believe their proposed custodians are likely to possess information relevant to the claims in this case. For instance, eighteen proposed custodians were designated custodians in the Arizona litigation; presumably their data already has been collected and processed, mitigating any potential burden they present. Google also claims not to understand the basis for including any of Plaintiffs' proposed custodians (even those who were custodians of the Arizona documents on which Google relies to assert that it has complied with its discovery obligations), but Plaintiffs provided additional information regarding the involvement of each non-Arizona custodian in relation to Plaintiffs' claims.

---

[1] Google has reproduced documents from a related litigation in Arizona involving substantially the same underlying misconduct. However, it has refused to disclose the search terms (if any) or other parameters used to locate those documents, the requests to which those documents responded, any filters used to cull the documents prior to search, or specific non-custodial sources that might have been searched, thus thwarting Plaintiffs' ability to assess the adequacy of the production in general or from the individual custodians as a response to Plaintiffs' Requests. And Plaintiffs' review of that production has revealed glaring deficiencies. Plaintiffs are entitled to responses to *their* discovery requests in *this* case—not just a re-production of a deficient document production in another case as of late 2021, using undisclosed search terms in response to unknown document requests. *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2018 WL 3586183, at *6 (N.D. Ill. July 26, 2018).

Plaintiffs now ask the Court to order Google immediately to collect all custodial data from a total of 40 custodians, reflecting the addition of five custodians based on Plaintiffs' review of the Arizona documents and other public information during the stay.[2] By way of example, Plaintiffs' proposed custodians include—and Google's proposed custodians exclude—the following:

- Kevin Berlin: designated by Google to testify in the Arizona action about Google's location practices, including IPGeo, Google's ability to collect location information from signed-out users, and Google's aggregation of location data; also knowledgeable regarding Google's collection, storage, use, and transmission of user location information, and the aggregation and anonymization of user location information.

- Jen Fitzpatrick: Senior VP of Geo and Maps; reported directly to CEO Sundar Pichai; according to testimony and documents produced in the Arizona action, Pichai asked Fitzpatrick to lead "'Location' code yellow update" after the AP article was published; played major role in coordinating response to AP article.

- Bryan Horling: principal software engineer for Footprints, the storage platform for web and app activity; author and recipient of emails concerning the possibility that data saved as part of Location History might be moved to an alternative storage system within Google.

- Jack Menzel: former VP Product Management, Ads; was the project manager for a Google team that designed the API in the Android operating software that is responsible for computing location; testified in the Arizona action that Google infers work/home locations even if the user has turned off Location History, and that the only way for Google to not infer a user's home and work is for that user to "set . . . home and work to arbitrary locations."

- Sundar Pichai: CEO; according to testimony and documents produced in the Arizona action, directly involved in the company's response to the AP article, including requesting a "'Location' code yellow update" after the AP article was published; testified before Congress on December 11, 2018, regarding Google's location tracking practices and user controls for limiting location data collection.

Horling and Berlin were custodians in the Arizona production. As with all the Arizona custodians, Google has refused to disclose the search terms or other search methods or parameters used to gather their documents.

Plaintiffs respectfully ask the Court to order Google immediately to preserve and commence collection of all custodial data from the list of 40 custodians Plaintiffs provided to Google. *See, e.g.*, *Brown v. Google*, No. 20-cv-3664 (N.D. Cal) (ECF No. 298) (approving 42 custodians in case where, as here, Google is alleged to have unlawfully collected and stored users' personal information); *Calhoun v. Google*, No. 20-cv-5146 (N.D. Cal.) (ECF No. 349) (same); *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-md-02843 (N.D. Cal.) (ECF 917-5 at 14-15) (explaining how 81 document custodians were used to identify materials for production in privacy litigation against big tech defendant). According to its last 10-k filing with the SEC, Alphabet had 190,234 employees.

Plaintiffs' request for 40 custodians is reasonable and proportionate, and there is no time to waste.

---

[2] Plaintiffs will provide the Court with information concerning each proposed custodian's identity and his or her relevance upon request, but do not do so here so as to comply with the Court's standing order on discovery disputes, which discourages exhibits to filings such as this one.

Dated: March 21, 2023						Respectfully Submitted,

   *s/* Tina Wolfson
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
Henry Kelston (*pro hac vice*)
*hkelston@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111
Fax: (310) 474-8585

   *s/* Michael W. Sobol
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
Michael K. Sheen (SBN 288284)
msheen@lchb.com
Jallé Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
**LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008

*Interim Co-Lead Class Counsel*