# EXHIBIT 1

**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

*Interim Co-Lead Class Counsel*

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Alex R. Straus (SBN 321366)
astraus@ahdootwolfson.com
Brad King (SBN 274399)
bking@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

1   PROPOUNDING PARTY:    Plaintiffs

2   RESPONDING PARTY:     Defendant Google, LLC

3   SET NUMBER:           ONE (1)

4         Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff requests that

5   Defendant respond to the following Interrogatories to the offices of Lieff, Cabraser, Heimann &

6   Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, California, 94111, within thirty

7   (30) days of service.

8                                    **DEFINITIONS**

9   (a)   **"Action"** means the case captioned *In Re Google Location History Litigation*; Case No.

10        5:18-cv-05062-EJD (N.D. Cal.).

11  (b)   **"Architecture"** or **"Technology"** refers to each piece of Google infrastructure—

12        including but not limited to source code, software, applications, databases, configuration

13        tables, servers, hardware, and/or networks—utilized to implement or otherwise facilitate

14        any of Your services.

15  (c)   **"Communication"** means the conveyance (in the form of facts, ideas, thoughts, opinions,

16        data, inquiries or otherwise) of information and includes, without limitation,

17        correspondence, memoranda, reports, presentations, face-to-face conversations, telephone

18        conversations, text messages, instant messages, voice messages, negotiations, agreements,

19        inquiries, understandings, meetings, letters, notes, telegrams, mail, email, exchanges of

20        recorded information, and postings of any type.  The term "Communication" includes

21        instances where one party disseminates information that the other party receives but does

22        not respond to.

23  (d)   **"Data"** means any representation, such as characters or analog quantities, to which

24        meaning is or might be assigned, as well as any representation of information in a

25        formalized manner suitable for communication, interpretation, or processing.

26  (e)    **"Document(s)"** means all materials within the full scope of Fed. R. Civ. P. 34 including

27        but not limited to:  all writings and recordings, including the originals, drafts and all non-

28        identical copies, whether different from the original by reason of any notation made on

such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra-office Communications, instant messages, chats, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including Metadata.

(f)    **"ESI"** or **"Electronically Stored Information"** refers to information and Documents (as defined within this section) within the full scope of Fed. R. Civ. P. 34—with all Metadata intact—created, manipulated, communicated, stored, and best utilized in digital form, and stored on Electronic Media.  Examples of ESI include e-mail, messages posted on electronic message boards, forum postings, support tickets, videos, discussion boards, Data, source code, websites, Microsoft Word files, Microsoft Excel files, and instant messages.

(g)    **"User"** refers to any person who uses the Android operating system or other mobile device equipped with Google software.

(h)    **"Identify," with respect to Documents**, means to give, to the extent known, the (a) type of Document; (b) general subject matter; (c) date of the Document; (d) author(s), (e) addressee(s), and (f) recipient(s).

(i)    **"Identify," with respect to Persons**, means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a Person has been identified in

1   accordance with this subparagraph, only the name of that Person need be listed in

2   response to subsequent discovery requesting the identification of that Person.

3   (j)   **"Including"** means "including but not limited to" and "including without limitation."

4   (k)   **"Location Information"** means any record of Users' location and/or movement Google

5   collects or has collected from Users' mobile devices, regardless of the manner of the

6   collection, transmission, or storage of the data or what Google calls the particular Service,

7   system, functionality, offering, or otherwise for the collection, transmission, or storage of

8   location and/or movement information (*e.g.*, Location History, Web & App Activity,

9   Sensorvault, Latitude. etc.).

10   (l)   **"Person"** means any natural person or any business, legal or governmental entity or

11   association.

12   (m)   **"Plaintiffs"** refer to the named plaintiffs in this Action.

13   (n)    **"Process"** refers to a series of discrete steps, ordered and undertaken to achieve a specific

14   goal or set of goals that facilitate Google's operation.

15   (o)   **"Relate(s)," "Related to"** or **"Relating to"** shall be construed to mean referring to,

16   reflecting, concerning, pertaining to or in any manner being connected with the matter

17   discussed, in whole or in part.

18   (p)   **"Profile"** means any Data, collected by You from any source and associated by You with

19   specific Persons (including any computers, browsers, apps, mobile devices or other

20   Internet-enabled devices of such Persons).

21   (q)   **"You," "Your,"** and **"Google"** shall mean Google, LLC, XXVI Holdings, Inc., and

22   Alphabet, Inc., and any of its directors, officers, employees, partners, members,

23   representatives, agents (including attorneys, accountants, consultants, investment advisors

24   or bankers), and any other person purporting to act on its behalf.  In the case of business

25   entities, these defined terms include parents, subsidiaries, affiliates, predecessor entities,

26   successor entities, divisions, departments, groups, acquired entities and/or related entities

27   or any other entity acting or purporting to act on its behalf.

28

(r)   **"Your Services"** includes all businesses owned, operated, or otherwise controlled by Google during the Relevant Time Period.

## RULES OF CONSTRUCTION

1.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the  discovery  request  all responses that might otherwise be construed to be outside of its scope.

2.      "Any," "all," and "each" shall be construed as any, all and each.

3.      The singular form of a noun or pronoun includes the plural form and vice versa.

4.      The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

5.      A term or word defined herein is meant to include both the lower and upper case reference to such term or word.

6.      Any headings which appear in the Interrogatories section have been inserted for the purpose of convenience and ready reference. They do not purport to, and are not intended to, define, limit, or extend the scope or intent of the Interrogatories to which they pertain.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify the dates upon which Google first proposed (internally) and first disclosed (externally) options, settings, preferences, or other tools of any kind purporting to allow Users to choose whether Google stores and/or collects Location Information.

