# EXHIBIT 2

**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  212.355.9500
Facsimile:  212.355.9592

*Interim Co-Lead Class Counsel*

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Brad King (SBN 274399)
bking@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Telephone: 310.474.9111
Facsimile: 310.474.8585

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:   Plaintiffs

RESPONDING PARTY:    Defendant Google, LLC

SET NUMBER:          Two (2)

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that

2  Defendant produce for inspection and copying the documents and electronically stored

3  information described herein, at the offices of Lieff, Cabraser, Heimann & Bernstein, LLP,

4  275 Battery Street, 29th Floor, San Francisco, California, 94111, within 30 days of the service of

5  these requests. In accordance with Rule 34(b), Defendant shall provide written responses to the

6  following requests and shall produce the requested documents as they are kept in the ordinary and

7  usual course of business or shall organize and label the documents to correspond with the

8  categories in this request.

9                                    **DEFINITIONS**

10  (a)   **"Action"** means the case captioned *In Re Google Location History Litigation*; Case No.

11        5:18-cv-05062-EJD (N.D. Cal.).

12  (b)   **"Architecture"** or **"Technology"** refers to each piece of Google infrastructure—

13        including but not limited to source code, software, applications, databases, configuration

14        tables, servers, hardware, and/or networks—utilized to implement or otherwise facilitate

15        any of Your services.

16  (c)   **"Communication"** means the conveyance (in the form of facts, ideas, thoughts, opinions,

17        data, inquiries or otherwise) of information and includes, without limitation,

18        correspondence, memoranda, reports, presentations, face-to-face conversations, telephone

19        conversations, text messages, instant messages, voice messages, negotiations, agreements,

20        inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of

21        any type. The term "Communication" includes instances where one party disseminates

22        information that the other party receives but does not respond to.

23  (d)   **"Data"** means any representation, such as characters or analog quantities, to which

24        meaning is or might be assigned, as well as any representation of information in a

25        formalized manner suitable for communication, interpretation, or processing.

26  (e)    **"Document(s)"** means all materials within the full scope of Fed. R. Civ. P. 34 including

27        but not limited to:  all writings and recordings, including the originals, drafts and all non-

28        identical copies, whether different from the original by reason of any notation made on

such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra-office Communications, instant messages, chats, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including Metadata.

(f)     **"ESI"** or **"Electronically Stored Information"** refers to information and Documents (as defined within this section) within the full scope of Fed. R. Civ. P. 34—with all Metadata intact—created, manipulated, communicated, stored, and best utilized in digital form, and stored on Electronic Media.  Examples of ESI include e-mail, messages posted on electronic message boards, forum postings, support tickets, videos, discussion boards, Data, source code, websites, Microsoft Word files, Microsoft Excel files, and instant messages.

(g)     **"User"** refers to any person who uses the Android operating system or any mobile device equipped with Google software.

(h)     **"Including"** means "including but not limited to" and "including without limitation."

(i)     **"Location Information"** means any record of Users' location and/or movement Google collects or has collected from Users' mobile devices, regardless of the manner of the collection, transmission, or storage of the data or what Google calls the particular Service, system, functionality, offering, or otherwise for the collection, transmission, or storage of

1   location and/or movement information (e.g., Location History, Web & App Activity,

2   Sensorvault, Latitude, etc.).

3   (j)   **"Person"** means any natural person or any business, legal or governmental entity or

4   association.

5   (k)   **"Process"** refers to a series of discrete steps, ordered and undertaken to achieve a specific

6   goal or set of goals that facilitate Google's operation.

7   (l)   **"Relate(s),"** **"Related to"** or **"Relating to"** shall be construed to mean referring to,

8   reflecting, concerning, pertaining to or in any manner being connected with the matter

9   discussed, in whole or in part.

