# EXHIBIT 3

**LIEFF CABRASER HEIMANN**
    **& BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
Jallé Dafa (SBN 290637)
jdafa@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

**LIEFF CABRASER HEIMANN**
    **& BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  212.355.9500
Facsimile:  212.355.9592

*Interim Co-Lead Class Counsel*

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
Brad King (SBN 274399)
bking@ahdootwolfson.com
Rachel Johnson (SBN 331351)
rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Telephone: 310.474.9111
Facsimile: 310.474.8585

**AHDOOT & WOLFSON, PC**
Andrew W. Ferich (*pro hac vice*)
aferich@ahdootwolfson.com
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: 310.474.9111
Facsimile: 310.474.8585

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:    Plaintiffs

RESPONDING PARTY:    Defendant Google, LLC

SET NUMBER:    Three (3)

1     Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that

2   Defendant produce for inspection and copying the documents and electronically stored

3   information described herein, at the offices of Lieff, Cabraser, Heimann & Bernstein, LLP,

4   275 Battery Street, 29th Floor, San Francisco, California, 94111, within 30 days of the service of

5   these requests. In accordance with Rule 34(b), Defendant shall provide written responses to the

6   following requests and shall produce the requested documents as they are kept in the ordinary and

7   usual course of business or shall organize and label the documents to correspond with the

8   categories in this request.

9                                        **DEFINITIONS**

10  (a)   **"Action"** means the case captioned *In Re Google Location History Litigation*, Case No.

11        5:18-cv-05062-EJD (N.D. Cal.).

12  (b)   **"Architecture"** or **"Technology"** refers to each piece of Google infrastructure—

13        including but not limited to source code, software, applications, databases, data stores,

14        configuration tables, servers, hardware, and/or networks—utilized to implement or

15        otherwise facilitate any of Your Services or operations.

16  (c)   **"Analysis"** means the deduction of qualitative inferences, traits, characteristics,

17        predispositions or demographic details about a person or group of persons for the purposes

18        of behavioral profiling or other profile building, including without limitation, age,

19        preferences, interests, concerns, habits, drug use or treatment, susceptibility, race,

20        religious affiliation, mental or physical health, medical, marital, sexual preference, family,

21        or socioeconomic status.

22  (d)   **"Communication"** means the conveyance (in the form of facts, ideas, thoughts, opinions,

23        data, inquiries or otherwise) of information and includes, without limitation,

24        correspondence, memoranda, reports, presentations, face-to-face conversations, telephone

25        conversations, text messages, instant messages, voice messages, negotiations, agreements,

26        inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of

27        any type. The term "Communication" includes instances where one party disseminates

28        information that the other party receives but does not respond to.

(e)  **"Document(s)"** means all materials within the full scope of Fed. R. Civ. P. 34 including but not limited to:  all writings and recordings, including the originals, drafts and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra-office Communications, instant messages, chats, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including Metadata.

(f)  **"ESI"** or **"Electronically Stored Information"** refers to information and Documents (as defined within this section) within the full scope of Fed. R. Civ. P. 34—with all Metadata intact—created, manipulated, communicated, stored, and best utilized in digital form, and stored on Electronic Media.  Examples of ESI include e-mail, messages posted on electronic message boards, forum postings, support tickets, videos, discussion boards, Data, source code, websites, Microsoft Word files, Microsoft Excel files, and instant messages.

(g)  **"Including"** means "including but not limited to" and "including without limitation."

(h)  **"Location Information"** means physical geographical location data that is determined, estimated, or inferred from a user's mobile device sensors (including, but not limited to, GPS, Wi-Fi, Bluetooth, cellular) saved to any data store, database, device, or system in

Google's possession, custody or control (as distinguished from storage exclusively in a user's device or a user's systems).

(i)     **"Plaintiff"** refers to each of the named plaintiffs in the Consolidated Amended Complaint (Dkt. No. 131) that has not been dismissed from this action, individually and severally.

(j)    **"Process"** refers to a series of discrete steps, ordered and undertaken to achieve a specific goal or set of goals that facilitate Google's operation.

(k)    **"Relate(s)," "Related to"** or **"Relating to"** shall be construed to mean referring to, reflecting, concerning, pertaining to or in any manner being connected with the matter discussed, in whole or in part.

(l)    **"Relevant Time Period"** shall be construed to mean the date Location History was launched to the present.  Unless otherwise specified, the Relevant Time Period shall apply to each Request.

(m)    **"Transmit," "Transmitted," or "Transmission"** means sending, exchanging, cross-referencing, enriching with, returning in response to a query or Application Program Interface (API) call, populating from, populating to, backing up to or from, duplicating, or otherwise sharing, whether internally or with another entity, in whole or in part.

