# EXHIBIT 5

1
KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441

2
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409

3
tgorman@keker.com
CHRISTOPHER S. SUN - # 308945

4
csun@keker.com
CHRISTINA LEE - # 314339

5
clee@keker.com
633 Battery Street

6
San Francisco, CA 94111-1809
Telephone:     415 391 5400

7
Facsimile:     415 397 7188

8
Attorneys for Defendant GOOGLE LLC

9
UNITED STATES DISTRICT COURT

10
NORTHERN DISTRICT OF CALIFORNIA

11
SAN JOSE DIVISION

12

13
IN RE:  GOOGLE LOCATION HISTORY
LITIGATION

Case No. 5:18-cv-05062-EJD

**DEFENDANT GOOGLE LLC'S
RESPONSES TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS**

Dept:      Courtroom 4 – 5th Floor
Judge:     Hon. Edward J. Davila

Date Filed: November 2, 2018

Trial Date:  None Set

**PROPOUNDING PARTY:  PLAINTIFFS**

**RESPONDING PARTY:    DEFENDANT, GOOGLE LLC**

**SET NO.:            TWO**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Google LLC ("Google") responds as follows to Plaintiffs' Second Set of Requests for Production, dated February 12, 2021:

<u>**GENERAL STATEMENT AND OBJECTIONS**</u>

These responses and objections are made solely for the purpose of and in relation to this matter. Google has not completed its investigation, discovery, analysis, legal research, and preparation for trial in this matter. The responses herein are based only upon the information and documentation that is presently available and known to Google and which has been identified as containing potentially relevant information. It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional documentation, or provide additional meaning to currently known factual conclusions and legal contentions, all of which may result in the modification of these objections and responses. Accordingly, Google reserves the right to amend and/or supplement its responses and objections at a later time and to make any additional objections that may become apparent. By this statement, however, Google does not agree to or adopt any duty to supplement beyond those set forth in the Federal Code of Civil Procedure, the Local Rules, or any applicable rule or order.

The following general objections apply to every request for production as propounded by Plaintiffs, and are incorporated into each of the following specific responses by reference as if set forth in full therein.

1.      Google objects to each and every request for production to the extent that it seeks information beyond the alleged unauthorized collection of Plaintiffs' location information by Location History and Web & App Activity. Plaintiffs are not entitled to "discovery about discovery," including, for example, Google's general practices regarding data storage and collection or the databases in which Google allegedly stores location information. *See, e.g.*, *Advante Int'l Corp. v. Mintel Learning Tech.*, No. C 05-01022 JW (RS), 2006 WL 3371576, at *4

(N.D. Cal. Nov. 21, 2006); *see also Watkins v. Hireright, Inc*., No. 13CV1432-MMA BLM, 2013 WL 10448882, at *3 (S.D. Cal. Nov. 18, 2013) (granting protective order after concluding that discovery regarding the "structure of [defendant's] computer system" is impermissible "discovery about discovery"). That information is not relevant or probative of whether Plaintiffs consented to the collection of location information or whether any such collection could be actionable under Plaintiffs' asserted claims.

2.      Google objects to each and every request for production to the extent it seeks communications between Google and any governmental organization both to the extent those communications are irrelevant here and insofar as they are subject to any privilege or confidentiality obligation asserted by the governmental body.

3.      Google objects to each and every request to the extent that it fails to specify any relevant temporal limitations. Unless otherwise specified, Google will limit its responses to the time period relevant to Plaintiffs' claims and alleged use of Android devices or operating systems.

4.      Google objects to the requests and accompanying definitions and instructions to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the right to privacy embodied in the U.S. Constitution, or any other applicable privilege or protection. Any inadvertent disclosure of such information shall not be deemed a waiver of any such privilege or protection.

