# EXHIBIT 6

1  KEKER, VAN NEST & PETERS LLP
   BENJAMIN BERKOWITZ - # 244441
2  bberkowitz@keker.com
   THOMAS E. GORMAN - # 279409
3  tgorman@keker.com
   NICHOLAS D. MARAIS # 277846
4  nmarais@keker.com
   CHRISTOPHER S. SUN - # 308945
5  csun@keker.com
   CHRISTINA LEE - # 314339
6  clee@keker.com
   633 Battery Street
7  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
8  Facsimile:    415 397 7188

9  Attorneys for Defendant GOOGLE LLC

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13

14 | IN RE: GOOGLE LOCATION HISTORY | Case No. 5:18-cv-05062-EJD
   | LITIGATION                     |
15 |                                | **DEFENDANT GOOGLE LLC'S SECOND**
   |                                | **AMENDED RESPONSES TO**
16 |                                | **PLAINTIFFS' THIRD SET OF**
   |                                | **REQUESTS FOR PRODUCTION OF**
17 |                                | **DOCUMENTS (NOS. 22-60)**

18 Dept:      Courtroom 4 – 5th Floor
   Judge:     Hon. Edward J. Davila

19 Date Filed: November 2, 2018

20 Trial Date:  None Set

21

22

23

24

25

26

27

28

1  **PROPOUNDING PARTY:  PLAINTIFFS**

2  **RESPONDING PARTY:    DEFENDANT, GOOGLE LLC**

3  **SET NO.:                       THREE**

4          Pursuant to Federal Rule of Civil Procedure 34, Rule 34-1 of the Local Rules of the

5  United States District Court for the Northern District of California ("Local Rules"), and the

6  Court's December 8, 2021 Order on Discovery Disputes (Dkt. 215), Defendant Google LLC

7  ("Google") hereby provides these second amended responses to Plaintiffs' Third Set of Requests

8  for Production, dated March 24, 2023:

9                          **<u>GENERAL STATEMENT AND OBJECTIONS</u>**

10         These responses and objections are made solely for the purpose of and in relation to this

11 matter. Google has not completed its investigation, discovery, analysis, legal research, and

12 preparation for trial in this matter. The responses herein are based only upon the information and

13 documentation that is presently available and known to Google and which has been identified as

14 containing potentially relevant information. It is possible that further investigation, discovery,

15 analysis, legal research, and/or preparation may result in the ascertainment of additional

16 documentation, or provide additional meaning to currently known factual conclusions and legal

17 contentions, all of which may result in the modification of these objections and responses.

18 Accordingly, Google reserves the right to amend and/or supplement its responses and objections

19 at a later time and to make any additional objections that may become apparent. By this

20 statement, however, Google does not agree to or adopt any duty to supplement beyond those set

21 forth in the Federal Code of Civil Procedure, the Local Rules, or any applicable rule or order.

22         The following general objections apply to every request for production as propounded by

23 Plaintiffs, and are incorporated into each of the following specific responses by reference as if set

24 forth in full therein.

25         1.      Google objects to each and every request for production to the extent that it seeks

26 information beyond the alleged unauthorized collection of Plaintiffs' location information by

27 Location History and Web & App Activity. Plaintiffs are not entitled to "discovery about

28 discovery," including, for example, Google's general practices regarding data storage and

1
DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

collection or the databases in which Google allegedly stores location information. *See, e.g.*, *Advante Int'l Corp. v. Mintel Learning Tech.*, No. C 05-01022 JW (RS), 2006 WL 3371576, at *4 (N.D. Cal. Nov. 21, 2006); *see also Watkins v. Hireright, Inc.*, No. 13CV1432-MMA BLM, 2013 WL 10448882, at *3 (S.D. Cal. Nov. 18, 2013) (granting protective order after concluding that discovery regarding the "structure of [defendant's] computer system" is impermissible "discovery about discovery"). That information is not relevant or probative of whether Plaintiffs consented to the collection of location information or whether any such collection could be actionable under Plaintiffs' asserted claims.

2.      Google objects to these requests to the extent that they seek documents outside the time period pertaining to the allegations in Plaintiffs' operative complaint. Unless otherwise specified, Google will limit its responses to the "Relevant Period," which means the period from January 1, 2014 to the present.

3.      Google objects to the requests and accompanying definitions and instructions to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the right to privacy embodied in the U.S. Constitution, or any other applicable privilege or protection. Any inadvertent disclosure of such information shall not be deemed a waiver of any such privilege or protection.

4.      Google construes these requests as not seeking documents from the files of outside counsel or in-house litigation counsel that constitute attorney-client communications and work product generated in connection with this or other litigation, anticipated litigation, or any government investigation, and objects to these requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as they purport to require a search for such privileged material. Accordingly, any privilege log generated in response to these requests will exclude communications with, among, or between Google's counsel.

5.      Google objects to the requests to the extent they seek information that Plaintiffs either possess or are in an equal position to obtain, on the grounds that such requests are overly broad and impose an excessive burden on Google.

6.      Google objects to the requests as premature to the extent they seek information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed.").

7.      Google objects to the requests and accompanying definitions and instructions to the extent that they seek confidential, proprietary, and/or trade secret information. Google will produce documents containing such information only subject to the terms of the Joint Stipulated Protective Order entered in this case (Dkt. 112). Google reserves the right to seek additional protections beyond those provided in the Joint Stipulated Protective Order to the extent appropriate for any particularly sensitive documents, or to object to the production of such documents altogether if, for example, a document's relevance to this litigation is substantially outweighed by the risk of harm posed by its production in light of the protections available.

8.      Google objects to the requests and accompanying definitions and instructions to the extent that they seek information or documents that are subject to confidentiality or non-disclosure agreements with other parties. Google shall produce such information and documents only to the extent that Google is permitted to do so under its agreements with such parties and only after those parties receive appropriate notice and are provided with a reasonable opportunity to raise objections, and the Court resolves any such objections.

9.      Google's agreement to provide information in response to any of these requests shall not be construed as an admission that such information exists. A response agreeing to produce documents is only a representation that non-privileged and otherwise unprotected information will be made available, subject to objections, if it exists. Nor should Google's agreement to provide information be construed as a waiver of Google's right to object to the use of such information at trial or any other proceeding in this or any other action.

10.     Google objects to the requests to the extent they purport to require Google to draw a legal conclusion to make its response.

11.     Google objects to Plaintiffs' demand for any particular organization or labelling of Google's document production, and further objects to Plaintiffs' demand for the production of

3

2109916

ESI-related metadata. Google, however, has met and conferred with Plaintiffs on an appropriate and mutually applicable procedure for requesting and producing ESI-related metadata, and will do so consistent with the parties' agreement.

12.     Google reserves the right to amend or supplement its responses and objections.

### OBJECTIONS TO DEFINITIONS

13.     Google objects to each and every paragraph of the section labeled "Definitions" to the extent the definitions purportedly set forth therein would (a) expand the definition of a term beyond its ordinary usage in the English language; (b) create undue burden for Google when propounding its responses and objections to Plaintiffs' requests for production; and/or (c) impose obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other rules or orders of the Court. Google will respond to the requests for production consistent with the ordinary English meaning of the words and its obligations under the law.

14.     Google objects to the purported definitions of "you," "your," and "Google" to the extent they seek information about any entities, trade names, and subsidiaries operating businesses owned by Google, or that Google is owned by, who are not parties to this proceeding. Google responds on behalf of itself only and no other person or entities. Google will construe these terms to mean Google LLC. Google also objects to these terms as vague, unintelligible, inconsistent with ordinary English usage, overbroad, unduly burdensome, and imposing obligations that exceed those imposed by the rules of discovery.

15.     Google objects to the definitions of "communication" and "document(s)" to the extent that such definitions render any request overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other applicable rules or orders. Google further objects to these definitions

4

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

to the extent that they render any request overly broad and unduly burdensome by requiring: (i) restoration of documents or data that are not retained in the ordinary course of business and that reside exclusively on extant backup tapes of electronic media; (ii) recovery of documents or data that have been deleted or are fragmented; (iii) collection of documents or data that reside exclusively on mobile devices such as, without limitation, smartphones, tablets, personal digital assistants, and hand-held wireless devices; and (iv) collection of documents or data that reside exclusively on systems not maintained, controlled, or sanctioned for corporate use by Google.

16.     Google objects to Plaintiffs' definition of "ESI" or "Electronically Stored Information" to the extent it conflicts with or extends beyond any Court order regarding appropriate and mutually applicable procedures for requesting and producing ESI-related metadata. Google will produce any ESI-related metadata only after the parties have agreed to the terms of an ESI order and protocol and the court has entered an order governing ESI.

17.     Google objects to Plaintiffs' definition of "user" to the extent that it renders any request for production overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other applicable rules or orders. Google will construe "user" to mean an individual who uses an Android or iOS device to access Google's web services and applications (e.g., Gmail, Maps, Search, etc.) while logged into the individual's Google account.

18.     Google objects to Plaintiffs' definition of "location information" to the extent that it renders any request for production overly broad or unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Google beyond those contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, this Court's Standing Order, or any other applicable rules or orders. Plaintiffs' Amended Complaint alleges that Google improperly

5

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

1  collected *personally identified* location data that is saved to a Google Account (*See* Am. Compl.

2  ¶ 67), or "Google Stored Geolocation Data," meaning location information that is determined

3  using inputs from a user's mobile-device sensors (e.g., GPS, Wi-Fi, Bluetooth) saved to a user's

4  Google Account (as distinguished from storage in a user's device or systems or in non-Google

5  devices or systems).  Google has agreed to provide documents that are not restricted to the subject

6  of "Google Stored Geolocation Data" where appropriate in the context of a specific request, and

7  where not unduly burdensome.  Google has also repeatedly asked Plaintiffs to further specify

8  what additional information they believe to be relevant, proportional, and responsive to specific

9  requests.

10           **RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

11  **REQUEST FOR PRODUCTION NO. 22:**

12           Documents sufficient to show all Communications, Including via e-mail, notices, pop-ups,

13  permission requests, and other statements by You to Users Related to Your collection and storage

14  of Location Information.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

16           Google objects to this request as overbroad and unduly burdensome to the extent it seeks

17  "all" communications. Google objects that the request is overbroad and unduly burdensome to the

18  extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs'

19  complaint. Google objects to this request because it is vague and ambiguous, particularly with

20  respect to the terms "notices," "pop-ups," "permission requests" "other statements," "collection"

21  and "storage." Google objects to this request to the extent it seeks information protected by the

22  attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or

23  protection, inclu4ing without limitation because it may seek documents prepared by or at the

24  direction of legal counsel.

