AHDOOT & WOLFSON, PC
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
Henry J. Kelston (pro hac vice)
hkelston@ahdootwolfson.com
2600 West Olive Ave., Suite 500
Burbank, CA  91505
Telephone: 310.474.9111
Facsimile: 310.474.8585

Interim Co-Lead Class Counsel

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
Michael K. Sheen (SBN 288284)
msheen@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Nicholas Diamand (pro hac vice)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

Interim Co-Lead Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No.  5:18-cv-05062-EJD<br><br>**PLAINTIFFS' UPDATE RE: STATUS REPORT RE: ESI CUSTODIANS** |

Plaintiffs file this status update in response to Google's request that Plaintiffs correct an error concerning the identity of possible custodians—an error committed solely by Google, as it has confirmed in writing—that made its way into Plaintiffs' Status Report filed last night (Doc. 295). While Google should plainly be the party to advise the Court of its own mistake, Plaintiffs accept Google's invitation to address the issue in order to better ensure that the Court is properly informed of the circumstances surrounding the issue.

On April 7, 2023, Google informed Plaintiffs of the identity of two possible custodians that Google represented it was considering identifying as a supplement to its initial disclosures. The two names provided to Plaintiffs were "Suneeti Vakharia" and "Jen Chen." Prior to Google's disclosure on April 7, Plaintiffs were unaware of these two possible witnesses. Accordingly, in their Status Report, Plaintiffs informed the Court that they had no prior knowledge of these witnesses (and, of course, pointed out that Google sat on disclosing their identity until after this Court held its April 5 hearing on the issue of custodians).

On April 14, 2023, counsel for Google sent an email accusing Plaintiffs of "misrepresenting the facts" and making "claims [that] were false" by stating in the Status Report that Plaintiffs were previously unaware of the new witness "Jen Chen." First, Google does not dispute that the April 7 disclosure of "Suneeti Vakharia" was news to Plaintiffs, and indeed it was. Second, Google's counsel's email acknowledged that it was Google that made a mistake concerning two common Asian surnames—that is, Google had meant to disclose the identity of a person named "Jen Chai," but instead disclosed the name "Jen Chen."[1]

---

[1] The inappropriate tenor of the email from counsel for Google, Nic Marais, explains why Plaintiffs are taking the opportunity to explain Google's mistake. Marais blames Plaintiffs' counsel for not realizing Google's mistake and asserts that in reporting Google's own statement, Plaintiffs' counsel engaged in a "misrepresentation" for which they are somehow responsible. Marais is wrong, it was not obvious to Plaintiffs' counsel that "Jen Chen" was "Jen Chai," but rather, quite differently, Plaintiffs simply took Google's statement at face value and reasonably operated with the understanding that, like "Suneeti Vakharia," the identity of "Jen Chen" was also a person who had not been previously disclosed by Google. Accordingly, Plaintiffs file this Update to the Status Report in an effort to preempt Google from wrongfully characterizing the Status Report as having some "misrepresentation." Plaintiffs' counsel are forced to note that Marais' email wholly fails to adhere to this District's Guidelines for Professional Conduct, including by drafting correspondence so as to "create a 'record' of events that have not occurred." Should the Court deem it appropriate to review the relevant correspondence, Plaintiffs will make it promptly available.

To the extent that Google now represents that "Jen Chen" is not a witness with relevant information, and that "Jen Chai" is such a witness, Plaintiffs do hereby acknowledge that "Jen Chai," whose name was in no way referenced in Google's April 7 disclosure, is among the four custodians Google had previously proposed.

Dated:  April 13, 2023

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:  */s/ Michael Levin-Gesundheit*
MICHAEL LEVIN-GESUNDHEIT

*Interim Co-Lead Class Counsel*