| | |
|---|---|
| **From:** | Levin-Gesundheit, Michael <mlevin@lchb.com> |
| **Sent:** | Thursday, April 13, 2023 12:37 PM |
| **To:** | Nic Marais |
| **Cc:** | Henry Kelston; In re GLH plaintiffs' counsel (glh-leadplaintiffs@ahdootwolfson.com); GPRIV-KVP |
| **Subject:** | RE: [EXT] In re GLH—Dkt. 295 |

**[EXTERNAL]**

Nic,

I would remind you that in seeking admission to the Northern District of California, you agreed that you understood our District's Guidelines for Professional Conduct, which state what should be obvious: "Lawyers should conduct themselves . . . with opposing counsel . . . in a manner consistent with the high respect and esteem which lawyers should have for the courts, the civil and criminal justice systems, the legal profession and other lawyers." Guideline for Professional Conduct 18. In particular, "[a] lawyer should not make statements which are false, misleading, or which exaggerate." *Id.* at 18(b). Nor should a lawyer "create a false or misleading record of events or attribute to an opposing counsel a position not taken." *Id.* at 18(c). Your email this morning—which in just seven sentences accuses us of making false statements or misrepresenting facts three times—falls far below this standard and fits within a pattern of incivility exhibited by your team.

Last Friday—two days after the hearing on ESI custodians—Tom sent us an email stating the following: "[P]lease be advised that we're in the process of considering some revisions to our initial disclosures and under FRCP 26(a)(1)(A)(i) we expect to list **Jen Chen** . . . and **Suneeti Vakharia**." These were names we had not heard before. That is true, not "false" as you claim. We intended to raise this issue with you in an email last night. We had no intention of advising the Court but did so, in an effort to provide complete information, after you filed a status report about the issue of ESI custodians without seeking our input (to facilitate a joint filing) or even advising us that you would file a status report. In fact, you had a face-to-face Zoom meet and confer with my colleague Brad yesterday in which you could have advised us that you intended to file a status report, but you did not.

To be clear, it was not "obvious" to us that when Tom identified "Jen Chen," he meant "Jen Chai." Chen and Chai are both common Asian-American surnames, but they are not the same and only share two letters. "Jen" is also not an unusual first name. I cannot count the number of people I grew up with named Jennifer. It was the most common female first name in the United States in the 1970s and second most common in the 1980s. Your claim that we acted in bad faith by understanding that "Jen Chen" and "Jen Chai" were different people is simply absurd and emblematic of the bullying conduct we have endured from your team.

We find it particularly galling that you are asking us to correct the record before the Court to reflect Tom's typo, but, per your request, we will do so now.

Regards,
Michael

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Michael Levin-Gesundheit**
Partner
mlevin@lchb.com
t 415.956.1000
f 415.956.1008
Pronouns: he/him/his

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor

1

San Francisco, CA 94111-3339
www.lieffcabraser.com

**From:** Nic Marais <NMarais@keker.com>
**Sent:** Thursday, April 13, 2023 8:42 AM
**To:** Levin-Gesundheit, Michael <mlevin@lchb.com>
**Cc:** Henry Kelston <hkelston@ahdootwolfson.com>; In re GLH plaintiffs' counsel (glh-leadplaintiffs@ahdootwolfson.com) <glh-leadplaintiffs@ahdootwolfson.com>; GPRIV-KVP <GPRIV-KVP@keker.com>
**Subject:** [EXT] In re GLH—Dkt. 295

Michael:

At 8:49 p.m. last night—the last possible moment, even on your reading of the Court's instructions—Henry sent us an overheated email about ESI custodians in which he made a number of false claims. Then, at 10:38 p.m., without giving us any time to respond, you repeated those claims to the Court. The reference to "Jen Chen" in Tom's April 7 email was a typo that should have been obvious to you given the context, and certainly would have been had you simply called or emailed us at any time in the past week. Tom was referring to Jen Chai, who we have talked about at length, who we proposed as an ESI custodian, and who I specifically mentioned at last week's discovery conference. When you told the Court last night that she was "*not* included" (your emphasis) in Google's list of proposed custodians and "had never before been a topic of discussion," those claims were false. Please withdraw your status report this morning or we will have to correct the record.

We will respond separately to the rest of Henry's email.

In the meantime, we again invite you and your team to call us to discuss these or any other issues before rushing into Court and misrepresenting the facts.

Nic

---

**Nic Marais**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com
pronouns: he, him, his

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.