KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant GOOGLE LLC

AHDOOT & WOLFSON, PC
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
Henry J. Kelston (pro hac vice)
hkelston@ahdootwolfson.com
2600 West Olive Ave., Suite 500
Burbank, CA  91505
Telephone: 310.474.9111
Facsimile: 310.474.8585

Interim Co-Lead Class Counsel

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael Levin-Gesundheit (SBN 292930)
mlevin@lchb.com
Michael K. Sheen (SBN 288284)
msheen@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Nicholas Diamand (pro hac vice)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

Interim Co-Lead Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**JOINT BRIEF RE: EXTENSION TO RESPOND TO PLAINTIFFS' RFPS**<br><br>Dept:         Courtroom 4 - 5th Floor<br>Judge:       Hon. Edward J. Davila |

**GOOGLE'S ARGUMENT**

Google requests a two-week extension to respond to Plaintiffs' Fifth Set of Requests for Production (currently due Monday, April 24). These 18 RFPs—which Plaintiffs served in late March, more than a month after the stay was lifted—ask Google to produce a wide range of documents and data going back nearly a decade. Google has been investigating these requests diligently and preparing its objections and responses but requires a two-week extension to conduct additional witness inquiries, determine what potentially responsive documents and information exist, and ascertain whether any potentially responsive information is reasonably accessible or unreasonably burdensome to collect and produce.

Plaintiffs have refused Google's request for a two-week extension.

Before filing this brief, Google conferred with Plaintiffs' counsel via email and telephone to request the extension. (Undersigned counsel certifies that lead discovery liaisons—in this case, Tom Gorman and Mike Sheen—met and conferred about this issue by phone but were unable to resolve their dispute.) When Plaintiffs refused to grant any extension, Google explained why it needed additional time, and noted that the District's Guidelines for Professional Conduct counsel lawyers to "agree to reasonable requests for extensions of time when the legitimate interests of [their] client[s] will not be adversely affected." Indeed, Google has agreed to similar extensions when Plaintiffs' counsel have needed additional time, including only a few weeks ago, when Plaintiffs' counsel sought—and Google provided—a two-week extension to respond to two sets of discovery requests that had been pending throughout the 14-month stay.

Unfortunately, Plaintiffs have refused to extend a similar professional courtesy to Google. Even as a final offer, Plaintiffs offered only a ***96-hour*** extension contingent upon meeting particular conditions, which is insufficient time for Google to conduct further investigation into these issues.

Google respectfully requests that the Court extend Google's deadline to respond to Plaintiffs' Fifth Set of Requests for Production to May 8, 2023.

**PLAINTIFFS' ARGUMENT**

When it comes to Plaintiffs' Fifth Set of Requests for Production ("Requests"), time is of the essence.  In email communication and during a telephonic meet and confer, Plaintiffs explained that, given the limited time remaining for discovery, the importance of the Requests to issues of class certification (specifically, how to identify class members), and Plaintiffs' goal of seeking the Court's guidance regarding any disputes at the upcoming May 3 discovery conference, Google's proposed extension would prejudice Plaintiffs.  Under the Court's current conference schedule, a two-week extension would likely delay resolution of potential issues until June.  *See* Dkt. 292.  Further, the Requests at issue are substantially similar to a number of informal requests for information Plaintiffs provided Google (in October and December 2022) during the stay of discovery.  Given that the parties have already conferred about Google's ability to obtain the information requested, it is unclear why Google needs an additional 45 days to complete its investigation into matters it presumably explored months ago.

Of course, Plaintiffs recognize they should endeavor to provide extensions where feasible.  Thus, despite their concerns, Plaintiffs offered a compromise—that Google be given until Friday, April 28 to serve its written responses to Plaintiffs' Requests, provided that Google agree to meet and confer on Tuesday, May 2 to discuss any potential disputes in advance of the May 3 discovery conference.  Google refused this offer and made no counter-proposal.

Finally, Plaintiffs are disappointed that Google has, despite the Court's admonitions, once again accused Plaintiffs of lacking professionalism.  Plaintiffs also note that Google's record of agreeing to reasonable extensions is mixed.  By way of example, in December 2021, Google refused Plaintiffs *any* extension of a January 3, 2022 (the first business day after New Year's Day) deadline to respond to 2 inspection demands, 12 requests for production, 34 requests for admission, and 11 interrogatories.  *See* Dkts. 221, 222, 223.  In any event, Plaintiffs have and will continue to offer reasonable extensions when practicable.

Respectfully, Plaintiffs' compromise proposal represents the most reasonable solution that balances both Plaintiffs' need to move its case forward and Google's request for additional time.

| | | |
|---|---|---|
| Dated: April 20, 2023 | | KEKER, VAN NEST & PETERS LLP |
| | By: | */s/ Christopher S. Sun* |
| | | BENJAMIN BERKOWITZ |
| | | THOMAS E. GORMAN |
| | | NICHOLAS D. MARAIS |
| | | CHRISTOPHER S. SUN |
| | | CHRISTINA LEE |
| | | |
| | | Attorneys for Defendant GOOGLE LLC |
| | | |
| Dated: April 20, 2023 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| | By: | */s/ Michael K. Sheen* |
| | | MICHAEL W. SOBOL |
| | | MELISSA GARDNER |
| | | MICHAEL LEVIN-GESUNDHEIT |
| | | MICHAEL K. SHEEN |
| | | JALLÉ H. DAFA |
| | | JOHN D. MAHER |
| | | |
| | | *Interim Co-Lead Class Counsel* |

## ATTESTATION

Pursuant to Civil Local Rule 5-1(h) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  April 20, 2023                                        /s/ Christopher S. Sun