UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Dept:   Courtroom 4 - 5th Floor<br>Judge:  Hon. Edward J. Davila<br><br>Date Filed: November 2, 2018 |

**WHEREAS**, Plaintiffs Napoleon Patacsil, Michael Childs, and Noe Gamboa ("Settlement Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendant Google LLC ("Defendant") (collectively, the "Parties") entered into a Settlement Agreement (Dkt. ___) on [DATE], which sets forth the terms and conditions for a proposed settlement of this Consolidated Action and for its dismissal with prejudice upon the terms and conditions set forth therein;[1] and

**WHEREAS**, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations;

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:**

1. The Court preliminarily finds that the Court has personal jurisdiction over all Settlement Class Members, that the Court has subject-matter jurisdiction over the claims asserted in the Consolidated Action and Related Actions, and that the venue is proper;

2. The Court preliminarily finds that the Parties have shown the Court it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted, as described in Paragraphs 24-25 below.

3. The Court further finds that the Settlement is within the range of reasonableness such that Class Notice shall be provided.

4. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement

---

[1] All capitalized terms not defined herein have the same meaning as in the Settlement Agreement, which is provided as Exhibit ___ to the Plaintiffs' Motion for Preliminary Approval.

1 and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all
2 applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class
3 Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States
4 District Court for the Northern District of California's Procedural Guidance for Class Action
5 Settlements; and (d) is not a finding or admission of liability by Defendant or any other person(s),
6 nor a finding of the validity of any claims asserted in the Consolidated Action or of any
7 wrongdoing or any violation of law.

**Preliminary Certification of the Settlement Class for Purpose of Settlement Only.**

9  5. The Settlement is hereby preliminarily approved as fair, reasonable, and adequate
10 such that notice thereof should be given to members of the Settlement Class. Under Federal Rule
11 of Civil Procedure 23(b)(3), the Settlement Class, as set forth in paragraph 28 of the Settlement
12 Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> All natural persons residing in the United States who used one or more mobile devices and whose Location Information was stored by Google while "Location History" was disabled at any time during the Class Period (January 1, 2014 through the Notice Date).

16 Excluded from the Settlement Class are: (a) all persons who are directors, officers, employees, or
17 agents of Defendant or its subsidiaries and affiliated companies; (b) the Court, the Court's
18 immediate family, and Court staff, as well as any appellate court to which this matter is ever
19 assigned, and its immediate family and staff; and (c) eligible persons who submit a timely and
20 valid Request for Exclusion from the Settlement Class.

21  6. The Court finds, subject to the Final Approval Hearing, that within the context of
22 and for the purposes of settlement only, the Settlement Class satisfies the prerequisites of Rule 23
23 of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality,
24 predominance of common issues, superiority, and that the Plaintiffs are adequate representatives
25 of the Settlement Class.

26  7. For purposes of settlement only: (a) Tina Wolfson of Ahdoot & Wolfson, PC and
27 Michael W. Sobol of Lieff Cabraser Heimann & Bernstein, LLP are appointed as Lead Class
28 Counsel for the Settlement Class; (b) Plaintiffs Napoleon Patacsil, Michael Childs, and Noe

Gamboa are appointed Settlement Class Representatives for the Settlement Class; and (c) the Court finds that these attorneys are competent and capable of exercising the responsibilities of Lead Class Counsel and that Settlement Class Representatives will adequately protect the interests of the Settlement Class.

**Notice and Administration.**

8.   The Notice Plan and the Class Notice (or Notice of Proposed Settlement of Class Action, attached as Exhibit A to the Settlement Agreement) satisfy the requirements of Federal Rule of Civil Procedure 23 and are approved. The Settlement Administrator shall arrange for a digital media campaign as set forth in ¶ 65.1 of the Settlement Agreement. Nonmaterial modifications to the notices may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

9.   The Court finds that the CAFA notice sent by the Settlement Administrator on behalf of Defendant complies with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other provisions of the Class Action Fairness Act of 2005.

10.   The Court further finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Consolidated Action, the terms of the proposed Settlement, and their rights to object to the Settlement and to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members. The Court further finds that the Notice Plan fully complies with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

11. The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") to serve as the Settlement Administrator. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and the below stated schedule, and to perform all other tasks that the Settlement Agreement requires.

