Theodore H. Frank (SBN 196332)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
Voice: 703-203-3848
Email: ted.frank@hlli.org

*Attorneys for Objectors John Andren, Matthew Lilley,*
*and Joseph S. St. John*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION<br><br>———————————————<br><br>JOHN ANDREN, MATTHEW LILLEY, and JOSEPH S. ST. JOHN<br><br>Objector. | Case No. 5:18-cv-05062-EJD<br><br>**DECLARATION OF JOHN ANDREN**<br><br>Time:  9:00 A.M.<br>Date:  April 18, 2024<br>Judge:  Hon. Edward J. Davila<br>Courtroom:  4, 5th Floor |

I, John Michael Andren, declare as follows:

1.      I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      My business address is Hamilton Lincoln Law Institute, 1629 K St. NW, Suite 300, Washington, DC 20006. My telephone number is (703) 582-2499. My work email address is john.andren@hlli.org.

3.      Hamilton Lincoln Law Institute ("HLLI"), its Center for Class Action Fairness ("CCAF"), and its attorneys, of which I am one, represent me in this matter.

4.      I intend to appear through my counsel Ted Frank at the fairness hearing currently scheduled for April 18, 2024.

5.      I am a Settlement Class Member as defined by the Settlement because my personal email address associated with my Google account, and related to my claim here, is john.andren@gmail.com. And I am a natural person who resided in the United States and used one or more mobile devices while "Location History" was disabled during the class period.

6.      Specifically, my Google account settings show that my Location History has been off since at least October 7, 2021. To the best of my knowledge I had affirmatively selected to have my Location History turned off before this date as well. However, Google's settings does not provide such information. While Location Services were turned off, I used numerous Google apps and services, including at least Gmail, Google Search, Google Maps, YouTube, Google Drive, Google Translate, and Google Calendar.

7.      Most of these services were accessed and used from my personal Apple iPhone, of which I owned various versions throughout the class period. I also accessed these services from multiple iPads, and Apple laptops throughout the class period, and with certainty from my current iPad and laptop since October 7, 2021, the date from which Google reflects my Location History set to off.

8.      On information and belief, Google acquired and stored my location information while I was using their services.

9.      I am not excluded from class membership because I am not a director, officer, employee, or agent of Google or its subsidiaries and affiliated companies and I have not requested to be excluded from the Settlement.

10.     The specific grounds of my objection are identified in the memorandum to be filed by my attorney contemporaneously with this declaration.

11.     I disagree with at least portions of the advocacy and policy views advanced by certain of the *cy pres* recipients, including the ACLU Foundation of Northern California and the ACLU's Speech, Privacy, and Technology (SPT) Project, and I do not wish to fund or subsidize those organizations and their views, nor do I wish to be associated with them. For example, the ACLU (and it's affiliates and projects, of which are these proposed *cy pres* recipients) has retreated from its status as an unapologetic and unwavering protector of First Amendment rights and now advocates a much narrower view of the First Amendment. *See* Joe Lancaster, *The ACLU Is Struggling To Find Its Identity In Post-Trump America*, REASON, June 20, 2022.[1] I am unfamiliar with many of the other proposed recipients but am concerned by many of the organizations self-descriptions, which include references to "social justice," "environmental justice," and diversity causes that I believe are fundamentally unjust and I do not wish to fund such organizations nor associate myself with their work. *See, e.g.*, Rose Foundation *Cy Pres* Proposal, p.1 ("We work towards a future where nature is protected, people's rights are ensured, and social and environmental justice is advanced.").[2]

12.     My objection apples to the entire class.

13.     I would not find it financially feasible to vindicate any claims I might have against Google defendants via an individual suit for money damages.

14.     I bring this objection in good faith. I have no intention of settling this objection for any sort of side payment. Unlike many objectors who attempt or threaten to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of attorneys' fees, it is my understanding and belief that CCAF does not engage in *quid pro quo* settlements and will not withdraw an objection or appeal in exchange for payment.

15.     Thus, if contrary to CCAF's practice and recommendation, I agree to withdraw my objection or any subsequent appeal for a payment by plaintiffs' attorneys or the defendant(s) paid to me or any person

---

[1] *Available at* https://reason.com/2022/06/20/the-aclu-is-struggling-to-find-its-identity-in-post-trump-america/.

[2] *Available at* https://www.googlelocationhistorysettlement.com/Content/Documents/Cy%20Pres/Rose%20Foundation.pdf.

or entity related to me in any way without court approval, I hereby irrevocably waive any and all defenses to a motion seeking disgorgement of any and all funds paid in exchange for dismissing my objection or appeal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 4, 2024, in Palmetto Bay, Florida.



_____
John M. Andren