1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE LOCATION HISTORY LITIGATION | Case No. 5:18-cv-05062-EJD<br><br>**[PROPOSED] FINAL APPROVAL ORDER**<br><br>Dept:      Courtroom 4 - 5th Floor<br>Judge:     Hon. Edward J. Davila<br><br>Date Filed:  November 2, 2018 |

Plaintiffs Napoleon Patacsil, Michael Childs, and Noe Gamboa ("Plaintiffs" or "Settlement Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendant Google LLC ("Defendant") (collectively, the "Parties") entered into a Settlement Agreement (Dkt. 328-1), which sets forth the terms and conditions for a proposed settlement of this Consolidated Action and for its dismissal with prejudice upon the terms and conditions set forth therein.  This matter is now before the Court on (1) Plaintiffs' Motion for Final Approval of Class Action Settlement, and (2) Plaintiffs' Motion for Attorneys' Fees and Expenses, and for Class Representative Service Awards.  The Court held a Final Approval Hearing on April 18, 2024. Having carefully considered the Motions and the proposed Settlement Agreement (Dkt. 328-1), all documents filed in support thereof, arguments set forth at the Final Approval Hearing, the relevant law, and all other files, records, and proceedings in this Consolidated Action,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1.      For purposes of this Order, the Court adopts and incorporates by reference the terms and definitions set forth in the Settlement Agreement.

2.      The Court finds that it has personal jurisdiction over all Settlement Class Members, that the Court has subject-matter jurisdiction over the claims asserted in the Consolidated Action and Related Actions, and that venue is proper. The Class Representatives have Article III standing to bring the claims resolved in this Settlement.

3.      The Court-approved Notice Plan to the Class was the best practicable under the circumstances and included substantial Internet advertising and a website comprehensively detailing the pendency of the Consolidated Action, the terms of the proposed Settlement, and Settlement Class Members' right to object to the Settlement and/or Lead Class Counsel's motion for attorneys' fees and expenses and Service Awards to the Class Representatives, their rights to exclude themselves from the Settlement Class; and their rights to appear at the Final Approval Hearing. The Notice Plan was successfully implemented and satisfies the requirements of Due Process and Federal Rule of Civil Procedure 23.

4.      The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials to alert them to the Settlement, pursuant to the Class Action

Fairness Act of 2005, 28 U.S.C. § 1714 ("CAFA"). The Court reviewed the substance of this notice and accompanying materials and finds that they complied with all necessary CAFA requirements.

### Certification of the Settlement Class

5.     The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied.  The Court certifies the following Settlement Class for purposes of Settlement only:

> All natural persons residing in the United States who used one or more mobile devices and whose Location Information was stored by Google while "Location History" was disabled at any time during the Class Period (January 1, 2014 through December 4, 2023).

Excluded from the Settlement Class are: (a) all persons who are directors, officers, employees, or agents of Defendant or its subsidiaries and affiliated companies; (b) the Court, the Court's immediate family, and Court staff, as well as any appellate court to which this matter is ever assigned, and its immediate family and staff; and (c) eligible persons who submit a timely and valid Request for Exclusion from the Settlement Class.

6.     Plaintiffs have adequately represented the interests of the Settlement Class, and are hereby appointed, for settlement purposes, as Settlement Class Representatives for purposes of Federal Rule of Civil Procedure 23.

7.     Ahdoot & Wolfson, PC and Lieff Cabraser Heimann & Bernstein, LLP have adequately represented the interests of the Settlement Class, and are hereby appointed as Lead Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

### Final Approval of the Settlement

8.     In evaluating a proposed class action settlement under Federal Rule of Civil Procedure 23(e), the standard is whether the settlement is fundamentally "fair, adequate, and reasonable."  Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors:

a.     The Settlement Class Representatives and Class Counsel have adequately represented the Class. Fed. R. Civ. P. 23(e)(2)(A).

b.     The Settlement is the result of extensive arm's-length negotiations over many months, including three full-day mediation sessions with a respected mediator. Fed. R. Civ. P. 23(e)(2)(B). *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness). There is no fraud or collusion underlying this Settlement. The Settlement is not reversionary, does not include a clear sailing arrangement regarding Class Counsel's attorneys' fees, and does not otherwise secure a disproportionate distribution of the Settlement Fund to Class Counsel.

c.     The $62 million non-reversionary Settlement Fund, and the Settlement's non-monetary terms, present a fair, reasonable, and adequate resolution of the Action, in light of all relevant factors. Fed. R. Civ. P. 23(e)(2)(C). The Court specifically finds as follows:

i.   The costs, risks, and delay presented by further litigation, trial, and appeal favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class Members. *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings—including multiple Rule 12 motions and forthcoming class certification briefing—and the amount of investigation and discovery conducted, the Parties have developed a perspective on the strengths and weaknesses of their respective cases in order to "make an informed decision about settlement." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)).