**INTERROGATORY NO. 2:**  Identify the date upon which Google first retained any Location Information from any User whose pertinent Google option, setting, preference, or otherwise was set, either by choice or default, to indicate that Google should not retain Location Information,. The response to this Interrogatory should include the first date upon which Google retained Location Information despite a "Location History" setting in the "off" position.

**INTERROGATORY NO. 3:**  With the exception of law enforcement in response to a court order, identify all third parties (including other Alphabet companies) to whom Google has disclosed any Location Information and indicate whether Google sold this information or provided it free of charge.

1   **INTERROGATORY NO. 4:** Identify by name, purpose, sequence, and physical location each

2   Process and/or piece of Architecture involved in the creation, development, transmission,

3   maintenance and/or storage of Location Information.

4   **INTERROGATORY NO. 5:** Identify all ways in which Google or other Alphabet companies use

5   and/or analyze Location Information.  The response to this Interrogatory should include an

6   explanation of any commercial, educational, research and development, or other use of the data.

7   **INTERROGATORY NO. 6:** Identify when and under what circumstances, if any, Google has

8   purged or destroyed Location Information it has collected from Users.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Dated: April 24, 2019               **LIEFF CABRASER HEIMAN & BERNSTEIN, LLP**

2

3                                      By: */s Michael W. Sobol* _____
                                            Michael W. Sobol
4
                                       Michael W. Sobol (SBN 194857)
5                                      msobol@lchb.com
                                       Melissa Gardner (SBN 289096)
6                                      mgardner@lchb.com
                                       Michael Levin-Gesundheit (SBN 292930)
7                                      mlevin@lchb.com
                                       **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
8                                      275 Battery Street, 29th Floor
                                       San Francisco, CA  94111
9                                      Telephone:  415.956.1000
                                       Facsimile:  415.956.1008
10
                                       Nicholas Diamand (*pro hac vice*)
11                                     ndiamand@lchb.com
                                       **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
12                                     250 Hudson Street, 8th Floor
                                       New York, NY  10013
13                                     Telephone:  212.355.9500
                                       Facsimile:  212.355.9592
14
                                       Tina Wolfson (SBN 174806)
15                                     twolfson@ahdootwolfson.com
                                       Alex R. Straus (SBN 321366)
16                                     astraus@ahdootwolfson.com
                                       Brad King (SBN 274399)
17                                     bking@ahdootwolfson.com
                                       **AHDOOT & WOLFSON, PC**
18                                     10728 Lindbrook Drive
                                       Los Angeles, CA 90024
19                                     Telephone: 310.474.9111
                                       Facsimile: 310.474.8585
20
                                       *Interim Co-Lead Class Counsel*
21

22

23

24

25

26

27

28

1

**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
2
Michael W. Sobol (SBN 194857)
msobol@lchb.com
3
Melissa Gardner (SBN 289096)
mgardner@lchb.com
4
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
5
275 Battery Street, 29th Floor
San Francisco, CA  94111
6
Telephone:  415.956.1000
Facsimile:  415.956.1008

7
**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
8
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
9
250 Hudson Street, 8th Floor
New York, NY  10013
10
Telephone:  212.355.9500
Facsimile:  212.355.9592

11
*Interim Co-Lead Class Counsel*

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Alex R. Straus (SBN 321366)
astraus@ahdootwolfson.com
Brad King (SBN 274399)
bking@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: 310.474.9111
Facsimile: 310.474.8585

12

## UNITED STATES DISTRICT COURT

13

## NORTHERN DISTRICT OF CALIFORNIA

14

## SAN JOSE DIVISION

15

16

17

18

19

IN RE GOOGLE LOCATION HISTORY
LITIGATION

Case No. 5:18-cv-05062-EJD

**PROOF OF SERVICE BY ELECTRONIC
MAIL AND U.S. MAIL**

20

21

22

        I am a citizen of the United States and employed in San Francisco County, California.  I
am over the age of eighteen years and not a party to the within-entitled action.  My business
address is 275 Battery Street, 29th Floor, San Francisco, California  94111-3339.

23

24

25

26

        I am also readily familiar with this firm's practice for collection and processing of
correspondence for mailing with the United States Postal Service.  Following ordinary business
practices, an envelope was sealed and placed for collection and mailing on this date, and would,
in the ordinary course of business, be deposited with the United States Postal Service on this date.

27

        On April 24, 2019, I caused to be served copies of the following document(s):

28

        **1.**        **PLAINTIFF'S FIRST SET OF INTERROGATORIES;** and

PROOF OF SERVICE BY EMAIL AND U.S. MAIL
CASE NO. 5:18-CV-05062-EJD

**2.      PROOF OF SERVICE BY ELECTRONIC MAIL AND U.S. MAIL**

on the following party in this action through its respective counsel:

> Benedict Y. Hur (bhur@keker.com)
> Benjamin Berkowitz (bberkowitz@keker.com)
> Christina Lee (clee@keker.com)
> Kathryn E. Bowen (kbowen@keker.com)
> Thomas Edward Gorman (tgorman@keker.com)
> KEKER, VAN NEST & PETERS LLP
> 633 Battery Street
> San Francisco, CA 94111-1809

Additionally, on the same date, I attached PDF copies of the documents listed above to an email and sent that email to the email addresses listed above.

Executed on April 24, 2019, at San Francisco, California.

By: __/s Michael Levin-Gesundheit_____
Michael Levin-Gesundheit

1718632.3

PROOF OF SERVICE BY EMAIL AND U.S. MAIL
CASE NO. 5:18-CV-05062-EJD