10   (m)   **"You,"** **"Your,"** and **"Google"** shall mean Google, LLC, XXVI Holdings, Inc., and

11   Alphabet, Inc., and any of its directors, officers, employees, partners, members,

12   representatives, agents (including attorneys, accountants, consultants, investment advisors

13   or bankers), and any other person purporting to act on its behalf.  In the case of business

14   entities, these defined terms include parents, subsidiaries, affiliates, predecessor entities,

15   successor entities, divisions, departments, groups, acquired entities and/or related entities

16   or any other entity acting or purporting to act on its behalf.

17   (n)   **"Your Services"** includes all businesses owned, operated, or otherwise controlled by

18   Google during the Relevant Time Period.

19

20

21

22

23

24

25

26

27

28

1        **REQUESTS FOR PRODUCTION OF DOCUMENTS**

2     **REQUEST FOR PRODUCTION NO. 5:**

3        DOCUMENTS sufficient to identify all databases, networks, or any other repositories of

4     information in Your possession, custody, or control that may contain Documents relevant to this

5     Action.

6     **REQUEST FOR PRODUCTION NO. 6:**

7        DOCUMENTS sufficient to identify all databases, networks, or any other repositories of

8     information in Your possession, custody, or control that contain Location Information.

9     **REQUEST FOR PRODUCTION NO. 7:**

10       DOCUMENTS sufficient to identify all methods and media utilized by You for inter-

11    office (internal employee or contractor) communication in the ordinary course of Your work,

12    Including inter-office mail (electronic and physical), reports (electronic and physical), chats, and

13    video chats, as well as how and where such Communications are stored.

14    **REQUEST FOR PRODUCTION NO. 8:**

15       Documents sufficient to identify Your policies and practices regarding Document and/or

16    Data retention, preservation, and destruction.

17    **REQUEST FOR PRODUCTION NO. 9:**

18       All Documents referenced in Your Initial Disclosures.

19    **REQUEST FOR PRODUCTION NO. 10:**

20       All Documents Related to any settlement of a lawsuit between You and any other Person

21    Relating to Your conduct alleged in this Action.

22    **REQUEST FOR PRODUCTION NO. 11:**

23       Documents sufficient to identify all public disclosures authored, edited, or published by

24    You regarding Location Information, including, but not limited to, terms of service, privacy

25    policies, press releases, and help pages.

26    **REQUEST FOR PRODUCTION NO. 12:**

27       Communications Related to reporting in the media that Google collects Location

28    Information from mobile devices regardless of whether Users "turn off" Location History,

1  including, but not limited to, reporting from the Associated Press on August 13, 2018.[1]

2  **REQUEST FOR PRODUCTION NO. 13:**

3      All Documents or Data in Your possession, custody, or control Related to plaintiffs

4  Mahon Nurudaaym, Najat Oshana, Napoleon Patacsil, Michael Childs, and Noe Gamboa,

5  Including Documents or Data Related to their Location Information.

6  **REQUEST FOR PRODUCTION NO. 14:**

7      All Documents including but not limited to reports, correspondence, internal or external

8  audits, analyses, studies, reviews, and tasks relating to privacy or protection of Location

9  Information performed by or for You.

10  **REQUEST FOR PRODUCTION NO. 15:**

11      Communications with any domestic or foreign government agency regarding Your

12  collection and/or use of Location Information.

13  **REQUEST FOR PRODUCTION NO. 16:**

14      All Documents, including subpoenas, other compulsory process, civil investigative

15  demands, correspondence, or any other requests for information made to You from any domestic

16  or foreign regulator or government entity, whether state, federal, or in a foreign country

17  (including, but not limited to, any committee of the United States House of Representatives or

18  Senate; the United States Department of Justice; the United States Securities and Exchange

19  Commission; the United States Federal Trade Commission; any State Attorney General or State

20  agency; the United States Federal Bureau of Investigation; the Australian Competition And

21  Consumer Commission; the Swedish Data Protection Authority; Forbrukerrådet (Norway),

22  Consumentenbond (The Netherlands), Ekpizo (Greece), dTest (Czech Republic), Zveza

23  Potrošnikov Slovenije (Slovenia), Federacja Konsumentów (Poland) and Sveriges Konsumenter

24  (Sweden); any UK agency or governmental body; and the Irish Data Protection Commission),

25  Relating to any matter alleged in the operative complaint in this Action.

26

27

28  ───────────────

[1] *See* Ryan Nakashima, *AP Exclusive: Google tracks your movements, like it or not,* The
Associated Press (August 13, 2018).