(n)    **"Use"** means utilization, application, aggregation, or integration beyond idle storage.

(o)    **"User"** refers to any individual who uses the Android operating system or any mobile device equipped with Your Services.

(p)     **"You," "Your,"** and **"Google"** shall mean Google, LLC, and any of its directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors or bankers), and any other person purporting to act on its behalf.  In the case of business entities, these defined terms include subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf.

(q)     **"Your Services"** includes all products, software applications, web applications, and other businesses owned, operated, or otherwise controlled by Google during the Relevant Time Period including without limitation Google Search, Gmail, Chrome, Geo, Ads, Android, YouTube, Next, Waymo, Research, Photos, and Social, GoogleMaps, Google Photos, Google Drive, Google Assistant.

1    **REQUESTS FOR PRODUCTION OF DOCUMENTS**

2    **REQUEST FOR PRODUCTION NO. 22:**

3    Documents sufficient to show all Communications, Including via e-mail, notices, pop-ups,

4    permission requests, and other statements by You to Users Related to Your collection and storage

5    of Location Information.

6    **REQUEST FOR PRODUCTION NO. 23:**

7    Documents sufficient to show all Communications, Including via e-mail, notices, pop-ups,

8    permission requests, and other statements by You to Users Related to Your Use, Including any

9    Analysis, of Location Information.

10    **REQUEST FOR PRODUCTION NO. 24:**

11    All Communications, both internal and to external entities, Related to the sufficiency,

12    clarity, or contents of Your Communications to Users regarding Your collection, storage, and Use

13    (Including any Analysis You conduct) of Location Information.

14    **REQUEST FOR PRODUCTION NO. 25:**

15    All Documents and Communications containing or Related to the Communication made

16    by You, or on your behalf, that "with Location History off, the places you go are no longer

17    stored."

18    **REQUEST FOR PRODUCTION NO. 26:**

19    All Documents and Communications Related to the design, and any modification of the

20    design, of all User controls, settings, toggles, buttons, or similar User interface(s) Related to Your

21    collection and storage of Location Information.

22    **REQUEST FOR PRODUCTION NO. 27:**

23    All Documents Related to any efforts by You to influence or nudge Users to select or opt-

24    in to particular settings Related to Location Information, Including selective wording of

25    Communications such as instructions, disclosures, pop-ups, and buttons regarding User control of

26    Location settings, and the incorporation of so-called hot and cold states into User permission

27    requests.

28

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Related to any usability studies pertaining to account level or mobile device settings (Including Location History, Web & App Activity, Google Location Accuracy, and Google Location Services) that permit, disallow, otherwise affect or purport to affect the Transmission of Location Information to You (directly or indirectly).

**REQUEST FOR PRODUCTION NO. 29:**

All Communications from Users, and any logs aggregating complaints, letters, or other Communications from Users, regarding the Location History setting, and any responsive Communications from You.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Related to Your collection, acquisition via Transmission from third parties, storage, Use and/or Analysis of Location Information of each Plaintiff, whether or not such Location Information is stored in a Plaintiff's Google Account.  Among documents responsive to this Request, without limitation, are documents describing any identifiers associated with each Plaintiff's Location Information, Including any Zwieback cookie ID, device ID, or advertising ID.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Related to the economic and business value to You of Location Information Related to each Plaintiff.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Related to the cost to You of storing Location Information Related to each Plaintiff.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Related to the anonymization or deanonymization by You of Location Information, Including any Plaintiff's Location Information.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show Your policies and practices, and any variations of those policies and practices across geographic regions within the United States and over time, Related

1    to Your collection, Transmission, storage, Use, and/or Analysis of Location Information.

2    **REQUEST FOR PRODUCTION NO. 35:**

3        Documents reflecting or describing Your policies, practices and/or Architecture Related to

4    combining or aggregating Location Information across a User's devices and among Your

5    Services, business(es), advertising and User-facing products.

6    **REQUEST FOR PRODUCTION NO. 36:**

7        Documents reflecting or describing Your policies, practices and/or Architecture Related to

8    storing Location Information that is Transmitted to You from sources other than Your Services,

9    such as from third-party applications installed on Android or iOS devices.

10   **REQUEST FOR PRODUCTION NO. 37:**

11       Documents sufficient to identify each Process and/or piece of Technology or Architecture,

12   involved in Your collection, Transmission, Use, storage, and/or deletion of Location Information.