5.      Google construes these requests as not seeking documents from the files of outside counsel or in-house litigation counsel that constitute attorney-client communications and work product generated in connection with this or other litigation, anticipated litigation, or any government investigation, and objects to these requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as they purport to require a search for such privileged material. Accordingly, any privilege log generated in response to these requests will exclude communications with, among, or between Google's counsel.

1656577

6.      Google objects to the requests to the extent they seek information that Plaintiffs either possess or are in an equal position to obtain, on the grounds that such requests are overly broad and impose an excessive burden on Google.

7.      Google objects to the requests and accompanying definitions and instructions to the extent that they seek confidential, proprietary, and/or trade secret information. Google will produce documents containing such information only subject to the terms of the Joint Stipulated Protective Order entered in this case (Dkt. 112). Google reserves the right to seek additional protections beyond those provided in the Joint Stipulated Protective Order to the extent appropriate for any particularly sensitive documents, or to object to the production of such documents altogether if, for example, a document's relevance to this litigation is substantially outweighed by the risk of harm posed by its production in light of the protections available.

8.      Google objects to the requests and accompanying definitions and instructions to the extent that they seek information or documents that are subject to confidentiality or non-disclosure agreements with other parties. Google shall produce such information and documents only to the extent that Google is permitted to do so under its agreements with such parties and only after those parties receive appropriate notice and are provided with a reasonable opportunity to raise objections, and the Court resolves any such objections.

9.      Google's agreement to provide information in response to any of these requests shall not be construed as an admission that such information exists. A response agreeing to produce documents is only a representation that non-privileged and otherwise unprotected information will be made available, subject to objections, if it exists. Nor should Google's agreement to provide information be construed as a waiver of Google's right to object to the use of such information at trial or any other proceeding in this or any other action.

10.      Google objects to the requests to the extent they purport to require Google to draw a legal conclusion to make its response.

11.      Google objects to Plaintiffs' demand for any particular organization or labelling of Google's document production, and further objects to Plaintiffs' demand for the production of ESI-related metadata. Google, however, has met and conferred with Plaintiffs on an appropriate

and mutually applicable procedure for requesting and producing ESI-related metadata, and will do so consistent with the parties' agreement.

12. Google reserves the right to amend or supplement its responses and objections.

## OBJECTIONS TO DEFINITIONS

13. Google objects to each and every paragraph of the section labeled "Definitions" to the extent the definitions purportedly set forth therein would (a) expand the definition of a term beyond its ordinary usage in the English language; (b) create undue burden for Google when propounding its responses and objections to Plaintiffs' requests for production; and/or (c) impose obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other rules or orders of the Court. Google will respond to the requests for production consistent with the ordinary English meaning of the words and its obligations under the law.

14. Google objects to the purported definitions of "you," "your," and "Google" to the extent such definitions refer to XXVI Holdings, Inc. and Alphabet, Inc., which are not parties to this proceeding. Google similarly objects to these terms to the extent that they seek information about any other entities, trade names, and subsidiaries operating businesses owned by Google, or that Google is owned by, who are not parties to this proceeding. Google responds on behalf of itself only and no other person or entities. Google will construe these terms to mean Google LLC. Google also objects to these terms as vague, unintelligible, inconsistent with ordinary English usage, overbroad, unduly burdensome, and imposing obligations that exceed those imposed by the rules of discovery.

15. Google objects to the definitions of "communication" and "document(s)" to the extent that such definitions render any request overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's

Standing Order, or any other applicable rules or orders. Google further objects to these definitions to the extent that they render any request overly broad and unduly burdensome by requiring: (i) restoration of documents or data that are not retained in the ordinary course of business and that reside exclusively on extant backup tapes of electronic media; (ii) recovery of documents or data that have been deleted or are fragmented; (iii) collection of documents or data that reside exclusively on mobile devices such as, without limitation, smartphones, tablets, personal digital assistants, and hand-held wireless devices; and (iv) collection of documents or data that reside exclusively on systems not maintained, controlled, or sanctioned for corporate use by Google.