25           Subject to and without waiving these objections, Google agrees to produce, following a

26  reasonable and diligent search for responsive material, documents sufficient to show the

27  disclosures that it provided to its users regarding its collection of Google Stored Geolocation Data

28  during the time period relevant to Plaintiffs' claims and allegations.

2109916

1   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22 (December 15,**

2   **2021):**

3           Google objects to this request as overbroad, unduly burdensome, and disproportionate to

4   the needs of the case to the extent it seeks "all" communications and because, as Google has

5   previously explained during the parties' extensive meet and confers on this request, Google does

6   not maintain a central repository of its emails to users, its notices, its pop-ups, its permission

7   requests, or its other statements to users related to the collection and storage of location

8   information. Any collection of these materials would have to be conducted manually from

9   numerous separate repositories. Consequently, this request is unduly burdensome to the extent it

10  requires Google to perform that exercise to produce communications with users that have little-to-

11  nothing to do with Plaintiffs' claims. In the course of the parties' meet and confers on this

12  request, Google has requested that Plaintiffs provide more specificity about the sought

13  communications and disclosures—which are publicly available—and offered to investigate

14  whether there are historical versions of those communications/disclosures that it can produce, but

15  Plaintiffs have refused to do so. Google objects that the request is overbroad and unduly

16  burdensome to the extent that it seeks documents outside the time period pertaining to the

17  allegations in Plaintiffs' complaint. Google objects to this request because it is vague and

18  ambiguous, particularly with respect to the terms "notices," "pop-ups," "permission requests"

19  "other statements," "collection" and "storage." Google objects to this request to the extent it seeks

20  information protected by the attorney client privilege, the attorney work-product doctrine, or any

21  other applicable privilege or protection, including without limitation because it may seek

22  documents prepared by or at the direction of legal counsel.

23          Subject to and without waiving these objections, Google agrees to produce, following a

24  reasonable and diligent search for responsive material, non-privileged documents sufficient to

25  show the disclosures that it provided to its users regarding its collection of Google Stored

26  Geolocation Data during the Relevant Period.

27

28

2109916

**SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22 (March 24, 2023):**

Google objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all" communications and because, as Google has previously explained during the parties' extensive meet and confers on this request, Google does not maintain a central repository of its emails to users, its notices, its pop-ups, its permission requests, or its other statements to users related to the collection and storage of location information. Any collection of these materials would have to be conducted manually from numerous separate repositories. Consequently, this request is unduly burdensome to the extent it requires Google to perform that exercise to produce communications with users that have little-to-nothing to do with Plaintiffs' claims. In the course of the parties' meet and confers on this request, Google has requested that Plaintiffs provide more specificity about the sought communications and disclosures—which are publicly available—and offered to investigate whether there are historical versions of those communications/disclosures that it can produce, but Plaintiffs have refused to do so. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "notices," "pop-ups," "permission requests" "other statements," "collection" and "storage." Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material, non-privileged documents sufficient to show the disclosures that it provided to its users regarding its collection of Google Stored Geolocation Data during the Relevant Period. Google also produced responsive documents related to data that is not stored, or may not be stored, in a Google Account. Google has invited Plaintiffs to further specify what additional information they believe to be relevant, proportional,

8

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

and responsive to this request. Plaintiffs have not responded.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show all Communications, Including via e-mail, notices, pop-ups, permission requests, and other statements by You to Users Related to Your Use, Including any Analysis, of Location Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Google objects to this request because it seeks irrelevant information. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "notices," "pop-ups," "permission requests" and "other statements." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material, documents sufficient to show the disclosures that it provided to its users regarding its collection of Google Stored Geolocation Data during the time period relevant to Plaintiffs' claims and allegations.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. As Google has previously explained during the parties' extensive meet and confers on this request, Google does not maintain a central repository of its emails to users, its notices, its pop-ups, its permission requests, or its other statements to users related to the use of location information. Any collection of these materials would have to be conducted manually from numerous separate repositories. Consequently, this request is unduly burdensome to the extent it requires Google to

9

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

1   perform that exercise to produce communications with users that have little-to-nothing to do with

2   Plaintiffs' claims. In the course of the parties' meet and confers on this request, Google has

3   requested that Plaintiffs provide more specificity about the sought communications and

4   disclosures—which are publicly available—and offered to investigate whether there are historical

5   versions of those communications/disclosures that it can produce, but Plaintiffs have refused to

6   do so. Google objects to this request because it is vague and ambiguous, particularly with respect

7   to the terms "notices," "pop-ups," "permission requests" and "other statements." Google objects

8   to this request as overbroad and unduly burdensome to the extent it seeks "all" communications.

9   Google objects that the request is overbroad and unduly burdensome to the extent that it seeks

10  documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google

11  objects to this request to the extent it seeks information protected by the attorney client privilege,

12  the attorney work-product doctrine, or any other applicable privilege or protection, including

13  without limitation because it may seek documents prepared by or at the direction of legal counsel.

14       Subject to and without waiving these objections, Google agrees to produce, following a

15  reasonable and diligent search for responsive material, non-privileged documents sufficient to

16  show the disclosures that it provided to its users regarding its collection of Google Stored

17  Geolocation Data during the Relevant Period.

18  **<u>SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23 (March</u>**

19  **<u>24, 2023):</u>**

20       Google objects to this request because it seeks irrelevant information. Google objects to

21  this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. As

22  Google has previously explained during the parties' extensive meet and confers on this request,

23  Google does not maintain a central repository of its emails to users, its notices, its pop-ups, its

24  permission requests, or its other statements to users related to the use of location information.

25  Any collection of these materials would have to be conducted manually from numerous separate

26  repositories. Consequently, this request is unduly burdensome to the extent it requires Google to

27  perform that exercise to produce communications with users that have little-to-nothing to do with

28  Plaintiffs' claims. In the course of the parties' meet and confers on this request, Google has

2109916

requested that Plaintiffs provide more specificity about the sought communications and disclosures—which are publicly available—and offered to investigate whether there are historical versions of those communications/disclosures that it can produce, but Plaintiffs have refused to do so. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "notices," "pop-ups," "permission requests" and "other statements." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material, non-privileged documents sufficient to show the disclosures that it provided to its users regarding its collection of Google Stored Geolocation Data during the Relevant Period. Google also produced responsive documents related to data that is not stored, or may not be stored, in a Google Account. Google has invited Plaintiffs to further specify what additional information they believe to be relevant, proportional, and responsive to this request. Plaintiffs have not responded.

**REQUEST FOR PRODUCTION NO. 24:**

All Communications, both internal and to external entities, Related to the sufficiency, clarity, or contents of Your Communications to Users regarding Your collection, storage, and Use (Including any Analysis You conduct) of Location Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Google objects to this request because it seeks irrelevant information. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "internal and . . . external entities," "sufficiency," "clarity," "contents," "collection," and "storage." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications. Google objects that the request is overbroad and unduly burdensome to the

11

2109916

extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs'
complaint. Google objects to this request to the extent that it seeks the disclosure of documents
containing trade secret or other confidential research, development, or commercially sensitive
information. Google objects to this request to the extent it seeks information protected by the
attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or
protection, including without limitation because it may seek documents prepared by or at the
direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a
reasonable and diligent search for responsive material, documents sufficient to show the
disclosures that it provided to its users regarding its collection of Google Stored Geolocation Data
during the time period relevant to Plaintiffs' claims and allegations.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to
this request because it is vague and ambiguous, particularly with respect to the terms "internal
and . . . external entities," "sufficiency, "clarity," "contents," "collection," and "storage." Google
objects to this request as overbroad and unduly burdensome to the extent it seeks "all"
communications. Google objects that the request is overbroad, unduly burdensome, and
disproportionate to the needs of the case to the extent that it seeks documents outside the time
period pertaining to the allegations in Plaintiffs' complaint and because it seeks all
communications related to the sufficiency, clarity or contents of Google's communications with
users regarding the collection, storage, and use of location information, regardless of whether any
of those communications concern Plaintiffs' claims. Plaintiffs have not explained why such
communications are relevant to their claims. And Google has no readily available means to
identify the broad universe of communications responsive to this request. Google objects to this
request to the extent that it seeks the disclosure of documents containing trade secret or other
confidential research, development, or commercially sensitive information. Google objects to this
request to the extent it seeks information protected by the attorney client privilege, the attorney

1    work-product doctrine, or any other applicable privilege or protection, including without

2    limitation because it may seek documents prepared by or at the direction of legal counsel.

3         Subject to and without waiving these objections, Google agrees to produce, following a

4    reasonable and diligent search for responsive material, non-privileged documents sufficient to

5    show the disclosures that it provided to its users regarding its collection of Google Stored

6    Geolocation Data during the Relevant Period.

7    **SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24 (March**

8    **24, 2023):**

9         Google objects to this request because it seeks irrelevant information. Google objects to

10   this request because it is vague and ambiguous, particularly with respect to the terms "internal

11   and . . . external entities," "sufficiency, "clarity," "contents," "collection," and "storage." Google

12   objects to this request as overbroad and unduly burdensome to the extent it seeks "all"

13   communications. Google objects that the request is overbroad, unduly burdensome, and

14   disproportionate to the needs of the case to the extent that it seeks documents outside the time

15   period pertaining to the allegations in Plaintiffs' complaint and because it seeks all

16   communications related to the sufficiency, clarity or contents of Google's communications with

17   users regarding the collection, storage, and use of location information, regardless of whether any

18   of those communications concern Plaintiffs' claims. Plaintiffs have not explained why such

19   communications are relevant to their claims. And Google has no readily available means to

20   identify the broad universe of communications responsive to this request. Google objects to this

21   request to the extent that it seeks the disclosure of documents containing trade secret or other

22   confidential research, development, or commercially sensitive information. Google objects to this

23   request to the extent it seeks information protected by the attorney client privilege, the attorney

24   work-product doctrine, or any other applicable privilege or protection, including without

25   limitation because it may seek documents prepared by or at the direction of legal counsel.

26        Subject to and without waiving these objections, Google agrees to produce, following a

27   reasonable and diligent search for responsive material, non-privileged documents sufficient to

28   show the disclosures that it provided to its users regarding its collection of Google Stored

2109916

Geolocation Data during the Relevant Period. Google also produced responsive documents related to data that is not stored, or may not be stored, in a Google Account. Google has invited Plaintiffs to further specify what additional information they believe to be relevant, proportional, and responsive to this request. Plaintiffs have not responded.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications containing or Related to the Communication made by You, or on your behalf, that "with Location History off, the places you go are no longer stored."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents and communications. Google objects to this request because it is vague and ambiguous, particularly with respect to the phrase "containing or related to the communication made by you, or on your behalf." Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed.") Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material, documents sufficient to show the disclosures that it provided to its users regarding its collection of Google Stored Geolocation Data during the time period relevant to Plaintiffs' claims and allegations.