12. The Settlement Administrator shall act in compliance with the Joint Stipulated Protective Order (Dkt. 112), including but not limited to: taking all reasonable steps to ensure that any information provided to it by Defendant and Settlement Class Members will be used solely for the purpose of effecting this Settlement, including by complying with Defendant's requirements for cybersecurity and protection of customer information; not using the information provided by Defendant or Lead Class Counsel in connection with the Settlement or this Notice Plan for any purposes other than providing notice or conducting claims administration; and not sharing Settlement Class Member information with any third parties without advance consent from the Parties.

13. The Settlement Administrator shall provide notice consistent with the Notice Plan and notice shall be disseminated to Settlement Class Members by the **Notice Date** set forth in Paragraph 31 below. All costs associated with providing all forms of notice, responding to inquiries from the Settlement Class, and performing all other Settlement Administrator's duties—up to the agreed cap of $589,211 (Dkt. __ [Azari Decl.] at ¶ 56)—shall be paid out of the Settlement Fund, as set forth in ¶¶ 32–40, 66 and 69 of the Settlement Agreement.

### *Cy Pres* Relief.

14. As provided in paragraph 40 of the Settlement Agreement, the Net Settlement Fund shall be defined as the Settlement Fund, plus any interest accrued in the Escrow Account for the Settlement Fund, less (a) the cost of settlement notice and administration, (b) the Attorneys' Fees and Expenses Award, (c) Service Awards, and (d) Taxes.

15. Subject to further consideration at the Final Approval Hearing, the Net Settlement Fund shall be distributed to the Approved *Cy Pres* Recipients.

**Request for Exclusion (Opt-Out) from Settlement Class.**

16. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any person who desires to opt out must submit written notice of such intent via email or United States Mail to the designated address established by the Settlement Administrator by the **Request for Exclusion (Opt-Out) Deadline**, set forth in Paragraph 31, below. The written request to opt out must include: (i) the case name and number of the Consolidated Action; (ii) the requestor's name, address, and email address; (iii) the email address(es) associated with the Google account(s) (if any) of the individual seeking exclusion; (iv) the requestor's physical signature; (v) a statement that clearly indicates the individual's intent to be excluded from the Settlement Class for the purposes of the Settlement; and (vi) a statement that the individual seeking exclusion is a natural person residing in the United States who used one or more mobile devices while "Location History" was disabled at any time during the Class Period (January 1, 2014 through the Notice Date).

17. Requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. To be effective, the written notice shall be postmarked or emailed to the Settlement Administrator in accordance with ¶ 82 of the Settlement Agreement. The date of the email or the date of the postmark on the envelope containing the written request for exclusion shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three days prior to the date that the Settlement Administrator received a copy of the request for exclusion from the Settlement.

18. Any individual in the Settlement Class who does not submit a valid and timely Request for Exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Request for Exclusion (Opt-Out) Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class (including the Final Approval Order and Final Judgment dismissing the Consolidated Action and Related Actions with prejudice).

**Objections and Appearances.**

19. Any Settlement Class Member (other than Settlement Class Representatives) who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to Lead Class Counsel's requested Attorneys' Fees and Expenses Award or any requested Service Awards for the Settlement Class Representatives must follow the procedures set forth below.

20. No Settlement Class Member will be heard on such matters unless they have filed an objection, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider, by the **Objection Deadline**, set forth in Paragraph 31 below. Any objection must include: (i) the case name and number of the Consolidated Action; (ii) the name, address, and email address of the objecting Settlement Class Member; (iii) the email address(es) associated with the Google account(s) (if any) of the objector; (iv) the objector's physical signature; (v) a statement that the objector is a natural person who resided in the United States and used one or more mobile devices while "Location History" was disabled at any time during the Class Period (January 1, 2014 through the Notice Date); (vi) a statement regarding whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (vii) a statement of the specific grounds for the objection, including any legal and factual support and any evidence in support of the objection; (viii) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

21. Objections must be in writing and must be signed by the objector. Objections must (a) be submitted only to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, or by filing them electronically or in person at any location of the United States District Court for the Northern District of California, and (b) be filed or postmarked on or before Objection Deadline.

22. No Settlement Class Member may contest the approval of the terms and conditions of the Settlement, the Final Judgment, the request for an Attorneys' Fees and Expenses Award, or the request for Service Awards, except by filing and serving a written objection in accordance

with the provisions set forth above. Any Settlement Class Member who fails to object to the Settlement in the manner prescribed above, or who fails to do so by the Objection Deadline, shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means.