ii.  The Settlement's non-monetary terms provide meaningful benefits to the Settlement Class that would not be available but for this Settlement.

iii.  The proposed method of distributing relief to the Settlement Class supports approval. The settlement is non-distributable such that distribution of the Net Settlement Fund via *cy pres* is appropriate and provides effective relief to the Settlement Class Members.  Each of the Approved Cy Pres Recipients has a direct and substantial nexus to the interests of absent class members and the claims at issue in this litigation, and the geographic scope of the work of the Approved Cy Pres Recipients adequately represents the geographic diversity of the Settlement Class.

iv.  The Settlement provides that any attorneys' fees shall be paid from the Settlement Fund in an amount authorized by the Court, and does not contain any clear-sailing or reverter agreement.  These terms support approval.

v.  No agreements have been identified by the parties that influenced the terms of the settlement by trading away possible advantages for the class in return for advantages for others.  This factor supports approval.

d.  The Settlement, including its for *cy pres* distributions, treats all Settlement Class Members equally with respect to one another, as all will benefit from the work of the *cy pres* entities. Fed. R. Civ. P. 23(e)(2)(D).

9.  The Releases set forth in Section VI of the Settlement Agreement are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, the Court orders pursuant to this Order, as of the Effective Date of the Settlement Agreement, and as provided in the Settlement Agreement, that Settlement Class Representatives and all Settlement Class Members (and each of their heirs, estates, trustees, principals, beneficiaries, parents, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns and/or anyone claiming through them or acting or purporting to act for them or on their behalf) ("Releasing Parties") release all claims, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action pursuant to

any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation) of every nature and description whatsoever, including without limitation claims that were or could have been asserted by a parent or guardian on behalf of a minor child or ward, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the Notice Date by all of the Releasing Parties that are based on, or arise from, one or more of the same factual predicates or theories of liability as alleged in the Consolidated Action or the Related Actions during the Class Period, including but not limited to the collection, use, or disclosure of data identifying, comprising, approximating, estimating, inferring, revealing, or relating to the Releasing Parties' location(s) (collectively, the "Released Claims") against the Released Parties.

10.     The Court received one objection on behalf of three objectors. (Dkt. 354.) The objection is overruled for at least the following reasons. First, the *cy pres* distribution provides substantial benefits to the Settlement Class. Objectors' arguments based upon the contention that *cy pres* relief does not benefit the Settlement Class are rejected. Second, considering the size of the Settlement, the Settlement Class size, and the administrative costs of a claims process, the *cy pres* distribution is the appropriate next-best solution to distribute a non-distributable Settlement Fund. Third, the *cy pres* distribution does not constitute compelled speech in violation of the First Amendment because approval of a class action settlement is not state action and no speech was compelled because Settlement Class Members were entitled to opt out of the Settlement Class. Fourth, the record amply supports a finding that the requisite nexus exists between the Approved *Cy Pres* Recipients and the interests of Class Members. Fifth, no close preexisting relationships between either Plaintiffs, Defendant, or their respective counsel on the one hand, and the Approved *Cy Pres* Recipients on the other undermines the fairness of the *cy pres* distribution. Sixth, the Settlement Class meets the criteria for class certification for settlement purposes set forth in Federal Rule 23(a) and (b), and the fact that the Net Settlement Fund would be distributed via *cy pres* does not defeat the showing supported by the record that the representative parties have fairly and adequately represented the interests of the Settlement Class and that a class action is the superior means of adjudicating this controversy. Seventh, the attorneys' fee award sought (and awarded on

the terms set forth below) is reasonable in light of the diligent efforts Class Counsel and the exceptional outcome, particularly with respect to the size of the Settlement Fund given the fact that no claims for statutory penalties survived a motion to dismiss. Eighth, the Settlement's non-monetary terms provide meaningful benefits to the Settlement Class that would not be available but for this Settlement.

10. The individuals identified in **Exhibit A** attached hereto and incorporated by this reference, submitted timely and valid Requests for Exclusion.  As explained further in the Settlement Agreement, these individuals shall not: (a) be bound by any orders or judgments entered in connection with the Settlement; (b) be entitled to any relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement.

11. Pursuant to the Settlement, the Net Settlement Fund shall be allocated to the Approved *Cy Pres* Recipients identified in **Exhibit B** attached hereto. The Settlement Administrator shall distribute the proceeds of the Net Settlement Fund in the percentages set forth in Exhibit B within 60 days of the Effective Date.