**REQUEST FOR PRODUCTION NO. 17:**

All Documents provided by You to any domestic or foreign regulator or government entity, whether state, federal, or in a foreign country (including, but not limited to, any committee of the United States House of Representatives or Senate; the United States Department of Justice; the United States Securities and Exchange Commission; the United States Federal Trade Commission; any State Attorney General or State agency; the United States Federal Bureau of Investigation; the Australian Competition And Consumer Commission; the Swedish Data Protection Authority; Forbrukerrådet, Consumentenbond (The Netherlands), Ekpizo (Greece), dTest (Czech Republic), Zveza Potrošnikov Slovenije (Slovenia), Federacja Konsumentów (Poland) and Sveriges Konsumenter (Sweden); any UK agency or governmental body; and the Irish Data Protection Commission), relating to any matter alleged in the operative complaint in this Action.

**REQUEST FOR PRODUCTION NO. 18:**

All discovery responses from You, Including all Documents You produced in discovery, in *State of Arizona v. Google LLC*, No. CV2020-00619 (Ariz. Sup. Ct., Maricopa Cty.).

**REQUEST FOR PRODUCTION NO. 19:**

All discovery responses from You, Including all Documents You produced in discovery that Relate to Location Information, in *Brown et al v. Google LLC*, N.D. Cal. No. 5:20-cv-03664-LHK.

**REQUEST FOR PRODUCTION NO. 20:**

All discovery responses from You, Including all Documents You produced in discovery, in *Australian Competition & Consumer Commission v. Google Australia Pty Ltd.*, File No. NSD1760/2019.

**REQUEST FOR PRODUCTION NO. 21:**

All of Your insurance policies that may cover any of the claims in this Action.

Dated: February 12, 2021            **LIEFF CABRASER HEIMAN & BERNSTEIN, LLP**


By: /s/ *Michael W. Sobol*
      Michael W. Sobol

Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  212.355.9500
Facsimile:  212.355.9592

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Brad King (SBN 274399)
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Telephone: 310.474.9111
Facsimile: 310.474.8585

*Interim Co-Lead Class Counsel*

**LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

**LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  212.355.9500
Facsimile:  212.355.9592

*Interim Co-Lead Class Counsel*

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Brad King (SBN 274399)
bking@ahdootwolfson.com
 2600 West Olive Avenue, Suite 500
Burbank, California 91505
Telephone: 310.474.9111
Facsimile: 310.474.8585

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**PROOF OF ELECTRONIC SERVICE** |

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 275 Battery Street, 29th Floor, San Francisco, California  94111-3339.

On February 12, 2021, I caused to be served copies of the following document(s):

    **1.**      **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS;** and this

    **2.**      **PROOF OF SERVICE**

on GOOGLE LLC, by email pursuant to the parties' agreement, through its counsel:

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California 94111-1809

PROOF OF SERVICE BY EMAIL
CASE NO. 5:18-CV-05062-EJD

Benedict Y. Hur (bhur@keker.com)
Benjamin Berkowitz (bberkowitz@keker.com)
Christina Lee (clee@keker.com)
Kathryn E. Bowen (kbowen@keker.com)
Thomas Edward Gorman (tgorman@keker.com)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 12, 2021, at Des Moines, Washington.


By: /s/ *Melissa Gardner*
Melissa Gardner

2130619.3