13   Among documents responsive to this Request are documents sufficient to identify (by way of

14   example only) each Process and/or piece of Architecture involved in the Transmission of

15   Location Information to or from the Footprints or Sawmill data store(s), data store(s) associated

16   with a specific Google product, or any internal logging platform, Including to identify the name

17   of any data store(s), system(s), database(s), platform(s) or other repository to or from which

18   Location Information is Transmitted.

19   **REQUEST FOR PRODUCTION NO. 38:**

20       Documents sufficient to show Your Processes for querying or retrieving (whether

21   automatically or independently) stored Location Information from any Architecture or

22   Technology.

23   **REQUEST FOR PRODUCTION NO. 39:**

24       Documents reflecting or describing any Transmission, delivery, or exchange of stored

25   Location Information from one piece of Architecture or Technology to another.  Among

26   documents responsive to this Request are documents describing (by way of example only) the

27   Transmission of Location Information to or from the Footprints or Sawmill data store(s), data

28   store(s) associated with a specific Google product, or any internal logging platform.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show the number of natural persons in the United States who are Users and who have paused or turned off Location History, or otherwise not opted to have the Location History setting on.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Related to any efforts by You to increase or decrease the number of natural persons in the United States who have paused or turned off Location History, or otherwise not opted to have the Location History setting on.

**REQUEST FOR PRODUCTION NO. 42:**

Documents reflecting the number of natural persons in the United States from whom You have collected or stored Location Information.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents Related to Your efforts, and any variation of such efforts over time, to improve the accuracy, precision, or granularity of Location Information you collect, Including by cross-referencing sensor-based information against other data or by encouraging or discouraging consumers to install certain applications on their devices or choose certain settings.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents Related to any efforts by You, and variation of those efforts over time, to increase or reduce the collection frequency or volume of Location Information stored by You.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents Related to the collection by or Transmission to You of Location Information from any app or service that is pre-installed by default on Android and iOS mobile devices, whether or not the app or service is one of Your Services.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to identify all apps or services in each year from 2014 to 2020 that Transmit Location Information to You, whether or not the app or service is one of Your Services.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents Related to the frequency with which You receive and store Location

1  Information pertaining to Users.

2  **REQUEST FOR PRODUCTION NO. 48:**

3      All Documents Related to the business and economic value to You of stored Location

4  Information.

5  **REQUEST FOR PRODUCTION NO. 49:**

6      All Documents Related to the actual, estimated, and/or projected effect—whether in terms

7  of Technology, User experience, revenue, profit, business relationships, increase in User base,

8  competitive advantage, or otherwise—of actual or proposed changes to Google's policies,

9  Architecture, and marketing/commercialization programs Related to Location Information.

10  **REQUEST FOR PRODUCTION NO. 50:**

11      All Documents concerning Your use of Location Information to maintain Your products

12  and Your Services, make changes to Your product design and services, upgrade Your Services,

13  develop new services, or measure the performance of your products and Your Services.

14  **REQUEST FOR PRODUCTION NO. 51:**

15      All Documents Related to the cost to You of storing Location Information.

16  **REQUEST FOR PRODUCTION NO. 52:**

17      All Documents Related to any commodification, sale, exchange, or Transmission by You

18  to any third party of the results of any Analysis performed by You using Location Information.

19  **REQUEST FOR PRODUCTION NO. 53:**

20      All Documents concerning Your collection and Use of Location Information in

21  connection with Your advertising and real time bidding (RTB) services Including Google Ads,

22  DV360, Search Ad 360, Analytics 360, Campaign Manager 360, Floodlight, Google Ad Manager,

23  Google AdX, AdMob, and rebranded advertising products or services Including AdSense,

24  AdWords, AdChoices.

25  **REQUEST FOR PRODUCTION NO. 54:**

26      Documents sufficient to show Your revenues from advertisements that were targeted

27  (meaning, selected for a particular User or group of Users), in whole or in part, using stored

28  Location Information.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents Related to Location Information collected passively by You and/or Transmitted to You by third-party applications via Your software development kits ("SDKs") or Application Program Interfaces ("APIs"), Including but not limited to Google Mobile Ads, Google Analytics, Firebase, Google Proximity Beacon API, and changes to such SDKs and APIs over time.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents Related to Location Information collected by and in association with Your libraries developed for web developers Including Google Analytics and website tags, and changes to such libraries over time.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show the number of websites and mobile applications that integrate Your software tools referenced in Request for Production Nos. 53, 55, and 56.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to identify Your internal data store(s) accessed and process(es) for generating "My Activity" and "Takeout" reports as they Relate to Location Information.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents describing potential or actual unauthorized access, or attempts by unauthorized individuals or software to access, Location Information stored by You.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents evidencing Your policies, procedures, protocols, practices, and infrastructure for securing and preventing unauthorized access to stored Location Information, Including password requirements, encryption, other authentication requirements, network segmentation, logging, and remote access by employees.