16.     Google objects to Plaintiffs' definition of "ESI" or "Electronically Stored Information" to the extent it conflicts with or extends beyond any Court order regarding appropriate and mutually applicable procedures for requesting and producing ESI-related metadata. Google will produce any ESI-related metadata only after the parties have agreed to the terms of an ESI order and protocol and the court has entered an order governing ESI.

17.     Google objects to Plaintiffs' definition of "user" to the extent that it renders any request for production overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other applicable rules or orders. Google will construe "user" to mean an individual who uses an Android or iOS device to access Google's web services and applications (e.g., Gmail, Maps, Search, etc.) while logged into the individual's Google account.

18.     Google objects to Plaintiffs' definition of "location information" to the extent that it renders any request for production overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other

applicable rules or orders. Where Plaintiffs' requests for production refer to "location information," Google understands and will construe them as requesting information regarding "Google Stored Geolocation Data," meaning location information that is determined using inputs from a user's mobile-device sensors (e.g., GPS, Wi-Fi, Bluetooth) saved to a user's Google Account (as distinguished from storage in a user's device or systems or in non-Google devices or systems).

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify all databases, networks, or any other repositories of information in your possession, custody, or control that may contain documents relevant to this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Specifically, this request seeks impermissible "discovery about discovery." *Advante Int'l Corp. v. Mintel Learning Tech.*, No. C 05-01022 JW (RS), 2006 WL 3371576, at *4 (N.D. Cal. Nov. 21, 2006); *see also Watkins v. Hireright, Inc.*, No. 13CV1432-MMA BLM, 2013 WL 10448882, at *3 (S.D. Cal. Nov. 18, 2013) (granting protective order after concluding that discovery regarding the "structure of [defendant's] computer system" is impermissible "discovery about discovery"). Google objects that this request is not "reasonably targeted, clear, and as specific as practicable," as required by this District's Guidelines for the Discovery of Electronically Stored Information, because it does not describe what documents are "relevant to this Action." Google objects to this request because it purports to require Google to draw a legal conclusion regarding what documents qualify as "relevant to this Action." Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "databases," "networks," and "repositories of information." Google objects to this request to the extent that it is not limited to a time frame relevant to this litigation. Google objects to this request to the extent that it seeks the disclosure of documents

DEFENDANT'S RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 5:18-cv-05062-EJD
1656577

1   containing trade secret or other confidential research, development, or commercially sensitive

2   information. Google further objects to this request to the extent it seeks information protected by

3   the attorney-client privilege, the attorney work-product doctrine, or any other applicable

4   privileges or protections, including without limitation because it may seek documents prepared by

5   or at the direction of legal counsel.  Google will not produce documents in response to this

6   request.

7   **REQUEST FOR PRODUCTION NO. 6:**

8       Documents sufficient to identify all databases, networks, or any other repositories of

9   information in your possession, custody, or control that contain location information.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

11      Google objects to this request because it seeks irrelevant information. Google objects to

12  this request as overbroad and disproportionate to the needs of the case because it is not limited to

13  documents relating to the allegations of the operative complaint. Specifically, this request seeks

14  impermissible "discovery about discovery." *Advante Int'l Corp. v. Mintel Learning Tech.*, No. C

15  05-01022 JW (RS), 2006 WL 3371576, at *4 (N.D. Cal. Nov. 21, 2006); *see also Watkins v.*

16  *Hireright, Inc*., No. 13CV1432-MMA BLM, 2013 WL 10448882, at *3 (S.D. Cal. Nov. 18, 2013)

17  (granting protective order after concluding that discovery regarding the "structure of

18  [defendant's] computer system" is impermissible "discovery about discovery"). Google objects to

19  this request because it is vague and ambiguous, particularly with respect to the terms "databases,"

20  "networks," and "repositories of information." Google objects to this request to the extent that it

21  is not limited to a time frame relevant to this litigation. Google objects to this request to the extent

22  that it seeks the disclosure of documents containing trade secret or other confidential research,

23  development, or commercially sensitive information. Google further objects to this request to the

24  extent it seeks information protected by the attorney client privilege, the attorney work-product

25  doctrine, or any other applicable privilege or protection, including without limitation because it

26  may seek documents prepared by or at the direction of legal counsel.