2109916

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25 (December 15, 2021):**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents and communications. Google objects to this request because it is vague and ambiguous, particularly with respect to the phrase "containing or related to the communication made by you, or on your behalf." Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed.") Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents from the Relevant Period containing the phrase "with Location History off, the places you go are no longer stored."

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications Related to the design, and any modification of the design, of all User controls, settings, toggles, buttons, or similar User interface(s) Related to Your collection and storage of Location Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as

15

1    overbroad and unduly burdensome to the extent it seeks "all" documents and communications.

2    Google objects that the request is overbroad and unduly burdensome to the extent that it seeks

3    documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google

4    objects that this request is premature because it seeks information that is irrelevant to class

5    certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good

6    faith propound discovery related only to class certification issues before the class certification

7    motion is filed."). Google objects to this request because it is vague and ambiguous, particularly

8    with respect to the terms "design," "modification," "user controls," "settings," "toggles,"

9    "buttons," "similar user interface(s)," "collection," and "storage." Google objects to this request

10   to the extent that it seeks the disclosure of documents containing trade secret or other confidential

11   research, development, or commercially sensitive information. Google objects to this request to

12   the extent it seeks information protected by the attorney client privilege, the attorney work-

13   product doctrine, or any other applicable privilege or protection, including without limitation

14   because it may seek documents prepared by or at the direction of legal counsel.

15       Subject to and without waiving these objections, Google is willing to meet and confer

16   regarding this request and Google's objections thereto.

17   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26 (December 15,**

18   **2021):**

19       Google objects to this request because it seeks irrelevant information. Google objects to

20   this request as overbroad and disproportionate to the needs of the case because it is not limited to

21   documents relating to the allegations of the operative complaint. Specifically, Plaintiffs' request

22   would sweep in any document or communication regarding any design choice regarding "all user

23   controls, settings, toggles, buttons, or similar user interface(s) related to [Google's] collection and

24   storage of location information." As just one example, this request would require Google to

25   produce documents specifying the color choices for its user interfaces because the choice

26   regarding colors employed for a user interface is part of its design. Google does not have a master

27   database of changes made to the design of "all User controls, settings, toggles, buttons, or similar

28   User interface(s) Related to [the] collection and storage of Location Information."  Google also

16

2109916

does not have a central repository of documents "related" to those designs.  Any collection of these materials would have to be conducted manually from numerous separate repositories.  For that reason, in the course of the parties' meet and confers, Google has requested that Plaintiffs identify the specific "controls, settings, toggles, buttons, or similar User interface(s)" that they believe are relevant to this request so that Google can investigate whether responsive documents related to those controls, settings, etc. exist and evaluate the burden of producing those documents. Plaintiffs have, however, refused to do so. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents and communications. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "design," "modification," "user controls," "settings," "toggles," "buttons," "similar user interface(s)," "collection," and "storage." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents describing modifications to user controls for the Location History and Web & App Activity settings during the Relevant Period.

2109916

**SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26 (March 24, 2023):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Specifically, Plaintiffs' request would sweep in any document or communication regarding any design choice regarding "all user controls, settings, toggles, buttons, or similar user interface(s) related to [Google's] collection and storage of location information." As just one example, this request would require Google to produce documents specifying the color choices for its user interfaces because the choice regarding colors employed for a user interface is part of its design. Google does not have a master database of changes made to the design of "all User controls, settings, toggles, buttons, or similar User interface(s) Related to [the] collection and storage of Location Information." Google also does not have a central repository of documents "related" to those designs. Any collection of these materials would have to be conducted manually from numerous separate repositories. For that reason, in the course of the parties' meet and confers, Google has requested that Plaintiffs identify the specific "controls, settings, toggles, buttons, or similar User interface(s)" that they believe are relevant to this request so that Google can investigate whether responsive documents related to those controls, settings, etc. exist and evaluate the burden of producing those documents. Plaintiffs have, however, refused to do so. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents and communications. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "design," "modification," "user controls," "settings," "toggles," "buttons," "similar user interface(s)," "collection," and "storage." Google objects to this request to the extent that it seeks

18

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents describing modifications to user controls for the Location History and Web & App Activity settings during the Relevant Period. Google also produced responsive documents related to data that is not necessarily stored in a Google Account. Google has invited Plaintiffs to further specify what additional information they believe to be relevant, proportional, and responsive to this request. Plaintiffs have not responded.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Related to any efforts by You to influence or nudge Users to select or opt-in to particular settings Related to Location Information, Including selective wording of Communications such as instructions, disclosures, pop-ups, and buttons regarding User control of Location settings, and the incorporation of so-called hot and cold states into User permission requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related

2109916

only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "efforts," "influence," "nudge," "particular settings," "selective wording," "instructions," "disclosures," "pop-ups," "buttons," "user control," "incorporation," "so-called hot and cold states," and "user permission requests." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "efforts," "influence," "nudge," "particular settings," "selective wording," "instructions," "disclosures," "pop-ups," "buttons," "user control," "incorporation," "so-called hot and cold states," and "user permission requests." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially

2109916

sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents describing the reasons it made modifications to user controls for the Location History and Web & App Activity settings during the Relevant Period.

**SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27 (March 24, 2023):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "efforts," "influence," "nudge," "particular settings," "selective wording," "instructions," "disclosures," "pop-ups," "buttons," "user control," "incorporation," "so-called hot and cold states," and "user permission requests." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by

2109916

1    or at the direction of legal counsel.

2         Subject to and without waiving these objections, Google agrees to produce, following a

3    reasonable and diligent search for responsive material performed pursuant to custodial ESI search

4    protocols to be agreed upon between the parties, non-privileged documents describing the reasons

5    it made modifications to user controls for the Location History and Web & App Activity settings

6    during the Relevant Period. Google also produced responsive documents related to other Location

7    settings. Google has invited Plaintiffs to further specify what additional information they believe

8    to be relevant, proportional, and responsive to this request. Plaintiffs have not responded.

9    **REQUEST FOR PRODUCTION NO. 28:**

10        All Documents Related to any usability studies pertaining to account level or mobile

11   device settings (Including Location History, Web & App Activity, Google Location Accuracy,

12   and Google Location Services) that permit, disallow, otherwise affect or purport to affect the

13   Transmission of Location Information to You (directly or indirectly).

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

15        Google objects to this request because it seeks irrelevant information. Google objects to

16   this request as overbroad and disproportionate to the needs of the case because it is not limited to

17   documents relating to the allegations of the operative complaint. Google objects to this request as

18   overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the

19   request is overbroad and unduly burdensome to the extent that it seeks documents outside the

20   time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request

21   is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8

22   ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related

23   only to class certification issues before the class  certification motion is filed."). Google objects to

24   this request because it is vague and ambiguous, particularly with respect to the terms "usability

25   studies," "account level or mobile device settings," "affect," "purport to affect," "directly," and

26   "indirectly." Google objects to this request to the extent that it seeks the disclosure of documents

27   containing trade secret or other confidential research, development, or commercially sensitive

28   information. Google objects to this request to the extent it seeks information protected by the

attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 28 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "usability studies," "account level or mobile device settings," "affect," "purport to affect," "directly," and "indirectly." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google has already produced non-privileged location-related user studies related to Location History, Web & App Activity, location-related settings, and user expectations regarding privacy that could be identified following a reasonable and diligent search for responsive material.

**REQUEST FOR PRODUCTION NO. 29:**

All Communications from Users, and any logs aggregating complaints, letters, or other Communications from Users, regarding the Location History setting, and any responsive Communications from You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "logs," "aggregating," "complaints," "letters," "other communications," and "responsive communications." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information or the confidential, private, or sensitive personal information of third parties. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 29 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to

24

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "logs," "aggregating," "complaints," "letters," "other communications," and "responsive communications." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information or the confidential, private, or sensitive personal information of third parties. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged logs aggregating complaints from its users regarding the Location History setting during the Relevant Period, to the extent such logs exist.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Related to Your collection, acquisition via Transmission from third parties, storage, Use and/or Analysis of Location Information of each Plaintiff, whether or not such Location Information is stored in a Plaintiff's Google Account. Among documents responsive to this Request, without limitation, are documents describing any identifiers associated with each Plaintiff's Location Information, Including any Zwieback cookie ID, device ID, or

1   advertising ID.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

3          Google objects to this request as overbroad and disproportionate to the needs of the case

4   because it is not limited to documents relating to the allegations of the operative complaint.

5   Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all"

6   documents. Google objects that the request is overbroad and unduly burdensome to the extent that

7   it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint.

8   Google objects that this request is premature, because it seeks information that is irrelevant to

9   class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in

10  good faith propound discovery related only to class certification issues before the

11  class  certification motion is filed."). Google objects to this request because it is vague and

12  ambiguous, particularly with respect to the terms "collection," "acquisition via transmission from

13  third parties," "storage," "stored in a Plaintiff's Google Account," "identifiers associated with

14  each Plaintiff's location information," "Zwieback cookie ID," "device ID," and "advertising ID."

15  Google objects to this request to the extent that it seeks the disclosure of documents containing

16  trade secret or other confidential research, development, or commercially sensitive information.

17  Google objects to this request to the extent it seeks information protected by the attorney client

18  privilege, the attorney work-product doctrine, or any other applicable privilege or protection,

19  including without limitation because it may seek documents prepared by or at the direction of

20  legal counsel.

21         Subject to and without waiving these objections, Google is willing to meet and confer

22  regarding this request and Google's objections thereto.

23  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 30 (December 15,**

24  **2021):**

25         Google objects to this request as overbroad and disproportionate to the needs of the case

26  because it is not limited to documents relating to the allegations of the operative complaint.

27  Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all"

28  documents. Google objects that the request is overbroad and unduly burdensome to the extent that

2109916

it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature, because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "collection," "acquisition via transmission from third parties," "storage," "stored in a Plaintiff's Google Account," "identifiers associated with each Plaintiff's location information," "Zwieback cookie ID," "device ID," and "advertising ID." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material, and upon confirmation and verification from Plaintiffs that they are the owners of the relevant accounts, non-privileged documents related to the collection of Plaintiffs' Google Stored Geolocation Data.  Plaintiffs can access their own Android IDs. Plaintiffs can also access their own Android Advertising IDs via their devices, though Google does not concede that this information is within the scope of Plaintiffs' RFP because Google does not concede that it is necessarily "associated with each Plaintiff's Location Information." Google does not have documents sufficient to identify "Zwieback cookie IDs" that are "associated with each Plaintiff's Location Information."