23. Settlement Class Members cannot both object to and exclude themselves from the Settlement Agreement. Any Settlement Class Member who attempts to do so will be deemed to have excluded themselves and will have forfeited the right to object to the Agreement or any of its terms. In other words, Settlement Class Members who submit a valid and timely Objection, but also submit a valid and timely Request for Exclusion, will be deemed to have opted out of the Settlement and their Objection will be void and invalid.

### **Final Approval Hearing.**

24. A hearing will be held by this Court in the Courtroom of The Honorable Edward J. Davila, United States District Court for the Northern District of California, United States Courthouse, Courtroom 4 on the 5th Floor, 280 South 1st Street, San Jose, CA 95113, at _____ __.m. on _____, YYYY [not earlier than 200 days after Preliminary Approval Order] ("**Final Approval Hearing**"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate; (b) whether a Final Approval Order and Final Judgment should be entered dismissing the Consolidated Action and Related Actions with prejudice except as to such Settlement Class Members who timely submit valid Requests for Exclusion in accordance with the Settlement Agreement and the Class Notice; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for Service Awards for the Settlement Class Representatives and an Attorneys' Fees and Expenses Award; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Final Approval Hearing may,

without further notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

25. Lead Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel the Settlement Agreement.

### Final Approval Briefing.

26. By the Deadline for Motion for Final Approval, set forth in Paragraph 31 below, Settlement Class Representatives and Lead Class Counsel shall file all papers in support of the application for the Final Approval Order and Final Judgment, and any motion for a fee and expense award and/or for service awards, and shall serve copies of such papers upon Defense Counsel and upon any objectors who have validly complied with Paragraphs 20 and 21 of this Order. All opposition papers shall be filed by the Deadline for Oppositions to the Motion for Final Approval, set forth in Paragraph 31 below, and any reply papers shall be filed by filed by the Deadline for Replies in Support of Motion for Final Approval, set forth in Paragraph 31 below.

### Reasonable Procedures.

27. Lead Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Settlement Agreement.

### Extension of Deadlines.

28. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class. Settlement Class Members must check the Settlement website

(www.googlelocationhistorysettlement.com) regularly for updates and further details regarding extensions of these deadlines.

29. **Termination of the Settlement and Use of this Order**. The Court's orders, including this Order, relating to the Settlement shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their positions in the Consolidated Action existing on the date prior to entering into the Settlement Agreement, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement Agreement. In such an event, the Settlement shall become null and void and shall be of no further force and effect subject to the exceptions listed in ¶ 93 of the Settlement Agreement, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever. For the avoidance of doubt, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement, then neither the Settlement (including any Settlement-related filings and any part of the Parties' settlement discussions, negotiations, or documentation) nor the Court's orders, including this Order, relating to the Settlement shall be: (1) construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class; (2) construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, or unavailable; or (3) construed or used as a waiver by any Party of any right, defense or claim he, she, or it may have in this litigation or in any other lawsuit.

### Related Orders.

30. All further proceedings in the Consolidated Action are ordered stayed until entry of the Final Approval Order or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Preliminary Approval Order

31.     The following chart summarizes the dates and deadlines set by this Order:

| Event | Date | Relevant Provisions of Settlement Agreement and Parties' Proposal |
|---|---|---|
| Notice Date | | Per ¶ 26.20 of the Settlement Agreement, no later than 30 days after issuance of Preliminary Approval Order |
| Deadline for Lead Class Counsel's Motions for Final Approval, an Attorneys' Fees and Expenses Award, and Service Awards | | Per ¶¶ 58 and 61 of the Settlement Agreement, at least 35 days *prior to* Objection Deadline |
| Request for Exclusion (Opt-Out) Deadline | | Per ¶ 26.23 of the Settlement Agreement, 91 days after Notice Date |
| Objection Deadline | | Per ¶ 26.22 of the Settlement Agreement, 91 days after Notice Date |
| Motion for Final Approval | | Per ¶ 26.13 of the Settlement Agreement, 21 days after Request for Exclusion (Opt-Out) Deadline |
| Oppositions to Motion for Final Approval | | Parties propose 14 days after Motion for Final Approval |
| Reply in Support of Motion for Final Approval | | Parties propose 21 days after Oppositions to Motion for Final Approval |
| Final Approval Hearing | | In light of the deadlines above, no earlier than 200 days after issuance of Preliminary Approval Order. |

**IT IS SO ORDERED.**

Dated:

HON. EDWARD J. DAVILA
U.S. DISTRICT COURT JUDGE