12. The Court finds that an award of attorneys' fees in the total amount of $18,600,000 and reimbursement of $151,756.23 in litigation expenses to Lead Class Counsel is fair and reasonable and therefore approves such award.  Lead Class Counsel has the sole and absolute discretion to allocate this award among Lead Class Counsel and any other counsel that represented Plaintiffs in the Consolidated Action or the Related Actions. Defendant shall have no liability or other responsibility for allocation of any such Attorneys' Fees and Expenses Award.

13. The Court finds that a Service Award in the amount of $5,000 to each Settlement Class Representative is fair and reasonable and therefore approves such payment. Such amounts shall be paid to the Settlement Class Representatives pursuant to and consistent with the terms of the Settlement Agreement.

14. The Settlement Administrator shall be paid its final fees and costs from the Settlement Fund, in the amount of $589,211.

15. The Settlement's non-monetary terms, as set forth in Exhibit C to the Settlement, shall be implemented by Google in accordance with the terms of the Settlement Agreement.

16. The Consolidated Action and Related Actions, and all claims asserted in the actions, are dismissed on the merits with prejudice.

17. The Parties, without further approval from the Court, are permitted to agree and adopt such amendments or modifications of the Settlement Agreement and its implementing documents so long as they are consistent in all material respects with the Settlement Agreement and this Order.

18. The Parties are authorized to implement the terms of the Settlement.

19. The Settlement Agreement and the Settlement provided therein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence, a presumption, a concession, or an admission by any Party of liability or nonliability or of the certifiability or non-certifiability of a litigation class, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, as further set forth in that Agreement.

20. The Court shall retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of this Settlement Agreement, the Final Approval Order and Final Judgment, any final order approving the Attorneys' Fees and Expenses Award and Service Awards, and for any other necessary purpose.


**IT IS SO ORDERED.**


Dated: _____          _____
                                        HON. EDWARD J. DAVILA
                                        U.S. DISTRICT COURT JUDGE

# Exhibit A



**Exclusion Report**
*Google Location History*

| Number | First Name | Last Name |
|--------|------------|-----------|
| 1 | ALEXANDER | ZAJAC |
| 2 | MICHELLE | ZAJAC |
| 3 | KRISTINA | MARTIROSYAN |
| 4 | KESHREEYAJI | OSWAL |
| 5 | MATHEW | ALTWEGG |
| 6 | JUDY | STROUD |
| 7 | STAN | HUANG |
| 8 | CHRIS | LAND |
| 9 | CHARLES | STIMPERT |

# Exhibit B

**EXHIBIT B**

*Cy Pres* Allocation

Pursuant to the Settlement, the Net Settlement Fund shall be allocated to the Approved *Cy Pres* Recipients identified below. The Settlement Administrator shall distribute the proceeds of the Net Settlement Fund in the percentages set forth in below within 60 days of the Effective Date:

| Organization Name | Percentage of Net Settlement Fund (Rounded) | Estimated Amount[1] |
|---|---|---|
| Berkman Klein Center for Internet & Society at Harvard | 2.34% | $1,000,000 |
| MIT Internet Policy Research Initiative | 3.52% | $1,500,000 |
| New York University's Information Law Institute | 0.95% | $404,790 |
| Yale Law School's Information Society Project | 3.52% | $1,500,000 |
| Fordham University Center on Law and Information Policy | 2.34% | $1,000,000 |
| Center on Privacy & Technology at Georgetown Law | 2.34% | $1,000,000 |
| UCLA Institute for Technology, Law & Policy | 2.34% | $1,000,000 |
| The Markup | 7.03% | $3,000,000 |
| Internet Archive | 4.69% | $2,000,000 |
| ACLU Speech, Privacy, and Technology Project | 14.07% | $6,000,000 |
| ACLU of N. Cal. Tech. & Civil Liberties Program | 3.52% | $1,500,000 |
| Center for Democracy & Technology | 7.03% | $3,000,000 |
| ConnectSafely | 0.82% | $350,000 |
| Electronic Frontier Foundation | 13.69% | $5,839,243 |
| FPF Education & Innovation Foundation | 3.52% | $1,500,000 |
| Free Press | 4.69% | $2,000,000 |
| Privacy Rights Clearinghouse | 0.82% | $350,000 |
| Data & Society Research Institute | 4.69% | $2,000,000 |
| National Cybersecurity Alliance | 1.64% | $700,000 |
| Electronic Privacy Information Center (EPIC) | 2.34% | $1,000,000 |
| Rose Foundation | 14.07% | $6,000,000 |
| | | |
| **Total:** | **100.00%** | **$42,644,033** |

[1] The amounts specified may change (*e.g.*, to the extent the Net Settlement Fund accumulates interest prior to distribution). *See* SA ¶¶ 40, 48.4.