1    Dated: June 8, 2021              **LIEFF CABRASER HEIMAN & BERNSTEIN, LLP**

2

3                                      By: /s/ *Michael W. Sobol*
                                           _____
4                                          Michael W. Sobol

5                                      Michael W. Sobol (SBN 194857)
                                       msobol@lchb.com
6                                      Melissa Gardner (SBN 289096)
                                       mgardner@lchb.com
7                                      Michael Levin-Gesundheit (SBN 292930)
                                       mlevin@lchb.com
8                                      Jallé Dafa (SBN 290637)
                                       jdafa@lchb.com
9                                      **LIEFF CABRASER HEIMAN & BERNSTEIN, LLP**
                                       275 Battery Street, 29th Floor
10                                     San Francisco, CA  94111
                                       Telephone:  415.956.1000
11                                     Facsimile:  415.956.1008

12                                     Nicholas Diamand (*pro hac vice*)
                                       ndiamand@lchb.com
13                                     **LIEFF CABRASER HEIMAN & BERNSTEIN, LLP**
                                       250 Hudson Street, 8th Floor
14                                     New York, NY  10013
                                       Telephone:  212.355.9500
15                                     Facsimile:  212.355.9592

16                                     **AHDOOT & WOLFSON, PC**
                                       Tina Wolfson (SBN 174806)
17                                     twolfson@ahdootwolfson.com
                                       Theodore Maya (SBN 223242)
18                                     tmaya@ahdootwolfson.com
                                       Brad King (SBN 274399)
19                                     bking@ahdootwolfson.com
                                       Rachel Johnson (SBN 331351)
20                                     rjohnson@ahdootwolfson.com
                                       2600 West Olive Avenue, Suite 500
21                                     Burbank, California 91505
                                       Telephone: 310.474.9111
22                                     Facsimile: 310.474.8585

23                                     **AHDOOT & WOLFSON, PC**
                                       Andrew W. Ferich (*pro hac vice*)
24                                     aferich@ahdootwolfson.com
                                       201 King of Prussia Road, Suite 650
25                                     Radnor, PA 19087
                                       Telephone: 310.474.9111
26                                     Facsimile: 310.474.8585

27                                     *Interim Co-Lead Class Counsel*

28

- 11 -

| | |
|---|---|
| **LIEFF CABRASER HEIMANN**<br>**& BERNSTEIN, LLP**<br>Michael W. Sobol (SBN 194857)<br>msobol@lchb.com<br>Melissa Gardner (SBN 289096)<br>mgardner@lchb.com<br>Michael Levin-Gesundheit (SBN 292930)<br>mlevin@lchb.com<br>Jallé Dafa (SBN 290637)<br>jdafa@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111<br>Telephone:  415.956.1000<br>Facsimile:  415.956.1008 | **AHDOOT & WOLFSON, PC**<br>Tina Wolfson (SBN 174806)<br>twolfson@ahdootwolfson.com<br>Theodore Maya (SBN 223242)<br>tmaya@ahdootwolfson.com<br>Brad King (SBN 274399)<br>bking@ahdootwolfson.com<br>Rachel Johnson (SBN 331351)<br>rjohnson@ahdootwolfson.com<br>2600 West Olive Avenue, Suite 500<br>Burbank, California 91505<br>Telephone: 310.474.9111<br>Facsimile: 310.474.8585 |
| **LIEFF CABRASER HEIMANN**<br>**& BERNSTEIN, LLP**<br>Nicholas Diamand (*pro hac vice*)<br>ndiamand@lchb.com<br>250 Hudson Street, 8th Floor<br>New York, NY  10013<br>Telephone:  212.355.9500<br>Facsimile:  212.355.9592 | **AHDOOT & WOLFSON, PC**<br>Andrew W. Ferich (*pro hac vice*)<br>aferich@ahdootwolfson.com<br>201 King of Prussia Road, Suite 650<br>Radnor, PA 19087<br>Telephone: 310.474.9111<br>Facsimile: 310.474.8585 |

*Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**PROOF OF ELECTRONIC SERVICE** |

   I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 275 Battery Street, 29th Floor, San Francisco, California  94111-3339.

   On June 8, 2021, I caused to be served copies of the following document(s):

    **1.**    **PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS;** and this

    **2.**    **PROOF OF SERVICE**

1    on GOOGLE LLC, by email pursuant to the parties' agreement, through its counsel:

2                        KEKER, VAN NEST & PETERS LLP
                              633 Battery Street
3                         San Francisco, California 94111-1809

4                              Benjamin Berkowitz
                                Christina Lee
5                           Thomas Edward Gorman
                               Nicholas Marais
6                            Gregory Washington
                               Christopher Sun
7                           GPRIV-KVP@keker.com.

8           I declare under penalty of perjury that the foregoing is true and correct.  Executed on June

9    8, 2021, at Daly City, California.

10

11

12                                      By: /s/ Ariana Delucchi
                                              Ariana Delucchi

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28