27      Subject to and without waiving these objections, Google will produce non-privileged

28  documents sufficient to show where Google stores Google Stored Geolocation Data, to the extent

1  such documents are in Google's custody or control and can be located after a reasonable search.

2  **REQUEST FOR PRODUCTION NO. 7:**

3  Documents sufficient to identify all methods and media utilized by you for interoffice

4  (internal employee or contractor) communication in the ordinary course of your work, including

5  inter-office mail (electronic and physical), reports (electronic and physical), chats, and video

6  chats, as well as how and where such communications are stored.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

8  Google objects to this request because it seeks irrelevant information. Google objects to

9  this request as overbroad and disproportionate to the needs of the case because it is not limited to

10  documents relating to the allegations of the operative complaint. Specifically, this request seeks

11  impermissible "discovery about discovery." *Advante Int'l Corp. v. Mintel Learning Tech.*, No. C

12  05-01022 JW (RS), 2006 WL 3371576, at *4 (N.D. Cal. Nov. 21, 2006); *see also Watkins v.*

13  *Hireright, Inc.*, No. 13CV1432-MMA BLM, 2013 WL 10448882, at *3 (S.D. Cal. Nov. 18, 2013)

14  (granting protective order after concluding that discovery regarding the "structure of

15  [defendant's] computer system" is impermissible "discovery about discovery"). Google objects to

16  this request because it is vague and ambiguous, particularly with respect to the terms "methods,"

17  "media," "interoffice . . . communication," "work," "inter-office mail," "reports," "chats," and

18  "video chats." Google objects to this request to the extent that it is not limited to a time frame

19  relevant to this litigation. Google objects to this request to the extent that it seeks the disclosure of

20  documents containing trade secret or other confidential research, development, or commercially

21  sensitive information. Google further objects to this request to the extent it seeks information

22  protected by the attorney client privilege, the attorney work-product doctrine, or any other

23  applicable privilege or protection, including without limitation because it may seek documents

24  prepared by or at the direction of legal counsel. Google will not produce documents in response to

25  this request.

26  **REQUEST FOR PRODUCTION NO. 8:**

27  Documents sufficient to identify your policies and practices regarding document and/or

28  data retention, preservation, and destruction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Specifically, this request seeks impermissible "discovery about discovery." *Advante Int'l Corp. v. Mintel Learning Tech.*, No. C 05-01022 JW (RS), 2006 WL 3371576, at *4 (N.D. Cal. Nov. 21, 2006). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "policies," "practices," "retention" and "preservation." Google objects to this request to the extent that it is not limited to a time frame relevant to this litigation. Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**REQUEST FOR PRODUCTION NO. 9:**

All documents referenced in your initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Google objects to this request because it is vague and ambiguous, particularly with respect to the term "referenced." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google will produce, following a reasonable and diligent search for responsive material performed pursuant to ESI protocols to be

agreed upon between the parties, those non-privileged documents it intends to rely upon in its

defense of this litigation, including its Terms of Service, Privacy Policy, certain policies and

practices regarding its Location History and Web & App Activity settings, and its disclosures

regarding collection of certain user location information.