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Related to the economic and business value to You of Location Information Related to each Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Google objects to this request as overbroad and disproportionate to the needs of the case

2109916

because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "economic and business value" and "location information related to each Plaintiff." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature, because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 31 (December 15, 2021):**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "economic and business value" and "location information related to each Plaintiff." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature, because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in

28

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

1  good faith propound discovery related only to class certification issues before the

2  class  certification motion is filed."). Google objects to this request to the extent that it seeks the

3  disclosure of documents containing trade secret or other confidential research, development, or

4  commercially sensitive information. Google objects to this request to the extent it seeks

5  information protected by the attorney client privilege, the attorney work-product doctrine, or any

6  other applicable privilege or protection, including without limitation because it may seek

7  documents prepared by or at the direction of legal counsel.

8         Subject to and without waiving these objections, Google responds that it will not produce

9  documents responsive to this request but agrees to revisit this request after the Court issues a class

10  certification order.

11  **REQUEST FOR PRODUCTION NO. 32:**

12         All Documents Related to the cost to You of storing Location Information Related to each

13  Plaintiff.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

15         Google objects to this request because it seeks irrelevant information. Google objects to

16  this request as overbroad and disproportionate to the needs of the case because it is not limited to

17  documents relating to the allegations of the operative complaint. Google objects to this request

18  because it is vague and ambiguous, particularly with respect to the terms "cost" and "storing."

19  Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all"

20  documents. Google objects that the request is overbroad and unduly burdensome to the extent that

21  it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint.

22  Google objects that this request is premature because it seeks information that is irrelevant to

23  class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in

24  good faith propound discovery related only to class certification issues before the

25  class  certification motion is filed."). Google objects to this request to the extent that it seeks the

26  disclosure of documents containing trade secret or other confidential research, development, or

27  commercially sensitive information. Google objects to this request to the extent it seeks

28  information protected by the attorney client privilege, the attorney work-product doctrine, or any

2109916

other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO.32 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "cost" and "storing." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it will not produce documents responsive to this request but agrees to revisit this request after the Court issues a class certification order.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Related to the anonymization or deanonymization by You of Location Information, Including any Plaintiff's Location Information.

2109916

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "anonymization" and "deanonymization." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature, because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material, documents sufficient to show Google's policies regarding anonymization of Google Stored Geolocation Data and in what circumstances, if any, it deanonymized such data during the time period relevant to Plaintiffs' claims and allegations.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 33 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "anonymization" and

31

2109916

"deanonymization." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature, because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material, non-privileged documents sufficient to show Google's policies regarding anonymization of PII and in what circumstances, if any, it deanonymized such data in relation to Location Information during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show Your policies and practices, and any variations of those policies and practices across geographic regions within the United States and over time, Related to Your collection, Transmission, storage, Use, and/or Analysis of Location Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "policies," "practices," "variations," "geographic regions," "collection," and "storage." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google further objects to this request as premature to the extent it seeks information

that is irrelevant to class certification.  *See* Dkt. 115 at 8 ("Rather than embark on broad

discovery, Plaintiffs will in good faith propound discovery related only to class certification

issues before the class certification motion is filed.")   Google objects to this request to the extent

it seeks information protected by the attorney client privilege, the attorney work-product doctrine,

or any other applicable privilege or protection, including without limitation because it may seek

documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a

reasonable and diligent search for responsive material, documents sufficient to describe Google's

policies governing the collection of Google Stored Geolocation Data from users in the United

States during the time period relevant to Plaintiffs' claims and allegations.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 34 (March 24, 2023):**

Google objects to this request because it is vague and ambiguous, particularly with respect

to the terms "policies," "practices," "variations," "geographic regions," "collection," and

"storage." Google objects to this request to the extent that it seeks the disclosure of documents

containing trade secret or other confidential research, development, or commercially sensitive

information. Google objects that the request is overbroad and unduly burdensome to the extent

that it seeks documents outside the time period pertaining to the allegations in Plaintiffs'

complaint. Google further objects to this request as premature to the extent it seeks information

that is irrelevant to class certification.  *See* Dkt. 115 at 8 ("Rather than embark on broad

discovery, Plaintiffs will in good faith propound discovery related only to class certification

issues before the class certification motion is filed.")   Google objects to this request to the extent

it seeks information protected by the attorney client privilege, the attorney work-product doctrine,

or any other applicable privilege or protection, including without limitation because it may seek

documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a

reasonable and diligent search for responsive material, documents sufficient to describe Google's

policies governing the collection of Google Stored Geolocation Data from users in the United

States during the time period relevant to Plaintiffs' claims and allegations. Google has also

2109916

produced documents related to its polices governing the collection of data that is not stored in a Google Account. Google has invited Plaintiffs to further specify what additional information they believe to be relevant, proportional, and responsive to this request. Plaintiffs have not responded.

**REQUEST FOR PRODUCTION NO. 35:**

Documents reflecting or describing Your policies, practices and/or Architecture Related to combining or aggregating Location Information across a User's devices and among Your Services, business(es), advertising and User-facing products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "policies," "practices," "combining," "aggregating," "across a user's devices" and "among your services, business(es), advertising and user-facing products." Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects to this request as premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

2109916

1  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 35 (December 15,**

2  **2021):**

3           Google objects to this request because it seeks irrelevant information. Google objects to

4  this request as overbroad and disproportionate to the needs of the case because it is not limited to

5  documents relating to the allegations of the operative complaint. Google objects to this request

6  because it is vague and ambiguous, particularly with respect to the terms "policies," "practices,"

7  "combining," "aggregating," "across a user's devices" and "among your services, business(es),

8  advertising and user-facing products." Google objects that the request is overbroad and unduly

9  burdensome to the extent that it seeks documents outside the time period pertaining to the

10  allegations in Plaintiffs' complaint. Google objects to this request as premature to the extent it

11  seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark

12  on broad discovery, Plaintiffs will in good faith propound discovery related only to class

13  certification issues before the class  certification motion is filed."). Google objects to this request

14  to the extent that it seeks the disclosure of documents containing trade secret or other confidential

15  research, development, or commercially sensitive information. Google objects to this request to

16  the extent it seeks information protected by the attorney client privilege, the attorney work-

17  product doctrine, or any other applicable privilege or protection, including without limitation

18  because it may seek documents prepared by or at the direction of legal counsel.

19           Subject to and without waiving these objections, Google responds that it has already

20  produced copies of its Privacy Policies and Terms of Service that were effective during the

21  Relevant Period, both of which describe Google's policies and practices related to combining or

22  aggregating a user's data across the user's devices and across Google's services. Google further

23  agrees to investigate whether non-privileged documents from the Relevant Period exist that

24  reflect Google's prohibitions on joining of anonymous/pseudonymous/deidentified data with user

25  personally identifiable information.

26  **REQUEST FOR PRODUCTION NO. 36:**

27           Documents reflecting or describing Your policies, practices and/or Architecture Related to

28  storing Location Information that is Transmitted to You from sources other than Your Services,

2109916

1   such as from third-party applications installed on Android or iOS devices.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

3       Google objects to this request because it seeks irrelevant information. Google objects to

4   this request as overbroad and disproportionate to the needs of the case because it is not limited to

5   documents relating to the allegations of the operative complaint. Google objects to this request

6   because it is vague and ambiguous, particularly with respect to the terms "reflecting,"

7   "describing," "policies," "practices," "storing," "sources other than your services," and "third-

8   party applications." Google objects that the request is overbroad and unduly burdensome to the

9   extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs'

10  complaint. Google objects to this request as premature to the extent it seeks information that is

11  irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery,

12  Plaintiffs will in good faith propound discovery related only to class certification issues before the

13  class  certification motion is filed."). Google objects to this request to the extent that it seeks the

14  disclosure of documents containing trade secret or other confidential research, development, or

15  commercially sensitive information. Google objects to this request to the extent it seeks

16  information protected by the attorney client privilege, the attorney work-product doctrine, or any

17  other applicable privilege or protection, including without limitation because it may seek

18  documents prepared by or at the direction of legal counsel.

19      Subject to and without waiving these objections, Google agrees to produce, following a

20  reasonable and diligent search for responsive material performed pursuant to ESI protocols to be

21  agreed upon between the parties, documents reflecting or describing its policies and practices

22  regarding its collection of Google Stored Geolocation Data during the time period relevant to

23  Plaintiffs' claims and allegation.

24  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 36 (December 15,**

25  **2021):**

26      Google objects to this request because it seeks irrelevant information. Google objects to

27  this request as overbroad and disproportionate to the needs of the case because it is not limited to

28  documents relating to the allegations of the operative complaint. Google objects to this request

36

2109916

because it is vague and ambiguous, particularly with respect to the terms "reflecting," "describing," "policies," "practices," "storing," "sources other than your services," and "third-party applications." Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects to this request as premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents reflecting or describing its policies and practices regarding its collection of Google Stored Geolocation Data during the Relevant Period.

**SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 36 (March 24, 2023):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "reflecting," "describing," "policies," "practices," "storing," "sources other than your services," and "third-party applications." Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects to this request as premature to the extent it seeks information that is

2109916

irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents reflecting or describing its policies and practices regarding its collection of Google Stored Geolocation Data during the Relevant Period. Google has invited Plaintiffs to further specify what additional information they believe to be relevant, proportional, and responsive to this request. Plaintiffs have not responded.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to identify each Process and/or piece of Technology or Architecture, involved in Your collection, Transmission, Use, storage, and/or deletion of Location Information. Among documents responsive to this Request are documents sufficient to identify (by way of example only) each Process and/or piece of Architecture involved in the Transmission of Location Information to or from the Footprints or Sawmill data store(s), data store(s) associated with a specific Google product, or any internal logging platform, Including to identify the name of any data store(s), system(s), database(s), platform(s) or other repository to or from which Location Information is Transmitted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the

2109916

terms "collection," "storage," "deletion," Footprints," Sawmill," "data store(s)," "associated with a specific Google product," "internal logging platform," "system(s)," "databases(s)," "platform(s)," and "repository." Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects to this request as premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it has provided the information sought by this request in its responses to Plaintiffs' fourth interrogatory.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 37 (December 15, 2021):**

Google objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. As Google has explained during the parties' meet and confers, Plaintiffs' definitions of "Process," "Architecture" and "Technology" are vague and overbroad and would encompass irrelevant information that would be unduly burdensome to collect, review and produce. For example, Plaintiffs have defined "Process" to mean "a series of discrete steps, ordered and undertaken to achieve a specific goal or set of goals that facilitate Google's operation." That definition has no boundaries and would require Google to produce documents evidencing compression and decompression steps or the steps needed to troubleshoot issues with Google's servers. It would also require Google to produce documents instructing Google employees how to log into their systems because that qualifies as "a series of discrete steps

1    ordered and undertaken to achieve a goal or set of goals that facilitate Google's

2    operation." Similarly, Plaintiffs have defined "Architecture" and "Technology" to "refer[] to each

3    piece of Google infrastructure—including but not limited to source code, software, applications,

4    databases, data stores, configuration tables, servers, hardware, and/or networks—utilized to

5    implement or otherwise facilitate any of [Google's] Services or operations." And this request

6    seeks documents that identify not just "Architecture" or "Technology" involved in the collection,

7    storage, etc. of location information, but any "piece of" "Architecture" and "Technology." As a

8    result, responsive documents would include not just documents about Google's applications,

9    software, source code, hardware, networks, etc.; but documents regarding *every* component of

10   *every* one of these items (e.g. the radio chips, the network switches, the storage appliances, etc.).