**REQUEST FOR PRODUCTION NO. 10:**

All documents related to any settlement of a lawsuit between you and any other person

relating to your conduct alleged in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Google objects to this request because it seeks irrelevant information. Google objects to

this request as overbroad and disproportionate to the needs of the case because it is not limited to

documents relating to the allegations of the operative complaint. Google objects that this request

is not "reasonably targeted, clear, and as specific as practicable," as required by this District's

Guidelines for the Discovery of Electronically Stored Information, including because it does not

describe how to determine whether a lawsuit "Relat[es] to [Google's] conduct alleged in this

Action." Indeed, where one party seeks discovery of another's confidential settlement

agreements, courts routinely recognize that there is a "strong public policy" against disclosure

that requires the propounding party to meet a "heightened showing of relevance or need." *See,*

*e.g.*, *Doe v. Methacton Sch. Dist.*, 164 F.R.D. 175, 176 (E.D. Pa. 1995); *BladeRoom Grp. Ltd. v.*

*Emerson Elec. Co.*, No. 5:15-CV-01370-EJD, 2018 WL 6169347, at *3 (N.D. Cal. Nov. 26,

2018) ("To that end, some courts require a 'particularized showing of a likelihood that admissible

evidence will be generated by the dissemination of the terms of a settlement agreement.'").

Google objects to this request to the extent that it is not limited to a time frame relevant to this

litigation. Google objects to this request to the extent that it seeks the disclosure of documents

containing trade secret or other confidential research, development, or commercially sensitive

information. Google further objects to this request to the extent it seeks information protected by

the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege

or protection, including without limitation because it may seek documents prepared by or at the

direction of legal counsel.

1   Subject to and without waiving these objections, Google is willing to meet and confer

2   regarding this request and Google's objections thereto.

3   **REQUEST FOR PRODUCTION NO. 11:**

4   Documents sufficient to identify all public disclosures authored, edited, or published by

5   you regarding location information, including, but not limited to, terms of service, privacy

6   policies, press releases, and help pages.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8   Google objects to this request as overbroad and disproportionate to the needs of the case

9   because it is not limited to documents relating to the allegations of the operative complaint.

10  Google objects to this request because it is vague and ambiguous, particularly with respect to the

11  terms "public disclosures," "authored," "edited," "published," "press releases" and "help pages."

12  Google objects to this request to the extent that it is not limited to a time frame relevant to this

13  litigation. Google further objects to this request to the extent it seeks information protected by the

14  attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or

15  protection, including without limitation because it may seek documents prepared by or at the

16  direction of legal counsel.

17  Subject to and without waiving these objections, Google agrees to produce, following a

18  reasonable and diligent search for responsive material performed pursuant to ESI protocols to be

19  agreed upon between the parties, its terms of service, privacy policies, and press releases and help

20  pages regarding Google's collection of Google Stored Geolocation Data.

21  **REQUEST FOR PRODUCTION NO. 12:**

22  Communications related to reporting in the media that Google collects location

23  information from mobile devices regardless of whether users "turn off" Location History,

24  including, but not limited to, reporting from the Associated Press on August 13, 2018.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

26  Google objects to this request as overbroad and disproportionate to the needs of the case

27  because it is not limited to documents relating to the allegations of the operative complaint.

28  Google objects to this request because it is vague and ambiguous, particularly with respect to the

term "reporting in the media." Google objects to this request to the extent that it is not limited to a time frame relevant to this litigation. Google further objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google will produce, following a reasonable and diligent search for responsive material performed pursuant to ESI protocols to be agreed upon between the parties, non-privileged communications in its possession, custody or control discussing the August 13, 2018 Associated Press article identified in Plaintiffs' Request No. 12.

**REQUEST FOR PRODUCTION NO. 13:**

All documents or data in your possession, custody, or control related to plaintiffs Mahon Nurudaaym, Najat Oshana, Napoleon Patacsil, Michael Childs, and Noe Gamboa, including documents or data related to their location information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint or Plaintiffs' Google Stored Geolocation Data, if any. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "related to plaintiffs" and "related to their location information." Google objects to this request to the extent that it is not limited to a time frame relevant to this litigation. Google objects to this request to the extent it seeks documents already in plaintiffs' possession, custody or control, or equally accessible to them.  Google objects that its ability to produce the documents called for in this request as written may be restricted by the Stored Communications Act. Google further objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it is unable to

DEFENDANT'S RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 5:18-cv-05062-EJD
1656577

reasonably identify materials responsive to this request because Plaintiffs have refused to produce the identifying information necessary to locate those materials, despite Google expressly requesting such identifying information. *See, e.g.*, Berkowitz 3/29/2019 Ltr. at 1. Google is willing to meet and confer regarding this request once Plaintiffs have provided Google with the information required to locate responsive and relevant materials.