11   Google objects to this request because it is vague and ambiguous, particularly with respect to the

12   terms "collection," "storage," "deletion," Footprints," Sawmill," "data store(s)," "associated with

13   a specific Google product," "internal logging platform," "system(s)," "databases(s),"

14   "platform(s)," and "repository." Google objects that the request is overbroad and unduly

15   burdensome to the extent that it seeks documents outside the time period pertaining to the

16   allegations in Plaintiffs' complaint. Google objects to this request as premature to the extent it

17   seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark

18   on broad discovery, Plaintiffs will in good faith propound discovery related only to class

19   certification issues before the class  certification motion is filed."). Google objects to this request

20   to the extent that it seeks the disclosure of documents containing trade secret or other confidential

21   research, development, or commercially sensitive information. Google objects to this request to

22   the extent it seeks information protected by the attorney client privilege, the attorney work-

23   product doctrine, or any other applicable privilege or protection, including without limitation

24   because it may seek documents prepared by or at the direction of legal counsel.

25        Subject to and without waiving these objections, Google responds that it has provided the

26   information sought by this request in its responses to Plaintiffs' fourth and fifth interrogatories.

27   Google has also produced additional non-privileged documents that are responsive to this request.

28   Google has met and conferred with Plaintiffs' counsel to identify what, if any, additional

40

2109916

1  information or detail Plaintiffs are seeking, but Plaintiffs' counsel failed to identify any additional
2  information that was needed.

3  **REQUEST FOR PRODUCTION NO. 38:**

4       Documents sufficient to show Your Processes for querying or retrieving (whether
5  automatically or independently) stored Location Information from any Architecture or
6  Technology.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

8       Google objects to this request because it seeks irrelevant information. Google objects to
9  this request as overbroad and disproportionate to the needs of the case because it is not limited to
10 documents relating to the allegations of the operative complaint. Google objects to this request
11 because it is vague and ambiguous, particularly with respect to the terms "querying," "retrieving,"
12 "automatically," "independently," and "stored location information." Google objects that the
13 request is overbroad and unduly burdensome to the extent that it seeks documents outside the
14 time period pertaining to the allegations in Plaintiffs' complaint. Google objects to this request as
15 premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at
16 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery
17 related only to class certification issues before the class  certification motion is filed."). Google
18 objects to this request to the extent that it seeks the disclosure of documents containing trade
19 secret or other confidential research, development, or commercially sensitive information. Google
20 objects to this request to the extent it seeks information protected by the attorney client privilege,
21 the attorney work-product doctrine, or any other applicable privilege or protection, including
22 without limitation because it may seek documents prepared by or at the direction of legal counsel.

23      Subject to and without waiving these objections, Google is willing to meet and confer
24 regarding this request and Google's objections thereto.

25 **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 38 (December 15,**
26 **2021):**

27      Google objects to this request because it seeks irrelevant information. Google objects to
28 this request as overbroad and disproportionate to the needs of the case because it is not limited to

41

documents relating to the allegations of the operative complaint. Plaintiffs' operative complaint does not contain allegations relating to how location information is queried or retrieved but instead concern Google's collection of location information. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "querying," "retrieving," "automatically," "independently," and "stored location information." Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects to this request as premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

Documents reflecting or describing any Transmission, delivery, or exchange of stored Location Information from one piece of Architecture or Technology to another. Among documents responsive to this Request are documents describing (by way of example only) the Transmission of Location Information to or from the Footprints or Sawmill data store(s), data store(s) associated with a specific Google product, or any internal logging platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "reflecting,"

42

2109916

"describing," "delivery," "exchange," "stored location information," "piece of architecture or technology," "Footprints," "Sawmill," "data store(s)," "associated with a specific Google product," and "internal logging platform." Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects to this request as premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 39 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad , unduly burdensome, and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. As Google has explained during the parties' meet and confers, this request would require Google to produce any document that reflects any transmission of location information. That would include, for example, producing all of the location information Google has collected from every one of its users (or a log of such location information), because the existence of such data "reflects" that it has been "deliver[ed]" to Google. Read as written, the request seeks production of not only those documents, but any documents that reflect how information is transmitted between aa firewall and other components in a data center, or even between storage appliances within a data center, because it specifically seeks documents "reflecting . . . any Transmission, delivery, or exchange

43

2109916

1  of stored Location Information from **one piece** of Architecture or Technology to another."

2  Furthermore, the overbreadth, burden, and disproportionality of this request is exacerbated by

3  Plaintiffs' inability to explain why this technical minutiae are relevant to any of their claims.

4  Google objects to this request because it is vague and ambiguous, particularly with respect to the

5  terms "reflecting," "describing," "delivery," "exchange," "stored location information," "piece of

6  architecture or technology," "Footprints," "Sawmill," "data store(s)," "associated with a specific

7  Google product," and "internal logging platform." Google objects that the request is overbroad

8  and unduly burdensome to the extent that it seeks documents outside the time period pertaining to

9  the allegations in Plaintiffs' complaint. Google objects to this request as premature to the extent it

10  seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark

11  on broad discovery, Plaintiffs will in good faith propound discovery related only to class

12  certification issues before the class  certification motion is filed."). Google objects to this request

13  to the extent that it seeks the disclosure of documents containing trade secret or other confidential

14  research, development, or commercially sensitive information. Google objects to this request to

15  the extent it seeks information protected by the attorney client privilege, the attorney work-

16  product doctrine, or any other applicable privilege or protection, including without limitation

17  because it may seek documents prepared by or at the direction of legal counsel.

18          Subject to and without waiving these objections, Google responds that it will not produce

19  documents responsive to this request.

20  **REQUEST FOR PRODUCTION NO. 40:**

21          Documents sufficient to show the number of natural persons in the United States who are

22  Users and who have paused or turned off Location History, or otherwise not opted to have the

23  Location History setting on.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

25          Google objects to this request because it seeks irrelevant information. Google objects to

26  this request as overbroad and disproportionate to the needs of the case because it is not limited to

27  documents relating to the allegations of the operative complaint. Google objects to this request

28  because it is vague and ambiguous, particularly with respect to the terms "natural persons,"

"paused or turned off Location History," and "otherwise not opted to have the Location History setting on." Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google further objects to this request as premature to the extent it seeks information that is irrelevant to class certification.  *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed.")   Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 40 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "natural persons," "paused or turned off Location History," and "otherwise not opted to have the Location History setting on." Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google further objects to this request as premature to the extent it seeks information that is irrelevant to class certification.  *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed.")   Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or

45

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it has not identified documents responsive to this request after performing a reasonable and diligent search. Google's investigation is ongoing and it reserves its right to supplement this response with newly discovered information.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Related to any efforts by You to increase or decrease the number of natural persons in the United States who have paused or turned off Location History, or otherwise not opted to have the Location History setting on.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "efforts," "natural persons," "paused or turned off Location History," and "otherwise not opted to have the Location History setting on." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google further objects that this request is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed.")  Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-

2109916

1    product doctrine, or any other applicable privilege or protection, including without limitation

2    because it may seek documents prepared by or at the direction of legal counsel.

3        Subject to and without waiving these objections, Google is willing to meet and confer

4    regarding this request and Google's objections thereto.

5    **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 41 (December 15,**

6    **2021):**

7        Google objects to this request because it seeks irrelevant information. Google objects to

8    this request as overbroad and disproportionate to the needs of the case because it is not limited to

9    documents relating to the allegations of the operative complaint. Google objects to this request

10   because it is vague and ambiguous, particularly with respect to the terms "efforts," "natural

11   persons," "paused or turned off Location History," and "otherwise not opted to have the Location

12   History setting on." Google objects to this request as overbroad and unduly burdensome to the

13   extent it seeks "all" documents. Google objects that the request is overbroad and unduly

14   burdensome to the extent that it seeks documents outside the time period pertaining to the

15   allegations in Plaintiffs' complaint. Google further objects that this request is premature to the

16   extent it seeks information that is irrelevant to class certification.  *See* Dkt. 115 at 8 ("Rather than

17   embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class

18   certification issues before the class certification motion is filed.")  Google objects to this request

19   to the extent that it seeks the disclosure of documents containing trade secret or other confidential

20   research, development, or commercially sensitive information. Google objects to this request to

21   the extent it seeks information protected by the attorney client privilege, the attorney work-

22   product doctrine, or any other applicable privilege or protection, including without limitation

23   because it may seek documents prepared by or at the direction of legal counsel.

24       Subject to and without waiving these objections, Google agrees to produce, following a

25   reasonable and diligent search for responsive material performed pursuant to custodial ESI search

26   protocols to be agreed upon between the parties, non-privileged documents describing the reasons

27   it made modifications to user controls for the Location History setting during the Relevant Period.

28

2109916

1   **REQUEST FOR PRODUCTION NO. 42:**

2       Documents reflecting the number of natural persons in the United States from whom You

3   have collected or stored Location Information.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

5       Google objects to this request because it seeks irrelevant information. Google objects to

6   this request as overbroad and disproportionate to the needs of the case because it is not limited to

7   documents relating to the allegations of the operative complaint. Google objects to this request

8   because it is vague and ambiguous, particularly with respect to the terms "natural persons,"

9   "collected," and "stored." Google objects to this request to the extent that it seeks the disclosure

10  of documents containing trade secret or other confidential research, development, or

11  commercially sensitive information. Google objects to this request as overbroad and unduly

12  burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad

13  and unduly burdensome to the extent that it seeks documents outside the time period pertaining to

14  the allegations in Plaintiffs' complaint. Google objects that this request is premature to the extent

15  it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark

16  on broad discovery, Plaintiffs will in good faith propound discovery related only to class

17  certification issues before the class  certification motion is filed."). Google objects to this request

18  to the extent it seeks information protected by the attorney client privilege, the attorney work-

19  product doctrine, or any other applicable privilege or protection, including without limitation

20  because it may seek documents prepared by or at the direction of legal counsel.