**REQUEST FOR PRODUCTION NO. 14:**

All documents including but not limited to reports, correspondence, internal or external audits, analyses, studies, reviews, and tasks relating to privacy or protection of location information performed by or for you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "reports," "internal or external audits," "analyses," "studies," "reviews," "tasks," "relating to privacy," and "protection of location information." Google objects to this request to the extent that it is not limited to a time frame relevant to this litigation. Google further objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**REQUEST FOR PRODUCTION NO. 15:**

Communications with any domestic or foreign government agency regarding your collection and/or use of location information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as

unduly burdensome to the extent it requires Google to review documents in foreign languages or translate those documents to English. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "government agency," "collection," and "use." Google objects to this request to the extent that it is not limited to a time frame relevant to this litigation. Google further objects to this request to the extent it seeks information protected by any applicable privilege or protection, including any privilege or confidentiality asserted by any governmental body.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**REQUEST FOR PRODUCTION NO. 16:**

All documents, including subpoenas, other compulsory process, civil investigative demands, correspondence, or any other requests for information made to you from any domestic or foreign regulator or government entity, whether state, federal, or in a foreign country (including, but not limited to, any committee of the United States House of Representatives or Senate; the United States Department of Justice; the United States Securities and Exchange Commission; the United States Federal Trade Commission; any State Attorney General or State agency; the United States Federal Bureau of Investigation; the Australian Competition And Consumer Commission; the Swedish Data Protection Authority; Forbrukerrådet (Norway); Consumentenbond (The Netherlands), Ekpizo (Greece), dTest (Czech Republic), Zveza Potrošnikov Slovenije (Slovenia), Federacja Konsumentów (Poland) and Sveriges Konsumenter (Sweden); any UK agency or governmental body; and the Irish Data Protection Commission), relating to any matter alleged in the operative complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects that this request is neither "proportional to the needs of the case" nor "reasonably targeted, clear, and as specific as practicable," as required by Rule 26(b)(1) and this District's Guidelines for the Discovery of

1   Electronically Stored Information because it does not describe how to determine whether

2   documents "relat[e] to any matter alleged in the operative complaint in this Action." Google

3   objects to this request as unduly burdensome to the extent it requires Google to review documents

4   in foreign languages or translate those documents to English. Google will not produce documents

5   written in a foreign language. Google objects to this request because it is vague and ambiguous,

6   particularly with respect to the terms "compulsory process," "civil investigative demands,"

7   "requests for information," "regulator," "government entity," and "any matter alleged in the

8   operative complaint in this action." Google objects to this request to the extent that it is not

9   limited to a time frame relevant to this litigation. Google objects to this request to the extent that

10  it seeks the disclosure of documents containing trade secret or other confidential research,

11  development, or commercially sensitive information. Google further objects to this request to the

12  extent it seeks information protected by any applicable privilege or protection, including any

13  privilege or confidentiality asserted by any governmental body. Google will not produce

14  documents in response to this request.