21      Subject to and without waiving these objections, Google is willing to meet and confer

22  regarding this request and Google's objections thereto.

23  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 42 (December 15,**

24  **2021):**

25      Google objects to this request because it seeks irrelevant information. Google objects to

26  this request as overbroad and disproportionate to the needs of the case because it is not limited to

27  documents relating to the allegations of the operative complaint. Google objects to this request

28  because it is vague and ambiguous, particularly with respect to the terms "natural persons,"

2109916

"collected," and "stored." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it has not identified documents responsive to this request after performing a reasonable and diligent search. Google's investigation is ongoing and it reserves its right to supplement this response with newly discovered information.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents Related to Your efforts, and any variation of such efforts over time, to improve the accuracy, precision, or granularity of Location Information you collect, Including by cross-referencing sensor-based information against other data or by encouraging or discouraging consumers to install certain applications on their devices or choose certain settings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request

49

2109916

is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "efforts," "variation," "over time," "accuracy," "precision," "granularity," "collect," "cross-referencing sensor-based information against other data," "encouraging," "discouraging," "certain applications," and "certain settings." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 43 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "efforts," "variation," "over time," "accuracy," "precision," "granularity," "collect," "cross-referencing sensor-based information against other data," "encouraging," "discouraging," "certain

2109916

applications," and "certain settings." Google objects to this request to the extent that it seeks the

disclosure of documents containing trade secret or other confidential research, development, or

commercially sensitive information. Google objects to this request to the extent it seeks

information protected by the attorney client privilege, the attorney work-product doctrine, or any

other applicable privilege or protection, including without limitation because it may seek

documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a

reasonable and diligent search for responsive material performed pursuant to custodial ESI search

protocols to be agreed upon between the parties, non-privileged documents describing the

coarseness of location data saved to a user's account by the Location History and Web & App

Activity settings during the Relevant Period.

**SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 43 (March**
**24, 2023):**

Google objects to this request because it seeks irrelevant information. Google objects to

this request as overbroad and disproportionate to the needs of the case because it is not limited to

documents relating to the allegations of the operative complaint. Google objects to this request as

overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the

request is overbroad and unduly burdensome to the extent that it seeks documents outside the

time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request

is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115

at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery

related only to class certification issues before the class  certification motion is filed."). Google

objects to this request because it is vague and ambiguous, particularly with respect to the terms

"efforts," "variation," "over time," "accuracy," "precision," "granularity," "collect," "cross-

referencing sensor-based information against other data," "encouraging," "discouraging," "certain

applications," and "certain settings." Google objects to this request to the extent that it seeks the

disclosure of documents containing trade secret or other confidential research, development, or

commercially sensitive information. Google objects to this request to the extent it seeks

2109916

1    information protected by the attorney client privilege, the attorney work-product doctrine, or any

2    other applicable privilege or protection, including without limitation because it may seek

3    documents prepared by or at the direction of legal counsel.

4         Subject to and without waiving these objections, Google agrees to produce, following a

5    reasonable and diligent search for responsive material performed pursuant to custodial ESI search

6    protocols to be agreed upon between the parties, non-privileged documents describing the

7    coarseness of location data saved to a user's account by the Location History and Web & App

8    Activity settings during the Relevant Period. Google also produced responsive documents related

9    to data that is not stored, or may not be stored, in a Google Account. Google has invited Plaintiffs

10   to further specify what additional information they believe to be relevant, proportional, and

11   responsive to this request. Plaintiffs have not responded.

12   **REQUEST FOR PRODUCTION NO. 44:**

13        All Documents Related to any efforts by You, and variation of those efforts over time, to

14   increase or reduce the collection frequency or volume of Location Information stored by You.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

16        Google objects to this request because it seeks irrelevant information. Google objects to

17   this request as overbroad and disproportionate to the needs of the case because it is not limited to

18   documents relating to the allegations of the operative complaint. Google objects to this request as

19   overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the

20   request is overbroad and unduly burdensome to the extent that it seeks documents outside the

21   time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request

22   is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115

23   at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery

24   related only to class certification issues before the class  certification motion is filed."). Google

25   objects to this request because it is vague and ambiguous, particularly with respect to the terms

26   "efforts," "variation," "over time," "collection frequency," "volume," and "stored." Google

27   objects to this request to the extent that it seeks the disclosure of documents containing trade

28   secret or other confidential research, development, or commercially sensitive information. Google

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to ESI protocols to be agreed upon between the parties, documents reflecting or describing its policies and practices regarding its collection of Google Stored Geolocation Data during the time period relevant to Plaintiffs' claims and allegations.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 44 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "efforts," "variation," "over time," "collection frequency," "volume," and "stored." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search

2109916

1    protocols to be agreed upon between the parties, non-privileged documents reflecting or

2    describing its policies and practices regarding its collection of Google Stored Geolocation Data

3    during the Relevant Period.

4    **SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 44 (March**

5    **24, 2023):**

6            Google objects to this request because it seeks irrelevant information. Google objects to

7    this request as overbroad and disproportionate to the needs of the case because it is not limited to

8    documents relating to the allegations of the operative complaint. Google objects to this request as

9    overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the

10   request is overbroad and unduly burdensome to the extent that it seeks documents outside the

11   time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request

12   is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115

13   at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery

14   related only to class certification issues before the class  certification motion is filed."). Google

15   objects to this request because it is vague and ambiguous, particularly with respect to the terms

16   "efforts," "variation," "over time," "collection frequency," "volume," and "stored." Google

17   objects to this request to the extent that it seeks the disclosure of documents containing trade

18   secret or other confidential research, development, or commercially sensitive information. Google

19   objects to this request to the extent it seeks information protected by the attorney client privilege,

20   the attorney work-product doctrine, or any other applicable privilege or protection, including

21   without limitation because it may seek documents prepared by or at the direction of legal counsel.

22           Subject to and without waiving these objections, Google agrees to produce, following a

23   reasonable and diligent search for responsive material performed pursuant to custodial ESI search

24   protocols to be agreed upon between the parties, non-privileged documents reflecting or

25   describing its policies and practices regarding its collection of Google Stored Geolocation Data

26   during the Relevant Period.  Google also produced responsive documents related to data that is

27   not stored, or may not be stored, in a Google Account. Google has invited Plaintiffs to further

28   specify what additional information they believe to be relevant, proportional, and responsive to

54
DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

1  this request. Plaintiffs have not responded.

2  **REQUEST FOR PRODUCTION NO. 45:**

3      All Documents Related to the collection by or Transmission to You of Location

4  Information from any app or service that is pre-installed by default on Android and iOS mobile

5  devices, whether or not the app or service is one of Your Services.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

7      Google objects to this request because it seeks irrelevant information. Google objects to

8  this request as overbroad and disproportionate to the needs of the case because it is not limited to

9  documents relating to the allegations of the operative complaint. Google objects to this request

10  because it is vague and ambiguous, particularly with respect to the terms "collection," "app,"

11  "service," "pre-installed by default," and "Android and iOS mobile devices." Google objects to

12  this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google

13  objects that the request is overbroad and unduly burdensome to the extent that it seeks documents

14  outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that

15  this request is premature to the extent it seeks information that is irrelevant to class certification.

16  *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound

17  discovery related only to class certification issues before the class  certification motion is filed.").

18  Google objects to this request to the extent that it seeks the disclosure of documents containing

19  trade secret or other confidential research, development, or commercially sensitive information.

20  Google objects to this request to the extent it seeks information protected by the attorney client

21  privilege, the attorney work-product doctrine, or any other applicable privilege or protection,

22  including without limitation because it may seek documents prepared by or at the direction of

23  legal counsel.

24      Subject to and without waiving these objections, Google agrees to produce, following a

25  reasonable and diligent search for responsive material performed pursuant to ESI protocols to be

26  agreed upon between the parties, documents reflecting or describing its policies and practices

27  regarding its collection of Google Stored Geolocation Data during the time period relevant to

28  Plaintiffs' claims and allegations.

2109916

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 45 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "collection," "app," "service," "pre-installed by default," and "Android and iOS mobile devices." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents reflecting or describing its policies and practices regarding its collection of Google Stored Geolocation Data during the Relevant Period.

**SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 45 (March 24, 2023):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to

2109916

documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "collection," "app," "service," "pre-installed by default," and "Android and iOS mobile devices." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents reflecting or describing its policies and practices regarding its collection of Google Stored Geolocation Data during the Relevant Period. Google also produced responsive documents related to data that is not stored, or may not be stored, in a Google Account. Google has invited Plaintiffs to further specify what additional information they believe to be relevant, proportional, and responsive to this request. Plaintiffs have not responded.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to identify all apps or services in each year from 2014 to 2020 that Transmit Location Information to You, whether or not the app or service is one of Your Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Google objects to this request as overbroad and disproportionate to the needs of the case

because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "apps" and "services." Google objects that this request is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 46 (December 15, 2021):**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "apps" and "services." Google objects that this request is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it will not produce

2109916

1   documents responsive to this request.

2   **REQUEST FOR PRODUCTION NO. 47:**

3       All Documents Related to the frequency with which You receive and store Location

4   Information pertaining to Users.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

6       Google objects to this request because it seeks irrelevant information. Google objects to

7   this request as overbroad and disproportionate to the needs of the case because it is not limited to

8   documents relating to the allegations of the operative complaint. Google objects to this request as

9   overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the

10  request is overbroad and unduly burdensome to the extent that it seeks documents outside the

11  time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request

12  is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115

13  at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery

14  related only to class certification issues before the class  certification motion is filed."). Google

15  objects to this request because it is vague and ambiguous, particularly with respect to the terms

16  "frequency," "receive," "store," and "pertaining to users." Google objects to this request to the

17  extent that it seeks the disclosure of documents containing trade secret or other confidential

18  research, development, or commercially sensitive information. Google objects to this request to

19  the extent it seeks information protected by the attorney client privilege, the attorney work-

20  product doctrine, or any other applicable privilege or protection, including without limitation

21  because it may seek documents prepared by or at the direction of legal counsel.