15  **REQUEST FOR PRODUCTION NO. 17:**

16          All Documents provided by you to any domestic or foreign regulator or government

17  entity, whether state, federal, or in a foreign country (including, but not limited to, any committee

18  of the United States House of Representatives or Senate; the United States Department of Justice;

19  the United States Securities and Exchange Commission; the United States Federal Trade

20  Commission; any State Attorney General or State agency; the United States Federal Bureau of

21  Investigation; the Australian Competition And Consumer Commission; the Swedish Data

22  Protection Authority; Forbrukerrådet, Consumentenbond (The Netherlands), Ekpizo (Greece),

23  dTest (Czech Republic), Zveza Potrošnikov Slovenije (Slovenia), Federacja Konsumentów

24  (Poland) and Sveriges Konsumenter (Sweden); any UK agency or governmental body; and the

25  Irish Data Protection Commission), relating to any matter alleged in the operative complaint in

26  this action.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

28          Google objects to this request because it seeks irrelevant information. Google objects to

this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as unduly burdensome to the extent it requires Google to review documents in foreign languages or translate those documents to English. Google will not produce documents written in a foreign language. Google objects that this request is not "reasonably targeted, clear, and as specific as practicable," as required by this District's Guidelines for the Discovery of Electronically Stored Information, because it does not describe how to determine whether documents "relat[e] to any matter alleged in the operative complaint in this Action." Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "regulator," "government entity," and "any matter alleged in the operative complaint in this Action." Google objects to this request to the extent that it is not limited to a time frame relevant to this litigation. Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this request to the extent it seeks information protected by any applicable privilege or protection, including any privilege or confidentiality asserted by any governmental body. Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All discovery responses from you, including all documents you produced in discovery, in *State of Arizona v. Google LLC*, No. CV2020-00619 (Ariz. Sup. Ct., Maricopa Cty.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint and seeks documents relating to products not at issue in this case. Specifically, to the extent the requested documents were provided in connection with matters unrelated to or different from this action, the request would result in the production of numerous irrelevant materials and, for that reason alone, is overbroad. Furthermore, to the extent the requested documents were provided subject to different time period restrictions, discovery limits, and ESI protocols than apply here, production of those documents

16

1    would be disproportionate to the needs of the case in that it would result in the production of

2    irrelevant or non-responsive material. Google objects to this request as unduly burdensome

3    because it would require Google to duplicate its document collection, review, and production

4    efforts. Google intends to perform a reasonable and diligent search for documents responsive to

5    Plaintiffs' requests for production. To the extent responsive materials were produced in the

6    referenced action, Google will produce those materials here as a result of its broader search and

7    review effort. Accordingly, requiring Google to produce the materials this request seeks in the

8    first instance and then to conduct a separate search for documents responsive to Plaintiffs'

9    requests for production would be unduly burdensome and duplicative. It would also unnecessarily

10   complicate the production of responsive documents and result in delay and confusion. Google

11   objects to this request to the extent that it is not limited to a time frame relevant to this litigation.

12   Google objects to this request to the extent that it seeks the disclosure of documents containing

13   trade secret or other confidential research, development, or commercially sensitive information.

14   Google further objects to this request to the extent it seeks information protected by the attorney

15   client privilege, the attorney work-product doctrine, or any other applicable privilege or

16   protection, including without limitation because it may seek documents prepared by or at the

17   direction of legal counsel.

18       Subject to and without waiving these objections, Google is willing to meet and confer

19   regarding this request and Google's objections thereto.

20   **REQUEST FOR PRODUCTION NO. 19:**

21       All discovery responses from you, including all documents you produced in discovery that

22   relate to location information, in *Brown et al v. Google LLC*, N.D. Cal. No. 5:20-cv-03664-

23   LHK.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

25       Google objects to this request because it seeks irrelevant information. Google objects to

26   this request as overbroad and disproportionate to the needs of the case because it is not limited to

27   documents relating to the allegations of the operative complaint and seeks documents relating to