22      Subject to and without waiving these objections, Google agrees to produce, following a

23  reasonable and diligent search for responsive material performed pursuant to ESI protocols to be

24  agreed upon between the parties, documents reflecting or describing its policies and practices

25  regarding its collection of Google Stored Geolocation Data during the time period relevant to

26  Plaintiffs' claims and allegations.

27  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO.47 (December 15, 2021):**

28      Google objects to this request because it seeks irrelevant information. Google objects to

2109916

this request as overbroad and disproportionate to the needs of the case because it is not limited to

documents relating to the allegations of the operative complaint. Google objects to this request as

overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the

request is overbroad and unduly burdensome to the extent that it seeks documents outside the

time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request

is premature to the extent it seeks information that is irrelevant to class certification. *See* Dkt. 115

at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery

related only to class certification issues before the class  certification motion is filed."). Google

objects to this request because it is vague and ambiguous, particularly with respect to the terms

"frequency," "receive," "store," and "pertaining to users." Google objects to this request to the

extent that it seeks the disclosure of documents containing trade secret or other confidential

research, development, or commercially sensitive information. Google objects to this request to

the extent it seeks information protected by the attorney client privilege, the attorney work-

product doctrine, or any other applicable privilege or protection, including without limitation

because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a

reasonable and diligent search for responsive material performed pursuant to custodial ESI search

protocols to be agreed upon between the parties, non-privileged documents reflecting or

describing its policies and practices regarding its collection of Google Stored Geolocation Data

during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents Related to the business and economic value to You of stored Location

Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Google objects to this request as overbroad and disproportionate to the needs of the case

because it is not limited to documents relating to the allegations of the operative complaint.

Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all"

documents. Google objects that the request is overbroad and unduly burdensome to the extent that

1   it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint.

2   Google objects that this request is premature because it seeks information that is irrelevant to

3   class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in

4   good faith propound discovery related only to class certification issues before the

5   class  certification motion is filed."). Google objects to this request because it is vague and

6   ambiguous, particularly with respect to the terms "business and economic value" and "stored

7   location information." Google objects to this request to the extent that it seeks the disclosure of

8   documents containing trade secret or other confidential research, development, or commercially

9   sensitive information. Google objects to this request to the extent it seeks information protected

10  by the attorney client privilege, the attorney work-product doctrine, or any other applicable

11  privilege or protection, including without limitation because it may seek documents prepared by

12  or at the direction of legal counsel.

13          Subject to and without waiving these objections, Google is willing to meet and confer

14  regarding this request and Google's objections thereto.

15  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 48 (December 15,**

16  **2021):**

17          Google objects to this request as overbroad and disproportionate to the needs of the case

18  because it is not limited to documents relating to the allegations of the operative complaint.

19  Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all"

20  documents. Google objects that the request is overbroad and unduly burdensome to the extent that

21  it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint.

22  Google objects that this request is premature because it seeks information that is irrelevant to

23  class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in

24  good faith propound discovery related only to class certification issues before the

25  class  certification motion is filed."). Google objects to this request because it is vague and

26  ambiguous, particularly with respect to the terms "business and economic value" and "stored

27  location information." Google objects to this request to the extent that it seeks the disclosure of

28  documents containing trade secret or other confidential research, development, or commercially

2109916

sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it will not produce documents responsive to this request but agrees to revisit this request after the Court issues a class certification order.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents Related to the actual, estimated, and/or projected effect—whether in terms of Technology, User experience, revenue, profit, business relationships, increase in User base, competitive advantage, or otherwise—of actual or proposed changes to Google's policies, Architecture, and marketing/commercialization programs Related to Location Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "actual, estimated, and/or projected effect," "user experience," "profit," "business relationships," "user base," "competitive advantage," "actual or proposed changes," "policies," and "marketing/commercialization programs." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks

2109916

information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 49 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Among other things, this request seeks documents related to the effects of any changes to any of Google's policies and "Architecture" (which Plaintiffs have defined to include source code, software, applications, databases, data stores, configuration tables, servers, hardware, and/or networks) regardless of whether those changes concern the collection or use of user location information. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "actual, estimated, and/or projected effect," "user experience," "profit," "business relationships," "user base," "competitive advantage," "actual or proposed changes," "policies," and "marketing/commercialization programs." Google objects that this request is not "reasonably targeted, clear, and as specific as practicable," as required by this District's Guidelines for the Discovery of Electronically Stored Information, including because it is unreasonably compound. Indeed, this request encompasses 144 distinct requests, requiring Google to identify and collect documents related to every combination of (1) actual, estimated,

63

2109916

and/or projected effects of (2) actual or proposed changes (in terms of eight distinct categories [e.g. "Technology, User experience, revenue, profit, business relationships, increase in User base, competitive advantage, or otherwise"]) to (3) Google's policies, Architecture, and marketing/commercialization programs. Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents concerning Your use of Location Information to maintain Your products and Your Services, make changes to Your product design and services, upgrade Your Services, develop new services, or measure the performance of your products and Your Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "use," "maintain," "products," "changes," "product design" "services," upgrade," and "measure the performance." Google objects to this request to the extent that it seeks the disclosure of

documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 50 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "use," "maintain," "products," "changes," "product design" "services," upgrade," and "measure the performance." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it has provided information responsive to this request in its responses to Plaintiffs' fifth interrogatory. Google

65

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916

1  will not produce additional documents responsive to this request but agrees to revisit this request

2  after the Court issues a class certification order.

3  **REQUEST FOR PRODUCTION NO. 51:**

4       All Documents Related to the cost to You of storing Location Information.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

6       Google objects to this request because it seeks irrelevant information. Google objects to

7  this request as overbroad and disproportionate to the needs of the case because it is not limited to

8  documents relating to the allegations of the operative complaint. Google objects to this request as

9  overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the

10  request is overbroad and unduly burdensome to the extent that it seeks documents outside the

11  time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request

12  is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8

13  ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related

14  only to class certification issues before the class  certification motion is filed."). Google objects to

15  this request because it is vague and ambiguous, particularly with respect to the terms "cost" and

16  "storing." Google objects to this request to the extent that it seeks the disclosure of documents

17  containing trade secret or other confidential research, development, or commercially sensitive

18  information. Google objects to this request to the extent it seeks information protected by the

19  attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or

20  protection, including without limitation because it may seek documents prepared by or at the

21  direction of legal counsel.

22       Subject to and without waiving these objections, Google is willing to meet and confer

23  regarding this request and Google's objections thereto.

24  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 51 (December 15,**

25  **2021):**

26       Google objects to this request because it seeks irrelevant information. Google objects to

27  this request as overbroad and disproportionate to the needs of the case because it is not limited to

28  documents relating to the allegations of the operative complaint. Google objects to this request as

2109916

overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "cost" and "storing." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it will not produce documents responsive to this request but agrees to revisit this request after the Court issues a class certification order.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents Related to any commodification, sale, exchange, or Transmission by You to any third party of the results of any Analysis performed by You using Location Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related

only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "commodification," "sale," "exchange," "third party," "results," and "performed." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 52 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "commodification," "sale," "exchange," "third party," "results," and "performed." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it will not produce documents responsive to this request but agrees to revisit this request after the Court issues a class certification order.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents concerning Your collection and Use of Location Information in connection with Your advertising and real time bidding (RTB) services Including Google Ads, DV360, Search Ad 360, Analytics 360, Campaign Manager 360, Floodlight, Google Ad Manager, Google AdX, AdMob, and rebranded advertising products or services Including AdSense, AdWords, AdChoices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "collection," "in connection with," "advertising and real time bidding (RTB) services," and "rebranded advertising products or services." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer

1    regarding this request and Google's objections thereto.

2    **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 53 (December 15,**

3    **2021):**

4          Google objects to this request because it seeks irrelevant information. Google objects to

5    this request as overbroad and disproportionate to the needs of the case because it is not limited to

6    documents relating to the allegations of the operative complaint. Among other things, several of

7    the items listed in this request (e.g. AdChoices) are not used to provide real-time bidding services.

8    Moreover, and as Google has explained to Plaintiffs during the parties' meet-and-confers, based

9    on its reasonable investigation to date, Google has determined that any location data used in

10   connection with Google's advertising services does not appear to implicate Plaintiffs' privacy

11   concerns. This request would also require production of documents relating to the use of location

12   data in advertising that have nothing to do with Plaintiffs' claims (e.g. use of location data that a

13   user consented to) and, for that reason too, is overbroad, unduly burdensome, and

14   disproportionate to the needs of the case. Google objects to this request as overbroad and unduly

15   burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad

16   and unduly burdensome to the extent that it seeks documents outside the time period pertaining to

17   the allegations in Plaintiffs' complaint. Google objects that this request is premature because it

18   seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark

19   on broad discovery, Plaintiffs will in good faith propound discovery related only to class

20   certification issues before the class  certification motion is filed."). Google objects to this request

21   because it is vague and ambiguous, particularly with respect to the terms "collection," "in

22   connection with," "advertising and real time bidding (RTB) services," and "rebranded advertising

23   products or services." Google objects to this request to the extent that it seeks the disclosure of

24   documents containing trade secret or other confidential research, development, or commercially

25   sensitive information. Google objects to this request to the extent it seeks information protected

26   by the attorney client privilege, the attorney work-product doctrine, or any other applicable

27   privilege or protection, including without limitation because it may seek documents prepared by

28   or at the direction of legal counsel.

2109916

Subject to and without waiving these objections, Google responds that it will not produce documents responsive to this request but agrees to revisit this request after the Court issues a class certification order.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show Your revenues from advertisements that were targeted (meaning, selected for a particular User or group of Users), in whole or in part, using stored Location Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "targeted," "particular user," "group of users," "using." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO.54 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to

documents relating to the allegations of the operative complaint. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "targeted," "particular user," "group of users," "using." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it will not produce documents responsive to this request but agrees to revisit this request after the Court issues a class certification order.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents Related to Location Information collected passively by You and/or Transmitted to You by third-party applications via Your software development kits ("SDKs") or Application Program Interfaces ("APIs"), Including but not limited to Google Mobile Ads, Google Analytics, Firebase, Google Proximity Beacon API, and changes to such SDKs and APIs over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint.

2109916

Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "collected passively," "third party applications," and "changes." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to ESI protocols to be agreed upon between the parties, documents reflecting or describing its policies and practices regarding its collection of Google Stored Geolocation Data during the time period relevant to Plaintiffs' claims and allegations.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 55 (December 15, 2021):**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "collected passively," "third party applications,"

and "changes." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents reflecting or describing its policies and practices regarding its collection of Google Stored Geolocation Data during the Relevant Period.

**SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 55 (March 24, 2023):**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "collected passively," "third party applications," and "changes." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by

2109916

1  or at the direction of legal counsel.