28   products not at issue in this case. Specifically, to the extent the requested documents were

provided in connection with matters unrelated to or different from this action, the request would result in the production of numerous irrelevant materials and, for that reason alone, is overbroad. Furthermore, to the extent the requested documents were provided subject to different time period restrictions, discovery limits, and ESI protocols than apply here, production of those documents would be disproportionate to the needs of the case in that it would result in the production of irrelevant or non-responsive material. Google objects to this request as unduly burdensome because it would require Google to duplicate its document collection, review, and production efforts. Google intends to perform a reasonable and diligent search for documents responsive to Plaintiffs' requests for production. To the extent responsive materials were produced in the referenced action, Google will produce those materials here as a result of its broader search and review effort. Accordingly, requiring Google to produce the materials this request seeks in the first instance and then to conduct a separate search for documents responsive to Plaintiffs' requests for production would be unduly burdensome and duplicative. It would also unnecessarily complicate the production of responsive documents and result in delay and confusion. Google objects to this request to the extent that it is not limited to a time frame relevant to this litigation. Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**REQUEST FOR PRODUCTION NO. 20:**

All discovery responses from you, including all documents you produced in discovery, in *Australian Competition & Consumer Commission v. Google Australia Pty Ltd*., File No. NSD1760/2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint and seeks documents relating to products not at issue in this case. Specifically, to the extent the requested documents were provided in connection with matters unrelated to or different from this action, the request would result in the production of numerous irrelevant materials and, for that reason alone, is overbroad. Furthermore, to the extent the requested documents were provided subject to different time period restrictions, discovery limits, and ESI protocols than apply here, production of those documents would be disproportionate to the needs of the case in that it would result in the production of irrelevant or non-responsive material. Google objects to this request as unduly burdensome because it would require Google to duplicate its document collection, review, and production efforts. Google intends to perform a reasonable and diligent search for documents responsive to Plaintiffs' requests for production. To the extent responsive materials were produced in the referenced action, Google will produce those materials here as a result of its broader search and review effort. Accordingly, requiring Google to produce the materials this request seeks in the first instance and then to conduct a separate search for documents responsive to Plaintiffs' requests for production would be unduly burdensome and duplicative. It would also unnecessarily complicate the production of responsive documents and result in delay and confusion. Google objects to this request to the extent that it is not limited to a time frame relevant to this litigation. Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google further objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

1656577

1

**REQUEST FOR PRODUCTION NO. 21:**

2

All of your insurance policies that may cover any of the claims in this action.

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

4

Google objects to this request because it is vague and ambiguous, particularly with respect

5

to the terms "insurance policies" and "cover." Google objects to this request as overbroad to the

6

extent it seeks documents beyond those contemplated by Rule 26(a)(1)(A)(iv) of the Federal

7

Rules of Civil Procedure.

8

Subject to and without waiving these objections, Google responds that, after performing a

9

reasonable and diligent search, it has not identified any insurance policy that provides coverage

10

for any of the claims in this action.

11

12

13

Dated: March 15, 2021                          KEKER, VAN NEST & PETERS LLP

14

15

By:     */s/ Christopher S. Sun*

16

BENJAMIN BERKOWITZ
THOMAS E. GORMAN
CHRISTOPHER S. SUN

17

CHRISTINA LEE

18

Attorneys for Defendant GOOGLE LLC

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 5:18-cv-05062-EJD

1656577

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On March 15, 2021, I served the following document(s):

- **DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☑ by **E-MAIL VIA PDF FILE**, per the parties eService Agreement (May 21, 2019), by transmitting on this date via e-mail to GLH-leadplaintiffs@ahdootwolfson.com a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

Tina Wolfson                                          *Interim Co-Lead Class Counsel*
Rachel R. Johnson
AHDOOT & WOLFSON, PC
2600 West Olive Ave., Suite 500
Burbank, CA  91505

Andrew W. Ferich
AHDOOT & WOLFSON, PC
201 King of Prussia Rd., Suite 650
Radnor, PA  19087

Michael W. Sobol                                    *Interim Co-Lead Class Counsel*
Melissa Gardner
Michael Levin-Gesundheit
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

Nicholas Diamand                                   *Interim Co-Lead Class Counsel*
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

Executed on March 15, 2021, at San Francisco, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


_____

Laresa Brown