2  Subject to and without waiving these objections, Google agrees to produce, following a

3  reasonable and diligent search for responsive material performed pursuant to custodial ESI search

4  protocols to be agreed upon between the parties, non-privileged documents reflecting or

5  describing its policies and practices regarding its collection of Google Stored Geolocation Data

6  during the Relevant Period. Google has also reminded Plaintiffs that the types of Google SDKs

7  and APIs identified in this request are publicly accessible, as is the related documentation. Google

8  has invited Plaintiffs to further specify what additional information they believe to be relevant,

9  proportional, and responsive to this request. Plaintiffs have not responded.

10  **REQUEST FOR PRODUCTION NO. 56:**

11  All Documents Related to Location Information collected by and in association with Your

12  libraries developed for web developers Including Google Analytics and website tags, and changes

13  to such libraries over time.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

15  Google objects to this request as overbroad and disproportionate to the needs of the case

16  because it is not limited to documents relating to the allegations of the operative complaint.

17  Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all"

18  documents. Google objects that the request is overbroad and unduly burdensome to the extent that

19  it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint.

20  Google objects that this request is premature because it seeks information that is irrelevant to

21  class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in

22  good faith propound discovery related only to class certification issues before the

23  class  certification motion is filed."). Google objects to this request because it is vague and

24  ambiguous, particularly with respect to the terms "collected by," "in association with," "libraries

25  developed for web developers," "website tags," and "changes." Google objects to this request to

26  the extent that it seeks the disclosure of documents containing trade secret or other confidential

27  research, development, or commercially sensitive information. Google objects to this request to

28  the extent it seeks information protected by the attorney client privilege, the attorney work-

75

2109916

product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to ESI protocols to be agreed upon between the parties, documents reflecting or describing its policies and practices regarding its collection of Google Stored Geolocation Data during the time period relevant to Plaintiffs' claims and allegations.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 56 (December 15, 2021):**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "collected by," "in association with," "libraries developed for web developers," "website tags," and "changes." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents reflecting or

2109916

describing its policies and practices regarding its collection of Google Stored Geolocation Data during the Relevant Period.

**SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 56 (March 24, 2023):**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "collected by," "in association with," "libraries developed for web developers," "website tags," and "changes." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material performed pursuant to custodial ESI search protocols to be agreed upon between the parties, non-privileged documents reflecting or describing its policies and practices regarding its collection of Google Stored Geolocation Data during the Relevant Period. Google has also reminded Plaintiffs that the types of "libraries developed for web developers" identified in this request are publicly accessible, as is the related documentation. Google has invited Plaintiffs to further specify what additional information they believe to be relevant, proportional, and responsive to this request. Plaintiffs have not responded.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show the number of websites and mobile applications that integrate Your software tools referenced in Request for Production Nos. 53, 55, and 56.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class  certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "websites," "mobile applications," "integrate," and "software tools." Google objects that this request is not "reasonably targeted, clear, and as specific as practicable," as required by this District's Guidelines for the Discovery of Electronically Stored Information, including because it is compound. Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 57 (December 15, 2021):**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to

78

2109916

documents relating to the allegations of the operative complaint. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. The number of websites and mobile applications that integrate particular Google software tools has no relevance to Plaintiffs' allegations that Google collected user location data without their consent. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "websites," "mobile applications," "integrate," and "software tools." Google objects that this request is not "reasonably targeted, clear, and as specific as practicable," as required by this District's Guidelines for the Discovery of Electronically Stored Information, including because it is compound. Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to identify Your internal data store(s) accessed and process(es) for generating "My Activity" and "Takeout" reports as they Relate to Location Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Google objects to this request because it seeks irrelevant information. Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period

pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "identify," "internal data store(s)," "accessed," "process(es)," "generating," and "reports." Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google agrees to produce, following a reasonable and diligent search for responsive material, documents sufficient to describe its process for generating "My Activity" and "Takeout" reports during the time period relevant to Plaintiffs' claims and allegations.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents describing potential or actual unauthorized access, or attempts by unauthorized individuals or software to access, Location Information stored by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request because it is vague and ambiguous,

2109916

1  particularly with respect to the terms "potential or unauthorized access," "attempts,"

2  "unauthorized individuals or software," "access," and "stored ." Google objects to this request to

3  the extent that it seeks the disclosure of documents containing trade secret or other confidential

4  research, development, or commercially sensitive information. Google objects to this request to

5  the extent it seeks information protected by the attorney client privilege, the attorney work-

6  product doctrine, or any other applicable privilege or protection, including without limitation

7  because it may seek documents prepared by or at the direction of legal counsel.

8       Subject to and without waiving these objections, Google agrees to produce, Google is

9  willing to meet and confer regarding this request and Google's objections thereto.

10  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 59 (December 15,**

11  **2021):**

12       Google objects to this request as overbroad and disproportionate to the needs of the case

13  because it is not limited to documents relating to the allegations of the operative complaint.

14  Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all"

15  documents. Google objects that the request is overbroad and unduly burdensome to the extent that

16  it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint.

17  Google objects that this request is premature because it seeks information that is irrelevant to

18  class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in

19  good faith propound discovery related only to class certification issues before the class

20  certification motion is filed."). Google objects to this request because it is vague and ambiguous,

21  particularly with respect to the terms "potential or unauthorized access," "attempts,"

22  "unauthorized individuals or software," "access," and "stored ." Google objects to this request to

23  the extent that it seeks the disclosure of documents containing trade secret or other confidential

24  research, development, or commercially sensitive information. Google objects to this request to

25  the extent it seeks information protected by the attorney client privilege, the attorney work-

26  product doctrine, or any other applicable privilege or protection, including without limitation

27  because it may seek documents prepared by or at the direction of legal counsel.

28       Subject to and without waiving these objections, Google responds that after a reasonable

2109916

1   and diligent investigation, it is aware of no cases where a malicious attacker was able to access

2   user data. Google will not search for documents, if any exist, describing "potential" unauthorized

3   access, or "attempts by unauthorized individuals to access, Location Information stored by

4   [Google]."

5   **REQUEST FOR PRODUCTION NO. 60:**

6       All Documents evidencing Your policies, procedures, protocols, practices, and

7   infrastructure for securing and preventing unauthorized access to stored Location Information,

8   Including password requirements, encryption, other authentication requirements, network

9   segmentation, logging, and remote access by employees.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

11      Google objects to this request as overbroad and disproportionate to the needs of the case

12  because it is not limited to documents relating to the allegations of the operative complaint.

13  Google objects to this request because it is vague and ambiguous, particularly with respect to the

14  terms "evidencing," "policies," "procedures," "protocols," "practices," "infrastructure,"

15  "securing," "preventing unauthorized access to," "stored location information," "password

16  requirements," "encryption," "authentication requirements," "network segmentation," "logging,"

17  "remote access," and "employees." Google objects to this request as overbroad and unduly

18  burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad

19  and unduly burdensome to the extent that it seeks documents outside the time period pertaining to

20  the allegations in Plaintiffs' complaint. Google objects that this request is premature because it

21  seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark

22  on broad discovery, Plaintiffs will in good faith propound discovery related only to class

23  certification issues before the class certification motion is filed."). Google objects to this request

24  to the extent that it seeks the disclosure of documents containing trade secret or other confidential

25  research, development, or commercially sensitive information. Google objects that this request

26  seeks information that could potentially undermine Google's data security and is therefore highly

27  sensitive. Google objects to this request to the extent it seeks information protected by the

28  attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or

2109916

protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google is willing to meet and confer regarding this request and Google's objections thereto.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 60 (December 15, 2021):**

Google objects to this request as overbroad and disproportionate to the needs of the case because it is not limited to documents relating to the allegations of the operative complaint. Google objects to this request because it is vague and ambiguous, particularly with respect to the terms "evidencing," "policies," "procedures," "protocols," "practices," "infrastructure," "securing," "preventing unauthorized access to," "stored location information," "password requirements," "encryption," "authentication requirements," "network segmentation," "logging," "remote access," and "employees." Google objects to this request as overbroad and unduly burdensome to the extent it seeks "all" documents. Google objects that the request is overbroad and unduly burdensome to the extent that it seeks documents outside the time period pertaining to the allegations in Plaintiffs' complaint. Google objects that this request is premature because it seeks information that is irrelevant to class certification. *See* Dkt. 115 at 8 ("Rather than embark on broad discovery, Plaintiffs will in good faith propound discovery related only to class certification issues before the class certification motion is filed."). Google objects to this request to the extent that it seeks the disclosure of documents containing trade secret or other confidential research, development, or commercially sensitive information. Google objects that this request seeks information that could potentially undermine Google's data security and is therefore highly sensitive. Google objects to this request to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including without limitation because it may seek documents prepared by or at the direction of legal counsel.

Subject to and without waiving these objections, Google responds that it has already produced, following a reasonable and diligent search, non-privileged documents evidencing its

2109916

policies and practices for preventing malicious third party attempts to access user data during the

Relevant Period.

Dated: March 24, 2023                                    KEKER, VAN NEST & PETERS LLP

                                          By:     *Thomas E. Gorman*
                                                  BENJAMIN BERKOWITZ
                                                  THOMAS E. GORMAN
                                                  NICHOLAS D. MARAIS
                                                  CHRISTOPHER S. SUN
                                                  CHRISTINA LEE

                                                  Attorneys for Defendant GOOGLE LLC

84

2109916

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On March 24, 2023, I served the following document(s):

**DEFENDANT GOOGLE LLC'S SECOND AMENDED RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)**

☑  by **E-MAIL VIA PDF FILE**, per the parties eService Agreement (May 21, 2019), by transmitting on this date via e-mail to GLH-leadplaintiffs@ahdootwolfson.com a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

Tina Wolfson                                             *Interim Co-Lead Class Counsel*
AHDOOT & WOLFSON, PC
2600 West Olive Ave., Suite 500
Burbank, CA  91505

Henry J. Kelston
AHDOOT & WOLFSON, PC
Suite 5C
101 Avenue of the Americas
Ste 9th Floor
New York, NY 10013

Michael W. Sobol                                        *Interim Co-Lead Class Counsel*
Melissa Gardner
Michael Levin-Gesundheit
Michael K. Sheen
Jallé Dafa
John D. Maher
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

Nicholas Diamand                                        *Interim Co-Lead Class Counsel*
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

2109916

1
2

Executed on March 24, 2023, at San Francisco, California.  I declare under penalty of perjury
under the laws of the State of California that the above is true and correct.

3
4

$\qquad$ _Thomas E. Gorman_
Thomas E. Gorman

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S SECOND AMENDED RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 22-60)
Case No. 5:18-cv-05062-EJD

2109916